## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a/ GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants, | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Plaintiff Jed Lemen ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Redwire Corporation ("Redwire" or the "Company") f/k/a/ Genesis Park Acquisition Corp. ("GPAC") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Redwire; and (c) review of other publicly available information concerning Redwire.

## NATURE OF THE ACTION AND OVERVIEW

1. This is a class action on behalf of persons and entities that purchased or otherwise acquired Redwire securities between August 11, 2021 and November 14, 2021, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2. GPAC was a special purpose acquisition company formed for the purpose of effective a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

3. On September 2, 2021, GPAC combined with certain entities and renamed Redwire (the "Business Combination").

4. Redwire purports to offer mission critical space solutions and high reliability components for the next generation space economy, with valuable IP for solar power generation and in-space 3D printing and manufacturing.

5. On November 10, 2021, Redwire announced that it would postpone the release of its third quarter earnings results. The Company "was notified by an employee of potential

accounting issues at a business subunit," and the Audit Committee was investigating the allegations.

6. On this news, Redwire's stock price fell $1.92, or 16%, to close at $9.99 per share on November 10, 2021, on unusually heavy trading volume.

7. Then, on November 15, 2021, before the market opened, Redwire stated that it could not timely file its quarterly report for the period ended September 30, 2021. Due to the pending investigation into the accounting issues at a business subunit, "the Company has not been able to finalize its financial statements or its assessment of the effectiveness of its disclosure controls and procedures and any impact" on the report.

8. On this news, Redwire's stock price fell $0.93, or 8.3%, over two consecutive trading sessions to close at $10.32 per share on November 16, 2021, on unusually heavy trading volume.

9. Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that there were accounting issues at one of Redwire's subunits; (2) that, as a result, there were additional material weaknesses in Redwire's internal control over financial reporting; and (2) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

10. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

13. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are in this District.

14. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

15. Plaintiff Jed Lemen, as set forth in the accompanying certification, incorporated by reference herein, purchased Redwire securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

16. Defendant Redwire is incorporated under the laws of Delaware with its principal executive offices located in Jacksonville, Florida. Redwire's common stock trades on the New York Stock Exchange ("NYSE") under the symbol "RDW."

17. Defendant Peter Cannito ("Cannito") was the Company's Chief Executive Officer ("CEO") at all relevant times.

18. Defendant William Read ("Read") was the Company's Chief Financial Officer ("CFO") at all relevant times.

19. Defendants Cannito and Read (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

20. GPAC was a special purpose acquisition company formed for the purpose of effective a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

21. On September 2, 2021, GPAC combined with certain entities and renamed Redwire (the "Business Combination").

22. Redwire purports to offer mission critical space solutions and high reliability components for the next generation space economy, with valuable IP for solar power generation and in-space 3D printing and manufacturing.

**Materially False and Misleading**

**Statements Issued During the Class Period**

23. The Class Period begins on August 11, 2021. On that day, the Company filed its proxy statement on Form 424(b)(3) in connection with the Business Combination (the "Proxy Statement"). It presented the following financial information:

|  | Three month period ended March 31, 2021 | | Period from February 10, 2020 to March 31, 2020 | |
|---|---|---|---|---|
| Net revenues | $31,698 | 100% | $ 968 | 100% |
| Cost of sales | 24,221 | 76 | 637 | 66 |
| Gross margin | 7,477 | 24 | 331 | 34 |
| Operating expenses: | | | | |
| Selling, general and administrative | 11,256 | 36 | 368 | 38 |
| Research and development | 996 | 3 | 57 | 6 |
| Acquisition costs and other related expenses | 2,417 | 8 | 1,738 | 180 |
| Operating (loss) income | (7,192) | (23) | (1,831) | (189) |
| Interest income | (1) | — | — | — |
| Interest expense | 1,422 | 4 | — | — |
| Other expense, net | 87 | — | — | — |
| (Loss) income before taxes | (8,700) | (27) | (1,831) | (189) |
| Income tax benefit | (1,026) | (3) | — | — |
| Net (loss) income | $(7,674) | (24)% | $(1,831) | (189)% |

24. The Proxy Statement also identified certain material weaknesses in Redwire's internal control over financial reporting:

> We identified a material weakness related to an insufficient complement of resources with an appropriate level of accounting knowledge, experience and training commensurate with our structure and financial reporting requirements to appropriately analyze, record and disclose accounting matters timely and accurately, and establish effective processes and internal controls. The limited personnel resulted in an inability to consistently establish appropriate authorities and responsibilities in pursuit of financial reporting objectives, as demonstrated by, among other things, insufficient segregation of duties in our finance and accounting functions. This material weakness contributed to the following additional material weaknesses:
>
> - We did not design and maintain an effective risk assessment process at a precise enough level to identify new and evolving risks of material

