United States District Court
Middle District of Florida
Jacksonville Division

**JED LEMEN,**

 *Plaintiff,*

v.              NO. 3:21-cv-1254-TJC-PDB

**REDWIRE CORPORATION ETC.,**

 *Defendants.*

# Order

 Jed Lemen brings this proposed class action under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78qq, on behalf of persons who purchased or otherwise acquired publicly traded securities of Redwire Corporation between August 11 and November 14, 2021. Doc. 1. Lemen alleges the defendants—Redwire and two senior executives—violated the Exchange Act by making false or misleading statements and failing to disclose to investors adverse facts about Redwire. Doc. 1 ¶ 9; *see* Doc. 1 at 15–19.

 In a class action under the Exchange Act, the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. §§ 77z-1, 77z-2, 78j-1, 78u-4, 78u-5, requires the plaintiff to publish, "in a widely circulated national business-oriented publication or wire service, a notice advising" members of the purported class (1) "of the pendency of the action, the claims asserted therein, and the purported class period"; and (2) "that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 90 days after the notice is published, the

court must consider any such motions and appoint a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

Here, Lemen published a notice on *Business Wire* on December 17, 2021. Doc. 24 at 7; *see* Doc. 24-4 (notice). Putative class member Jared Thompson timely moves for appointment as lead plaintiff and approval of his selection of lead counsel. Doc. 24; *see also* Doc. 31 (supplemental brief). Other putative class members filed similar motions, Docs. 17, 20, 21, 25, but have withdrawn their motions or stated they have no opposition to Thompson's motion, Docs. 27–29, 32.

The court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). A rebuttable presumption exists that the most adequate plaintiff is one that (1) "has either filed the complaint or made a motion in response to [the published] notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Another member may rebut the presumption by showing the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Rule 23 permits a class action only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

2

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Appellate courts addressing the issue have concluded that, in appointing a lead plaintiff under the PSLRA, a court need address only the typicality and adequacy requirements. *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299–300 (2d Cir. 2010). District courts in the Eleventh Circuit have reached the same conclusion. *See, e.g., Employees' Ret. Sys. of Baton Rouge v. Aaron's, Inc.*, 283 F. Supp. 3d 1348, 1350 (N.D. Ga. 2017); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000); *Phillips v. Churchill Cap. Corp. IV*, No. 1:21-CV-00539-ACA, 2021 WL 4220358, at *3 (N.D. Ala. Sept. 16, 2021). Finding these cases persuasive and considering the absence of opposition to proceeding in this manner, *see* Doc. 24 at 8–9, the Court limits its discussion to the typicality and adequacy requirements.

A class representative's claims are typical if they "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). A class representative will adequately protect the interests of the class if no "substantial conflicts of interest exist between the representative[ ] and the class," and "the representative[ ] will adequately prosecute the action." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1275 (11th Cir. 2021) (citing *Valley Drug Co. v. Geneva Pharms.*, LLC, 350 F.3d 1181, 1189 (11th Cir. 2003)).

Here, Thompson is entitled to the rebuttable presumption. First, he presumably filed the motion in response to the published notice. Doc. 24 at 7–8. Second, he asserts he has the largest financial interest, with losses of $105,315.88 during the period at issue. Doc. 24 at 2, 8; *see* Doc. 24-3 (loss

analysis chart). His losses are greater than those alleged by the other movants. *See* Doc. 19-3 ($37,394.72); Doc. 20 ($16,331.29); Doc. 21 ($10,791); Doc. 25 ($16,249). Third, the typicality and adequacy requirements of Rule 23 are satisfied. Like the claims of the class, Thompson's claims arise from his purchase of Redwire's securities during the relevant period in reliance on Redwire's allegedly false and misleading statements and omissions. Doc. 24 at 10. As to Thompson's adequacy as lead plaintiff, he represents "his losses are squarely aligned with those of the class," he represents he will vigorously prosecute the action "by virtue of his large loss," and he has signed a certification and declaration affirming his willingness to serve as lead plaintiff. Doc. 24 at 10–11; *see* Doc. 24-2 (certification); Doc. 24-5 (declaration).

No reason to disregard Thompson's representations is presented. And no proof to rebut the presumption is presented. The Court thus finds that Thompson is the member of the putative plaintiff class most capable of adequately representing the interests of the class members.

The PSLRA requires that "[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint[.]" 15 U.S.C. § 78u-4(a)(2)(A). To the extent this provision applies, the motion includes a sworn certification signed by Thompson. *See* Doc. 21-2.

The PSLRA also requires the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thompson has selected as lead counsel the law firm of Hagens Berman Sobol Shapiro LLP, with assistance from The Schall Law Firm. Doc. 24 at 11. Thompson asserts Hagens Berman "has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions," Doc. 24 at

11–12, and he provides a "firm resume," Doc. 24-6. But Thompson fails to identify the Hagens Berman lawyers he has selected as lead counsel. *See generally* Doc. 24 & exhibits. "Individual lawyers, not firms, are admitted to practice before both the state courts and the federal courts." *Claiborne v. Wisdom*, 414 F.3d 715, 723 (7th Cir. 2005); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) (using the term "lead counsel," not "lead law firm").

The Court thus **grants** the motion, Doc. 24, to the extent the Court appoints Jared Thompson as lead plaintiff. The Court **defers** ruling on Thompson's request to approve lead counsel and **directs** Thompson to file, by **March 31, 2022**, a supplement identifying the lawyer or lawyers who will serve as lead counsel. Once lead counsel has been approved, the Court will direct lead counsel and counsel for the defendants to meet and confer and submit a proposed schedule for the case, including a deadline to file any amended complaint.

Alan Cox and Mounir Fellahi's motion, Doc. 20, and John Pyanowski's motion, Doc. 25, requesting appointment as lead plaintiff and approval of lead counsel are **denied as moot**.

**Ordered** in Jacksonville, Florida, on March 17, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*