**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>            Defendants. | Case No. 3:21-cv-1254-TJC-PDB<br><br>CLASS ACTION |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO FIRST AMENDED COMPLAINT**

Defendants, Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire"), Peter Cannito ("Cannito"), William Read ("Read") (Redwire, Cannito, and Read collectively, "Defendants"), hereby answer the First Amended Complaint ("FAC") filed by Lead Plaintiff, Jared Thompson ("Plaintiff"), and assert affirmative defenses as follows:

**PRELIMINARY STATEMENT**

Unless otherwise specifically and expressly admitted herein, Defendants deny all allegations set forth in the FAC, including, without limitation, (1) the unnumbered introductory paragraphs purporting to assert the personal

knowledge of Plaintiff and/or Plaintiff's counsel and the basis upon which the claims are based, and (2) any and all incorrect or incomplete characterizations of quoted or reference documents, public filings, or press releases. Additionally, Defendants' Answer incorporates section headings utilized by Plaintiff in the FAC for ease of reference and not as an admission or adoption of any statement contained in such hearings.

## ANSWER

### I.    INTRODUCTION

1.    Defendants admit only that (1) Plaintiff's FAC alleges misstatements or omissions by Defendants, and (2) that Redwire became a publicly traded company in 2021.  Otherwise, Defendants deny any and all other allegations in paragraph 1.

2.    Defendants deny any and all allegations in paragraph 2.

3.    Defendants admit only that Plaintiff seeks recovery, but deny that Plaintiff, or any members of the class that Plaintiff purports to represent, are entitled to any recovery. Otherwise, Defendants deny any and all other allegations in paragraph 3.

### II.    NATURE AND SUMMARY OF THE ACTION

4.    Paragraph 4 does not contain any factual allegation germane to the claims asserted.  To the extent paragraph 4 may be construed as stating

factual allegations, Defendants lack knowledge of the matters stated and, therefore, deny any and all allegations stated therein.

5.    Paragraph 5 does not contain any factual allegation germane to the claims asserted.  To the extent paragraph 5 may be construed as stating factual allegations, Defendants lack knowledge of the matters stated and, therefore, deny any and all allegations stated therein.

6.    Paragraph 6 references an undefined term of "Old Redwire," and no predecessor entity to Redwire is named "Old Redwire."  Nonetheless, Defendants admit that the corporate history of Redwire and GPAC are accurately set forth under the heading "History" in the company's 10-Ks filed with the SEC.  To the extent paragraph 6 may be construed as stating factual allegations inconsistent with Redwire's 10-K, Defendants deny any and all allegations stated therein.

7.    Defendants admit that GPAC was a Cayman Islands corporation that, on or about November 27, 2020, completed an initial public offering with shares trading on the NYSE, and that GPAC's business purpose was to effect a merger, share exchange, asset acquisition, share purchase, reorganization or similar business combination with one or more businesses, referred to as an initial business combination.  Otherwise, Defendants deny any and all other allegations in paragraph 7.

8.    Defendants admit that the Form 8-K filed by GPAC on March 25, 2021 and the March 21, 2021 press release referenced in footnote 4 of the FAC, speak for themselves.    Otherwise, Defendants deny any and all other allegations in paragraph 8.

9.    Defendants admit that GPAC filed documents with the SEC, which speak for themselves.  Otherwise, Defendants deny any and all other allegations in paragraph 9.

10.    Defendants admit that GPAC filed documents with the SEC, which speak for themselves.  Otherwise, Defendants deny any and all other allegations in paragraph 10.

11.    Defendants admit that common stock began trading on the NYSE under ticker symbol RDW on or about September 3, 2021.    Otherwise, Defendants lack knowledge of the matters stated and, therefore, deny any and all allegations stated in paragraph 11.

12.    Defendants admit that SEC filings, press releases, and presentations were made.  Otherwise, Defendants deny any and all other allegations in paragraph 12.

13.    Defendants admit that on October 26, 2021, Redwire stock closed trading at $13.19. Otherwise, Defendants deny any and all other allegations in paragraph 13.

14.    Defendants deny any and all allegations in paragraph 14.

4

15.     Defendants admit only that the referenced November 10, 2021 press release speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 15.

