UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                                Plaintiff,<br><br>            v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>                          Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

**DECLARATION OF REED R. KATHREIN IN SUPPORT OF LEAD PLAINTIFF JARED THOMPSON'S RULE 26(b)(5)(B) MOTION FOR <u>DETERMINATION OF PRIVILEGE</u>**

I, Reed R. Kathrein, declare as follows:

1.      I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), counsel for Proposed Class Representative Jared Thompson in this action. Along with my Hagens Berman colleagues Steve Berman and Lucas Gilmore, I was appointed by the Court as Lead Counsel by Order dated April 4, 2022. *See* ECF No. 43.

2.      I submit this declaration in support of Lead Plaintiff' Jared Thompson's ("Plaintiff") Rule 26(b)(5)(B) motion for determination of privilege. I have personal knowledge of the matters described in this declaration and I am competent to testify thereto.

3.      In September 2023, Plaintiff served a subpoena on PricewaterhouseCoopers LLP ("PwC").  The subpoena sought documents related to the November 2021 whistleblower complaint against Defendant Redwire Corporation ("Redwire" or the "Company") f/k/a/ Genesis Park Acquisition Corp. ("GPAC") and "tone at the top" issues.  The subpoena also included a request for documents concerning PwC's assessment of Redwire's internal controls over financial reporting. A true and correct copy of the subpoena served on PwC by Plaintiff is attached as Exhibit A.

4.      After PwC and Plaintiff met and conferred, and before PwC served documents, PwC allowed Defendants to review the proposed production as

professional courtesy.  Defendants confirmed in an October 25, 2023 email that they reviewed the materials and would not withhold anything.  A true and correct copy of the October 25, 2023 email from Defendants' counsel is attached as Exhibit B.

5.      PwC's October 30, 2023 production included the clawed back document, PwC000042 (the "PwC Memo").  Based on Plaintiff's review of the document before it was clawed back, ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████

6.      The PwC Memo, however, identified ████████████ documents not produced nor logged by PwC or Defendants.  Accordingly, on November 29, 2023, Plaintiff emailed PwC to address these missing documents that were referred to in the PwC Memo and have PwC confirm it would produce the missing documents or assert grounds for withholding them.  In response, PwC served a supplemental production of documents on December 19, 2023 which included some, but not all,

of the missing documents from the PwC Memo.  The supplemental production did not include any privilege log or even a confirmation that PwC was asserting any privilege over the remaining missing documents.  PwC did confirm that it was continuing to review the requests from the November 29, 2023 email.  True and correct copies of counsel for Plaintiff's November 29, 2023 email, and PwC's letter dated December 19, 2023, are attached as Exhibit C and Exhibit D, respectively.

7. Similarly, during a December 14, 2023 meet-and-confer call with Defendants, Plaintiff flagged that the ███████████████████████ ████████████████████ Following the call, Plaintiff sent a follow-up email specifically listing the unproduced categories of documents from the PwC Memo, and noting that based on Plaintiff's review of the privilege logs provided by Defendants, the missing documents had not been logged.  A true and correct copy of counsel for Plaintiff's December 14, 2023 email is attached as Exhibit E.

8. Plaintiff did not receive any response regarding the PwC Memo until December 25, 2023, when Defendants sent a claw back request for the PwC Memo and asserted it was protected work product.  A true and correct copy of the December 25, 2023 claw back request is attached as Exhibit F.

9. On January 10, 2024, the parties met and conferred to discuss outstanding discovery issues, including Defendants' claw back request.  During this meet and confer, Defendants confirmed their assertion of work product protection

over the PwC Memo and revealed that the PwC Memo was never in Defendants' possession until this litigation.  Plaintiff disagreed with Defendants' assertion of work product and stated that Plaintiff would review the case law on the subject and likely seek court intervention.

10.     To date, Defendants have not provided a privilege log specifically identifying the PwC Memo nor the missing documents referred to therein.

11.     Attached as Exhibit G is a true and correct copy of Redwire's Form 10-K filed on April 11, 2022.  The 10-K is publicly available at https://ir.redwirespace.com/sec-filings/annual-reports##document-382-0001819810-22-000025-2.

12.     Attached as Exhibit H is a true and correct copy of Redwire's February 3, 2022 press release.  The press release is publicly available at https://ir.redwirespace.com/news-events/press-releases/detail/42/redwire-announces-preliminary-full-year-2021-revenue-and.

13.     Attached as Exhibit I is a true and correct copy of Redwire's March 30, 2022 press release.  The press release is publicly available at https://ir.redwirespace.com/news-events/press-releases/detail/46/redwire-corporation-to-report-2021-year-end-results-on.

14.     Attached as Exhibit J is a true and correct copy of the Declaration of Jonathan E. Baliff, Pursuant to 28 U.S.C. § 1746, and For Purposes of Providing

- 4 -

Context of Materials Generated by Independent Legal Counsel in Rendition of Legal Advice to the Audit Committee and Redacted for Production.

15. Attached as Exhibit K is a true and correct copy of the Declaration of Alec Koch, Pursuant to 28 U.S.C. § 1746, and For Purposes of Providing Context of Materials Generated by Independent Legal Counsel in Rendition of Legal Advice to the Audit Committee and Redacted for Production.

16. Attached as Exhibit L is a true and correct copy of a December 21, 2020 engagement letter from PwC to Redwire, LLC. This document was an attachment to a December 21, 2020 email. The email and attachments were produced as part of this litigation and are Bates-numbered RDW-0001179 through RDW-0001213.

17. Attached as Exhibit M is a true and correct copy of the June 28, 2021 engagement letter from PwC to Cosmos Intermediate, LLC. This document is part of PwC's December 8, 2021 report to Redwire's Audit Committee, and was attached to a November 29, 2021 email. The email and attachments were produced as part of this litigation and are Bates-numbered RDW-0007690 through RDW-0007769.

18. Attached as Exhibit N is a true and correct copy of the redacted minutes for the December 21, 2021 meeting of Redwire's Audit Committee. The redacted meeting minutes were produced as part of this litigation and is Bates-numbered RDW-0003939 through RDW-0003941.

19.     Attached as Exhibit O is a true and correct copy of the redacted minutes for the February 14, 2022 meeting of Redwire's Audit Committee.  The redacted meeting minutes were produced as part of this litigation and is Bates-numbered RDW-0003948.

20.     Attached as Exhibit P is a true and correct copy of the Redwire Corp. Board of Directors agenda for the April 5, 2022 meeting.  This document was produced as part of this litigation and is Bates-numbered RDW-0008888 through RDW-0009081.

21.     Attached as Exhibit Q is a true and correct copy of Redwire's Internal Controls Assessment Memo.  This document was produced pursuant to Plaintiff's third-party subpoena PwC and is Bates-numbered PwC000003 through PwC000005.

22.     Attached as Exhibit R is a true and correct copy of Redwire Corporation's Whistleblower Policy dated September 2, 2021.  The policy is publicly available at

https://d1io3yog0oux5.cloudfront.net/_a4e171bef054d9db486aa66d8ed868e7/red wirespace/db/867/7491/file/CP-014_Whistleblower+Policy_Rev00t.pdf.

23.     Attached as Exhibit S is a true and correct copy of Redwire Corporation's Audit Committee Charter dated September 2, 2021.  The charter is publicly available at

https://d1io3yog0oux5.cloudfront.net/_a4e171bef054d9db486aa66d8ed868e7/red wirespace/db/867/6744/file/Redwire+-+Audit+Committee+Charter.PDF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of February, 2024 in Berkeley, California.

*/s/ Reed R. Kathrein*
REED R. KATHREIN