**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

---

JED LEMEN, Individually and on
Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

REDWIRE    CORPORATION    f/k/a
GENESIS    PARK    ACQUISITION
CORP.,    PETER    CANNITO,   and
WILLIAM READ,

     Defendants.

Case No.: 3:21-CV-1254-TJC-PDB

CLASS ACTION

---

**DEFENDANTS' MOTION TO COMPEL AS TO DEFENDANTS'**
**FIRST REQUESTS FOR PRODUCTION**

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK

ACQUISITION CORP. ("Redwire"), PETER CANNITO, and WILLIAM READ

(collectively, "Defendants") by and through its undersigned counsel, hereby

move, pursuant to Federal Rule of Civil Procedure 37, for an order overruling

certain of Lead Plaintiff Jared Thompson's ("Thompson") objections and

compelling production of documents, answers, and information responsive to

*Defendants' First Request for Production to Lead Plaintiff Jared Thompson*.

**I.**     **INTRODUCTION**

Redwire,   an   aerospace   manufacturer   and   space   infrastructure

1

technology company, announced its intent to become a public company through a "de-SPAC transaction" with Genesis Park Acquisition Corp. ("GPAC"), on March 25, 2021, and consummated such transaction on September 2, 2021. (Doc. 47, ¶¶ 6-8, 11). Lead Plaintiff alleges that Defendants made materially false and/or misleading statements during the period of March 25, 2021 to March 31, 2022, causing harm to Lead Plaintiff and other purported class members. *Id.*, ¶¶ 25-26. As a result, Lead Plaintiff's Amended Complaint (Doc. 47), asserts two claims against Defendants: (1) Violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; and (2) Violation of Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b). *See generally* (Doc. 47).

On August 31, 2023, Defendants served upon Lead Plaintiff *Defendants' First Request for Production to Lead Plaintiff Jared Thompson* (the "RFP"). On October 30, 2023, Lead Plaintiff served upon Defendants *Lead Plaintiff's Objections and Responses to Defendants' First Request for Production* (the "Response") (**Exhibit A**). Defendants have identified several deficiencies in the Response and thus seek an order from this Court overruling certain objections and compelling certain answers therein.

## II.   **LEGAL STANDARD**

A party may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant

discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The term "relevant" should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

## III.   ARGUMENT

### A.   General Issues with the Response

#### 1.   *"You," "Your," and/or "Lead Plaintiff" Objection*

Lead Plaintiff lodges a general objection to the definition of "You," "Your," and/or "Lead Plaintiff." Exhibit A, p. 3. This objection should be overruled for several reasons. First, Lead Plaintiff objects to such terms as "vague and ambiguous," insofar as they are defined to include those "purporting to act on behalf of Jared Thompson." *Id*. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, 2020 WL 6122068, at *3 (N.D. Fla. Apr. 6, 2020). These terms are not ambiguous or vague, and this objection should be overruled.

Second, Lead Plaintiff objects to the aforementioned terms because they may require the "production of documents or information from non-parties," and may implicate privileges. Exhibit A, p. 3. Rule 34(a)(1) requires production of responsive documents in a party's custody, possession, or control. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Matter of Skanska USA Civ. Se. Inc.*, 2021 WL 4953239, at *3-4 (N.D. Fla. Aug. 5, 2021) ("possession, custody, or control" includes employees, agents, and officers). Thus, to the extent responsive, non-party documents are in the possession, custody, or control of Lead Plaintiff, Lead Plaintiff is required to produce such documentation.

