# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION** |

Exhibit A

Pursuant to Federal Rules of Civil Procedure 26 and 34, Lead Plaintiff Jared Thompson, by and through his undersigned attorneys, hereby responds and objects to Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corp.'s ("Redwire"), Peter Cannito's and William Read's (collectively, "Defendants") First Requests for Production ("Requests").

The responses and objections stated below are based on the information presently available and known to Lead Plaintiff. Lead Plaintiff's investigation of this action remains ongoing. That investigation may disclose additional information or documents that could lead to additions to, changes in, and variations from these responses and objections. Accordingly, Lead Plaintiff reserves his right to amend, modify, or supplement the responses and objections below at appropriate intervals as new information becomes available.

By asserting the specific responses and objections stated below, Lead Plaintiff does not waive his right to challenge the relevance, materiality, or admissibility of the Requests or Lead Plaintiff's responses thereto. Nor does Lead Plaintiff waive the right to challenge the use of the Requests or Lead Plaintiff's responses thereto in any subsequent proceeding or trial in this action. Finally, asserting the specific responses and objections stated below does not mean that responsive documents exist or are within Lead Plaintiff's possession, custody, or control.

-1-

## Objections to Definitions

1.      Lead Plaintiff objects to the definition of "You," "Your" or "Lead Plaintiff" as vague and ambiguous because the phrase in the definition, "purporting to act on behalf of Jared Thompson" is unclear in meaning or scope.  Additionally, the inclusion of "any and all current and former agents, representatives, or entities" in the definition improperly invades on attorney-client privilege, attorney work product doctrine, and other applicable privileges.  Finally, the definition potentially calls for the production of documents or information from non-parties, as well as documents and information not in Lead Plaintiff's possession, custody, or control. For purposes of the responses below, Lead Plaintiff interprets "You," "Your" and "Lead Plaintiff" as referring to Lead Plaintiff and counsel for Lead Plaintiff unless specifically stated.

## Objections to Instructions

1.      Lead Plaintiff objects to Instruction No. 1 because it seeks documents and information in the possession, custody, or control of Lead Plaintiff's "accountants, investigators, experts, employees, agents and any other persons employed on their behalf."  For purposes of the responses below, Lead Plaintiff agrees to search for, collect, review, and produce non-privileged and/or non-protected documents in Lead Plaintiff's possession, custody, or control that is

readily accessible to himself or counsel for Lead Plaintiff, unless specifically stated.

2.    Lead Plaintiff objects to Instruction No. 2 because it seeks documents and information "through the present."  For purposes of the responses below, Lead Plaintiff agrees to search for, collect, and review documents authored or created between January 1, 2021 and July 1, 2022, unless specifically stated otherwise.

## REQUESTS FOR PRODUCTION

1.    All documents identified in Lead Plaintiff's Rule 26 Disclosure that have not been previously produced.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The Request is overbroad and unduly burdensome because it seeks the production of broad categories of public documents identified in the Rule 26 Disclosures and those outside the possession, custody, or control of Lead Plaintiff.

2.    The Request is unduly burdensome and not proportional to the needs of this case because it seeks documents equally or more available to Defendants, including publicly available documents and documents already in the possession, custody, or control of Defendants.

3.    To the extent the Request seeks production of websites visited by Lead Plaintiff, for which no lasting copy was made, the Request is overbroad,

-3-

unduly burdensome, not proportional to the needs of the case, and not deemed to be in Lead Plaintiff's possession, custody, or control.

4.    The Request seeks documents regardless of when they were published or accessed.  The Request is thus overbroad, unduly burdensome, and not proportional to the needs of the case.

5.    The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation.  Accordingly, this Request improperly seeks counsel's attorney work product.

As limited by the foregoing objections, Lead Plaintiff will produce documents from his E*Trade investment account evidencing his transactions in Redwire common stock.  Lead Plaintiff also ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no other responsive documents related to this Request.  Otherwise, Lead Plaintiff's initial disclosures identify broad categories of publicly available documents referred to in the First Amended Complaint.  Counsel for Lead Plaintiff will not produce publicly available documents in its possession, custody, or control as of the date these responses, as they are work product and would reveal the extent of Lead Plaintiff's investigation.  To the extent there are particular documents identified in the Complaint which Defendants are unable to obtain, Lead Plaintiff is willing to meet and confer.

