## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>       Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br>CLASS ACTION |

## DEFENDANTS' MOTION TO COMPEL AS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP. ("Redwire"), PETER CANNITO, and WILLIAM READ (collectively, "Defendants") by and through its undersigned counsel, hereby move, pursuant to Federal Rule of Civil Procedure 37, for an order overruling certain of Lead Plaintiff Jared Thompson's ("Thompson") objections and compelling production of documents, answers, and information responsive to *Defendant Redwire Corporation's First Request for Admissions to Lead Plaintiff*; *Defendant Peter Cannito's First Request for Admissions to Lead*

1

*Plaintiff*; and *Defendant William Read's First Request for Admissions to Lead Plaintiff.*

## I.   <u>INTRODUCTION</u>

Redwire, an aerospace manufacturer and space infrastructure technology company, announced its intent to become a public company through a "de-SPAC transaction" with Genesis Park Acquisition Corp. ("GPAC"), on March 25, 2021, and consummated such transaction on September 2, 2021. (Doc. 47, ¶¶ 6-8, 11). Lead Plaintiff alleges that Defendants made materially false and/or misleading statements during the period of March 25, 2021 to March 31, 2022, causing harm to Lead Plaintiff and other purported class members. *Id.*, ¶¶ 25-26. As a result, Lead Plaintiff's Amended Complaint (Doc. 47), asserts two claims against Defendants: (1) Violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; and (2) Violation of Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b). *See generally* (Doc. 47).

On August 31, 2023, Defendants served upon Lead Plaintiff *Defendant Redwire Corporation's First Request for Admissions to Lead Plaintiff* ("Redwire RFAs"); *Defendant Peter Cannito's First Request for Admissions to Lead Plaintiff* ("Cannito RFAs"); and *Defendant William Read's First Request for Admissions* ("Read RFAs") (collectively, the "RFAs").

2

On November 8, 2023, Lead Plaintiff served upon Defendants *Lead Plaintiff's Objections and Responses to Defendant Redwire Corporation's First Request for Admissions to Lead Plaintiff* (the "Redwire Response") (**Exhibit A**); *Lead Plaintiff's Objections and Responses to Defendant Peter Cannito's First Request for Admissions* (the "Cannito Response") (**Exhibit B**); and *Lead Plaintiff's Objections and Responses to Defendant William Read's First Request for Admissions* (the "Read Response") (**Exhibit C**) (collectively, the "Responses").

Defendants have identified several deficiencies in the Responses and thus seek and order from this Court overruling certain objections and compelling certain answers therein.

## II.    **LEGAL STANDARD**

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court has broad discretion to compel or deny discovery.

*Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

### III.   ARGUMENT

#### A.   General Issues with the Responses

##### i.   *Premature Objection*

As a preliminary objection to the Redwire RFAs; Cannito RFAs and Read RFAs, Lead Plaintiff objects that that the RFAs are premature. Exhibit A, p. 3; Exhibit B, p. 3; Exhibit C, p. 3. Federal Rule of Civil Procedure 36(a) states that "requests for admission may not be served before the time specified in Rule 26(d)." Federal Rule of Civil Procedure 26(d) specifies that, unless the parties agree, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The parties have conferred pursuant to Rule 26(f) and thus, the RFAs are not premature but rather were served in accordance with the federal rules.

Lead Plaintiff may not decline to answer routine discovery merely because more information may become available at a later date. Indeed, such a tactic would halt discovery until the end of the discovery period, at which point a surge of discovery and motion practice would overwhelm the parties and the Court. Rather, the Court should order Lead Plaintiff to respond to the RFAs based on the currently-available information and documents. The Court should overrule this objection.

4

### ii.    *Disputed Issues Objection*

As a preliminary objection to the Redwire RFAs; Cannito RFAs; and Read RFAs, Lead Plaintiff objects that the RFAs are premature and otherwise improper because they address disputed issues, rather than matters on which the parties agree or for which there are no real disputes. Exhibit A, p. 3; Exhibit B, p. 3; Exhibit C, p. 3. Federal Rule of Civil Procedure 36(a)(1)(A) permits RFAs relating to "the truth of the matters within the scope of Rule 26(b)(1)" as to "facts, the application of law to fact, or opinions about either…." Thus, whether RFAs are appropriate is guided by the relevance standards of Rule 26. *Kaminsky v. Nat'l Bureau Collection Corp.*, No. 07-61604-CIV, 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008). Defendants' RFAs are relevant, and seek confirmation as to the speaker and content of the statements for which Lead Plaintiff takes issue, which should be facts with no real disputes. The Court should overrule this objection.

