**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT REDWIRE CORPORATION'S FIRST REQUESTS FOR ADMISSIONS TO LEAD PLAINTIFF** |

Exhibit A

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his counsel, submits these responses and objections to Defendant Redwire Corporation's ("Redwire") First Set of Requests for Admission ("Requests" or "RFA") dated August 31, 2023.

Lead Plaintiff is presently pursuing his investigation of the facts and issues relevant to this action and has not yet completed discovery in preparation for pre-trial and trial proceedings. Lead Plaintiff's responses and objections set forth herein are based on the knowledge, information and belief of Lead Plaintiff, as well as the documents and information in his possession, custody, or control at this time. Therefore, these responses and objections are made without prejudice to Lead Plaintiff's right to produce evidence of subsequently discovered facts, to supplement or amend these responses and objections, or to rely on additional evidence at trial or in connection with pre-trial proceedings. Lead Plaintiff reserves the right to supplement or amend these responses and objections as discovery progresses, new facts and issues are uncovered, and new evidence and information is obtained.

-1-

## General Objections

Each of Lead Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections, unless specifically stated otherwise.

1.     Lead Plaintiff objects to the Requests and their accompanying instructions and definitions because they impose on Lead Plaintiff a premature and unreasonable duty of inquiry before Defendants' document production is complete, before third-party document production is complete, before any depositions have been scheduled, and all other fact and expert discovery remains incomplete.  Any answer will be based on present knowledge. Lead Plaintiff reserves the right to update or revise the responses at the appropriate time.

2.     Lead Plaintiff objects to the Requests because they call for Lead Plaintiff to prematurely set forth contentions, positions, or arguments, are speculative, or incorporate allegations and assertions that are disputed or erroneous, rather than seek to identify and eliminate matters on which the parties agree, or as to matters for which there are no real disputes.

## Objections to Definitions

1.     Lead Plaintiff objects to the definition of "You," "Your" or "Lead Plaintiff" as vague and ambiguous because the phrase in the definition, "purporting to act on behalf of Jared Thompson" is unclear in meaning or scope.  Additionally,

-2-

the inclusion of "any and all current and former agents, representatives, or entities" in the definition improperly invades on attorney-client privilege, attorney work product doctrine, and other applicable privileges. Finally, the definition potentially calls for the production of information from non-parties, as well as information not in Lead Plaintiff's possession, custody, or control. For purposes of the responses below, Lead Plaintiff interprets "You," "Your" and "Lead Plaintiff" as referring to Lead Plaintiff and counsel for Lead Plaintiff unless specifically stated.

## Objections to Instructions

1. Lead Plaintiff objects to Instruction No. 1 to the extent it requires Lead Plaintiff to provide information in the possession, custody, or control of counsel for Lead Plaintiff and is thus protected by attorney-client privilege, attorney work product doctrine, and other applicable privileges. Lead Plaintiff further objects to Instruction No. 1 to the extent it requires Lead Plaintiff to provide information from non-parties that is not in his possession, custody, or control. For purposes of the responses below, Lead Plaintiff agrees to provide non-privileged information in Lead Plaintiff's possession, custody, or control that is readily accessible to himself or counsel for Lead Plaintiff.

-3-

## REQUESTS FOR ADMISSIONS

1.    Admit that, on or before September 1, 2021, GPAC and Pre-Merger Redwire were separately existing entities.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "separately existing entities" is unclear in meaning and scope.  Lead Plaintiff will therefore respond to the RFA by interpreting the phrase to mean "legal entities."

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, based on present knowledge, that pre-merger GPAC and Pre-Merger Redwire were separate legal entities.

2.    Admit that Lead Plaintiff is not aware of any statement by Redwire or its senior management containing the phrase "tone at the top" prior March 31, 2021.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "statement" is unclear in meaning and scope.  Specifically, it is unclear whether the term

-4-

"statement" is meant to encompass internal communications among Redwire senior management.

2.      The RFA is ambiguous because it seeks an admission regarding statements made prior to March 31, 2021 where the Class Period in this case ends on March 31, 2022.  In responding to this RFA, Lead Plaintiff interprets the RFA to seek an admission regarding statements made prior to March 31, 2022.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny whether Redwire employees, officers, and/or directors made statements with the phrase "tone at the top" prior to March 31, 2022. Otherwise, Lead Plaintiff admits that none of the false or misleading statements alleged in the operative complaint use the phrase "tone at the top."

