# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>       Defendants. | No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT PETER CANNITO'S FIRST REQUESTS FOR ADMISSIONS** |

Exhibit B

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his counsel, submits these responses and objections to Defendant Peter Cannito's First Set of Requests for Admission ("Requests" or "RFA") dated August 31, 2023.

Lead Plaintiff is presently pursuing his investigation of the facts and issues relevant to this action and has not yet completed discovery in preparation for pre-trial and trial proceedings. Lead Plaintiff's responses and objections set forth herein are based on the knowledge, information and belief of Lead Plaintiff, as well as the documents and information in his possession, custody, or control at this time. Therefore, these responses and objections are made without prejudice to Lead Plaintiff's right to produce evidence of subsequently discovered facts, to supplement or amend these responses and objections, or to rely on additional evidence at trial or in connection with pre-trial proceedings. Lead Plaintiff reserves the right to supplement or amend these responses and objections as discovery progresses, new facts and issues are uncovered, and new evidence and information is obtained.

## General Objections

Each of Lead Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections unless specifically stated otherwise.

1.      Lead Plaintiff objects to the Requests and their accompanying instructions and definitions because they impose on Lead Plaintiff a premature and unreasonable duty of inquiry before Defendants' document production is complete, before third-party document production is complete, before any depositions have been scheduled, and all other fact and expert discovery remains incomplete.  Any answer will be based on present knowledge.  Lead Plaintiff reserves the right to update or revise the responses at the appropriate time.

2.      Lead Plaintiff objects to the Requests because they call for Lead Plaintiff to prematurely set forth contentions, positions, or arguments, are speculative, or incorporate allegations and assertions that are disputed or erroneous, rather than seek to identify and eliminate matters on which the parties agree, or as to matters for which there are no real disputes.

## Objections to Definitions

1.      Lead Plaintiff objects to the definition of "You," "Your" or "Lead Plaintiff" as vague and ambiguous because the phrase in the definition, "purporting to act on behalf of Jared Thompson" is unclear in meaning or scope.  Additionally, the inclusion of "any and all current and former agents, representatives, or entities" in the definition improperly invades on attorney-client privilege, attorney work product doctrine, and other applicable privileges.  Finally, the definition potentially calls for the production of information from non-parties, as well as information not

-2-

in Lead Plaintiff's possession, custody, or control. For purposes of the responses below, Lead Plaintiff interprets "You," "Your" and "Lead Plaintiff" as referring to Lead Plaintiff and counsel for Lead Plaintiff unless specifically stated.

## Objections to Instructions

1. Lead Plaintiff objects to Instruction No. 1 to the extent it requires Lead Plaintiff to provide information in the possession, custody, or control of counsel for Lead Plaintiff and is thus protected by attorney-client privilege, attorney work product doctrine, and other applicable privileges. Lead Plaintiff further objects to Instruction No. 1 to the extent it requires Lead Plaintiff to provide information from non-parties that is not in his possession, custody, or control. For purposes of the responses below, Lead Plaintiff agrees to provide non-privileged information in Lead Plaintiff's possession, custody, or control that is readily accessible to himself or counsel for Lead Plaintiff.

## REQUESTS FOR ADMISSIONS

1. Admit that on or before September 1, 2021, Cannito was not an officer, director, or employee of GPAC.

**RESPONSE:**

Admitted.

2. Admit that on or before September 1, 2021, Cannito did not control the content of GPAC's public filings.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-3-

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial.*'") (internal citation omitted) (emphasis in original); *Whitaker v. Belt Concepts of Am., Inc.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) (finding requests for admissions were "improperly propounded to force the defendant to concede a highly contested factual issue prior to trial"); *Bruggemann v. Amacore Grp., Inc.*, 2011 WL 1899251, at *4 (M.D. Fla. Apr. 1, 2011) (finding requests for admission were inappropriate by seeking party "to admit facts which are contrary to the allegations" made in a counterclaim).

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-4-

3.    Admit that Lead Plaintiff presently has no evidence that, on or before September 1, 2021, Cannito controlled the content of GPAC's public filings.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" knowledge of evidence. *See, e.g., SEC v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) ("[T]he SEC's current state of knowledge is not relevant to or probative of anything."). Accordingly, Lead Plaintiff's "current state of knowledge" of evidence "is not a proper subject for a request to admit." *Id.*; *see also Cooper v. Rezutko*, 2022 WL 406387, at *12 n.10 (N.D. Ind. Feb. 10, 2022) ("[A] party's current state of knowledge of facts, which is neither relevant nor probative of any matter, is not a proper subject of an RFA.") (citing *Nutmeg Grp.*, 285 F.R.D. at 405).

