**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

---

JED LEMEN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,

      Defendants.

---

Case No.: 3:21-CV-1254-TJC-PDB

<u>CLASS ACTION</u>

---

**DEFENDANTS' MOTION TO COMPEL ANSWERS TO DEFENDANTS'**
**<u>FIRST SETS OF INTERROGATORIES</u>**

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP. ("Redwire"), PETER CANNITO, and WILLIAM READ (collectively, "Defendants") by and through its undersigned counsel, hereby move, pursuant to Federal Rule of Civil Procedure 37, for an order overruling certain of Lead Plaintiff Jared Thompson's ("Thompson") objections and compelling production of documents, answers, and information responsive to *Defendant Redwire Corporation's First Set of Interrogatories to Lead Plaintiff*; *Defendant Peter Cannito's First Set of Interrogatories to Lead Plaintiff*; and *Defendant William Read's First Set of Interrogatories*.

1

## I.   INTRODUCTION

Redwire, an aerospace manufacturer and space infrastructure technology company, announced its intent to become a public company through a "de-SPAC transaction" with Genesis Park Acquisition Corp. ("GPAC"), on March 25, 2021, and consummated such transaction on September 2, 2021. (Doc. 47, ¶¶ 6-8, 11). Lead Plaintiff alleges that Defendants made materially false and/or misleading statements during the period of March 25, 2021 to March 31, 2022, causing harm to Lead Plaintiff and other purported class members. *Id.*, ¶¶ 25-26. As a result, Lead Plaintiff's Amended Complaint (Doc. 47), asserts two claims against Defendants: (1) Violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; and (2) Violation of Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b). *See generally* (Doc. 47).

On August 31, 2023, Defendants served upon Lead Plaintiff *Defendant Redwire Corporation's First Set of Interrogatories to Lead Plaintiff* ("Redwire Interrogatories"); *Defendant Peter Cannito's First Set of Interrogatories to Lead Plaintiff* ("Cannito Interrogatories"); and *Defendant William Read's First Set of Interrogatories* ("Read Interrogatories") (collectively, the "Interrogatories").

On October 30, 2023, Lead Plaintiff served upon Defendants *Lead Plaintiff's Objections and Responses to Defendant Redwire's First Set of Interrogatories* (the "Redwire Response") (**Exhibit A**); *Lead Plaintiff's*

*Objections and Responses to Defendant Peter Cannito's First Set of Interrogatories* (the "Cannito Response") (**Exhibit B**); and *Lead Plaintiff's Objections and Responses to Defendant William Read's First Set of Interrogatories* (the "Read Response") (**Exhibit C**) (collectively, the "Responses").

Defendants have identified several deficiencies in the Responses and thus seek and order from this Court overruling certain objections and compelling certain answers therein.

## II.    LEGAL STANDARD

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

3

## III.   ARGUMENT

### A.   General Issues with the Responses

#### i.   *"You," "Your," and/or "Lead Plaintiff" Objection*

In all of the Responses, Lead Plaintiff lodges a general objection to the definition of "You," "Your," and/or "Lead Plaintiff." Exhibit A, p. 3; Exhibit B, p. 3; Exhibit C, p. 3. Such objection should be overruled for several reasons.

First, Lead Plaintiff objects to the aforementioned terms as "vague and ambiguous," insofar as they are defined to include those "purporting to act on behalf of Jared Thompson." *Id.* "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . ." *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6122068, at \*3 (N.D. Fla. Apr. 6, 2020) (quotation omitted). These terms are not ambiguous or vague. Rather, the Court should overrule such objection and order Lead Plaintiff to apply the ordinary meaning to such phrases in interpreting the Interrogatories.

Second, Lead Plaintiff objects to the aforementioned terms because they may require the "production of documents or information from non-parties," and may implicate privileges. Exhibit A, p. 3; Exhibit B, p. 3; Exhibit C, p. 3. However, in answering interrogatories, "[t]he answering party cannot limit his answers to matters within his own knowledge and ignore information

4

immediately available to him or under his control." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Sunshine Children's Learning Ctr., LLC v. Waste Connections of Fla., Inc.,* No. 21-CV-62123, 2022 WL 18023256, at *1 (S.D. Fla. Nov. 4, 2022) ("When a proper interrogatory is propounded, the answering party is required to give the information known to it personally, or through its attorney, investigators, or other agents or representative.").

