# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>       Defendants. | No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT REDWIRE'S FIRST SET OF INTERROGATORIES** |

Exhibit A

## PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned attorneys, hereby responds and objects to Defendant Redwire Corporation f/k/a Genesis Park Acquisition Corp.'s ("Redwire") First Set of Interrogatories (the "Interrogatories").

The responses and objections stated below are based on the information presently available and known to Lead Plaintiff.  Lead Plaintiff's investigation of this action remains ongoing.  That investigation may disclose additional information or documents that could lead to additions to, changes in, and variations from these responses and objections.  Accordingly, Lead Plaintiff reserves his right to amend, modify, or supplement the responses and objections below at appropriate levels as new information becomes available.

By asserting specific responses and objections stated below, Lead Plaintiff does not waive his right to challenge the relevance, materiality, or admissibility of the Interrogatories or Lead Plaintiff's responses thereto.  Nor does Lead Plaintiff waive the right to challenge the use of the Interrogatories or Lead Plaintiff's responses thereto in any subsequent proceeding or trial in this action.  Finally, asserting the specific responses and objections stated below does not mean that any responsive information or documents exist or are within Lead Plaintiff's possession, custody, or control.

## **Objections to Definitions**

1.      Lead Plaintiff objects to the definition of "You," "Your" or "Lead Plaintiff" as vague and ambiguous because the phrase in the definition, "purporting to act on behalf of Jared Thompson" is unclear in meaning or scope.  Additionally, the inclusion of "any and all current and former agents, representatives, or entities" in the definition improperly invades on attorney-client privilege, attorney work product doctrine, and other applicable privileges.  Finally, the definition potentially calls for the production of information from non-parties, as well as information not in Lead Plaintiff's possession, custody, or control.  For purposes of the responses below, Lead Plaintiff interprets "You," "Your" and "Lead Plaintiff" as referring to Lead Plaintiff and counsel for Lead Plaintiff unless specifically stated.

2.      Lead Plaintiff objects to the definition of "identify" to the extent it contains discrete subparts, which, in turn, causes certain interrogatories to contain discrete subparts which, under the Federal Rules, should properly be counted as distinct interrogatories.

## **Objections to Instructions**

1.      Lead Plaintiff objects to Instruction No. 2 to the extent it requires Lead Plaintiff to provide information in the possession, custody, or control of counsel for Lead Plaintiff and is thus protected by attorney-client privilege, attorney work product doctrine, and other applicable privileges.  Lead Plaintiff

further objects to Instruction No. 2 to the extent it requires Lead Plaintiff to provide information from non-parties that is not in his possession, custody, or control.  For purposes of the responses below, Lead Plaintiff agrees to provide non-privileged information in Lead Plaintiff's possession, custody, or control that is readily accessible to himself or counsel for Lead Plaintiff.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    Please list each specific statement by one or more of the Defendants that Lead Plaintiff asserts was false, deceptive, or misleading, either through affirmative misrepresentation or omission.  In your identification of each statement, please include:

   a.    the name of the person(s) making the statement,

   b.    the date that the statement was made, and

   c.    the medium through which the statement was published or disseminated (i.e., a specific SEC filing, press release, etc.).

**RESPONSE:**

Lead Plaintiff objects to the Interrogatory on the following grounds:

1.    This contention Interrogatory fails to comply with and is improper under the guidelines set out in the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida. *See* Middle District Discovery (2021) at § IV.C.2. (explaining contention interrogatories "should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of

unclear claims, defenses, and contentions" and those seeking a "detailed narrative" are "generally improper because they are overbroad and oppressive"); *see also Mey v. Ent. Fin. Grp., Inc.*, 2016 WL 9110357, at \*10 (M.D. Fla. 2016) (McCoy, J.) ("Thus, contention interrogatories are somewhat disfavored in the Middle District of Florida.") (citing Middle District Discovery); *Bingham v. Baycare Health Sys.*, 2016 WL 1546504, at \*2 (M.D. Fla. Apr. 15, 2016) ("Upon review, this interrogatory does not target a specific claim, but rather targets several claims that together constitute the overarching controversy in this case. The interrogatory request broadly calls for a narrative of Plaintiff's case in that it seeks information relating to the underlying chain of events that forms the basis of this lawsuit.").

