# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JED LEMEN, Individually and On Behalf of All Others Similarly Situated,

                    Plaintiff,

    v.

REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,

                    Defendants.

No. 3:21-cv-01254-TJC-PDB

**LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT PETER CANNITO'S FIRST SET OF INTERROGATORIES**

Exhibit B

Pursuant to Federal Rules of Civil Procedure 26 and 33, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned attorneys, hereby responds and objects to Defendant Peter Cannito's First Set of Interrogatories (the "Interrogatories").

The responses and objections stated below are based on the information presently available and known to Lead Plaintiff.  Lead Plaintiff's investigation of this action remains ongoing.  That investigation may disclose additional information or documents that could lead to additions to, changes in, and variations from these responses and objections.  Accordingly, Lead Plaintiff reserves his right to amend, modify, or supplement the responses and objections below at appropriate levels as new information becomes available.

By asserting specific responses and objections stated below, Lead Plaintiff does not waive his right to challenge the relevance, materiality, or admissibility of the Interrogatories or Lead Plaintiff's responses thereto.  Nor does Lead Plaintiff waive the right to challenge the use of the Interrogatories or Lead Plaintiff's responses thereto in any subsequent proceeding or trial in this action.  Finally, asserting the specific responses and objections stated below does not mean that any responsive information or documents exist or are within Lead Plaintiff's possession, custody, or control.

-1-

## Objections to Definitions

1.  Lead Plaintiff objects to the definition of "You," "Your" or "Lead Plaintiff" as vague and ambiguous because the phrase in the definition, "purporting to act on behalf of Jared Thompson" is unclear in meaning or scope. Additionally, the inclusion of "any and all current and former agents, representatives, or entities" in the definition improperly invades on attorney-client privilege, attorney work product doctrine, and other applicable privileges. Finally, the definition potentially calls for the production of documents or information from non-parties, as well as documents and information not in Lead Plaintiff's possession, custody, or control. For purposes of the responses below, Lead Plaintiff interprets "You," "Your" and "Lead Plaintiff" as referring to Lead Plaintiff and counsel for Lead Plaintiff unless specifically stated.

2.  Lead Plaintiff objects to the definition of "identify" to the extent it contains discrete subparts, which, in turn, causes certain interrogatories to contain discrete subparts which, under the Federal Rules, should properly be counted as distinct interrogatories.

## Objections to Instructions

1.  Lead Plaintiff objects to Instruction No. 2 to the extent it requires Lead Plaintiff to provide information in the possession, custody, or control of counsel for Lead Plaintiff and is thus protected by attorney-client privilege,

-2-

attorney work product doctrine, and other applicable privileges.  Lead Plaintiff

further objects to Instruction No. 2 to the extent it requires Lead Plaintiff to

provide information from non-parties that is not in his possession, custody, or

control.  For purposes of the responses below, Lead Plaintiff agrees to provide non-

privileged information in Lead Plaintiff's possession, custody, or control that is

readily accessible to himself or counsel for Lead Plaintiff.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

1.      Please list each specific statement made **by Cannito** that Lead Plaintiff
asserts was false, either through affirmative misrepresentation or material
omission, that subjects Cannito to liability pursuant to the claims asserted in
the First Amended Complaint. In your identification of each statement,
please include:

   a.      the date that the statement was made; and

   b.      the medium through which the statement was published or
disseminated (i.e., a specific SEC filing, press release, etc.).

**RESPONSE:**

Lead Plaintiff objects to the Interrogatory on the following grounds:

1.      This contention Interrogatory fails to comply with and is improper

under the guidelines set out in the Handbook on Civil Discovery Practice in the

United States District Court for the Middle District of Florida. *See* Middle District

Discovery (2021) at § IV.C.2. (explaining contention interrogatories "should be

used sparingly and, if used, should be designed (1) to target claims, defenses, or

contentions that the propounding attorney reasonably suspects may be the proper

subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions" and those seeking a "detailed narrative" are "generally improper because they are overbroad and oppressive"); *see also Mey v. Ent. Fin. Grp., Inc.*, 2016 WL 9110357, at *10 (M.D. Fla. 2016) (McCoy, J.) ("Thus, contention interrogatories are somewhat disfavored in the Middle District of Florida.") (citing Middle District Discovery); *Bingham v. Baycare Health Sys.*, 2016 WL 1546504, at *2 (M.D. Fla. Apr. 15, 2016) ("Upon review, this interrogatory does not target a specific claim, but rather targets several claims that together constitute the overarching controversy in this case. The interrogatory request broadly calls for a narrative of Plaintiff's case in that it seeks information relating to the underlying chain of events that forms the basis of this lawsuit.").

2.      This contention Interrogatory is premature as discovery remains in its early stages and Lead Plaintiff has not yet gathered all of the facts and information that will be used to support his claims, and has received very little information or documents from Defendants that may also be used to support his claims.  *See, e.g., Bonutti Skeletal Innovations LLC v. Linvatec Corp.,* 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (finding that a discovery request asking the party to provide a detailed explanation of a substantial part of its case prematurely in the litigation was improper); *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *2 (N.D. Ga. 1992) (rejecting a motion to compel responses to contention

interrogatories "before meaningful discovery ha[d] been completed"); *A.R. v. Dudek*, 2015 WL 11143084, at *5 (S.D. Fla. 2015) ("Typically, service of contention interrogatories is premature until designated discovery is complete.")

