United States District Court
Middle District of Florida
Jacksonville Division

**JED LEMEN & JARED THOMPSON,**
    *Plaintiffs,*

**v.**                                 **NO. 3:21-cv-1254-TJC-PDB**

**REDWIRE CORPORATION ETC.,**
    *Defendants.*

---

## Order

The defendants move for sealing the lead plaintiff's motion for determination of privilege, Doc. 91 (redacted), the supporting declaration of Reed Kathrein, Doc. 92 (redacted), exhibits to the declaration, Docs. 92-3 (placeholder), 92-5 (redacted), 92-10 to 92-17 (placeholders), the defendants' response, Doc. 105 (redacted), and an exhibit to the response, Doc. 105-1 (redacted). Doc. 99. The lead plaintiff does not oppose the motion for sealing. Doc. 99 at 9.

The defendants request sealing because the papers describe a memorandum they contend is protected work product. Doc. 99 at 2–4, 8–9. The defendants state public exposure of the papers would violate their "privileges," prejudice their defense, and "cause irreparable harm." Doc. 99 at 8. The defendants propose that the documents "remain sealed until resolution of this matter, including any appeals, at which time the proposed filings should be destroyed." Doc. 99 at 5.

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Fed. R. Civ. P. 26(c)(1)(G). The presumption of public access applies to papers invoking judicial resolution on the merits but not to papers filed solely to resolve a discovery dispute. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013). If the presumption does not apply, the court conducts only the good-cause analysis. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–56 (11th Cir. 1987).

Here, the presumption does not apply because the papers are filed solely to resolve a discovery dispute. The need to protect asserted work product is good cause to seal the papers. The Court thus **grants** the motion to seal, Doc. 99, to the extent the redacted papers and placeholders may remain on the public docket in the current redacted or placeholder form. *See* Docs. 91, 92, 92-3, 92-5, 92-10 to 92-17, 105, 105-1. By **March 11, 2024**, the party that filed a redacted paper or placeholder must file the unredacted version under seal.

The Court **denies** the motion to seal, Doc. 99, to the extent the defendants request destruction of the sealed papers after all appeals are exhausted. The Court does not destroy electronically filed papers, even papers filed under seal. In accordance with Local Rule 1.11(f), the papers are sealed until ninety days after the case is closed and all appeals exhausted or until further order establishing a different deadline.

This order may be reconsidered if the Court rules the papers are not protected.

**Ordered** in Jacksonville, Florida, on March 4, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*