**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendant. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

**LEAD PLAINTIFF JARED THOMPSON'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AS TO DEFENDANTS' <u>FIRST REQUESTS FOR PRODUCTION</u>**

Defendants' motion to compel (the "Motion" or "Mot.") (ECF 94) concerns Lead Plaintiff Jared Thompson's ("Lead Plaintiff") responses to Defendants' document requests (the "Requests" or "RFP(s)").  The responses (1) clearly laid out the steps Lead Plaintiff took to identify, collect, review, and produce responsive documents; (2) detailed whether his efforts identified any responsive documents; and (3) identified what documents, if any, were being withheld pursuant to specific objections.  In addition, during the parties' meet and confer, Lead Plaintiff confirmed that he was not aware of any third parties under his control that possessed responsive information and documents.  Lead Plaintiff also

- 1 -

offered to address any specific Requests where there remained confusion about responsive documents being withheld.

Rather than continue the conferrals, Defendants filed their Motion. While the parties have since narrowed the disputes, issues remain that challenge the substance of Lead Plaintiff's responses. None of the purported deficiencies, however, warrant relief from the Court. Lead Plaintiff properly objected that he has no obligation to produce premature expert materials, discovery from absent class members, and documents – reflecting Lead Plaintiff's visits to websites and review of material prior to purchasing Redwire common stock – no longer in his possession, custody, or control. Lead Plaintiff also cannot be compelled to produce responsive, non-privileged documents when none exist for certain Requests. For the following reasons, the Motion should be denied.

## I.    FACTUAL BACKGROUND

On August 31, 2023, Defendants served thirty-six (36) document requests, along with three sets of interrogatories (thirty-three (33) in total) and three sets of requests for admission (totaling 406 requests). *See* Declaration of Reed Kathrein ("Kathrein Decl.") ¶ 3. In total, Defendants sought Lead Plaintiff to respond to 475 individual discovery requests. *Id.* Defendants served the requests nearly nine months before the original close of fact discovery in May 2024 (since extended to close in August 2024). *Id.*, ¶ 3; ECF No. 90. At that time, Defendants had

produced little document discovery, even though Lead Plaintiff made repeated requests for the production of known, responsive documents that should be readily identifiable by Defendants. *Id.*, ¶ 3. Today, document production is substantially incomplete, third-party discovery is ongoing, and Lead Plaintiff has taken no depositions, despite an outstanding 30(b)(6) Notice from September 2023 designed to cut through the impasse and locate responsive, relevant documents of the Class's claims. *Id.*, ¶¶ 4-5.

Lead Plaintiff served his document request responses on October 30, 2023. *Id.*, ¶ 6. Lead Plaintiff objected in good faith to address, among other things, that the Requests sought documents relating to expert work and absent class members, and encompassed sources of documents that were not in the possession, custody, or control of Lead Plaintiff, including websites he previously visited. *See, e.g.,* ECF No. 94-1 at 4-6. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), the responses identified which documents were being withheld pursuant to Lead Plaintiff's objections. *Id.*

Along with serving responses and objections, Lead Plaintiff produced documents. Kathrein Decl., ¶ 7. As detailed in the responses, Lead Plaintiff ran search terms over his e-mail account and searched his files for responsive documents. *Id.* Prior to running the search terms, Lead Plaintiff shared them with Defendants and received no objection from Defendants on the terms. *Id.* Lead

Plaintiff further confirmed that he did not rely on the advice, recommendation, analysis or service of any investment manager or advisor in his transactions of Redwire common stock. *See* ECF No. 94-1 at 14-15.

During the months of December 2023 and January 2024, the parties met and conferred regarding Lead Plaintiff's responses to the document requests. *Id.*, ¶¶ 10-15. During this process, and in response to Defendants' requests, Lead Plaintiff stated it was willing to (i) amend the responses to confirm that Lead Plaintiff was not aware of any third-party documents and information under his possession, custody, or control, and (ii) further explain why documents being withheld based on privilege and/or work product assertions would not be logged pursuant to the Stipulated ESI Protocol. *Id.*, ¶ 15. Lead Plaintiff also requested Defendants identify requests for which it was unclear on what if anything was being withheld. *Id.*, ¶ 12.

On February 21, 2024, Lead Plaintiff was in the process of finalizing a discovery letter addressing other issues raised during the meet and confers and in the parties' correspondence, and to confirm certain agreements for amending the responses, when Defendants filed the Motion. *Id.*, ¶ 16. That same day, Lead Plaintiff sent the letter and requested that Defendants continue the meet and confer process to see if the issues could be narrowed. *Id.* The parties have since resolved

- 4 -

some disputes noted below, but did not reach agreement on all the issues addressed below. *Id.*, ¶ 17.

