**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated<br><br>        Plaintiffs,<br><br>    v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>        Defendant. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

**OMNIBUS DECLARATION OF REED R. KATHREIN IN SUPPORT OF LEAD PLAINTIFF JARED THOMPSON'S OPPOSITIONS TO <u>DEFENDANTS' MOTIONS TO COMPEL</u>**

I, Reed R. Kathrein, declare as follows:

1.     I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), counsel for Proposed Class Representative Jared Thompson in this action. Along with my Hagens Berman colleagues Steve Berman and Lucas Gilmore, I was appointed by the Court as Lead Counsel by Order dated April 4, 2022. *See* ECF No. 43.  I am also an active member of the Middle District Court of the State of Florida.

2.     I submit this omnibus declaration in support of Lead Plaintiff' Jared Thompson's ("Plaintiff") Oppositions to (i) Defendants' Motion to Compel as to Defendants' First Requests for Production ("RFP(s)") (ECF No. 94), (ii) Motion to Compel as to Defendants' First Set of Requests for Admission ("RFA(s)") (ECF No. 95), and (iii) Motion to Compel as to Defendants' First Sets of Interrogatories (ECF No. 96) ("Motions to Compel"). I have personal knowledge of the matters described in this declaration and I am competent to testify thereto.

3.     On August 31, 2023, Defendants served on the Lead Plaintiff seven (7) discovery requests comprised of thirty-six (36) document requests, three sets of interrogatories (thirty-three (33) in total) and three sets of requests for admission (totaling 406 requests). In total Defendants wanted the Lead Plaintiff to respond to 475 individual discovery requests. When Defendants served the discovery requests, the close of fact discovery was set for May 2024 (since extended to close in August

2024). Defendants served the discovery requests having produced little document discovery, despite Lead Plaintiff's repeated requests for the production of known, responsive documents readily identifiable by Defendants.

4.    Currently, Defendants' document production is substantially incomplete. Defendants have produced less than 1,400 documents (totaling 12,331 pages). Only 892 documents (totaling 7,568 pages) were produced by the time Lead Plaintiff served discovery responses on October 30, 2023. Since that date, Defendants only produced an additional 499 documents (totaling 4,763 pages). Based on counsel's experience, the case complexity and number of issues, this is a very small amount of document discovery for a securities class action, particularly when Defendants have said they have produced all known responsive, non-privileged documents. The parties have continued to meet and confer over Defendants' document production and are attempting to resolve disputes regarding Defendants' further search for and production of documents.

5.    As for other discovery:

a.  Lead Plaintiff served Initial Disclosures in May 2023 and Amended Initial Disclosures in August 2023. Apart from documents reflecting Lead Plaintiff's transactions in Redwire common stock, which have been produced, and a small set of documents Defendants produced in this case, the only documents listed in the Amended Initial Disclosures

- 2 -

which Lead Plaintiff has are publicly available documents equally accessible to Defendants.

b. Lead Plaintiff subpoenaed third parties for documents, including Price waterhouseCoopers LLP and Genesis Park Acquisition Corp., and those productions and meet and confers are ongoing.

c. No depositions have been scheduled or taken to date. Despite Lead Plaintiff issuing a 30(b)(6) Notice in September 2023, which was designed to cut through the impasse and locate responsive, relevant documents, none have been taken.  After attempting to get a date and designee and meeting and conferring for several months, the parties had scheduled the deposition for February 21, 2024. However, a little over a week before the deposition, Defendants filed objections to the scope of the Notice, forcing the parties to delay the deposition to resolve the disputes.  Lead Plaintiff is still waiting for Defendants' final responses to this dispute.

d. Class certification expert discovery is progressing currently. Lead Plaintiff's expert report has been filed and served, and all the documents relied upon have been produced. *See* ECF No. 86-1. Defendants have raised no issues with this production. On March 15, 2024, Lead Plaintiff's expert deposition will be taken by Defendants.

The Lead Plaintiff's deposition has also been noticed.

6.      Lead Plaintiff served his responses to the RFPs and interrogatories on October 30, 2023, and his responses to the RFAs on November 8, 2023. All told, these responses reflect that there had been very little actual discovery responses from Defendants.

7.      Along with serving responses and objections to the document requests, Lead Plaintiff produced responsive, non-privileged documents identified through the collection process.  The responses noted that Lead Plaintiff ran search terms over his e-mail account and searched his files for responsive documents.  Prior to running search terms, Lead Plaintiff sent them to Defendants and received no objection to the proposed terms.  The responses also confirmed that Lead Plaintiff did not rely on the advice, recommendation, analysis, or service of any investment manager or advisor in his transactions of Redwire common stock.

8.      In turn, Lead Plaintiff's interrogatory responses reflect that he overcame the strict pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), meaning that the Amended Complaint contained factual detail and explanations of the claims going well beyond what is normally presented in a complaint.  Lead Plaintiff also objected to the interrogatories in light of the limited discovery in the case and the premature and broad nature of the interrogatories.  Finally, Lead Plaintiff noted that he reserved the right to revise the

responses after the close of discovery.

