# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br>CLASS ACTION |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ (collectively, "Defendants") by and through undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby respond to Lead Plaintiff Jared Thompson's First Request for Production.

**GENERAL OBJECTIONS**

1.     The Requests have a "Relevant Time Period" of January 1, 2020 "to the present." Defendants object to the breadth of the period as including periods of time that are not relevant to the parties' claims or defenses, nor proportional to the needs of the case. Pursuant to their objection, Defendants limit their response to January 1, 2021

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons related to Read's separation.**

**B.    Documents Related to Redwire's Tone at the Top and Weaknesses in Internal Controls**

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning Redwire's statements described in Redwire's April 1, 2022, Form 10-Q for the period ended September 20, 2021 (*see, e.g.,* Complaint ¶¶77–78) including:

> i)    "disclosure controls and procedures were not effective as of September 30, 2021, due to . . . material weaknesses in internal control over financial reporting.";

> ii)    "we did not maintain an effective control environment, as certain members of senior management failed to consistently message and set certain aspects of an appropriate tone at the top. Specifically, certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication."; and

16

iii)     statements relating to Redwire's internal control

Remediation Plans and/or Remediation Programs.

**RESPONSE:** Defendants object to Request 14 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the April 1, 2022 Form 10-Q (improperly identified in the Request as being for the period ending September 20, 2021). *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Additionally, the vast majority of the matters discussed in the Form 10-Q have no relation to the allegations of the Amended Complaint and are thus irrelevant and disproportionate to the needs of the case. Indeed, the only relevant portions of the Form 10-Q are those quoted in subparts (i)-(iii).

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants interpret the Request as seeking documents concerning the three statements made in the September 20, 2021 Form 10-Q as identified in subparts (i)-(iii). As so interpreted, Defendants continue to object based on overbreadth of the request for "all documents concerning," but agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.

**RESPONSE: Defendants agree to collect and produce the insurance policies responsive to this Request.**

Dated: July 20, 2023.

*/s/ Christian M. Leger*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**H. TIMOTHY GILLIS, ESQ.**
Florida Bar No. 0133876
tgillis@shutts.com
**JEFFREY S. YORK, ESQ.**
Flroida Bar No. 987069
jyork@shutts.com
**SHUTTS & BOWEN LLP**
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Telephone: (904) 899-9926

*Attorneys for Defendants*

70

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2023, a true and correct copy of the foregoing has been served via electronic mail to the following CM/ECF Participants and via U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000
Facsimile: 510-725-3001
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594

*Lead Counsel for Lead Plaintiff Jared Thompson*

and
Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and
David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485

*Liaison Counsel for Lead Plaintiff Jared Thompson*

/s/ Christian M. Leger
**ALFRED J. BENNINGTON, JR., ESQ.**

SBDOCS 305251 3

71