## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

## LEAD PLAINTIFF JARED THOMPSON'S MOTION
## TO COMPEL RULE 30(B)(6) TESTIMONY

### REDACTED PUBLIC VERSION PER ECF NO. 174

Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................. 1

II.   FACTUAL BACKGROUND ................................................. 2

III.  ARGUMENT ...................................................................... 7

    A.    Redwire's Objections are Untimely and Barred Under Rule 30(b)(6) .............................................................. 7

    B.    Redwire's Objections Lack Merit ...................................... 8

    1.    Redwire's Restriction of the Time Period for Witness Preparation and Corporate Testimony to January 1, 2022 through June 1, 2022 is Not Supported by Plaintiff's Current Knowledge of Facts. ............................................ 9

    2.    Plaintiff is not Limited to a Single 30(b)(6) Deposition. ................... 11

IV.   CONCLUSION .................................................................. 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Lawson v. Spirit AeroSystems, Inc.*,
  2020 WL 2101251 (D. Kan. Apr. 30, 2020)......................................................11

*Max v. Provident Life & Accident Ins. Co.*,
  2013 WL 12156102 (M.D. Fla. Apr. 22, 2013)............................................12, 13

*Schwarz v. City of Treasure Island*,
  2010 WL 11470984 (M.D. Fla. Oct. 12, 2010)....................................................8

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)...............................................................................11, 12

Fed. R. Civ. P. 26(b)(2)...............................................................................11, 12

Fed. R. Civ. P. 30 ............................................................................................12

Fed. R. Civ. P. 30(b)(6)................................................................................*passim*

Fed. R. Civ. P. 30(d)(1)....................................................................................12

Local Rule 3.01(g) .............................................................................................8

Lead Plaintiff Jared Thompson ("Plaintiff") moves the Court for an order compelling Defendant Redwire Corporation ("Redwire") to produce properly prepared Rule 30(b)(6) witnesses to provide deposition testimony covering the *requested* time period and with no artificial restriction to the number of 30(b)(6) depositions Plaintiff may take.

## I.    INTRODUCTION

Despite months of negotiations over Plaintiff's efforts to take a 30(b)(6) deposition of Redwire to help identify the location of relevant documents and witnesses, Redwire has refused to provide a witness without arbitrary conditions and late frivolous objections.

Most recently, Redwire waited until just days before the scheduled deposition in February 2024, which had originally been noticed in September 2023, to serve formal objections to Plaintiff's 30(b)(6) notice, forcing a last-minute postponement. While many of these objections are now resolved, Redwire succeeded in delaying the deposition and continues to refuse to prepare a witness to testify regarding events prior to January 1, 2021, even though the limited discovery to date indicates that relevant events took place as early as 2020, and Plaintiff does not know how far the conduct which is the source of Defendants' revelations at the end of the class period goes back. Furthermore, Redwire maintains that Plaintiff is limited to a single seven-hour deposition on all topics, ignoring the Federal Rules' lack of such a restriction

- 1 -

and the clear need for additional time to thoroughly examine the witness on these critical issues.

With the deadline for merits discovery rapidly approaching on August 5, 2024, Redwire's tactics threaten to deprive Plaintiff of crucial discovery needed to locate documents and witnesses and to obtain discovery on them, as well as deposition testimony to prove his and the class's claims. The Court should compel Redwire to produce a properly prepared 30(b)(6) witness with no restriction on the time period as long as it is relevant to the topic and without arbitrary limits on the number or duration of depositions. The Court should also find that Redwire's untimely objections are barred under Rule 30(b)(6).

## II.    FACTUAL BACKGROUND

This securities fraud class action is based on Redwire's disclosures that it had deficient "tone at the top" and internal control material weaknesses and the announcement of the departure of Defendant CFO William Read. Defendants' initial disclosures served on June 2, 2023 state that the only documents Defendants may use to support their defenses are those already public documents "filed with the U.S. Securities and Exchange Commission." *See* Declaration of Reed Kathrein ("Kathrein Decl."), ¶ 3. Nonetheless, Plaintiff served document requests and interrogatories on Defendants on May 19, 2023, and after an extension, Defendants responded on July 20, 2023. *Id.*, ¶ 4.

