UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>            v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>                                    Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

**DECLARATION OF REED R. KATHREIN IN SUPPORT OF LEAD
PLAINTIFF JARED THOMPSON'S MOTION
TO COMPEL RULE 30(B)(6) TESTIMONY**

I, Reed R. Kathrein, declare as follows:

1.       I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), counsel for Proposed Class Representative Jared Thompson in this action. Along with my Hagens Berman colleagues Steve Berman and Lucas Gilmore, I was appointed by the Court as Lead Counsel by Order dated April 4, 2022. *See* ECF No. 43.

2.       I submit this declaration in support of Lead Plaintiff' Jared Thompson's ("Plaintiff") motion to compel Rule 30(b)(6) testimony. I have personal knowledge of the matters described in this declaration and I am competent to testify thereto.

3.       On June 2, 2023, Defendants served their initial disclosures.  The disclosures stated that the only documents Defendants may use to support their defenses are public documents "filed with the U.S. Securities and Exchange Commission."

4.       Plaintiff served document requests and interrogatories on Defendants on May 19, 2023.  After a stipulated extension, Defendants responded on July 20, 2023.  Defendants claimed privilege for most of the relevant documents, and insisted on performing their own keyword search for responsive documents without any input from Plaintiff.  To date, Defendants have produced less than 1,400 documents deemed "responsive" after reviewing approximately 30,000 documents identified through their unilateral keyword search. The produced documents also include

- 1 -

"known" responsive documents not identified through any search tool.  In light of this limited production, Plaintiff insisted on an expanded list of key words and negotiations have persisted for months based on Defendants' claim of undue burden.

5.      During meet and confer discussions over Defendants' initial document production, Plaintiff never agreed to limit all discovery to the period from January 1, 2021 to June 1, 2022.  Rather, any agreement to limit Defendants' *initial* document production to that date range was made before any substantive discovery had occurred and in reservation of rights to seek discovery from outside that period.

6.      In the interim, to help facilitate discovery, Plaintiff served Defendant Redwire Corporation ("Redwire" or the "Company") with a Federal Rule of Civil Procedure 30(b)(6) deposition notice on September 6, 2023.  A true and correct copy of the Notice served on Redwire by Plaintiff is attached as Exhibit A.

7.      Plaintiff's goal in serving the 30(b)(6) Notice early in discovery was to use the deposition testimony to identify documents and witnesses linked to the facts underlying Redwire's disclosures, streamline discovery, and test the privilege and work product assertions made by Defendants over the relevant documents they refused to produce.

8.      After service of the Notice, Plaintiff and Redwire conferred extensively to narrow the subject matters of the deposition, resolve Defendants' oral objections, identify a witness, and select a deposition date.  Specifically, over the course of an

October 26, 2023 meet and confer, Plaintiff informed Redwire that Plaintiff wished to prioritize the "tone at the top" and "William Read" topics at the deposition. Plaintiff also requested that the deposition take place in late November or early December. Plaintiff's proposal to focus on two topics was meant to prioritize discovery of critical facts, witnesses, and documents to aid in further discovery.

9. After further discussions, on December 14, 2023, Plaintiff agreed to drop, for the time being, all subjects other than the two prioritized topics. Plaintiff also agreed that the deposition would take no longer than seven (7) hours to cover the two subjects, and Defendants stated that the 30(b)(6) designee would likely be one person.

10. With the understanding that all objections were resolved, on December 21, 2023, Plaintiff served the Amended Notice with the agreed-upon topics – Redwire's "tone at the top" disclosure and the departure of CFO Defendant Read. The subtopics included the identity and location of the documents and facts underlying the "tone at the top" disclosure and Defendant Read's departure. A true and correct copy of the Amended Notice served on Redwire by Plaintiff is attached as Exhibit B.

11. During a meet and confer on January 10, 2024, Redwire proposed February 21, 2024 for the date of the 30(b)(6) deposition. Redwire also indicated that the designee might be Defendant Peter Cannito, although no final decision had

- 3 -

been made.  On January 17, 2024, Defendants reconfirmed the February 21, 2024 deposition date and stated that written objections to the Amended Notice would be forthcoming.

