# EXHIBIT D

Reed Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:  reed@hbsslaw.com
          lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jared Thompson*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants | Case No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S SECOND 30(b)(6) NOTICE OF VIDEOTAPED DEPOSITION TO DEFENDANT REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP.**<br><br>CLASS ACTION |

LEAD PLTFF'S 2ND 30(B)(6) NOTICE OF
VIDEOTAPED DEPOSITION
CASE NO. 3:21-CV-01254-TJC-PDB

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned counsel, will take the deposition of Defendant Redwire Corporation f/k/a Genesis Park Acquisition Corporation ("Redwire" or the "Company") on a date to be agreed upon by the parties, and at a location mutually agreed upon by the parties.

Pursuant to Rule 30(b)(6), Redwire must designate and produce one or more representatives, as may be required, who possess(es) the most knowledge to testify on Redwire's behalf for each of the topics of examination identified below. Lead Plaintiff requests that Redwire produce a copy of each designated representative's current curriculum vitae or resume at least two business days before the deposition.

The deposition(s) will be taken before a person authorized to by law to administer oaths, pursuant to Rule 28, and will proceed in accordance with the Federal Rules of Civil Procedure. The deposition(s) will be recorded by stenographic and audiovisual means and will continue from day to day until completed, excluding Saturdays, Sundays, and Court-recognized holidays.

Lead Plaintiff reserves the right to notice and conduct one or more Rule 30(b)(6) depositions of Redwire on separate, non-duplicative topics.

**Duty to Designate**

By designating a representative, Redwire indicates its representative has authority to speak on its behalf on the matters listed in the notice – not only to facts, but also to subjective beliefs and opinions.[1]

**Duty to Substitute**

If it becomes clear that the chosen representative is unable to respond to questions on the matters listed in this notice for which he or she has been designated, Redwire must immediately provide a substitute knowledgeable witness. This is required even if Redwire's initial designation was made in good faith.[2]

---

[1] *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).

[2] *Miller v. Johnson & Johnson*, 2014 WL 12617444, at *3 (M.D. Fla. July 14, 2014).

**Duty to Prepare**

The testimony elicited in the deposition represents Redwire's knowledge, not the individual deponent's knowledge.  Pursuant to Rule 30(b)(6), Redwire must conduct a thorough investigation in response to the deposition notice and must prepare a witness to testify to all maters "known or reasonably available to the organization."  Therefore, if Redwire's designee is not knowledgeable about the matters specified in the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.[3]

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain.[4]  An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.[5]

## DEFINITIONS

1.    "Action" refers to the above-captioned action.

2.    "All," "any" or "each" shall each be construed as encompassing any and all.

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4.    "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means including, but not limited to, personal delivery, speech, writings, Documents (as defined herein), language (machine, foreign, or otherwise) of any kind, computer electronics or Electronically-Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind. The term "Communication" also

---

[3] *Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, 2018 WL 11319090, at *2–3 (M.D. Fla. Dec. 28, 2018); *Hannah v. Armor Corr. Health Servs., Inc.*, 2020 WL 10692760, at *4 (M.D. Fla. June 30, 2020).

[4] *Hannah*, 2020 WL 10692760, at *4.

[5] *Dragon Jade Int'l, Ltd.*, 2018 WL 11319090, at *2-3.

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION                -2-
Case No. 3:21-CV-01254-TJC-PDB

includes, without limitation, all inquiries, discussions, conversations, Correspondence (as defined herein), negotiations, agreements, presentations, understandings, meetings (as defined herein), notices, requests, responses, demands, complaints, press, publicity, or trade releases.

5.    "Complaint" refers to the First Amended Complaint filed on June 17, 2022 (ECF No. 47) in this Action. As used herein, the paragraph symbol (¶) followed by a specific number refers to the corresponding numbered paragraph of the Complaint and the allegation or information contained therein.

6.    "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, smartphone message, or any other writing containing a Communication from one person or persons to another person or persons.

