# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

## LEAD PLAINTIFF JARED THOMPSON'S MOTION TO COMPEL DOCUMENT-BY-DOCUMENT PRIVILEGE LOGS

### UNREDACTED PER ECF NO. 174

Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jared Thompson*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................1

II.   FACTUAL BACKGROUND........................................................................3

III.  ARGUMENT.........................................................................................7

      A.    Preparing A Document-by-Document Log is Not
            "Unduly Burdensome" for Defendants ..................................................8

      B.    A Document-by-Document Log Would Provide a
            "Material Benefit" to Plaintiff in Assessing Defendants'
            Privilege Claims ..............................................................................9

IV.   CONCLUSION....................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aenergy, S.A.*,
451 F. Supp. 3d 319 (S.D.N.Y. 2020) ..................................................................8

*Aviles v. S&P Glob., Inc.*,
583 F. Supp. 3d 499 (S.D.N.Y. 2022) ................................................................13

*Gutter v. E.I. Dupont de Nemours & Co.*,
1998 WL 2017926 (S.D. Fla. May 18, 1998).....................................................12

*Lights Out Holdings, LLC v. Nike, Inc.*,
2015 WL 11254687 (S.D. Cal. May 28, 2015) ..................................................10

*Neelon v. Krueger*,
2015 WL 1037992 (D. Mass. Mar. 10, 2015) ....................................................11

*Ret. Sys. v. Apple Inc.*,
2022 WL 3083000 (N.D. Cal. Aug. 3, 2022) .....................................................10

*Rodney K. v. Mobile Cnty. Bd. of Educ.*,
2021 WL 6012704 (S.D. Ala. Mar. 9, 2021)......................................................10

*In re Seroquel Prod. Liab. Litig.*,
2008 WL 1995058 (M.D. Fla. May 7, 2008) ...............................................10, 11

*TIC Park Ctr. 9, LLC v. Cabot*,
2017 WL 9988744 (S.D. Fla. June 1, 2017).....................................................8, 9

*U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*,
2021 WL 1968325 (S.D.N.Y. Mar. 31, 2021)......................................................8

*United States v. Davita, Inc.*,
301 F.R.D. 676 (N.D. Ga. 2014) ........................................................................11

*Wolverine World Wide, Inc. v. Am. Ins. Co.*,
2023 WL 8680346 (W.D. Mich. Sept. 8, 2023) ................................................14

**Other Authorities**

Rule 26(b)(5)(A)(ii) ................................................................................................7

Lead Plaintiff Jared Thompson ("Plaintiff") moves the Court for an order compelling Defendants Redwire Corporation ("Redwire"), Peter Cannito, and William Read to produce proper sufficiently detailed privilege logs identifying documents withheld by Defendants and PricewaterhouseCoopers LLP ("PwC").

## I.    INTRODUCTION

For months, Plaintiff has sought discovery related to Redwire's disclosures that it had a deficient "tone at the top" and internal control material weaknesses and the announcement of the departure of Defendant CFO William Read. Despite serving document requests in May 2023 and an initial 30(b)(6) Notice in September 2023, Plaintiff is no closer to uncovering the facts, documents, or witnesses underlying these disclosures.

Instead, Defendants claim privilege over the most relevant documents. In support, Defendants produced a categorical privilege log for their documents and documents in the possession of PwC. These categorical privilege logs are wholly inadequate.

First, Defendants provide a categorical privilege log for 1,771 of its own documents, and 157 PwC documents. The volume of documents, standing alone, does not warrant a categorical log at the expense of an individual document-by-document log given the circumstances.

Second, the category descriptions in Defendants' log offer little support for the asserted privileges. On its face, it is not supported that privilege should apply to categories of documents relating to regulatory compliance and public relations, including "submissions to the U.S. Securities and Exchange Commission," "press releases or public presentations," or the "de-SPAC merger."

Third, Redwire asserts three different privileges – attorney client privilege, work product, and self-critical analysis privilege – over the withheld documents. Defendants, however, have admitted that they *do not know* whether each privilege applies to all the documents in the category.

Fourth, the date range for each category covers periods of a year or more. The broad time period covered by each category obscures Defendants' privilege claims. This obfuscation is plainly seen with the work product claims and whether any documents pre-dating the November 2021 announcement of the Audit Committee investigation were prepared in anticipation of litigation.

