# EXHIBIT F

# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>        v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>               Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

**DECLARATION OF REED R. KATHREIN IN SUPPORT OF LEAD PLAINTIFF JARED THOMPSON'S MOTION TO COMPEL DOCUMENT-BY-DOCUMENT PRIVILEGE LOGS**

**FILED UNDER SEAL**

I, Reed R. Kathrein, declare as follows:

1.      I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), counsel for Proposed Class Representative Jared Thompson in this action. Along with my Hagens Berman colleagues Steve Berman and Lucas Gilmore, I was appointed by the Court as Lead Counsel by Order dated April 4, 2022. *See* ECF No. 43.

2.      I submit this declaration in support of Lead Plaintiff Jared Thompson's ("Plaintiff") motion to compel the production of document-by-document privilege logs. I have personal knowledge of the matters described in this declaration and I am competent to testify thereto.

3.      Plaintiff served document requests and interrogatories on Defendants on May 19, 2023.  After a stipulated extension, Defendants responded on July 20, 2023.  Defendants claimed privilege for most of the "known" responsive documents, and insisted on performing their own keyword searches for responsive documents without any input from Plaintiff.  To date, Defendants have produced less than 1,400 documents deemed "responsive" after reviewing approximately 30,000 documents identified through their unilateral keyword search. The produced documents also included a limited amount of "known" responsive documents not identified through any search tool.  In light of this limited production, Plaintiff insisted on an expanded

- 1 -

list of key words and negotiations have persisted for months based on Defendants' claim of undue burden.

4.      On November 29 and 30, 2023, Defendants produced a categorical privilege log and individual privilege log.  Attached as Exhibit A is a true and correct copy of the categorical privilege log produced by Defendants on November 29, 2023.

5.      Under the terms of the Stipulated ESI Protocol in the case, the parties were to "negotiate in good faith" the documents "a producing party may log categorically rather than document-by-document, the reasons therefore, and proposed log format and categories proposed."  Nonetheless, Defendants produced a categorical log without any prior discussions on the types of documents to be included in such a log, and offered no "explanation as to the basis for categorical treatment." Pursuant to the Stipulated ESI Protocol, Plaintiff retained "all rights and ability to seek to compel the production of a detailed privilege log" following a conferral. Attached as Exhibit B is a true and correct copy of excerpts from the Stipulated ESI Protocol.

6.      During a December 14, 2023 meet and confer, the parties discussed the privilege logs. Specifically, Plaintiff noted for Defendants that the individual privilege log included just one document from King & Spalding LLP and KPMG LLP, the outsider advisors hired by the Audit Committee to conduct the investigation

related to the November 2021 whistleblower complaint.  Defendants said they would look into the issue. Plaintiff also requested that Defendants amend the categorical log to provide additional information on the authors and recipients of the documents so Plaintiff could better assess the privilege assertions.

7.      On January 10, 2024, Defendants confirmed during a subsequent meet and confer that documents related to the Audit Committee investigation were on the categorical log.  Plaintiff requested additional information, including how many Audit Committee documents were on the categorical log, so Plaintiff could consider whether an individual log was needed for assessing Defendants' privilege claims. Defendants also confirmed they would not revise the categorical log to include more detail about the authors and recipients of the documents.

8.      In the following months, the parties continued to litigate discovery issues, including Defendants' claw back of a PricewaterhouseCoopers LLP ("PwC") memorandum initially produced by PwC pursuant to a document subpoena. The PwC memorandum identified documents not produced by PwC nor Defendants, which Plaintiff raised with PwC and Defendants.  Following this notice, Defendants served a categorical log and document-by-document log on behalf of PwC on February 23, 2024.  Attached as Exhibit C is a true and correct copy of the PwC's privilege log served on February 23, 2024.

9.      Defendants served their response to Plaintiff's motion regarding the clawed back PwC memo on March 1, 2024.  The response cited a December 2021 demand letter send by counsel hired by the whistleblower who brought the November 2021 complaint.  This December 2021 demand letter had not been produced to Plaintiff when Defendants filed their response.  Accordingly, on March 1, 2024, counsel for Plaintiff emailed Defendants and asked that the demand letter be produced immediately.  Counsel for Plaintiff also noted that the demand letter appeared to have been logged in the PwC categorical privilege log.  Defendants first claimed they would produce a redacted version of the letter.  After repeated requests by Plaintiff, Defendants produced an unredacted copy of the letter on March 25, 2024.

10.     On March 21, 2024, counsel for Plaintiff emailed Defendants to reassert deficiencies with the categorical privilege logs.  Plaintiff again requested that Defendants provide information on the Audit Committee investigation material on the categorical log.  Plaintiff further emphasized that the identity of the persons or entities who received the Audit Committee materials, and the grounds for withholding the material, were important for Plaintiff to assess the privilege assertions and identify any grounds for waiver.  Specifically, Plaintiff requested information on (1) the number of documents on the categorical log created by or sent to King & Spalding and KPMG in Redwire's possession, custody, or control; (2) the

persons who sent, authorized, signed, or otherwise prepared the Audit Committee materials; (3) the persons designated as addresses or copyees; and (4) the privileges asserted over the Audit Committee materials.

11.     Plaintiff also raised that the identification of senders/recipients and "copyees" in Defendants' categorical log was wholly insufficient because it lumped together groups of people who may or may not have been on a particular correspondence in the category and failed to identify names and titles. Plaintiff requested confirmation that Defendants would not supplement the log to address this issue.

12.     Plaintiff also cited several document categories that identified no counsel being involved in the withheld documents, and asked Defendants to justify their privilege claims over those materials.  Plaintiff also requested that the asserted privileges be broken out so categories of documents would be grouped together by privilege claim, *i.e.*, Defendants would assert the same privilege grounds for each document in the category.

13.     On April 4, 2024, Defendants sent their responses to the issues raised by Plaintiff. In the response, Defendants clarified some aspects of the categorical log, including the purported bases for privilege claims over documents not involving counsel. Otherwise,  Defendants refused to modify the log in any way or provide the requested information on the Audit Committee investigation. Defendants reiterated

that the categorical log provided sufficient information to assess the privilege, even though Defendants said they could not confirm that the privileges asserted over each category apply to each document within the category. Defendants also questioned why the categorical log should contain a separate category identifying only Audit Committee investigation-related materials, given that the requests for production targeted a broader selection of documents.

14.    Although the parties had additional discussions on April 11, 2024, they were unable to resolve the disputes related to the categorical privilege logs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 25th day of April, 2024 in Berkeley, California.

*/s/ Reed R. Kathrein*
REED R. KATHREIN