# EXHIBIT B

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, <br><br> Defendants. | Case No.: 3:21-CV-1254-TJC-PDB <br><br> <u>CLASS ACTION</u> <br><br> **STIPULATION ESTABLISHING THE PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI") IN RESPONSE TO LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THIRD-PARTY SUBPOENAS** <br><br> Hon. Timothy J. Corrigan |

Pursuant to the agreement reached between Lead Plaintiff Jared Thompson ("Lead Plaintiff") and Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corporation, Peter Cannito, and William Read (collectively, "Defendants"), the parties stipulate to the following Protocol relating to the Production of Documents and Electronically Stored Information ("ESI") in response to Lead Plaintiff's First Set of Requests for Production of Documents and Third-Party Subpoenas, which binds all parties and their counsel of record in this Action (collectively, the "Parties"). The failure of this

1

sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity;

8. the type or nature of the privilege asserted (*i.e.*, attorney-client privilege; work-product doctrine).

**B.    Logging of Document Families**

Documents shall be logged individually and shall not be logged on the family level. For document families in which fewer than all of the documents are withheld or redacted as privileged or protected, the privilege log entry for the withheld document(s) shall identify the Bates number of the produced family member.

The following documents presumptively need not be included on a privilege log:

1. Communications exclusively between a party and its outside counsel regarding this action; and

2. Work product created by outside counsel, or by an agent of outside counsel other than a party, regarding this action and created after commencement of this action.

In the interest of the parties' time, and to minimize litigation costs, the parties will negotiate in good faith the exclusion of categories of documents from the privilege log that while technically responsive and privileged, are relatively incidental to the issue in the litigation, as well as categories of

29

documents that a producing party may log categorically rather than document-by-document, the reasons therefore, and proposed log format and categories proposed.

### C.    Categorical Logging of Privileged Documents.

Nothing with regard to the stipulation above regarding the proper formatting and information for a detailed privilege log shall preclude Defendants from asserting that certain subsets of documents responsive to the Requests are categorically privileged, such that logging of individually responsive documents is unnecessary.  To the extent that Defendants make any categorical assertion of privilege, Defendants shall produce a separately titled log, which shall specifically describe the category of documents withheld, the privilege that is asserted, and provide an explanation as to the basis for categorical treatment.  Lead Plaintiff retains all rights and ability to seek to compel the production of a detailed privilege log following a conferral by the Parties.

## VIII.  LIMITED 28 U.S.C. § 1920 WAIVER

In consideration of the parties' agreed upon Protocol, Defendants agree not to seek the reimbursement of any or all of their costs relating to the production, storage, and maintenance of its ESI. Nothing herein constitutes an acknowledgement (implicit or otherwise) by any party that ESI-related costs are taxable under 28 U.S.C. § 1920.

## IX.  MODIFICATION

### A.  Modification by Agreement

Any practice or procedure set forth herein may be varied by agreement between the parties, which will be confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of Documents and ESI. Before seeking Court intervention, the parties shall meet and confer in good faith regarding any modification.

### B.  Modification by Court Order

Nothing in this Protocol waives the right of any party to petition the Court for an Order modifying the terms upon good cause shown, provided, however, that counsel for such party must first meet and confer with the counsel for the opposing party and the parties shall use reasonable best efforts to negotiate an exception from or modification to this Protocol prior to seeking relief from the Court.

DATED: August 31, 2023

By: /s/ _____
Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

By: /s/ _____
Alfred J. Bennington, Jr., Esq.
Florida Bar No. 0404985
Glennys Ortega Rubin, Esq.
Florida Bar No. 556361
Christian M. Leger, Esq.
Florida Bar No. 100562
Shutts & Bowen LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755

31

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Peter A. Shaeffer (*admitted* pro hac vice)
455 North Cityfront Plaza Drive,
Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jared Thompson*

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com
*Liaison Counsel for Lead Plaintiff Jared Thompson*

Facsimile: (407) 849-7255
bbennington@shutts.com
grubin@shutts.com
cleger@shutts.com

and

H. Timothy Gillis, Esq.
Florida Bar No. 0133876
Jeffrey S. York, Esq.
Florida Bar No.: 987069
Shutts & Bowen LLP
1000 Park Street, Suite 800
Jacksonville, FL  32204
Telephone: (904) 899-9950
tgillis@shutts.com
jyork@shutts.com

*Counsel for Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corp., Peter Cannito, and William Read*

32