# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>    Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br>CLASS ACTION |

## DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF MARCH 27, 2024 HEARING

Defendants, REDWIRE CORPORTION f/k/a GENESIS PARK ACQUISITION CORP. ("Redwire"), PETER CANNITO, and WILLIAM READ (collectively the "Defendants"), pursuant to this Court's April 7, 2024 Order (Doc. 124) (the "April 7 Order"), hereby move to redact limited portions of the transcript of the March 27, 2024 hearing held before this Court.

### I.    Items Proposed for Redactions

Defendants move for redaction of the following pages and lines of the March 27, 2024 hearing transcript:

1. Page 30, lines 6-12 discussing privileged information;

2. Page 31, line 15, discussing privileged information;

3. Page 32, lines 1-3, discussing privileged information;

4. Page 37, lines 17-19, discussing privileged clawed-back document;

5. Page 40, lines 8-9, 24-25, discussing privileged clawed-back document;

6. Page 42, lines 7-8, 10-11, 13-20, 22-25, discussing privileged clawed-back document;

7. Page 43, lines 2-3, discussing privileged clawed-back document;

8. Page 44, lines 12-13, 19-23, discussing privileged information; and

9. Page 45, line 19, discussing privileged information.

## II.    **Basis for the Requested Redactions**

Lead Plaintiff Jared Thompson ("Lead Plaintiff") filed a *Rule 26(B)(5)(B) Motion for Determination of Privilege* (Doc. 91) ("Privilege Motion"), regarding a privileged document inadvertently produced by a third-party, and subsequently clawed-back by Defendants. *See generally* (Doc. 105). Because the Privilege Motion necessarily implicated privileged materials, Defendants sought to seal certain documents and information discussed in the Privilege Motion and Defendants' Response (Doc. 105) thereto. *See* (Doc.

99) (Defendants' *Motion for Order to File Under Seal)*. The Court granted in part[1] Defendants' motion to seal. (Doc. 106).

On March 27, 2024, the Court held a hearing on the Privilege Motion and Defendants' Motions to Compel (Doc Nos. 94-96). *See* (Doc. 103). The hearing thus necessitated the discussion of certain documents and information that were placed under seal in the underlying Privilege Motion filings. Of note, the portions of the transcript Defendants seek to redact broadly fall into four categories:

- Discussion of the underlying clawed-back document over which Defendants claim privilege [Requested Redaction Nos. 4-7];

- Discussion of information in the *Declaration of Jonathan E. Baliff* (Doc. 105-1 (redacted version)) ("Baliff Declaration") filed under seal as an attachment to Defendant's Response [Requested Redaction Nos. 3, 9];

- Discussion of information relating to a privileged letter attached as Exhibit 1 to the Baliff Declaration which was filed under seal [Requested Redaction No. 8]; and

---

[1] The Court only denied Defendants' request for destruction of the sealed papers after all appeals are exhausted. (Doc. 106, p. 2).

- Discussion of a demand letter sent to Redwire that was produced with an Attorneys Eyes Only designation[2] [Requested Redaction Nos. 1, 2, and 8].

On April 15, 2024, Defendants filed their *Notice of Intent to Request Redaction of Hearing Transcript* (Doc. 126). Defendants now move for redaction of certain portions of the March 27 transcript that discuss issues already placed under seal, as the same reasons justifying the sealing of the Privilege Motion and Response justify redaction of the March 27 transcript.

Much like sealing an entire document, "redacting parts of a publicly available document ... infringes on the public's right of access." *Conair Corp. v. Barbar, Inc.*, No. 614CV831ORL31TBS, 2014 WL 12640194, at *1 (M.D. Fla. July 16, 2014). Nevertheless, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. *See id.* at 1313; *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). If the court finds that good cause exists, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *Chicago Tribune*, 263 F.3d at 1313. In balancing these interests

---

[2] Defendants disclosed the existence of the demand letter in the Response and Baliff Declaration but redacted discussion of the substance of the letter. Accordingly, Defendants do not move to redact hearing testimony as to the existence of the letter, but rather have focused their redactions on discussion of the letter's substance.

courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.

Defendants have good cause for the requested redactions. The testimony Defendants seek to redact discuss the clawed-back document over which Defendants claim work-product privilege, and other privileged information discussed thereto. Public exposure of such testimony would violate Defendants' privileges, prejudice their defense of the case, and cause irreparable harm. Thus, Defendants have a legitimate interest in maintaining the privacy of the information discussed in the above-referenced portions of the transcript.

Further, redacting the transcript will not impair the functions of this Court as the proposed redactions would be sufficient for the Court to rule on the Privilege Motion. Moreover, none of the other relevant considerations suggest that the referenced materials should be available to the public. There is no question as to the reliability of the information, redacting does not implicate any party's ability to respond to the information, and the

5

information does not concern public officials or public concerns. Finally, a less onerous means to protecting the aforementioned documents does not exist.

Accordingly, there is good cause to redact the referenced testimony.

WHEREFORE, Defendants respectfully request the Court (1) grant this Motion; (2) redact the portions of the March 27, 2024 identified herein; and (3) grant any further relief as the Court deems just and necessary.

## Rule 3.01(g) Certification

Counsel for Defendants conferred with Lead Plaintiff's Counsel on April 29, 2024 regarding the issues raised in the above motion. Lead Plaintiff's Counsel indicated that they oppose the relief referenced herein.

Dated: April 29, 2024                    Respectfully submitted,

/s/ Glennys Ortega Rubin
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No.: 1010706
belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255
and
**H. TIMOTHY GILLIS, ESQ.**
Florida Bar No. 0133876
tgillis@shutts.com

6

**JEFFREY S. YORK, ESQ.**
Florida Bar No. 987069
jyork@shutts.com
**SHUTTS & BOWEN LLP**
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Telephone: (904) 899-9926
and
**FRANK A. ZACHERL, ESQ.**
Florida Bar No. 868094
fzazherl@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the Court's CM/ECF filing system, which will serve a copy via electronic mail upon the following CM/ECF Participants, and on the aforementioned date I caused a true and correct copy of the foregoing to be served via U.S. Mail, postage prepaid, upon the following non-CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS   BERMAN   SOBOL

and
Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM

7

SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000
Facsimile: 510-725-3001
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS        BERMAN        SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
and
Peter A. Shaeffer, Esq. *(Pro Hac Vice)*
PeterSh@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
455 North Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
Telephone: 708-628-4955

2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and

David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485

*Liaison Counsel for Lead Plaintiff Jared Thompson*

*Lead Counsel for Lead Plaintiff Jared Thompson*

/s/ Glennys Ortega Rubin
**GLENNYS ORTEGA RUBIN, ESQ.**