UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

**LEAD PLAINTIFF JARED THOMPSON'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL LOCAL RULE 1.11 (b)**

Lead Plaintiff Jared Thompson ("Lead Plaintiff"), pursuant to M.D. Fla. L.R. 1.11(c) and Section 12.3 of the parties' Stipulation Establishing the Protocol for Disclosure of Protected Material Produced in Discovery ("Discovery Stipulation"), files this memorandum in support of Defendants Redwire Corporation, Peter Cannito, and William Read ("Defendants") Motion to Seal Under Local Rule 1.11(b) (ECF No. 128).

The material listed in Defendants' motion contains the personal identifiable information ("PII") of Lead Plaintiff, including his address and information related

- 1 -

to his investment account.  In the Eleventh Circuit, the public right of access to public records and documents "is not absolute" and "may be overcome by a showing of good cause" that weighs the "public interest in accessing court documents and the party's interest in keeping the information confidential."  *See Hausburg v. McDonough*, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) (internal citations omitted).  In particular, "a party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

Under this standard, courts have found that good cause exists to seal exhibits that contain personally identifiable information, including a plaintiff's "home address." *Id.*; *see also Allgood v. Paperlesspay Corp.*, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (finding good cause to seal PII such as addresses, personal email addresses, and telephone numbers, among other identifying information).

Here, Lead Plaintiff proposes narrowly tailored redactions to the material at issue that balances the "public interest in accessing court documents" with the interests of Lead Plaintiff to maintain the confidentiality of his PII.  Specifically, Lead Plaintiff modifies Defendants' proposal to seal the material entirely to instead redact Lead Plaintiff's address and information regarding his investment account. *See* Exs. A and B.  The redacted information "does not implicate any party's ability to respond to the information" and does not "concern[] public officials or public concerns," which further supports the proposed redactions.  *See Riley v. General*

- 2 -

*Motors LLC*, 2023 WL 3172556, at *1 (M.D. Fla. May 1, 2023) (addressing "good cause" factors and allowing PII to be filed under seal).

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant Defendants' motion with Lead Plaintiff's proposed redactions in Exhibits A and B attached hereto.

Dated: May 8, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

*Lead Counsel for Lead Plaintiff Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*