**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>     Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br>CLASS ACTION |

**DECLARATION OF GLENNYS ORTEGA RUBIN, ESQ.**
**IN SUPPORT OF REDWIRE'S RESPONSE TO MOTION**
**TO COMPEL RULE 30(B)(6) TESTIMONY**

I, Glennys Ortega Rubin, declare as follows:

1. I am over the age of 18, and I am authorized and fully competent to testify to the matters set forth herein, which such statements are based on my personal knowledge.

2. I am a partner at the law firm Shutts & Bowen, LLP. I represent Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire"), Peter Cannito, and William Read (collectively, the "Defendants"), in the matter *Jed Lemen v. Redwire Corp., et.al.*, 3:21-cv-1254, pending in the Middle District of Florida.

1

Exhibit 3

3. I submit this declaration in support of Redwire's *Response to Lead Plaintiff's Motion to Compel Rule 30(B)(6) Testimony*.

4. In this matter, Defendants received Lead Plaintiff Jared Thompson's ("Lead Plaintiff") *First Set of Requests for Production of Documents Directed to All Defendants* (the "First RFPs") on May 19, 2023. Defendants served their *Responses and Objections to Lead Plaintiff's First Request for Production of Documents* on July 20, 2023.

5. Defendants developed a list of search terms to identify documents potentially responsive to the First RFPs. Defendants then began a linear review of documents responsive to the search terms using a team of at least seven attorneys (including both associate and partner attorneys). Such review required the use of significant resources by way of hundreds of attorney hours at great cost to Defendants.

6. Lead Plaintiff's counsel took the position that Defendants' initial search terms were not sufficient to identify documents responsive to the First RFPs. In response, Defendants invited Lead Plaintiff's counsel to suggest additional search terms.

7. On September 28, 2023, Defendants received Lead Plaintiff's first proposal (the "First Proposal") for additional search terms. After review, Defendants explained that the First Proposal was overbroad, and Defendants provided an alternative list of search terms.

2

8. The parties then engaged in an extensive series of negotiations as to search terms that lasted approximately seven months during which time they exchanged further proposal and counter-proposals. During these seven months the parties participated in numerous conversations via email, Zoom, and telephone.

9. Defendants responded with a counter-proposal to the First Proposal on October 13, 2023. Lead Plaintiff presented their second proposal on November 29, 2023, which Defendants countered on December 8, 2023. Lead Plaintiff presented a third proposal on December 14, 2024, and Defendants countered on January 5, 2024. Lead Plaintiff submitted their fourth proposal on January 22, 2024, which Defendants countered on February 7, 2024. Lead Plaintiff presented a fifth proposal on February 14, 2024, which Defendants verbally countered on February 28, 2024.

10. As part of these negotiations, Defendants' February 7, 2024 proposal greatly increased the scope of the proposed supplemental search terms, but added into the contemplated review process, use of a technology-aided review ("TAR") tool. As proposed, the TAR protocol would make an initial determination of what documents may be relevant before any attorneys reviewed documents for responsiveness and privilege. Attorneys would have then reviewed documents identified as responsive by the TAR protocol to confirm such responsiveness and identify privilege.

11. On February 28, 2024, Defendants again conceded to a significant increase in the scope of the proposed search terms such that the review would include review and analysis of over 245,000 documents.

12. Ultimately, Lead Plaintiff never accepted any of Defendants' proposed solutions. While the parties conferred thereafter, it became clear that Lead Plaintiff would not accept any offer as Lead Plaintiff has not raised the matter since.

13. As a separate matter, Lead Plaintiff served a 30(b)(6) *Notice for Deposition to Redwire* (the "First Notice") on September 6, 2023.

14. Following such service, the parties began engaging in conferrals regarding the 30(b)(6) deposition based on the content of the First Notice.

15. During these conferrals, Redwire made clear its position that, as a matter of right, Lead Plaintiff was entitled to one 30(b)(6) deposition lasting seven hours over the course of one day.

16. On December 21, 2023, Lead Plaintiff served an *Amended Notice for 30(b)(6) Deposition* (the "Amended Notice").

17. On January 24, 2024, Lead Plaintiff confirmed February 21, 2024 as the date for the 30(b)(6) deposition.

18. Following service of the Amended Notice, the parties continued to confer on the 30(b)(6) deposition. Throughout this time, Redwire maintained

its objection as to the amount of 30(b)(6) testimony Lead Plaintiff was permitted.

19. Redwire also raised objections as to the time period imposed in the Amended Notice. Redwire asserted that the time period should be limited to January 1, 2021 through June 1, 2022, because the parties previously agreed to limit their document collection to this time period based on the understanding that it provides a reasonable buffer of time before and after the class period at-issue in this matter. Redwire also reminded Lead Plaintiff that he would have the ability to depose the 30(b)(6) witness as to the witness's personal knowledge regardless of the noticed time period.

20. Redwire served written objections to the Amended Notice on February 12, 2024. The parties conferred on the written objections, but, ultimately, Lead Plaintiff postponed the deposition.

21. Following postponement, the parties continued negotiations and resolved certain of the objections to the Amended Notice.

22. On March 5, 2024, Lead Plaintiff served a *Second Notice for 30(b)(6) Deposition* (the "Second Notice"). Redwire served written objections to the Second Notice on March 25, 2024.

23. The parties have since conferred on the objections that remain as to the Amended Notice and Second Notice, but have not reached a resolution.

24. The 30(b)(6) deposition has been tentatively rescheduled for June 19, 2024.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

FURTHER DECLARANT SAYETH NAUGHT

Executed: May 9, 2024

_____

**GLENNYS ORTEGA RUBIN, ESQ.**

SBDOCS 349593 2

6