| | |
|---|---|
| **From:** | Glennys Ortega Rubin |
| **Sent:** | Wednesday, February 7, 2024 2:41 PM |
| **To:** | Reed Kathrein; 'Peter A. Shaeffer' |
| **Cc:** | Bud Bennington; Benjamin F. Elliott; Danielle M. Reyes |
| **Subject:** | Lemen v. Redwire - Final Search Term Counter-Proposal by Redwire |
| **Attachments:** | 330113_1_(SBDOCS)_Supplemental Search Proposal (Feb 7 2024).XLSX |

Reed and Peter,

We revisited and analyzed your latest proposal for the supplemental document searches of 1/22/24. To that end, attached is Redwire's response, identifying the scope of searches to which Redwire will agree. Inclusive of family documents, this latest counter-proposal adds over 10,000 more documents to the review set. As you previously suggested, we anticipate using a TAR process to review these documents given the volume. At this point, we have reached an agreement between the parties on all but 14 of your original 93 searches. We believe that this represents a fair resolution and should conclude the negotiations on this subject.

To provide further context, the remaining 14 searches to which Redwire will not agree return a combined 342,054 responsive documents (which rises to 421,247 inclusive of families). As to the documents responsive to the 14 searches, 40,468 documents are also found within the population of materials Redwire is agreeing to review, demonstrating that the agreed upon review set casts a broad net over the issues you identified. Conversely, inclusion of the 14 searches would require review of 301,586 additional unique records, before even considering family records. Given the volume of such materials, and in light of the numerous records we (a) have already reviewed and (b) agree to review as part of a supplemental review process, we feel strongly that the Court would find it unduly burdensome and not proportional to the needs of the case to include the remaining searches in our supplemental process. This is especially true given that one of the more voluminous searches that Redwire is rejecting (No. 28 in re various law firms) returns 105,00 documents that are likely to be almost entirely privileged given the requested terms.

At this point, and as it is now February, the parties have been in negotiations for some months (the attached represents the eighth proposed set of search terms), and have engaged in a significant effort to reach an agreement. Indeed, every round of analysis on the proposed search terms, attempting to suggest alternatives and the numerous and various hit reports that had to be run at each round has necessitated a large expenditure from Redwire's perspective.

As previously discussed, if we have reached agreement on the search terms, we will commence the review process on our end, keeping in mind that given the expenditures, Redwire will not agree to any additional ESI collection efforts. If we do not have agreement, we will need Court intervention as it is our position that Redwire has made a good faith effort and that anything beyond this is cost prohibitive and, as it stands, Redwire is making concessions for purposes of a resolution, despite its position that Lead Plaintiff is not entitled to the lion's share of what is being requested at this juncture.

We are hopeful that we have come to the end of the road on this issue. Please advise at your earliest convenience so that we can forge ahead and keep things moving forward. Reach out if you would like to discuss. Thank you, GOR



**Glennys Ortega Rubin**
*Partner*

Exhibit 7

**Shutts & Bowen LLP**

300 South Orange Avenue, Suite 1600 | Orlando, FL 32801

Direct: (407) 835-6757 | Fax:

E-Mail | Biography | V-Card | Website