**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, <br><br> Defendants. | Case No.: 3:21-CV-1254-TJC-PDB <br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF JARED THOMPSON'S MOTION TO SEAL UNDER LOCAL RULE 1.11(b) [D.E. 131]** |

Defendants, REDWIRE CORPORATION ("Redwire"), PETER CANNITO, and WILLIAM READ (collectively the "Defendants"), pursuant to M.D. Fla. L.R. 1.11(c) and Section 12.3 of the Parties' *Stipulation Establishing the Protocol for Disclosure of Protected Material Produced in Discovery* ("Discovery Stipulation") and through counsel, submit this memorandum in support of Lead Plaintiff Jared Thompson's *Motion to Seal Under Local Rule 1.11(b)* dated April 25, 2024 (Doc. 131) ("Motion to Seal").

## Introduction

On April 25, 2024 Lead Plaintiff Jared Thompson ("Lead Plaintiff") moved to file under seal records in support of certain motions to compel (Doc. Nos. 132-33) (the "Motions to Compel") filed the same day. Such records were

either produced under a "Confidential" stamp pursuant to the Discovery Stipulation or treated as confidential thereunder. As Defendants are interested in establishing the requested seal, Defendants present this memorandum in support of the Motion to Seal and ask that the Court find good cause for the referenced documents to be sealed.

## I.    Items Proposed for Sealing.

Lead Plaintiff seeks, and Defendants support the request for, an Order directing that the following be filed under seal:

(a)    an unredacted copy of the *Motion to Compel Rule 30(b)(6) Testimony* (attached as Exhibit A to Motion to Seal);

(b)    copies of Exhibits F, G, and H to the *Kathrein Declaration in Support of the Motion to Compel Rule 30(b)(6) Testimony* (*id.*, Exhibits B-D);

(c)    an unredacted copy of the *Motion to Compel Document-by-Document Privilege Logs* (*id.*, Exhibit E);

(d)    an unredacted copy of the *Kathrein Declaration in Support of the Motion to Compel Document-by-Document Privilege Logs* (*id.*, Exhibit F); and

(e)    copies of Exhibits A and C to the *Kathrein Declaration in Support of the Motion to Compel Document-by-Document Privilege Logs* (*id.*, Exhibits G-H).

## II.    <u>Basis for Sealing</u>

There is good cause to seal the documents referenced above.

**First**, Exhibits[1] B, G, and H to the Motion to Seal are privilege logs prepared in connection with this lawsuit. These logs disclose certain details about the work of Redwire's counsel that should remain private.

Exhibits B and H both reference to the same log created in regard to documents in possession of Redwire's external auditor PricewaterhouseCoopers.  This log claims privilege over records related to an investigation performed by counsel on behalf of Redwire's Audit Committee. The log provided enough information to advise Lead Plaintiff as to the nature of the claimed privilege but nevertheless discloses information about the authors of the privileged documents. Such information related to this attorney-led investigation should not be disclosed publicly as it risks disclosure of privileged mental impressions to a wide audience.

Exhibit H is a privilege log related to documents in Redwire's possession. Numerous of the topics reference the subject matter of work performed by attorneys on Redwire's behalf. There is no cause to publicly disclose the matters for which Redwire obtains legal counsel.

---

[1] As used in this section, referenced exhibit letters correspond to the exhibits attached to the Motion to Seal.

**Second**, Exhibit C is a document that Redwire produced in discovery and marked as Confidential under the Parties' Discovery Stipulation. Such designation indicates that Redwire believes the record "should be protected from public dissemination" as it includes "trade secrets, research, development, non-public financial data, employment records, policies or training materials or other internal business procedures…" Here, the record is a public company readiness assessment that engages in lengthy and detailed description of Redwire's internal business procedures with significant focus on regulatory compliance.

**Third**, Exhibit D is a board meeting presentation produced as "Highly Confidential" by third-party Genesis Park Holdings which owned the special purposes acquisition company that merged with the formerly private Redwire entity to form the current publicly-traded entity, Defendant Redwire. This document also discusses internal business procedures and non-public financial data.

**Finally**, Exhibits A, E, and F are unredacted versions of the Motions to Compel and accompanying declaration of counsel. These documents all reference and discuss the aforementioned records. Thus, to the extent that the Court seals the above-referenced materials, these should also be filed under seal.

This Court has broad discretion to "determine which portions of the record should be placed under seal" and that discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files"); *United States v. Lee Mem'l Health Sys.*, No. 2:14-CV-437-FTM-38CM, 2018 WL 5014534, at *2 (M.D. Fla. Oct. 16, 2018) ("District courts have broad discretion in interpreting and applying their local rules").

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013); *See also, Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1313 (11th Cir. 2001)). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public

concerns, and the availability of a less onerous alternative to sealing the documents." *Teledyne Instruments, Inc.,* 2013 WL 5874584, at *1; *See also, Romero,* 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Teledyne Instruments, Inc.,* 2013 WL 5874584, at *1; *See also, Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994); *See also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1181 (9th Cir.2006).

Here, the documents proposed for seal are not only protected under the Parties' Discovery Stipulation but include significant sensitive information about Redwire's internal operations. Exposing such documentation to the public (not under seal) would injure Redwire by allowing an open look into Redwire's operations for all of Redwire's competitors and other non-aligned parties.

Filing the documents under seal will not impair the functions of this Court, but would enable the Court to fulsomely consider Lead Plaintiff's Motions to Compel without harming the asserted privacy interests of any party.

Moreover, none of the other relevant considerations suggest that the referenced materials should be publicly filed. There is no question as to the reliability of the information, sealing does not implicate any party's ability to

6

respond to the information, and the information does not concern public officials or public concerns.

Finally, as discussed above, a less onerous means to sealing the aforementioned documents does not exist.

Accordingly, there is good cause to seal the documents.

WHEREFORE, Defendants respectfully request that this Court grant Lead Plaintiff's Motion to Seal.

Dated: May 9, 2024.                    Respectfully submitted,

                                       */s/ Glennys Ortega Rubin*
                                       **ALFRED J. BENNINGTON, JR., ESQ.**
                                       Florida Bar No. 0404985
                                       bbennington@shutts.com
                                       **GLENNYS ORTEGA RUBIN, ESQ.**
                                       Florida Bar No. 556361
                                       grubin@shutts.com
                                       **FRANK A. ZACHERL, ESQ.**
                                       Florida Bar No. 868094
                                       fzazherl@shutts.com
                                       **BENJAMIN F. ELLIOTT, ESQ.**
                                       Florida Bar No.: 1010706
                                       belliott@shutts.com
                                       **SHUTTS & BOWEN LLP**
                                       300 South Orange Avenue, Suite 1600
                                       Orlando, Florida 32801
                                       Telephone: (407) 835-6755
                                       Facsimile: (407) 849-7255

                                       *Attorneys for Defendants*

SBDOCS 348628 2

7