Reed Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
        lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jared Thompson*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>                              Defendants | Case No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS**<br><br><u>CLASS ACTION</u> |

LEAD PLTFF'S FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS
CASE NO. 3:21-CV-01254-TJC-PDB

Exhibit 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned counsel, hereby requests that Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corporation ("Redwire" or the "Company"), Peter Cannito ("Cannito"), and William Read ("Read") (collectively, "Defendants") produce for inspection and copying within thirty (30) days of the date of these Requests at the law offices of Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, California 94710, or at such other time and place as the parties mutually agree, all Documents described below in accordance with the following Definitions and Instructions.

Defendants are required to produce all requested Documents that are in their actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of Defendants' Employees (as defined herein), agents, representatives, or attorneys. Defendants shall produce Documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. Lead Plaintiff requests that such production be made in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

1.    "Action" refers to the above-captioned action.

2.    "All," "any" or "each" shall each be construed as encompassing any and all.

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4.    "Board of Directors" or "Board" means the Board of Directors of GPAC, Old Redwire, and New Redwire[1] during the Relevant Period (as defined below) and all committees of the Board of Directors, unless otherwise specified.

5.    "Class Period" means the period between March 25, 2021, and March 31, 2022, inclusive.

---

[1] *See, e.g.,* Complaint ¶¶33, 41 (discussing Old Redwire and New Redwire).

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -1-
Case No. 4:19-cv-07481-JST

6.      "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means including, but not limited to, personal delivery, speech, writings, Documents (as defined herein), language (machine, foreign, or otherwise) of any kind, computer electronics or Electronically-Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind. The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, Correspondence (as defined herein), negotiations, agreements, presentations, understandings, meetings (as defined herein), notices, requests, responses, demands, complaints, press, publicity, or trade releases.

7.      "Complaint" refers to the First Amended Complaint filed on June 17, 2022 (ECF No. 47) in this Action. As used herein, the paragraph symbol (¶) followed by a specific number refers to the corresponding numbered paragraph of the Complaint and the allegation or information contained therein.

8.      "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

9.      "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, smartphone message, or any other writing containing a Communication from one person or persons to another person or persons.

10.     "Document" is intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, electronic or computerized data compilations; electronic file backup tapes; hard drives and images of hard drives; all drafts; Communications; Correspondence; memoranda; records; presentations; books; manuals; reports and summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes, transcripts and summaries of meetings (as defined herein) or conferences; records and reports of consultants; press releases; stenographic, handwritten, or any other notes; work papers; checks and check vouchers; check stubs and receipts;

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -2-
Case No. 4:19-cv-07481-JST

statements, scripts, questions and answers ("Q&A's"), transcripts of testimony, subpoenas and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. A draft or nonidentical copy of any Document is a separate Document within the meaning of this term.

11.    "Electronically-Stored Information" or "ESI" - Unless otherwise superseded in this case by an Order Governing the Use of Electronically-Stored Information, ESI is defined herein to include the following:

(a)    all items covered by Fed. R. Civ. P. 34(a)(1)(A);

(b)    information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.);

(c)    files, information, or data saved on backup tapes or hard drives;

(d)    internal or external web sites;

(e)    output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

(f)    activity listings of electronic mail receipts and transmittals; and any and all items stored on computer memories, hard disks, USB flash drives, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (e.g., iPads), hand-held wireless devices (e.g., iPhones, Android, or BlackBerry smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -3-
Case No. 4:19-cv-07481-JST

12. "Employee" or "Employees" means any person who at any time during the Relevant Period (as defined herein) acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former officers, directors, executives, Board members, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, person, or persons.

13. "Executive Defendants" refers to Peter Cannito and William Read.

14. "GAAP" means Generally Accepted Accounting Principles.

15. "GPAC" refers to Genesis Park Acquisition Corporation.

16. "Including" is used to emphasize the type of Document requested and does not limit the request in any way.

17. "Meeting" or "Meetings" refers to the contemporaneous presence of any natural person (including by telephone, Skype, Zoom or any other electronic meeting format) for any purpose, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity. The term "Meeting" also includes presentations and conferences.

