

GLENNYS ORTEGA RUBIN
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida  32801
DIRECT  (407) 835-6757
FAX      (407) 425-8316
EMAIL   grubin@shutts.com

April 4, 2024

<u>VIA EMAIL</u>

HAGENS BERMAN SOBOL SHAPIRO LLP

Reed Kathrein, Esq. (reed@hbsslaw.com)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Peter A. Shaeffer, Esq. (petersh@hbsslaw.com)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611

Re:    *Jed Lemen v. Redwire Corporation f/k/a Genesis Park Acquisition Corp., et al.,* Case
No.: 3:21-CV-1254-TJC-PDB

Lead Plaintiff's Inquiries as to Defendants' Categorical Privilege Log

Dear Reed and Peter,

This letter serves as a response to your email of March 21, 2024, wherein you, as counsel for Lead Plaintiff, posed several inquiries as to Defendants' Categorical Privilege Log in Response to Lead Plaintiff's First Set of Requests for Production, which was served on November 29, 2023 (the "Categorical Log"). Defendants' responses and positions to the inquiries posed therein are as follows:

### A.  Requested Revisions to the Categorical Log

Defendants will not make the revisions to the Categorical Log requested by Lead Plaintiff.

Initially, it appears Lead Plaintiff is requesting clarification as to issues involving the operation of certain columns in the Categorical Log. To clarify, and for example, the groups of people identified in Columns I and J are on each correspondence contained within the relevant category. By way of example, the first category on the Categorical Log lists "Various Redwire employees or directors, outside counsel, and internal counsel" in Columns I and J. This means <u>each</u> correspondence in the first category involves (1) Redwire employee(s) or director(s); (2) outside counsel; <u>and</u> (3) internal counsel.

Defendants believe that this clarification may resolve several of Lead Plaintiff's questions. For instance, Defendants see no reason to amend the Categorical Log to be broken down by the specific types of privileges asserted, as requested by Lead Plaintiff. Because of the way the Categorical Log is organized, as explained above, the only additional information that would be provided from engaging in this time-consuming task is the number of documents withheld and the pertinent date range in each sub-category (as the category type, category description, and groups

Exhibit C

April 4, 2024
Page 2

of people involved would remain the same). Defendants do not believe such revision is either required or necessary.

Defendants note that as to Lead Plaintiff's inquiries into Column E, Defendants cannot confirm that the privileges asserted as to each category are asserted as to each document within the category. That is not to say that such a discrepancy exists in each category, only that Defendants cannot confirm that the discrepancy does not exist. However, Defendants maintain, for the reasons stated above, that reorganizing the Categorical Log as requested by Lead Plaintiff is not required or necessary.

To the extent these explanations do not remedy Lead Plaintiff's concerns, while we are open to further conferral, Defendants will not provide further information or otherwise revise the Categorical Log as to Columns I and J, or reorganize the Categorical Log by privileges asserted. In addition to being unnecessary, providing information as to the individuals on each "particular email," or breaking down the Categorical Log by privilege asserted as to each correspondence, as requested by Lead Plaintiff, entirely defeats the purpose of a categorical log.

Nor is such information required by the Parties' Stipulated ESI Protocol, which requires only that a categorical log: "specifically describe the category of documents withheld, the privilege that is asserted, and provide an explanation as to the basis for categorical treatment." Stipulated ESI Protocol, § VII(C). The Categorical Log meets these requirements.

Defendants have provided sufficient information to permit Lead Plaintiff to assess the claims of privilege, and will thus not make the requested revisions or otherwise provide any further information in the Categorical Log. *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *16 (M.D. Fla. Oct. 25, 2013).

### B. Privileges Asserted Where no Counsel is Involved

As to Lead Plaintiff's inquiries into the basis of the privileges asserted for documents in categories 2, 3, 6 and 8 of the Categorical Log, such documents are withheld according to the privileges noted therein.

To the extent documents in these categories are withheld according to attorney-client privilege, such privilege has not been waived through disclosure to agents. *Foodonics Int'l, Inc. v. Srochi*, No. 3:17-CV-1054-J-32JRK, 2020 WL 9670613, at *3 (M.D. Fla. Mar. 20, 2020) (Attorney-client privilege is not waived by disclosure "where the disclosure is to a third party who is an 'agent' of the client."); *id*. ("Under this 'agency' exception, a client or attorney may disclose privileged information to non-attorney professionals, such as accountants, with whom the communication is necessary for the rendition of legal services to the client.").

To the extent documents in these categories are withheld according to work product privilege, some documents are work product created by third parties at the direction of counsel, which is protected under the work product doctrine. *Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, No. 3:05CV1232 J12MCR, 2007 WL 842989, at *5 (M.D. Fla. Mar. 19, 2007) (the "work product doctrine also applies to work prepared for or by a party's representative"); *Advanced Polymer Tech. Corp. v. Textile Mgmt. Assocs., Inc.*, No. 4:08-CV-0018-HLM, 2009 WL 10669413, at *3 (N.D. Ga. Aug. 10, 2009) ("Documents or information prepared or gathered by a party's agent in anticipation of litigation, at the instruction of that party's counsel, can qualify for protection under the work product doctrine."). Some documents involve work product created by

April 4, 2024
Page 3

counsel or counsel's agents, which privilege has not been waived through disclosure to non-adversaries. *Gutter v. E.I. Dupont de Nemours & Co.*, No. 95-CV-2152, 1998 WL 2017926, at *3 (S.D. Fla. May 18, 1998).

To the extent documents in these categories are withheld according to the self-critical analysis privilege, such privilege does not require the involvement of counsel. *See Reichhold Chemicals, Inc. v. Textron, Inc.,* 157 F.R.D. 522, 526-27 (N.D. Fla. 1994).

Defendants note that breaking the categories out in a manner which identifies those categories that involve counsel, and those that do not, was by design; namely, to be forthright and to provide Lead Plaintiff with a meaningful opportunity to assess the privileges claimed therein.

### C. Audit Committee Investigation-Related Issues

Finally, Defendants see no basis for Lead Plaintiff's efforts in continuing to seek specific information related to the Audit Committee investigation, in the context of the Categorical Log.

Lead Plaintiff's First Set of Requests for Production ("RFP") sought documents on many different topics, including, but not limited to, the Audit Committee investigation. The responsive documents withheld pursuant to the Categorical Log thus may span a variety of topics raised in the RFPs. Defendants, logically, organized the Categorical Log according to the categories of documents being withheld, not according to the RFPs.

It is unclear to Defendants why Lead Plaintiff seems to suggest that the Categorical Log should contain a separate category identifying only Audit Committee investigation-related materials. The RFPs are not targeted solely to investigation-related materials, nor do Defendants assert in the Categorical Log a privilege on such basis. Put simply, the privileges claimed in the Categorical Log exist independently of the Audit Committee investigation. As such, Defendants did not, and are not obligated to, create a separate category specifically identifying Audit Committee investigation-related materials.

Moreover, as explained *supra* § A*,* the Categorical Log identifies in Columns I and J the groups of individuals, including, where appropriate, outside counsel and external accountants, involved in the withheld documents. Again, this may resolve some of Lead Plaintiff's questions as to this issue.

For these reasons, Defendants will not revise the Categorical Log to separately identify the Audit Committee investigation-related information, as requested by Lead Plaintiff.

Defendants believe that the answers herein should resolve the issues raised in the March 21, 2024 email. Should you have any questions or require further conferral, please let us know.

Sincerely,

**SHUTTS & BOWEN LLP**

Glennys Ortega Rubin, Esq.