**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION |

**LEAD PLAINTIFF JARED THOMPSON'S TIME SENSITIVE MOTION TO STRIKE DEFENDANTS' *DAUBERT* MOTION**

Lead Plaintiff Jared Thompson ("Plaintiff") and Defendants carefully negotiated a case schedule and subsequent adjustments to the class certification briefing schedule and page limits. Based on these negotiations, the Court entered orders setting the deadline for Defendants to file their class certification opposition on April 24, 2024 and permitting Defendants to have up to 35 pages for the brief (fifteen pages more than the default page limit under the local rules). As expected, Defendants submitted a 35-page opposition brief on April 24, 2024, along with an 87-page expert declaration (and an additional 200 pages of exhibits).

However, Defendants did not stop there. Two weeks later, without any authorization in the schedule, or any request for leave, Defendants filed a 25-page

- 1 -

*Daubert* motion challenging the opinions of Plaintiff's class certification expert, Dr. Matthew Cain.  This filing of the *Daubert* motion two weeks after the opposition deadline violates both the dates set out in the case schedule and page limits negotiated and set by this Court. It is also belied by any reasonable interpretation of the scheduling order and common practice in federal litigation.  Defendants' late filed *Daubert* motion also upends the class certification schedule by requiring Plaintiff to respond on substantive expert issues three weeks before the reply brief and rebuttal report are due, and requires a response before Defendant's expert's deposition is taken.  Defendants notified Plaintiff of their motion the day before filing, and Plaintiff informed them of his position that it was improper. Nevertheless, Defendants did not seek leave of Court as they obviously could not show reasonable grounds. Defendants' *Daubert* motion should be stricken.

## I.      TIME SENSITIVE DESIGNATION

Pursuant to Local Rule 3.01(e), Plaintiff designates this motion as time sensitive as the present deadline to oppose Defendants' *Daubert* motion is May 29, 2024.  Therefore, Plaintiff requests an order by Friday, May 17, 2024 so that Plaintiff may be appropriately guided in advance of the deadline.

## II.      ARGUMENT

**A.      Defendants' *Daubert* Motion – Filed After Their Opposition to Class Certification – Was Not Contemplated By the Negotiated Case Schedule Entered by the Court Nor Raised During**

**Discussions Over the Page Limits and Deadline for the Opposition.**

Since the start of discovery, the parties have negotiated and submitted to the Court multiple proposed case schedules and joint motions related to class certification briefing that never contemplated class certification and *Daubert* motions being filed either *in addition to or after* the deadlines for the parties' class certification briefs.

On April 21, 2023, the parties submitted a joint case management report that requested specific case deadlines and dates, including the deadline for Plaintiff to move for class certification (January 19, 2024), and nearly seven months later and after the close of fact discovery, a deadline for filing any dispositive and *Daubert* motions (October 28, 2024). *See* ECF No. 69 at 2. Nowhere in the initial case schedule proposed to the Court did the parties contemplate, let alone agree, that *Daubert* motions related to class certification could be filed after the deadline for Defendants to file their opposition. On August 8, 2023, the Court entered a scheduling order that largely tracked the parties' initial proposal, including a deadline of January 19, 2024 for Plaintiff to move for class certification and an October 28, 2024 deadline for the filing of dispositive and *Daubert* motions. *See* ECF No. 82.

Months later, after Plaintiff timely filed the class certification motion pursuant to the scheduling order, Defendants requested a meet and confer to negotiate an

- 3 -

extended briefing schedule for the motion.  Based on those discussions, the parties submitted a joint motion on January 29, 2024.  *See* ECF No. 88.  In the joint motion, the parties requested adjustments to the previously entered schedule that would provide an extended deadline for Defendants to file their opposition to the class certification motion (March 29, 2024) and Plaintiff to file the requested reply brief in support of class certification (May 10, 2024), as well as extend the deadlines for fact discovery and the filing of dispositive and *Daubert* motions.  *See* ECF No. 88 at 2. In support of this request, Defendants stated they needed more time than allowed under the default timing in the local rules to prepare their opposition, which would allow them to depose Plaintiff's expert and Plaintiff and develop a rebuttal report.  *Id.* at 4-5.  Defendants also claimed Plaintiff's motion and accompanying expert declaration were "substantively voluminous" and required additional time for review and response.  *Id.*  Defendants made no mention of needing additional time to prepare a *Daubert* motion on Plaintiff's expert or stated their understanding that such a *Daubert* motion could be filed *either in addition to or after* Defendants filed the class certification opposition.  *Id.* at *passim*. The Court subsequently entered the parties' proposed schedule on January 31, 2024.  ECF No. 90.

