# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>  Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br><u>CLASS ACTION</u> |

<u>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**</u>

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ (collectively, "Defendants") by and through undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby respond to Lead Plaintiff Jared Thompson's First Request for Production.

<u>**GENERAL OBJECTIONS**</u>

1.    **The Requests have a "Relevant Time Period" of January 1, 2020 "to the present."  Defendants object to the breadth of the period as including periods of time that are not relevant to the parties' claims or defenses, nor proportional to the needs of the case.  Pursuant to their objection, Defendants limit their response to January 1, 2021**

through June 1, 2022, which is referred to herein as the "Relevant Period," which encompasses the totality of Lead Plaintiff's relevant allegations.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), documents are being withheld based on this objection.

2.      Defendants object to the definition of "Redwire" employed by Lead Plaintiff in the Requests as vague and confusing because it fails to separately differentiate between Genesis Park Acquisition Corporation ("GPAC") from formation through September 2, 2021, pre-merger Redwire as it existed prior to September 2, 2021, and the merged companies from September 2, 2021 forward.   To avoid confusion, these Answers and Objections use the following naming convention:

a.      "GPAC" shall mean and refer to Genesis Park Acquisition Corporation as it existed from its formation though the date of merger, September 2, 2021.

b.      "Pre-Merger Redwire" shall mean and refer to the entity(ies) that combined with GPAC in the September 2, 2021 merger that was consummated through a vote of GPAC shareholders.

c.      "Redwire" shall mean and refer to the merged companies from September 2, 2021 forward.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), documents are not being withheld based on this objection.

3.      The Requests seek production of documents in accordance with an ESI protocol served by Lead Plaintiff, but that protocol remains under negotiation and consideration by the parties. Defendants object to the Requests to the extent that they call for production of documents in accordance with the ESI protocol that Lead Plaintiff originally served as opposed to whatever final stipulation that the parties are currently undertaking to negotiate. Defendants anticipate production of ESI in accordance with the parties' final negotiated stipulation.

## DOCUMENTS REQUESTED

**A.    Redwire's Leadership Structure and Personnel**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the internal structure of Redwire and the roles, responsibilities and relationships between the departments, units, and Employees within Redwire, including working group lists, organizational charts, directories, a board of directors list, and phone lists.

> **RESPONSE: Defendants object to Request 1 on the basis of vagueness. Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). Redwire is a large company with multiple locations and facilities located across the country and internationally. Defendants are unable to discern from this Request which "departments, units, and Employees" are the subject of this Request. To the extent that it might be construed as covering all "departments, units, and Employees," the Request is overly broad and disproportionate to the needs of the case. Moreover, it is not clear what is meant by the "roles, responsibilities and relationships" between the different groups and employees. Defendants are unable to conduct an appropriate search for documents based on such a broad phrase that lacks any definition and/or particularity.**

> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants interpret the Request as seeking documents sufficient to show Redwire's corporate structure during the Relevant Period for finance and accounting departments. As so interpreted, Defendants agree to produce documents sufficient to show the organizational relationship of employees for the Relevant Period within finance and accounting departments. To the extent the Request can be construed as seeking additional documents, Defendants object that the Request is overly broad and disproportionate to the needs of the case.**

3

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" Redwire's internal corporate structure.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for developing Redwire's accounting and finance compliance policies and procedures.

> **RESPONSE: Defendants object to Request 2 as disproportionate to the needs of the case and vague.** *See* **Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of those "departments, units, and Employees" responsible for developing Redwire's accounting and finance compliance policies and procedures is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.**
>
> **Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for developing Redwire's accounting and finance policies and procedures—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(i), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding "Redwire's accounting, financial reporting, and internal control policies and procedures." Redwire incorporates the objections to Interrogatory No. 1(i) herein.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in**

4

response to other Requests herein will be "sufficient to show" the persons and departments responsible for Redwire's accounting and finance policies and procedures.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the persons, departments, units, and Employees within Redwire responsible for developing and adopting Redwire's Code of Ethics, adopted on November 23, 2020, and revised Code of Conduct and Ethics, adopted on September 2, 2021 (as described in the Complaint, e.g., ¶¶49, 53, 64–65).

> **RESPONSE: Defendants object to Request 3 as disproportionate to the needs of the case and vague.** *See* **Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the persons, departments, units, and Employees" responsible for developing and adopting Redwire's Code of Ethics and Code of Conduct and Ethics is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.**

> **Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for developing and adopting Redwire's Code of Ethics and Code of Conduct and Ethics—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(g), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding "Code of Ethics, adopted on November 23, 2020, and revised Code of Conduct and Ethics, adopted on September 2, 2021." Redwire incorporates the objections to Interrogatory No. 1(g) herein.**

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons and departments responsible for Redwire's Code of Conduct and Ethics, adopted on September 2, 2021, and Redwire does not have possession, custody, or control of documents related to GPAC's adoption of the November 23, 2020 Code of Ethics.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the persons, departments, units, and Employees within Redwire responsible for developing and adopting Redwire's Whistleblower policy on September 2, 2021 (as described in the Complaint, e.g., ¶¶66–67).

RESPONSE: Defendants object to Request 4 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the persons, departments, units, and Employees" responsible for developing and adopting Redwire's Whistleblower policy on September 2, 2021 is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.

Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for developing and adopting Redwire's Whistleblower policy on September 2, 2021—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(h), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations

6

regarding "Redwire's Whistleblower policy adopted on September 2, 2021."

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons and departments responsible for Redwire's Whistleblower policy adopted on September 2, 2021.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for developing and remediating internal controls used by Redwire to comply with its accounting and financial reporting policies and procedures.

> **RESPONSE: Defendants object to Request 5 as disproportionate to the needs of the case and vague.** *See* **Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the departments, units, and Employees" responsible for developing and remediating internal controls used by Redwire to comply with its accounting and financial reporting policies and procedures is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.**

> **Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for developing and remediating internal controls used by Redwire to comply with its accounting and financial reporting policies and procedures—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(b), which seeks identification of**

7

all persons with knowledge of Lead Plaintiff's allegations regarding "Redwire's internal control Remediation Plans and/or Remediation Programs, as described in Redwire's April 1, 2022, Form 10-Q for the period ended September 20, 2021."

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons and departments responsible for developing and remediating internal controls used by Redwire to comply with its accounting and financial reporting policies and procedures.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the departments, units, and Employees within Redwire responsible for finance, accounting, auditing, and financial reporting.

RESPONSE: Defendants object to Request 6 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the departments, units, and Employees" responsible for finance, accounting, auditing, and financial reporting is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.

Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for finance, accounting, auditing, and financial reporting—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(i), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding

8

**"Redwire's accounting, financial reporting, and internal control policies and procedures."  Redwire incorporates the objections to Interrogatory No. 1(i) herein.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons and departments responsible for finance, accounting, auditing, and financial reporting.**

## REQUEST FOR PRODUCTION NO. 7:

Documents sufficient to show the persons, departments, units, and Employees responsible for establishing, publishing, and disseminating to investors all communications, press releases, interviews, marketing materials, audio and visual media, SEC filings, presentations, and financial results related to Redwire during the Relevant Time Period.

**RESPONSE: Defendants object to Request 7 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the persons, departments, units, and Employees" responsible for establishing, publishing, and disseminating to investors all communications, press releases, interviews, marketing materials, audio and visual media, SEC filings, presentations, and financial results related to Redwire is not readily available in documentary form.  There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.**

**Defendants further object to this Request as overly broad and seeking documents disproportionate to the needs of the case to the extent that the Request seeks documents related to**

9

"communications, press releases, interviews, marketing materials, audio and visual media, SEC filings, presentations, and financial results" other than those identified in the First Amended Complaint.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons and departments responsible for establishing, publishing, and disseminating to investors those communications, press releases, interviews, marketing materials, audio and visual media, SEC filings, presentations, and/or financial results to the extent identified in the First Amended Complaint.

## REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to show the departments, units, and Employees within Redwire responsible for developing, establishing, and implementing Redwire's "tone at the top" (as described in the Complaint, e.g., ¶¶2, 4–5, 14, 21, 25, 69, 77–79, 81).

RESPONSE: Defendants object to Request 8 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the departments, units, and Employees" responsible for developing, establishing, and implementing Redwire's "tone at the top" is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.

Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for

10

developing, establishing, and implementing Redwire's "tone at the top"—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(j), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding "Redwire's "tone at the top," as described in the Complaint." Redwire incorporates the objections to Interrogatory No. 1(j) herein.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons associated with Redwire's "tone at the top."

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the persons, departments, units, and Employees that participated in consummating the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC (as described in the Complaint, e.g., ¶¶1–2, 7–11, 36–44).

RESPONSE: Defendants object to Request 9 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of all "persons, departments, units, and Employees" that participated in consummating the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.

Defendants further object to this Request as overly broad and seeking documents disproportionate to the needs of the case to

11

the extent that the Request seeks documents related to identification of all "persons, departments, units, and Employees" associated with the merger regardless of their connection to any fact alleged in the First Amended Complaint.

Additionally, Defendants object that the information sought herein—i.e., the identification of persons that participated in consummating the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(l), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding the spring 2021 de-SPAC merger transaction between Pre-Merger Redwire and GPAC. Redwire incorporates the objections to Interrogatory No. 1(l) herein.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the relevant persons that participated in the spring 2021 de-SPAC merger transaction between Pre-Merger Redwire and GPAC as it relates to the specific allegations of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show the persons, departments, units, and Employees within Redwire responsible for investigating whistleblower complaints relating to Redwire and its business subunits (as described in the Complaint, e.g., ¶70).

RESPONSE: Defendants object to Request 10 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the persons, departments, units, and Employees" responsible for

12

investigating whistleblower complaints relating to Redwire and its business subunits is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.

Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for investigating whistleblower complaints relating to Redwire and its business subunits—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(k), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding Audit Committee's investigation into any complaints regarding senior management's "tone at the top," including any whistleblower complaint relating to Redwire's internal control weaknesses. Redwire incorporates the objections to Interrogatory No. 1(k) herein.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons responsible for investigating the assertions of the former employee who notified Redwire of potential accounting issues with a business subunit on November 5, 2021.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify the whistleblower Employee responsible for notifying Redwire of the whistleblower complaints relating to Redwire and its business subunits (as described in the Complaint, e.g., ¶70).

**RESPONSE: Defendants will produce the resignation letter of a former employee who notified the company of potential accounting issues with a business unit on November 5, 2021, which is sufficient to identify the "Employee responsible for**

13

notifying Redwire of the whistleblower complaints relating to Redwire and its business subunits."

To the extent that Lead Plaintiff may assert that any additional documents are responsive, Defendants object to Request 11 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected.").

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the persons, departments, units, positions, and Employees within Redwire's Audit Committee.

RESPONSE: Defendants object to Request 12 as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the persons, departments, units, and Employees" within Redwire's Audit Committee is not readily available in documentary form. There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.

Additionally, Defendants object that the information sought herein—i.e., the identification of persons within Redwire's Audit Committee—has already been adequately disclosed (except as potentially limited by objection) in response to Lead Plaintiff's Interrogatory No. 1(k), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding Audit Committee's investigation into any complaints regarding senior management's "tone at the top," including any whistleblower complaint relating to Redwire's internal control weaknesses. Redwire incorporates the objections to Interrogatory No. 1(k) herein.

14

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons that sat on Redwire's Audit Committee with regard to the investigation identified in the First Amended Complaint.**

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the persons, departments, units, positions, and Employees responsible for the termination of Defendant William Read as Redwire's Chief Financial Officer (as described in the Complaint, e.g., ¶81).

> **RESPONSE:   Defendants   object   to   Request   13   as disproportionate to the needs of the case and vague. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected."). The identification of "the persons, departments, units, and Employees" responsible for the separation of Defendant William Read from Redwire is not readily available in documentary form.   There are numerous documents that could potentially reflect or be "sufficient to show" this information, and Redwire has no way to identify which specific documents would be properly responsive or to select a specific subset of the full body of documents that could be potentially responsive to this Request.**
>
> **Additionally, Defendants object that the information sought herein—i.e., the identification of persons responsible for the separation of Defendant William Read from Redwire—has already   been   adequately   disclosed   (except   as   potentially limited   by   objection)   in   response   to   Lead   Plaintiff's Interrogatory No. 1(f), which seeks identification of all persons with knowledge of Lead Plaintiff's allegations regarding the "decision to 'transition [William Read] from his role as Chief Financial Officer' and replacing him with the head of the Board of   Directors   Audit   Committee."   Redwire   incorporates   the objections to Interrogatory No. 1(f) herein.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons related to Read's separation.**

**B.    Documents Related to Redwire's Tone at the Top and Weaknesses in Internal Controls**

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning Redwire's statements described in Redwire's April 1, 2022, Form 10-Q for the period ended September 20, 2021 (*see, e.g.,* Complaint ¶¶77–78) including:

      i)    "disclosure controls and procedures were not effective as of September 30, 2021, due to . . . material weaknesses in internal control over financial reporting.";

      ii)    "we did not maintain an effective control environment, as certain members of senior management failed to consistently message and set certain aspects of an appropriate tone at the top. Specifically, certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication."; and

16

> iii)    statements relating to Redwire's internal control

Remediation Plans and/or Remediation Programs.

