**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>        Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br>CLASS ACTION<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF JARED THOMPSON'S MOTION TO SEAL UNDER LOCAL RULE 1.11(b) [DOC. 145]** |

Defendants, REDWIRE CORPORATION ("Redwire"), PETER CANNITO, and WILLIAM READ (collectively the "Defendants"), pursuant to M.D. Fla. L.R. 1.11(c) and Section 12.3 of the Parties' *Stipulation Establishing the Protocol for Disclosure of Protected Material Produced in Discovery* ("Discovery Stipulation") and through counsel, submit this memorandum in support of Lead Plaintiff Jared Thompson's *Motion to Seal Under Local Rule 1.11(b)* dated May 13, 2024 (Doc. 145) ("Motion to Seal").

## Introduction

On May 13, 2024 Lead Plaintiff Jared Thompson ("Lead Plaintiff") moved to file under seal records in support of a motion to compel (Doc. No.

146) (the "Motion to Compel")[1] filed the same day. As Defendants are interested in establishing the requested seal, Defendants present this memorandum in support of the Motion to Seal and ask that the Court find good cause for the referenced documents to be sealed.

## I.     Items Proposed for Sealing.

Lead Plaintiff seeks, and Defendants support the request for, an Order directing that the following be filed under seal:

(a)     an unredacted copy of the *Lead Plaintiff Jared Thompson's Motion to Compel Production of Alleged Work Product and Other Documents* originally filed on May 13, 2024 (attached as Exhibit A to Motion to Seal);

(b)     copies of Exhibits D, F(a)-(c), H, and I to the *Kathrein Declaration in Support of the Motion* (*id.*, Exhibits B-E); and

(C)     an unredacted copy of the *Kathrein Declaration in Support of the Motion* (*id.*, Exhibit F).

Defendants also submit that any order in regard to the Motion to Seal should also address direct that the following be filed under seal:

(a)     an unredacted copy of *Lead Plaintiff Jared Thompson's Corrected Motion to Compel Production of Alleged Work Product and Other*

---

[1] Defendants note that their deadline to oppose the underlying Motion to Seal was recently extended pursuant to a joint filing (Doc. No. 151) which indicates the parties' collective efforts to resolve portions of the Motion Seal without Court intervention.

*Documents* filed on May 15, 2024 (not attached to the Motion to Seal) should Lead Plaintiff seek to file such document under seal which remains unclear.[2]

## II.    Basis for Sealing

There is good cause to seal the documents referenced above.

**First**, Exhibits[3] B and E to the Motion to Seal are privilege logs prepared in connection with this lawsuit. These logs disclose certain details about the work of Redwire's counsel that should remain private.

Exhibit B is a privilege log related to documents in Redwire's possession. Numerous of the topics reference the subject matter of work performed by attorneys on Redwire's behalf. There is no cause to publicly disclose the matters for which Redwire obtains legal counsel.

Exhibit E is a privilege log related to document in possession of KPMG, LLC which was retained by Redwire's outside counsel to assist in an internal investigation and references certain privileges which reveals the type of documents in KPMG's possession used to facilitate such attorney-led investigation.

---

[2] Lead Plaintiff has not, as of the date of this submission, filed any motion with the Court seeking to file such document under seal. Counsel for Defendants raised such issue with opposing counsel on May 17, 2024 to which such counsel stated "[w]e will look into whether we need to separately address the sealing of the corrected document in light of the fact that none of the corrections affected the redacted information."

[3] As used in this section, referenced exhibit letters correspond to the exhibits attached to the Motion to Seal.

**Second**, Exhibit C is a document that catalogs the parties' efforts to reach an agreement on a supplemental document review from September 2023 through February 2024. Within the document are search queries proposed by counsel for both Lead Plaintiff and Defendants along with the number of responsive documents as to each of the numerous queries. Such information reflects the mental impressions of current counsel in this litigation and reveals the number of documents responsive to terms that cover a wide range of topics.

**Third**, Exhibit D is a March 29, 2024 email between counsel for Defendants and Lead Plaintiffs sent as part of the parties' lengthy negotiations to agree on the bounds of a supplemental document review through use of negotiated search queries. This correspondence reveals the details of documents in Redwire's possession. It further reveals undersigned counsel's internal document review efforts and capabilities.

**Finally**, Exhibit A is an unredacted version of the (May 13) Motion to Compel and Exhibit F is the accompanying declaration of counsel. These documents reference and discuss the aforementioned records. Thus, to the extent that the Court seals the above-referenced materials, these should also be filed under seal.

This Court has broad discretion to "determine which portions of the record should be placed under seal" and that discretion is "to be exercised in

4

light of the relevant facts and circumstances of the particular case." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files"); *United States v. Lee Mem'l Health Sys.*, No. 2:14-CV-437-FTM-38CM, 2018 WL 5014534, at *2 (M.D. Fla. Oct. 16, 2018) ("District courts have broad discretion in interpreting and applying their local rules").

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013); *See also, Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1313 (11th Cir. 2001)). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Teledyne Instruments, Inc.,* 2013 WL 5874584, at *1; *See also,*

*Romero,* 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Teledyne Instruments, Inc.,* 2013 WL 5874584, at *1; *See also, Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994); *See also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1181 (9th Cir.2006).

Here, the documents proposed for seal include sensitive information about Redwire's internal operations and the capabilities of Redwire's counsel. Exposing such documentation to the public (not under seal) would injure Redwire and such counsel by allowing an open look into their operations by all competitors and other non-aligned parties.

Filing the documents under seal will not impair the functions of this Court, but would enable the Court to fulsomely consider Lead Plaintiff's Motion to Compel without harming the asserted privacy interests of any party.

Moreover, none of the other relevant considerations suggest that the referenced materials should be publicly filed. There is no question as to the reliability of the information, sealing does not implicate any party's ability to respond to the information, and the information does not concern public officials or public concerns.

Finally, as discussed above, a less onerous means to sealing the aforementioned documents does not exist.

Accordingly, there is good cause to seal the documents.

WHEREFORE, Defendants respectfully request that this Court grant Lead Plaintiff's Motion to Seal.

Dated: May 28, 2024.              Respectfully submitted,

/s/ Glennys Ortega Rubin
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**FRANK A. ZACHERL, ESQ.**
Florida Bar No. 868094
fzazherl@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No.: 1010706
belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Attorneys for Defendants*

SBDOCS 348628 4

7