UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF JARED THOMPSON'S MOTION FOR LEAVE TO SUMBIT SUR-SUR-REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Lead Plaintiff requests, pursuant to Local Rule 3.01(d), leave to file a sur-sur-reply brief of no more than twelve (12) pages in further support of his Motion for Class Certification (ECF No. 85) no later than two weeks after the Court enters an order granting Lead Plaintiff leave to file. Defendants oppose this motion.

Lead Plaintiff has the burden to establish the requirements for class certification under Federal Rule of Civil Procedure 23, yet Defendants have improperly raised additional, but not new, cases for the first time in their sur-reply, claiming at least one is "dispositive." *See, e.g., Taul ex. Rel. United States v. Nagel*

- 1 -

*Enterps., Inc.*, 2016 WL 304581, at *10 (N.D. Ala. Jan. 25, 2016) (declining to address argument raised for the first time in sur-sur-reply).

A court has discretion to allow additional briefing where a "valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, 2015 WL 12938949, at *1 (M.D. Fla. Aug. 21, 2015) (granting leave to file sur-reply and sur-sur-reply).

Here, Lead Plaintiff's reply brief, filed on July 2, 2024, already addressed Defendants' arguments regarding Lead Plaintiff's purported lack of standing. ECF No. 159 at 1-4. Defendants' August 6, 2024 ten-page sur-reply relies upon previously uncited and unaddressed case law and arguments that could have been raised in the Opposition (ECF No. 129) regarding Lead Plaintiff's standing and typicality. ECF No. 170 at 1-4. Indeed, Defendants' not-so-new "dispositive" case, *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220 (11th Cir. 2023), is over a year old and addresses standing in a Section 10(b) securities class action under what Defendants claim are the same circumstances as here. ECF No. 170 at 3-4, 4 n.2. Defendants also raise typicality arguments based on a claimed inability for Lead Plaintiff to establish loss causation and cite three other cases – the most recent dated in 2010 – not raised in the Opposition. *Id.* at 4. Lead Plaintiff has a compelling and "valid reason" to file a sur-sur-reply brief because of the inherent prejudice to Lead

- 2 -

Plaintiff should Defendants' additional case law and arguments not be addressed. Notably, Defendants have submitted 45 pages of briefing concerning class certification compared to Lead Plaintiff's 40 pages. More important, a sur-sur-reply is necessary to assist the Court in understanding and distinguishing these new cases.

## LOCAL RULE 3.01(g) CERTIFICATION

Lead Plaintiff's counsel conferred with counsel for Defendants regarding the requested relief via email on August 9, 2024. Defendants' counsel indicated they do not agree with any of the relief sought in this Motion.

Dated: August 13, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*