United States District Court
Middle District of Florida
Jacksonville Division

**JED LEMEN & JARED THOMPSON,**

    *Plaintiffs,*

v.                                        **NO. 3:21-cv-1254-TJC-PDB**

**REDWIRE CORPORATION ETC.,**

    *Defendants.*

## Order[1]

This order addresses motions and responses (in parentheses) relating to discovery and sealing:

| | |
|---|---|
| 1 | D91/SD109, D92, SD123-1, (D105/SD108) |
| 2 | D94 (D113) |
| 3 | D95 (D114) |
| 4 | D96 (D115) |
| 5 | D128, D138 |
| 6 | D131, D140 |
| 7 | D132/SD131-1 (D139/SD142-1) |
| 8 | D133/SD131-5, D134 (D141/SD142-2) |
| 9 | D135 (D150) |
| 10 | D142 (D154) |
| 11 | D145, D153 |
| 12 | D146/SD145-1, D147, D148, D156 |

---

[1]Citations to page numbers are to page numbers generated by CM/ECF.

Background is in the order entered on March 22, 2023, D62, and not repeated here.[2] In accordance with Local Rule 1.11(e), all seals in this order expire ninety days after the case is closed and all appeals are exhausted.

## 1. D91/SD109, D92, SD123-1 (D105/SD108)

Thompson's redacted motion for a determination of whether PwC's internal memorandum is protected, D91, is **granted in part and denied in part**.

The protection for work product is rooted in *Hickman v. Taylor*, 329 U.S. 495 (1947). In *Hickman*, the Supreme Court explained, "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* at 510. The protection is codified in Rule 26(b)(3), Federal Rules of Civil Procedure:

> (A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents … that are prepared **in anticipation of litigation** or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But … those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1) [i.e., they are relevant to a claim or defense and proportional to the needs of the case]; and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue

---

[2]Future motions or responses exceeding the page limits in Local Rule 3.01(a) and (b) may be denied without further review. The phrase "inclusive of all parts" in the rule means "inclusive of all parts." The caption, any table of contents, the signature block, and any certificate are "parts."

> hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A) & (B) (emphasis added). The type of work product described in the latter paragraph is "opinion work product." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994).

Thompson's counsel reviewed the memorandum before the defendants' counsel "clawed" it back. SD109-1 ¶¶ 4–6. The undersigned reviewed the memorandum in camera. *See* SD123-1.

The motion is denied to the extent that, under either test described by the parties, *see* D91 at 19–20/SD109 at 19–20; D105 at 8–19/SD108 at 8–19, the defendants, through Jonathan Baliff's February 29, 2024, declaration, D105-1 at 2–6/SD108-1 at 2–6, satisfy their burden of showing the memorandum contains protected work product. The work product comprises the investigatory work of King & Spalding and KPMG, hired by Redwire's Audit Committee in anticipation of an SEC enforcement action or other litigation potentially triggered by Dan Gievers's allegations in his November 5, 2021, letter, SD108-1 at 2, 8–9. The motion is granted to the extent that not all of the information in the memorandum is work product.

By **September 6, 2024**, the defendants must provide Thompson the memorandum redacting the opinion and other work product highlighted in blue and red in the memorandum provided to the Court for its in camera review, SD123-1. This ruling does not prevent Thompson from trying to show,

3

for work product that is not opinion work product, a substantial need for the information to prepare his case and that he cannot, without undue hardship, obtain its substantial equivalent by other means. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).

**2.     D94 (D113)**

The defendants' motion to compel better responses to their first request for production, D94, is **granted in part** and **denied in part**. The parties resolved most of the dispute with Thompson's agreement that he would revise his responses in accordance with discussions between counsel and discussions at the hearing. D124 at 55–89.

One dispute remains: whether Thompson's counsel must log each communication with each prospective class member on an ongoing basis so that the defendants may consider whether to request a communication or communications. *Id*. at 68–83. The Court declines to order that relief as disproportionate to the needs of the case considering the factors in Rule 26(b)(1), Federal Rules of Civil Procedure.

**3.     D95 (D114)**

The defendants' motion to compel better responses to their first sets of requests for admission, D95, totaling 406 requests, D95-1 to D95-3, is **granted in part** and **denied in part**. The parties resolved most of the dispute with Thompson's agreement that he would revise his answers in accordance with discussions between counsel. D124 at 57. The Court will enforce the agreement

4

but otherwise will not provide the relief requested for the reasons stated on the record. *Id.* at 89–101.

