# Exhibit B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>    Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br>CLASS ACTION |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK

ACQUISITION CORP., PETER CANNITO, and WILLIAM READ (collectively,

"Defendants") by and through undersigned counsel, pursuant to Rules 26 and

34 of the Federal Rules of Civil Procedure, hereby respond to Lead Plaintiff

Jared Thompson's First Request for Production.

**GENERAL OBJECTIONS**

1.     **The Requests have a "Relevant Time Period" of January 1, 2020 "to the present."  Defendants object to the breadth of the period as including periods of time that are not relevant to the parties' claims or defenses, nor proportional to the needs of the case.  Pursuant to their objection, Defendants limit their response to January 1, 2021**

through June 1, 2022, which is referred to herein as the "Relevant Period," which encompasses the totality of Lead Plaintiff's relevant allegations.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), documents are being withheld based on this objection.

2.      Defendants object to the definition of "Redwire" employed by Lead Plaintiff in the Requests as vague and confusing because it fails to separately differentiate between Genesis Park Acquisition Corporation ("GPAC") from formation through September 2, 2021, pre-merger Redwire as it existed prior to September 2, 2021, and the merged companies from September 2, 2021 forward.   To avoid confusion, these Answers and Objections use the following naming convention:

a.      "GPAC" shall mean and refer to Genesis Park Acquisition Corporation as it existed from its formation though the date of merger, September 2, 2021.

b.      "Pre-Merger Redwire" shall mean and refer to the entity(ies) that combined with GPAC in the September 2, 2021 merger that was consummated through a vote of GPAC shareholders.

c.      "Redwire" shall mean and refer to the merged companies from September 2, 2021 forward.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), documents are not being withheld based on this objection.

3.      The Requests seek production of documents in accordance with an ESI protocol served by Lead Plaintiff, but that protocol remains under negotiation and consideration by the parties. Defendants object to the Requests to the extent that they call for production of documents in accordance with the ESI protocol that Lead Plaintiff originally served as opposed to whatever final stipulation that the parties are currently undertaking to negotiate. Defendants anticipate production of ESI in accordance with the parties' final negotiated stipulation.

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants do not believe they are withholding documents responsive to this Request because they assert that documents produced in response to other Requests herein will be "sufficient to show" the persons related to Read's separation.**

### B.   Documents Related to Redwire's Tone at the Top and Weaknesses in Internal Controls

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning Redwire's statements described in Redwire's April 1, 2022, Form 10-Q for the period ended September 20, 2021 (*see, e.g.,* Complaint ¶¶77–78) including:

> i)   "disclosure controls and procedures were not effective as of September 30, 2021, due to . . . material weaknesses in internal control over financial reporting.";

> ii)   "we did not maintain an effective control environment, as certain members of senior management failed to consistently message and set certain aspects of an appropriate tone at the top. Specifically, certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication."; and

iii)   statements relating to Redwire's internal control

Remediation Plans and/or Remediation Programs.

**RESPONSE: Defendants object to Request 14 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the April 1, 2022 Form 10-Q (improperly identified in the Request as being for the period ending September 20, 2021).** ***Wesolek v. Wesolek*****, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome);** ***Link v. Corcoran*****, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Additionally, the vast majority of the matters discussed in the Form 10-Q have no relation to the allegations of the Amended Complaint and are thus irrelevant and disproportionate to the needs of the case. Indeed, the only relevant portions of the Form 10-Q are those quoted in subparts (i)-(iii).**

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants interpret the Request as seeking documents concerning the three statements made in the September 20, 2021 Form 10-Q as identified in subparts (i)-(iii). As so interpreted, Defendants continue to object based on overbreadth of the request for "all documents concerning," but agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023.  To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.**

17

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning Redwire's statement that "certain members of senior management failed to reinforce the need for compliance with certain of the Company's accounting and finance policies and procedures, including reinforcement of appropriate communication," as described in Redwire's April 11, 2022, Form 10-K for the period ended December 31, 2021 (*see, e.g.,* Complaint ¶79).

