**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT AND MOTION FOR CLASS CERTIFICATION TO ADD ANTHONY CUETER AS ADDITIONAL CLASS REPRESENTATIVE** |

Lead Plaintiff Jared Thompson ("LP") moves for leave to amend the First Amended Complaint (ECF No. 47) (the "Complaint") to add Anthony Cueter as additional class representative under Federal Rule of Civil Procedure 15(a)(2) and 15(c)(1), and to supplement his motion for class certification only to include an additional class representative, as justice so requires. Further, good cause exists to modify the scheduling order to allow for such amendment and addition of Mr. Cueter as a class representative. Alternatively, the Court should exercise its own power under Federal Rule of Civil Procedure 23(d)(B)(iii) to permit Mr. Cueter to "come into this action" to "protect class members."

Mr. Cueter's PSLRA certification, listing all of his trades during the Class Period, and his declaration in support of his appointment, showing he still holds

- 1 -

those shares and detailing his qualifications, are attached to the Declaration of Reed R. Kathrein in support of this motion as Exhibits A and B respectively.

## I.    THE STANDARD FOR GRANTING LEAVE TO AMEND

"[T]he grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If a party seeks to amend after a responsive pleading has been filed, Federal Rule of Civil Procedure 15(a) requires that the party obtain consent or leave of the court, but directs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Eleventh Circuit has a strong preference for allowing amendments, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), and a court should only deny motions to amend where it finds undue delay, bad faith, undue prejudice, or futility. *Foman*, 371 U.S. at 182. "In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. at 182); *see also In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "[U]nless there is a substantial reason to deny

leave to amend, the discretion of the district court is not broad enough to permit denial." *Weaver*, 169 F.3d at 1319 (citation omitted). A scheduling order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4). Moreover, Federal Rule of Civil Procedure 23(d)(B)(iii) provides for such amendment regardless of Rule 16's "more exacting standard," which was added to address "the question of the measures that might be taken during the course of the action to assure procedural fairness, particularly giving notice to members of the class, which may in turn be related in some instances to the extension of the judgment to the class." Fed. R. Civ. P. 23 Advisory Committee Notes to 1966 and 2007 amendments.

Courts commonly grant leave to add an additional or new class representative under similar circumstances to protect the class. *See Mills v. Gen. Dynamics Info. Tech., Inc.*, 2018 WL 6321588, at *2-3 (M.D. Fla. Dec. 3, 2018) (substituting class representatives under Rule 15(a) prior to conditional certification, based on the facts of the case and in the discretion of the trial court); *Morris v. Walmart Inc.*, 2022 WL 19828970, at *2 (N.D. Ala. Aug. 19, 2022) (granting motion for leave to amend complaint and substitute new plaintiff where in addition to other factors, the court devoted countless hours to motions to dismiss, a number of hearings, and the motion for class certification, which on denying leave to amend would result in a material waste of resources on part of the parties and the court); *Sullivan v. Gov't Emps. Ins.*

- 3 -

*Co.*, 2018 WL 6267352, at \*4 (M.D. Fla. Nov. 30, 2018) (granting motion to amend to add/substitute a named plaintiff for class certification under both Rules 15 and 16). *Vision Constr. Ent Inc v. Argos Ready Mix LLC*, 2020 WL 6749040, at \*3 (N.D. Fla. May 20, 2020) (same); *compare In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020) (affirming lower court granting leave to amend complaint to add an additional class representative and noting "[t]he new representative may be able to help resolve or avoid problems with another class representative or may enable certification of a modified class or subclasses").

## II.    BACKGROUND FACTS

LP moved to be appointed lead plaintiff in February 2022. ECF No. 24. Attached to his motion was a chart showing each of his purchases and sales showing that he bought all of his Redwire shares on October 25, 2021 and sold all of his shares on December 30, 2021, after the November 2021 disclosures of a whistleblower complaint relating to accounting issues, the self-reporting of the complaint to the SEC, the inability to file their financial disclosures, and the institution of an Audit Committee investigation. ECF No. 24-3; ECF No. 47, ¶¶ 70-73. The loss analysis showed that the LP did not wait for the final results of the Audit Committee investigation to exit his position in Redwire, having sustained a loss of $105,315.88. ECF No. 24-3. LP was appointed on April 4, 2022, just days after the

Audit Committee results were announced. ECF No. 43; ECF No. 47, ¶¶ 75-80. LP filed the Amended Complaint on June 17, 2022. ECF No. 47.

Knowing when LP sold his shares since the LP motions were filed, Defendants moved to dismiss the LP's Amended Complaint in August 2022. ECF No. 48. While Defendants' motion argued that LP failed to identify a material misstatement or omission, and failed to plead a strong inference of scienter, Defendants did not argue that LP's claims failed to state a cause of action for failure to plead loss causation. *Id.* Nor was loss causation argued in their reply. ECF No. 60. On March 22, 2023, the Court denied Defendants' motion to dismiss. ECF No. 62. Setting forth the six elements of a securities fraud claim under Section 10(b) through Rule 10b-5, the Court noted that Defendants only challenged the first two— a material misrepresentation or omission and scienter. *Id.* at 5.

On April 21, 2023, Defendants filed their answer. ECF No. 68. While they generally denied the Complaint's allegations of loss causation and materialization of the risk, out of the sixteen affirmative defenses, not one relates to loss causation. ECF No. 68 at 24-28. To the contrary, the Sixteenth Affirmative Defense alleges LP "failed to mitigate any damages asserted in the FAC and the damages claimed are barred by the doctrine of avoidable consequences." *Id.* at 28. Generally, this argument would mean Class Members should have sold as soon as they caught wind of potential wrongdoing, which is just what LP did here. This affirmative defense is

the opposite of claiming no loss causation and is a merits issue. Similarly, the Twelfth Affirmative Defense merely states that LP's "alleged damages, if any, were not caused by any alleged statements or omissions identified in the FAC, but were caused by third parties or other independent market forces or disclosures related to financial performance unrelated to the 'tone at the top' allegations set forth in the FAC." *Id.* at 27. This affirmative defense merely argues that Redwire's financial performance was the real cause of the drop, and is a merits issue.

