# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>　　Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><br>CLASS ACTION |

## DEFENDANTS' FIRST AMENDED RESPONSE TO LEAD PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Defendants, REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ (collectively, "Defendants") by and through undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby provide amended responses to Request for Production No. 38 of Lead Plaintiff Jared Thompson's First Request for Production.

Defendants incorporate, as if stated herein, any general objection previously asserted in Defendants' July 20, 2023 *Response to Lead Plaintiffs' First Set of Requests for Production of Documents to All Defendants.*

Exhibit 6

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning any investigation, whether informal or formal, by any government or administrative agency, concerning Redwire's accounting, internal controls, "tone at the top," and financial reporting practices, including without limitation:

      a.    the Documents produced in connection with any such investigation;

      b.    the notes, transcripts, recordings, or other records of any interviews, questioning or examinations of former or current Redwire Employees or Board Members performed in connection with any such investigation;

      c.    the written discovery, including requests for production, subpoenas, interrogatories, requests for admission submitted in connection with any such investigation; and

      d.    the Communications concerning any such investigation.

**AMENDED RESPONSE:**

**Defendants object to this Request as facially overbroad and unduly burdensome in that it seeks "all documents concerning" any investigation by a governmental or administrative agency. *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at \*19 (M.D. Fla. Mar. 24, 2021) (repeatedly finding requests for "all documents concerning . . ." to be facially overbroad and unduly burdensome); *Link v. Corcoran*, No. 4:21CV271-MW/MAF, 2022 WL 1614834, at \*2 (N.D.Fla. Apr. 20, 2022) ("While Plaintiffs' requests seek relevant materials, 'all documents' covers far too much ground."). Additionally, none of the allegations of the First Amended Complaint relate to such an**

2

investigation, and thus, the documents responsive to this request would be neither relevant nor proportional to the needs of the case.

As previously disclosed in this litigation and in public filings, Redwire, through its outside counsel, Kirkland & Ellis, LLP, notified the U.S. Securities and Exchange Commission (the "SEC") of Redwire's receipt of a letter written by a then-employee referencing potential accounting issues (the "Self-Report"). Contemporaneous to the Self-Report, Redwire's Audit Committee retained independent legal counsel, King & Spaulding, LLP, assisted by an independent accounting firm, KPMG, LLP, to perform an investigation related to the issues raised in the letter. King & Spaulding presented the results of the audit committee investigation and their conclusions to the SEC. Materials relied upon for those conclusions were also provided to the SEC. In connection with the aforementioned Self-Report and presentations, the SEC generated an investigation number. As drafted, Defendants understand this Request to seek affirmative investigative materials; however, Defendants have no knowledge of any affirmative investigative acts taken by the SEC attendant to the issues raised by the Self-Report or the former employee's letter.

To the extent this Request seeks records related to the Self-Report, Defendants have provided such materials through the prior production of presentation slides, documents referenced therein, and email communications between counsel and the SEC. To the extent any other documents may exist in regard to the Self-Report, Defendants state that such documents are irrelevant and disproportionate to the needs of the case as previously objected, and are likely protected by the attorney-client communication privilege and/or the attorney work-product doctrine. After reasonable inquiry and due diligence, and subject to any objections stated herein, Defendants have produced all known documents related to the Self-Report to Lead Plaintiff or otherwise placed such records on a privilege log. Defendants are not otherwise withholding any known documents related to the Self-Report and related interactions with the SEC.

To the extent this Request otherwise seeks records related to any investigation initiated by a governmental or administrative agency relating to the topics listed in this Request, Defendants have no knowledge of any such investigation and are, accordingly, not withholding any documents.

Defendants reserve the right to rely on the objections stated herein if Defendants later learn of the existence other responsive documents.

Dated: August 28, 2024

/s/ *Glennys Ortega Rubin*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No.: 1010706
belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

and

**FRANK A. ZACHERL, ESQ.**
Florida Bar No. 868094
fzacherl@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2024, a true and correct copy of the foregoing has been served via electronic mail to the following CM/ECF Participants and via U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

Reed R. Kathrein, Esq. *(Pro Hac Vice)*
reed@hbsslaw.com
Lucas E. Gilmore, Esq. *(Pro Hac Vice)*
lucasg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510-725-3000
Facsimile: 510-725-3001
and
Steve W. Berman, Esq. *(Pro Hac Vice)*
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
and
Peter A. Shaeffer, Esq. *(Pro Hac Vice)*
PeterSh@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
455 North Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
Telephone: 708-628-4955
*Lead Counsel for Lead Plaintiff Jared Thompson*

and
Brian Schall, Esq. (pro hac vice forthcoming)
brian@schallfirm.com
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
*Additional Counsel for Lead Plaintiff Jared Thompson*
and
David M. Buckner, Esq.
david@bucknermiles.com
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
*Liaison Counsel for Lead Plaintiff Jared Thompson*

/s/ Glennys Ortega Rubin
**GLENNYS ORTEGA RUBIN, ESQ.**

SBDOCS 371079 6

5