**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>    Defendants. | Case No.: 3:21-CV-1254-TJC-PDB<br><u>CLASS ACTION</u><br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF JARED THOMPSON'S MOTION TO SEAL UNDER LOCAL RULE 1.11(b) [DOC. 175]** |

Defendants, REDWIRE CORPORATION ("Redwire"), PETER CANNITO, and WILLIAM READ (collectively the "Defendants"), pursuant to M.D. Fla. L.R. 1.11(c) and Section 12.3 of the Parties' *Stipulation Establishing the Protocol for Disclosure of Protected Material Produced in Discovery* ("Discovery Stipulation") submit this memorandum in support of Lead Plaintiff Jared Thompson's ("LP") *Motion to Seal Under Local Rule 1.11(b)* dated August 23, 2024 (Doc. 175) ("Motion to Seal").

<u>Introduction</u>

On August 23, 2024 LP moved to file, under seal a variety of discovery motions and records offered in support thereof. Specifically, such motions (the "Motions") include:

- *Lead Plaintiff Jared Thompson's Motion for Determination of Privilege and Motion to Compel Production of Waived Privileged Materials* [Doc. 176];

- *Lead Plaintiff Jared Thompson's Renewed Motion to Compel Production of Alleged Work Product (Substantial Need)* [Doc. 177]; and

- *Lead Plaintiff Jared Thompson's Motion for Sanctions* [Doc. 178].

As Defendants are interested in establishing the requested seal, Defendants present this memorandum in support of the Motion to Seal and ask that the Court find good cause for the referenced documents to be sealed.

## I.    Items Proposed for Sealing.

Lead Plaintiff seeks, and Defendants support, the request for an Order directing that the following be filed under seal:

a. an unredacted copy of above-referenced Motions (Exhibits A-C to the Motion to Seal);

b. an unredacted copy of the *Omnibus Declaration of Reed R. Kathrein* offered in support of the Motions (the "Attorney Declaration") (Exhibit D to the Motion to Seal);

c. Copies of the following exhibits to the Attorney Declaration

   i.    Exhibit E: Parties search term proposals and counterproposals;

   ii.   Exhibit F: March 29, 2024 email in regard to search terms;

   iii.  Exhibit G: Transcript of deposition of Daniel Gievers;

2

  iv.  Exhibit H: February 2, 2022 Presentation;

  v.  Exhibit I: June 7, 2022 Presentation;

  vi.  Exhibit J: June 8, 2022 Correspondence from King & Spalding, LLP;

  vii.  Exhibit K: June 8, 2022 Email Correspondence; and

  viii.  Exhibit L: July 5, 2022 Email Correspondence

(attached as Exhibit E through L to the Motion to Seal).

## II. Basis for Sealing

There is good cause to seal the documents referenced above.

**First**, Exhibit[1] E is a list of document search term proposals and counter-proposals exchanged between counsel in this matter in an effort to identify documents subject to a supplemental document review with reference to the number of responsive documents attributable to each proposed search term. Exhibit F is email correspondence between counsel in this litigation in regard to the search protocols referenced in Exhibit E. The search terms (Exhibit E) reveal the parties' attempts to craft search terms related to the maters at-issue in this case including attorney-led investigations. Disclosure of the terms would permit the public to understand the types of issues such attorney-led process considered and thus disclose

---

[1] As used in this section, referenced exhibit letters here correspond to the exhibits letters referenced and attached to the Motion to Seal.

protected attorney mental impressions. The email at Exhibit F reveals the ESI capacities of undersigned law firm which constitutes private and proprietary business information of the law firm.

**Second**, Exhibit G is the deposition transcript of Gievers, a former Redwire employee serving in an accounting role. The entire deposition is full of private and proprietary business information, to-wit: Gievers' stated account of Redwire's internal business operations from his focus as an accountant in the company.

**Third**, Exhibits H and I are presentations delivered by Redwire's counsel to the U.S. Securities and Exchange Commission ("SEC") on the identified dates ("Presentations"). The Presentations contain a variety of private and proprietary business information including corporate oversight practices, accounting practices, replication of internal accounting documents, and revenue information, along with the processes and conclusions of external investigation conduct at direction of the company's Audit Committee.

**Fourth**, Exhibit J is correspondence from external counsel King & Spalding, LLP to the SEC discussing the presentations referenced in the aforementioned paragraph. The correspondence states that such counsel sought confidential treatment of the letter pursuant to the Freedom of Information Act.

**Fifth**, Exhibits K and L are correspondence between external counsel and individuals at the SEC in regard to Redwire's self-report of certain allegations to the SEC. Such correspondence reveals the manner in which external counsel addressed such self-report with such governmental agency.

**Finally**, Exhibit A through D are unredacted copies of LP's Motions and accompanying Attorney Declaration. These documents reference and discuss the aforementioned records. Thus, to the extent that the Court seals the above-referenced materials, these should also be filed under seal.

This Court has broad discretion to "determine which portions of the record should be placed under seal" and that discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files"); *United States v. Lee Mem'l Health Sys.*, No. 2:14-CV-437-FTM-38CM, 2018 WL 5014534, at \*2 (M.D. Fla. Oct. 16, 2018) ("District courts have broad discretion in interpreting and applying their local rules").

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at

*1 (M.D. Fla. Oct. 31, 2013); *See also, Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007)    (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1313 (11th Cir. 2001)). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Teledyne Instruments, Inc.,* 2013 WL 5874584, at *1; *See also, Romero,* 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Teledyne Instruments, Inc.,* 2013 WL 5874584, at *1; *See also, Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994); *See also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1181 (9th Cir.2006).

Here, the documents proposed for seal include sensitive information about Redwire's business and internal operations and the capabilities of external counsel along with its handling of a self-reporting to the SEC. Exposing, such documentation to the public (not under seal) would injure Redwire and external counsel by allowing an open look into their business

and internal operations and processes by all competitors and other non-aligned parties.

Filing the documents under seal will not impair the functions of this Court, but would enable the Court to fulsomely consider Lead Plaintiff's Motions—and Defendants' responses thereto—without harming the asserted privacy interests of any party.

Moreover, none of the other relevant considerations suggest that the referenced materials should be publicly filed. There is no question as to the reliability of the information, sealing does not implicate any party's ability to respond to the information, and the information does not concern public officials or public concerns.

Finally, as discussed above, a less onerous means to sealing the aforementioned documents does not exist.

Accordingly, there is good cause to seal the documents.

WHEREFORE, Defendants respectfully request that this Court grant Lead Plaintiff' s Motion to Seal [Doc. 175] and for such other and further relief as is just and proper.

Dated: September 6, 2024.     Respectfully submitted,

| | |
|---|---|
| */s/ Glennys Ortega Rubin* | **FRANK A. ZACHERL, ESQ.** |
| **ALFRED J. BENNINGTON, JR., ESQ.** | Florida Bar No. 868094 |
| Florida Bar No. 0404985 | fzacherl@shutts.com |
| bbennington@shutts.com | **SHUTTS & BOWEN LLP** |
| **GLENNYS ORTEGA RUBIN, ESQ.** | 300 South Orange Avenue, |

Florida Bar No. 556361
grubin@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No.: 1010706
belliott@shutts.com

Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6757
Facsimile: (407) 425-8316
*Attorneys for Defendants*

SBDOCS 372411 3

8