**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| JED LEMEN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:21-CV-1254-TJC-PDB |
| Plaintiffs, | CLASS ACTION |
| v. | DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS TO LEAD PLAINTIFF'S THIRD-PARTY SUBPOENA DIRECTED TO PWC |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

Defendants, Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire"), Peter Cannito, and William Read (collectively, "Defendants") move, for good cause shown, for the entry of a protective order as to Lead Plaintiff Jared Thompson's ("LP") *Notice of Videotaped Deposition to PricewaterhouseCoopers LLP*, dated March 25, 2024 and served pursuant to Fed. R. Civ. P. 45 (**Exhibit 1**) (the "Subpoena"). The Court should preclude LP from examination of non-party subpoena recipient, PricewaterhouseCoopers, LLP ("PwC"), on certain noticed topics, as detailed herein that (a) the Court has already determined are protected by privilege, and/or (b) that are irrelevant to this case. Thus, Defendants are not seeking to preclude the deposition of PwC in its entirety, but rather, are seeking guardrails from this

1

Court through a protective order as to the subject-matters on which LP may not inquire in light of the Court's recent privilege order and relevance to this case. In support, Defendants states:

## I.  BACKGROUND

LP has sought discovery from non-party PwC throughout this case. Through the Subpoena, LP seeks information related to an investigation conducted by attorneys at King & Spalding LLP ("K&S"), as assisted by KPMG, at the direction of Redwire's Audit Committee surrounding allegations of potential accounting issues at a business subunit (the "AC Investigation"). *See* Ex. 1. Yet, certain topics in the Subpoena contradict the Court's prior ruling that denied LP documents from PwC based on application of the attorney work-product doctrine.

On September 1, 2023, LP served on PwC a subpoena for the production of documents in this matter (the "First PwC Subpoena"). In response, PwC produced documents to LP. As part of the September 1 production, PwC inadvertently produced a document that contained privileged attorney work-product information related to the AC Investigation. Pursuant to agreement amongst the parties, Defendants "clawed back" the record and it was returned to PwC or deleted. Thereafter, LP sought judicial determination of whether such record was in-fact protected work-product through its *Rule 26(B)(6)(B) Motion for Determination of Privilege* (Doc. 91). Following a lengthy and

substantive hearing, the Court ruled that relevant portions of the document in question were protected by the attorney work-product doctrine.  Doc. 174, pp. 2-4 (the "WP Order").  Importantly, the Court found that "the investigatory work of King & Spalding and KPMG, hired by Redwire's Audit Committee in anticipation of an SEC enforcement action or other litigation potentially triggered by Dan Gievers's allegations," is protected work product. *Id.*, p. 3. The Court reached such conclusion notwithstanding disclosure of the information within the document to PwC. *Id*.

Prior to the WP Order, LP also served the instant Subpoena for deposition testimony. In response, Defendants served written objections to the topics therein. **Exhibit 2** (the "Objection Letter"). LP has not moved to compel testimony on the noticed topics. Given, however, that the Subpoena seeks information related to the AC Investigation, <u>*PwC*</u> filed a *Motion to Quash and for Protective Order* ("PwC Motion") as to the Subpoena in the United States District Court for the Eastern District of New York, as the court where compliance is required. *See* **Exhibit 3**. Because of the privileged matters implicated in the Subpoena, the PwC Motion sought to postpone the deposition until certain pending motions in this case were resolved. *Id.*, p. 8 ("PwC does not seek to avoid the deposition, but instead only to defer the deposition until certain pending privilege disputes between the parties are resolved in the Class Action.").

The Eastern District of New York Court denied the PwC Motion, explaining that the underlying privilege matters were not within its control and outside its purview. **Exhibit 4**, p. 4 ("[N]either resolution of the underlying privilege issues, nor control over the deadline for the close of discovery, fall within the Court's control. Given these considerations there is an obvious handicap to a more fulsome resolution of these issues in this forum.").

Following the WP Order, LP recently filed a series of motions seeking yet further determination that materials related to the AC Investigation are discoverable. Doc. Nos. 176-77 (collectively, the "New Motions"). These New Motions give passing reference to the WP Order, but effectively seek a reconsideration of the Court's determination that the AC Investigation information is protected work-product, or a finding that LP should otherwise be permitted access to such protected information. *See id.* These Motions are outstanding.

In the wake of the decision by the New York court, LP has advised his intent to re-schedule the subject Subpoena, without any modification to the topics for examination in the Subpoena originally served (prior to the WP Order). **Exhibit 5**.