> misstatement in the consolidated financial statements. Specifically, changes to existing controls or the implementation of new controls have not been sufficient to respond to changes to the risks of material misstatement to financial reporting.
>
> - We did not design and maintain formal accounting policies, procedures and controls to achieve complete, accurate and timely financial accounting, reporting and disclosures, including controls over the preparation and review of business performance reviews, account reconciliations, journal entries and contract estimates used in determining the recognition of revenue.
>
> - We did not design and maintain effective controls to address the identification of and accounting for certain non-routine, unusual or complex transactions, including the proper application of U.S. GAAP to such transactions. Specifically, we did not design and maintain effective controls to account for purchase business combinations, including the appropriate review of the assumptions, data and models used in the forecasted cash flows, used to determine the fair value of the acquired assets and liabilities.
>
> We did not design and maintain effective information technology ("IT") general controls for information systems that are relevant to the preparation of the consolidated financial statements. Specifically, we did not design and maintain:
>
> - program change management controls to ensure that information technology program and data changes affecting financial IT applications and underlying accounting records are identified, tested, authorized, and implemented appropriately;
>
> - user access controls to ensure appropriate segregation of duties and that adequately restrict user and privileged access to financial applications, programs, and data to appropriate Company personnel;
>
> - computer operations controls to ensure that critical batch jobs are monitored and data backups are authorized and monitored; and
>
> - testing and approval controls for program development to ensure that new software development is aligned with business and IT requirements.

25. The above statements identified in ¶¶ 23-24 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that there were accounting issues at one of Redwire's subunits; (2) that, as a result, there were additional material

weaknesses in Redwire's internal control over financial reporting; and (2) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

### Disclosures at the End of the Class Period

26. On November 10, 2021, Redwire announced that it would postpone the release of its third quarter earnings results. The Company "was notified by an employee of potential accounting issues at a business subunit," and the Audit Committee was investigating the allegations. In a press release, the Company stated:

> Redwire Corporation (NYSE: RDW; "Redwire" or "the Company") announced yesterday it would reschedule its earnings announcement for the third quarter ended September 30, 2021, which had been previously scheduled for Wednesday, November 10, 2021.
>
> On Friday evening, November 5, 2021, Redwire management was notified by an employee of potential accounting issues with a business subunit. Management promptly informed the independent Audit Committee of the Board of Directors. The Audit Committee has commenced an independent investigation. Given the timing of the recent notification, the Company has not finalized its financial statements and expects to file an NT-10Q. The Company has voluntarily reported the matter to the Securities and Exchange Commission.
>
> Redwire remains confident in its business prospects and, to date, the Company has not identified any material misstatements or restatements of its previously filed financial statements.

27. On this news, Redwire's stock price fell $1.92, or 16%, to close at $9.99 per share on November 10, 2021, on unusually heavy trading volume.

28. Then, on November 15, 2021, before the market opened, Redwire stated that it could not timely file its quarterly report for the period ended September 30, 2021. Due to the pending investigation into the accounting issues at a business subunit, "the Company has not been able to finalize its financial statements or its assessment of the effectiveness of its disclosure controls and procedures and any impact" on the report.

29. On this news, Redwire's stock price fell $0.93, or 8.3%, over two consecutive trading sessions to close at $10.32 per share on November 16, 2021, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Redwire securities between August 11, 2021 and November 14, 2021, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

31. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Redwire's shares actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of Redwire shares were traded publicly during the Class Period on the NYSE. Record owners and other members of the Class may be identified from records maintained by Redwire or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Redwire; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

36. The market for Redwire's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Redwire's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Redwire's securities relying upon the integrity of the market price of the Company's securities and market information relating to Redwire, and have been damaged thereby.

37. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Redwire's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Redwire's business, operations, and prospects as alleged herein.

38. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Redwire's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## **LOSS CAUSATION**

39. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

40. During the Class Period, Plaintiff and the Class purchased Redwire's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information

alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

41. As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Redwire, their control over, and/or receipt and/or modification of Redwire's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Redwire, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

42. The market for Redwire's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Redwire's securities traded at artificially inflated prices during the Class Period. On October 26, 2021, the Company's share price closed at a Class Period high of $13.19 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Redwire's securities and market information relating to Redwire, and have been damaged thereby.

43. During the Class Period, the artificial inflation of Redwire's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the

damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Redwire's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Redwire and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

44. At all relevant times, the market for Redwire's securities was an efficient market for the following reasons, among others:

(a) Redwire shares met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b) As a regulated issuer, Redwire filed periodic public reports with the SEC and/or the NYSE;

(c) Redwire regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d) Redwire was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

45. As a result of the foregoing, the market for Redwire's securities promptly digested current information regarding Redwire from all publicly available sources and reflected such information in Redwire's share price. Under these circumstances, all purchasers of Redwire's securities during the Class Period suffered similar injury through their purchase of Redwire's securities at artificially inflated prices and a presumption of reliance applies.

46. A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

47. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-

looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Redwire who knew that the statement was false when made.

## FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and

### Rule 10b-5 Promulgated Thereunder

### Against All Defendants

48. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

49. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Redwire's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

50. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Redwire's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

51. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Redwire's financial well-being and prospects, as specified herein.

52. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Redwire's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Redwire and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

53. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the

Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

54. Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Redwire's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

55. As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Redwire's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Redwire's securities during the Class Period at artificially high prices and were damaged thereby.

56. At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Redwire was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Redwire securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

57. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

58. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against the Individual Defendants

59. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

60. Individual Defendants acted as controlling persons of Redwire within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff

contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

61. In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

62. As set forth above, Redwire and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: December 17, 2021      By: */s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
lwd@desmondlawfirm.com

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Attorneys for Plaintiff Jed Lemen*