16.     Defendants admit that on November 9, 2021, shares of Redwire closed trading at $11.91 per share and that on November 10, 2021, shares of Redwire closed trading at $9.99 per share. Otherwise, Defendants deny any and all other allegations in paragraph 16.

17.     Defendants admit that Redwire issued a press release on November 15, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 17.

18.     Defendants admit that on November 12, 2021, shares of Redwire closed trading at $11.25 per share, and on November 16, 2021, shares of Redwire closed trading at $10.32 per share. Otherwise, Defendants deny any and all other allegations in paragraph 18.

19.     Defendants admit that on March 31, 2022 Redwire issued a press release regarding the 2021 fiscal year, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 19.

20.     Defendants deny any and all allegations in paragraph 20.

21.     Defendants admit that Redwire filed a 10-Q on April 1, 2022, which speaks for itself.  Otherwise, Defendants deny any and all other allegations in paragraph 21.

22.    Defendants admit that Redwire filed a 10-Q on April 1, 2022, which speaks for itself.    Otherwise, Defendants deny any and all other allegations in paragraph 22.

23.    Defendants admit that Redwire filed a 10-K on April 11, 2022, which speaks for itself.    Otherwise, Defendants deny any and all other allegations in paragraph 23.

24.    Defendants admit that Redwire filed an 8-K on June 1, 2022, which speaks for itself.    Otherwise, Defendants deny any and all other allegations in paragraph 24.

25.    Defendants deny any and all allegations in paragraph 25.

26.    Defendants deny any and all allegations in paragraph 26.

### III.    JURISDICTION AND VENUE

27.    Defendants admit that Plaintiff asserts claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, but deny that Plaintiff is entitled to any relief.    Otherwise, Defendants deny any and all other allegations in paragraph 27.

28.    Defendants admit that this court has subject matter jurisdiction. Otherwise, Defendants deny any and all other allegations in paragraph 28.

29.    Defendants admit that venue properly lies in this Court. Otherwise, Defendants deny any and all other allegations in paragraph 29.

30.    Defendants deny any and all allegations in paragraph 30.

## IV.   PARTIES

31.   Defendants lack knowledge of the matters stated in paragraph 31 and, therefore, deny any and all allegations stated therein.

32.   Defendants admit the allegations in paragraph 32.

33.   Defendants admit that Cannito was the CEO of AE Red Holdings, LLC f/k/a Redwire, LLC, before September 2, 2021 and remains the CEO of Redwire after September 2, 2021. Otherwise, Defendants deny any and all other allegations in paragraph 33.

34.   Defendants admit that Read was the CFO of AE Red Holdings, LLC f/k/a Redwire, LLC before September 2, 2021 and remained the CFO of Redwire after September 2, 2021 until June 2022. Otherwise, Defendants deny any and all other allegations in paragraph 34.

35.   Defendants admit only that, as a general matter, Cannito and Read fulfilled their obligations regarding the preparation of Redwire's public statements and filings, although the specific involvement of Cannito and/or Read in any particular statement or filing is denied because paragraph 35 does not speak to or identify any specific statement. Otherwise, Defendants deny any and all other allegations in paragraph 35.

## V.    SUBSTANTIVE ALLEGATIONS

### A.    Background

36.    Defendants admit that GPAC was incorporated in July 2020 in the Cayman Islands. Otherwise, Defendants deny any and all other allegations in paragraph 36.

37.    Defendants admit that the SEC filed a Notice of Effectiveness dated November 23, 2020, and that GPAC filed an 8-K on November 27, 2020, which each speak for themselves. Otherwise, Defendants deny any and all other allegations in paragraph 37.

38.    Defendants admit that the referenced Amendment No. 1 to Form S-4 was filed by GPAC on August 5, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 38.

39.    Defendants admit that the referenced Amendment No. 1 to Form S-4 was filed by GPAC on August 5, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 39.

40.    Defendants admit the allegations in paragraph 40.

41.    Defendants admit that AE Industrial Partners Fund II, LLP is a private equity firm involved in Redwire's formation.  Otherwise, Defendants deny any and all other allegations in paragraph 41.