Further, should any privileges be implicated, Lead Plaintiff should supply Defendants with a privilege log, or explain why a privilege log is not required. *Berlinger v. Wells Fargo*, N.A., 2012 WL 695836, at *5 (M.D. Fla. Mar. 1, 2012) ("If the Defendant wishes to object on the basis of the work product or attorney-client privilege then the Defendant must file a privilege log."). Plaintiff has not provided a privilege log to Defendants at this time.[1]

---

[1] Defendants expect that Lead Plaintiff will point to an ESI protocol between the parties to claim that it is relieved from obligation to provide a log. That agreement; however, only applies to *Defendants'* response to Lead Plaintiffs' discovery and not discovery that Defendants propound on Lead Plaintiff or third-party subpoenas. *See* Exhibit B, p. 2 ("This Stipulated Protocol for Producing Documents and ESI (the 'ESI Protocol') will govern the Production of Documents and ESI **in response to Lead Plaintiff's First Set of Requests for Production of Documents …**and will serve as a supplement to the Federal Rules of

4

The Court should order Lead Plaintiff to produce documents within his custody, possession, or control, provide a privilege log where necessary, and/or otherwise amend the objections accordingly.

### 2.      *Failure to Support Undue Burden with Affidavit*

As to RFP Nos. 1-4, 6-8, 10-11, 15-22, 25-28, and 30-35, Lead Plaintiff objects on the basis of undue burden. Exhibit A, pp. 4-9, 11-18, 20-29, 31-43. This objection should be overruled for two reasons. First, these objections are improper boilerplate objections. *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 617CV1394ORL37DCI, 2018 WL 8221037, at *2 (M.D. Fla. Sept. 28, 2018).

Second, "[c]ourts in the Eleventh Circuit have made clear that to demonstrate an undue burden, the moving party must put forth either affidavits or other evidence that reveals the nature of the burden." *TIC Park Centre 9, LLC v. Cabot*, 2017 WL 3099317, at *2 n.1 (S.D. Fla. April 12, 2017); *Democratic Republic of Congo v. Air Capital, LLC*, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018); *Nat'l Staffing Sols., Inc. v. Sanchez*, 2022 WL 19354640, at *5-7 (M.D. Fla. Sept. 12, 2022*)* (granting motion to compel where non-party failed to put forth sufficient evidence of undue burden).

Lead Plaintiff did not submit any affidavit or other specific evidence of

---

Civil Procedure, this Court's Civil Discovery Handbook…The ESI Protocol shall be attached to any subpoena issued in this action, and the Parties shall request that parties responding to any subpoena produce documents or information in accordance with this ESI Protocol.") (emphasis added).

the undue burden that it would suffer by responding to aforementioned RFPs. Thus, Lead Plaintiff's objections are improper and should be overruled.

### 3. Improper Withholding Based on Document Format

Lead Plaintiff objects to RFP Nos. 1, 7, 10-14, 16-19, 22-24, 27, 30, 31, 33, and 34 to the extent they seek production of "websites visited by Lead Plaintiff, for which no lasting copy was made," and "documents regardless of when they were published or accessed," as overbroad, unduly burdensome, and disproportionate. Exhibit A, pp. 4-5, 12, 16-19, 21-25, 29-30, 33, 36-38, 41-42. These objections should be overruled for two reasons.

First, these are improper boilerplate objections. *Diamond Resorts*, 2018 WL 8221037, at *2; *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless ….").

Second, to the extent Lead Plaintiff intends to rely on any responsive document in any briefing or at trial, or otherwise in support of his claims and/or any defenses, Defendants are entitled to such documents in whatever format Lead Plaintiff intends to use them. *See* Fed. R. Civ. P. 26(a)(1). These objections should thus be overruled.

### 4. Time Frame Limitation

In response to Instruction 2, Lead Plaintiff states that he will produce documents between January 1, 2021 and July 1, 2022. Exhibit A, p. 4.

Defendants generally do not object to this time frame; however, Lead Plaintiff objects to RFP Nos. 3-7, 17-28, 30-32, 35-36, insofar as they seek communications dated "through the present." *Id.*, pp. 8-12, 22-35, 37-39, 43-45. Defendants request that Lead Plaintiff be ordered to amend the responses to confirm or clarify that to the extent an objection to "through the present" is raised, notwithstanding other objections, Lead Plaintiff is nevertheless searching for and producing responsive documents authored or created between January 1, 2021 and July 1, 2022, for the aforementioned RFPs.