-4-

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that his search terms failed to collect a document for review. Lead Plaintiff is also withholding counsel's work product.

2.      All documents identified in response to Redwire's interrogatories to Lead Plaintiff.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

2.      The Request is unduly burdensome and not proportional to the needs of this case because it seeks documents equally or more available to Defendants, including publicly available documents and documents already in the possession, custody, or control of Defendants.

3.      The Request calls for premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).

4.      The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation.  Accordingly, this Request improperly seeks counsel's attorney work product.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.  Lead Plaintiff's response to Redwire's interrogatories also referenced Lead Plaintiff's initial disclosures that identified broad categories of publicly available documents referred to in the First Amended Complaint.  Counsel for Lead Plaintiff will not produce publicly available documents in its possession, custody, or control as of the date these responses, as they are work product and would reveal the extent of Lead Plaintiff's investigation.  To the extent there are particular documents identified in the Complaint which Defendants are unable to obtain, Lead Plaintiff is willing to meet and confer.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).  Lead Plaintiff is also withholding counsel's work product.

3.   Any and all written communications between Lead Plaintiff or his agents or representatives and any current or former Redwire officers, employees, or representatives.

-6-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The Request is facially overbroad and unduly burdensome because it seeks "any and all" written communications without any limitation as to the subject matter of the communications and dated "through the present."

2.     The Request seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case.  In interpreting this Request, Lead Plaintiff considers the scope of responsive communications to include communications relating to the allegations or subject matter of the First Amended Complaint.

3.     The Request is duplicative, in whole or in part, of other Requests, including Request No. 4.

4.     The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation.  Accordingly, this Request improperly seeks counsel's attorney work product.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding

documents pursuant to the objections above to the extent that search terms fail to collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation.

4. All communications relating to the subject matter of this Litigation between Lead Plaintiff and any Person who is not a party to this Litigation, other than Lead Plaintiff's counsel in this Litigation.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The Request is facially overbroad and unduly burdensome because it seeks "[a]ll communications" dated "through the present."

2. The Request is duplicative, in whole or in part, of other Requests, including Request No. 3.

3. Defendants' definition of Lead Plaintiff is not proportionate and is unduly burdensome because it includes other persons aside from Lead Plaintiff. For purposes of responding to this Request, Lead Plaintiff thus construes "Lead Plaintiff" as referring only to him and not his counsel or any other third-parties.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

-8-

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

5.      All communications between Lead Plaintiff's counsel and any witness regarding the allegations or subject matter of the Complaint or Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 1-2 to Request for Production No. 4 in response to this Request.

2.      The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation.  Accordingly, this Request improperly seeks counsel's attorney work product.

3.      The Request seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case, as the allegations in the First Amended Complaint do not include any specific information provided from any identified "witness."

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation.

-9-

6.     All documents relating to any prospective member or members of the Putative Class, including but not limited to documents concerning communications between Lead Plaintiff and any such member(s).

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The Request is facially overbroad and unduly burdensome because it seeks "[a]ll documents" dated "through the present."

2.     The Request seeks documents protected by the attorney-client privilege and/or attorney work product. As drafted, the Request seeks communications between Lead Plaintiff's counsel and the Putative Class, as well as any attorney work product concerning the Putative Class.

3.     The Request seeks information or documents from absent class members or purports Lead Plaintiff to provide information or documents on behalf of absent class members.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. A search of Lead Plaintiff's files found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review. Lead Plaintiff is also withholding documents in the

-10-

possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and discussions with potential clients.

7.  Documents sufficient to show how and when Lead Plaintiff first became aware of Redwire.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.  Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2.  The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3.  The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present" relating to when Lead Plaintiff first learned of Redwire.

4.  Defendants' definition of "Lead Plaintiff" is not proportionate and is unduly burdensome because it includes other persons aside from Lead Plaintiff. For purposes of responding to this Request, Lead Plaintiff thus construes "Lead Plaintiff" as referring only to him and not his counsel or any other third-parties.