### iii.    *"You," "Your," and/or "Lead Plaintiff" Definition Objection*

As a preliminary objection to the Redwire RFAs; Cannito RFAs; and Read RFAs, Lead Plaintiff objects to the definition of "You," "Your," and/or "Lead Plaintiff." Exhibit A, pp. 3-4; Exhibit B, pp. 3-4; Exhibit C, pp. 3-4.

First, Lead Plaintiff objects to such definitions as "vague and ambiguous." "A party responding to discovery requests 'should exercise reason

and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . ." *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6122068, at *3 (N.D. Fla. Apr. 6, 2020) (quotation omitted). These terms are not ambiguous or vague. Rather, the Court should overrule such objection and order Lead Plaintiff to apply the ordinary meaning to such phrases in interpreting the RFAs.

Second, Lead Plaintiff objected to the aforementioned terms as to the inclusion of "any and all current and former agents, representatives, or entities" in the definition, because they may require the production of information from non-parties, and may implicate privileges. Exhibit A, pp. 3-4; Exhibit B, pp. 3-4; Exhibit C, pp. 3-4.

"Rule 36 requires the answering party to make 'reasonable inquiry' into the subject matter of the requests and consult materials that are 'readily obtainable.'" *Odom v. Roberts*, 337 F.R.D. 347, 351 (N.D. Fla. 2020) (quotation omitted). "'Reasonable inquiry' includes a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's relative control." *Id.* (quotation omitted). "For purposes of a request for admission, a party is generally charged with knowledge of what its agents know, or what is in records available to it, or even information others

have given to it on which it intends to rely in its suit." *Id.* at 352 (quotation omitted). This includes attorneys. *Id.*

Thus, Lead Plaintiff has a duty to consult its agents and attorneys, and any other persons within Lead Plaintiff's relative control, in responding to the RFAs. The Court should overrule this objection and order Lead Plaintiff to answer the RFAs pursuant to information he may obtain upon reasonable inquiry.

### iv.    *"Context" Objection*

As to Redwire RFA Nos. 4-77, 81-86, 91-105, 107-161, Lead Plaintiff objects that the RFA takes the respective statement out of context, and that Lead Plaintiff will respond by interpreting the statement "in context and not in isolation." Exhibit A, pp. 7-88, 90-96, 99-115, 117-178. This objection fails to articulate in what context Lead Plaintiff's interpretation is based on, making it unclear to Defendants the scope of Lead Plaintiff's substantive response. During conferral, Lead Plaintiff attempted to clarify this objection by stating that the "context" includes the "full presentation" at issue and the "purpose" for each statement. However, this remains insufficient as it is still unclear what context the full presentation gives or what purpose Lead Plaintiff is assigning to the statements at issue.

The Court should overrule such objection, or order Lead Plaintiff to provide the appropriate context.

### v. *Conditional Answers*

Throughout the Responses[1], Lead Plaintiff conditions answers "[a]s limited by the foregoing general and specific objections." Exhibit A, pp. 5-6, 7-89, 90-178; Exhibit B, pp. 5-126; Exhibit C, pp. 5-126. This is improper.

"The court [] disfavors responses to discovery requests that include objections on various grounds, but then, 'without waiving' the objections or 'subject to' the objections, include an answer or response." *Planet Bingo, LLC v. Kerr*, No. 5:10CV315/RS/EMT, 2011 WL 13238348, at *3 (N.D. Fla. Oct. 27, 2011); *Prosonic Corp. v. Baker*, No. 3:07CV442/RS/EMT, 2008 WL 11340070, at *2 (N.D. Fla. Mar. 14, 2008) ("Objecting but answering subject to the objection is not one of the allowed choices.").

By answering in this fashion, Lead Plaintiff's answers are unclear and confusing as to which portions of the RFAs are admitted or denied.