3.      Admit that the "management team" in the statement "Proven management team and 50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release, refers to Pre-Merger Redwire's management team.

-5-

**RESPONSE:**

Denied, as "[p]roven management team" refers to the management team which would be formed as part of Redwire's management team after the merger.

4.    Admit that the statement "Proven management team and 50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the term "any representation." Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, to the extent the March 25, 2021 Press Release excerpt cited in RFA No. 4 refers to Pre-Merger Redwire and not pre-merger

-6-

GPAC.

5.      Admit that the phrase "Proven management team," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) ("Rule 36 is a time-saver, designed 'to expedite the trial and to

-7-

relieve the parties of the cost of proving facts that will not be disputed at trial.'") (internal citation omitted) (emphasis in original); *Whitaker v. Belt Concepts of Am., Inc.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) (finding requests for admissions were "improperly propounded to force the defendant to concede a highly contested factual issue prior to trial"); *Bruggemann v. Amacore Grp., Inc.*, 2011 WL 1899251, at *4 (M.D. Fla. Apr. 1, 2011) (finding requests for admission were inappropriate by seeking party "to admit facts which are contrary to the allegations" made in a counterclaim).

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

6.      Admit that the phrase "Proven management team," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission before substantial documentary or testimonial evidence has been provided and analyzed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not

-8-

in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

7.      Admit that the phrase "Proven management team," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-9-

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

8.    Admit that the phrase "Proven management team," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

9. Admit that the phrase "50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-11-

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

10.    Admit that the phrase "50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

11.    Admit that the phrase "50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-14-

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

12.    Admit that the phrase "50+ years of space heritage and deep customer
relationships in space and aerospace," as set forth in the March 25, 2021
Press Release, does not make any representation regarding Pre-Merger
Redwire management's attitude toward internal controls over financial
reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.    The RFA is vague as to the terms "any representation" and

"management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning,

including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

13.     Admit that the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation

3.     The RFA is vague as to the term "any representation." Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

As limited by the foregoing general and specific objections, Lead Plaintiff

-16-

responds as follows: Admitted, to the extent the March 25, 2021 Press Release excerpt cited in RFA No. 13 refers to Pre-Merger Redwire and not pre-merger GPAC.

14.    Admit that the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-17-

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

15.    Admit that the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-18-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

16.     Admit that the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting."

-19-

Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

17.     Admit that the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

-20-

3.       The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.       The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

18.    Admit that the phrase "We intended to find a profitable partner," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.       The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.       The RFA is improper in that it is taking the statement out of context of

-21-

the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

19.    Admit that the phrase "We intended to find a profitable partner," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-22-

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

20.    Admit that the phrase "We intended to find a profitable partner," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

21. Admit that the phrase "We intended to find a profitable partner," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-24-

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

22.    Admit that the phrase "strong management," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez,* 297 F.3d at 1268; *Whitaker,* 189 B.R. at 853; *Bruggemann,* 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

23.    Admit that the phrase "strong management," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-27-

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

24.     Admit that the phrase "strong management," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-28-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

25.    Admit that the phrase "strong management," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-29-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

26.     Admit that the statement that Redwire is "a proven, solidly profitable player in the space community" as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted

-30-

with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

27.    Admit that the statement that Redwire is "a proven, solidly profitable player in the space community" as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-

Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

28.   Admit that the statement that Redwire is "a proven, solidly profitable player in the space community" as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not

in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

29.    Admit that the statement that Redwire is "a proven, solidly profitable player in the space community" as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

30.    Admit that the statement that Redwire is "the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.       The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.       The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.       The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

31.    Admit that the statement that Redwire is "the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.       The RFA is premature as it seeks admission prior to substantial

-35-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

32.    Admit that the statement that Redwire is "the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

33.    Admit that the statement that Redwire is "the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-38-

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

34.    Admit that the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an

-39-

admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

35.    Admit that the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-40-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

36.      Admit that the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting."

-41-

Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

37.   Admit that the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not

-42-

in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

38.    Admit that the statement "we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-43-

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

39.    Admit that the statement "we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-44-

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

40.    Admit that the statement "we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

-45-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

41.     Admit that the statement "we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-47-

42.  Admit that the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.  The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.  The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.  The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.  The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-48-

responds as follows: Denied.