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-5-

853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[]" awareness of evidence, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

4.      Admit that on or before September 1, 2021, Cannito did not control the decision to file any of GPAC's public filings.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-6-

5.      Admit that Lead Plaintiff presently has no evidence that, on or before September 1, 2021, Cannito controlled the content of GPAC's public filings.

**RESPONSE:**

Lead Plaintiff incorporates his objections and response to RFA No. 3 in response to this RFA.

6.      Admit that Cannito did not author the statement "Proven management team and 50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 6.

7.      Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Proven management team and 50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-8-

before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

8.      Admit that Cannito did not exercise control over the statement "Proven management team and 50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

9.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Proven management team and 50+ years of space heritage and deep customer relationships in space and aerospace," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

-10-

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

10.    Admit that Cannito did not author the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-11-

knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 10.

11.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at

-12-

*12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

12.    Admit that Cannito did not exercise control over the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

13.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Strong financial foundation with current revenue EBITDA, and free cash flow," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D.

-14-

at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

14.    Admit that Cannito did not author the statement "We intended to find a profitable partner with strong management," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 14.

15.    Admit that Cannito was not the speaker of the statement "We intended to find a profitable partner with strong management," as set forth in the March 25, 2021 Press Release.

-16-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

16.    Admit that Cannito did not exercise control over the statement "We intended to find a profitable partner with strong management," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

17.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "We intended to find a profitable partner with strong management," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D.

-18-

at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

18.     Admit that Cannito did not author the statement "Redwire is a proven, solidly profitable player in the space community and the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-19-

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 18.

19.    Admit that Cannito was not the speaker of the statement "Redwire is a proven, solidly profitable player in the space community and the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release.

-20-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

20.    Admit that Cannito did not exercise control over the statement "Redwire is a proven, solidly profitable player in the space community and the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release.

-21-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

21.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Redwire is a proven, solidly profitable player in the space community and the undisputed leader in on-orbit 3D printing, servicing, assembly, and manufacturing . . . ," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on

Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

22.    Admit that Cannito did not author the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice, and we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.       The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.       The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.       This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 22.

23.     Admit that Cannito was not the speaker of the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice, and

-24-

we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

24.    Admit that Cannito did not exercise control over the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice, and

we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

25.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Redwire has established itself as a first-mover consolidator and an acquirer of choice, and we believe its position will be further improved as a public company," as set forth in the March 25, 2021 Press Release.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and

not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

26.     Admit that Cannito did not author the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 26.

27.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "provide[s] the

infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-29-

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

28.     Admit that Cannito did not exercise control over the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

29.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "provide[s] the infrastructure that fuels expansion, infrastructure that delivers new possibilities," as set forth in the March 25, 2021 Narrator Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

-31-

seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

30.    Admit that Cannito did not author the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 30.

31.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.     The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-33-

before discovery is closed.

4.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

32.    Admit that Cannito did not exercise control over the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

33.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Best-In-Class Private and Public Management," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal

-35-

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

34.    Admit that Cannito did not author the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 34.

35.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is

unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

36.    Admit that Cannito did not exercise control over the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

37.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Right Team for the Right Mission," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

38.   Admit that Cannito did not author the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

-40-

2. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3. This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 38.

39. Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on

Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

40.   Admit that Cannito did not exercise control over the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.   This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

41.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "30+ years of experience in operational finance," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA seeks information not relevant to any claim or defense and

-43-

not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

42.    Admit that Cannito did not author the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck.

-44-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 42.

43.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "[f]ormer CFO of

-45-

Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-46-

853; *Bruggemann*, 2011 WL 1899251, at *4.

5.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

44.    Admit that Cannito did not exercise control over the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-47-

responds as follows: Denied.

45.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "[f]ormer CFO of Abaco Systems, BBB Industries, Continental Motors and business units within Teledyne (NYSE: TDY)," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-48-

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

46.    Admit that Cannito did not author the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-49-

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 46.