Thus, to the extent responsive, non-party documentation or information is in the possession, custody, or control of Lead Plaintiff, or if Lead Plaintiff has the right to obtain such documentation or information, Lead Plaintiff has an obligation to produce such materials. Even where there are no responsive materials in possession of third-parties, Lead Plaintiff cannot assert the aforementioned objection to artificially limit their discovery obligation. Instead, Lead Plaintiff should state that after good faith review, there are no further documents to provide.

Finally, should any privileges be implicated, Lead Plaintiff should supply Defendants with a privilege log. *Berlinger v. Wells Fargo*, N.A., No.

2:11-CV-459-FTM-99, 2012 WL 695836, at *5 (M.D. Fla. Mar. 1, 2012). Lead Plaintiff has not provided a privilege log to Defendants at this time.[1]

As such, the Court should order Lead Plaintiff to answer the Interrogatories in accordance with the information that is immediately available to him or under his control, or state a lack of knowledge free of this objection, and provide a privilege log where necessary.

### B.     Specific Issues with the Responses

### i.     *Premature & Contention Objections*

Lead Plaintiff objects that most[2] of the interrogatories are improper and premature contention interrogatories. Exhibit A, pp. 5-11; Exhibit B, pp. 5-10; Exhibit C, pp. 5-10. These objections are not well taken.

---

[1] Defendants expect that Lead Plaintiff will point to an ESI protocol between the parties to claim that it is relieved from obligation to provide a log. That agreement; however, only applies to *Defendants'* response to Lead Plaintiffs' discovery and not discovery that Defendants propound on Lead Plaintiff or third-party subpoenas. *See* Exhibit D, p. 2 ("This Stipulated Protocol for Producing Documents and ESI (the 'ESI Protocol') will govern the Production of Documents and ESI **in response to Lead Plaintiff's First Set of Requests for Production of Documents …**and will serve as a supplement to the Federal Rules of Civil Procedure, this Court's Civil Discovery Handbook…The ESI Protocol shall be attached to any subpoena issued in this action, and the Parties shall request that parties responding to any subpoena produce documents or information in accordance with this ESI Protocol.") (emphasis added).

[2] Through incorporation, Lead Plaintiff asserts such objections as to Redwire Interrogatory Nos. 1-10; Cannito Interrogatory Nos. 1-10; and Read Interrogatory Nos. 1-10. As to Cannito Interrogatory Nos. 8-9 and Read Interrogatory Nos. 8-9, Lead Plaintiff incorporates only the objection stating that such interrogatories are premature but such objection nevertheless references Defendants' discovery as a contention interrogatory. Thus, Defendants treat such interrogatories as asserting a contention interrogatory objection for purposes of this Motion.

First, "[t]hat this case is at an early stage does not grant [Lead Plaintiff] license to decline to answer the Interrogatory altogether." *Hendricks v. Mirabilis Ventures, Inc.*, No. 807-CV-661-T-17EAJ, 2008 WL 423566, at \*2 (M.D. Fla. Feb. 13, 2008) (quotation omitted); *id.* ("[B]ecause of Rule 26(e)'s duty to supplement discovery responses, [defendant] should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

Lead Plaintiff should not be permitted to decline to answer routine discovery merely because more information may become available at a later date. Indeed, such a tactic would halt discovery until the end of the discovery period, at which point a surge of discovery and motion practice would overwhelm the parties and the Court. Rather, the Court should order Lead Plaintiff to respond to the interrogatories based on the currently-available information and documents. Lead Plaintiff may then, and has an obligation to, supplement any answers with new information as necessary pursuant to Rule 26.

Second, none of the aforementioned interrogatories are improper contention interrogatories. Exhibit A, pp. 4-9; Exhibit B, pp. 4-8; Exhibit C, pp. 4-8. "Contention interrogatories are broadly defined as questions that ask an opposing party to state the facts, evidence, or legal theories upon which it bases

7

its specified contention(s) or that asks an opponent to explain his or her contention(s)." *In re Reliance Fin. & Inv. Grp., Inc.,* No. 05-80625-CIV, 2006 WL 8435541, at \*3 (S.D. Fla. Feb. 14, 2006) (quotation omitted). "Interrogatories that purport to require a detailed narrative of the opposing parties' case," instead of "target[ing] issues subject to early dismissal or identify[ing] and narrow[ing] unclear claims or defenses," are generally improper. *Petruzzella v. Allstate Ins. Co.*, No. 3:19-CV-1368-J-39JBT, 2020 WL 13369663, at \*1-2 (M.D. Fla. Dec. 22, 2020) (citing Middle District Discovery Handbook (2015), IV(c)(2)).