2.      This contention Interrogatory is premature as discovery remains in its early stages and Lead Plaintiff has not yet gathered all of the facts and information that will be used to support his claims, and has received very little information or documents from Defendants that may also be used to support his claims. *See, e.g., Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, 2014 WL 186123, at \*4 (M.D. Fla. Jan. 16, 2014) (finding that a discovery request asking the party to provide a detailed explanation of a substantial part of its case prematurely in the litigation was improper); *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at \*2 (N.D. Ga. 1992) (rejecting a motion to compel responses to contention interrogatories "before meaningful discovery ha[d] been completed"); *A.R. v.*

-4-

*Dudek*, 2015 WL 11143084, at *5 (S.D. Fla. 2015) ("Typically, service of contention interrogatories is premature until designated discovery is complete.").

As limited by the foregoing objections, Lead Plaintiff refers Defendants to the First Amended Complaint (ECF No. 47) which has been upheld by the Court and to which Defendants have filed an answer (ECF No. 68).

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

2.  For each statement identified in Interrogatory No. 1, please state whether you assert that such statement was either (a) affirmatively false or misleading or (b) omitted material facts necessary to made the statement not misleading.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

3.  For each statement identified in Interrogatory No. 1, please state either (a) if you labelled the statement is affirmatively false or misleading, the facts of which Lead Plaintiff is aware that render such statement false or misleading, or (b) if you labelled the statement as omitting one or more material fact necessary to make the statement not misleading, the facts that would have been required to be disclosed in connection with each statement to render it not misleading.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response

to this Interrogatory.

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

4.      To the extent that Lead Plaintiff has labelled any statement in Interrogatory No. 3 as being affirmatively false or misleading, please describe the facts or events Lead Plaintiff is currently aware of that demonstrate each Defendant's knowledge of the statement's falsity or misleading nature.

**RESPONSE:**

Lead Plaintiff incorporates the objections in response to Interrogatory No. 1.

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

5.      To the extent that Lead Plaintiff has labelled any statement in Interrogatory No. 3 as having omitted one or more material facts necessary to make the statement not misleading, please describe the facts or events Lead Plaintiff is currently aware of that demonstrate each Defendant's knowledge of such omitted facts at the time the statement was made.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

6.      Please identify any documents that Plaintiff is aware of that contain or set forth the facts or events descried in Interrogatories No. 4 or 5.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response

-6-

to this Interrogatory.

As limited by the foregoing objections, Lead Plaintiff refers to his Amended Initial Disclosures served on August 18, 2023, which will be supplemented as required under the Federal Rules. Lead Plaintiff reserves the right to revise this response after the completion of discovery.

7.    Please identify any witnesses that Plaintiff is aware of that have knowledge regarding the facts or events described in Interrogatories No. 4 or 5.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

As limited by the foregoing objections, Lead Plaintiff refers to his Amended Initial Disclosures served on August 18, 2023, which will be supplemented as required under the Federal Rules. Lead Plaintiff reserves the right to revise this response after the completion of discovery.

8.    For each of the statements identified in response to Interrogatory No. 1, please identify the specific statement(s) that you assert later served as a corrective disclosure, including the date, medium, and exact language that served as the corrective disclosure.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

Lead Plaintiff reserves the right to revise this response after the completion

of discovery.

9.      For each of the statements identified in response to Interrogatory No. 1, please identify the manner in which such statement relates to Defendants' "tone at the top" as Lead Plaintiff uses that term.

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response

to this Interrogatory.

Lead Plaintiff reserves the right to revise this response after the completion

of discovery.

10.     For each statement identified in Interrogatory No. 1, please state whether Lead Plaintiff claims that such statement (1) caused an increase in the price of Redwire's stock, (2) did not cause a price increase, but prevented the stock price from falling, or (3) had some other effect on Redwire's stock.

**RESPONSE:**

Lead Plaintiff objects to the Interrogatory on the following grounds:

1.      Lead Plaintiff incorporates the objections to Interrogatory No. 1 in

response to this Interrogatory.