As limited by the foregoing objections, Lead Plaintiff refers Defendants to the First Amended Complaint (ECF No. 47) which has been upheld by the Court and to which Defendants have filed an answer (ECF No. 68).

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

2.     For each statement identified in Interrogatory No. 1, please describe any facts of which Lead Plaintiff is presently aware that demonstrate that Cannito personally exercised authority or control over the content of such statement(s).

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

As limited by the foregoing objections, Lead Plaintiff refers Defendants to the First Amended Complaint (ECF No. 47) which has been upheld by the Court and to which Defendants have filed an answer (ECF No. 68).

Lead Plaintiff reserves the right to revise this response after the completion of discovery.

3.     For each statement identified in Interrogatory No. 1, please identify any witnesses that Lead Plaintiff expects to have knowledge regarding whether

Cannito personally exercised authority or control over the content of such statement(s).

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

As limited by the foregoing objections, Lead Plaintiff refers to his Amended Disclosures served on August 18, 2023, which will be supplemented as required under the Federal Rules. Lead Plaintiff reserves the right to revise this response after the completion of discovery.

4.    For each statement identified in Interrogatory No. 1, please identify any documents that Lead Plaintiff is aware of that demonstrate that Cannito personally exercised authority or control over the content of such statement(s).

**RESPONSE:**

Lead Plaintiff incorporates the objections to Interrogatory No. 1 in response to this Interrogatory.

As limited by the foregoing objections, Lead Plaintiff refers to his Amended Disclosures served on August 18, 2023, which will be supplemental as required under the Federal Rules.  Lead Plaintiff reserves the right to revise this response after the completion of discovery.

5.    For each statement identified in Interrogatory No. 1, please describe any facts of which Lead Plaintiff is presently aware that demonstrate that Cannito personally exercised ultimate authority or control over the dissemination or publication of such statement(s).

**RESPONSE:**

Lead Plaintiff incorporates the objections and answer to Interrogatory No. 1

in response to this Interrogatory.

6.      For each statement identified in Interrogatory No. 1, please identify any witnesses that Lead Plaintiff expects to have knowledge regarding whether Cannito personally exercised authority or control over the dissemination or publication of such statement(s).

**RESPONSE:**

Lead Plaintiff incorporates the objections and answer to Interrogatory No. 3

in response to this Interrogatory.

7.      For each statement identified in Interrogatory No. 1, please identify any documents that Lead Plaintiff is presently aware of that demonstrate that Cannito personally exercised authority or control over the dissemination or publication of such statement(s).

**RESPONSE:**

Lead Plaintiff incorporates the objections and answer to Interrogatory No. 4

in response to this Interrogatory.

8.      Does Lead Plaintiff allege that at any time or before September 1, 2021, Cannito participated in the management of GPAC?  If yes, please describe the facts known to Lead Plaintiff that support such an allegation.

**RESPONSE:**

Lead Plaintiff objects to the Interrogatory on the following grounds:

1.      Lead Plaintiff incorporates objection no. 2 to Interrogatory No. 1 in

response to this interrogatory.

2.      This Interrogatory seeks information not relevant to any claim or

defense in this action, as Lead Plaintiff does not need to establish that Defendant Cannito "participated in the management of GPAC" or was an officer at GPAC to prevail on his claims.

3.    This Interrogatory is vague and ambiguous because the phrase "participated in the management" is unclear in meaning and scope.

As limited by the foregoing objections, Lead Plaintiff does not currently allege that Defendant Cannito was an officer, director, or employee of GPAC prior to September 1, 2021.  Further discovery may uncover evidence that Defendant Cannito had a role in the management of GPAC prior to September 1, 2021, and if so, Lead Plaintiff will supplement his response to this Interrogatory at the close of discovery.

9.    Does Lead Plaintiff allege that at any time or before September 1, 2021, Cannito was an officer or director of GPAC?  If yes, please describe the facts known to Lead Plaintiff that support such an allegation.

**RESPONSE:**

Lead Plaintiff incorporates objection nos. 1-2 and the answer to Interrogatory No. 8 in response to this Interrogatory.

10.    Does Lead Plaintiff allege that at any time or before September 1, 2021, Cannito exercised authority or control over the content of statements or public filings or statements of GPAC or GPAC's officers or directors?  If yes, please describe the facts known to Lead Plaintiff that support such an allegation.

**RESPONSE:**

Lead Plaintiff incorporates the objections and answer to Interrogatory No. 2 in response to this Interrogatory.

DATED: October 30, 2023            **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: s/ *Reed R. Kathrein*
        Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

-9-

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

# CERTIFICATE OF SERVICE

I, Reed R. Kathrein, hereby certify that on October 30, 2023, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT PETER CANNITO'S FIRST SET OF INTERROGATORIES to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 30, 2023.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

-11-

## VERIFICATION

I, Jared Thompson, hereby state that I have reviewed the foregoing document titled: **LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT PETER CANNITO'S FIRST SET OF INTERROGATORIES.**

I hereby verify that my responses in the foregoing document are true and correct based on the information available to me, and to the best of my knowledge, information, and belief. I reserve the right to supplement and/or revise my responses to correct any errors or omissions, including on the basis of any subsequently discovered documents or information.

Executed on October 30, 2023.

at _____St. George_____, _____Utah_____.
          [city]          [state]

DocuSigned by:

_AE67B891A14F421..._
Jared Thompson