## II.     ARGUMENT

### A.     Issues Mooted Through Agreement to Amend Responses.

*"You," "Your," and/or Lead Plaintiff* **Objection (Mot. at 3-5).** Lead Plaintiff  will amend the responses to confirm he is not "aware of any other third parties under Lead Plaintiff's control that would have responsive information in their possession, custody, or control." *See* Kathrein Decl., ¶¶ 15-16.

*Time Frame Limitation* **(Mot. at 6-7).** In response to RFP Nos. 3-7, 17-28, 30-32, 35-36, Lead Plaintiff will clarify that he searched for, collected, and produced responsive documents in his possession, custody, or control authored or created between January 1, 2021 and July 1, 2022. *See* Kathrein Decl., ¶ 17.

*Privilege Objections* **(Mot. at 4, 7).**  Lead Plaintiff will amend to confirm he will not provide a privilege log for (1) communications between counsel and Lead Plaintiff and (2) counsel's work product.  *See* Kathrein Decl., ¶ 15.

*Legal Conclusion Objection* **(Mot. at 14-15)**: This dispute as to RFP No. 10 is moot), as Lead Plaintiff has confirmed that he is not aware of any other third parties under Lead Plaintiff's control that would have responsive information in their possession, custody, or control. *See id.*

***Relevance, Duplicative and Vague and Ambiguous Objections*** **(Mot. at 7-25):** Lead Plaintiff has agreed to drop nearly all of the objections based on relevancy, duplicative requests, and vague and ambiguous terms except as noted below.

These objections have been dropped to make clear that the responses are complete and resolve any concern from Defendants that the responses were limited and Lead Plaintiff was withholding documents pursuant to these objections. Accordingly, the specific issues raised with RFP Nos. 3, 5, 10-17, 19-26, 30-31 and 33 are fully resolved.

**B.      Defendants' Remaining Issues Do Not Warrant The Requested Relief.**

**1.      "Undue Burden" Objections Were Properly Asserted.**

The "undue burden" objections are not boilerplate. *See* Mot. at 5. Lead Plaintiff raised "undue burden" objections when the Requests sought (1) documents "outside the possession, custody, or control of Lead Plaintiff"; (2) documents "equally or more available to Defendants"; (3) the "production of websites visited by Lead Plaintiff [] for which no lasting copy was made"; (4) "documents regardless of when they were published or accessed"; and/or (5) "[a]ll documents" or "[all] communications" dated "through the present." *See* ECF No. 94-1 at 4-5, 9, 11. These objections are specific.

Second, Defendants state that "undue burden" objections must be supported by affidavits. *See* Mot. at 5. Defendants' cases, however, all involve discovery disputes over subpoenas issued to non-parties. *See, e.g., TIC Park Centre 9, LLC v. Cabot*, 2017 WL 3099317 (S.D. Fla. April 12, 2017) (addressing motion to quash non-party subpoena); *Democratic Republic of Congo v. Air Capital, LLC*, 2018 WL 324976 (S.D. Fla. Jan. 8, 2018) (same); *Nat'l Staffing Sols., Inc. v. Sanchez*, 2022 WL 19354640 (M.D. Fla. Sept. 12, 2022) (addressing motion to compel compliance with non-party subpoena). Moreover, the burden is self-evident based on the specificity of the objections.

Moreover, Defendants have asserted "undue burden" objections in their responses to Lead Plaintiff's document requests without offering an affidavit or other evidence substantiating the objection in response to several of Lead Plaintiff's document requests. *See, e.g.,* Kathrein Decl., Ex. A ("Defendants Object to Request 14 as facially overbroad and unduly burdensome in that it seeks "all documents" concerning the April 1, 2022 Form 10-Q[.]"); *id.* ("To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome.").

Finally, overruling the "undue burden" objections would not change the substance of Lead Plaintiff's responses to the document requests. No responsive,

non-privileged documents in Lead Plaintiff's possession, custody, or control were withheld based on the specific undue burden objections. *See*, *e.g.*, ECF No. 94-1 at 4-5, 9, 11.

### 2.    Lead Plaintiff is Not Withholding Documents Based on Objections That Documents Are No Longer Accessible to Him.