9.    Similarly, Lead Plaintiff's responses to the RFAs raised objections based on the limited discovery in the case, the improper subject matters raised in the RFAs, and the fact that certain RFAs asked Lead Plaintiff to admit or deny the content of Defendants' public statements that were taken out of the context from the press releases, investor presentations, SEC filings, and interviews from which they came.

10.    On December 12, 2023, Defendants served a forty-three (43) page letter concerning Lead Plaintiff's discovery responses.

11.    During a December 14, 2023 meet and confer, the parties addressed discrete issues from Defendants' letter.  As related to all the discovery responses, counsel for Lead Plaintiff confirmed they were not aware of any third parties under Lead Plaintiff's control that possessed responsive information and documents.  The parties also discussed Lead Plaintiff's "context" objections to certain RFAs and the references to the Amended Complaint and Amended Initial Disclosures in response to Defendants' interrogatories.

12.    Lead Plaintiff followed up with a letter on December 22, 2023, and addressed all of the discovery responses.  For the requests for production, Lead Plaintiff requested, among other things, that Defendants identify requests for which it was unclear whether documents were being withheld pursuant to Lead Plaintiff's

objections.    Lead Plaintiff also responded to Defendants' challenges to the "premature," "contention interrogatory," and "premature expert" objections and the references to the First Amended Complaint and Amended Initial Disclosures in the interrogatory responses.

13.    The December 22nd letter also addressed alleged deficiencies in the RFA responses. Regarding the purported "conditional" answers where Lead Plaintiff answered RFAs "[a]s limited by" his objections, Lead Plaintiff noted that where an RFA was admitted or denied in part, Lead Plaintiff "specifically made note of what was being admitted or denied."  Lead Plaintiff further clarified that if an RFA was "admitted" or "denied" without any elaboration, such admissions or denials were in full.  As for the "context" objections, Lead Plaintiff explained that where raised, the applicable RFAs concerned "individual statements from broader press releases, presentations, SEC filings, and interviews." Therefore, Lead Plaintiff's answers were "not based solely on the isolated statements but were made with the full presentation in mind, including the purpose for each press release, presentation, SEC filing, and interview."

14.    On January 5, 2024, Defendants served a reply letter addressing specific issues with Lead Plaintiff's responses.  For all responses, Defendants asked that Lead Plaintiff amend the objections related to collecting third-party documents and information to reflect that Lead Plaintiff was not "aware of any other third-

parties under Lead Plaintiff's control that would have responsive documents and information." For documents being withheld pursuant to privilege and work product objections, Defendants also requested that Lead Plaintiff specify on what basis privilege documents were not being logged pursuant to the Stipulated ESI Protocol. For the RFA responses, Defendants sought Lead Plaintiff to amend the responses to remove the "limited by the foregoing general and specific objection" language as it transformed the responses into improper "conditional" answers. Defendants also asked Lead Plaintiff to explain the "context" in which Lead Plaintiff answered the applicable RFAs.

15.    The parties met and conferred on January 10, 2024. During the conferral, counsel for Lead Plaintiff stated they were willing to (i) amend the responses to confirm that Lead Plaintiff was not aware of any third-party documents and information under his possession, custody, or control, and (ii) further explain why documents being withheld based on privilege and/or work product assertions would not be logged pursuant to the Stipulated ESI Protocol.

16.    Lead Plaintiff was in the process of finalizing a discovery letter relating to the issues raised in Defendants' meet and confer letters on February 21, 2024 when Defendants filed the motions to compel. Lead Plaintiff still sent the letter that same day, which confirmed certain agreements regarding amendments to the responses. The letter also included additional proposed compromises on the RFA

responses, including an offer to make the "context" objections moot if Defendants served amended RFAs so they would address statements "isolated from the full presentation and standing alone". Defendants declined this offer.

17. The parties continued the meet and confer discussions based on the February 21, 2024 letter, and were able to resolve additional disputes related to the discovery responses, which are reflected in the accompanying responses to Defendants' motions to compel. The parties could not reach agreement on all the issues related to Lead Plaintiff's discovery responses.

18. A true and correct copy of excerpts from Defendants' Response to Lead Plaintiff's First Set of Requests for Production of Documents, showing similar "undue burden" objections to those asserted by the Lead Plaintiff here, is attached as Exhibit A.

19. For the Court's convenience, a true and correct copy of Appendix A to Defendants' Motion to Dismiss (ECF No. 48) (a chart of the alleged false and misleading statements, where they were published, and setting forth why Defendants did not think they were false or misleading, as understood by Defendants) is attached as Exhibit B.

20. For the Court's convenience. a true and correct copy of Lead Plaintiff's Revised Appendix A to Defendants' Motion to Dismiss (ECF No. 58) (a chart of the alleged false and misleading statements, where they were published, and identifying

why they were false or misleading,  as clarified by the Lead Plaintiff) is attached as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of March, 2024 in Berkeley, California.

*/s/ Reed R. Kathrein*
REED R. KATHREIN