Principally, Defendants claimed privilege for most of the relevant documents and insisted on doing their own key word search for other documents (without any input from Plaintiff). *Id.*[1] To date, Defendants have produced less than 1,400 documents they deemed as "responsive" after reviewing approximately 30,000 documents identified through their keyword search. *Id.* The production also includes a small number of "known" responsive documents identified without any search tool. *Id.* Because of this paltry production which bears little on shedding any light on the underlying basis for Defendants' disclosures, Plaintiff insisted on an expanded list of key words, and negotiations persisted for months as Defendants have claimed undue burden and expense with Plaintiff's search term requests. *Id.*

In the interim, to help break this purported burden logjam, Plaintiff served Defendants with a 30(b)(6) notice on September 6, 2023 to identify documents and witnesses to the facts underlying Redwire's disclosures, streamline discovery, and test Defendants' privilege and work product assertions over underlying documents they refused to produce. *Id.*, ¶ 6 and Ex A.

After service of the Notice, Defendants orally objected and the parties conferred over the following months to try to resolve Defendants' objections, identify a witness for the deposition, and select the deposition date. *Id.*, ¶ 8. During

---

[1] Separately, Plaintiff will be filing a motion on the insufficiency of Defendants' categorical privilege log.

an October 26, 2023 meet and confer, Plaintiff informed Redwire that Plaintiff would prioritize two topics – "tone at the top" and Defendant Read's departure from Redwire – and proposed the deposition take place in late November or early December. *Id*. Despite this request, discussions dragged and on December 14, 2023, Plaintiff agreed to put off, for the time being, all subjects other than the two prioritized topics. *Id.*, ¶ 9. Plaintiff also agreed that the deposition on these two topics would take no longer than seven (7) hours as Defendants stated that the 30(b)(6) designee would likely be one person. *Id*.

Based on an understanding that all objections were resolved, on December 21, 2023, Plaintiff served the Amended Notice with the agreed-upon topics: (1) Redwire's "tone at the top" disclosure and (2) the departure of former CFO William Read, with subtopics addressing the identity and location of the documents and facts underlying the two main topics. *Id.*, ¶ 10. and Ex. B. On January 10, 2024, Redwire proposed February 21, 2024 for the date of the 30(b)(6) deposition and stated that 30(b)(6) designee might be Defendant Peter Cannito. *Id.*, ¶ 11. On January 17, 2024, Defendants reconfirmed the February 21, 2024 deposition date and stated that formal written objections to the Amended Notice would be forthcoming. *Id*.

On January 24, 2024, Plaintiff confirmed the February 21, 2024 deposition date, and requested that Redwire confirm the identity of the 30(b)(6) designee. *Id.*, ¶ 12. Plaintiff followed-up with Redwire, again, on February 5, 2024 and February

- 4 -

8, 2024. *Id.*, ¶ 13. Finally, on February 9, 2023, Redwire confirmed the designee would be Peter Cannito, and stated written objections would be forthcoming by the end of the day or the following day. *Id.*, ¶ 14. They never came. Instead, on February 12, 2024, only nine days before the scheduled deposition, Plaintiff was served with ten pages of objections. *Id.*, ¶ 15 and Ex. C.

Until receiving the ten pages of written objections, Redwire had given no indication that it would refuse to prepare a witness on the topics in the original or Amended Notice. *Id.*, ¶ 15 . Redwire now claimed that it need not provide testimony on plainly relevant topics going to the heart of Plaintiff's claims, including (1) any testimony on events occurring prior to the September 2, 2021 consummation of the merger between Redwire and GPAC; (2) the identity of persons with knowledge because they might be "individuals whose identification is unforeseeable"; and (3) the identity and location of relevant documents and ESI related to the "tone at the top" disclosure and Defendant Read's departure from Redwire. *Id.*, Ex. C at 2, 5, 7, 10.