12.     The following week, January 24, 2024, Plaintiff confirmed with Redwire that February 21, 2024 would work as the deposition date.  Plaintiff also requested that Redwire confirm the identity of the 30(b)(6) designee.

13.     After receiving no response from Redwire confirming the designee nor attaching written objections, Plaintiff followed up on February 5, 2024 and February 8, 2024 to inquire about the status of both.

14.     Redwire finally confirmed that Defendant Cannito would be the designee on February 9, 2024, and stated that written objections would follow at the end of the day or the following day at the latest.

15.     On February 12, 2024, Redwire finally served its written objections, only nine (9) days before the scheduled February 21, 2024 deposition.  Until receiving the ten pages of written objections, Redwire had given no indication that it would refuse to prepare a witness on the topics in the Amended Notice.  Pursuant to the written objections, Redwire now claimed that it would not provide testimony on plainly relevant topics going to the heart of Plaintiff's claims, including any testimony on events occurring prior to the September 2, 2021 consummation of the merger between Redwire and GPAC, the identity of persons with knowledge

- 4 -

because they might be "individuals whose identification is unforeseeable," and the identity and location of relevant documents and ESI related to the "tone at the top" disclosure and Defendant Read's departure from Redwire. A true and correct copy of the written objections served on February 12, 2024 is attached as Exhibit C.

16. The parties met and conferred on February 14, 2023 to discuss Redwire's objections. The parties were unable to resolve their dispute so the deposition was suspended.

17. Plaintiff served written responses to Redwire's objections on February 20, 2024, and made repeated attempts to set up a meet and confer before the end of the week. Defendants claimed they were not able to meet until February 26, 2024.

18. On February 26, 2024, the parties held a meet and confer over the Rule 30(b)(6) objections. Although the parties resolved many of Defendants' objections, two disputes remained. First, Redwire maintained that the relevant time period for witness preparation and testimony should be January 1, 2021 to June 1, 2022. Second, Redwire maintained Plaintiff does not have the ability to notice additional 30(b)(6) topics as a matter of right. Rather, Redwire asserted that Plaintiff is entitled to a single, 7-hour corporate representative deposition on the topics set forth in the Amended Notice.

19. In light of Redwire's position concerning Plaintiff's right to notice additional 30(b)(6) topics, Plaintiff served a draft notice of additional 30(b)(6) topics

on March 5, 2024 (the "Second Notice"). A true and correct copy of the Second Notice served on Redwire by Plaintiff is attached as Exhibit D.

20. Redwire served objections on March 25, 2024. Redwire maintained its objections to the time period of the Second Notice – January 1, 2020 to June 30, 2022. Redwire further confirmed that it would offer only one corporate representative to address the topics in the Amended Notice and Second Notice, and the deposition would be limited to seven hours to address all topics. Redwire also maintained that once Plaintiff takes the 30(b)(6) deposition, it would be improper to serve additional 30(b)(6) notices. A true and correct copy of the written objections served on Plaintiff on March 25, 2024 is attached as Exhibit E.

21. Plaintiff and Defendants held additional discussions on April 11, 2024, but were unable to resolve the remaining issues related to the notices.

22. Attached as Exhibit F is a true and correct copy of the PricewaterhouseCoopers LLP's privilege log served on February 23, 2024.

23. Attached as Exhibit G are excerpts from a true and correct copy of a draft presentation to Redwire dated January 2021. The presentation was attached to a January 15, 2021 email. The email and attachment were produced as part of this litigation and are Bates-numbered RDW-0000360 through RDW-0000386.

24. Attached as Exhibit H are excerpts from a true and correct copy of a presentation to the Genesis Park Acquisition Corp board dated February 11, 2021.

- 6 -

The presentation was produced as part of this litigation pursuant to a document subpoena and is Bates-numbered GPH_Redwire_00000095 through GPH_Redwire_00000201.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 25th day of April, 2024 in Berkeley, California.

*/s/ Reed R. Kathrein*
REED R. KATHREIN