7.    "Document" is intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, electronic or computerized data compilations; electronic file backup tapes; hard drives and images of hard drives; all drafts; Communications; Correspondence; memoranda; records; presentations; books; manuals; reports and summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes, transcripts and summaries of meetings (as defined herein) or conferences; records and reports of consultants; press releases; stenographic, handwritten, or any other notes; work papers; checks and check vouchers; check stubs and receipts; statements, scripts, questions and answers ("Q&A's"), transcripts of testimony, subpoenas and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. A draft or nonidentical copy of any Document is a separate Document within the meaning of this term.

8.    "Electronically-Stored Information" or "ESI" - unless otherwise superseded in this case by an Order Governing the Use of Electronically-Stored Information, ESI is defined herein to include the following:

(a)    all items covered by Fed. R. Civ. P. 34(a)(1)(A);

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION         -3-
Case No. 3:21-CV-01254-TJC-PDB

(b) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.);

(c) files, information, or data saved on backup tapes or hard drives;

(d) internal or external web sites;

(e) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

(f) activity listings of electronic mail receipts and transmittals; and any and all items stored on computer memories, hard disks, USB flash drives, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (e.g., iPads), hand-held wireless devices (e.g., iPhones, Android, or BlackBerry smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

9. "Inappropriate Conduct" refers to the questionable accounting or auditing matters as detailed in the Whistleblower Policy adopted on September 2, 2021.

10. "Including" is used to emphasize the type of Document requested and does not limit the request in any way.

11. "Person" or "persons" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

12. "Redwire" refers to Redwire Corporation f/k/a Genesis Park Acquisition Corporation and any of its subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, including Old and New Redwire as referred to in the Complaint, and any present and

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION                    -4-
Case No. 3:21-CV-01254-TJC-PDB

former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, accountants, attorneys, advisors, and all other persons and agents acting or purporting to act on its behalf.

13.    "Refer" or "Relate" or "Referring" or "Relating" means reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

14.    "SEC" means the United States Securities and Exchange Commission and any Employee, agent, representative, or subdivision thereof.

15.    "Whistleblower Complaint(s)" means any whistleblower complaint(s) relating to accounting or auditing matters, internal controls over financial reporting, "tone at the top," or other related Inappropriate Conduct.

16.    "You" "Your" or "Yours" means Redwire, and all other persons acting or purporting to act on Redwire's behalf, including, but not limited to, the Individual Defendants and Your Employees, in-house and external attorneys, accountants, representatives, agents, or other persons purporting to act on behalf of Redwire.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period for these topics is January 1, 2020, to the June 30, 2022.

## DESIGNATION OF TESTIMONY

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Redwire must designate and produce one or more representative to testify about information known or reasonably available to Redwire on the following topics:

**A.    Basis of internal controls over financial reporting deficiencies disclosed in March and April 2022.**

The basis for Redwire's disclosures regarding internal control deficiencies on March 31, 2022, April 1, 2022, and April 11, 2022 set forth in Complaint ¶¶ 75, 77-80, and 107, and how they differed from prior disclosures regarding internal control deficiencies and related material audit

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION            -5-
Case No. 3:21-CV-01254-TJC-PDB

adjustments contained in SEC filings during the Class Period (*see e.g.,* Complaint ¶¶ 52, 54, 59-60, 99-100) including:

    a. Facts gathered and/or considered in preparing the disclosures.

    b. The identity of Persons, outside auditors, or outside counsel involved in preparing the disclosures or who have knowledge of the basis of those disclosures.

    c. The identification, location, and custodians of Documents and Communications underlying and supporting or used in the preparation of Redwire's disclosures.

**B.    Basis of remediation efforts for internal controls over financial reporting disclosed in April 2022.**

The basis for Redwire's disclosures regarding measures to remediate the deficiencies in Redwire's internal controls on April 1, 2022 and April 11, 2022, and how they differed from prior disclosures regarding remediation efforts contained in SEC filings during the Class Period (*see e.g.,* Complaint ¶¶ 52, 54, 59-60, 78-80, 101) including:

    a. Facts gathered and/or considered in preparing the disclosures.

    b. The identity of Persons, outside auditors, or outside counsel involved in preparing the disclosures or who have knowledge of the basis of those disclosures.

    c. The identification, location, and custodians of Documents and Communications underlying and supporting or used in the preparation of Redwire's disclosures.