Finally, the categorical privilege logs offer little detail regarding the authors or recipients of the documents. Rather, Defendants state generally that the documents involved "various Redwire employees or directors," "employees of external accountants," and "various outside counsel." Such vague descriptions provide no basis to assess the privilege claims, including whether privileged

documents were waived when provided to third parties, including auditors or government agencies.

As explained in more detail below, the Court should compel Defendants to produce a document-by-document privilege log for the documents in its categorical log.

## II.    FACTUAL BACKGROUND

Discovery began in May 2023, when Plaintiff served document requests and interrogatories on Defendants. *See* Declaration of Reed Kathrein ("Kathrein Decl."), ¶ 3. Defendants responded to the requests in July 2023. *Id.* In those responses, and subsequent meet and confers, Defendants claimed privilege for most of the "known" relevant documents. *Id.* To date, Defendants have produced less than 1,400 documents out of the approximately 30,000 documents initially collected through their unilateral application of search terms over documents from select custodians. *Id.*

On November 29 and 30, 2023, Defendants produced a categorical privilege log and individual privilege log. *Id.*, ¶ 4 and Ex. A. Pursuant to the Stipulated ESI Protocol in the case, the parties were to "negotiate in good faith" the documents a "producing party may log categorically rather than document-by document, the reasons therefore, and proposed log format and categories proposed." *Id.*, ¶ 5 and Ex. B. Nonetheless, Defendants produced a categorical log without any prior

- 3 -

discussions on the types of documents to be included in the categorical log, and offered no "explanation as to the basis for categorical treatment." *Id.*, ¶ 5. Under the Stipulated ESI Protocol, Plaintiff retained "all rights and ability to seek to compel the production of a detailed privilege log" following a conferral. *Id.*, ¶ 5.

During a December 14, 2023 meet and confer, Plaintiff sought clarification regarding the privilege logs. *Id.*, ¶ 6. Specifically, Plaintiff noted for Defendants that the individual privilege log only included one document from King & Spalding LLP and KPMG LLP, the outsider advisors hired by the Audit Committee to conduct the investigation triggered by the November 2021 whistleblower complaint. *Id.* Defendants said they would look into this issue. *Id.* Plaintiff also requested Defendants amend the categorical log to provide additional information on the authors and recipients of the documents so Plaintiff could better consider the privilege assertions. *Id.*

On January 10, 2024, during a subsequent meet and confer, Defendants confirmed that documents related to the Audit Committee investigation were on the categorical log. *Id.*, ¶ 7. Plaintiff requested additional information, including how many Audit Committee documents were on the categorical log, so Plaintiff could determine whether an individual log was needed for assessing Defendants' privilege claims. *Id.* Defendants also said they would not revise the categorical log to include more information on the authors and recipients of the documents. *Id.*

In the subsequent months, the parties continued to litigate discovery issues in the case, including Defendants' claw back of a PwC memorandum initially produced by PwC pursuant to a document subpoena. *Id.*, ¶ 8. The PwC memorandum identified documents not produced by PwC nor Defendants, which Plaintiff raised with PwC and Defendants. *Id.* Following this notice, Defendants served a categorical log and individual log on behalf of PwC on February 23, 2024. *Id.*, ¶ 8 and Ex. C.

On March 1, 2024, Defendants served their response to Plaintiff's motion regarding the clawed back PwC memo. *See* ECF No. 105. In their response, Defendants cited to a December 2021 demand letter sent by the counsel hired by the whistleblower who brought the November 2021 whistleblower complaint. ECF No. 105-1, ¶ 5 n.2. Defendants cited this document even though they had not produced it in discovery. *See* Kathrein Decl., ¶ 9. That same day, counsel for Plaintiff emailed Defendants and asked that the demand letter be produced immediately, and noted Defendants seemingly logged the December 2021 demand letter in the PwC categorical privilege log. *Id.* Defendants first claimed they would produce a redacted version of the letter. *Id.* Eventually, after repeated requests by Plaintiff, Defendants produced an unredacted copy of the letter on March 25, 2024. *Id.*