18. "Person" or "persons" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

19. "Redwire" refers to Redwire Corporation f/k/a Genesis Park Acquisition Corporation and any of its subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, including Old and New Redwire as referred to in the Complaint, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, accountants, attorneys, advisors, and all other persons and agents acting or purporting to act on its behalf.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -4-
Case No. 4:19-cv-07481-JST

20.    "Policy" or "Policies" means any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, that was recognized or followed, explicitly or implicitly.

21.    "Refer" or "Relate" or "Referring" or "Relating" means all Documents that explicitly or implicitly, in whole or in part, were received in conjunction with or were generated as a result of, the subject matter of the request, including, but not limited to, all Documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

22.    "SEC" means the United States Securities and Exchange Commission and any Employee, agent, representative, or subdivision thereof.

23.    "Senior Management" includes the Executive Defendants as well as any past or present Redwire Employee who directly reports/reported to:

24.    any of the Executive Defendants; or

25.    any officer of Redwire, including the Chief Executive Officer, President(s), Chief Financial Officer(s), Chief Operating Officer(s), Chief Information Officer, Chief Technology Officer, Chief Compliance Officer, Chief Accounting Officer and Corporate Controller(s).

26.    "You" "Your" or "Yours" means Redwire, and all other persons acting or purporting to act on Redwire's behalf, including, but not limited to, the Individual Defendants and Your Employees, in-house and external attorneys, accountants, representatives, agents, or other persons purporting to act on behalf of Redwire.

**INSTRUCTIONS**

1.    In responding to these requests, all Documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2.    In responding to these requests, You shall produce all responsive Documents that are in Your possession, custody or control. A Document shall be deemed to be within Your control if You have the ability or right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                -5-
Case No. 4:19-cv-07481-JST

3.    All Documents responsive to these requests that are stored on Your electronic backup tapes or hard drives shall be produced.

4.    Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Lead Plaintiff original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers, or facsimile thereof, or You shall organize and label the Documents to correspond to the categories in these requests. With respect to ESI, You are to follow the foregoing instructions and also produce the ESI as described in an ESI Protocol as agreed upon by the parties. If the original Document is not in Your custody, then You are to produce an identical copy thereof, as well as any nonidentical copies that differ for any reason (including, without limitation, the making of notes thereon) from the original or from the other copies produced.

5.    These requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives or diskettes, including any word processing or spreadsheet programs or electronic mail systems, or in any form of electronic or computer-related storage, whether or not You currently have "hard copy" printouts of the same.

6.    If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested Document, You shall furnish a list identifying each Document for which the privilege or other objection is claimed together with the following information:

(a)    the privilege or grounds for withholding being asserted;

(b)    the date of the Document;

(c)    the author and recipients of the Documents, and whether they are attorneys;

(d)    a description of the subject of the Document and its nature (e.g., letter, memorandum, tape, etc.);

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                      -6-
Case No. 4:19-cv-07481-JST

(e)    if a portion of any Document responsive to these requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted;

(f)    You are to produce each Document requested herein in its entirety, without deletion or excision (except as redacted for privilege), regardless of whether You consider the entire Document to be relevant or responsive to the requests. All Documents must be produced with all attachments and enclosures, and in their original folder, binder, or other cover or container, regardless of whether You consider the entire Document to be relevant or responsive to the request. Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the Document or group of Documents;

(g)    The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa;

(h)    If in responding to these requests You can claim any ambiguity in interpreting a Document request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive Documents, but there shall be set forth as part of Your response the language deemed to be ambiguous, and the interpretation chosen or used in responding to the request;

(i)    With respect to any category of Documents, if the production of which You contend is in some way burdensome or oppressive, state the specific reason for that objection; and

(j)    All requests shall be deemed continuing and ongoing, and You are required to supplement Your responses with new or newly discovered material in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **RELEVANT TIME PERIOD**

Unless otherwise stated, the relevant period for these Requests is from January 1, 2020, to the present. The requests seek the production of all Documents, whenever prepared, that concern that period.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                -7-
Case No. 4:19-cv-07481-JST

## DOCUMENTS REQUESTED

**A.     Redwire's Leadership Structure and Personnel**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the internal structure of Redwire and the roles, responsibilities and relationships between the departments, units, and Employees within Redwire, including working group lists, organizational charts, directories, a board of directors list, and phone lists.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for developing Redwire's accounting and finance compliance policies and procedures.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the persons, departments, units, and Employees within Redwire responsible for developing and adopting Redwire's Code of Ethics, adopted on November 23, 2020, and revised Code of Conduct and Ethics, adopted on September 2, 2021 (as described in the Complaint, e.g., ¶¶49, 53, 64–65).