Months later, on March 20, 2024, the parties submitted another joint motion seeking to extend the deadlines for filing the class certification opposition and reply briefs.  *See* ECF No. 120.  Although Defendants had deposed Plaintiff's expert on

- 4 -

March 15, 2024, the parties had to postpone the scheduled March 6, 2024 deposition of Plaintiff due to unanticipated medical needs of Plaintiff's wife. *Id.* at 3. Due to the parties' schedules, the deposition could not be rescheduled until April 10, 2024, and Defendants accordingly requested that they be permitted to file their opposition brief on April 24, 2024. *Id.* at 4. In turn, given Defendants' requested extension and a previously scheduled vacation for Plaintiff's counsel, Plaintiff requested the time to file a reply brief be extended until June 20, 2024. *Id.* No where in this joint motion did Defendants raise the possibility of filing a *Daubert* motion in addition to or after the requested April 24, 2024 deadline. *Id.* The Court granted these extensions on March 20, 2024. *See* ECF No. 121.

Finally, a little under two weeks before Defendants filed their class certification opposition, the parties submitted another joint motion on April 12, 2024, at Defendants' initiation, requesting that Defendants have 35 pages for their opposition brief and Plaintiff fifteen (15) pages on reply. *See* ECF No. 125. In the motion, Defendants indicated they need more pages to "address Dr. Cain's dense report and supporting documentation" with no mention that Defendants were also planning to file a *Daubert* motion *either with* the opposition *or after* filing the opposition. *Id.* at 2-3. The Court granted the request on April 16, 2024. *See* ECF No. 127.

As the foregoing demonstrates, the parties negotiated multiple case schedules and issues related to the class certification briefing without Defendants ever once raising the possibility they would file a *Daubert* motion concerning Plaintiff's expert either with their opposition or after filing their opposition. Yet over Plaintiff's objections, Defendants filed their 25-page motion two weeks after their deadline for the opposition brief. *See* ECF No. 136.

Defendants filed this motion despite the fact that, as Plaintiff pointed out, there is extensive briefing and remaining disputes concerning discovery. *See* ECF Nos. 132-133, 139 and 141. Defendants also expect Plaintiff to prepare a *Daubert* opposition in the midst of preparing the reply brief in support of class certification while at the same time claiming that they were unavailable for a properly-noticed deposition of a third-party witness because they needed over two weeks to prepare.

Defendants' *Daubert* motion – filed in contravention of the case schedule and without leave of Court to file after the deadline for the class certification opposition – should be stricken in its entirety.

### B.      Defendants' Interpretation of the Deadlines in the Case Schedule is Unreasonable.

During the parties' May 7, 2024 meet and confer regarding Defendants' *Daubert* motion, Plaintiff raised a similar argument as the one detailed in Section II.A. of this motion – that the parties' negotiations, at most, contemplated any *Daubert* motion related to class certification to be filed with the opposition brief,

and that in the context of  intensive discovery disputes in other areas, as well as the scheduling of depositions, this appeared to be an unjustified diversion.  In response, Defendants noted that the case schedule set a dispositive motion and *Daubert* deadline of January 27, 2025, implying they could file at any time.  *See* ECF No. 90.

This argument is not based on any reasonable interpretation of the case schedule.  For example, the current schedule sets a deadline of September 27, 2024 for Plaintiff to disclose expert reports.  *Id.*  If Plaintiff filed the class certification motion, and then two weeks later filed an expert declaration in support of the motion, Defendants would certainly reject any argument by Plaintiff that the September 27, 2024 deadline for expert disclosures governs the deadline for experts related to class certification.  The same reasoning applies to Defendants' interpretation of the January 2025 *Daubert* deadline as allowing them to file a *Daubert* motion related to class certification *after* their deadline to file the opposition.