**RESPONSE: Defendants object to Request 14 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the April 1, 2022 Form 10-Q (improperly identified in the Request as being for the period ending September 20, 2021).** *Wesolek v. Wesolek***, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome);** *Link v. Corcoran***, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Additionally, the vast majority of the matters discussed in the Form 10-Q have no relation to the allegations of the Amended Complaint and are thus irrelevant and disproportionate to the needs of the case. Indeed, the only relevant portions of the Form 10-Q are those quoted in subparts (i)-(iii).**

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants interpret the Request as seeking documents concerning the three statements made in the September 20, 2021 Form 10-Q as identified in subparts (i)-(iii). As so interpreted, Defendants continue to object based on overbreadth of the request for "all documents concerning," but agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.**

17

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning Redwire's statement that "certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication," as described in Redwire's April 11, 2022, Form 10-K for the period ended December 31, 2021 (*see, e.g.,* Complaint ¶79).

> **RESPONSE: Defendants object to Request 15 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only**

18

to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning Redwire's statement that "the design of internal controls over financial reporting for the Company post-Merger has required and will continue to require significant time and resources from management and other personnel. As a result, management was unable, without incurring unreasonable effort or expense to conduct an assessment of [Redwire's] internal control over financial reporting as of December 31, 2021[,]" as described in Redwire's April 11, 2022, Form 10-K for the period ended December 31, 2021 (*see, e.g.,* Complaint ¶¶79– 80).

> **RESPONSE: Defendants object to Request 16 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants'**

19

search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning Redwire's management's or an independent accounting firm's assessment regarding Redwire's internal control over financial reporting (as described in the Complaint, e.g., ¶¶ 79-80).

RESPONSE: Defendants object to Request 17 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive

20

**documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 18:

All Documents concerning Redwire not designing and maintaining an effective risk assessment process at a precise enough level to identify new and evolving risks of material misstatement in the consolidated financial statements, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

**RESPONSE: Defendants object to Request 18 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Defendants also object to the Request as phrased given that it relates to activity that allegedly did not occur, and thus, would not have records or documents associated with it.**

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks**

21

**documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 19:

All Documents concerning Redwire's changes to existing controls or the implementation of new controls not being sufficient to respond to changes to the risks of material misstatement to financial reporting, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

> **RESPONSE: Defendants object to Request 19 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **Defendants also object to this Request on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The above-referenced statements made in the September 23, 2021 Form S-1 regarding Redwire's changes to existing controls or the implementation of new controls are not the statements**

22

**alleged by Lead Plaintiff to be false or misleading or the subject of Redwire's alleged corrective disclosures. Thus, the request for "all documents concerning" such statements is not relevant or proportional to the issues in this case.**

**Rather, the above-referenced statements are included in Paragraph 100 of the Amended Complaint as a basis for Lead Plaintiff's allegations as to Defendants Read and Cannito's alleged knowledge of purported misrepresentations. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and to produce non-privileged documents related to Read and/or Cannito's personal involvement in connection with the above-referenced statements made in the September 23, 2021 Form S-1 on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 20:

All Documents concerning Redwire not designing and maintaining formal accounting policies, procedures and controls to achieve complete, accurate and timely financial accounting, reporting and disclosures, including controls over the preparation and review of business performance reviews, account reconciliations, journal entries and contract estimates used in

determining the recognition of revenue, as set forth in Redwire's Registration

Statement filed on Form S-1 with the SEC on September 23, 2021 (*see*

Complaint ¶100).

> **RESPONSE: Defendants object to Request 20 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **Defendants also object to this Request on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The above-referenced statements made in the September 23, 2021 Form S-1 regarding Redwire's changes to existing controls or the implementation of new controls are not the statements alleged by Lead Plaintiff to be false or misleading or the subject of Redwire's alleged corrective disclosures. Thus, the request for "all documents concerning" such statements is not relevant or proportional to the issues in this case.**
>
> **Rather, the above-referenced statements are included in Paragraph 100 of the Amended Complaint as a basis for Lead Plaintiff's allegations as to Defendants Read and Cannito's alleged knowledge of purported misrepresentations. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and to produce non-privileged documents related to Read and/or Cannito's personal involvement in connection with the above-referenced statements made in the September 23, 2021 Form S-1 on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023.  To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the**

24

**case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 21:

All Documents concerning Redwire not designing and maintaining effective controls to address the identification of and accounting for certain non-routine, unusual or complex transactions, including the proper application of U.S. GAAP to such transactions, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

> **RESPONSE: Defendants object to Request 21 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **Defendants also object to this Request on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The above-referenced statements made in the September 23, 2021 Form S-1 regarding Redwire's changes to existing controls or the implementation of new controls are not the statements**

25

**alleged by Lead Plaintiff to be false or misleading or the subject of Redwire's alleged corrective disclosures. Thus, the request for "all documents concerning" such statements is not relevant or proportional to the issues in this case.**

**Rather, the above-referenced statements are included in Paragraph 100 of the Amended Complaint as a basis for Lead Plaintiff's allegations as to Defendants Read and Cannito's alleged knowledge of purported misrepresentations. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and to produce non-privileged documents related to Read and/or Cannito's personal involvement in connection with the above-referenced statements made in the September 23, 2021 Form S-1 on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 22:

All Documents concerning Redwire not designing and maintaining effective controls to account for purchase business combinations, including the appropriate review of the assumptions, data and models used in the forecasted cash flows, used to determine the fair value of the acquired assets and

26

liabilities, as set forth in Redwire's Registration Statement filed on Form S-1

with the SEC on September 23, 2021 (*see* Complaint ¶100).

> **RESPONSE: Defendants object to Request 22 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **Defendants also object to this Request on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The above-referenced statements made in the September 23, 2021 Form S-1 regarding Redwire's changes to existing controls or the implementation of new controls are not the statements alleged by Lead Plaintiff to be false or misleading or the subject of Redwire's alleged corrective disclosures. Thus, the request for "all documents concerning" such statements is not relevant or proportional to the issues in this case.**
>
> **Rather, the above-referenced statements are included in Paragraph 100 of the Amended Complaint as a basis for Lead Plaintiff's allegations as to Defendants Read and Cannito's alleged knowledge of purported misrepresentations. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and to produce non-privileged documents related to Read and/or Cannito's personal involvement in connection with the above-referenced statements made in the September 23, 2021 Form S-1 on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms**

27

**that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 23:

All Documents concerning the material weaknesses resulting in adjustments to accounts and disclosures in:

(i)      New Redwire's consolidated financial statements as of December 31, 2020 and for the period from February 10, 2020 to December 31, 2020, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100); and

(ii)      Old Redwire's consolidated financial statements for the period from January 1, 2020 to June 21, 2020 and as of and for the year ended December 31, 2019, as set forth in Redwire's Registration Statement filed on Form S-1 with the SEC on September 23, 2021 (*see* Complaint ¶100).