### 4. D96 (D115)

The defendants' motion to compel better answers to their first sets of interrogatories, D96, is **granted in part** and **denied in part**. The parties resolved most of the dispute with Thompson's agreement that he would revise his answers in accordance with the discussion at the hearing and provide a supplemented chart. D124 at 57, 101–22. Beyond that resolution, for interrogatory ten, D96-1 at 9, Thompson's counsel provided the information the defendants needed concerning how his damages expert would be determining alleged damages. *See* D124 at 106–13; D129 at 31–34.

### 5. D128, D138

The defendants' motion to seal, D128, as supplemented by Thompson, D138, is **denied**.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). A court may determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "'Judges deliberate in private but issue public decisions after public arguments based on public records. … Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like

fiat and requires rigorous justification.'" *Id.* (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).

To decide if the presumption of public access applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Perez-Guerrero*, 717 F.3d at 1235. The presumption applies to materials attached to documents that invoke judicial resolution on the merits. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63–64 (11th Cir. 2013).

The presumption of public access is not absolute; if a party requests sealing, the court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Factors include whether allowing public access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

If the presumption does not apply, the court conducts an ordinary good-cause analysis. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–56 (11th Cir. 1987).

Local Rule 1.11 explains, "Sealing a docketed item, including a settlement agreement, used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access. **Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation**."[3] Local Rule 1.11(a) (emphasis added).

Rule 5.2, Federal Rules of Civil Procedure, protects privacy. The rule provides:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
>   (1) the last four digits of the social-security number and taxpayer-identification number;
>
>   (2) the year of the individual's birth;
>
>   (3) the minor's initials; and
>
>   (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). The rule adds:

> (e) PROTECTIVE ORDERS. For good cause, the court may by order in a case:
>
>   (1) require redaction of additional information; or

---

[3]The parties often reference their discovery stipulation as a reason for sealing. *See, e.g.*, D142 at 3. The undersigned rejects outright this reason for sealing. *See* Local Rule 1.11(a).

7

> (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

*Id.* 5.2(e).

The presumption applies because the defendants submit the papers with their response to the motion for class certification, D85, D129, and thereby ask the Court to use them "in the adjudication or other resolution of a claim or defense[.]" *See* Local Rule 1.11(a) (quoted). The redacted papers show information about shares Thompson bought and sold, the trade dates, the share quantities and prices, transaction fees, and the account type. D138-1 at 2; D138-2 at 2. The unredacted papers additionally show Thompson's address; the brokerage company he used; and the company's terms and conditions, rules and regulations, and standard disclosure. SD128-1 at 1–2; SD128-2 at 1–2.

The parties fail to show "a reason sufficiently compelling to overcome the presumption of public access." *See* Local Rule 1.11(a) (quoted). Thompson's address and the last four digits of his account number are not information that Rule 5.2 protects without good cause, which is absent here. *See* SD128-1 at 1 (sealed paper displaying only the last four digits of the account number); SD128-2 at 1 (same). The brokerage company's name is revealed in the publicly filed motion to seal. D128 at 2. With that name, anyone can find the company's terms and conditions, rules and regulations, and standard disclosures.

No earlier than **September 6, 2024**, the clerk must unseal:

| SD128-1 |
|---------|
| SD128-2 |

8

The clerk must expeditiously:

(1) replace D129-8 (the placeholder for Ex. 8 to the response to the motion for class certification) with SD128-2; and

(2) replace D129-9 (the placeholder for Ex. 9 to the response to the motion for class certification) with SD128-1.

### 6. **D131, D140**

Applying the law on sealing in section 5, *supra*, Thompson's motion to seal, SD131, as supplemented by the defendants, D140, is **granted in part and denied in part**.

The presumption does not apply because the papers—more than a half dozen of them—are motions to compel discovery, SD131-1/D132, SD131-5/D133; or a declaration or declaration exhibits supporting the motions to compel discovery, SD131-2/D132-7, SD131-3/D132-8, SD131-4/D132-9, SD131-6/D133-1, SD131-7/D133-2, SD131-8/D133-4; and thus are not for "the adjudication or other resolution of a claim or defense," *see* Local Rule 1.11(a) (quoted). Still, sealing requires good cause. *See In re Alexander Grant*, 820 F.2d at 355–56.