> **RESPONSE: Defendants object to Request 15 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only**

18

to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning Redwire's statement that "the design of internal controls over financial reporting for the Company post-Merger has required and will continue to require significant time and resources from management and other personnel. As a result, management was unable, without incurring unreasonable effort or expense to conduct an assessment of [Redwire's] internal control over financial reporting as of December 31, 2021[,]" as described in Redwire's April 11, 2022, Form 10-K for the period ended December 31, 2021 (*see, e.g.,* Complaint ¶¶79– 80).

> **RESPONSE: Defendants object to Request 16 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants'**

19

search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

REQUEST FOR PRODUCTION NO. 17:

All Documents concerning Redwire's management's or an independent accounting firm's assessment regarding Redwire's internal control over financial reporting (as described in the Complaint, e.g., ¶¶ 79-80).

RESPONSE: Defendants object to Request 17 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive

20

*Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at *2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

## C.   Documents Related to William Read's Termination as Chief Financial Officer

**REQUEST FOR PRODUCTION NO. 27:**

All Documents concerning Redwire's decision to "transition [William Read] from his role as Chief Financial Officer" and replacing him with the head of the Board of Directors Audit Committee, as described in Redwire's June 1, 2022, announcement (*see, e.g.,* Complaint ¶81), including the separation agreement Read entered into with Redwire.

33

**RESPONSE:** Defendants object to Request 27 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the separation of Read or the hiring of Jonathan Baliff. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

Further, Defendants object to the production of documents related to the decision to hire Jonathan Baliff as the replacement Chief Financial Officer ("CFO") as irrelevant and not proportional to the needs of the case. Baliff is not a party to this case, and neither Baliff nor the decision to hire Baliff are at issue or related to the issues in this case. Fed. R. Civ. P. 26(b)(1).

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to produce the separation agreement entered into by Read and Redwire, and to collect documents responsive to search terms for specified custodians based on Read's separation and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.

34

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning William Read's departure from Redwire, including (i) all reasons for his departure; (ii) any terms of his departure; (iii) any compensation paid, to be paid, foregone, or reduced in connection with his departure; (iv) whether his departure was voluntary; and (v) Communications concerning his departure, including those with investors, analysts, or the SEC.

> **RESPONSE: Defendants object to Request 28 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**

> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to produce the separation agreement entered into by Read and Redwire, and to collect documents responsive to search terms for specified custodians based on Read's separation and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**D.    Documents Related to Redwire's Whistleblower Complaint and Audit Committee Investigation**

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning Redwire's notification, decisions to investigate, and investigation of the whistleblower complaint relating to "accounting issues with a business subunit" (as described in the Complaint, e.g., ¶¶70–72, 75).

> **RESPONSE: Defendants object to Request 29 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").**
>
> **Additionally, because Redwire's decision to investigate and investigation of the whistleblower complaint involved discussions with counsel, Defendants object to this Request as the vast majority of the responsive documents are subject to attorney-client, work-product privilege/immunity, and/or other applicable privileges or immunities. Fed R. Civ. P. 26(b)(1), (3).**
>
> **As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to produce the whistleblower complaint referenced in this Request, and to collect documents responsive to search terms for specified custodians and produce non-**

36

**privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents. Additionally, documents being withheld pursuant to Defendants' claim of privilege will be detailed on a forthcoming privilege log. Fed. R. Civ. P. 26(b)(5).**

## REQUEST FOR PRODUCTION NO. 30:

All Documents concerning any Redwire's Audit Committee's decision to investigate and investigation of the whistleblower complaint relating to Redwire's internal control weaknesses (as described in the Complaint, e.g., ¶¶ 70–72, 75), including without limitation:

    a.    the Documents provided to the Audit Committee in connection with this investigation, including any requests for documents or information;

    b.    the notes, transcripts, recordings, or other records of any interviews, questioning, or examinations of former or current Redwire Employees performed in connection with this investigation;

c.   the minutes, notes, transcripts, recordings, or other records
of any meetings by the Audit Committee in connection with
this investigation;

d.   the Communications concerning this investigation;

e.   the Documents, notes memoranda, files, transcripts, or other
records concerning the conclusions, views, findings, or
recommendations—preliminary or final— reached or offered
by the Audit Committee in connection with this investigation;

f.   the Documents, notes, memoranda, files, or other records of
any actions taken by Redwire in response to the conclusions,
views, findings, or recommendations resulting from this
investigation; and

g.   the Communications and Documents from and to
Defendants William Read and Peter Cannito related to the
Audit Committee's investigation.