Defendants never raised any issue against LP for his failure to state a cause of action for lack of loss causation as to himself until now. Importantly, the case relied upon by Defendants in their sur-reply, *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220 (11th Cir. 2023), was published in June 2023. Thus, in fairness, Defendants should have raised this case/issue well before parties negotiated and stipulated to the October 6, 2023, deadline for amendment or joinder of parties under the August 8, 2023 Case Management and Scheduling Order. *See* ECF No. 82.

Now, well over a year of discovery has taken place, with multiple motions, and hundreds of thousands of dollars likely spent in costs. The Court has also spent countless hours resolving disputes. Discovery is not closed, filing of dispositive motions is not due until April 18, 2025, and trial is not set until January 20, 2026. *See* ECF No. 158.

### III.    JUSTICE REQUIRES AMENDMENT, AND GOOD CAUSE AND PROCEDURAL FAIRNESS EXISTS FOR THE COURT TO GRANT LEAVE TO ADD AN ADDITIONAL CLASS REPRESENTATIVE

This motion is being brought in good faith to address a potential issue just raised and is not a dilatory tactic. There have been no previous amendments since the appointment of LP, and this is LP's first request. As shown above, denying leave to amend would result in an inefficient and material waste of judicial resources, not just those of the parties. As shown below, denial of leave to amend would be prejudicial to putative class members. On the other hand, granting leave to amend would not prejudice Defendants.

The motion is timely, and not allowing LP to amend to remedy any perceived pleading defect would be prejudicial and procedurally unfair to members of the class. This motion is being filed promptly after *MacPhee* was raised by the Defendants. If raised earlier, LP could have added an additional representative plaintiff well within the deadline to amend or join parties. Moreover, in the meantime, the two-year statute of limitations has run (either October 2023 or March/April 2024). Not allowing amendment would possibly deny class members the economy of a class action by virtue of the statute of limitations. China Agritech v. Michael H. Resh, 584 U.S. 732, 735–36 (2018) (denying *American Pipe* tolling to successive class action filed after the statute of limitations). Because of the cost of litigation, individual actions would be prohibitive. Adding Mr. Cueter as a class

representative would avoid such potential prejudice by preserving claims that might otherwise be lost due to statute of limitations issues and would ensure continuous and adequate representation for the class.

Defendants, on the other hand, have suffered no prejudice. Indeed, any prejudice is of their own making by waiting so long to raise this issue.

Rather, the addition of Mr. Cueter does not change the nature of the claims or allegations. Nor is it uncommon in class actions to have more than one class representative, so no inappropriate additional burden exists on Defendants. Moreover, no new discovery would be required beyond what is already planned, beyond that of Mr. Cueter. Discovery of Mr. Cueter can also proceed on an expedited basis. LP has informed Defendants that Mr. Cueter is readily available for deposition either by Zoom or in person in New York and will produce the same documents requested by Defendants of LP without any further discovery requests.

The case schedule would not be significantly impacted, if at all. Several discovery disputes are currently before the Court, and one set of disputes was resolved on August 21, 2024, requiring further meet and confers and production. ECF Nos. 174, 176-178. This Court has just greenlighted the 30(b)(6) deposition of Redwire, and the New York court has just denied PricewaterhouseCooper's LLP's motion to quash its deposition based on Defendants' objections. *See* ECF No. 174; Order (ECF No. 9) at 6, *Lemen v. Redwire Corp., et al.,* Case No. 1-24-MC-02000

(ENV) (E.D.N.Y). These delays and discovery disputes are likely to impact the current Case Management Order further. *See* ECF No. 158. In any event discovery is not closed, filing of dispositive motions is not due until April 18, 2025, and trial is not set until January 20, 2026. *See id.*

Adding Mr. Cueter would remedy any perceived defect in LP's typicality raised by Defendants under *MacPhee* and strengthen the case for class certification. Mr. Cueter bought before the November 2021 disclosures and held after the March/April 2022 disclosures, making his claims typical to the class and not introducing new issues into the case. Kathrein Decl. at Ex. B, ¶ 3. Mr. Cueter is a retired IRS agent of 39 years, has a bachelors's degree from Baruch College, and has managed his own investments for more than 25 years. *Id.*, ¶ 2. As such, his experience in accounting is relevant to his understanding of the accounting issues in this case. He has discussed this case with counsel and LP, brought himself up to speed and is motivated to represent the class to ensure a maximum recovery. *Id.*, ¶¶ 4-9. He understands his duties as a class representative, is aware of no conflicts or unique defenses, and supports the appointment of Steve Berman, Reed Kathrein, and Lucas Gilmore of Hagens Berman Sobol Shapiro LLP as Class Counsel and The Schall Law Firm as additional counsel. *Id.*, ¶¶ 10-14.

## IV.    CONCLUSION

For each of the above reasons, LP respectfully requests the Court grant leave to amend the Complaint to add Anthony Cueter as additional class representative and to supplement his motion for class certification only to include an additional class representative.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for Lead Plaintiff conferred with Defendants' counsel on September 3, 2024 via telephone conference regarding the relief requested in this Motion and Defendants' counsel indicated they do not agree with the relief sought.

Dated:  September 4, 2024

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Respectfully submitted,

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*
**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*