As it now stands, the Court has determined that information related to the AC Investigation is protected attorney work-product. Doc. 174, p. 3. Thus, LP seeks to depose PwC on information that the Court has already determined

4

to be privileged. The Subpoena also seeks irrelevant information. The Court should not permit such inquiry and should enter a protective order.

## II.    <u>**PROTECTIVE ORDER STANDARD**</u>

Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order upon a showing of good cause.  Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).  "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) *quoting U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).  An order under Rule 26(c) may, among other forms of relief, "forbid[] the disclosure or discovery;…specify[] terms, including time and place or the allocation of expenses, for the disclosure or discovery;" or "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters…" Fed. R. Civ. P. 26(c)(1)(A)-(H).

A party has standing to challenge a non-party subpoena if "the party alleges a 'personal right or privilege' with respect to the subpoena[]." *Auto-*

5

*Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted).

Moreover, parties to a lawsuit "clearly have standing to move for a protective order if the subpoenas seek irrelevant information." *Auto-Owners Ins. Co.*, 231 F.R.D. at 429; *see also Skyline Steel, LLC v. J.D. Fields & Co., Inc.*, 2015 WL 13358183, *2 (M.D. Fla. Nov. 24, 2015) (stating that "Federal Rule of Civil Procedure 26 gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant, overbroad or can be obtained through another source in a more convenient, less burdensome or less expensive way."); *Cornett v. Lender Processing Servs., Inc.*, 2012 WL 5305990, *1 (M.D. Fla. Oct. 29, 2012) (stating that "Plaintiff…has standing to move for a protective order if the subpoenas seek irrelevant information."); *Nathai v. Fla. Detroit Diesel-Allison, Inc.*, 2009 WL 2424570, *1 (M.D. Fla. Aug. 5, 2009) (finding that despite "Movant's lack of standing in regard to its request to quash, it may move for a protective order if the subpoena seeks irrelevant information.").

## III.  **ARGUMENT**

Good cause exists for entry of the requested protective order.

The Subpoena seeks corporate representative testimony from PwC in regard to PwC's work as Redwire's external auditor. *See* Ex. 1.  Included in the topics for testimony is PwC's review of the protected work product of the AC

6

Investigation. *See id.*, pp. 16-18. The Subpoena also seeks testimony on information that is irrelevant to this matter.

Defendants seek the Court's protection to prevent LP from engaging in such impermissible third-party discovery.

### A.      The Subpoena is Subject to Fed. R. Civ. P. 26(b)

As a threshold matter, the Subpoena is subject to the general requirements for all discovery. *See Kwalwasser v. New York Life Ins. Co.*, 2007 WL 9723881, *1 (M.D. Fla. Jun. 14, 2007).

A subpoena under Fed. R. Civ. P. 45 must comply with the basic rules of discovery. "[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Kwalwasser*, 2007 WL 9723881 at *1; *see also United States v. Sand Lake Cancer Ctr.*, 2017 WL 10276863, *1 (M.D. Fla. May 18, 2017) (same). Rule 26(b) permits that "[p]arties may obtain discovery regarding any **nonprivileged** matter that is **relevant to any party's claim or defense** and **proportional to the needs of the case**…" (emphasis added). For purposes of Rule 26, relevancy "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Merlin Petroleum Co., Inc. v. Sarabia*, 2016 WL 9244728, *1 (M.D. Fla. Aug. 4, 2016) *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Accordingly, the Court "must examine whether [the] request[s] contained in" the Subpoenas are "overly

7

broad or seek[] irrelevant information under the same standards set forth in Rule 26(b)…" *See Kwalwasser*, 2007 WL 9723881 at *1.  For the reasons stated herein, the Subpoena seeks information beyond the scope of Rule 26(b).

## B.      The Subpoena Seeks Privileged Work Product

"[A] court may enter a protective order when it is necessary to … facilitate the preservation of material arguably worthy of protection." *Jackson v. United States*, No. 3:09-CV-26-J-34TEM, 2009 WL 2436577, at *3 (M.D. Fla. Aug. 6, 2009). The Court has determined that the investigatory work of the AC Investigation is protected by the attorney work product privilege. Doc. 174, p. 3. Defendants thus have standing to challenge the topics in the Subpoena that implicate Defendants' privilege. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

Topics 3-16 seek information relating to such protected work product. Thus, the Court should enter a protective order as to Topics 3-16, to the extent that they implicate the attorney work-product privilege.