42.    Defendants admit that GPAC entered into an Agreement and Plan of Merger, dated March 25, 2021, with Shepard Merger Sub Corporation,

8

Cosmos Intermediate LLC, and Redwire, LLC.  Otherwise, Defendants deny any and all other allegations in paragraph 42.

43.     Defendants admit that GPAC announced on August 11, 2021 that the SEC had declared effective its registration statement, and that the referenced and quoted registration statement speaks for itself.  Otherwise, Defendants deny any and all other allegations in paragraph 43.

44.     Defendants admit the allegations in paragraph 44.

**B.     Materially False and Misleading Statements Alive or Issued During the Class Period.**

45.     Defendants admit that Plaintiff alleges that the bold and italics statements were false, misleading and/or omitted material information, but specifically deny that any of the bold and italics statements were actually false, misleading and/or omitted material information. Otherwise, Defendants deny any and all other allegations in paragraph 45.

46.     Defendants admit only that the referenced press release was issued, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 46, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

47.     Defendants admit only that the referenced conference occurred and transcript was posted, which speak for themselves. Otherwise, Defendants

deny any and all other allegations in paragraph 47, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

48. Defendants admit only that the referenced materials were posted, which speak for themselves. Otherwise, Defendants deny any and all other allegations in paragraph 48, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

49. Defendants admit only that the referenced 10-K was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 49, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

50. Defendants admit only that the referenced Form S-4 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 50, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

51. Defendants admit only that the referenced Form S-4 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 51, including without limitation, any allegation that

the referenced materials contained statements that were false, misleading and/or omitted material information.

52.    Defendants are without knowledge as to the undefined term "Proxy Statement" in paragraph 52. To the extent the allegations are intended to refer to GPAC's Form S-4, Redwire admits that the document speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 52.

53.    Defendants admit only that the referenced Form S-4 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 53, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

54.    Defendants admit only that the referenced Form S-4 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 54, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

55.    Defendants admit that Cannito and Read participated in a presentation on July 9, 2021. Otherwise, Defendants deny any and all other allegations in paragraph 55, including without limitation, any allegation that

11

the referenced materials contained statements that were false, misleading and/or omitted material information.

56. Defendants admit only that the referenced Forms 425 were filed, which speak for themselves. Otherwise, Defendants deny any and all other allegations in paragraph 56, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

57. Defendants admit only that the referenced Form 425 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 57, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

58. Defendants admit only that the referenced Form 425 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 58, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

59. Defendants admit only that the referenced Form S-4/A was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 59, including without limitation, any allegation that

the referenced materials contained statements that were false, misleading and/or omitted material information.

60.    Defendants admit only that the referenced proxy statement and prospectus was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 60, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

61.    Defendants admit only that the referenced Form 425 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 61, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

62.    Defendants admit only that the referenced Form 425 was filed, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 62, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

63.    Defendants admit that on September 2, 2021, shareholders of GPAC approved a business combination and, on September 3, 2021, shares of Redwire began trading under the symbol "RDW" and warrants began trading under the symbol "RDW WS." Otherwise, Defendants deny any and all other

13

allegations in paragraph 63, and are without knowledge as to the undefined term "Proxy" set forth in paragraph 63.

64.    Defendants admit only that the referenced Redwire Corporation Code of Conduct and Ethics, effective September 2, 2021, speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 64, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

65.    Defendants admit only that the referenced Redwire Corporation Code of Conduct and Ethics, effective September 2, 2021, speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 65, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

66.    Defendants admit only that the referenced Redwire Corporation Whistleblower Policy, effective September 2, 2021, speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 66, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

67.    Defendants admit only that the referenced Redwire Corporation Whistleblower Policy, effective September 2, 2021, speaks for itself. Otherwise,

14

Defendants deny any and all other allegations in paragraph 67, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

68.     Defendants admit only that a Form S-1 was filed on September, 24, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 68, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

69.     Defendants deny the allegations in paragraph 69.

**C.     Partial Disclosure of the Truth at the End of the Class Period and Subsequent Disclosures.**

70.     Defendants admit only that a press release was issued on November 10, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 70, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

71.     Defendants admit that Redwire common stock closed trading on November 9, 2021 at $9.99 per share.  Otherwise, Defendants deny any and all other allegations in paragraph 71.