### 5. *Privilege Objection*

Lead Plaintiff objects to RFP Nos. 2, 3, 5, 6, 15, 18-27, 30-32, 35, and 36 on the basis of privilege, and indicates that documents are accordingly being withheld. *Id.*, pp. 6-12, 20-21, 23-40, 43-45. However, Lead Plaintiff has not provided a privilege log. *Berlinger*, 2012 WL 640708, at *5. To the extent Lead Plaintiff believes there is a basis for not providing a privilege log, such basis should be appropriately articulated. Lead Plaintiff should be compelled to either amend the RFP Responses to remove such objections, provide a privilege log, or clarify why a privilege log is not required.

### B. Specific Issues with the Response

### 1. *RFP No. 1*

Overbroad and Undue Burden Objection: Lead Plaintiff objects to this request as overbroad and unduly burdensome. Exhibit A, pp. 4-5. Lead

Plaintiff's Rule 26 Disclosure identifies the documents he may use in support of his claims or defenses. Fed. R. Civ. P. 26(a)(1). Defendants are entitled to such documents, to the extent they are in Lead Plaintiff's possession, custody, or control. *Searock*, 736 F.2d at 653. These objections should thus be overruled.

### 2.    RFP No. 2

Premature Expert Discovery Objection: Lead Plaintiff objects to this request as seeking premature expert discovery. *Id.* However, to the extent Lead Plaintiff can produce responsive documents that is not expert testimony and/or materials, he should be ordered to do so. *Essex Builders Grp., Inc. v. Amerisure Ins. Co.,* 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses."); *Eye Centers of Fla., P.A. v. Landmark Am. Ins. Co.*, 2019 WL 13061944, at *2 (M.D. Fla. May 9, 2019) ("Defendant … fails to cite to any binding authority that states these requests are subject to the expert discovery deadline provided in the Court's CMSO."); *Geer v. Cox*, 2003 WL 21254731, at *3 (D. Kan. May 21, 2003). And, the assertion of prematurity falls flat in light of Lead Plaintiff's Motion for Class Certification and expert report filed on the record. *See* (Doc Nos. 85; 85-1). This objection should be overruled.

### 3.    RFP No. 3

Relevance Objection: Lead Plaintiff asserts a boilerplate relevancy objection without elaboration. Exhibit A, p. 8. Such an objection is improper.

*See Diamond Resorts*, 2018 WL 8221037, at \*2.  Moreover, communication between Lead Plaintiff and Redwire is clearly relevant. Fed. R. Civ. P. 26(b)(1); *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (quotation omitted)).

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection that RFP No. 3 is duplicative of RFP No. 4. *Diamond Resorts*, 2018 WL 8221037, at \*2. However, RFP No. 4 seeks communications between Lead Plaintiff and non-parties, which would exclude communications between Lead Plaintiff and Redwire personnel, which is largely the request of RFP No. 3. Exhibit A, pp. 7, 9. Moreover, it is not improper for discovery requests to seek information that may overlap, as long as the requests are not "entirely duplicative." *Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, 2023 WL 7128897, at \*3 (M.D. Fla. July 12, 2023). This RFP is thus not duplicative, and this objection should be overruled.

### 4.  *RFP No. 4*

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 4 as duplicative of RFP No. 3. *Diamond Resorts*, 2018 WL 8221037, at \*2. However, RFP No. 4 seeks communications between Lead Plaintiff and non-parties, which would exclude communications between Lead

9

Plaintiff and Redwire personnel, which is largely the request of RFP No. 3. *See* Exhibit A, pp. 7, 9. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

Proportionate and Unduly Burdensome Objection: Lead Plaintiff objects that RFP No. 4 is not proportionate and unduly burdensome because it "includes persons aside from Lead Plaintiff," and, in answering, construes the RFP as excluding Lead Plaintiff's counsel or other third parties. Exhibit A, p. 9. Rule 34(a)(1) requires production of responsive documents in a party's custody, possession, or control. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock*, 736 F.2d at 653; *see also Matter of Skanska*, 2021 WL 4953239, at *3-4. Thus, Lead Plaintiff must produce all documents within his custody, possession, or control. To the extent such documents may implicate privilege, Lead Plaintiff should submit a privilege log, or otherwise explain why a privilege log is not necessary. *Berlinger*, 2012 WL 640708, at *5. As to the undue burden objection, Defendants incorporate its argument from *supra*, § III.A.2.