5.  The Request is vague and ambiguous because the term "aware" is unclear in meaning and scope.

6.  The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 8 and 10.

-11-

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

8.     All documents and/or communications, during the Class Period, concerning Lead Plaintiff's Transactions in any Redwire Securities, including, without limitation:

    a.     all confirmations, purchase or sale orders, account statements, instructions to brokers or agents, stock certificates, and other documents relating to such Transactions;

    b.     all documents executed by or on behalf of Lead Plaintiff in connection with such Transactions;

    c.     all documents and/or communications evidencing or referring to any communication between Lead Plaintiff and any other Person relating to such Transactions; and/or

    d.     all documents and/or communications reflecting the gains and/or losses incurred by Lead Plaintiff with respect to such Transactions, including documents concerning the amounts, prices, and dates of all Lead Plaintiff's transactions in Redwire Securities and Lead Plaintiff's basis in Redwire Securities;

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-12-

1.      The Request is facially overbroad and unduly burdensome because it seeks "[a]ll documents and/or communications."

2.      The Request is duplicative, in whole or in part, of other Requests, including Request No. 4.

As limited by the foregoing objections, Lead Plaintiff will produce documents from his E*Trade investment account evidencing his transactions in Redwire common stock.  Lead Plaintiff also ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

9.      All agreements and/or communications between Lead Plaintiff and any investment manager or advisor who provided any advice, recommendation, analysis or service to Lead Plaintiff concerning Redwire and/or Redwire Securities.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 4 and 7.

As limited by the foregoing objections, Lead Plaintiff represents that he did not rely on the advice, recommendation, analysis or service of any investment

-13-

manager or advisor in his transactions of Redwire common stock. Lead Plaintiff also ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Finally, a search of Lead Plaintiff's files found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

10. All documents and/or communications concerning any advice, recommendation, research, due diligence, analyst report, algorithm, or other analysis (whether in the form of a report, memorandum, email communication or otherwise) given, generated, received, reviewed or relied upon by Lead Plaintiff, relating to Redwire, including but not limited to advice, recommendations, or analysis relating to:

    a.     the suitability of investing in Redwire Securities;

    b.     risks relating to investments in any Redwire Securities;

    c.     the appropriate time period for investing in any Redwire Securities;

    d.     expected or projected performance of Redwire, whether financial or otherwise;

    e.     expected or projected returns from any investment in Redwire Securities; and

    f.     expected or projected price performance of Redwire Securities.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 3-4 to Request for Production No. 1 in response to this Request.

2.      The Request is facially overbroad and unduly burdensome because it seeks "[a]ll documents and/or communications."

3.      The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 4, 7 and 8.

4.      The Request is vague and ambiguous because the phrases "advice, recommendation, research, due diligence, analyst report, algorithm, or other analysis," "advice, recommendations, or analysis," "suitability of investing," "risks relating to investments," "appropriate time period for investing," "expected or project performance of Redwire, whether financial or otherwise," "expected or projected returns," and "expected or projected price performance" are unclear in scope and meaning.

5.      The Request's use of the term "acting on Your behalf or for Your benefit" is improper because it calls for a legal conclusion.

6.      The Request seeks information not relevant to any claim or defense in this case and is not proportionate to the needs of the case.  To establish a Section 10(b) claim, no proof of individual reliance is required because Lead Plaintiff is entitled to a presumption of reliance in a securities class action alleging "fraud on the market." *Basic v. Levinson,* 485 U.S. 224, 247 (1988); *Thorpe v. Walter Inv.*

-15-

*Mgmt. Corp.*, 2016 WL 4006661, at *12 (S.D. Fla. Mar. 16, 2016) ("It is common [] for securities fraud plaintiffs to invoke the fraud on the market doctrine."); *Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, 2022 WL 17920570, at *8 (N.D. Ga. Nov. 28, 2022) ("[P]laintiffs may also indirectly establish reliance using the 'fraud-on-the-market theory,' which allows for a rebuttable presumption of class-wide reliance on material misrepresentation(s).").