During conferral, Lead Plaintiff attempted to remedy this issue by explaining that if an answer was admitted or denied "without any elaboration, such admissions or denials were in full." This is still insufficient. It is axiomatic that an RFA cannot be denied in full, while also being "limited" by certain

---

[1] Specifically, each answer to the Redwire RFAs, except for RFA Nos. 3, 79-80, and 89-90; answers to Cannito RFA Nos. 2, 4, 6, 8, 10, 12, 14-16, 18-20, 22-24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50-51, 53, 55, 57, 59-60, 62, 64-66, 68, 70, 72, 74, 76, 78, 80, 82, 84, 86, 88, 90, 92, 94, 96-97, 99-100, 102-03, 105-06, 108-09, 11-12, 114-15, 117-18, 120-21; and answers to Read RFA Nos. 2, 4, 6, 8, 10, 12, 14-16, 18-20, 22-24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50-51, 53, 55, 57, 59-60, 62, 64-66, 68, 70, 72, 74, 76, 78, 80, 82, 84, 86, 88, 90, 92, 94, 96-97, 99-100, 102-03, 105-06, 108-09, 11-12, 114-15, 117-18, 120-21.

objections. Such confusion as to what is being admitted or denied is further exacerbated by Lead Plaintiff's choice to answer certain RFA's in full and without limitation, *see* Exhibit B, p. 3 (RFA No. 1), while suggesting that answers with limitations are also in full, *see id.* (RFA No. 2). Moreover, this explanation does not address the answers wherein Lead Plaintiff used the same conditional language to respond that, after reasonable inquiry, he is without the information to admit or deny the RFA, *see id.*, p. 8 (RFA No. 6).

The Court should order Lead Plaintiff to remove such language and revise the answers accordingly.

### B.    Specific Issues with the Responses

Lead Plaintiff improperly claims that various language of the RFAs is vague and ambiguous. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite,* 2020 WL 6122068, at *3. Here, the challenged statements are not vague or ambiguous and should be accorded their ordinary meaning.

First, Lead Plaintiff objects to the term "statement" as used in Redwire RFA No. 2.  Exhibit A, pp. 5-6. The term "statement" is not ambiguous or vague but is commonly used in both legal and non-legal contexts. Indeed, Rule 10b-5 itself uses the word "statement" without elaboration.  *See* 17 C.F.R. § 240.10b-5 ("To make any untrue **statement** of a material fact or to omit to state a

9

material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or…") (emphasis added). The RFA related to "statement[s] by Redwire" in the context of this instant 10b-5 claims is clear. Lead Plaintiff should apply the ordinary meaning to such phrase in interpreting the RFAs and the Court should overrule this objection.

Second, Lead Plaintiff objects to the phrase "any representation" as "vague and ambiguous" as used in Redwire RFA Nos. 4 and 13. Exhibit A, pp. 7, 17. This phrase is not ambiguous or vague. Rather, the specific requests employ the use of the phrase "representation" to address the meaning of certain statements alleged to be an issue in this case which strikes at the heart of a 10b-5 claim. *See* 17 C.F.R. § 240.10b-5 ("To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or…"). Lead Plaintiff should apply the ordinary meaning to such phrase in interpreting the RFAs and the Court should overrule this objection.

Third, Lead Plaintiff objects to the phrases "any representation" and "GPAC's internal controls over financial reporting" as "vague and ambiguous" in regard to Redwire RFA Nos. 5, 9, 14, 18, 22, 26, 30, 34, 38, 42, 46, 50, 54, 58, 62, 66, 70, 74, 81, 91, 95, 99, 103, 110, 114, 118, 122, 126, 130, 134, 138, 142,

146, 150, and 154, *See* Exhibit A.  These phrases are not ambiguous or vague. As noted, the use of "representation" is clear in the context of a 10b-5 claim. *See supra.*  Moreover, Lead Plaintiff himself makes repeated reference to internal controls over financial reporting in the operative Amended Complaint demonstrating a clear understanding of the terms in the context of this case. *See e.g.* Doc. No. 47, pp. 2-4, 8-9, 13-14, 22, 28, 31, 45, 50, 59-61, 63, 68. Thus, Lead Plaintiff should apply the ordinary meaning to such phrases in interpreting the RFAs and the Court should overrule this objection.

Fourth, Lead Plaintiff objects to the phrases "any representation" and "Pre-Merger Redwire's internal controls over financial reporting" as "vague and ambiguous" as used in Redwire RFA Nos. 6, 10, 15, 19, 23, 27, 31, 35, 39, 43, 47, 51, 55, 59, 63, 67, 71, 75, 82, 85, 86, 92, 96, 100, 104, 108, 111, 115, 119, 123, 127, 131, 135, 139, 143, 147, 151, 155, and 159, *See* Exhibit A. For the reasons stated above, such phrases are not ambiguous or vague. *See supra.* Rather, Lead Plaintiff should apply the ordinary meaning to such phrases in interpreting the RFAs. The Court should overrule this objection.