43.   Admit that the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.   The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.   The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.   The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

44.   Admit that the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-50-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

45.     Admit that the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and

-51-

"management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning,

including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

46.    Admit that the statement "Best-In-Class Private and Public Management," as
set forth in the March 25, 2021 Presentation Slide Deck, does not make any
representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at \*4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

47.     Admit that the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

48.    Admit that the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-54-

knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

49.    Admit that the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

50.    Admit that the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

51.    Admit that the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any

representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-58-

responds as follows: Denied.

52.    Admit that the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-59-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

53.    Admit that the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-60-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

54.     Admit that the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted

-61-

with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

55.      Admit that the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-

Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.   The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

56.   Admit that the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.   The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not

in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

57.     Admit that the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-64-

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

58.    Admit that the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

59.    Admit that the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-66-

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

60.    Admit that the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any

representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez,* 297 F.3d at 1268; *Whitaker,* 189 B.R. at 853; *Bruggemann,* 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-68-

responds as follows: Denied.

61.    Admit that the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-69-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

62.    Admit that the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

63.     Admit that the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-

Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

64. Admit that the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of

-72-

the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

65.    Admit that the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-73-

before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at \*4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

66.    Admit that the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-74-

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

67.    Admit that the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-76-

68.    Admit that the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-77-

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

69.   Admit that the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.   The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.   The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.   The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

70.    Admit that the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

71.  Admit that the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.  The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.  The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.  The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

72.     Admit that the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting."

-81-

Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

73.    Admit that the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

74.     Admit that the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

75.   Admit that the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-84-

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

76.    Admit that the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

77. Admit that the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-86-

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

78.    Admit that the GPAC Code of Ethics, as referenced in the March 29, 2021 10-K, was not a statement made by Pre-Merger Redwire.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, in part, to the extent the GPAC Code of Ethics was referenced in pre-merger GPAC's March 29, 2021 10-K which, on its face, is neither signed by nor filed by Pre-Merger Redwire. Otherwise, Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny any other aspect of Pre-Merger Redwire's involvement in the statement.

79.    Admit that the substance of the GPAC Code of Ethics, as referenced in the March 29, 2021 10-K, was not set forth in the March 29, 2021 10-K.

**RESPONSE:**

Denied.

80.    Admit that the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," is set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Admitted.

81. Admit that the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-89-

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

82.    Admit that the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at \*4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

83.      Admit that the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and

"management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

84.      Admit that the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

85.    Admit that the statement "We have identified a material weakness in our internal control over financial reporting," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, as the statement referenced in RFA No. 85 is found on p. 78 of the May 12, 2021 GPAC Draft Registration Statement in a section detailing a material weakness in pre-Merger GPAC's internal control over financial reporting.

86.     Admit that the statement "We have identified a material weakness in our internal control over financial reporting," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation

-94-

regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Admitted, as the statement referenced in RFA No. 86 is found on p. 78 of the May 12, 2021 GPAC Draft Registration Statement in a section detailing a material weakness in pre-Merger GPAC's internal control over financial reporting.

87.    Admit that the May 12, 2021 GPAC Draft Registration Statement was filed with the SEC by GPAC.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA's use of the term "filed with" is vague and ambiguous. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted that the filer of record is not Pre-Merger Redwire. Otherwise, denied.

88.    Admit that the May 12, 2021 GPAC Draft Registration Statement was not filed with the SEC by Pre-Merger Redwire.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA's use of the term "filed with" is vague and ambiguous. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted that the filer of record is not Pre-Merger Redwire. Otherwise, denied.

89.    Admit that the May 12, 2021 GPAC Draft Registration Statement is unsigned by any individual.

**RESPONSE:**

Denied, to the extent David N. Siegel, Chairman of the GPAC Board of Directors, signed a letter to shareholders included in the May 12, 2021 GPAC Draft Registration Statement.  Otherwise, admitted.

90.    Admit that the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement, is qualified by the statement "Redwire's management team has extensive experience in key aspects of the aerospace industry."

**RESPONSE:**

Admitted, to the extent that "Experienced and Proven Management Team" directly precedes the language "Redwire's management team has extensive experience in key aspects of the aerospace industry." Otherwise, denied.