47.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

48.    Admit that Cannito did not exercise control over the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

49.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "[e]xtensive M&A background with extensive experience ranging from target identification through business integration," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial

-52-

documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

50.     Admit that the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck, is a literally true statement related to Cannito.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny RFA No. 50.

51.    Admit that Cannito did not author the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 51.

52.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.   The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.   The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-55-

before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

53.     Admit that Cannito did not exercise control over the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

54.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "25+ years of experience in aerospace and defense," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4. By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

55. Admit that Cannito did not author the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

-58-

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 55.

56.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

57.    Admit that Cannito did not exercise control over the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-60-

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

58.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at

*12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

59.     Admit that Cannito was actually the "[f]ormer CEO of Polaris Alpha leading up to the Parsons acquisition," as set forth in the March 25, 2021 Presentation Slide Deck, is a literally true statement related to Cannito.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny RFA No. 59.

60.    Admit that Cannito did not author the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-63-

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 60.

61.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

-64-

3.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

62.   Admit that Cannito did not exercise control over the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2. This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

63. Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

64.     Admit that Cannito actually was an "Operating Partner at AE Industrial Partners…," as set forth in the March 25, 2021 Presentation Slide Deck.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because

discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny RFA No. 64.

65.     Admit that the GPAC Code of Ethics, as referenced in the March 29, 2021 10-K, was not a statement made by Cannito.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, in part, to the extent the GPAC Code of Ethics was referenced in pre-merger GPAC's March 29, 2021 10-K which, on its face, is neither signed by nor filed by Defendant Cannito. Otherwise, Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny any other aspect of Defendant Cannito's involvement in the statement.

66.     Admit that the GPAC Code of Ethics, as referenced in the March 29, 2021 10-K, was not a statement made by Pre-Merger Redwire.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

-68-

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, in part, to the extent the GPAC Code of Ethics was referenced in pre-merger GPAC's March 29, 2021 10-K which, on its face, is neither signed by nor filed by Pre-Merger Redwire. Otherwise, Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information currently available to him is insufficient to enable him to admit or deny any other aspect of Pre-Merger Redwire's involvement in the statement.

67.    Admit that, on March 29, 2021, Cannito was not a director, officer, or employee of GPAC.

**RESPONSE:**

Admitted.

68.    Admit that Cannito did not author the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is

-69-

unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 68.

69.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

-71-

seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

70.    Admit that Cannito did not exercise control over the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

-72-

71.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Our reputation and ability to do business may be impacted by the improper conduct of our employees, agents or business partners," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

-73-

seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

72.    Admit that Cannito did not author the statement "We have identified a material weakness in our internal control over financial reporting," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 72.

73.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "We have identified a material weakness in our internal control over financial reporting," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-75-

before discovery is closed.

4.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

74.    Admit that Cannito did not exercise control over the statement "We have identified a material weakness in our internal control over financial reporting," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

75.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "We have identified a material weakness in our internal control over financial reporting," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

76.    Admit that Cannito did not author the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present

-78-

knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 76.

77.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at

*12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

78.    Admit that Cannito did not exercise control over the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

-80-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

79.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Experienced and Proven Management Team," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D.

at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

80.    Admit that Cannito did not author the statement "Peter Cannito, Chief Executive Officer of Redwire, has proven experience in the defense, technology and government services industries, and has shown that he has a strong track record in successfully executing M&A transactions," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 80.

81.     Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Peter Cannito, Chief

-83-

Executive Officer of Redwire, has proven experience in the defense, technology and government services industries, and has shown that he has a strong track record in successfully executing M&A transactions," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-84-

853; *Bruggemann*, 2011 WL 1899251, at *4.

5.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

seeks attorney work product and not an admission or denial of a fact, and is thus

improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

82.     Admit that Cannito did not exercise control over the statement "Peter
        Cannito, Chief Executive Officer of Redwire, has proven experience in the
        defense, technology and government services industries, and has shown that
        he has a strong track record in successfully executing M&A transactions," as
        set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.     This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

-85-

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

83.    Admit that Lead Plaintiff is not presently aware of any fact that would
       support the notion that Cannito exercised control over the statement "Peter
       Cannito, Chief Executive Officer of Redwire, has proven experience in the
       defense, technology and government services industries, and has shown that
       he has a strong track record in successfully executing M&A transactions," as
       set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and

not proportionate to the needs of this litigation because it seeks information on

Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D.

at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not

a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at

*12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-86-

853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

84.     Admit that Cannito did not author the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-87-

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 84.