Here, the interrogatories do not seek a detailed narrative of Lead Plaintiff's claims, but rather, seek to narrow the scope of Lead Plaintiff's generically stated claims. The interrogatories are thus limited, targeted interrogatories to determine the relevant issues of this case. Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b).").

Redwire Interrogatory No. 1 asks Lead Plaintiff to simply identify the specific statements that are allegedly false or misleading, as well as the pertinent speaker, date, and medium. Exhibit A, p. 9. Lead Plaintiff alleges that Defendants made material misstatements that caused harm. However, the Amended Complaint contains lengthy quotes and statements made by an array of authors and at various times. It is unclear in the Amended Complaint

8

which statements and authors or speakers are the subject of Lead Plaintiff's claims. This interrogatory thus seeks to "identify and narrow unclear claims," i.e., which statements are actually at issue in this case, and is thus not a contention interrogatory. *Petruzzella*, 2020 WL 13369663, at \*1-2.

Redwire Interrogatory Nos. 2 and 3 similarly seek to clarify the circumstances surrounding the at-issue statements by requesting information as to whether Lead Plaintiff alleges the statements at issue are improper either by being affirmatively false or misleading, or by omitting material facts. Exhibit A, pp. 9-10. Liability under Section 10(b) and Rule 10(b)-5 may lie for a statement that contains either a material misrepresentation, or a material omission. *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1317 (11th Cir. 2019). Defendants may thus argue in defense that the statements do not constitute a material misrepresentation or omission. However, in addition to not being clear which statements are at issue, the Amended Complaint does not explain whether the statements are alleged to be improper because they contain a misstatement, or because they contain an omission. The interrogatories thus seek to "identify and narrow unclear claims or defenses," and are not contention interrogatories. *Petruzzella*, 2020 WL 13369663, at \*1-2.

Redwire Interrogatory Nos. 4-7 do not broadly seek a detailed narrative of Lead Plaintiff's case, but rather are tailored to the issue of Read and Cannito's alleged knowledge as to the statements at-issue, and the

identification of witnesses with information therein. Exhibit A, pp. 7-8. They are thus not contention interrogatories.

Redwire Interrogatory No. 8 seeks information as to Lead Plaintiff's claim as to what, if any, corrective disclosures were made. Exhibit A, p. 8. The Amended Complaint is not clear as to which statements by Redwire are allegedly corrective disclosures, and such information is relevant to Lead Plaintiff's claims and Redwire's defenses. This interrogatory is thus not a contention interrogatory.

Redwire Interrogatory No. 9 seeks information specifically relating to how the at-issue statements relate to Redwire's "tone at the top." Exhibit A, p. 9. The Amended Complaint often references such phrase, but it is unclear to what statements or other allegations to which it is connected. This interrogatory thus seeks to narrow Lead Plaintiff's claims, and is not a contention interrogatory.

Redwire Interrogatory No. 10 is also not a contention interrogatory, as it narrowly seeks information regarding Lead Plaintiff's damages. Exhibit A, p. 9.

Cannito Interrogatory Nos. 1-7 and Read Interrogatory Nos. 1-7 are also not contention interrogatories. As explained above, the Amended Complaint discusses a variety of statements made by several speakers. It is not clear which statements are at issue, let alone which of those statements are related

10

to Read and/or Cannito.  Cannito Interrogatory No. 1 and Read Interrogatory No. 1 thus seek to identify which statements are attributable to the respective defendants. Exhibit B, p. 4; Exhibit C, p. 4.

Cannito Interrogatory Nos. 2-10 and Read Interrogatory Nos. 2-10 seek to *clarify Lead Plaintiff's claims* as to whether Read and/or Cannito, respectively, had control over such statements, as is relevant to Lead Plaintiff's claims and Redwire's defenses. Exhibit B, pp. 6-8; Exhibit C, pp. 6-8.

These interrogatories do not ask Lead Plaintiff to state all of its facts, evidence, or legal theories, but, rather, seek to narrow the claims and defenses at issue. They are thus not contention interrogatories.