2.      This contention Interrogatory potentially seeks premature expert

discovery or otherwise calls for the premature identification of experts and

production of expert reports, analysis, opinions, or testimony. *See, e.g., Bonutti*

*Skeletal Innovations LLC*, 2014 WL 186123, at *4. Such information will be

produced in conformity with the Court's Case Management and Scheduling Order

(ECF No. 82).

-8-

3.      Lead Plaintiff objects to the Interrogatory to the extent it is vague and ambiguous because the phrase "had some other effect on Redwire's stock" is unclear in scope and meaning.

Lead Plaintiff will supplement his response to this contention Interrogatory with the submission of his expert reports after the close of fact discovery in accordance with the Case Management and Scheduling Order (ECF No. 82).

11.     Please identify which, if any, of the statements identified in Interrogatory No. 1 Lead Plaintiff specifically recalls relying upon prior to purchasing Redwire stock.

**RESPONSE:**

Lead Plaintiff objects to the Interrogatory on the following grounds:

1.      The Interrogatory seeks information not relevant to any claim or defense in this action and is not proportionate to the needs of the litigation.  To establish a Section 10(b) claim, no proof of individual reliance is required because Lead Plaintiff is entitled to a presumption of reliance in a securities class action alleging "fraud on the market." *Basic v. Levinson,* 485 U.S. 224, 247 (1988); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 4006661, at *12 (S.D. Fla. Mar. 16, 2016) ("It is common [] for securities fraud plaintiffs to invoke the fraud on the market doctrine."); *Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, 2022 WL 17920570, at *8 (N.D. Ga. Nov. 28, 2022) ("[P]laintiffs may also indirectly establish reliance using the 'fraud-on-the-market theory,' which allows for a

-9-

rebuttable presumption of class-wide reliance on material misrepresentation(s).").

As limited by the foregoing objections, Lead Plaintiff recalls researching Redwire prior to purchasing Redwire common stock, including reading about Redwire on the internet and visiting Redwire's website. At this time, however, Lead Plaintiff does not specifically recall any statement he read or reviewed prior to purchasing Redwire common stock.

Regardless, when Lead Plaintiff purchased Redwire common stock, he understood that the market price of Redwire common stock reflected all publicly available information, including any statements made by Defendants.

12. Please identify any statements other than those identified in Interrogatory No. 1, or any other materials or persons, that Lead Plaintiff relied upon prior to purchasing Redwire stock, and state the date they were made, the speaker, and the substance of the statement.

**RESPONSE:**

Lead Plaintiff incorporates the objection and answer in response to Interrogatory No. 11.

13. Please identify and describe any and all reasons why Lead Plaintiff purchased Redwire stock.

**RESPONSE:**

Lead Plaintiff objects to the Interrogatory on the following grounds:

1. Lead Plaintiff incorporates the objection to Interrogatory No. 11 in response to this Interrogatory.

-10-

2.     Lead Plaintiff objects to the Interrogatory because the modifier "any and all" renders the Interrogatory overbroad and unduly burdensome.  Lead Plaintiff thus responds to this Interrogatory by generally identifying the reasons why he purchased Redwire stock.

As limited by the foregoing objections, Lead Plaintiff viewed the aerospace industry as a sector where investment of his money could lead to positive gains. Lead Plaintiff saw Redwire as an up-and-coming company in the aerospace sector with opportunity for growth.


DATED: October 30, 2023          **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: s/ *Reed R. Kathrein*
_____
        Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410

-11-

Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

## **CERTIFICATE OF SERVICE**

I, Reed R. Kathrein, hereby certify that on October 30, 2023, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT REDWIRE'S FIRST SET OF INTERROGATORIES to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 30, 2023.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

-13-

DocuSign Envelope ID: A081AFFA-EA65-4E2B-09D3-A04CE6052EB4

## VERIFICATION

I, Jared Thompson, hereby state that I have reviewed the foregoing document titled: **LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT REDWIRE'S FIRST SET OF INTERROGATORIES.**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on October 30, 2023.

at ___St. George_____, ___Utah_____.
         [city]                [state]

DocuSigned by:

AE67B891A14F421...

Jared Thompson