Contrary to Defendants' claims, Lead Plaintiff is not withholding documents based on what they creatively term a "document format" objection. *See* Mot. at 6. Lead Plaintiff made no such objection. *See, e.g.,* ECF No. 94-1 at 4-5. Rather, Lead Plaintiff merely and properly confirmed he would not produce documents no longer accessible to him – like websites – nor create documents he once reviewed but did not create a copy at the time. *See, e.g., Bortolotti v. Gracepoint*, 2019 WL 6173173, at *5 (M.D. Fla. Nov. 20, 2019) ("This request appears to require Ms. Bortolotti to create documents to then produce to Gracepoint. Rule 34 addresses the production of documents that already exist.").

Such an objection is also not "boilerplate." *See* Mot. at 6. Per Defendants' case law, "boilerplate" objections are those made "standing alone" and without "a statement of reasons" explaining "the specific and particular way in which a request is vague, overly broad, or unduly burdensome." *See Sallah v. Worldwide Cleaning LLC*, 885 F.Supp.2d 1364, 1376 (S.D. Fla. 2012). Lead Plaintiff provided specific reasons why certain requests were overly broad, unduly burdensome, and disproportionate, noting that they "seek production of websites

- 8 -

visited by Lead Plaintiff, for which no lasting copy was made" and "seek documents regardless of when they were published or accessed." *See, e.g.,* ECF No. 94-1 at 4-5.  Rule 34(a)(1) only requires the production of documents "in the responding party's possession, custody, or control[.]" *See* Fed. R. Civ. P. 34(a)(1). Therefore, the objection, or more of a clarification, is proper.

**C.    Specific Issues with the Certain RFPs.**

Lead Plaintiff addresses the remaining disputes as follows:

**1.    RFP No. 1**

*Overbroad and Undue Burden Objection*: For RFP No. 1, which seeks "[a]ll documents identified in Lead Plaintiff's Rule 26 Disclosures," Defendants claim they are entitled to the documents in Lead Plaintiff's possession, custody, or control. *See* Mot. at 7-8.  The objections, however, identify the reasons why RFP No. 1 seeks documents not in Lead Plaintiff's possession, custody, or control, including that the Request encompasses websites visited by Lead Plaintiff for which no copy was made, documents regardless of when they were published or accessed, and documents more available to Defendants.  *See* ECF No. 94-1 at 4-5. These objections were properly raised (*see supra*, § II.B.1) and Lead Plaintiff cannot be compelled to produce documents that are not in his possession, custody, or control.  *See* Fed. R. Civ. P. 34(a)(1).

The response, moreover, explains that the only documents in Lead Plaintiff's possession, custody, or control being withheld are counsel's work product. *See* ECF No. 94-1 at 4-5.[1] Defendants do not challenge the work product objection and therefore have no grounds for relief. *See* Mot. at 7-8.

### 2. RFP No. 2

*Premature Expert Discovery Objection*: RFP No. 2 seeks "[a]ll documents identified in response to Redwire's interrogatories to Lead Plaintiff." *See* ECF No. 94-1 at 6. Defendants' argument, however, is limited to the "premature expert discovery" objection. *See* Mot. at 8.[2] First, Defendants seemingly act as if expert discovery has not been addressed. The class certification motion has been filed, along with the accompanying expert declaration and the documents the expert relied upon. *See* ECF No. 86-1; Kathrein Decl., ¶ 5(d). Defendants have raised no issue with this production. *Id*.

Second, Defendants' requests are "continuing." But the deadline for expert work related to damages and price impact has been negotiated and is not scheduled

---

[1] Apart from documents reflecting Lead Plaintiff's transactions in Redwire common stock, which have been produced, and a small set of documents Defendants produced in this case, the only documents listed in the Amended Initial Disclosures which Lead Plaintiff has are publicly available documents equally accessible to Defendants. *See* Kathrein Decl., ¶ 5(a).

[2] The cases cited by Defendants are distinguishable. *Essex Builders Grp. V. Amerisure Ins. Co.,* 230 F.R.D. 682, 686 (M.D. Fla. 2005) is a non-securities class action case that dealt with an interrogatory, not a request for production. Likewise, Lead Plaintiff did not object outright to responding and searching for responsive documents based on his premature expert discovery, unlike the parties in *Eye Centers of Florida PA v. Landmark Amer. Ins. Co.*, 2019 WL 13061944, at \*1-2 (M.D. Fla. May 9, 2019) and *Geer v. Cox*, 2003 WL 21254731, at \*3-4 (D. Kan. May 21, 2003).

until the fall per an agreed upon scheduling order. *See* ECF No. 90; ECF No. 96-1 at 8 (detailing Redwire Interrogatory No. 10, which seeks information on, among other things, how the false and misleading statements "caused an increase in the price of Redwire's stock); *see also* Fed. R. Civ. P. 26(e) (addressing the supplementation of discovery responses); Middle District Discovery (2021) at § II.E (requiring expert discovery "within the time provided in the Court's Case Management and Scheduling Order (which often adopts the schedule proposed by the parties in the Case Management Report")).