After receiving the written objections, the parties met and conferred on February 14, 2023. *Id.*, ¶ 16. The parties were unable to resolve Redwire's objections, so the February 21, 2024 30(b)(6) deposition of Redwire through designee/Defendant Cannito was suspended. *Id.*

Plaintiff responded to Redwire's objections on February 20, 2024, and made repeated requests for a meet and confer that week. *Id.*, ¶ 17.  Defendants claimed they were not able to meet until February 26, 2024. *Id.*

The parties have since resolved many of Defendants' objections but two disputes remain:

- First, Redwire maintains that the relevant time period for witness preparation and testimony should be January 1, 2021 to June 1, 2022. *Id.*, ¶ 18.

- Second, Redwire maintains Plaintiff does not have the ability to notice additional 30(b)(6) topics as a matter of right. Rather, Plaintiff is entitled to a single, 7-hour corporate representative deposition on the topics set forth in the Amended Notice.  *Id.*

Given Redwire's position on Plaintiff's ability to notice additional 30(b)(6) topics, Plaintiff served a draft notice of additional 30(b)(6) topics on March 5, 2024. (the "Second Notice"). *Id.*,  ¶ 19 and Ex. D.  The additional topics concerned the facts underlying Redwire's internal control deficiencies and remediation efforts disclosed in March and April 2022, any whistleblower complaints received by Redwire from January 1, 2021 to June 30, 2022, the decision to reschedule Redwire's earnings for the third quarter ended September 30, 2021, and the Audit

- 6 -

Committee investigation of the November 2021 whistleblower complaint. *Id.*, Ex. D.

Redwire served objections on March 25, 2024. *Id.*, ¶ 20 and Ex. E. Redwire continues to object to the time period of the Second Notice – January 1, 2020 to June 30, 2022 – and maintains that it will only prepare a witness covering events from January 1, 2021 to June 1, 2022, and not as early as January 1, 2020 as requested. *Id.*, Ex. E at 2-3. Redwire further states that it *might* offer only one corporate representative, and that the deposition would be limited to seven hours to address all topics. *Id.*, Ex. E at 3. Redwire also maintains that once Plaintiff takes the 30(b)(6) deposition, it would be improper to serve additional 30(b)(6) notices. *Id.*

The parties had additional discussions regarding the notices on April 11, 2024, but were unable to resolve the remaining issues. *Id.*, ¶ 21.

### III.   ARGUMENT

**A.   Redwire's Objections are Untimely and Barred Under Rule 30(b)(6)**

Federal Rule of Civil Procedure 30(b)(6) requires that a party's objections be made "[b]efore or promptly after the notice or subpoena is served" in order to facilitate meaningful conferral over the scope of corporate testimony. *See* Fed. R. Civ. P. 30(b)(6). By contrast, after six months of negotiations, Redwire withheld additional objections to the Amended Notice until mere days before the deposition. *See* Kathrein Decl., ¶ 15. Similarly, Defendants waited nearly three weeks to provide

written objections to the Second Notice. *Id.*, ¶ 20.

Many of these objections, including Redwire's now withdrawn assertion that it need not provide testimony on its activities pre-dating the September 2, 2021 merger, were resolved during the meet and confer process. *Id.*, ¶ 18. Nonetheless, the objections raised new roadblocks and delayed Plaintiff's efforts to obtain basic discovery about the key issues in the case. With discovery deadlines approaching, Defendants' actions are running down the clock. As such, the Court should rule that its remaining objections are untimely and barred under Rule 30(b)(6). *See, e.g., Schwarz v. City of Treasure Island,* 2010 WL 11470984, at *5 (M.D. Fla. Oct. 12, 2010) ("When defense counsel initially received the Plaintiffs' Rule 30(b)(6) inquiry, defense counsel voiced no objections to any of the topics proposed. This Court, applying the spirit of Local Rule 3.01(g), could have justifiably concluded that the Defendant had waived any objections.").

**B.    Redwire's Objections Lack Merit**

In addition to being untimely, Redwire's remaining objections lack merit across the board. The objections are emblematic of a playbook designed to obstruct, rather than promote, discovery of key facts going to the core allegations in Plaintiff's complaint. The following section summarizes the lack of merit behind each objection.