**C.    Whistleblower complaints from January 1, 2021 to June 30, 2022.**

All complaints, reports, or other information received by Redwire from Dan Gievers or any other whistleblower concerning "tone at the top," accounting issues, false representations, fraud, and/or internal controls including:

    a. The identity of all individuals at Redwire who received, reviewed, or were made aware of the complaints from Gievers or other whistleblowers.

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION    -6-
Case No. 3:21-CV-01254-TJC-PDB

b. All actions taken by Redwire to investigate the allegations raised in the whistleblower complaints, including but not limited to identifying all individuals interviewed, Documents reviewed, and any other investigative steps.

c. All findings, conclusions, and determinations made by Redwire as a result of its investigation(s) into any whistleblower allegations.

d. All remedial or corrective actions, if any, taken by Redwire in response to the findings of its investigation(s).

e. All communications between Redwire and the whistleblowers or any third parties including auditors or outside counsel regarding Redwire's investigation(s) and findings.

f. Redwire's policies and procedures during the relevant time period for receiving, investigating and addressing employee complaints or reports of misconduct.

g. The Identity of Persons, outside auditors, or outside counsel involved in responding to the Gievers' Whistleblower Complaint.

h. The decision to disclose the Gievers' Whistleblower Complaint in the November 10, 2021 press release.

i. The disclosure of the Gievers' Whistleblower Complaint to the SEC.

**D.    The decision to reschedule Redwire's earnings announcement for the third quarter ended September 30, 2021.**

The basis for Redwire's disclosure announcing the decision to reschedule Redwire's earnings announcement for the third quarter ended September 30, 2021 and all subsequent disclosures announcing decisions to defer the earnings announcement including:

a. Facts gathered and/or considered in preparing the disclosures.

b. The identity of Persons, outside auditors, or outside counsel involved in preparing the disclosures or who have knowledge of the basis of those disclosures.

c. The identification, location, and custodians of Documents and Communications underlying and supporting or used in the preparation of Redwire's disclosures.

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION         -7-
Case No. 3:21-CV-01254-TJC-PDB

**E.    The Audit Committee's investigation of the Gievers' Whistleblower Complaint.**

a.  The scope of the Audit Committee's investigation, and whether it went beyond the alleged accounting or auditing matters detailed in the Gievers' Whistleblower Complaint.

b.  The Identity of Persons involved in the Audit Committee Investigation.

c.  The Identity of witnesses interviewed during the Audit Committee's investigation into the Gievers' Whistleblower Complaint.

d.  All facts gathered and/or considered over the course of the Audit Committee investigation.

e.  The identification, location, and custodians of Documents and Communications relating to the Audit Committee Investigation.

f.  The roles of King & Spalding LLP, Kirkland & Ellis LLP, and KPMG LLP to assist in the Audit Committee investigation.

g.  Any sharing of information, documents, findings, and/or conclusions with the SEC or other governmental regulators.

h.  Any changes to Redwire's policies resulting from the Audit Committee investigation.

i.  Any disciplinary action(s), including employee termination, resulting from the Audit Committee's investigation.

DATED:  March XX, 2024                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*

Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION         -9-
Case No. 3:21-CV-01254-TJC-PDB

## **CERTIFICATE OF SERVICE**

I, Reed R. Kathrein, hereby certify that on March XX, 2024, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S SECOND AMENDED 30(b)(6) NOTICE OF VIDEOTAPED DEPOSITION TO DEFENDANT REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP. to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March XX, 2024.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

LEAD PLTFF'S 2ND AMENDED 30(B)(6)
NOTICE OF VIDEOTAPED DEPOSITION          -10-
Case No. 3:21-CV-01254-TJC-PDB