Concurrently with discussions regarding the December 2021 demand letter, Plaintiff emailed Defendants on March 21, 2024 to reassert deficiencies with the categorical privilege logs. *Id.*, ¶ 10. Specifically, Plaintiff again requested that

Defendants provide information on the Audit Committee investigation material on the categorical log. *Id*. Plaintiff emphasized that the identity of the persons or entities who received the Audit Committee materials, and the grounds for withholding the material, were important for Plaintiff to assess the privilege assertions and identify any grounds for waiver. *Id*. To that end, Plaintiff requested the following information: (1) the number of documents on the categorical log created by or sent to King & Spalding and KPMG in Redwire's possession, custody, or control; (2) the persons who sent, authorized, signed, or otherwise prepared the Audit Committee materials; (3) the persons designated as addressees or copyees; and (4) the privileges asserted over the Audit Committee materials. *Id*.

In addition, Plaintiff raised the fact that the identification of senders/recipients and "copyees" in Defendants' categorical log was wholly insufficient, as it lumped together groups of people who may or may not be on particular correspondence in the category and failed to identify names and titles. *Id.*, ¶ 11. Plaintiff asked for Defendants to confirm they would not supplement the log to address these issues. *Id*.

Plaintiff further cited several document categories that identified no counsel being involved in the withheld documents, and asked Defendants to justify their privilege claims over those materials. *Id.*, ¶ 12. Finally, Plaintiff requested that the asserted privileges be broken out so categories of documents would be grouped

together by privilege claim, *i.e.*, Defendants would assert the same privilege grounds for each document in the category. *Id*.

On April 4, 2024, Defendants sent their responses to the issues raised by Plaintiff. *Id.*, ¶ 13. Apart from clarifying some aspects of the categorical log, including the purported bases for privilege claims over documents not involving counsel, Defendants refused to modify the log in any way or provide the requested information on the Audit Committee investigation. *Id*. Specifically, Defendants claimed that the categorical log provided sufficient information to assess the privilege, even though Defendants said they could not confirm that the privileges asserted over each category apply to each document within the category. *Id*. Defendants also said it was not clear why the categorical log should contain a separate category identifying only Audit Committee investigation-related materials, given that the requests for production targeted a broader selection of documents. *Id*.

Despite additional discussions on April 11, 2024, the parties have not been able to resolve these remaining issues, resulting in Plaintiff filing the instant motion. *Id.*, ¶ 14.

### III.   ARGUMENT

Pursuant to Rule 26(b)(5)(A)(ii), Defendants must provide information regarding their privilege claims "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* Fed.

R. Civ. P. 26(b)(5)(A)(ii). Substantiating privilege assertions via a categorical log is appropriate where "'(a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the claim is well-grounded.'" *See TIC Park Ctr. 9, LLC v. Cabot*, 2017 WL 9988744, at *4 (S.D. Fla. June 1, 2017). Defendants' categorical logging cannot meet either prong of this standard, and the Court should order a document by document privilege log of the documents reflected in Defendants' and PwC's categorical logs.

**A.    Preparing A Document-by-Document Log is Not "Unduly Burdensome" for Defendants**

In total, Defendants' categorical log contains 1,771 documents, and the PwC categorical log contains 157 documents. Standing alone, the total number of documents for each log does not warrant a categorical log in lieu of a document-by-document log based on undue burden. *See, e.g., U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 2021 WL 1968325, at *5 (S.D.N.Y. Mar. 31, 2021) (compelling production of itemized log of 1,359 documents); *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 328 (S.D.N.Y. 2020) (holding that preparing a document-by-document log of 1,300 documents is "[not] particularly burdensome").

The lack of undue burden is particularly true for the PwC categorical log. There, Defendants claim work product protection over 142 documents "collected by counsel in accordance with Audit Committee investigation." *See* Kathrein Decl., Ex.

- 8 -

C. These documents were prepared by or sent to persons that would not appear to warrant work product protection, including "NASA employees," "Aerospace Corporation employees," "Executive Department State of California," "CDC," and "State of Florida Office of the Governor." *Id.* In other words, Defendants base their work product assertion on the fact that these documents were identified and collected by counsel over the course of the Audit Committee investigation, rather than the documents having been created or prepared in anticipation of litigation.