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the persons, departments, units, and Employees within Redwire responsible for developing and adopting Redwire's Whistleblower policy on September 2, 2021 (as described in the Complaint, e.g., ¶¶66–67).

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for developing and remediating internal controls used by Redwire to comply with its accounting and financial reporting policies and procedures.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for finance, accounting, auditing, and financial reporting.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -8-
Case No. 4:19-cv-07481-JST

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the persons, departments, units, and Employees responsible for establishing, publishing, and disseminating to investors all communications, press releases, interviews, marketing materials, audio and visual media, SEC filings, presentations, and financial results related to Redwire during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for developing, establishing, and implementing Redwire's "tone at the top" (as described in the Complaint, e.g., ¶¶2, 4–5, 14, 21, 25, 69, 77–79, 81).

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the persons, departments, units, and Employees that participated in consummating the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC (as described in the Complaint, e.g., ¶¶1–2, 7–11, 36–44).

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show the persons, departments, units, and Employees within Redwire responsible for investigating whistleblower complaints relating to Redwire and its business subunits (as described in the Complaint, e.g., ¶70).

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify the whistleblower Employee responsible for notifying Redwire of the whistleblower complaints relating to Redwire and its business subunits (as described in the Complaint, e.g., ¶70).

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the persons, departments, units, positions, and Employees within Redwire's Audit Committee.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -9-
Case No. 4:19-cv-07481-JST

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the persons, departments, units, positions, and Employees responsible for the termination of Defendant William Read as Redwire's Chief Financial Officer (as described in the Complaint, e.g., ¶81).

**B.    Documents Related to Redwire's Tone at the Top and Weaknesses in Internal Controls**

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning Redwire's statements described in Redwire's April 1, 2022, Form 10-Q for the period ended September 20, 2021 (*see, e.g.,* Complaint ¶¶77–78) including:

    i)    "disclosure controls and procedures were not effective as of September 30, 2021, due to …material weaknesses in internal control over financial reporting.";

    ii)    "we did not maintain an effective control environment, as certain members of senior management failed to consistently message and set certain aspects of an appropriate tone at the top. Specifically, certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication."; and

    iii)    statements relating to Redwire's internal control Remediation Plans and/or Remediation Programs.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning Redwire's statement that "certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication," as described in Redwire's April 11, 2022, Form 10-K for the period ended December 31, 2021 (*see, e.g.,* Complaint ¶79).

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning Redwire's statement that "the design of internal controls over financial reporting for the Company post-Merger has required and will continue to require significant time and resources from management and other personnel. As a result, management was unable, without incurring unreasonable effort or expense to conduct an assessment of [Redwire's] internal control over financial reporting as of December 31, 2021[,]" as described in Redwire's April 11, 2022, Form 10-K for the period ended December 31, 2021 (*see, e.g.,* Complaint ¶¶79–80).

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning Redwire's management's or an independent accounting firm's assessment regarding Redwire's internal control over financial reporting (as described in the Complaint, e.g., ¶¶ 79-80).

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning Redwire not designing and maintaining an effective risk assessment process at a precise enough level to identify new and evolving risks of material misstatement in the consolidated financial statements, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning Redwire's changes to existing controls or the implementation of new controls not being sufficient to respond to changes to the risks of material misstatement to financial reporting, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning Redwire not designing and maintaining formal accounting policies, procedures and controls to achieve complete, accurate and timely financial accounting, reporting and disclosures, including controls over the preparation and review of business performance reviews, account reconciliations, journal entries and contract estimates used in

determining the recognition of revenue, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Redwire not designing and maintaining effective controls to address the identification of and accounting for certain non-routine, unusual or complex transactions, including the proper application of U.S. GAAP to such transactions, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning Redwire not designing and maintaining effective controls to account for purchase business combinations, including the appropriate review of the assumptions, data and models used in the forecasted cash flows, used to determine the fair value of the acquired assets and liabilities, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning the material weaknesses resulting in adjustments to accounts and disclosures in:

(i)     New Redwire's consolidated financial statements as of December 31, 2020 and for the period from February 10, 2020 to December 31, 2020, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100); and

(ii)     Old Redwire's consolidated financial statements for the period from January 1, 2020 to June 21, 2020 and as of and for the year ended December 31, 2019, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning the Executive Defendants representing that they were in the process of implementing measures designed to improve Redwire's internal control over financial

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -12-
Case No. 4:19-cv-07481-JST

reporting and remediate the deficiencies that led to the material weakness, including hiring additional finance and accounting personnel, designing and implementing new control activities, and enhancing existing control activities (*see* Complaint ¶101).

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning Defendants' representation that "[w]e are in the process of designing and implementing additional review procedures within our accounting and finance department to provide more robust and comprehensive internal control over financial reporting that address the relevant financial statement assertions and risks of material misstatement within our business processes, including implementing a comprehensive close process checklist with additional layers of reviews as well as controls around non-routine, unusual or complex transactions, including controls over the accounting for purchase business combinations." *See* Complaint ¶101.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning Defendants' representation that "[w]e will continue to document our processes and procedures, including accounting policies, across the Company to ensure consistent application including controls over the preparation and review of business performance reviews, account reconciliations, journal entries and contract estimates used in determining the recognition of revenue." *See* Complaint ¶101.

**C.    Documents Related to William Read's Termination as Chief Financial Officer**

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning Redwire's decision to "transition [William Read] from his role as Chief Financial Officer" and replacing him with the head of the Board of Directors Audit Committee, as described in Redwire's June 1, 2022, announcement (*see, e.g.,* Complaint ¶81), including the separation agreement Read entered into with Redwire.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning William Read's departure from Redwire, including (i) all reasons for his departure; (ii) any terms of his departure; (iii) any compensation paid, to be paid,

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -13-
Case No. 4:19-cv-07481-JST

foregone, or reduced in connection with his departure; (iv) whether his departure was voluntary; and (v) Communications concerning his departure, including those with investors, analysts, or the SEC.

**D.    Documents Related to Redwire's Whistleblower Complaint and Audit Committee Investigation**

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning Redwire's notification, decisions to investigate, and investigation of the whistleblower complaint relating to "accounting issues with a business subunit" (as described in the Complaint, e.g., ¶¶70–72, 75).

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning any Redwire's Audit Committee's decision to investigate and investigation of the whistleblower complaint relating to Redwire's internal control weaknesses (as described in the Complaint, e.g., ¶¶70–72, 75), including without limitation:

a.    the Documents provided to the Audit Committee in connection with this investigation, including any requests for documents or information;

b.    the notes, transcripts, recordings, or other records of any interviews, questioning, or examinations of former or current Redwire Employees performed in connection with this investigation;

c.    the minutes, notes, transcripts, recordings, or other records of any meetings by the Audit Committee in connection with this investigation;

d.    the Communications concerning this investigation;

e.    the Documents, notes memoranda, files, transcripts, or other records concerning the conclusions, views, findings, or recommendations—preliminary or final— reached or offered by the Audit Committee in connection with this investigation;

f.    the Documents, notes, memoranda, files, or other records of any actions taken by Redwire in response to the conclusions, views, findings, or recommendations resulting from this investigation; and

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -14-
Case No. 4:19-cv-07481-JST

g.  the Communications and Documents from and to Defendants William Read and Peter Cannito related to the Audit Committee's investigation.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning any disciplinary action(s), including Employee termination, concerning Redwire's internal controls, accounting practices, "tone at the top," and/or financial reporting compliance during the Relevant Time Period, including all Documents relating to the termination, resignation, or departure of William Read.