It is common practice, moreover, to set *Daubert* deadlines after merits discovery, as the parties did here, when the issue is whether the expert testimony is admissible on summary judgement or for trial.  Setting such a deadline does not give Defendants *carte blanche* to file a *Daubert* motion at any time, particularly if such a filing upsets the parties carefully negotiated case schedule.

- 7 -

**C.    Defendants' *Daubert* Motion Would Upend the Class Certification Schedule and is Untimely and Therefore Waived for Class Certification Purposes.**

Under the existing schedule, Plaintiff's reply brief (and any rebuttal expert declaration) is due on June 20, 2024.  *See* ECF No. 121. Defendants' *Daubert* motion, however, requires a response around three weeks earlier on May 29, 2024. *See* Local Rule 3.01(c) (giving Plaintiff twenty-one days to respond to a motion to "exclude or limit expert testimony").

This staging will be extremely prejudicial to Plaintiff.  The Court-entered deadline for Plaintiff's reply brief grants Plaintiff and his expert both the last word and approximately eight weeks to prepare it.  *See* ECF No. 121.  By noticing a separate *Daubert* motion, Defendants have in effect unilaterally modified the case schedule.  Now, Plaintiff will need to prepare a *Daubert* opposition that will cover similar issues as the forthcoming reply brief but in less than half the time contemplated by the current class certification schedule.  Indeed, Defendants' *Daubert* motion relies heavily on the declaration from Dr. Andrew H. Roper, and overlaps with the arguments raised by Dr. Roper in Defendants' class certification opposition.  *Compare* ECF No. 129 (Class Cert Opp.) at 14-26 *with* ECF No. 136 (*Daubert* Mot.) at 8-25.  The prejudice to Plaintiff is amplified by the fact that the parties have agreed to a June 5, 2024 deposition date for Defendants' expert, which

is *after* the current deadline to respond to the *Daubert* motion. Plaintiff will thus have to complete the opposition brief without first having deposed Dr. Roper.

Defendants may argue that this Court *must* decide the *Daubert* challenge prior to deciding class certification. *See* ECF No. 136 at 4 (arguing "the Court must rule on this *Daubert* challenge prior to, or contemporaneously with, the Certification Motion") (citing *Sher v. Raytheon Co.*, 419 F. App'x 887, 890 (11th Cir. 2021)). Their motion, however, is untimely and waived for Class Certification purposes. *See, e.g, Rodriguez v. GEICO Gen. Ins. Co.*, 2021 WL 1053156, at *1 (M.D. Fla. Feb. 4, 2021) (denying *Daubert* motion as untimely when filed after deadline and the party failed to obtain leave of court before submitting the motion); *see also Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1349 (11th Cir. 2003) (noting that because *Daubert* "contemplates a 'gatekeeping' function, not a 'gotcha' [f]unction," untimely *Daubert* motions should be considered only in "rare circumstances") (internal citation omitted).

Defendants had Plaintiff's class certification motion since January 19, 2024, took Plaintiff's expert deposition on March 15, 2024, and filed their opposition to class certification and expert report on April 24, 2024. Defendants' *Daubert* motion relies on no information they did not have or could not have had before they filed their opposition, including their expert declaration, and no new law has been set that Defendants could not have cited in their original opposition.

And Defendants' argument regarding the need for a ruling on their *Daubert* challenge argument still does not address the evident prejudice to Plaintiff to prepare what will essentially be a significant portion of his reply brief weeks before the negotiated and agreed-upon deadline, with such work conflicting with other discovery and briefing in this case.

## III.    CONCLUSION

For the foregoing reasons, Defendants' *Daubert* motion should be stricken in its entirety.

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned hereby certifies that on May 7, 2024, Plaintiff's counsel conferred with counsel for Defendants via telephone and exchanged additional correspondence on May 7, 2024 and May 8, 2024 regarding the relief requested in this Motion and Defendants' counsel indicated that they do not agree with any of the relief sought in this Motion.

Dated: May 10, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*