> **RESPONSE: Defendants object to Request 23 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

28

**Defendants also object to this Request on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The above-referenced statements made in the September 23, 2021 Form S-1 are not the statements alleged by Lead Plaintiff to be false or misleading or the subject of Redwire's alleged corrective disclosures. Thus, the request for "all documents concerning" such statements is not relevant or proportional to the issues in this case.**

**Rather, the above-referenced statements are included in Paragraph 100 of the Amended Complaint as a basis for Lead Plaintiff's allegations as to Defendants Read and Cannito's alleged knowledge of purported misrepresentations. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and to produce non-privileged documents related to Read and/or Cannito's personal involvement in connection with the above-referenced statements made in the September 23, 2021 Form S-1 on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning the Executive Defendants representing that

they were in the process of implementing measures designed to improve

29

Redwire's internal control over financial reporting and remediate the deficiencies that led to the material weakness, including hiring additional finance and accounting personnel, designing and implementing new control activities, and enhancing existing control activities (*see* Complaint ¶101).

> **RESPONSE: Defendants object to Request 24 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter.** *Wesolek v. Wesolek*, **No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome);** *Link v. Corcoran*, **No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **Defendants also object to this Request on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The above-referenced statements made in the September 23, 2021 Form S-1 are not the statements alleged by Lead Plaintiff to be false or misleading or the subject of Redwire's alleged corrective disclosures. Thus, the request for "all documents concerning" such statements is not relevant or proportional to the issues in this case.**

> **Rather, the above-referenced statements are included in Paragraph 101 of the Amended Complaint as a basis for Lead Plaintiff's allegations as to Defendants Read and Cannito's alleged knowledge of purported misrepresentations. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and to produce non-privileged documents related to Read and/or Cannito's personal involvement in connection with the above-referenced statements made in the September 23, 2021 Form S-1 on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants**

30

**object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 25:

All Documents concerning Defendants' representation that "[w]e are in the process of designing and implementing additional review procedures within our accounting and finance department to provide more robust and comprehensive internal control over financial reporting that address the relevant financial statement assertions and risks of material misstatement within our business processes, including implementing a comprehensive close process checklist with additional layers of reviews as well as controls around non-routine, unusual or complex transactions, including controls over the accounting for purchase business combinations." *See* Complaint ¶101.

> **RESPONSE: Defendants object to Request 25 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter.** *Wesolek v. Wesolek*, **No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome);** *Link v. Corcoran*, **No. 4:21CV271-MW/MAF, 2022**

31

**WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 26:

All Documents concerning Defendants' representation that "[w]e will continue to document our processes and procedures, including accounting policies, across the Company to ensure consistent application including controls over the preparation and review of business performance reviews, account reconciliations, journal entries and contract estimates used in determining the recognition of revenue." *See* Complaint ¶101.

> **RESPONSE: Defendants object to Request 26 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v.***

32

*Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

C.    **Documents Related to William Read's Termination as Chief Financial Officer**

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning Redwire's decision to "transition [William Read] from his role as Chief Financial Officer" and replacing him with the head of the Board of Directors Audit Committee, as described in Redwire's June 1, 2022, announcement (*see, e.g.,* Complaint ¶81), including the separation agreement Read entered into with Redwire.

33

**RESPONSE:** Defendants object to Request 27 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the separation of Read or the hiring of Jonathan Baliff. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

Further, Defendants object to the production of documents related to the decision to hire Jonathan Baliff as the replacement Chief Financial Officer ("CFO") as irrelevant and not proportional to the needs of the case. Baliff is not a party to this case, and neither Baliff nor the decision to hire Baliff are at issue or related to the issues in this case. Fed. R. Civ. P. 26(b)(1).

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to produce the separation agreement entered into by Read and Redwire, and to collect documents responsive to search terms for specified custodians based on Read's separation and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.

34

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning William Read's departure from Redwire, including (i) all reasons for his departure; (ii) any terms of his departure; (iii) any compensation paid, to be paid, foregone, or reduced in connection with his departure; (iv) whether his departure was voluntary; and (v) Communications concerning his departure, including those with investors, analysts, or the SEC.

> **RESPONSE: Defendants object to Request 28 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to produce the separation agreement entered into by Read and Redwire, and to collect documents responsive to search terms for specified custodians based on Read's separation and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

35

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

**D.    Documents Related to Redwire's Whistleblower Complaint and Audit Committee Investigation**

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning Redwire's notification, decisions to investigate, and investigation of the whistleblower complaint relating to "accounting issues with a business subunit" (as described in the Complaint, e.g., ¶¶70–72, 75).

> **RESPONSE: Defendants object to Request 29 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **Additionally, because Redwire's decision to investigate and investigation of the whistleblower complaint involved discussions with counsel, Defendants object to this Request as the vast majority of the responsive documents are subject to attorney-client, work-product privilege/immunity, and/or other applicable privileges or immunities. Fed R. Civ. P. 26(b)(1), (3).**

> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to produce the whistleblower complaint referenced in this Request, and to collect documents responsive to search terms for specified custodians and produce non-**

36

**privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents. Additionally, documents being withheld pursuant to Defendants' claim of privilege will be detailed on a forthcoming privilege log. Fed. R. Civ. P. 26(b)(5).**

## REQUEST FOR PRODUCTION NO. 30:

All Documents concerning any Redwire's Audit Committee's decision to investigate and investigation of the whistleblower complaint relating to Redwire's internal control weaknesses (as described in the Complaint, e.g., ¶¶ 70–72, 75), including without limitation:

a.   the Documents provided to the Audit Committee in connection with this investigation, including any requests for documents or information;

b.   the notes, transcripts, recordings, or other records of any interviews, questioning, or examinations of former or current Redwire Employees performed in connection with this investigation;

37

c.   the minutes, notes, transcripts, recordings, or other records

of any meetings by the Audit Committee in connection with

this investigation;

d.   the Communications concerning this investigation;

e.   the Documents, notes memoranda, files, transcripts, or other

records concerning the conclusions, views, findings, or

recommendations—preliminary or final— reached or offered

by the Audit Committee in connection with this investigation;

f.   the Documents, notes, memoranda, files, or other records of

any actions taken by Redwire in response to the conclusions,

views, findings, or recommendations resulting from this

investigation; and

g.   the Communications and Documents from and to

Defendants William Read and Peter Cannito related to the

Audit Committee's investigation.