One paper is exhibit F to Reed Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony, SD131-2; *see* D132-7 (placeholder); and exhibit C to Kathrein's declaration supporting the motion to compel document-by-document privilege logs, SD131-8; *see* D133-4 (placeholder). The paper is a privilege log with two categories of documents responding to Thompson's subpoena to PwC. The defendants state, "Such information related to this attorney-led investigation should not be disclosed publicly as it risks

9

disclosure of privileged mental impressions to a wide audience." D140 at 3. This does not amount to good cause. The protection for work product would be lost if the privilege log itself discloses the lawyers' mental impressions and other work product.

One paper is exhibit G to Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony. SD131-3; *see* D132-8 (placeholder). The paper is a draft presentation to Redwire dated January 2021. SD131-3; D132-1 ¶23. According to the defendants, the presentation is a "public company readiness assessment that engages in lengthy and detailed description of Redwire's internal business procedures with significant focus on regulatory compliance." D140 at 4. This amounts to good cause. The presentation displays private business information.

One paper is exhibit H to Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony, SD131-4; *see* D132-9 (placeholder). The paper is a presentation to Genesis Park Acquisition Corp.'s board, dated February 11, 2021, concerning Redwire's IPO readiness and sustainability. SD131-4; D132-1 ¶24. According to the defendants, the presentation "discusses internal business procedures and non-public financial data." D140 at 4. This amounts to good cause. The presentation displays private business information.

One paper is exhibit A to Kathrein's declaration supporting the motion to compel document-by-document privilege logs. SD131-7; *see* D133-2 (placeholder). The paper is a privilege log with nine categories of documents responding to Thompson's first request for production. SD131-7. The defendants state, "Numerous of the topics reference the subject matter of work

10

performed by attorneys on Redwire's behalf. There is no cause to publicly disclose the matters for which Redwire obtains legal counsel." D140 at 3. This does not amount to good cause. Under this rationale, every privilege log by a company's lawyer relating to a discovery motion could be sealed.

One paper is an unredacted version of Thompson's motion to compel Rule 30(b)(6) testimony. SD131-1; *see* D132 (redacted). One paper is an unredacted version of Thompson's motion to compel document-by-document privilege logs. SD131-5; *see* D133 (redacted). The last paper is an unredacted version of Kathrein's declaration supporting the motion to compel document-by-document privilege logs. SD131-6; *see* D133-1 (redacted). The unredacted versions have information from the previously considered papers; i.e., from exhibits F, G, and H to Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony, SD131-2/D132-7, SD131-3/D132-8, SD131-4/D132-9; and from exhibits A and C to Kathrein's declaration supporting the motion to compel document-by-document privilege logs, SD131-7/D133-2, SD131-8/D133-4. The same rulings apply.

No earlier than **September 6, 2024**, the clerk must unseal:

| SD131-2 |
|---|
| SD131-6 |
| SD131-7 |
| SD131-8 |

No later than **September 11, 2024**, Thompson must file new redacted versions of his motion to compel Rule 30(b)(6) testimony, D132; and his motion to compel document-by-document privilege logs, D133, consistent with this order.

11

The clerk must expeditiously:

(1) replace D132-7 (the placeholder for exhibit F to Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony) with SD131-2;

(2) replace D132-8 (the placeholder for exhibit G to Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony) with SD131-3, while maintaining the seal;

(3) replace D132-9 (the placeholder for exhibit H to Kathrein's declaration supporting the motion to compel Rule 30(b)(6) testimony) with SD131-4, while maintaining the seal;

(4) replace D133-2 (the placeholder for exhibit A to Kathrein's declaration supporting the motion to compel document-by-document privilege logs) with SD131-7;

(5) replace D133-4 (the placeholder for exhibit C to Kathrein's declaration supporting the motion to compel document-by-document privilege logs) with SD131-8;

(6) replace D133-1 (Kathrein's redacted declaration supporting the motion to compel document-by-document privilege logs) with SD131-6;

(7) replace D132 with the new redacted version of Thompson's motion to compel Rule 30(b)(6) testimony;

(8) replace D133 with the new redacted version of Thompson's motion to compel document-by-document privilege logs;

(9) notate in the docket text of D132 that the sealed motion to compel Rule 30(b)(6) testimony is SD131-1; and

(10) notate in the docket text of D133 that the sealed motion to compel document-by-document privilege logs is SD131-5.