**RESPONSE: Defendants object to Request 30 as facially
overbroad and unduly burdensome in that it seeks "all
documents concerning" the stated subject matter. *Wesolek v.
Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19
(M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all
documents concerning . . ." to be facially overbroad and unduly
burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022
WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs'
requests seek relevant materials, 'all documents' covers far too
much ground."). Defendants' agreement to produce a subset of**

38

documents that are properly within the scope of this request is addressed by the responses to subparts (a) through (g) below.

As to subpart (a), Defendants object to the Request as disproportional and unduly burdensome because the Audit Committee was not provided with specific documents in connection with the investigation. Rather, the Audit Committee's counsel and their accountants were provided access to electronic records meetings specific custodian and date-range parameters, and then outside counsel and their retained consultants identified their own documents in an effort to carry out their advisory functions. Redwire does not have possession, custody, or control—or means to identify—the documents that outside counsel selected. Additionally, the specific compilation and/or selection of documents by the Audit Committee's outside counsel would reflect the mental impressions of outside counsel, and thus, be protected by the work-product immunity.

As to subpart (b), Defendants object to the Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. Defendants also object on the basis of privilege. All interviews, questioning, or examinations of former or current Redwire employees in connection with the investigation were performed by Redwire's outside counsel and, as such, all attendant notes, transcripts, recordings, or other records are subject to attorney-client and/or work product privileges. Fed R. Civ. P. 26(b)(1), (3). All known documents responsive to this request are subject to privilege or immunity, and thus, Redwire will place such documents on a forthcoming privilege log.

As to subpart (c), Defendants object to the Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. Defendants also object as the responsive documents are protected from disclosure by the attorney-client and/or work-product privileges. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants will produce non-privileged records of any meetings by the Audit Committee in connection with the investigation, subject to redactions for privileges and/or work-

39

product protection, or withholding based on privileges and/or work-product protections, as may be appropriate for each document. Fed R. Civ. P. 26(b)(1), (3). Redactions will be placed on a privilege log.

As to subpart (d) through (g), Defendants object to the Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the stated subject matter. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

## REQUEST FOR PRODUCTION NO. 31:

All Documents concerning any disciplinary action(s), including Employee termination, concerning Redwire's internal controls, accounting practices, "tone at the top," and/or financial reporting compliance during the Relevant Time Period, including all Documents relating to the termination, resignation, or departure of William Read.

RESPONSE: Defendants object to Request 31 as overbroad and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Request does not relate to the allegations of the Amended Complaint. Any such documents relating to individuals not party or at issue in this case are wholly irrelevant. The only records that could be potentially relevant to the allegations of the pleadings are those related to the separation of Read, and Defendants have agreed to produce those documents in response

40

**documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including without limitation:

a.   Policies, procedures, or practices (formal or informal), including any accounting, internal control, "tone at the top," and financial reporting Policies or procedures;

b.   handbooks, guidelines, or training materials;

c.   decisions or determinations relating to Redwire's "tone at the top," financial reporting and accounting compliance, and internal controls, including any discussion or analysis;

d.   Board or Audit Committee materials concerning Policies, procedures, or practices (formal or informal);

e.   quarterly executive meeting materials concerning Policies, procedures, or practices (formal or informal);

44

f.   Redwire's public statements regarding Policies, procedures, or practices (formal or informal), including in its SEC filings, any public conference call(s), or any press release(s); and

g.   Audits or due diligence

**RESPONSE: Defendants object to Request 36 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" Redwire's above-quoted policies, procedures, materials, and statements. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). For example, this Request seeks all documents concerning Redwire's accounting without any limitation whatsoever, which could be construed to include all accounting books and records for the company as well as any and all email communications sent or received by employees with accounting functions. As such, the Request is grossly overbroad and seeks large categories of documents that are neither relevant nor proportional to the needs of the case. To the extent that this Request seeks documents beyond those potentially captured by Defendants' responses to subparts (a) through (g) below, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome.**

**As to subpart (a) and (b), Defendants object to these Requests as overbroad and facially unduly burdensome in that they seek "all documents concerning" the stated subject matter. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to (1) produce its policies and procedures related to internal controls over financial reporting, and (2) collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a**

45

rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

As to subpart (c), (d), and (g), Defendants object to these Requests as overbroad and facially unduly burdensome in that they seek "all documents concerning" the stated subject matter. Additionally, these Requests are duplicative of the documents sought in Requests 29 and 30 above, and thus Defendants incorporate their responses and objections to Requests 29 and 30 as though fully stated herein. To the extent that subparts (c), (d), and (g) could potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 29 and 30 are not proportional to the needs of the case.