As to Topics 3-8, while not directly aimed at the AC Investigation, these topics seek information relating to whether the AC Investigation was captured in PwC's audit of Redwire. Ex. 1, p. 16. As Defendants have explained, K&S and KPMG shared details of the AC Investigation with PwC in order to aid PwC in fulfilling its audit obligations. Doc. 105-1, ¶ 16. Topics 3-8 are in effect an attempt to circumvent prior Court order and gain protected AC Investigation work product through PwC's audit of Redwire. Specifically,

8

Topics 3-8 are tailored to PwC's audit as it relates to the "Subject Matter," which definition is directed at AC Investigation-related topics such as control deficiencies, internal controls, remediation needs and efforts, and "tone at the top."[1] Ex. 1, p. 16. PwC's testimony on such issues would likely be inextricably intertwined with protected work-product shared with PwC by the investigators. As to Topics 9-16, these topics directly seek information relating to the AC Investigation. *Id.*, p. 17 (Topics 9-16 under the heading "PwC's Role in Audit Committee Investigation of November 2021 Whistleblower Complaint"). The Court has already determined that this information is privileged. Doc. 174, p. 3.

A protective order should thus be issued to Topics 3-16 to the extent they seek information protected by the attorney work product privilege. To be clear, Defendants seek a protective order to the extent PwC's testimony as to these Topics would implicate privileged information that PwC gleaned from or was provided from the investigators. This Motion does not seek to preclude PwC's testimony to the extent PwC is able to testify as to these Topics without disclosing such privileged information, and subject to Defendants' relevancy objections below. Defendants recognize that finding such boundaries may require a back-and-forth during the deposition as to the source of PwC's

---

[1] These topics are identified in the Amended Complaint in discussing the publicly-disclosed results of the AC Investigation. Doc. 47, ¶¶ 75-78.

potential testimony, and generally do not object to such good-faith inquiry, subject to Defendants' privileges and objections stated herein. A protective order should be issued accordingly.

### C. The Subpoena Seeks Irrelevant Information

Several of the topics in the Subpoena seek irrelevant testimony, rendering questioning on these topics improper. The Court should preclude inquiry into such topics.

#### i. *PwC's Audit of Redwire*

PwC, as Redwire's external accountant, performed an audit of Redwire for the purpose of assisting with Redwire's statutorily-required reporting. Naturally, such a routine audit inherently touches on a wide-range of financial issues unrelated to the merits of this case. The filing of this case about alleged misstatements should not grant LP unfettered access into the privacy of Redwire's undisclosed financial information, which is not at issue. Moreover, the process by which PwC carried out its statutorily-required audit has no relevance. PwC is not a party to this litigation nor is its audit at issue in the Amended Complaint. *See generally* Doc. 47. Nor are the broad topics tailored to information related to the at-issue disclosures.

Accordingly, to the extent Topics 3-8 seek information relating to PwC's audit of Redwire as to subject matters not at issue in this case, such information is irrelevant. Ex. 1, p. 16. The Court should issue a protective order

as to these topics as they seek irrelevant information and act as a fishing expedition into non-party PwC's procedures and Redwire's finances.

### ii.   *Inquiry into Unnamed Senior Executives*

Topics 3-8 of the Subpoena also improperly seek information as to "the performance of Defendant Read, Defendant Cannito, **or other senior executives**." Ex. 1, p. 16 (emphasis added).  Such inquiry is both vague and outside the scope of this case. Defendants Read and Cannito are the only two individuals named in this lawsuit. The broad request for information as to "other senior executives" would require PwC to prepare to testify as to an unknown number of other individuals that are not party to this case and have no relevance to the Amended Complaint's allegations. PwC should not have to prepare and testify as to irrelevant "other senior executives."

### **LOCAL RULE 3.01(g) CONFERRAL**

Defendants conferred with counsel for LP in a good faith effort to resolve this Motion via videoconference on September 17, 2024. LP opposes the relief sought herein.

WHEREFORE, Defendants request that the Court (a) grant this Motion, (b) prevent LP from eliciting testimony sought in the Subpoena as described herein, and (c) grant any other relief that the Court deems just and proper.

Respectfully submitted,                    Dated: September 18, 2024.

*/s/ Glennys Ortega Rubin*                    **FRANK A. ZACHERL, ESQ.**
**ALFRED J. BENNINGTON, JR., ESQ.**    Florida Bar No. 868094
Florida Bar No. 0404985                    fzacherl@shutts.com
bbennington@shutts.com                    **SHUTTS & BOWEN LLP**
**GLENNYS ORTEGA RUBIN, ESQ.**    300 South Orange Avenue,
Florida Bar No. 556361                    Suite 1600
grubin@shutts.com                    Orlando, Florida 32801
**BENJAMIN F. ELLIOTT, ESQ.**    Telephone: (407) 835-6757
Florida Bar No.: 1010706                    Facsimile: (407) 425-8316
belliott@shutts.com                    *Attorneys for Defendants*