72.    Defendants admit only that a press release was issued on November 15, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 72.

73.    Defendants admit that Redwire common stock closed trading on November 12, 2021 at $11.25 per share, and that Redwire common stock closed trading on November 16, 2021 at $10.32 per share. Otherwise, Defendants deny any and all other allegations in paragraph 73.

74.    Defendants admit only that a press release was issued on December 2, 2021, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 74.

75.    Defendants admit only that a press release was issued on March 31, 2022, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 75.

76.    Defendants deny the allegations in paragraph 76.

77.    Defendants admit only that the referenced 10-Q was filed on April 1, 2022, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 77, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

78.    Defendants admit only that the referenced 10-Q was filed on April 1, 2022, which speaks for itself. Otherwise, Defendants deny any and all other

16

allegations in paragraph 78, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

79.    Defendants admit only that the referenced 10-K was filed on April 11, 2022, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 79, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

80.    Defendants admit only that the referenced 10-K was filed on April 11, 2022, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 80, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

81.    Defendants admit only that the referenced 8-K was filed on June 1, 2022, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 81, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

## VI.    ADDITIONAL ALLEGATIONS OF SCIENTER

82.    Defendants deny the allegations in paragraph 82.

17

**A.      Motive and Circumstantial Evidence of Scienter.**

83.      Defendants deny the allegations in paragraph 83.

84.      Defendants deny the allegations in paragraph 84.

85.      Defendants deny the allegations in paragraph 85.

86.      Defendants deny the allegations in paragraph 86.

87.      Defendants deny the allegations in paragraph 87.

**B.      Scienter as to Defendant William Read.**

88.      Defendants deny the allegations in paragraph 88.

89.      Defendants deny the allegations in paragraph 89.

90.      Defendants deny the allegations in paragraph 90.

**C.      Scienter as to Defendant Peter Cannito.**

91.      Defendants deny the allegations in paragraph 91.

92.      Defendants deny the allegations in paragraph 92.

93.      Defendants deny the allegations in paragraph 93.

**D.      Scienter Inferred by Proximity in Time to Adoption of Whistleblower Policy.**

94.      Defendants deny the allegations in paragraph 94.

**E.      The Termination of William Read Supports and [sic] Inference of Scienter.**

95.      Defendants admit only that the referenced Separation and Release Agreement, filed with the SEC, speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 95.

96.   Defendants admit only that Read's referenced employment contract speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 96.

97.   Defendants deny the allegations in paragraph 97.

**F.   Defendants' Imputed Knowledge about Redwire's Financial and Accounting Policies and Procedures.**

98.   Defendants deny the allegations in paragraph 98.

**G.   Redwire's Previously Disclosed and Unremediated Deficiencies in its Internal Controls Over Financial Reporting Further Contributes to an Inference of Scienter.**

99.   Defendants admit only that Redwire's public disclosures speak for themselves. Otherwise, Defendants deny any and all other allegations in paragraph 99.

100.   Defendants admit only that Redwire's public disclosures speak for themselves. Otherwise, Defendants deny any and all other allegations in paragraph 100.

101.   Defendants admit only that Redwire's public disclosures speak for themselves. Otherwise, Defendants deny any and all other allegations in paragraph 101.

102.   Defendants deny the allegations in paragraph 102.

## VII.   LOSS CAUSATION

103.   Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

## A.   Corrective Disclosures.

106. Defendants deny the allegations in paragraph 106.

107. Defendants admit only that the referenced Form 12b-25 was filed on March 31, 2022, which speaks for itself. Otherwise, Defendants deny any and all other allegations in paragraph 107, including without limitation, any allegation that the referenced materials contained statements that were false, misleading and/or omitted material information.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

## B.   Materialization of Risks.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

115. Defendants deny the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

## VIII. CLASS ACTION ALLEGATIONS

121. Defendants admit that Plaintiff purports to assert claims on behalf of a class, but deny that Plaintiff's claims are entitled to class treatment.