### 5. RFP No. 5

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 5 as duplicative of RFP No. 3. *Diamond Resorts*, 2018 WL 8221037, at *2. However, RFP No. 5 seeks communications between Lead Plaintiff's counsel and witnesses, whereas RFP No. 3 seeks communications

10

between Lead Plaintiff and Redwire personnel. *See* Exhibit A, pp. 7, 10. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

Relevance Objection: Lead Plaintiff objects to RFP No. 5 as irrelevant on the basis that the Amended Complaint does not include information provided from any identified "witness." This is misguided. This RFP seeks communications between Lead Plaintiff and any witness regarding the Amended Complaint's allegations, it does not claim that any witness statements underly the allegations. The request for witness communications is relevant and appropriate. *See Howard v. Oregon Television, Inc.,* No. 6:07-CV-35-ORL-19DAB, 2007 WL 1364335, at *1 (M.D. Fla. May 8, 2007) (request for witness statements was relevant and permissible); Fed. R. Civ. P. 26(b)(1).

### 6. *RFP No. 6*

Absent Class Member Objection: Lead Plaintiff objects to RFP No. 6 to the extent it seeks information or documents from absent class members. Exhibit A, p. 11. Rule 34(a)(1) requires production of responsive documents in a party's custody, possession, or control. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock*, 736 F.2d at 653; *see also Matter of Skanska* 2021 WL 4953239, at *3-4; *Rui He v. Rom*, 2016 WL 909405, at *3 (N.D. Ohio Mar. 10, 2016). Thus, to the extent responsive documents are in the possession, custody,

11

or control of Lead Plaintiff, Lead Plaintiff must produce such documentation.

### 7.   RFP No. 7

<u>Overbroad and Unduly Burdensome Objection</u>: Lead Plaintiff objects to RFP No. 7 on the basis of overbreadth, unduly burden, and proportionality, because it may implicate documents possessed by third parties and/or counsel. Exhibit A, p. 12. Lead Plaintiff states that he construes the term "Lead Plaintiff" "as referring only to him and not his counsel or any other third-parties." *Id*. This objection and interpretation are improper. Rule 34(a)(1) requires production of responsive documents in a party's custody, possession, or control. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock*, 736 F.2d at 653; *see also Matter of Skanska*, 2021 WL 4953239, at *3-4. Thus, Lead Plaintiff must produce all documents within his custody, possession, or control. To the extent such documents implicate privilege, Lead Plaintiff should submit a privilege log, or otherwise explain why a privilege log is not necessary. *Berlinger*, 2012 WL 640708, at *5. As to the undue burden objection, Defendants incorporate its argument from *supra*, § III.A.2.

<u>Vague/Ambiguous Objection</u>: Lead Plaintiff objects to this RFP as vague and ambiguous as to the term "aware." Exhibit A, p. 12. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests[.]'"

*Elite*, 2020 WL 6122068, *3. The word "aware" is not ambiguous or vague. Lead Plaintiff should apply the ordinary meaning to such phrase. Moreover, this is an improper boilerplate objection. *Diamond Resorts*, 2018 WL 8221037, *2.

Duplicative Objection: Finally, Lead Plaintiff asserts an improper boilerplate objection to RFP No. 7 as duplicative of RFP Nos. 8 and 10. *Diamond Resorts*, 2018 WL 8221037, at *2. However, RFP No. 7 seeks documents as to how and when Lead Plaintiff first became aware of Redwire, which could have occurred before Lead Plaintiff ever first invested in Redwire securities, whereas RFP Nos. 8 and 10 seek communications and documents regarding Lead Plaintiff's investments in Redwire securities. Exhibit A, pp. 12-13, 15. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 8.   *RFP No. 10*