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

11.     Any documents published or disseminated by Redwire during the Class Period that Lead Plaintiff individually read or relied upon prior to purchasing any Redwire Securities.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2.      The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3.      The Request seeks information not relevant to any claim or defense in this case and is not proportionate to the needs of the case.  To establish a Section 10(b) claim, no proof of individual reliance is required because Lead Plaintiff is entitled to a presumption of reliance in a securities class action alleging "fraud on the market." *Basic*, 485 U.S. at 247; *Thorpe*, 2016 WL 4006661, at *12; *Mohawk Indus., Inc.*, 2022 WL 17920570, at *8.

4.      The Request is duplicative, in whole or in part, of other Requests, including Request No. 10.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

12.    Any documents published or disseminated by persons or entities other than Redwire during the Class Period that Lead Plaintiff individually read or relied upon prior to purchasing any Redwire Securities.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 11 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

13.    Any documents published or disseminated by Redwire during the Class Period that Lead Plaintiff individually read or relied upon in deciding to sell any Redwire Securities.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 11 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

14.    Any documents published or disseminated by persons or entities other than Redwire during the Class Period that Lead Plaintiff individually read or relied upon in deciding to sell any Redwire Securities.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 11 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

15. Documents sufficient to show why any statements made by Defendants during the Class Period were allegedly false or misleading.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

2. The Request is unduly burdensome and not proportional to the needs of this case because it seeks documents equally or more available to Defendants, including publicly available documents and documents already in the possession, custody, or control of Defendants.

3. The Request is duplicative, in whole or in part, of other Requests, including Request No. 16.

4. The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no

-19-

responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

16.     Any communications by Defendants in Lead Plaintiff's possession, custody, or control relating to the falsity, inaccuracy, or deceptiveness of the alleged false or misleading statements made during the Class Period.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     Lead Plaintiff incorporates objections nos. 2-4 to Request for Production No. 1 in response to this Request.

2.     The Request is duplicative, in whole or in part, of other Requests, including Request No. 15.

3.     Defendants' definition of "Lead Plaintiff" is not proportionate and is unduly burdensome because it includes other persons aside from Lead Plaintiff. For purposes of responding to this Request, Lead Plaintiff thus construes "Lead Plaintiff" as referring only to him and not his counsel or any other third-parties.

As limited by the foregoing objections, Lead Plaintiff ran a set of search

-20-

terms over his e-mail account, and after review, identified no responsive

documents to this Request.  Lead Plaintiff also searched his files and found no

responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding

documents pursuant to the objections above only to the extent that search terms fail

to collect a document for review, but Lead Plaintiff is not withholding known

responsive documents.

17. Documents sufficient to show when and how Lead Plaintiff learned of such
alleged false and misleading statements.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. Lead Plaintiff incorporates objection nos. 2-4 to Request for

Production No. 1 in response to this Request.

2. The Request is unduly burdensome because it seeks the production of

documents outside the possession, custody, or control of Lead Plaintiff.

3. The Request is facially overbroad and unduly burdensome because it

seeks documents dated "through the present" relating to when Lead Plaintiff first

learned of the false and misleading statements.

4. The Request is duplicative, in whole or in part, of other Requests,

including Request Nos. 15-16.

-21-

5.      Defendants' definition of "Lead Plaintiff" is not proportionate and is unduly burdensome because it includes other persons aside from Lead Plaintiff. For purposes of responding to this Request, Lead Plaintiff thus construes "Lead Plaintiff" as referring only to him and not his counsel or any other third-parties.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Lead Plaintiff is not withholding known responsive documents.

18.    Documents sufficient to show any steps taken by Lead Plaintiff to investigate, scrutinize, research, or otherwise confirm or deny the accuracy of the alleged false or misleading statements published or disseminated by Defendants during the Class Period.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No .1 in response to this Request.

2.      The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

3.      The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present" relating to "any steps taken by Lead Plaintiff to investigate, scrutinize, research, or otherwise confirm or deny the accuracy of the alleged false or misleading statements."