Fifth, Lead Plaintiff objects to the phrases "any representation" and "management's attitude toward internal controls over financial reporting" as "vague and ambiguous" as used in Redwire RFA Nos. 7, 8, 11, 12, 16, 17, 20, 21, 24, 25, 28, 29, 32, 33, 36, 37, 40, 41, 44, 45, 48, 49, 52, 53, 56, 57, 60, 61, 64, 65, 68, 69, 72, 73, 76, 77, 83, 84, 93, 94, 97, 98, 101, 102, 105, 107, 109, 112,

11

113, 116, 117, 120, 121, 124, 125, 128, 129, 132, 133, 136, 137, 140, 141, 144, 145, 148, 149, 152, 153, 156, 157, 158, 160, and 161.  *See* Exhibit A. For the reasons stated above, such phrases are not ambiguous or vague. *See supra.* Rather, Lead Plaintiff should apply the ordinary meaning to such phrases in interpreting the RFAs. The Court should overrule this objection.

Sixth, Lead Plaintiff objects to the phrase "filed with" as "vague and ambiguous" as used in Redwire RFA Nos. 87 and 88, Exhibit A, pp. 97-98. This phrase is not ambiguous or vague. Rather, Lead Plaintiff should apply the ordinary meaning to such phrase in interpreting the RFAs. The Court should overrule this objection.

Seventh, Lead Plaintiff objects to the term "author" as "vague and ambiguous" as to Cannito RFA Nos. 6, 10, 14, 18, 22, 26, 30, 34, 38, 42, 46, 51, 55, 60, 68, 72, 76, 80, 84, 88, 92; and Read RFA Nos. 6, 10, 14, 18, 22, 26, 30, 34, 38, 42, 46, 51, 55, 60, 68, 72, 76, 80, 84, 88, 92. *See* Exhibit B; Exhibit C. This term is not ambiguous or vague. As noted, this 10b-5 action and these particular requests are about certain statements. The use of "author" can easily be understood as the person or entity making the referenced statements. Lead Plaintiff should apply the ordinary meaning to such term in interpreting the RFAs and the Court should overrule this objection.

Eighth, Lead Plaintiff objects to the term "speaker" as "vague and ambiguous" as to Cannito RFA Nos. 15, 19, 23, 96, 99, 102, 105, 108, 111, 114,

12

117, 120; and Read RFA Nos. 15, 19, 23, 96, 99, 102, 105, 108, 111, 114, 117, 120, *See* Exhibit B; Exhibit C. Again, this 10b-5 action and these particular requests are about certain statements.  Similar to the phrase "author", use of phrase "speaker" can easily be understood as the person or entity making the referenced statements. This term is not ambiguous or vague. Lead Plaintiff should apply the ordinary meaning to such term in interpreting the RFAs and the Court should overrule this objection.

WHEREFORE, Defendants request that the Court (a) grant this Motion, (b) overrule certain of Lead Plaintiff's objections, (c) compel Lead Plaintiff to produce answers to the RFAs to the extent answers are being improperly withheld, and (d) grant any other relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CONFERRAL

Counsel for Defendants conferred with counsel for Lead Plaintiff in a good faith effort to resolve this Motion via written correspondence on December 12, 2023, December 22, 2023, January 5, 2024, and January 17, 2024; and via Zoom in December of 2023 and again on January 10, 2024. Plaintiff opposes the relief sought herein.

Dated: February 21, 2024.

*/s/ Glennys Ortega Rubin*

**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361

13

grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255
and
**H. TIMOTHY GILLIS, ESQ.**
Florida Bar No. 0133876
tgillis@shutts.com
**JEFFREY S. YORK, ESQ.**
Florida Bar No. 987069
jyork@shutts.com
**SHUTTS & BOWEN LLP**
1000 Riverside Ave., Suite 800
Jacksonville, Florida 32204
Telephone: (904) 899-9926
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2024, a true and correct copy of the foregoing has been served via electronic mail upon the following CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
And
Peter A. Shaeffer, Esq. *(Pro Hac Vice)*
petersh@hbsslaw.com

Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and

David M. Buckner, Esq.
david@bucknermiles.com

14

HAGENS BERMAN SOBOL
SHAPIRO LLP
455 N. Cityfront Plaza Dr.
Suite #2410
Chicago, IL 60611
Telephone: 708-628-4955
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

*Lead Counsel for Lead Plaintiff Jared Thompson*

BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485

*Liaison Counsel for Lead Plaintiff Jared Thompson*

*/s/ Glennys Ortega Rubin*
**GLENNYS ORTEGA RUBIN, ESQ.**

15