91.    Admit that the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an

-98-

admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

92.     Admit that the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

93.     Admit that the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting."

-100-

Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

94. Admit that the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

95.     Admit that the statement "Peter Cannito, Chief Executive Officer of Redwire, has proven experience in the defense, technology and government services industries," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-102-

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

96.    Admit that the statement "Peter Cannito, Chief Executive Officer of Redwire, has proven experience in the defense, technology and government services industries," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-103-

before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

97. Admit that the statement "Peter Cannito, Chief Executive Officer of Redwire, has proven experience in the defense, technology and government services industries," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

-104-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

98.     Admit that the statement "Peter Cannito, Chief Executive Officer of Redwire, has proven experience in the defense, technology and government services industries," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-106-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

99.    Admit that the statement "Peter Cannito . . . has shown that he has a strong
track record in successfully executing M&A transactions," as set forth in the
May 12, 2021 GPAC Draft Registration Statement, does not make any
representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed. Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of

the full presentation. Accordingly, the statement is interpreted in context and not

in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's

internal controls over financial reporting." Accordingly, the terms are interpreted

with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

-107-

admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at \*4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

100.   Admit that the statement "Peter Cannito . . . has shown that he has a strong track record in successfully executing M&A transactions," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or

implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

101.   Admit that the statement "Peter Cannito . . . has shown that he has a strong track record in successfully executing M&A transactions," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

-109-

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

102.    Admit that the statement "Peter Cannito . . . has shown that he has a strong track record in successfully executing M&A transactions," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-110-

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

103.  Admit that the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

-111-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

104.   Admit that the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

-112-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-113-

105.    Admit that the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-114-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at \*4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

106.   Admit that the statement "Bill Read, Chief Financial Officer of Redwire, has
       served in that role in a number companies, most recently for Abaco Systems
       from February 2018 to October 2019," as set forth in the May 12, 2021
       GPAC Draft Registration Statement, is a literally true statement with regard
       to William Read.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed. Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because

discovery is ongoing, the information currently available to him is insufficient to

enable him to admit or deny RFA No. 106.

107.   Admit that the statement "Bill Read, Chief Financial Officer of Redwire, has
       served in that role in a number companies, most recently for Abaco Systems
       from February 2018 to October 2019," as set forth in the May 12, 2021
       GPAC Draft Registration Statement, does not make any representation
       regarding Pre-Merger Redwire management's attitude toward internal
       controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-116-

108.   Admit that the statement "working to remediate the material weaknesses as efficiently as effectively as possible and expect full remediation will likely go beyond December 31, 2021," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-117-

which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

109. Admit that the statement "working to remediate the material weaknesses as efficiently as effectively as possible and expect full remediation will likely go beyond December 31, 2021," as set forth in the May 12, 2021 GPAC Draft Registration Statement, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-118-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

110.   Admit that the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted

-119-

with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

111.   Admit that the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "Pre-

Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

112.    Admit that the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not

-121-

in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

113.   Admit that the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-122-

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

114.   Admit that the statement "We're a set of operationally oriented executives, mostly CFOs, CEOs and COOs coming from deep aerospace and aviation background…," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

-123-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

115.   Admit that the statement "We're a set of operationally oriented executives, mostly CFOs, CEOs and COOs coming from deep aerospace and aviation background…," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

-124-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

116.   Admit that the statement "We're a set of operationally oriented executives, mostly CFOs, CEOs and COOs coming from deep aerospace and aviation background…," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-126-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

117.   Admit that the statement "We're a set of operationally oriented executives,
       mostly CFOs, CEOs and COOs coming from deep aerospace and aviation
       background…," as set forth in the August 12, 2021 Interview, does not make
       any representation regarding Pre-Merger Redwire management's attitude
       toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.     The RFA is vague as to the terms "any representation" and

"management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning,

including express or implied.

-127-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

118.  Admit that the statement "there really aren't that many of us that had both the experience, the perspective, and the scars to prove that you can make money and really good money in aerospace and aviation," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's

-128-

internal controls over financial reporting."  Accordingly, the terms are interpreted

with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

119.   Admit that the statement "there really aren't that many of us that had both
       the experience, the perspective, and the scars to prove that you can make
       money and really good money in aerospace and aviation," as set forth in the
       August 12, 2021 Interview, does not make any representation regarding Pre-
       Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

120.  Admit that the statement "there really aren't that many of us that had both the experience, the perspective, and the scars to prove that you can make money and really good money in aerospace and aviation," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-130-

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

121.   Admit that the statement "there really aren't that many of us that had both the experience, the perspective, and the scars to prove that you can make money and really good money in aerospace and aviation," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-131-

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

122.  Admit that the statement "We, as you can tell, are 10 executives with deep experience…," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

-132-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

123.   Admit that the statement "We, as you can tell, are 10 executives with deep experience…," as set forth in the August 12, 2021 Interview, does not make

-133-

any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-134-

responds as follows: Denied.