85.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the

-88-

broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

86.    Admit that Cannito did not exercise control over the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-89-

before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

87.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Bill Read, Chief Financial Officer of Redwire, has served in that role in a number companies, most recently for Abaco Systems from February 2018 to October 2019," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

88.    Admit that Cannito did not author the statement "working to remediate the material weaknesses as efficiently as effectively as possible and expect full remediation will likely go beyond December 31, 2021," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced in RFA No. 88.

89.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "working to remediate the material weaknesses as efficiently as effectively as possible and expect full remediation will likely go beyond December 31, 2021," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and

-92-

not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

-93-

responds as follows: Lead Plaintiff will not respond to this RFA.

90.    Admit that Cannito did not exercise control over the statement "working to remediate the material weaknesses as efficiently as effectively as possible and expect full remediation will likely go beyond December 31, 2021," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

91.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "working to remediate the material weaknesses as efficiently as effectively as possible and expect full remediation will likely go beyond December 31, 2021," as set forth in the May 12, 2021 GPAC Draft Registration Statement.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based on the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

92.    Admit that Cannito did not author the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "author" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff has conducted a reasonable inquiry and because discovery is ongoing, the information available to him is insufficient to enable him to admit or deny whether Defendant Cannito "author[ed]" the statement referenced

-96-

in RFA No. 92.

93.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito authored the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g., Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is vague and ambiguous because the term "authored" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express or implied.

3.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

4.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to

-97-

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

5.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

seeks attorney work product and not an admission or denial of a fact, and is thus

improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

94.     Admit that Cannito did not exercise control over the statement "Right Team
        for the Right Mission," as set forth in the July 9, 2021 Slide Presentation.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree. *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

95.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "Right Team for the Right Mission," as set forth in the July 9, 2021 Slide Presentation.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

seeks attorney work product and not an admission or denial of a fact, and is thus

improper.

Based on the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

96.    Admit that Cannito was not the speaker of the statement "We're a set of operationally oriented executives, mostly CFOs, CEOs and COOs coming from deep aerospace and aviation background…," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "speaker" is

unclear in meaning and scope.  Accordingly, the term is interpreted with the

broadest possible meaning, including express, implied, or as it is understood under

the securities laws.

2.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Admitted, to the extent the statement referenced in RFA No.

96 was expressed by Jonathan Baliff, President and CFO of GPAC, during the

August 12, 2021 interview. Otherwise, denied.

97.    Admit that Cannito did not exercise control over the statement "We're a set
       of operationally oriented executives, mostly CFOs, CEOs and COOs coming
       from deep aerospace and aviation background…," as set forth in the August
       12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268*; Whitaker*, 189 B.R. at

853*; Bruggemann*, 2011 WL 1899251, at *4*.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

-101-

98.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "We're a set of operationally oriented executives, mostly CFOs, CEOs and COOs coming from deep aerospace and aviation background…," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g., Nutmeg Grp.,* 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g., Perez,* 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

-102-

seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

99.    Admit that Cannito was not the speaker of the statement "there really aren't that many of us that had both the experience, the perspective, and the scars to prove that you can make money and really good money in aerospace and aviation," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g., Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-103-

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Admitted, to the extent the statement referenced in RFA No.

99 was expressed by Jonathan Baliff, President and CFO of GPAC, during the

August 12, 2021 interview. Otherwise, denied.

100.   Admit that Cannito did not exercise control over the statement "there really
       aren't that many of us that had both the experience, the perspective, and the
       scars to prove that you can make money and really good money in aerospace
       and aviation," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

-104-

101.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement "there really aren't that many of us that had both the experience, the perspective, and the scars to prove that you can make money and really good money in aerospace and aviation," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA

seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

102.   Admit that Cannito was not the speaker of the statement "We, as you can tell, are 10 executives with deep experience…," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

-106-

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, to the extent the statement referenced in RFA No. 102 was expressed by Jonathan Baliff, President and CFO of GPAC, during the August 12, 2021 interview. Otherwise, denied.