To the extent; however, that the Court determines that any single instance of the above-referenced interrogatories are premature contention interrogatories, the proper remedy is not to absolve Lead Plaintiff of any responsibility to respond. In such circumstance, the Court should instead set a deadline for compliance closer to the end of the discovery window. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); *Brown v. Nocco*, No. 8:16-CV-3155-T-17MAP, 2018 WL 8370065, at *2 (M.D. Fla. Apr. 11, 2018) (citing same language).  Defendants maintain that

11

compliance should be immediate as the interrogatories do no more than clarify the nature of Lead Plaintiffs' allegations, but should the Court wish to delay response to certain of the interrogatories such response should be no later than May 7, 2024 which is ninety (90) days prior to end of the present discovery window. *See* Doc. No. 90. Such deadline would shift responses closer to the end of the current discovery window—which itself was recently extended— rendering Lead Plaintiffs' arguments moot but still permit time following a substantive response for Defendants to propound additional discovery as needed based on Lead Plaintiffs' responses.

### *ii.    Improper Reference to Prior Materials*

In numerous instances, Lead Plaintiff improperly responds to Defendants' interrogatories through reference to external sources rather than providing any actual response. Specifically, instead of responding Lead Plaintiff "refers Defendants to the First Amended Complaint" as to Redwire Interrogatory No. 1; Cannito Interrogatory No. 1-2, and 10; and Read Interrogatory Nos. 1-2, 5, and 10. Exhibit A, p. 6; Exhibit B, pp. 6, 10; Exhibit C, pp. 6, 10. Similarly, as to Redwire Interrogatory Nos. 6-7; Cannito Interrogatory No. 3-4, and 6-7; and Read Interrogatory Nos. 3-4, and 6-7, Lead Plaintiff does not provide an answer but rather refers Defendants to Lead Plaintiff's Amended Initial Disclosures. Exhibit A, p. 8; Exhibit B, pp. 7, 8; Exhibit C, pp. 7, 8. This is not proper.

"[T]he party responding to an interrogatory may not merely refer the requesting party to its disclosures or other pleadings previously served in lieu of providing a written answer." *Friskney v. Am. Park & Play, Inc.*, No. 04-80457-CIV, 2005 WL 8156082, at *3 (S.D. Fla. June 21, 2005) (internal quotation omitted); *see also Schwarz v. City of Treasure Island*, No. 8:05-CV-1696-T-30MAP, 2010 WL 11474978, at *2 (M.D. Fla. Oct. 13, 2010) ("As Plaintiffs are entitled to utilize interrogatories in addition to other discovery means, Defendants' reference to its Rule 26 disclosures is an insufficient identification of the individuals who have knowledge of the alleged mismanagement.").

Defendants are entitled to a response to their interrogatories, rather than being instructed by Lead Plaintiff to ferret out and surmise answers from various other materials. Defendants thus request that the Court overrule this objection, and order that Lead Plaintiff answer and respond to the Interrogatories accordingly.

### iii.   Premature Expert Discovery Objection

Lead Plaintiff improperly objects to Redwire Interrogatory No. 10 as seeking "premature expert discovery" or the "premature identification of experts and production of expert reports, analysis, opinions, or testimony." Exhibit A, pp. 9-10. Lead Plaintiff asserts that such information will be

13

produced at a later date pursuant to the Court's Case Management and Scheduling Order. *Id.*

However, "answers to interrogatories must be responsive, full, complete and unevasive." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quotation omitted). That Lead Plaintiff "may later supplement its interrogatory answers with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds." *Id.* ("It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses.") (citations and quotations omitted); *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-CIV, 2021 WL 2217494, at *1 (S.D. Fla. May 29, 2021). Moreover, the assertion of prematurity falls flat in light of Lead Plaintiff's Motion for Class Certification and expert report filed on the record. *See* (Doc Nos. 85; 85-1).

Defendants are entitled to a responsive and complete answer to Interrogatory No. 10 based on the information known to Lead Plaintiff at this time. Lead Plaintiff's refusal to provide such answer based on the aforementioned objection is improper. This objection should be overruled.

### iv.    *Vague and Ambiguous Objection*

Lead Plaintiff asserts boilerplate objections of vague and ambiguous as to several interrogatories.