### 3.   RFP No. 4

*Proportionate and Unduly Burdensome Objection*: In RFP No. 4, Defendants request "[a]ll communications relating to the subject matter of this Litigation between Lead Plaintiff and any Person who is not a party to this Litigation[.]" *See* ECF No. 94-1 at 9.  Lead Plaintiff raised this objection given the broad definition of "Lead Plaintiff" in the Requests.  *See id.* at 3 (noting that definition of "Lead Plaintiff" includes "any and all current and former agents, representatives, or entities" and therefore "improperly invades on attorney-client privilege [and] attorney work product"). Lead Plaintiff drops the "proportionate and unduly burdensome" objection to RFP No. 4 as Lead Plaintiff construes Defendants as now saying that it excludes Lead Plaintiff's counsel's communications with third parties, which are not relevant and would create an

undue burden to provide in a privilege log. *See* Mot. at 10; *infra* § II.C.4. As detailed in the responses, Lead Plaintiff searched his emails and files and found no responsive documents to RFP No. 4. *See* ECF No. 94-1 at 9. Otherwise, Lead Plaintiff maintains the remaining undue burden objection for the reasons stated in § II.B.1. *See also* infra § II.C.4.

### 4.      RFP No. 6

*Absent Class Member Objection:* RFP No. 6 seeks "[a]ll documents relating to any prospective member of members of the Putative Class." *See* ECF No. 94-1 at 11. Discovery from absent class members, however, requires a showing of a "particularized need" that is "relevant to 'the decision of common questions.'" *See, e.g.*, *In re Monat Hair Care Prod. Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 12267479, at *3 (S.D. Fla. Oct. 16, 2019). As such, Defendants' argument regarding Lead Plaintiff's possession, custody, or control of responsive documents misses the mark, as Defendants must show a "particularized" need for absent class member discovery and they have failed to do so here. *See* Mot. at 11-12.  If this request is interpreted as absent class members with whom the Lead Plaintiff and not his counsel contacted, Lead Plaintiff confirmed he did not identify any such documents after searching his email account and his files. *See* ECF No. 94-1 at 11.

*Logging of Counsel's Communications with Putative Class Members:* While not specifically raised in Defendants' Motion, the parties relatedly continue to

dispute the need to log counsel's communications with putative class members. Such communications are privileged, not relevant, and should not be logged. *See, e.g., Rosetto v. Murphy*, 2017 WL 1041569, at *5 (S.D. Fla. Mar. 14, 2017) ("[I]t is clear that [the] communications with prospective clients are also covered by the attorney-client privilege. . . . To hold that a prospective client who consults an attorney for legal advice has no attorney-client privilege with the prospective attorney, whether that attorney is ultimately retained or not, would eviscerate the attorney-client privilege in such situations."); *Hegazy v. Halal Guys, Inc.*, 2023 WL 4405804, at *4–5 (S.D.N.Y. July 7, 2023) (citing case law finding that "communication with individual members of the putative class" are not "relevant to demonstrating satisfaction of Rule 23 requirements").

### 5.     RFP No. 7

*Definition of "Lead Plaintiff" Objection*: In RFP No. 7, Defendants request "[d]ocuments sufficient to show when Lead Plaintiff first became aware of Redwire." *See* ECF No. 94-1 at 12. As drafted, RFP No. 7 implicates when counsel first became aware of Redwire, given the broad definition of "Lead Plaintiff" in the Requests. *See id.* at 3 (noting that definition of "Lead Plaintiff" includes "any and all current and former agents, representatives, or entities" and therefore "improperly invades on attorney-client privilege [and] attorney work product"). Counsel's awareness of Redwire is not an appropriate topic for discovery. And

neither is logging counsel's work product. Accordingly, Lead Plaintiff properly noted he would interpret "Lead Plaintiff" to include himself and not counsel or any other third parties. *Id.* at 12. Thus, responsive documents were searched for but none were identified. *Id.*