- 8 -

**1. Redwire's Restriction of the Time Period for Witness Preparation and Corporate Testimony to January 1, 2021 through June 1, 2022 is Not Supported by Plaintiff's Current Knowledge of Facts.**

The Amended Notice defines the relevant period for testimony as January 1, 2020 to the present.  *See* Kathrein Decl., Ex. B at 6.  The Second Notice's relevant period is January 1, 2020 to June 30, 2022. *Id.*, Ex. D at 5.  Redwire maintains that a relevant period beginning in 2020 is "not relevant to the parties' claims or defenses, nor proportional" because the events alleged in the operative complaint "begin in early 2021 and run through June 1, 2022." *Id.*, Ex. C at 3; *see also id.*, Ex. E at 2. Redwire therefore agreed to prepare the witness for the time period of "January 1, 2021 through June 1, 2022" for both notices.  *Id.*, Ex. C at 3; Ex. E at 2.

But just because the Class Period starts on one date does not mean the conduct was not known prior. Indeed, in securities fraud, the conduct must precede the first false or misleading statement in order for it to be false or misleading. Notably, the limited discovery to date shows relevant events occurred in 2020.  For example, PricewaterhouseCoopers LLP's privilege log identifies documents relevant to the Audit Committee investigation dated as early as March 2020.  *See* Kathrein Decl., Ex. F. Redwire has also produced a January 2021 presentation from Ernst & Young, a portion of which addresses Redwire's internal controls over financial reporting. *See id.*, Ex. G at RDW-0000372, -377. ████████████████

███████████████████████████████████████

████████████████████████████████████████████████████. *Id.* at RDW-0000363. Clearly this ██████████████ had to have occurred prior to the January 2021 presentation and would be relevant to the internal control and remediation topics. Similarly, a document produced by another third party, Genesis Park Holdings, states ████████████████████████████████ ████████████████████████████████████████████████████ ██████████████. *See id.*, Ex. H, GPH_Redwire_00000095 at -147-48. Based on this information, Redwire cannot credibly claim that relevant events did not occur prior to January 1, 2021.

Moreover, since Plaintiffs do not know when the "tone at the top" conduct began, and when Defendants first had knowledge of it, artificially limiting testimony based on a time period as to that and other topics related to their disclosures is improper if that testimony relates to the basis of their disclosures. In fact, Defendants must know through their own review of the claimed privileged documents, which underlie their disclosures, how far back the conduct actually goes. It may likely go back well before 2020.

Redwire's proportionality objection is also weak. Preparing a witness to testify on what documents may exist and their location is less burdensome than the search term only document production Defendants want to engage in, which by its nature is imprecise and will overlook responsive documents based on their refusal

to use Plaintiff's search terms on the basis of their undue burden claims.  Therefore, the 30(b)(6) depositions are more than proportional to the needs of this case given the import of the topics and Defendants' seeming inability to produce relevant documents. *See* Fed. R. Civ. P. 26(b)(1) (noting a factor in considering proportionality is "whether the burden or expense of the proposed discovery outweighs its likely benefit"). Regardless, limited document production is "not an adequate substitute for [a] Rule 30(b)(6) deposition," *see Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 2101251, at *10 (D. Kan. Apr. 30, 2020), and should not guide the contours of 30(b)(6) testimony.

Finally, Plaintiff, has never agreed to limit all discovery to the period from January 1, 2021 to June 1, 2022. *Id.*, ¶ 5.  Any agreement to limit Defendants' initial production of documents to that date range – before any discovery had occurred – was made in reservation of all rights to seek discovery from outside that period.  *Id*.

Accordingly, the witness should be prepared to testify on relevant events beginning at least in January 2020, or however long back the acts that form the basis of the disclosures occurred and running through the completion of any investigation forming the basis of the disclosures and the end of remediation.