As noted above, one of these documents lumped into the "collected by counsel" category included the December 2021 demand letter from the whistleblower's counsel. *See* Kathrein Decl., ¶ 9. Defendants did not produce this document until requested to by Plaintiff after Defendants relied on it in response to the PwC Memo claw back motion. *Id.* This begs the question as to what other known, responsive documents are truly privileged. A document-by-document log accounting for all of the documents "collected by counsel" would allow Plaintiff to identify documents that do not warrant work production protection absent the fact that they were "collected by counsel."

**B.    A Document-by-Document Log Would Provide a "Material Benefit" to Plaintiff in Assessing Defendants' Privilege Claims**

Where a document-by-document log would provide a "material benefit" to Plaintiff in assessing the privilege claims, a categorical log is inappropriate. *See Cabot,* 2017 WL 9988744, at *4.  As detailed below, the categorical logs at issue are

insufficient in several ways, meaning document-by-document logs are required to assess the privilege claims.

**_The "category description" in Defendants' categorical log is too general and vague._** Defendants' categorical privilege log sorts documents in three broad categories concerning "submissions to the [SEC]," "press releases or public presentations," and "the de-SPAC merger." *See* Kathrein Decl., Ex. A.

However, "there is no bright-line rule that communications related to regulatory compliance are per se business or legal communications," which means that the "content and context of such communications must be considered in order to determine the primary purpose of the communication." *See City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *11 (N.D. Cal. Aug. 3, 2022); *see also In re Seroquel Prod. Liab. Litig.*, 2008 WL 1995058, at *7 (M.D. Fla. May 7, 2008) ("The fact of extensive or pervasive regulation does not make the everyday business activities legally privileged from discovery."). Similarly, "public relations work is generally treated as business strategy, rather than a legal one, and is not protected as work product." *See Lights Out Holdings, LLC v. Nike, Inc.*, 2015 WL 11254687, at *4 (S.D. Cal. May 28, 2015); *see also Rodney K. v. Mobile Cnty. Bd. of Educ.*, 2021 WL 6012704, at *4 (S.D. Ala. Mar. 9, 2021) (rejecting work product assertion when "[p]laintiffs offer only conclusory claims that these press releases and media materials qualify for the privilege")

- 10 -

Given the subject matter of the withheld documents, Defendants' category descriptions do not provide sufficient information to assess the privilege claims, including the type of legal advice being sought and the context surrounding the creation and presentation of the withheld materials. *See In re Seroquel Prod. Liab. Litig.*, 2008 WL 1995058, at *7 ("When documents concern business decisions . . . in the area of 'technological, science, public relations, or marketing,' [] it is the party claiming the privilege who has the burden of showing the communications at issue . . . are specifically in the nature of legal advice."); *see also Neelon v. Krueger*, 2015 WL 1037992, at *3 (D. Mass. Mar. 10, 2015) (finding categorical log lacked sufficient detail when it "identifie[d] the categories of withheld documents in broad strokes").

The need for more detailed descriptions of the withheld documents is particularly heightened considering the fact that category nos. 2, 3, 6 and 8 of Defendants' categorical log identify no internal or outside counsel as having authored, sent, or received the withheld documents. *See* Kathrein Decl., Ex. A. For these categories, Defendants simply note that documents were prepared "at the direction of legal counsel." *Id.* This is insufficient, as "mere allegation[s]" that documents were "prepared and transmitted at the 'direction of counsel' do not "in itself support a claim of privilege." *See United States v. Davita, Inc.,* 301 F.R.D.

- 11 -

676, 682 (N.D. Ga. 2014), *on reconsideration in part*, 2014 WL 11531065 (N.D. Ga. May 21, 2014).

***Defendants do not sort the documents in the categorical log by the privilege asserted.*** Defendants' categorical log makes no effort to separate documents by the privilege asserted. *See* Kathrein Decl., Ex. A. Indeed, Defendants admit that they do not know whether privileges asserted as to each category are asserted as to each document within the category. *See id.*, ¶ 13. Lacking this detail, Plaintiff's efforts to evaluate the privilege claims become much harder. Each privilege has different requirements that Defendants must meet, and the analysis of potential waiver differs for each privilege.