**E.    Documents Related to Redwire's Policies**

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Redwire's Document retention, preservation, and destruction Policies.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show Redwire's insider trading Policies, including any changes to such Policies.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Redwire's Code of Ethics, adopted on November 23, 2020, and revised Code of Conduct and Ethics, adopted on September 2, 2021 (as described in the Complaint, e.g., ¶¶49, 53, 64–65), including the operative versions of those policies during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Redwire's Whistleblower policy adopted on September 2, 2021 (as described in the Complaint, e.g., ¶¶66–67), including the operative versions of the Whistleblower policy during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including without limitation:

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -15-
Case No. 4:19-cv-07481-JST

a.  Policies, procedures, or practices (formal or informal), including any accounting, internal control, "tone at the top," and financial reporting Policies or procedures;

b.  handbooks, guidelines, or training materials;

c.  decisions or determinations relating to Redwire's "tone at the top," financial reporting and accounting compliance, and internal controls, including any discussion or analysis;

d.  Board or Audit Committee materials concerning Policies, procedures, or practices (formal or informal);

e.  quarterly executive meeting materials concerning Policies, procedures, or practices (formal or informal);

f.  Redwire's public statements regarding Policies, procedures, or practices (formal or informal), including in its SEC filings, any public conference call(s), or any press release(s); and

g. Audits or due diligence

**F.    Documents Related to the de-SPAC Merger**

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC (as described in the Complaint, e.g., ¶¶1–2, 7–11, 36–44), including without limitation:

a.  the Documents provided to Redwire and GPAC in connection with the de-SPAC merger, including any requests for documents or information;

b.  the notes, transcripts, recordings, or other records of any interviews, questioning, due diligence, or examinations of former or current Redwire Employees performed in connection with the de-SPAC merger;

c.  the minutes, notes, transcripts, recordings, or other records of any meetings by Redwire or GPAC in connection with the de-SPAC merger;

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS          -16-
Case No. 4:19-cv-07481-JST

d.   the Communications concerning the de-SPAC merger;

e.   the Documents, notes memoranda, files, transcripts, or other records concerning the conclusions, views, findings, or recommendations—preliminary or final—reached or offered in connection with the de-SPAC merger;

f.   the Documents, notes, memoranda, files, or other records of any actions taken by Redwire in response to any conclusions, views, findings, or recommendations concerning the de-SPAC merger;

g.   the Communications and Documents from and to Defendants William Read and Peter Cannito related to the de-SPAC merger;

h.   the Communications and Documents concerning Defendants William Read and Peter Cannito's financial compensation package as Chief Financial Officer and Chief Executive Officer, respectively, before and after the de-SPAC merger was completed;

i.   the Communications and Documents concerning Redwire's senior managements' backgrounds, professional qualifications, and experience publicly disclosed to investors prior to the de-SPAC merger;

j.   the Communications, Correspondences, and Documents concerning Redwire's de-SPAC merger with GPAC filed with or communicated to and from the SEC; and

k.   the Communications, Correspondences, and Documents concerning Redwire's de-SPAC merger with GPAC filed with or communicated to and from the New York Stock Exchange ("NYSE").

**G.    Documents Related to Third-Party Investigations**

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning any investigation, whether informal or formal, by any government or administrative agency, concerning Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including without limitation:

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -17-
Case No. 4:19-cv-07481-JST

a. the Documents produced in connection with any such investigation;

b. the notes, transcripts, recordings, or other records of any interviews, questioning or examinations of former or current Redwire Employees or Board Members performed in connection with any such investigation;

c. the written discovery, including requests for production, subpoenas, interrogatories, requests for admission submitted in connection with any such investigation; and

d. the Communications concerning any such investigation.

**H.       Documents Related to Other Actions**

**REQUEST FOR PRODUCTION NO. 39:**

All Documents produced in connection with any other action against Redwire concerning the subject matter of this Action, or Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including any deposition transcripts, written discovery, or related Correspondence.

**I.       Documents Related to Redwire's Public Statements During the Class Period**

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning any Company statements alleged in the Complaint made by Redwire or any of its representatives, including statements alleged in ¶¶ 19-24, 37, 43, 46 – 68, 70, 72, 74, 75, 77-81 and fn. 4–26 of the Complaint.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning the Executive Defendants' role and involvement in the drafting, review, certification, or publication of Redwire's press releases, investor presentations, and filings with the SEC during the Class Period.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning the Executive Defendants' preparation for or participation in quarterly and annual earnings calls during the Class Period, including preparation, review, or approval of scripts used for those calls.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning Redwire's preparation, certification, and issuing or filing of the Class Period press releases, investor presentations, or SEC reports or forms.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning Redwire's preparation, publishing, approval, and issuance of press releases disseminated to the public during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning certifications and sub-certifications pursuant to the Sarbanes-Oxley Act for Redwire's financial statements during the Class Period, including the preparation, review, and signing of those certifications and sub-certifications.