**RESPONSE: Defendants object to Request 30 as facially
overbroad and unduly burdensome in that it seeks "all
documents concerning" the stated subject matter. *Wesolek v.
Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19
(M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all
documents concerning . . ." to be facially overbroad and unduly
burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022
WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs'
requests seek relevant materials, 'all documents' covers far too
much ground."). Defendants' agreement to produce a subset of**

38

documents that are properly within the scope of this request is addressed by the responses to subparts (a) through (g) below.

As to subpart (a), Defendants object to the Request as disproportional and unduly burdensome because the Audit Committee was not provided with specific documents in connection with the investigation. Rather, the Audit Committee's counsel and their accountants were provided access to electronic records meetings specific custodian and date-range parameters, and then outside counsel and their retained consultants identified their own documents in an effort to carry out their advisory functions. Redwire does not have possession, custody, or control—or means to identify—the documents that outside counsel selected. Additionally, the specific compilation and/or selection of documents by the Audit Committee's outside counsel would reflect the mental impressions of outside counsel, and thus, be protected by the work-product immunity.

As to subpart (b), Defendants object to the Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. Defendants also object on the basis of privilege. All interviews, questioning, or examinations of former or current Redwire employees in connection with the investigation were performed by Redwire's outside counsel and, as such, all attendant notes, transcripts, recordings, or other records are subject to attorney-client and/or work product privileges. Fed R. Civ. P. 26(b)(1), (3). All known documents responsive to this request are subject to privilege or immunity, and thus, Redwire will place such documents on a forthcoming privilege log.

As to subpart (c), Defendants object to the Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. Defendants also object as the responsive documents are protected from disclosure by the attorney-client and/or work-product privileges. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants will produce non-privileged records of any meetings by the Audit Committee in connection with the investigation, subject to redactions for privileges and/or work-

39

product protection, or withholding based on privileges and/or work-product protections, as may be appropriate for each document. Fed R. Civ. P. 26(b)(1), (3). Redactions will be placed on a privilege log.

As to subpart (d) through (g), Defendants object to the Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

## REQUEST FOR PRODUCTION NO. 31:

All Documents concerning any disciplinary action(s), including Employee termination, concerning Redwire's internal controls, accounting practices, "tone at the top," and/or financial reporting compliance during the Relevant Time Period, including all Documents relating to the termination, resignation, or departure of William Read.

RESPONSE: Defendants object to Request 31 as overbroad and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Request does not relate to the allegations of the Amended Complaint. Any such documents relating to individuals not party or at issue in this case are wholly irrelevant. The only records that could be potentially relevant to the allegations of the pleadings are those related to the separation of Read, and Defendants have agreed to produce those documents in response

40

to Request 27 and 28. To the extent that this Request seeks documents duplicative of Requests 27 and 28, Redwire incorporates its objections to Request 27 and 28 herein. Moreover, because Read did not separate from Redwire due to disciplinary action or termination, such records related to Read are not responsive to this request.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are not withholding documents pursuant to the objections above, but reserve the right to rely on the objections stated herein if Defendants later learn of the existence responsive documents.

**E.    Documents Related to Redwire's Policies**

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Redwire's Document retention,

preservation, and destruction Policies.

**RESPONSE: Defendants object to Request 32 on the basis of relevance and proportionality. Fed. R. Civ. P. 26(b)(1). The only policy discussed in the Amended Complaint is Redwire's Whistleblower policy and Code of Ethics. Redwire's document retention, preservation, and destruction policy is simply not at issue. Moreover, how Redwire stores, preserves, and disposes of documents has no relation to Redwire's "tone at the top," the material weakness as plead in the Amended Complaint, or the allegedly misleading statements at issue. This Request is thus irrelevant and disproportionate.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.**

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show Redwire's insider trading Policies,

including any changes to such Policies.

**RESPONSE: Defendants object to Request 33 on the grounds of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). The**

41

**Amended Complaint makes no mention of any alleged insider trader policy maintained by Redwire, nor would such policy be reasonably at issue in this case. Moreover, this Request makes no effort to restrict itself to any pertinent time frame, such that it would encompass possibly policies that were inoperative during the Relevant Time Period. Accordingly, this Request is disproportional and not relevant to the issues in this case.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.**

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning Redwire's Code of Ethics, adopted on November 23, 2020, and revised Code of Conduct and Ethics, adopted on September 2, 2021 (as described in the Complaint, e.g., ¶¶49, 53, 64–65), including the operative versions of those policies during the Relevant Time Period.

> **RESPONSE: Defendants object to Request 34 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants will (1) produce all versions of Redwire's Code of Conduct and Ethics; and (2) collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks**

42

**documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 35:

All Documents concerning Redwire's Whistleblower policy adopted on September 2, 2021 (as described in the Complaint, e.g., ¶¶66–67), including the operative versions of the Whistleblower policy during the Relevant Time Period.

> **RESPONSE: Defendants object to Request 35 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants will (1) produce all versions of Redwire's Whistleblower policy; and (2) collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks**

43

**documents beyond those potentially captured by Defendants'
search terms, Defendants object that the Request is not
proportional to the needs of the case and unduly burdensome.
Defendants also object to the production of responsive
documents collected by search terms that may be covered by the
attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are
withholding documents pursuant to the objections above only to
the extent that search terms fail to collect a document for review,
but Defendants are not withholding known responsive
documents.**

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning Redwire's accounting, internal controls, "tone

at the top," and financial reporting practices, including without limitation:

a.      Policies, procedures, or practices (formal or informal),
        including any accounting, internal control, "tone at the
        top," and financial reporting Policies or procedures;

b.      handbooks, guidelines, or training materials;

c.      decisions or determinations relating to Redwire's "tone at
        the top," financial reporting and accounting compliance,
        and internal controls, including any discussion or analysis;

d.      Board or Audit Committee materials concerning Policies,
        procedures, or practices (formal or informal);

e.      quarterly executive meeting materials concerning Policies,
        procedures, or practices (formal or informal);

44

f.   Redwire's public statements regarding Policies,

procedures, or practices (formal or informal), including in

its SEC filings, any public conference call(s), or any press

release(s); and

g.   Audits or due diligence

**RESPONSE: Defendants object to Request 36 as facially
overbroad and unduly burdensome in that it seeks "all
documents concerning" Redwire's above-quoted policies,
procedures, materials, and statements.** *Wesolek v. Wesolek*, **No.
2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar.
24, 2021) (repeatedly finding requests for "all documents
concerning . . ." to be facially overbroad and unduly
burdensome);** *Link v. Corcoran*, **No. 4:21CV271-MW/MAF, 2022
WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs'
requests seek relevant materials, 'all documents' covers far too
much ground.").  For example, this Request seeks all documents
concerning Redwire's accounting without any limitation
whatsoever, which could be construed to include all accounting
books and records for the company as well as any and all email
communications sent or received by employees with
accounting functions.   As such, the Request is grossly
overbroad and seeks large categories of documents that are
neither relevant nor proportional to the needs of the case.  To
the extent that this Request seeks documents beyond those
potentially captured by Defendants' responses to subparts (a)
through (g) below, Defendants object that the Request is not
proportional to the needs of the case and unduly burdensome.**