### 7. D132/SD131-1 (D139/SD142-1)

Thompson's motion to compel Rule 30(b)(6) testimony, D132/SD131-1, is **granted in part and denied in part**.

"In its notice or subpoena, a party may name as the deponent a … private corporation … and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: … (ii) the deponent has already been deposed in the case[.]" *Id.* 30(a)(2)(A)(ii). "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." *Id.* 30(d)(1).

Considering the back-and-forth between opposing counsel on the scope of Redwire's deposition and the apparent convention of forgiving deadlines during discovery in this litigation, the Court declines to find a waiver of objections through tardiness.

Regarding the time period, as Thompson contends, "[J]ust because the Class Period starts on one date does not mean the conduct was not known prior." D132 at 12/SD131-1 at 13. For the reasons Thompson provides, D132 at 12–14/SD131-1 at 13–15, Redwire must be prepared to answer questions about events beginning in January 2020.

Regarding the length of the Redwire deposition and the number of Redwire depositions, Thompson must use best efforts to depose Redwire only once and only for seven hours, as the law contemplates. If he is unable to obtain

13

relevant and proportional discovery through that deposition, he may move for leave to extend the deposition of Redwire or move for leave to take a second deposition of Redwire after conferring in good faith with opposing counsel, as required by Local Rule 3.01(g). *See* Fed. R. Civ. P. 26(b)(1), (2)(A); *Id.* 30(a)(2)(A)(ii), (b)(6), (d)(1); Middle District Discovery (2021) at Sections I.A.1, II.A.1, II.A.4.

### 8.    D133/SD131-5, D134 (D141/SD142-2)

Thompson's redacted motion to compel document-by-document privileged logs, D133/SD131-5, is **denied without prejudice**. The related request for oral argument, D134, is **denied** because the briefing suffices.

Rule 26(b)(5), Federal Rules of Civil Procedure, provides:

> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> > (i) expressly make the claim; and
>
> > (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A); *accord* Middle District Discovery (2021) at Sections III.B.9, IV.B.2. The advisory committee on the rules explains:

> The party must … provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing

14

> information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.
>
> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories. … In rare circumstances some of the pertinent information affecting applicability of the claim, such as the identity of the client, may itself be privileged; the rule provides that such information need not be disclosed.

Notes of Advisory Committee on Rules—1993 Amend. to Fed. R. Civ. P. 26.

Local Rule 3.01(g) provides, "Before filing a motion in a civil action … the movant must confer with the opposing party in a good faith effort to resolve the motion." "The term 'confer' … means a substantive discussion. … Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith." Middle District Discovery (2021) at Section I.A.2. "Rule 3.01(g) is strictly enforced." *Id*. "A motion that does not comply with the rule may be summarily denied." *Id*. "If the presiding judge deems the conferral or attempt at conferral insufficient, the motion may be denied." *Id*.

One privilege log—part of the defendants' response to Thompson's first requests for production—puts 1,771 pages of documents into nine categories, generally described here as emails between Redwire personnel and counsel and emails between Redwire personnel and others at counsel's direction. SD131-7 at 2–3. The emails concern SEC filings, press releases or public presentations, and the de-SPAC merger. *Id*. This aspect of the motion is denied without prejudice because Thompson filed the motion while conferral efforts about the

15

log were ongoing. D141 at 2–5. Since he filed the motion, the defendants have agreed to revise the log. *Id.* at 1, 4–5, 10, 17, 19.

The other privilege log—part of PwC's response to Thompson's subpoena—puts 157 pages of documents into two categories, described as "Documents collected by counsel in accordance with Audit Committee investigation" and "Internal PwC memorandum summarizing counsel's work product and discussions with counsel regarding, and for the purpose of assisting in, Audit Committee investigation." SD131-8 at 2. From that description, the latter category appears to be the memorandum already addressed in section 1, *supra* (although the log says the category comprises 15 pages, SD131-8 at 2, and the memorandum is 13 pages, SD123-1). Regarding the first category, the defendants provide sufficient information to enable Thompson to evaluate the applicability of the claimed work-product protection. Thompson may challenge the defendants' claim that all documents collected by counsel for the Audit Committee investigation are protected.

### 9. D135 (D150)

Applying the law on sealing in section 5, *supra*, the defendants' motion to redact parts of the transcript of the March 27, 2024, hearing on discovery motions, D135, opposed by Thompson, D150, is **denied**.