As to subpart (e), Defendants object to Request as overbroad and facially unduly burdensome in that it seeks "all documents concerning" the stated subject matter. As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants will collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

46

**As to subpart (f), Defendants object to Request as overbroad and facially unduly burdensome in that it seeks "all documents concerning" the stated subject matter, and lacks any limitation related to the allegations of the First Amended Complaint. Additionally, this Request is duplicative of the documents sought in Requests 14 through 26 above, and thus Defendants incorporate their responses and objections to Requests 14 through 26 as though fully stated herein. To the extent that subpart (f) potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 14 through 26 are not proportional to the needs of the case.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents responsive to this Request.**

**F.     Documents Related to the de-SPAC Merger**

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning the spring 2021 de-SPAC merger transaction between Redwire's predecessor company and GPAC (as described in the Complaint, e.g., ¶¶1–2, 7–11, 36–44), including without limitation:

> a.    the Documents provided to Redwire and GPAC in connection with the de-SPAC merger, including any requests for documents or information;
>
> b.    the notes, transcripts, recordings, or other records of any interviews, questioning, due diligence, or examinations of

47

**preparation and execution. The documents associated with the merger are necessarily voluminous. Importantly, the vast majority of the documents associated with the merger have nothing to do with the issues of this case. This Request is disproportionate in its failure to tailor the subparts to the specific facts, statements, and time periods at issue in the Amended Complaint.**

**As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), for subparts (h) and (i), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above.**

**G.      Documents Related to Third-Party Investigations**

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning any investigation, whether informal or formal, by any government or administrative agency, concerning Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including without limitation:

> a.      the Documents produced in connection with any such investigation;

b.    the notes, transcripts, recordings, or other records of any interviews, questioning or examinations of former or current Redwire Employees or Board Members performed in connection with any such investigation;

c.    the written discovery, including requests for production, subpoenas, interrogatories, requests for admission submitted in connection with any such investigation; and

d.    the Communications concerning any such investigation.

**RESPONSE: Defendants object to this Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" any investigation by a governmental or administrative agency. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Additionally, none of the allegations of the First Amended Complaint relate to such an investigation, and thus, the documents responsive to this request would be neither relevant nor proportional to the needs of the case.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are unaware of any investigation by a governmental or administrative agency regarding the stated subject matter, and thus, Defendants are not withholding documents pursuant to the objections above, but reserve the right to rely on the objections stated herein if Defendants later learn of the existence responsive documents.**

51

**H.    Documents Related to Other Actions**

**REQUEST FOR PRODUCTION NO. 39:**

All Documents produced in connection with any other action against

Redwire concerning the subject matter of this Action, or Redwire's accounting,

internal controls, "tone at the top," and financial reporting practices, including

any deposition transcripts, written discovery, or related Correspondence.

> **RESPONSE: Defendants object to Request 39 as overly broad
> and disproportionate to the needs of the case, as the Request
> seeks all such documents without any connection or tailoring to
> the allegations of this case. Fed. R. Civ. P. 34(b)(1) (a request for
> production must "describe with reasonable particularity each
> item or category of items to be inspected.").**
>
> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are not
> withholding documents pursuant to the objections above, but
> reserve the right to rely on the objections stated herein if
> Defendants later learn of the existence responsive documents.**

**I.    Documents Related to Redwire's Public Statements During the
Class Period**

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning any Company statements alleged in the

Complaint made by Redwire or any of its representatives, including statements

alleged in ¶¶ 19-24, 37, 43, 46 – 68, 70, 72, 74, 75, 77-81 and fn. 4–26 of the

Complaint.