122. Defendants deny the allegations in paragraph 122.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

126. Defendants deny the allegations in paragraph 126.

## IX. APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants are without knowledge as to the allegations in paragraph 129 and, therefore, deny the same.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

## X. NO SAFE HARBOR

132. Defendants deny the allegations in paragraph 132.

## FIRST CLAIM

## VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT AND
## RULE 10B-5 PROMULGATED THEREUNDER
## AGAINST ALL DEFENDANTS

133.    Defendants repeat and re-allege each and every response to the allegations contained above as though fully set forth herein.

134.    Defendants admit that Plaintiff asserts a cause of action, but deny that Plaintiff is entitled to any relief.

135.    Defendants deny the allegations in paragraph 135.

136.    Defendants deny the allegations in paragraph 136.

137.    Defendants deny the allegations in paragraph 137.

138.    Defendants deny the allegations in paragraph 138.

139.    Defendants deny the allegations in paragraph 139.

140.    Defendants deny the allegations in paragraph 140.

141.    Defendants deny the allegations in paragraph 141.

## SECOND CLAIM

## VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT
## AGAINST THE INDIVIDUAL DEFENDANTS

142.    Defendants repeat and re-allege each and every response to the allegations contained above as though fully set forth herein.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

22

145. Defendants admit only that, as a general matter, Cannito and Read fulfilled their obligations regarding the preparation of Redwire's public statements and filings, although the specific involvement of Cannito and/or Read in any particular statement or filing is denied because paragraph 145 does not speak to or identify any specific statement. Otherwise, Defendants deny any and all other allegations in paragraph 145.

146. Defendants admit only that, as a general matter, Cannito and Read fulfilled their obligations regarding the direction of Redwire's actions, although the specific involvement of Cannito and/or Read in any particular action is denied because paragraph 146 does not speak to or identify any specific statement. Otherwise, Defendants deny any and all other allegations in paragraph 146.

147. Defendants deny the allegations in paragraph 147.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any requested relief and respectfully request the entry of a judgment (1) denying all relief sought in the FAC, (2) awarding Defendants their reasonable attorneys' fees and costs incurred in defending this action, and (3) granting such further relief as the Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

### *First Affirmative Defense*

The FAC fails to state a claim against Defendants as alleged with regard to some or all of the specific statements identified by Plaintiff in the FAC.

### *Second Affirmative Defense*

Statements identified by Plaintiff in the FAC are not statements of fact, but rather, statements of opinion or corporate optimism by Redwire management. Such statements are not actionable and, therefore, claims based on those statements cannot form the basis of the relief that Plaintiff seeks.

### *Third Affirmative Defense*

To the extent that Plaintiff's FAC may be construed as pleading a factual statement as opposed to an opinion, such statements were true and accurate as a factual matter and, therefore, claims based on those statements cannot form the basis of the relief that Plaintiff seeks. By way of example, and not limitation, Plaintiff takes issue with certain statements regarding the work history of Cannito and Read. *See* FAC, ¶ 48. Such statements are entirely factually accurate and, thus, non-actionable.

### *Fourth Affirmative Defense*

All or some of the representations alleged in the FAC to be misleading are non-actionable puffery. By way of example, and not limitation, Plaintiff identifies "***strong management***" as a misrepresentation, FAC ¶ 46, but such

statements have been found to constitute non-actionable puffery or statements of opinion. *See, e.g., In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1088 (N.D. Cal. 2003) (finding "***strong***," "healthy," and "solid" to be "far too vague to be actionable under the PSLRA" (emphasis added)); *In re Cable & Wireless, PLC*, 332 F. Supp. 2d 896, 901 n. 6 (E.D. Va. 2004) (finding statement of "healthy growth and ***exceptionally strong*** finances" to be "little more than inactionable puffery or corporate optimism" (emphasis added)).

### Fifth Affirmative Defense

None of the statements that Plaintiff identifies in the FAC were material because reasonable shareholders would not consider the identified statements to be important in making investment decisions. Viewed in the context of total mix of available information, none of the statements alleged by Plaintiff materially affected investment decisions for Plaintiff or purchasers of Redwire stock.