Duplicative Objection: Lead Plaintiff objects to RFP No. 10 as duplicative of RFP Nos. 4, 7, and 8. However, RFP No. 10 seek documents which Lead Plaintiff relied upon prior to purchasing Redwire securities, specifically those assessing the suitable, risks, and projections of Redwire securities, differentiating this request from RFP Nos. 4, 7, and 8. Exhibit A, pp. 9, 12-13, 15. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

Vague and Ambiguous Objection: Lead Plaintiff asserts a boilerplate

13

objection of vague and ambiguous as to the phrases "advice, recommendation, research, due diligence, analyst report, algorithm, or other analysis;" "advice, recommendations, or analysis;" "suitability of investing;" "risks relating to investments;" "appropriate time period for investing;" "expected or project performance of Redwire, whether financial or otherwise;" "expected or projected returns;" and "expected or projected price performance." Exhibit A, p. 16. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite*, 2020 WL 6122068, at \*3. These phrases are not ambiguous or vague. Rather, Lead Plaintiff should be ordered to apply the ordinary meaning to such phrases in interpreting this request.

Relevance Objection: Lead Plaintiff objects to RFP No. 10 as irrelevant on the basis that Lead Plaintiff need not show individual reliance under the "fraud on the market" presumption. Exhibit A, pp. 16-17. However, no determination has been made as to Lead Plaintiff's entitlement as to this presumption of reliance. Should Lead Plaintiff not be entitled to such presumption, individual reliance will need to be proven. *See Bruhl v. Price Waterhousecoopers Int'l,* 257 F.R.D. 684, 691 (S.D. Fla. 2008). The information sought by this RFP is thus relevant. This objection should be overruled.

Legal Conclusion Objection: Lead Plaintiff objects that RFP No. 10 calls for a legal conclusion insofar as the term "Lead Plaintiff" includes "acting on

14

Your behalf or for Your benefit." Exhibit A, p. 16. Defendants reassert that

Lead Plaintiff has a duty to provide responsive documents, including third-

party or counsel documents, that are in his possession, custody, or control.

### 9.    RFP Nos. 11-14

Relevance Objection: Lead Plaintiff objects to RFP Nos. 11-14 as seeking

irrelevant information on the basis that Lead Plaintiff need not show

individual reliance under the "fraud on the market" presumption. Exhibit A,

pp. 18-19. However, no determination has been made as to Lead Plaintiff's

entitlement to this presumption. Should Lead Plaintiff not be entitled to such

presumption, individual reliance will need to be proven. *See Bruhl,* 257 F.R.D.

at 691. The information sought by these RFPs is thus relevant.

Duplicative Objection: Lead Plaintiff objects to RFP Nos. 11-14 as

duplicative of RFP No. 10. However, RFP Nos. 11-14 seek documents which

Lead Plaintiff relied upon prior to purchasing Redwire securities, largely those

published or disseminated by Redwire, whereas RFP No. 10 seeks specifically

documents assessing Redwire securities' performance and expectations relied

upon by Lead Plaintiff. Exhibit A, pp. 15, 18-19. These RFPs are thus not

entirely duplicative, and this objection should be overruled. *Bethune-Cookman,*

2023 WL 7128897, at *3.

### 10.    RFP No. 15

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate

objection to RFP No. 15 as duplicative of RFP No. 16. Exhibit A, p. 20; *Diamond Resorts* 2018 WL 8221037, at *2. However, RFP No. 15 seeks documents sufficient to show why statements were allegedly false or misleading, whereas RFP No. 16 seeks *communications by Defendants* relating to the statements being false or misleading. Exhibit A, pp. 20-21. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 11.   RFP No. 16

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 16 as duplicative of RFP No. 15. Exhibit A, p.21; *Diamond Resorts* WL 8221037, at *2. However, RFP No. 15 seeks documents sufficient to show why at-issue statements were allegedly false or misleading, whereas RFP No. 16 seeks *communications by Defendants* relating to the statements being false or misleading. Exhibit A, pp. 20-21. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 12.   RFP No. 17