4.      The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 3-5.

5.      The Request is vague and ambiguous because the phrase "any steps taken by Lead Plaintiff to investigate, scrutinize, research, or otherwise confirm or deny the accuracy of the alleged false and misleading statements" is unclear in meaning and scope.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

-23-

19.    Any documents reflecting the price impact on Redwire stock of, including any inflation or deflation caused by, (a) any untrue statement of a material fact alleged in the Amended Complaint, (b) any statement that omitted a material fact necessary to make the statement misleading as alleged in the Amended Complaint, and/or (c) any alleged corrective disclosure alleged in the Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2.    The Request calls for premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).

3.    The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

4.    The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

5.    The Request is duplicative, in whole or in part, of other Requests, including Request No. 20.

6.    The Request is vague and ambiguous because the phrase "price impact" is unclear in meaning and scope.

As limited by the foregoing objections, Lead Plaintiff will produce

-24-

documents from his E*Trade investment account evidencing his transactions in Redwire common stock.  Lead Plaintiff also ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

20.   All documents reflecting any damages that Lead Plaintiff asserts to have suffered as a result of any alleged false or misleading statements by Defendants.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The Request is facially overbroad and unduly burdensome because it seeks "[a]ll documents" dated "through the present."

2.   The Request calls for premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in

-25-

conformity with the Court's Case Management and Scheduling Order (ECF No. 82).

3.    The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

4.    The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 19 and 21.

As limited by the foregoing objections, Lead Plaintiff incorporates his answer to Request for Production No. 19.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

21.    Documents sufficient to show Lead Plaintiff's methodology for measuring the amount of damages that resulted from any alleged false or misleading statements made by Defendants and suffered by Lead Plaintiff or any member of the Putative Class.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-26-

1.     The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

2.     The Request calls for premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).

3.     The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

4.     The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 19 and 20.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82). Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

22.    Any written communications authored or received by Cannito that are in Lead Plaintiff's possession, custody, or control that Lead Plaintiff contends demonstrate, directly or circumstantially, that Cannito had knowledge of the alleged falsity of any representation identified in the First Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2.      The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

3.      The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

4.      The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 3, 11, 13, 15, 16 and 17.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

23.   Any written communications authored or received by Read that are in Lead Plaintiff's possession, custody, or control that Lead Plaintiff contends demonstrate, directly or circumstantially, that Read had knowledge of the alleged falsity of any representation identified in the First Amended Complaint.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 22 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

24.   Any written communications authored or received by any other Redwire officer, employee, or agent that are in Lead Plaintiff's possession, custody, or control that Lead Plaintiff contends demonstrate that Cannito and/or Read had knowledge of the alleged falsity of any representation identified in the First Amended Complaint.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 22 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Lead Plaintiff is also withholding documents in the

-29-

possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

25.   Any documents sufficient to show that Cannito and/or Read had the ability to exercise control, authority, and/or influence over the content, publication, and/or dissemination of the alleged false and misleading statements made during the Class Period.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

2.      The Request is unduly burdensome and not proportional to the needs of this case because it seeks documents equally or more available to Defendants, including publicly available documents and documents already in the possession, custody, or control of Defendants.

3.      The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

4.      The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

5.      The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 3, 11, 13, 15, 16, 17, 22, 23, and 24.

As limited by the foregoing objections, Lead Plaintiff ran a set of search

terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

26. Any declarations, affidavits, sworn statements, transcripts, or other similar documents reflecting any interview or communications with any current or former Redwire officers, employees, or representatives related to the allegations of the First Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

2. The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation. Accordingly, this Request improperly seeks counsel's attorney work product.

3. The Request seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case, as the allegations in the

-31-

First Amended Complaint do not include any specific information provided from any identified "witness."

4.    The Request is duplicative, in whole or in part, of other Requests, including Request No. 3.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that his search terms failed to collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation.

27.    To the extent not encompassed by the foregoing requests, any documents or communications cited, quoted, or otherwise relied upon by Lead Plaintiff as supporting the allegations of the First Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2. The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3. The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

4. The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation. Accordingly, this Request improperly seeks counsel's attorney work product.