124.  Admit that the statement "We, as you can tell, are 10 executives with deep experience…," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-135-

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

125.    Admit that the statement "We, as you can tell, are 10 executives with deep experience…," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

-136-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

126.    Admit that the statement, "And we provide a tremendous amount of operational, commercial and financial knowledge," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted

-137-

with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

127. Admit that the statement, "And we provide a tremendous amount of operational, commercial and financial knowledge," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "Pre-

-138-

Merger Redwire's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

128.   Admit that the statement, "And we provide a tremendous amount of operational, commercial and financial knowledge," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not

in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

129.   Admit that the statement, "And we provide a tremendous amount of operational, commercial and financial knowledge," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

130.   Admit that the statement "we're starting from a very strong financial foundation," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

-141-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

131.   Admit that the statement "we're starting from a very strong financial foundation," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-142-

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

132.  Admit that the statement, "we're starting from a very strong financial foundation," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

-143-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

133.   Admit that the statement, "we're starting from a very strong financial foundation," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-145-

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

134.    Admit that the statement, "So it's not just enough to say that you are operationally, commercially, financially strong," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-146-

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

135.  Admit that the statement, "So it's not just enough to say that you are operationally, commercially, financially strong," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-

Merger Redwire's internal controls over financial reporting."  Accordingly, the

terms are interpreted with the broadest possible meaning, including express or

implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

136.   Admit that the statement, "So it's not just enough to say that you are operationally, commercially, financially strong," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

137.  Admit that the statement, "So it's not just enough to say that you are operationally, commercially, financially strong," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

138.   Admit that the statement, "Pete Cannito is formed a fantastic team of executives," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-150-

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

139.  Admit that the statement, "Pete Cannito is formed a fantastic team of executives," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

140.   Admit that the statement, "Pete Cannito is formed a fantastic team of executives," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

-152-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2. The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3. The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4. The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

141. Admit that the statement, "Pete Cannito is formed a fantastic team of executives," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

-153-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

142.    Admit that the statement, "And on the other side, how to finance it appropriately, how to talk about it appropriately, how to control as a public company, the nature of what you need to control and properly disclosed. So they, again, great companies do great things well, Pete Cannito has formed a great team to do so," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-155-

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

143.  Admit that the statement, "And on the other side, how to finance it appropriately, how to talk about it appropriately, how to control as a public company, the nature of what you need to control and properly disclosed.  So they, again, great companies do great things well, Pete Cannito has formed a great team to do so," as set forth in the August 12, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or

-156-

implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

144.    Admit that the statement, "And on the other side, how to finance it appropriately, how to talk about it appropriately, how to control as a public company, the nature of what you need to control and properly disclosed.  So they, again, great companies do great things well, Pete Cannito has formed a great team to do so," as set forth in the August 12, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not

-157-

in isolation.

3.      The RFA is vague as to the terms "any representation" and
"management's attitude toward internal controls over financial reporting."
Accordingly, the terms are interpreted with the broadest possible meaning,
including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal
rules, and would not streamline the facts to be decided at trial because it seeks an
admission regarding a central fact in dispute rather than an admission on a fact to
which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at
853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff
responds as follows: Denied.

145.   Admit that the statement, "And on the other side, how to finance it
       appropriately, how to talk about it appropriately, how to control as a public
       company, the nature of what you need to control and properly disclosed.  So
       they, again, great companies do great things well, Pete Cannito has formed a
       great team to do so," as set forth in the August 12, 2021 Interview, does not
       make any representation regarding Pre-Merger Redwire management's
       attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial
documentary or testimonial evidence having been provided and analyzed and

-158-

before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation. Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

146.   Admit that the statement "When you combine that with all the fantastic collaboration and integration as we come together as One Redwire to build out second order capabilities that are a mix of the different capabilities of the organizations that we've brought together, it's really started to take on a life of its own…," as set forth in the August 25, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

147.   Admit that the statement "When you combine that with all the fantastic collaboration and integration as we come together as One Redwire to build

out second order capabilities that are a mix of the different capabilities of the organizations that we've brought together, it's really started to take on a life of its own…," as set forth in the August 25, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