103.    Admit that Cannito did not exercise control over the statement "We, as you can tell, are 10 executives with deep experience…," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

104.   Admit that Lead Plaintiff is not presently aware of any fact that would
support the notion that Cannito exercised control over the statement "We, as
you can tell, are 10 executives with deep experience…," as set forth in the
August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and
not proportionate to the needs of this litigation because it seeks information on
Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D.
at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not
a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at
*12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial
documentary or testimonial evidence having been provided and analyzed and
before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal
rules, and would not streamline the facts to be decided at trial because it seeks an
admission regarding a central fact in dispute rather than an admission on a fact to
which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at
853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA
seeks attorney work product and not an admission or denial of a fact, and is thus

-108-

improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

105.   Admit that Cannito was not the speaker of the statement, "And we provide a
       tremendous amount of operational, commercial and financial knowledge," as
       set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is vague and ambiguous because the term "speaker" is

unclear in meaning and scope.  Accordingly, the term is interpreted with the

broadest possible meaning, including express, implied, or as it is understood under

the securities laws.

2.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

3.     This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

-109-

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, to the extent the statement referenced in RFA No. 105 was expressed by Jonathan Baliff, President and CFO of GPAC, during the August 12, 2021 interview. Otherwise, denied.

106.    Admit that Cannito did not exercise control over the statement, "And we provide a tremendous amount of operational, commercial and financial knowledge," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

107.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement, "And

we provide a tremendous amount of operational, commercial and financial knowledge," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.     The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.     This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.     By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

-111-

Based upon the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

108.   Admit that Cannito was not the speaker of the statement, "we're starting
       from a very strong financial foundation," as set forth in the August 12, 2021
       Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.   The RFA is vague and ambiguous because the term "speaker" is

unclear in meaning and scope.  Accordingly, the term is interpreted with the

broadest possible meaning, including express, implied, or as it is understood under

the securities laws.

2.   The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

3.   This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Admitted, to the extent the statement referenced in RFA No.

108 was expressed by Jonathan Baliff, President and CFO of GPAC, during the

August 12, 2021 interview. Otherwise, denied.

109.   Admit that Cannito did not exercise control over the statement, "we're starting from a very strong financial foundation," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

110.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement, "we're starting from a very strong financial foundation," as set forth in the August 12, 2021 Interview.

-113-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.      This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

-114-

responds as follows: Lead Plaintiff will not respond to this RFA.

111.    Admit that Cannito was not the speaker of the statement, "So it's not just
        enough to say that you are operationally, commercially, financially strong,"
        as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is vague and ambiguous because the term "speaker" is
unclear in meaning and scope.  Accordingly, the term is interpreted with the
broadest possible meaning, including express, implied, or as it is understood under
the securities laws.

2.      The RFA is premature as it seeks admission prior to substantial
documentary or testimonial evidence having been provided and analyzed and
before discovery is closed.  Accordingly, the response is based on present
knowledge and is subject to revision upon the completion of discovery.

3.      This RFA is improper, harassing, beyond the scope of the federal
rules, and would not streamline the facts to be decided at trial because it seeks an
admission regarding a central fact in dispute rather than an admission on a fact to
which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at
853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff
responds as follows: Admitted, to the extent the statement referenced in RFA No.

-115-

111 was expressed by Jonathan Baliff, President and CFO of GPAC, during the

August 12, 2021 interview. Otherwise, denied.

112.   Admit that Cannito did not exercise control over the statement, "So it's not just enough to say that you are operationally, commercially, financially strong," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.      This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

113.   Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement, "So it's not just enough to say that you are operationally, commercially, financially strong," as set forth in the August 12, 2021 Interview.

-116-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts.  *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405.  Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit."  *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4.    By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

-117-

responds as follows: Lead Plaintiff will not respond to this RFA.

114.    Admit that Cannito was not the speaker of the statement "Pete Cannito is formed a fantastic team of executives," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope.  Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Admitted, to the extent the statement referenced in RFA No.

-118-

114 was expressed by Jonathan Baliff, President and CFO of GPAC, during the

August 12, 2021 interview. Otherwise, denied.

115.    Admit that Cannito did not exercise control over the statement "Pete Cannito
        is formed a fantastic team of executives," as set forth in the August 12, 2021
        Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.    This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

116.    Admit that Lead Plaintiff is not presently aware of any fact that would
        support the notion that Cannito exercised control over the statement "Pete
        Cannito is formed a fantastic team of executives," as set forth in the August
        12, 2021 Interview.