14

First, as to Redwire Interrogatory No. 10, Lead Plaintiff objects to the phrase "had some other effect on Redwire's stock" as vague and ambiguous. Exhibit A, p. 10. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests . . . .'" *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6122068, at \*3 (N.D. Fla. Apr. 6, 2020) (quotation omitted). This phrase is not ambiguous or vague. This objection should be overruled.

Second, as to Cannito Interrogatory No. 8; and Read Interrogatory No. 8, Lead Plaintiff objects to the phrase "participated in the management," as vague and ambiguous. Exhibit B, p. 9; Exhibit C, p. 9. This phrase is similarly not ambiguous or vague, and this objection should be overruled. *Elite*, 2020 WL 6122068, at \*3.

### v.   *Relevance Objections*

Lead Plaintiff lodges several relevance objections that the Court should overrule.

First, Lead Plaintiff objects to Redwire Interrogatory Nos. 11-13 as seeking irrelevant information on the basis that the interrogatories seek information relating to individual reliance, whereas Lead Plaintiff intends to rely on the fraud-on-the-market theory for reliance. Exhibit A, pp. 10-11.

15

However, no determination has been made as to Lead Plaintiff's entitlement as to the "fraud on the market" presumption of reliance. Should Lead Plaintiff not be entitled to such presumption, individual reliance will need to be proven. *See Bruhl v. Price Waterhousecoopers Int'l*, 257 F.R.D. 684, 691 (S.D. Fla. 2008). The reliance information sought by Interrogatory Nos. 11-13 is; therefore, relevant. This objection should be overruled.

Second, Lead Plaintiff objects to Cannito Interrogatory Nos. 8-9; and Read Interrogatory Nos. 8-9, as irrelevant on the basis that "Lead Plaintiff does not need to establish that Defendant Cannito 'participated in the management of GPAC' or was an officer at GPAC to prevail on his claims." Exhibit B, pp. 8-9; Exhibit C, pp. 8-9.

However, the Amended Complaint seeks to hold Cannito and Read liable, individually, under Section 20(a) of the Securities Exchange Act of 1934. *See* (Doc. 47, ¶¶ 142-47). A Section 20(a) claim requires that the individual defendant be a "controlling person," i.e., had "(1) the power to control the general affairs of the entity primarily liable for the Section 10(b) or Rule 10b–5 violation at the time of the violation, and (2) the power to control or influence the specific policy that resulted in the primary violation under Section 10(b) or Rule 10b–5." *Marrari v. Med. Staffing Network Holdings, Inc.*, 395 F. Supp. 2d 1169, 1189 (S.D. Fla. 2005). Cannito and Read's potential level of control within and over GPAC is thus relevant, as some of the statements and

publications mentioned in the Amended Complaint were made by GPAC. *See, e.g.,* (Doc. 47, ¶¶ 9, 47). This objection should thus be overruled.

WHEREFORE, Defendants request that the Court (a) grant this Motion, (b) overrule certain of Lead Plaintiff's objections, (c) compel Lead Plaintiff to produce answers to Interrogatories to the extent answers are being improperly withheld, and (d) grant any other relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CONFERRAL

Counsel for Defendants conferred with counsel for Lead Plaintiff in a good faith effort to resolve this Motion via written correspondence on December 12, 2023, December 22, 2023, January 5, 2024, and January 17, 2024; and via Zoom in December of 2023 and again on January 10, 2024. Plaintiff opposes the relief sought herein.

Dated: February 21, 2024.

*/s/ Glennys Ortega Rubin*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255
and
**H. TIMOTHY GILLIS, ESQ.**
Florida Bar No. 0133876
tgillis@shutts.com

17

**JEFFREY S. YORK, ESQ.**
Florida Bar No. 987069
jyork@shutts.com
**SHUTTS & BOWEN LLP**
1000 Riverside Ave., Suite 800
Jacksonville, Florida 32204
Telephone: (904) 899-9926
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2024, a true and correct copy of the foregoing has been served via electronic mail upon the following CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
And
Peter A. Shaeffer, Esq. *(Pro Hac Vice)*
petersh@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr.
Suite #2410
Chicago, IL 60611
Telephone: 708-628-4955
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com

Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and

David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485

*Liaison Counsel for Lead Plaintiff Jared Thompson*

18

HAGENS    BERMAN    SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

*Lead   Counsel   for   Lead   Plaintiff
Jared Thompson*

/s/ Glennys Ortega Rubin

**GLENNYS ORTEGA RUBIN, ESQ.**

SBDOCS 325096 5