### 6.    RFP No. 18

*Overbroad and Unduly Burdensome Objection:* RFP No. 18 seeks "[d]ocuments sufficient to show the steps taken by Lead Plaintiff to investigate, scrutinize, research or otherwise confirm or deny the accuracy" of the alleged false and misleading statements.  *See* ECF No. 94-1 at 23. Defendants mischaracterize the overbroad and unduly burdensome objection (*see* Mot. at 17), which is based on the fact that RFP No. 18 seeks documents dated "through the present." A request for documents "through the present" is over broad and unduly burdensome on its face.  *See, e.g., Hardin v. Oakley Transp. Inc.*, 2023 WL 8280956, at *4 (M.D. Fla. Nov. 30, 2023) (denying motion to compel for request seeking documents "through the present"); *In re Don's Making Money, LLP,* 2008 WL 509531, at *2 (Bankr. D. Ariz. Feb. 19, 2008) ("Although the Plaintiff seeks discovery through the present . . . this time period is sufficiently attenuated from the claims being made that the burden on the Defendants to produce such information outweighs any potential relevance[.]").  Otherwise, Lead Plaintiff searched for and collected responsive documents dated between January 1, 2021

and July 1, 2022. *See supra*, § II.A. No responsive, non-privileged documents were identified pursuant to those efforts, and Defendants do not otherwise challenge the assertions of work product and privilege. *See* ECF No. 94-1 at 24.

### 7.    RFP No. 27

*Vague and Ambiguous Objection*: RFP No. 27 asks for "any documents or communications cited, quoted, or otherwise relied upon by Lead Plaintiff in supporting the allegations of the First Amended Complaint," but only "to the extent not encompassed by the foregoing requests." *See* ECF No. 94-1 at 33. Lead Plaintiff will maintain the vague and ambiguous objections to the terms "not encompassed by the foregoing requests" and "otherwise relied upon." *See* Mot. at 21. If there are additional documents Defendants seek, they should request them with more specificity. Defendants do not challenge Lead Plaintiff's other objections to this RFP and a search of Lead Plaintiff's email account and files did not identify any responsive documents. *See* ECF No. 94-1 at 34.

### 8.    RFP No. 32

*Premature Expert Discovery Objection*: In RFP No. 32, Defendants ask for "[a]ll documents" related to Lead Plaintiff's contentions that the putative class meets the requirements of Federal Rule of Civil Procedure 23. *See* ECF No. 94-1 at 39. For the reasons discussed in § II.C.2., Lead Plaintiff maintains this objection. The Request further seeks documents that all go to class certification for which

Lead Plaintiff has already filed the motion and produced the expert report and materials.  *See* Kathrein Decl., ¶ 5(d).   The dispute is thus moot.

### 9.    RFP No. 34

*Overbroad and Vague Objection*: Lead Plaintiff's overbroad objection is not "boilerplate" as RFP No. 34 seeks "[a]ll analyst reports related to or discussing the allegedly false statements or corrective disclosures identified in the Amended Complaint."  *See* ECF No. 94-1 at 42.  The request for "[a]ll" analyst reports  is facially overbroad.  *See* Mot. at 23.  And while "relating to" is vague, Lead Plaintiff will drop the "vague and ambiguous" objection as to the term "analyst reports" in RFP No. 34.  Nevertheless, Lead Plaintiff ran search terms over his email account, searched his files, and identified no responsive documents. *See* ECF No. 94-1 at 42.  Lead Plaintiff further stated to the extent there are documents identified in the First Amended Complaint that Defendants are unable to obtain, he would meet and confer with Defendants. *Id.* at 42-43. Defendants have made no such request.

### 10.    RFP Nos. 35 and 36

RFP No. 35 seeks "[a]ll document identifying members of the Putative Class," while RFP No. 36 similarly seeks "[a]ll documents relating to the number of members in the Putative Class.  *See* ECF No. 94-1.

*Absent Class Member Objection*: For the reasons discussed in § II.C.4., Lead Plaintiff will maintain the "absent class member" objection.

*Premature Expert Discovery Objection*: For the reasons discussed in § II.C.2., Lead Plaintiff will maintain the "premature expert discovery" objection.

*Logging of Counsel's Communications with Putative Class Members*: For the reasons discussed in § II.C.4., Lead Plaintiff will not log counsel's communications with putative class members.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion in its entirety.

Dated: March 13, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

- 18 -

Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Liaison Counsel for Lead Plaintiff*