### 2.  Plaintiff is not Limited to a Single 30(b)(6) Deposition.

Redwire claims Plaintiff is only entitled to a "single corporate representative deposition," limited to one (1) day of seven (7) hours.  *See* Kathrein Decl., Ex. C at

4; *see also id.*, Ex. E at 3. The Federal Rules have no such limitation. *See, e.g., Max v. Provident Life & Accident Ins. Co.*, 2013 WL 12156102, at *2 n.2 (M.D. Fla. Apr. 22, 2013) ("Defendants overlook that the seven-hour deposition limit does not apply to Rule 30(b)(6) depositions if multiple persons testify in response to the deposition topics."). Nor has Plaintiff "abandoned" any discovery topics. *See* Kathrein Decl., Ex. C at 4; *id.*, Ex. E at 3 n 1. The withdrawal of the other original topics was to prioritize discovery of critical facts, witnesses, and documents to aid in further discovery. *Id.*, ¶ 8.

A "fair examination" of Redwire's witness on these seven critical topics may require more than seven hours. *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent [.]"); *see also* Fed. R. Civ. P. 30, Advisory Comm. Notes to 1993 Amend. ("It is anticipated that limits on the length of depositions prescribed by local rules would be presumptive only . . . Additional time [] should be allowed under the revised rule when justified under the principles stated in Rule 26(b)(2).") Thus, Plaintiff requests that Defendants' 30(b)(6) witness sit for a deposition, if need be, for as much as ten hours spread over two days if necessary to cover the seven topics in the Amended and Second Notice.

Finally, there is no limitation on the number of 30(b)(6) depositions beyond the limit on all depositions. Plaintiff has the right to seek other relevant, discoverable

information pursuant to additional 30(b)(6) notices that may be served as discovery continues. *See Max*, 2013 WL 12156102, at *2 n.2 (granting motion to compel second 30(b)(6) deposition and noting that "[a]lthough Defendants produced only one witness, the Court will not preclude Plaintiff from obtaining otherwise discoverable information pursuant to the notice."). The potential need for additional 30(b)(6) testimony is particularly heightened here, based on efforts by Defendants to thwart discovery into the key issues of this case. *See supra*, § II.

## IV.   CONCLUSION

Plaintiff respectfully requests that the Court enter an order (1) compelling Redwire to produce a properly prepared Rule 30(b)(6) witness to provide deposition testimony for whatever time period formed the basis of the disclosures and the Audit Committee investigation until the resolution of the required remediation of Redwire's internal controls, (2) ordering the witness or witnesses to be prepared to sit for as much as ten hours spread over two days if necessary for the topics requested, and (3) making clear that Plaintiff can notice and take other 30(b)(6) depositions as allowed under the Federal Rules of Civil Procedure.

Dated: April 25, 2024                   Respectfully submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By: *s/ Reed R. Kathrein*
                                            Reed R. Kathrein (Fla. Bar. No. 262161)
                                        Lucas E. Gilmore (admitted *pro hac vice*)
                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA 94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        Email: reed@hbsslaw.com
                                        Email: lucasg@hbsslaw.com

                                        Steve W. Berman (admitted *pro hac vice*)
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA 98101
                                        Telephone: (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        Email: steve@hbsslaw.com

                                        Peter A. Shaeffer (admitted *pro hac vice*)
                                        petersh@hbsslaw.com
                                        455 N. Cityfront Plaza Drive, Suite 2410
                                        Chicago, IL 60611
                                        Telephone: (708) 628-4949
                                        Facsimile: (708) 628-4950

                                        *Lead Counsel for Lead Plaintiff*
                                        *Jared Thompson*

                                        Brian Schall (admitted *pro hac vice*)
                                        THE SCHALL LAW FIRM
                                        2049 Century Park East, Suite 2460
                                        Los Angeles, CA 90067
                                        Telephone: (424) 303-1964
                                        brian@schallfirm.com

                                        *Additional Counsel for Lead Plaintiff*
                                        *Jared Thompson*

- 14 -

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

- 15 -

## LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that on February 14, 2024,  February 26, 2024, and April 11, 2024, Plaintiff's counsel conferred with counsel for Defendants regarding the relief requested in this Motion, Defendants' counsel indicated that they do not agree with any of the relief sought in this Motion, and the conferences referenced herein occurred via videoconference between the undesigned and Defendants' counsel, Alfred J. Bennington, Jr., Glennys Ortega Rubin, and Benjamin F. Elliot.

/s/   *Reed R. Kathrein*
Reed R. Kathrein