In particular, for the Audit Committee materials, whether Defendants assert work product protection, attorney-client privilege, or both greatly impacts assessment of waiver. While Defendants have argued that disclosure of work product information to PwC does not waive that privilege (*see* ECF No. 105 at 19-20), the same cannot necessarily be said when attorney-client communications are disclosed to PwC. *See, e.g., Gutter v. E.I. Dupont de Nemours & Co.*, 1998 WL 2017926, at *3 (S.D. Fla. May 18, 1998) ("While disclosure to outside auditors may waive the attorney-client privilege, it does not waive the work product privilege[.]"); ECF No. 105 at 19-20 (citing *Gutter*). The current state of the categorical privilege log does

- 12 -

not provide the information that would allow Plaintiff to assess any waiver of privilege related to the Audit Committee materials or other withheld documents.

***Each category covers a period of a year or more.*** Nearly all of the categories in Defendants' log covers a period of a year or more, which obscures Defendants' privilege claims. *See* Kathrein Decl., Ex. A; *see also Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 499, 504 (S.D.N.Y. 2022) (finding that a date range of more than six months is generally too broad).

For example, several of the categories related to SEC submissions cover date ranges that include: (1) the announcement of the de-SPAC merger in March 2021; (2) the consummation of the merger in September 2021; (3) the announcement of the Audit Committee investigation in November 2021; and (4) the disclosure of Redwire's deficient "tone at the top" in March and April 2022. *See* ECF No. 42, ¶¶ 8, 11, 15, 17, 19, 21. Currently, Defendants claim that they anticipated litigation after they received a whistleblower complaint in November 2021. *See* ECF No. 105 at 12-13. Yet, per Defendants' categorical log, they are seemingly asserting work product protection over documents that were created prior to November 2021 and Plaintiff is unaware of any basis for Defendants to anticipate litigation before then. Plaintiff thus has no basis to evaluate whether work product should apply to pre-November 2021 documents. The Court should compel Defendants to narrow the

time periods covered by the categories so that the privilege asserted applies to each and every document in a category.

***Defendants' categorical log lacks sufficient information regarding the persons who sent, authored, signed, or otherwise prepared the documents and the persons designated as addressees or copyees.*** Defendants' categorical log provides only generic descriptors for individuals who prepared or received the purported privileged documents, including "[v]arious Redwire employees or directors," "outside counsel," and "employees of external accountants or other necessary partners." Kathrein Decl., Ex. A.  The need for more detailed information is best illustrated through the Audit Committee materials currently being withheld.  While the categorical privilege log identifies "various employees of external accountants or other necessary partners," Defendants do not separately call out which external accountants – PwC or KMG – nor do they identify which "necessary third parties." As explained above, whether privileged documents were shared with PwC or another "necessary party" rather than KPMG is critical for evaluating any potential waiver of privilege. *See supra* at p. 12. As currently drafted, there is no way for Plaintiff to make this waiver assessment, and the categorical log is deficient. *See*, *e.g.*, *Wolverine World Wide, Inc. v. Am. Ins. Co.*, 2023 WL 8680346, at \*5 (W.D. Mich. Sept. 8, 2023) ("The absence of the specific author, date and recipient(s), and the

- 14 -

lack of an adequate description of the type of document withheld renders the [categorical log] log deficient.”).

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court enter an order compelling Defendants to produce a document-by-document logs covering their documents and the documents in the possession, custody, or control of PwC. In the alternative, any lumped categories of documents should be very narrowly tailored in order to assess the privilege.

DATED April 25, 2024

**HAGENS BERMAN SOBOL SHAPIRO LLP**

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Reed R. Kathrein*

Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410

Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (admitted *pro hac vice*)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

## **LOCAL RULE 3.01(G) CERTIFICATION**

I hereby certify that on December 14, 2023,  January 10, 2024, and April 11, 2024, Plaintiff's counsel conferred with counsel for Defendants regarding the relief requested in this Motion, and the conferences referenced herein occurred via videoconference between the undesigned and Defendants' counsel, Alfred J. Bennington, Jr., Glennys Ortega Rubin, and Benjamin F. Elliot.  Counsel for Plaintiff also conferred with Defendants' counsel via written correspondence on March 21, 2024.  Defendants' counsel indicated that they do not agree with any of the relief sought in this Motion.

*/s/     Reed R. Kathrein*
Reed R. Kathrein