**REQUEST FOR PRODUCTION NO. 46:**

All known Documents supporting, contradicting, or concerning Defendants' public statements alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning analyst reaction to Defendants' statements or the movement in Redwire's stock price, including the cause or causes for that movement, including on or within days after any of the following dates:

      a.  November 10, 2021 (¶70 of Complaint).

      b.  November 15, 2021 (¶72 of Complaint).

      c.  December 2, 2021 (¶74 of Complaint).

      d.  March 31, 2022 (¶ 75 of Complaint).

      e.  April 1, 2022 (¶¶77–78 of Complaint).

      f.  April 11, 2022 (¶¶79–80 of Complaint).

      g.  June 1, 2022 (¶81 of Complaint).

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning securities analysts' individual and consensus expectations and estimates for Redwire's financial results.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS        -19-
Case No. 4:19-cv-07481-JST

**REQUEST FOR PRODUCTION NO. 49:**

All Documents concerning Communications with Redwire's securities analysts and investors, including Documents concerning analyst reports and the market impact thereof.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents, including drafts, concerning the market impact of Redwire's SEC filings, press releases, investor presentations, or transcripts of all conference calls or public presentations.

**J.       Documents Related to Redwire's Executives**

**REQUEST FOR PRODUCTION NO. 51:**

The personnel files for Redwire's senior management team, including all Executive Defendants.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents concerning any due diligence concerning or performance reviews for Redwire's senior management team, including all Executive Defendants.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents concerning Redwire's executive compensation, bonuses, and bonus plans, including without limitation:

a.   the amounts paid, including any underlying calculations;

b.   the targets or thresholds for any payments;

c.   the use of non-GAAP operating income as a metric in connection with any executive compensation plan or bonus;

d.   the impact of transition costs, net revenue, or revenue recognition on executive compensation; and

e.   any exclusion or adjustment to any metric for the purposes of executive compensation.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the Executive Defendants' trading in Redwire's securities, including without limitation the reason(s) for each transaction.

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -20-
Case No. 4:19-cv-07481-JST

**K.      Documents Related to the Action**

**REQUEST FOR PRODUCTION NO. 55:**

   All Documents concerning the facts alleged in the complaint.

**REQUEST FOR PRODUCTION NO. 56:**

   All Documents that Defendants have relied on or intend to rely on in this Action in support of any assertion or defense.

**REQUEST FOR PRODUCTION NO. 57:**

   All insurance Policies under which any insurance business may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment.

DATED:  May 19, 2023                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                        By: *s/ Reed R. Kathrein*
                                           Reed R. Kathrein (Fla. Bar. No. 262161)
                                        Lucas E. Gilmore (admitted *pro hac vice*)
                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA 94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        Email: reed@hbsslaw.com
                                        Email: lucasg@hbsslaw.com

                                        Steve W. Berman (admitted *pro hac vice*)
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA 98101
                                        Telephone: (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        Email: steve@hbsslaw.com

                                        *Lead Counsel for Lead Plaintiff*
                                        *Jared Thompson*

                                        Brian Schall (*pro hac vice* forthcoming)
                                        THE SCHALL LAW FIRM
                                        2049 Century Park East, Suite 2460
                                        Los Angeles, CA 90067
                                        Telephone: (424) 303-1964
                                        brian@schallfirm.com

                                        *Additional Counsel for Lead Plaintiff Jared Thompson*

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -21-
Case No. 4:19-cv-07481-JST

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff
Jared Thompson*

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -22-
Case No. 4:19-cv-07481-JST

**CERTIFICATE OF SERVICE**

I, Reed R. Kathrein, hereby certify that on May 19, 2023, I caused a true and correct copy of the foregoing LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2023.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

LEAD PLTFFS' FIRST SET OF RFPS
DIRECTED TO ALL DEFENDANTS                    -23-
Case No. 4:19-cv-07481-JST