**As to subpart (a) and (b), Defendants object to these Requests as
overbroad and facially unduly burdensome in that they seek "all
documents concerning" the stated subject matter. As limited by
the foregoing objections, pursuant to Middle District of Florida
Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to (1)
produce its policies and procedures related to internal controls
over financial reporting, and (2) collect documents responsive to
search terms for specified custodians and produce non-
privileged documents identified as responsive after review on a**

45

rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

As to subpart (c), (d), and (g), Defendants object to these Requests as overbroad and facially unduly burdensome in that they seek "all documents concerning" the stated subject matter. Additionally, these Requests are duplicative of the documents sought in Requests 29 and 30 above, and thus Defendants incorporate their responses and objections to Requests 29 and 30 as though fully stated herein. To the extent that subparts (c), (d), and (g) could potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 29 and 30 are not proportional to the needs of the case.

As to subpart (e), Defendants object to Request as overbroad and facially unduly burdensome in that it seeks "all documents concerning" the stated subject matter. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants will collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

46

**As to subpart (f), Defendants object to Request as overbroad and facially unduly burdensome in that it seeks "all documents concerning" the stated subject matter, and lacks any limitation related to the allegations of the First Amended Complaint. Additionally, this Request is duplicative of the documents sought in Requests 14 through 26 above, and thus Defendants incorporate their responses and objections to Requests 14 through 26 as though fully stated herein. To the extent that subpart (f) potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 14 through 26 are not proportional to the needs of the case.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents responsive to this Request.**

**F.      Documents Related to the de-SPAC Merger**

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC (as described in the Complaint, e.g., ¶¶1–2, 7–11, 36–44), including without limitation:

a.      the Documents provided to Redwire and GPAC in connection with the de-SPAC merger, including any requests for documents or information;

b.      the notes, transcripts, recordings, or other records of any interviews, questioning, due diligence, or examinations of

47

former or current Redwire Employees performed in connection with the de-SPAC merger;

c. the minutes, notes, transcripts, recordings, or other records of any meetings by Redwire or GPAC in connection with the de-SPAC merger;

d. the Communications concerning the de-SPAC merger;

e. the Documents, notes memoranda, files, transcripts, or other records concerning the conclusions, views, findings, or recommendations—preliminary or final—reached or offered in connection with the de-SPAC merger;

f. the Documents, notes, memoranda, files, or other records of any actions taken by Redwire in response to any conclusions, views, findings, or recommendations concerning the de-SPAC merger;

g. the Communications and Documents from and to Defendants William Read and Peter Cannito related to the de-SPAC merger;

h. the Communications and Documents concerning Defendants William Read and Peter Cannito's financial compensation package as Chief Financial Officer and Chief

48

Executive Officer, respectively, before and after the de-SPAC merger was completed;

i.    the Communications and Documents concerning Redwire's senior managements' backgrounds, professional qualifications, and experience publicly disclosed to investors prior to the de-SPAC merger;

j.    the Communications, Correspondences, and Documents concerning Redwire's de-SPAC merger with GPAC filed with or communicated to and from the SEC; and

k.    the Communications, Correspondences, and Documents concerning Redwire's de-SPAC merger with GPAC filed with or communicated to and from the New York Stock Exchange ("NYSE").

**RESPONSE: Defendants object to this Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the merger. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

**Defendants also object as this Request is entirely disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). The de-SPAC merger was a complex, sophisticated transaction involving many stakeholders and spanning years of**

49

preparation and execution. The documents associated with the merger are necessarily voluminous. Importantly, the vast majority of the documents associated with the merger have nothing to do with the issues of this case. This Request is disproportionate in its failure to tailor the subparts to the specific facts, statements, and time periods at issue in the Amended Complaint.

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), for subparts (h) and (i), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.

## G.    Documents Related to Third-Party Investigations

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning any investigation, whether informal or formal, by any government or administrative agency, concerning Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including without limitation:

    a.    the Documents produced in connection with any such investigation;

50

b.    the notes, transcripts, recordings, or other records of any interviews, questioning or examinations of former or current Redwire Employees or Board Members performed in connection with any such investigation;

c.    the written discovery, including requests for production, subpoenas, interrogatories, requests for admission submitted in connection with any such investigation; and

d.    the Communications concerning any such investigation.

**RESPONSE: Defendants object to this Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" any investigation by a governmental or administrative agency. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Additionally, none of the allegations of the First Amended Complaint relate to such an investigation, and thus, the documents responsive to this request would be neither relevant nor proportional to the needs of the case.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are unaware of any investigation by a governmental or administrative agency regarding the stated subject matter, and thus, Defendants are not withholding documents pursuant to the objections above, but reserve the right to rely on the objections stated herein if Defendants later learn of the existence responsive documents.**

51

## H.    Documents Related to Other Actions

**REQUEST FOR PRODUCTION NO. 39:**

All Documents produced in connection with any other action against Redwire concerning the subject matter of this Action, or Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including any deposition transcripts, written discovery, or related Correspondence.

> **RESPONSE: Defendants object to Request 39 as overly broad and disproportionate to the needs of the case, as the Request seeks all such documents without any connection or tailoring to the allegations of this case. Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected.").**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are not withholding documents pursuant to the objections above, but reserve the right to rely on the objections stated herein if Defendants later learn of the existence responsive documents.**

## I.    Documents Related to Redwire's Public Statements During the Class Period

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning any Company statements alleged in the Complaint made by Redwire or any of its representatives, including statements alleged in ¶¶ 19-24, 37, 43, 46 – 68, 70, 72, 74, 75, 77-81 and fn. 4–26 of the Complaint.

> **RESPONSE: Defendants object to Request 40 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" a variety of statements identified in numerous paragraphs of the First Amended Complaint, without**

52

specification. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

This Request is also cumulative of Request 3–4, 8–11, 14–26, 29–30, and 34–37 (and potentially others) which relate to the same paragraphs of the Amended Complaint and/or same subject matters thereof. Defendants hereby incorporate their responses and objections to Request 3–4, 8–11, 14–26, 29–30, and 34–37, in response to this Request 40. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms utilized in connection with Request 3–4, 8–11, 14–26, 29–30, and 34–37, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning the Executive Defendants' role and involvement in the drafting, review, certification, or publication of Redwire's press releases, investor presentations, and filings with the SEC during the Class Period.