The presumption does not apply because the information is in a transcript of a hearing on discovery motions, SD124, and thus is not for "the adjudication or other resolution of a claim or defense[.]" *See* Local Rule 1.11(a) (quoted). Still, sealing requires good cause. *See In re Alexander Grant*, 820 F.2d at 355–56.

The defendants move for redaction of the information at 30:6–12; 31:15; 32:1–3; 37:17–19; 40:8–9, 24–25; 42:7–8, 10–11, 13–20, 22–25; 43:2–3; 44:12–13, 19–23; 45:19, D124, which concerns the PwC memorandum and other papers the defendants want protected or sealed or both. The defendants state, "The testimony … discuss[es] the clawed-back document over which [they] claim work-product [protection] and other privileged information discussed thereto. Public exposure of such testimony would violate [their] privileges, prejudice their defense of the case, and cause irreparable harm." D135 at 5. The Court has carefully reviewed the requested redactions. The defendants' generic claims of privilege, prejudice, and irreparable harm do not amount to good cause.

No earlier than **September 6, 2024**, the clerk must unlock the transcript, D124, for remote public access.

### 10.   **D142 (D154)**

Applying the law on sealing in section 5, *supra*, the defendants' motion to seal, D142, is **denied**.

The presumption does not apply because the papers—three of them— are responses to motions to compel discovery, SD142-1/D139 (redacted), SD142-2/D141 (redacted); and an exhibit to one of the responses, SD142-3/D141-3 (placeholder); and thus are not for "the adjudication or other resolution of a claim or defense[.]" *See* Local Rule 1.11(a) (quoted). Still, sealing requires good cause. *See In re Alexander Grant*, 820 F.2d at 355–56.

17

One paper is Redwire's unredacted response to Thompson's motion to compel Rule 30(b)(6) testimony. SD142-1/D139 (redacted). The redacted information is in three lines. D139 at 12–13. The first line, on page 12, summarizes unredacted information in the motion. *Compare* D132 at 12, *with* SD142-1 at 12. No good cause is shown. The second line, on the top of page 13, describes in only general terms the January 2021 presentation. SD142-1 at 13. No good cause is shown. The third line, on the bottom of page 13, discloses no details about internal business procedures or other possibly confidential business information. No good cause is shown.

One paper is the defendants' unredacted response to Thompson's motion to compel document-by-document privilege logs. SD142-2/D141 (redacted). The redacted information is in lines throughout the response. The information references information on the privilege log discussed in section 6 *supra*; i.e., the privilege log with the nine categories of documents responding to Thompson's first request for production. For the same reason sealing the privilege log is unwarranted (failure to show good cause), sealing descriptions of information on the privilege log is unwarranted.

The final paper is exhibit 3 to the defendants' response to Thompson's motion to compel document-by-document privilege logs. SD142-3/D141-3 (placeholder). The paper is a letter between opposing counsel about the privilege log with the nine categories of documents responding to Thompson's first request for production. The letter contains legal arguments. The letter does not appear to contain any confidential information or other information worthy of protection. To the extent it does, the defendants should have presented a public version redacting only that information.

18

No earlier than **September 6, 2024**, the clerk must unseal:

| |
|---|
| SD142-1 |
| SD142-2 |
| SD142-3 |

The clerk must expeditiously:

(1) replace D139 (Redwire's response to Thompson's motion to compel Rule 30(b)(6) testimony) with SD142-1;

(2) replace D141 with SD141-2 (Redwire's response to Thompson's motion to compel document-by-document privilege logs); and

(3) replace D141-3 (exhibit 3 to the defendants' response to Thompson's motion to compel document-by-document privilege logs) with SD142-3.

11.  **D145, D153**

Because Thompson has withdrawn the related motion to compel the production of asserted work product and other documents, D146/SD145-1, D148, the clerk must terminate:

| |
|---|
| D145 |

Because the Court is not considering the motion to compel, the clerk must strike from the docket:

| |
|---|
| SD145-1 |
| SD145-2 |
| SD145-3 |
| SD145-4 |
| SD145-5 |
| SD145-6 |

19

## 12.  D146/SD145-1, D147, D148, D156

Thompson has withdrawn his motion to compel the production of asserted work product and other documents, D146/SD145-1, D148, D156. The clerk must terminate:

| |
|---|
| D146 |
| D147 |
| D148 |

**Ordered** in Jacksonville, Florida, on August 21, 2024.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*