> **RESPONSE: Defendants object to Request 40 as facially
> overbroad and unduly burdensome in that it seeks "all
> documents concerning" a variety of statements identified in
> numerous paragraphs of the First Amended Complaint, without**

specification. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground.").

This Request is also cumulative of Request 3–4, 8–11, 14–26, 29–30, and 34–37 (and potentially others) which relate to the same paragraphs of the Amended Complaint and/or same subject matters thereof. Defendants hereby incorporate their responses and objections to Request 3–4, 8–11, 14–26, 29–30, and 34–37, in response to this Request 40. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms utilized in connection with Request 3–4, 8–11, 14–26, 29–30, and 34–37, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning the Executive Defendants' role and involvement in the drafting, review, certification, or publication of Redwire's press releases, investor presentations, and filings with the SEC during the Class Period.

RESPONSE: Defendants object to Request 41 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the Executive Defendants' role and involvement with the above-referenced materials. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly

53

burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).

As limited by the foregoing objections, pursuant to Middle District of Florida Civil Discovery Handbook, § III(A)(6)–(7), Defendants agree to collect documents responsive to search terms for specified custodians and produce non-privileged documents identified as responsive after review on a rolling basis, commencing on August 18, 2023 and completing by November 13, 2023. To the extent that this Request seeks documents beyond those potentially captured by Defendants' search terms, Defendants object that the Request is not proportional to the needs of the case and unduly burdensome. Defendants also object to the production of responsive documents collected by search terms that may be covered by the attorney-client privilege or work-product privilege/immunity.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents concerning the Executive Defendants' preparation for or participation in quarterly and annual earnings calls during the Class Period, including preparation, review, or approval of scripts used for those calls.

RESPONSE: Defendants object to Request 42 on the basis of relevancy and proportionality. Fed. R. Civ. P. 26(b)(1). None of the statements alleged to be false or misleading in the Amended Complaint were made on quarterly or annual earnings calls. Moreover, none of the alleged false or misleading statements are related to the subject matter of any earnings calls, and the Amended Complaint does not plead any such connection.

54

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are not withholding documents pursuant to the objections above.**

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning Redwire's preparation, certification, and issuing or filing of the Class Period press releases, investor presentations, or SEC reports or forms.

> **RESPONSE: Defendants object to Request 43 as facially overbroad and unduly burdensome in that it seeks "all documents concerning" the referenced subject matter. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D. Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Further, the Request is overbroad because it is not limited to the particular documents and statements at issue in the Amended Complaint. Fed. R. Civ. P. 26(b)(1).**

> **Additionally, much of this Request is duplicative of the more specific document requests set forth in Requests 14 through 26 above, and thus, Defendants incorporate their responses and objections to Requests 14 through 26 as though fully stated herein.  To the extent that Request could potentially be construed as seeking other documents, Defendants object that the request is vague in that Defendants are not able to determine the scope of the additional documents sought, and Defendants object that any additional documents beyond those Defendants have agreed to produce in response to Requests 14 through 26 are nor proportional to the needs of the case.**

> **Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants are withholding documents pursuant to the objections above only to the extent that search terms fail to collect a document for review, but Defendants are not withholding known responsive documents.**

**RESPONSE: Defendants agree to collect and produce the insurance policies responsive to this Request.**

Dated: July 20, 2023.

/s/ Christian M. Leger
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**H. TIMOTHY GILLIS, ESQ.**
Florida Bar No. 0133876
tgillis@shutts.com
**JEFFREY S. YORK, ESQ.**
Flroida Bar No. 987069
jyork@shutts.com
**SHUTTS & BOWEN LLP**
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Telephone: (904) 899-9926

*Attorneys for Defendants*

70

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of July, 2023, a true and correct copy of the foregoing has been served via electronic mail to the following CM/ECF Participants and via U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000
Facsimile: 510-725-3001
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594

*Lead Counsel for Lead Plaintiff Jared Thompson*

and
Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Jared Thompson*
and
David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485

*Liaison Counsel for Lead Plaintiff Jared Thompson*

/s/ Christian M. Leger
**ALFRED J. BENNINGTON, JR., ESQ.**

SBDOCS 305251 3

71