### Sixth Affirmative Defense

Defendants assert that there is no nexus or connectivity between one or more of the statements identified in the FAC and the harm that Plaintiff claims to have suffered. By way of example, and not limitation, Plaintiff has identified the statement that "Redwire has established itself as a first-mover consolidator and an acquirer of choice." *See* FAC, ¶ 46. Such statements bear no relationship to the "tone at the top" allegations that form the basis of Plaintiff's

claim, and have no bearing on the allegations regarding Redwire management's attitude toward controls over financial reporting.

## Seventh Affirmative Defense

One or more of the statements identified in the FAC are subject to the safe harbor for forward looking statements under 15 U.S.C. § 78u–5. Any allegedly misleading forward-looking statements were disclosed in the context of sufficient cautionary language and, as such, are non-actionable.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any allegedly misleading forward-looking statements are not actionable under the bespeaks caution doctrine.

## Ninth Affirmative Defense

Defendants lacked any scienter necessary to sustain the claims asserted in the FAC, and Plaintiff's allegations do not give rise to any inference of scienter through circumstantial evidence. None of Defendants actions or statements were taken or made with actual knowledge or with reckless disregard of the falsity of any statement (which Defendants deny was false in the first instance).

## Tenth Affirmative Defense

Read and Cannito lacked any involvement and/or participation in one or more of the statements identified in the FAC, and thus, lack any liability for

26

such statements. Further, neither Read nor Cannito can be held liable for secondary participation in any statement alleged in the FAC.

## *Eleventh Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith and lacked culpable participation. Defendants had reasonable grounds to believe and did believe that their statements were accurate and not misleading when made, and did not become inaccurate or misleading during the relevant time period alleged in the Amended Complaint. Defendants had reasonable ground to believe and did believe that there was no omission to state a material fact necessary to make the statements therein not misleading, and did not directly or indirectly induce any act that constituted a violation of the Exchange Act.

## *Twelfth Affirmative Defense*

Plaintiff's alleged damages, if any, were not caused by any alleged statements or omissions identified in the FAC, but were caused by third parties or other independent market forces or disclosures related to financial performance unrelated to the "tone at the top" allegations set forth in the FAC.

## *Thirteenth Affirmative Defense*

Some or all of the statements alleged by Plaintiff in the FAC were not relied upon by Plaintiff prior to the purchase or Redwire stock and did not form

27

the basis of Plaintiff's purchasing decision, or the purchasing decisions of any allegedly similarly situated parties.

## *Fourteenth Affirmative Defense*

Some or all of the information alleged to be correctively disclosed was previously disclosed by Redwire—or was substantially similar to prior information disclosed by Redwire—such that Redwire's stock price already reflected the information set forth in any allegedly corrective disclosure. Information regarding material weaknesses in financial reporting were thoroughly disclosed well before the class period began. Any alleged re-disclosure of the same or substantially similar information had no causal effect on Redwire's stock price.

## *Fifteenth Affirmative Defense*

Read and Cannito lacked any involvement and/or participation in one or more of the statements identified in the FAC, and thus, lack any liability for such statements. Further, neither Read nor Cannito can be held liable for secondary participation in any statement alleged in the FAC.

## *Sixteenth Affirmative Defense*

Plaintiff has failed to mitigate any damages asserted in the FAC and the damages claimed are barred by the doctrine of avoidable consequences.

28

Dated: April 21, 2023

Respectfully submitted,

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
Email: bbennington@shutts.com
Secondary Email: jclaudio@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
Email: grubin@shutts.com
Secondary Email: dreyes@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 100562
Email: cleger@shutts.com
Secondary Email: wirvin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

and

**H. TIMOTHY GILLIS, ESQ.**
Email: tgillis@shutts.com
Florida Bar No. 0133876
**JEFFERY S. YORK, ESQ.**
Email: jyork@shutts.com
Florida Bar No. 987069
**SHUTTS & BOWEN LLP**
1022 Park Street, Suite 308
Jacksonville, FL  32204
Telephone: (904) 899-9926

*Attorneys for Defendants*

29

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2023, I electronically filed the foregoing the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Alfred J. Bennington, Jr.
**ALFRED J. BENNINGTON, JR., ESQ.**

30