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 17 as duplicative of RFP Nos. 15 and 16. Exhibit A, p. 22; *Diamond Resorts* 2018 WL 8221037, at *2. However, RFP Nos. 15 and 16 seek documents and communications demonstrating the alleged false or misleading

16

nature of the at-issue statements, whereas RFP No. 17 seeks information regarding when and how Lead Plaintiff learned of such statements. Exhibit A, pp. 20-22. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 13.    RFP No. 18

Overbroad, Unduly Burdensome, and Vague and Ambiguous Objections: Lead Plaintiff objects to the phrase "any steps taken by Lead Plaintiff to investigate, scrutinize, research, or otherwise confirm or deny the accuracy of the alleged false and misleading statements," as overbroad, unduly burdensome, and vague and ambiguous. Exhibit A, p. 24.

To start, this is an improper boilerplate objection. *Sallah*, 855 F. Supp. 2d at 1376. Further, as to the undue burden objection, Defendants refer Lead Plaintiff to its argument in *supra*, § III.A.2. Finally, the phrase is not vague or ambiguous. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite*, 2020 WL 6122068, at *3. Lead Plaintiff should apply the ordinary meaning to such phrase.

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 18 as duplicative of RFP Nos. 3-4. Exhibit A, p. 24; *Diamond Resorts* 2018 WL 8221037, at *2. RFP Nos. 3-4 seek Lead Plaintiff's communications regarding this litigation, whereas RFP No. 18 narrowly seeks

17

information on Lead Plaintiff's *investigation* of the alleged false or misleading at-issue statements. Exhibit A, pp. 7, 9, 24. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 14.   RFP No. 19

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 19 as duplicative of RFP No. 20. Exhibit A, p. 25; *Diamond Resorts* 2018 WL 8221037, at *2. However, RFP No. 19 seeks information regarding price impact on Redwire stock due to the allegations in the Amended Complaint, whereas RFP No. 20 seeks more narrowly information regarding Lead Plaintiff's damages. Exhibit A, pp. 25-26. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

Vague and Ambiguous Objection: Lead Plaintiff also asserts a boilerplate objection to the phrase "price impact" as vague and ambiguous. Exhibit A, p. 25. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite*, 2020 WL 6122068, at *3. This phrase is not ambiguous or vague in the context of 10b-5 litigation. Lead Plaintiff should be ordered to apply the ordinary meaning to such phrase.

### 15.   RFP No. 20

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 20 as duplicative of RFP No. 19. Exhibit A, p. 26; *Diamond Resorts*, 2018 WL 8221037, at *2. However, RFP No. 19 seeks information regarding price impact on Redwire stock due to the allegations in the Amended Complaint, whereas RFP No. 20 seeks more narrowly information regarding Lead Plaintiff's damages. Exhibit A, pp. 25-26. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 16.   RFP No. 21

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 21 as duplicative of RFP Nos. 19-20. Exhibit A, p. 28; *Diamond Resorts* 2018 WL 8221037, at *2. However, RFP No. 21 seeks Lead Plaintiff's methodology for determining damages, which is not specifically sought in RFP Nos. 19-20. Exhibit A, pp. 25-27. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 17.   RFP Nos. 22-24

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP Nos. 22-24 as duplicative of RFP Nos. 3, 11, 13, 15- 17. Exhibit A, pp. 29-30; *Diamond Resorts,* 2018 WL 8221037, at *2. However, RFP Nos.

22-24 seek communications authored by Cannito, Read, and/or other Redwire personnel specifically showing knowledge of the alleged false statements, differentiating these RFPs from RFP Nos. 3, 11, 13, 15-17. Exhibit A, pp. 7, 17, 19-22, 29-30. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 18.   RFP No. 25

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 25 as duplicative of RFP Nos. 3, 11, 13, 15, 16, 17, and 22-24. Exhibit A, p. 31; *Diamond Resorts* 2018 WL 8221037, at *2. However, RFP No. 25 seeks information specifically regarding Cannito and/or Read's ability to exercise control, authority, and/or influence, differentiating these RFPs from RFP Nos. 3, 11, 13, 15, 16, 17, and 22-24. Exhibit A, pp. 7, 17, 19-22, 29-31. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### 19.   RFP No. 26