5. The Request is vague and ambiguous to the extent it requests documents "not encompassed by the foregoing requests" that were "otherwise relied upon" by Lead Plaintiff in the First Amended Complaint.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that his search terms failed to collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation. Counsel for Lead Plaintiff will also not produce publicly available documents in its possession,

-33-

custody, or control as of the date these responses, as they are work product and would reveal the extent of Lead Plaintiff's investigation. To the extent there are particular documents identified in the Complaint which Defendants are unable to obtain, Lead Plaintiff is willing to meet and confer.

28.    Documents sufficient to identify any other class action lawsuit involving securities, breach of fiduciary duty, shareholder derivative, or waste of corporate asset litigation, where Lead Plaintiff has been, or has sought to be, the representative of the class or putative class.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The Request is facially overbroad and unduly burdensome because it seeks documents dated "through the present."

2.    The Request seeks documents concerning Lead Plaintiff's non-representative membership in other litigation classes. The Request thus seeks information not relevant to any claim or defense in this case and not proportional to the needs of the case.

3.    To the extent the Request seeks documents protected by confidentiality and/or protective orders under which Lead Plaintiff would have a duty not to disclose.

4.    The Request is vague and ambiguous to the extent that the phrase "sought to be" is unclear in meaning and scope.

In response to this Request, Lead Plaintiff has never been, nor has he sought

-34-

to be, a class representative in any other class action lawsuit.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is not withholding any documents pursuant to these objections.

29.    The complaint(s), transcript(s) of any deposition(s), and/or sworn or attested statements that Lead Plaintiff has given in any other securities, breach of fiduciary duty, shareholder derivative, waste of corporate asset litigation, or class action to which you have been a party.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 29 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is not withholding any documents pursuant to these objections.

30.    All documents reflecting or evidencing when and how Lead Plaintiff first became aware of the events, acts or omissions that Lead Plaintiff claims give rise to the claims in this Litigation.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2.    The Request seeks documents that would reveal the extent of Lead Plaintiff's investigation.  Accordingly, this Request improperly seeks counsel's attorney work product.

-35-

3.     The Request is facially overbroad and unduly burdensome because it seeks "[a]ll documents" dated "through the present" relating to when Lead Plaintiff first became aware of the events, acts, or omissions that underlie his claims in this case.

4.     The Request is duplicative, in whole or in part, of other Requests, including Request No. 17.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request. Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation.

31.    All documents and/or communications concerning Lead Plaintiff's decision to serve as a proposed class representative in this Litigation, including, but not limited to:

a.     Any communications between Lead Plaintiff and any other Person (excluding his attorneys in this Litigation) concerning the contemplation of, possibility of, merits of, decision to, or actual service of a class representative against any of the Defendants in this Litigation

-36-

b.       all documents and/or communications, including, without limitation, all solicitations, notices, advertisements, emails, and other communications, relating to Lead Plaintiff's decision to retain specific counsel in this matter; and/or

c.       all documents and/or communications supporting Lead Plaintiff's contention that Lead Plaintiff is willing to serve as a representative party on behalf of the Putative Class, including providing testimony at deposition and trial, if necessary.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.       Lead Plaintiff incorporates objection nos. 2-4 to Request for Production No. 1 in response to this Request.

2.       The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

3.       The Request is facially overbroad and unduly burdensome because it seeks "[a]ll documents and/or communications" dated "through the present."

4.       The Request is duplicative, in whole or in part, of other Requests, including Request Nos. 17 and 30.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive, non-privileged documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to

-37-

collect a document for review. Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to counsel's investigation and communications with Lead Plaintiff.

32.    All documents relating to Lead Plaintiff's contentions that:

 a. The Putative Class is so numerous that joinder of all members is impracticable;

 b. There are questions of law and fact common to the Putative Class;

 c. Lead Plaintiff's claims or defenses are typical of the claims or defenses of the Putative Class;

 d. Lead Plaintiff will fairly and adequately protect the interest of the Putative Class;

 e. The questions of law or fact common to the members of the Putative Class predominate over any questions affecting only individual members of the Putative Class; and

 f. The Putative Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The Request is facially overbroad and unduly burdensome to the extent it seeks "[a]ll documents" dated "through the present."