148.   Admit that the statement "When you combine that with all the fantastic
       collaboration and integration as we come together as One Redwire to build
       out second order capabilities that are a mix of the different capabilities of the
       organizations that we've brought together, it's really started to take on a life
       of its own…," as set forth in the August 25, 2021 Interview, does not make
       any representation regarding GPAC management's attitude toward internal
       controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.     The RFA is vague as to the terms "any representation" and

"management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning,

-162-

including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

149.  Admit that the statement "When you combine that with all the fantastic collaboration and integration as we come together as One Redwire to build out second order capabilities that are a mix of the different capabilities of the organizations that we've brought together, it's really started to take on a life of its own…," as set forth in the August 25, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not

-163-

in isolation.

3.      The RFA is vague as to the terms "any representation" and

"management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning,

including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

150.   Admit that the statement "Our strategy from an investor perspective is to
       offer a company that has a blue-chip foundation with venture optionality," as
       set forth in the August 25, 2021 Interview, does not make any representation
       regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

-164-

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

151.  Admit that the statement "Our strategy from an investor perspective is to offer a company that has a blue-chip foundation with venture optionality," as set forth in the August 25, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-165-

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

152.   Admit that the statement "Our strategy from an investor perspective is to offer a company that has a blue-chip foundation with venture optionality," as set forth in the August 25, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-166-

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

153.   Admit that the statement "Our strategy from an investor perspective is to offer a company that has a blue-chip foundation with venture optionality," as set forth in the August 25, 2021 Interview, does not make any representation

-167-

regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-168-

responds as follows: Denied.

154.    Admit that the statement "That's our term for a conservative company," as set forth in the August 25, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-169-

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

155.    Admit that the statement "That's our term for a conservative company," as
set forth in the August 25, 2021 Interview, does not make any representation
regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-

Merger Redwire's internal controls over financial reporting."  Accordingly, the

terms are interpreted with the broadest possible meaning, including express or

implied.

4.      The RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

-170-

which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

156.    Admit that the statement "That's our term for a conservative company," as
set forth in the August 25, 2021 Interview, does not make any representation
regarding GPAC management's attitude toward internal controls over
financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of

the full presentation.  Accordingly, the statement is interpreted in context and not

in isolation.

3.    The RFA is vague as to the terms "any representation" and

"management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning,

including express or implied.

-171-

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

157.    Admit that the statement "That's our term for a conservative company," as set forth in the August 25, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting."

Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

158.   Admit that the statement "We are already a revenue and cash-flow positive company that can go on in perpetuity without any problem," as set forth in the August 25, 2021 Interview, does not make any representation regarding GPAC's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

-173-

3.    The RFA is vague as to the terms "any representation" and "GPAC's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.    The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

159.   Admit that the statement "We are already a revenue and cash-flow positive company that can go on in perpetuity without any problem," as set forth in the August 25, 2021 Interview, does not make any representation regarding Pre-Merger Redwire's internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not

-174-

in isolation.

3.      The RFA is vague as to the terms "any representation" and "Pre-Merger Redwire's internal controls over financial reporting."  Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

160.   Admit that the statement "We are already a revenue and cash-flow positive company that can go on in perpetuity without any problem," as set forth in the August 25, 2021 Interview, does not make any representation regarding GPAC management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-175-

knowledge and is subject to revision upon the completion of discovery.

2.      The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.      The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.      The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

161.   Admit that the statement "We are already a revenue and cash-flow positive company that can go on in perpetuity without any problem," as set forth in the August 25, 2021 Interview, does not make any representation regarding Pre-Merger Redwire management's attitude toward internal controls over financial reporting.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-176-

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     The RFA is improper in that it is taking the statement out of context of the full presentation.  Accordingly, the statement is interpreted in context and not in isolation.

3.     The RFA is vague as to the terms "any representation" and "management's attitude toward internal controls over financial reporting." Accordingly, the terms are interpreted with the broadest possible meaning, including express or implied.

4.     The RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-177-

DATED: November 8, 2023          **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: s/ *Reed R. Kathrein*
        Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

-178-

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

-179-

## CERTIFICATE OF SERVICE

I, Reed R. Kathrein, hereby certify that on November 8, 2023, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT REDWIRE CORPORATION'S FIRST REQUESTS FOR ADMISSIONS to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 8, 2023.

/s/ *Reed R. Kathrein*
Reed R. Kathrein