-119-

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3. This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

4. By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff

responds as follows: Lead Plaintiff will not respond to this RFA.

117. Admit that Cannito was not the speaker of the statement, "And on the other side, how to finance it appropriately, how to talk about it appropriately, how to control as a public company, the nature of what you need to control and properly disclosed. So they, again, great companies do great things well, Pete Cannito has formed a great team to do so," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1. The RFA is vague and ambiguous because the term "speaker" is unclear in meaning and scope. Accordingly, the term is interpreted with the broadest possible meaning, including express, implied, or as it is understood under the securities laws.

2. The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed. Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

3. This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

-121-

responds as follows: Admitted, to the extent the statement referenced in RFA No.

117 was expressed by Jonathan Baliff, President and CFO of GPAC, during the

August 12, 2021 interview. Otherwise, denied.

118.    Admit that Cannito did not exercise control over the statement, "And on the other side, how to finance it appropriately, how to talk about it appropriately, how to control as a public company, the nature of what you need to control and properly disclosed. So they, again, great companies do great things well, Pete Cannito has formed a great team to do so," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.     The RFA is premature as it seeks admission prior to substantial

documentary or testimonial evidence having been provided and analyzed and

before discovery is closed.  Accordingly, the response is based on present

knowledge and is subject to revision upon the completion of discovery.

2.     This RFA is improper, harassing, beyond the scope of the federal

rules, and would not streamline the facts to be decided at trial because it seeks an

admission regarding a central fact in dispute rather than an admission on a fact to

which the parties agree.  *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at

853; *Bruggemann*, 2011 WL 1899251, at *4.

As limited by the foregoing general and specific objections, Lead Plaintiff

responds as follows: Denied.

119.    Admit that Lead Plaintiff is not presently aware of any fact that would support the notion that Cannito exercised control over the statement, "And on the other side, how to finance it appropriately, how to talk about it appropriately, how to control as a public company, the nature of what you need to control and properly disclosed. So they, again, great companies do great things well, Pete Cannito has formed a great team to do so," as set forth in the August 12, 2021 Interview.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.    The RFA seeks information not relevant to any claim or defense and not proportionate to the needs of this litigation because it seeks information on Lead Plaintiff's "present" awareness of facts. *See, e.g.*, *Nutmeg Grp.*, 285 F.R.D. at 405. Accordingly, Lead Plaintiff's "current state of knowledge" of facts "is not a proper subject for a request to admit." *Id.*; *see also Rezutko*, 2022 WL 406387, at *12 n.10.

2.    The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.

3.    This RFA is improper, harassing, beyond the scope of the federal rules, and would not streamline the facts to be decided at trial because it seeks an admission regarding a central fact in dispute rather than an admission on a fact to which the parties agree. *See, e.g.*, *Perez*, 297 F.3d at 1268; *Whitaker*, 189 B.R. at 853; *Bruggemann*, 2011 WL 1899251, at *4.

-123-

4.      By seeking Lead Plaintiff's "present[] aware[ness]" of facts, this RFA seeks attorney work product and not an admission or denial of a fact, and is thus improper.

Based upon the foregoing general and specific objections, Lead Plaintiff responds as follows: Lead Plaintiff will not respond to this RFA.

120.   Admit that the Revised Code of Conduct and Ethics dated September 2, 2021 was not a statement made by Cannito.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

121.   Admit that the Whistleblower Policy dated September 2, 2021 was not a statement made by Cannito.

**RESPONSE:**

Lead Plaintiff objects to this Request on the following grounds:

1.      The RFA is premature as it seeks admission prior to substantial documentary or testimonial evidence having been provided and analyzed and

-124-

before discovery is closed.  Accordingly, the response is based on present knowledge and is subject to revision upon the completion of discovery.

As limited by the foregoing general and specific objections, Lead Plaintiff responds as follows: Denied.

DATED: November 8, 2023       **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: s/ *Reed R. Kathrein*
     Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

-125-

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

-126-

## <u>CERTIFICATE OF SERVICE</u>

I, Reed R. Kathrein, hereby certify that on November 8, 2023, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT PETER CANNITO'S FIRST REQUESTS FOR ADMISSIONS to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 8, 2023.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

-127-