RESPONSE: Defendants object to Request 41 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the Executive Defendants' role and involvement with the above-referenced materials. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly

53

burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning the Executive Defendants' preparation for or participation in quarterly and annual earnings calls during the Class Period, including preparation, review, or approval of scripts used for those calls.

RESPONSE: Defendants object to Request 42 on the basis of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). None of the statements alleged to be false or misleading in the Amended Complaint were made on quarterly or annual earnings calls. Moreover, none of the alleged false or misleading statements are related to the subject matter of any earnings calls, and the Amended Complaint does not plead any such connection.

54

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are not withholding documents pursuant to the objections above.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning Redwire's preparation, certification, and issuing or filing of the Class Period press releases, investor presentations, or SEC reports or forms.

> **RESPONSE: Defendants object to Request 43 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the referenced subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).**
>
> **Additionally, much of this Request is duplicative of the more specific document requests set forth in Requests 14 through 26 above, and thus, Defendants incorporate their responses and objections to Requests 14 through 26 as though fully stated herein.  To the extent that Request could potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 14 through 26 are nor proportional to the needs of the case.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

55

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning Redwire's preparation, publishing, approval, and issuance of press releases disseminated to the public during the Relevant Time Period.

> **RESPONSE: Defendants object to Request 43 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the referenced subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).**
>
> **Additionally, much of this Request is duplicative of the more specific document requests set forth in Requests 14 through 26 above, and thus, Defendants incorporate their responses and objections to Requests 14 through 26 as though fully stated herein.   To the extent that Request could potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 14 through 26 are nor proportional to the needs of the case.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning certifications and sub-certifications pursuant to the Sarbanes-Oxley Act for Redwire's financial statements during the Class Period, including the preparation, review, and signing of those certifications and sub-certifications.

> **RESPONSE: Defendants object to Request 45 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the referenced subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect certifications and sub-certifications responsive to search terms for specified custodians and produce non-privileged certifications and sub-certifications their possession, custody, or control for any financial statements filed with the SEC during the Class Period and produce non-privileged certifications and sub-certifications identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.**

**REQUEST FOR PRODUCTION NO. 46:**

All known Documents supporting, contradicting, or concerning Defendants' public statements alleged in the Complaint.

**RESPONSE: Defendants object to Request 46 on the basis of work-product privilege. The Request would require Defendants to select documents that their counsel deems "supporting, contradicting, or concerning" the statements at issue, which would reveal counsel's legal theories, mental impressions, and conclusions. Such matters are protected by the work-product privilege. *See Gutter v. E.I. Dupont de Nemours & Co.*, No. 95-CV-2152, 1998 WL 2017926, at \*6 (S.D. Fla. May 18, 1998), opinion clarified, No. 95-2152-CIV, 1998 WL 35333391 (S.D. Fla. June 23, 1998) (noting that "[t]he selection process of grouping documents has been held to be work product"); Fed. R. Civ. P. 26(b)(3)(B) (protecting against the disclosure of an attorney's "mental impressions, conclusions, opinions, or legal theories … concerning the litigation").**

**Defendants also object to this Request as overbroad and vague. Federal Rule of Civil Procedure 34(b)(1) requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Section III(A)(1) of the Middle District Discovery Handbook requires requests for production to be "clear, concise, and reasonably particularized." Specifically, Section III(A)(1) provides that: "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad in most cases."**

**This Request is not described in reasonable particularity but, rather, would require Defendants to search and produce an unknowably large volume of documents. Such a Request is impermissibly overbroad and vague *See Puccio v. Sclafani,* No. 12-61840-CIV, 2013 WL 4068782, at \*3 (S.D. Fla. Aug. 12, 2013) (finding a request for "all documents which Plaintiff contends support or are relevant to the allegations contained in his pleadings" to be "overly broad on [its] face").**

58

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants may be withholding documents pursuant to the objections above, but due to the phrasing of the request, Defendants are unable to identify specific documents being withheld except as otherwise specifically stated herein, or as may appear on privilege log.**

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning analyst reaction to Defendants' statements or the movement in Redwire's stock price, including the cause or causes for that movement, including on or within days after any of the following dates:

a.   November 10, 2021 (¶70 of Complaint).

b.   November 15, 2021 (¶72 of Complaint).

c.   December 2, 2021 (¶74 of Complaint).

d.   March 31, 2022 (¶ 75 of Complaint).

e.   April 1, 2022 (¶¶77–78 of Complaint).

f.   April 11, 2022 (¶¶79–80 of Complaint).

g.   June 1, 2022 (¶81 of Complaint).

**RESPONSE: Defendants object to Request 47 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).**

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning securities analysts' individual and consensus expectations and estimates for Redwire's financial results.

RESPONSE: Defendants object to Request 48 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7),

**Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

**REQUEST FOR PRODUCTION NO. 49:**

All Documents concerning Communications with Redwire's securities analysts and investors, including Documents concerning analyst reports and the market impact thereof.

**RESPONSE: Defendants object to Request 49 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).**

61

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

## REQUEST FOR PRODUCTION NO. 50:

All Documents, including drafts, concerning the market impact of

Redwire's SEC filings, press releases, investor presentations, or transcripts

of all conference calls or public presentations.

**RESPONSE: Defendants object to Request 50 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too**

much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).

The Request is further overbroad as it has no subject-matter, temporal, or other limitation. For instance, the Request is not limited to documents regarding the specific filings at issue in the Amended Complaint, or the relevant Class Period. Without such reasonable limitations, the Request is overbroad. Fed. R. Civ. P. 34(b)(1) (a request for production must "describe with reasonable particularity each item or category of items to be inspected.").

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

63

**J.  Documents Related to Redwire's Executives**

**REQUEST FOR PRODUCTION NO. 51:**

The personnel files for Redwire's senior management team, including

all Executive Defendants.

> **RESPONSE: Defendants object to Request 51 on the grounds of relevancy, proportionality, and as overly broad. Fed. R. Civ. P. 26(b)(1). The Amended Complaint does not allege any wrongdoing by any individuals other than Read and Cannito. Personnel files for individuals not named or at issue in this case are wholly irrelevant. Responsive documents proportional to this Request are encompassed by Requests 27 and 28, and will be produced in accordance with Defendants' attendant responses. To the extent that this Request seeks documents beyond those produced in response to Requests 27 and 28, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 52:**

All Documents concerning any due diligence concerning or performance

reviews for Redwire's senior management team, including all Executive

Defendants.