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 26 as duplicative of RFP No. 3. Exhibit A, p. 33; *Diamond Resorts*, 2018 WL 8221037, at *2. However, RFP No. 26 seeks information specifically regarding communications with Redwire personnel as to the allegations of the Amended Complaint, differentiating RFP No. 26 from RFP No. 3. Exhibit A, pp. 7, 33. This RFP is thus not entirely duplicative, and this

objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

Witness Objection: Lead Plaintiff also objects to RFP No. 26 as irrelevant and disproportionate, "as the allegations in the First Amended Complaint do not include any specific information provided from any identified 'witness.'" Exhibit A, pp. 32-33. Defendants believe this objection may be a clerical error, as RFP No. 26 does not refer to any "witness." Regardless, the materials requested in RFP No. 26 as to any current or former Redwire personnel regarding the allegations of the Amended Complaint are certainly relevant. Fed. R. Civ. P. 26(b)(1); *Akridge,* 1 F.4th at 1276.

### 20.   RFP No. 27

Vague and Ambiguous Objection: Lead Plaintiff asserts a boilerplate objection to the phrases "not encompassed by the foregoing requests," and "otherwise relied upon," as vague and ambiguous. Exhibit A, p. 34. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite,* 2020 WL 6122068, at *3. These phrases are not ambiguous or vague. Lead Plaintiff should apply the ordinary meaning to such phrases.

### 21.   RFP No. 30

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 30 as duplicative of RFP No. 17. Exhibit A, p. 37; *Diamond Resorts,* 2018 WL 8221037, at *2. However, RFP No. 30 seeks to learn how

21

Lead Plaintiff became aware of the events giving rise to this litigation, whereas RFP No. 17 seeks when Lead Plaintiff became aware of the at-issue statements. Exhibit A, pp. 22, 36. This RFP is not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### *22.    RFP No. 31*

Duplicative Objection: Lead Plaintiff asserts a boilerplate objection to RFP No. 31 as duplicative of RFP Nos. 17 and 30. Exhibit A, p. 38; *Diamond Resorts*, 2018 WL 8221037, at *2. However, RFP No. 31 seeks information regarding Lead Plaintiff's decision to serve as the proposed class representative, distinguish RFP 31 from RFP Nos. 17 and 30. Exhibit A, pp. 22, 36-38. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

### *23.    RFP No. 32*

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 32 as duplicative of RFP No. 6. Exhibit A, p. 39; *Diamond Resorts*, 2018 WL 8221037, at *2. However, RFP No. 32 seeks information relating to the elements of class representation, whereas RFP No. 6 seeks documents relating to prospective class members. Exhibit A, pp. 11, 39. This RFP is thus not entirely duplicative, and this objection should be overruled. *Bethune-Cookman,* 2023 WL 7128897, at *3.

Premature Expert Discovery Objection: Lead Plaintiff objects to RFP No.

22

32 as seeking premature expert discovery. However, to the extent Lead Plaintiff can produce responsive documents not expert testimony and/or materials, he should be ordered to do so. *See Essex Builders,* 230 F.R.D. at 685; *Eye Centers of Fla.,* 2019 WL 13061944, at \*2; *Geer*, 2003 WL 21254731, at \*3. Moreover, the assertion of prematurity is inapplicable in light of Lead Plaintiff's Motion for Class Certification and attendant expert report, which places the putative class and supporting expert materials directly at issue.

### 24.   RFP No. 33

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP No. 33 as duplicative of RFP No. 27. Exhibit A, p. 41; *Diamond Resorts*, 2018 WL 8221037, at \*2. However, it is not improper for discovery requests to seek information that may overlap, as long as the requests are not "entirely duplicative." *Bethune-Cookman*, 2023 WL 7128897, at \*3. The RFPs are not duplicative, and the objection should be overruled.