2.    The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3.    The Request is unduly burdensome and not proportional to the needs of this case because it seeks documents equally or more available to Defendants,

-38-

including publicly available documents and documents already in the possession, custody, or control of Defendants.

4.      The Request calls for premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).

5.      The Request seeks documents protected by attorney-client privilege and/or the attorney work product doctrine.

6.      The Request is duplicative, in whole or in part, of other Requests, including Request No. 6.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely

-39-

as they relate to counsel's investigation and any mental impressions, conclusions, opinions, or legal theories.

33.     All analyst reports identified in paragraph 129(d) of the First Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 2-5 in to Request for Production No. 1 in response to this Request.

2.      The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3.      The Request is duplicative, in whole or in part, of other Requests, including Request No. 27.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that his search terms failed to collect a document for review. Counsel for Lead Plaintiff will also not produce publicly available documents in its possession, custody, or control as of the date these responses, as they are work product and would reveal the extent of

-40-

Lead Plaintiff's investigation.  To the extent there are particular documents identified in the Complaint which Defendants are unable to obtain, Lead Plaintiff is willing to meet and confer.

34.     All analyst reports related to or discussing the allegedly false statements or corrective disclosures identified in the Amended Complaint.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      Lead Plaintiff incorporates objection nos. 2-5 in to Request for Production No. 1 in response to this Request.

2.      The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3.      The Request is facially overbroad and vague because it seeks "[a]ll analyst reports."

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that his search terms failed to collect a document for review. Counsel for Lead Plaintiff will also not produce publicly available documents in its possession, custody, or control as of

-41-

the date these responses, as they are work product and would reveal the extent of Lead Plaintiff's investigation.  To the extent there are particular documents identified in the Complaint which Defendants are unable to obtain, Lead Plaintiff is willing to meet and confer.

35.    All documents identifying members of the Putative Class, including without limitation, publications, surveys, correspondence, notes and memorandum.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The Request is facially overbroad and unduly burdensome to the extent it seeks "[a]ll documents" dated "through the present."

2.    The Request is unduly burdensome because it seeks the production of documents outside the possession, custody, or control of Lead Plaintiff.

3.    The Request is unduly burdensome and not proportional to the needs of this case because it seeks documents equally or more available to Defendants, including publicly available documents and documents already in the possession, custody, or control of Defendants.

4.    The Request calls for premature production of expert reports, analysis, opinions, or testimony. Such documents and information will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).

-42-

5.      The Request seeks documents protected by the attorney-client privilege and/or attorney work product.  As drafted, the Request seeks communications between Lead Plaintiff's counsel and the Putative Class, as well as any attorney work product concerning the Putative Class.

6.      The Request seeks information or documents from absent class members or purports Lead Plaintiff to provide information or documents on behalf of absent class members.

7.      The Request is duplicative, in whole or in part, of other Requests, including Request No. 6.

As limited by the foregoing objections, Lead Plaintiff ran a set of search terms over his e-mail account, and after review, identified no responsive documents to this Request.  Lead Plaintiff also searched his files and found no responsive documents related to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to Lead Plaintiff's counsel's investigation and discussions with

-43-

potential clients.

36.    All documents relating to the number of members in the Putative Class.

**RESPONSE:**

Lead Plaintiff incorporates his objections and answer to Request for Production No. 35 in response to this Request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Lead Plaintiff is withholding documents pursuant to the objections above to the extent that search terms fail to collect a document for review.  Expert reports, analysis, opinions, or testimony will be produced in conformity with the Court's Case Management and Scheduling Order (ECF No. 82).  Lead Plaintiff is also withholding documents in the possession, custody, or control of counsel pursuant to the objections above solely as they relate to Lead Plaintiff's counsel's investigation and discussions with potential clients.

DATED: October 30, 2023         **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: s/ *Reed R. Kathrein*
     Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

-45-

# CERTIFICATE OF SERVICE

I, Reed R. Kathrein, hereby certify that on October 30, 2023, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 30, 2023.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

-46-