> **RESPONSE: Defendants object to Request 52 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022**

WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

Defendants also object to Request 52 on the grounds of relevancy, proportionality, and as overly broad. Fed. R. Civ. P. 26(b)(1). The term "senior management team" is undefined and, as such, it is unclear to whom this Request is referring. Moreover, the Amended Complaint does not allege any wrongdoing by any individuals other than Read and Cannito. Investigative or review documents for individuals not named or at issue in this case are wholly irrelevant. Responsive documents proportional to this Request are encompassed by Requests 27 and 28, and will be produced in accordance with Defendants' attendant responses. To the extent that this Request seeks documents beyond those produced in response to Requests 27 and 28, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 53:

All Documents concerning Redwire's executive compensation, bonuses, and bonus plans, including without limitation:

> a.    the amounts paid, including any underlying calculations;
>
> b.    the targets or thresholds for any payments;
>
> c.    the use of non-GAAP operating income as a metric in
>
>        connection with any executive compensation plan or bonus;

    d.    the impact of transition costs, net revenue, or revenue recognition on executive compensation; and

    e.    any exclusion or adjustment to any metric for the purposes of executive compensation.

**RESPONSE: Defendants object to Request 53 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" Redwire's executive compensation, bonuses, and bonus plans. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

**Defendants also object to this Request on the basis of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). Aside from Defendants Cannito and Read, the remainder of Redwire's executives are not parties to this lawsuit, and their compensation is entirely irrelevant. This Request is not limited to the parties or the timeframe at issue in this case and is thus disproportionate and seeks irrelevant documents.**

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants interprets the Request as seeking documents concerning the compensation of Read and Cannito as at issue in Paragraphs 89 and 92 of the Amended Complaint. As so interpreted, Defendants object based on overbreadth of the request for "all documents concerning," but agree to produce documents sufficient to show the compensation that Cannito and/or Read personally received in connection with the merger. To the extent that this Request seeks additional documents, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents concerning the Executive Defendants' trading in Redwire's securities, including without limitation the reason(s) for each transaction.

> **RESPONSE: Defendants object to Request 54 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" Redwire's above-quoted statement in the April 11, 2022 Form 10-K. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **Defendants also object to this Request on the bases of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). This case is about alleged false and misleading statements that allegedly affected the market price of Redwire shares. The Executive Defendants' personal trading history has no connection to such matters such that they may be discovered in this action. Further, the request disproportionally requests the Executive Defendants' entire trading history with Redwire without any appropriate limitations, such as temporal limitations. Additionally, the Executive Defendants did not engage in any such trading during the Class Period. Thus, any documents responsive to this Request would be irrelevant and disproportionate to the issues in this case.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents responsive to this Request.**

**K.    Documents Related to the Action**

**REQUEST FOR PRODUCTION NO. 55:**

All Documents concerning the facts alleged in the complaint.

**RESPONSE: Defendants object to Request 55 as overbroad, vague, and disproportional. Federal Rule of Civil Procedure 34(b)(1) requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Section III(A)(1) of the Middle District Discovery Handbook requires requests for production to be "clear, concise, and reasonably particularized." Specifically, Section III(A)(1) provides that: "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad in most cases." Request 55 is not described in reasonable particularity or clear and concise but, rather, is an overbroad and vague catchall request prohibited by the Federal Rules and applicable guidelines. *See Puccio v. Sclafani,* No. 12-61840-CIV, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013) (finding a request for "[a]ny and all documents … concerning the matters that are the subject of this action" to be "overly broad on [its] face").**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants may be withholding documents pursuant to the objections above, but due to the phrasing of the request, Defendants are unable to identify specific documents being withheld except as otherwise specifically stated herein, or as may appear on privilege log.**

**REQUEST FOR PRODUCTION NO. 56:**

All Documents that Defendants have relied on or intend to rely on in this

Action in support of any assertion or defense.

**RESPONSE: Defendants object to Request 56 as overbroad, vague, and disproportional. Federal Rule of Civil Procedure 34(b)(1) requires that a request for production "describe with reasonable particularity each item or category of items to be inspected." Section III(A)(1) of the Middle District Discovery Handbook requires requests for production to be "clear, concise,**

68

and reasonably particularized." Specifically, Section III(A)(1) provides that: "a request for 'each and every document supporting your claim' or a request for 'the documents you believe support Count I' is objectionably broad in most cases." Request 55 is not described in reasonable particularity or clear and concise but, rather, is an overbroad and vague catchall request prohibited by the Federal Rules and applicable guidelines. *See Puccio v. Sclafani,* No. 12-61840-CIV, 2013 WL 4068782, at \*3 (S.D. Fla. Aug. 12, 2013) (finding a request for "all documents which Plaintiff contends support or are relevant to the allegations contained in his pleadings" to be "overly broad on [its] face").

Defendants further object to this Request on the basis of privilege as the Request would require Defendants' counsel to select which documents they believe support their assertions or defenses, which is protected work product. *Gutter v. E.I. Dupont de Nemours & Co.,* No. 95-CV-2152, 1998 WL 2017926, at \*6 (S.D. Fla. May 18, 1998), opinion clarified, No. 95-2152-CIV, 1998 WL 35333391 (S.D. Fla. June 23, 1998) (noting that "[t]he selection process of grouping documents has been held to be work product"); Fed. R. Civ. P. 26(b)(3)(B) (protecting against the disclosure of an attorney's "mental impressions, conclusions, opinions, or legal theories … concerning the litigation").

Moreover, this Request is unnecessary as Defendants have already identified the documents they may rely upon at trial in their Rule 26 Disclosure.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are not withholding documents responsive to this Request because all documents identified in Defendants Rule 26(a) Disclosures have been produced or Defendants have agreed to produce herein.

**REQUEST FOR PRODUCTION NO. 57:**

All insurance Policies under which any insurance business may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment

**RESPONSE: Defendants agree to collect and produce the insurance policies responsive to this Request.**

Dated: July 20, 2023.

/s/ *Christian M. Leger*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**H. TIMOTHY GILLIS, ESQ.**
Florida Bar No. 0133876
tgillis@shutts.com
**JEFFREY S. YORK, ESQ.**
Flroida Bar No. 987069
jyork@shutts.com
**SHUTTS & BOWEN LLP**
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Telephone: (904) 899-9926

*Attorneys for Defendants*

70

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2023, a true and correct copy of the foregoing has been served via electronic mail to the following CM/ECF Participants and via U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS   BERMAN   SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000
Facsimile: 510-725-3001
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS   BERMAN   SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594

*Lead Counsel for Lead Plaintiff Jared Thompson*

and
Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and
David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485

*Liaison Counsel for Lead Plaintiff Jared Thompson*

/s/ Christian M. Leger
**ALFRED J. BENNINGTON, JR., ESQ.**

SBDOCS 305251 3

71