### 25.   RFP No. 34

Overbroad and Vague Objection: Lead Plaintiff asserts an objection to the phrase "[a]ll analyst reports," as overbroad and vague. Exhibit A, p. 42. This is an improper boilerplate objection. *Sallah*, 855 F. Supp. 2d at 1376. Moreover, "[a] party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite*, 2020 WL 6122068, at \*3. This is not

ambiguous or vague. Lead Plaintiff should apply the ordinary meaning.

### 26.   RFP Nos. 35 and 36

Absent Class Member Objection: Lead Plaintiff objects to RFP Nos. 35 and 36 to the extent they seek information or documents from absent class members. Exhibit A, pp. 44-45. Rule 34(a)(1) requires production of responsive documents in a party's custody, possession, or control. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock*, 736 F.2d at 653; *Matter of Skanska*, 2021 WL 4953239, at *3-4; *Rui He*, 2016 WL 909405, at *3. Thus, to the extent responsive documents are in Lead Plaintiff's possession, custody, or control, Lead Plaintiff is required to produce such documentation.

Duplicative Objection: Lead Plaintiff asserts an improper boilerplate objection to RFP Nos. 35 and 36 as duplicative of RFP No. 6. Exhibit A, pp. 44-45; *Diamond Resorts*, 2018 WL 8221037, at *2. However, it is not improper for discovery requests to seek information that may overlap, as long as the requests are not "entirely duplicative." *Bethune-Cookman,* 2023 WL 7128897, at *3. These RFPs are not duplicative, and the objections should be overruled.

Premature Expert Discovery Objection: Lead Plaintiff objects to RFP Nos. 35 and 36 as seeking premature expert discovery. However, to the extent Lead Plaintiff can produce documents that are responsive to this request and are not expert testimony and/or materials, he should be ordered to do so. *See*

*Essex Builders,* 230 F.R.D. at 685; *Eye Centers of Fla.,* 2019 WL 13061944, \*2; *Geer,* 2003 WL 21254731, at \*3. Moreover, this objection is inapplicable in light of Lead Plaintiff's Motion for Class Certification and attendant expert report, which places the putative class and supporting expert materials directly at issue. *See* (Doc. Nos. 85; 85-1). This objection should be overruled.

WHEREFORE, Defendants request that the Court (a) grant this Motion, (b) overrule certain of Lead Plaintiff's objections, (c) compel Lead Plaintiff to produce answers to the RFPs to the extent answers are being improperly withheld, and (d) grant any other relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CONFERRAL

Counsel for Defendants conferred with counsel for Plaintiff in a good faith effort to resolve this Motion via written correspondence on December 12 and 22, 2023, and January 5 and 17, 2024; and via Zoom in December of 2023 and again on January 10, 2024. Plaintiff opposes the relief sought herein.

Respectfully submitted,                         Dated: February 21, 2024.

*/s/ Glennys Ortega Rubin*                    **H. TIMOTHY GILLIS, ESQ.**
**ALFRED J. BENNINGTON, JR., ESQ.**    Florida Bar No.: 0133876
Florida Bar No. 0404985                      tgillis@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**        **JEFFREY S. YORK, ESQ**
Florida Bar No. 556361                        Florida Bar No. 987069
grubin@shutts.com                             jyork@shutts.com
**SHUTTS & BOWEN LLP**                    **SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600    1000 Riverside Ave., Suite 800
Orlando, Florida 32801                        Jacksonville, Florida 32204
Telephone: (407) 835-6755                    Telephone: (904) 899-9926
Facsimile:  (407) 849-7255 and            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2024, a true and correct copy of the foregoing has been served via electronic mail upon the following CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
And
Peter A. Shaeffer, Esq. *(Pro Hac Vice)*
petersh@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr.
Suite #2410
Chicago, IL 60611
Telephone: 708-628-4955
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
*Lead Counsel for Lead Plaintiff Jared Thompson*

Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and

David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
*Liaison Counsel for Lead Plaintiff Jared Thompson*

/s/ Glennys Ortega Rubin
**GLENNYS ORTEGA RUBIN, ESQ.**

26