Reed Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email:  reed@hbsslaw.com
        lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jared Thompson*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>               v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>                                    Defendants | Case No. 3:21-cv-01254-TJC-PDB<br><br>**LEAD PLAINTIFF'S 30(b)(6) NOTICE OF VIDEOTAPED DEPOSITION TO PRICEWATERHOUSECOOPERS LLP**<br><br><u>CLASS ACTION</u> |

LEAD PLTFF'S 30(B)(6) NOTICE OF
VIDEOTAPED DEPOSITION
CASE NO. 3:21-CV-01254-TJC-PDB

Exhibit 1

PLEASE TAKE NOTICE that on March 25, 2024, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned counsel, will cause a Subpoena to Testify at a Deposition in a Civil Action to be served upon non-party PricewaterhouseCoopers LLP, a copy of which is attached.

DATED:  March 25, 2024                        **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
    Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (*pro hac vice* forthcoming)
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jared Thompson*

LEAD PLTFF'S 30(B)(6) NOTICE OF
VIDEOTAPED DEPOSITION                     -1-
Case No. 4:19-cv-07481-JST

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff
Jared Thompson*

LEAD PLTFF'S 30(B)(6) NOTICE OF
VIDEOTAPED DEPOSITION                    -2-
Case No. 4:19-cv-07481-JST

**CERTIFICATE OF SERVICE**

I, Reed R. Kathrein, hereby certify that on March 25, 2024, I caused a true and correct copy of the foregoing LEAD PLAINTIFF'S 30(b)(6) NOTICE OF VIDEOTAPED DEPOSITION TO PRICEWATERHOUSECOOPERS LLP to be served on counsel of record for Defendants in the above-captioned action via email to the electronic addresses for counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 25, 2024.

/s/ *Reed R. Kathrein*
Reed R. Kathrein

LEAD PLTFF'S 30(B)(6) NOTICE OF
VIDEOTAPED DEPOSITION                    -3-
Case No. 4:19-cv-07481-JST

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| JED LEMEN, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:21-cv-01254-TJC-PDB |
| REDWIRE CORPORATION, PETER CANNITO, and WILLIAM READ, | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:             PricewaterhouseCoopers LLP
c/o United Agent Group Inc. 600 Mamaroneck Avenue #400, Harrison, NY, 10528
*(Name of person to whom this subpoena is directed)*

❒  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Hagens Berman Sobol Shapiro LLP 68 3rd St. Suite 249 Brooklyn, NY 11231(or otherwise aggreed to by parties) | Date and Time: 04/16/2024 9:30 am |
|---|---|

The deposition will be recorded by this method:

❒  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/25/2024

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Reed R. Kathrein _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Plaintiffs____
_____ , who issues or requests this subpoena, are:

Reed R. Kathrein, 715 Hearst Ave. Suite 202, Berkeley, CA 94710, reed@hbsslaw.com, (510) 725-3000
Peter A. Shaeffer, 455 North Cityfront Plaza Dr. Suite 2410, Chicago, IL 60611, petersh@hbsslaw.com, (708) 628-4949

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:21-cv-01254-TJC-PDB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

This Subpoena pertains to a securities class action lawsuit now pending against Redwire Corporation f/k/a Genesis Park Acquisition Corp., Peter Cannito, and William Read in the Middle District of Florida (Case No. 3:21-cv-01254-TJC-PDB).

Pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned counsel, hereby requests to take the deposition of PricewaterhouseCoopers LLP ("PwC") on a date to be agreed upon by the Lead Plaintiff and PwC, and at a location mutually agreed upon by Lead Plaintiff and PwC.

Pursuant to Rule 30(b)(6), PwC must designate and produce one or more representatives, as may be required, who possess(es) the most knowledge to testify on PwC's behalf for each of the topics of examination identified below. Lead Plaintiff requests that PwC produce a copy of each designated representative's current curriculum vitae or resume at least two business days before the deposition.

The deposition(s) will be taken before a person authorized to by law to administer oaths, pursuant to Rule 28, and will proceed in accordance with the Federal Rules of Civil Procedure. The deposition(s) will be recorded by stenographic and audiovisual means and will continue from day to day until completed, excluding Saturdays, Sundays, and Court-recognized holidays.

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                   -1-
3:21-CV-01254-TJC-PDB

**Duty to Designate**

By designating a representative, PwC indicates its representative has authority to speak on its behalf on the matters listed in the notice – not only to facts, but also to subjective beliefs and opinions.[1]

**Duty to Substitute**

If it becomes clear that the chosen representative is unable to respond to questions on the matters listed in this notice for which he or she has been designated, PwC must immediately provide a substitute knowledgeable witness. This is required even if PwC's initial designation was made in good faith.[2]

**Duty to Prepare**

The testimony elicited in the deposition represents PwC's knowledge, not the individual deponent's knowledge. Pursuant to Rule 30(b)(6), PwC must conduct a thorough investigation in response to the deposition notice and must prepare a witness to testify to all maters "known or reasonably available to the organization." Therefore, if PwC's designee is not knowledgeable about the matters specified in

---

[1] *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).

[2] *Miller v. Johnson & Johnson*, 2014 WL 12617444, at *3 (M.D. Fla. July 14, 2014).

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY
3:21-CV-01254-TJC-PDB

-2-

the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.[3]

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain.[4] An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.[5]

## DEFINITIONS

1.    "Action" refers to the above-captioned action.

2.    "All," "any" or "each" shall each be construed as encompassing any and all.

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4.    "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means

---

[3] *Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, 2018 WL 11319090, at *2–3 (M.D. Fla. Dec. 28, 2018); *Hannah v. Armor Corr. Health Servs., Inc.*, 2020 WL 10692760, at *4 (M.D. Fla. June 30, 2020).

[4] *Hannah*, 2020 WL 10692760, at *4.

[5] *Dragon Jade Int'l, Ltd.*, 2018 WL 11319090, at *2-3.

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                      -3-
3:21-CV-01254-TJC-PDB

including, but not limited to, personal delivery, speech, writings, Documents (as defined herein), language (machine, foreign, or otherwise) of any kind, computer electronics or Electronically-Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind. The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, Correspondence (as defined herein), negotiations, agreements, presentations, understandings, meetings (as defined herein), notices, requests, responses, demands, complaints, press, publicity, or trade releases.

5.      "Complaint" refers to the First Amended Complaint filed on June 17, 2022 (ECF No. 47) in this Action. As used herein, the paragraph symbol (¶) followed by a specific number refers to the corresponding numbered paragraph of the Complaint and the allegation or information contained therein.

6.      "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

7.      "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, smartphone message, or any other writing containing a Communication from one person or persons to another person or persons.

8.      "Document" is intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, ESI, electronic or computerized data compilations; electronic file backup tapes; hard drives and images of hard drives; all drafts; Communications; Correspondence; memoranda; records; presentations; books; manuals; reports and summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes, transcripts and summaries of meetings (as defined herein) or conferences; records and reports of consultants; press releases; stenographic, handwritten, or any other notes; work papers; checks and check vouchers; check stubs and receipts; statements, scripts, questions and answers ("Q&A's"), transcripts of testimony, subpoenas and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. A draft or nonidentical copy of any Document is a separate Document within the meaning of this term.

9.      "Electronically-Stored Information" or "ESI" - Unless otherwise superseded in this case by an Order Governing the Use of Electronically-Stored Information, ESI is defined herein to include the following:

(a)     all items covered by Fed. R. Civ. P. 34(a)(1)(A);

(b)     information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

(c)     files, information, or data saved on backup tapes or hard drives;

(d)     internal or external web sites;

(e)     output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

(f)     activity listings of electronic mail receipts and transmittals; and any and all items stored on computer memories, hard disks, USB flash drives, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, iPads), hand-held wireless devices (*e.g.*, iPhones, Android, or BlackBerry smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                          -6-
3:21-CV-01254-TJC-PDB

10.    "Including" is used to emphasize the type of Document requested and does not limit the request in any way.

11.    "Person" or "persons" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

12.    "Redwire" refers to Redwire Corporation f/k/a Genesis Park Acquisition Corporation and any of its subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, including Old and New Redwire as referred to in the Complaint, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, members of the Audit Committee, accountants, attorneys, advisors, and all other persons and agents acting or purporting to act on its behalf.

13.    "Refer" or "Relate" or "Referring" or "Relating" means all Documents that explicitly or implicitly, in whole or in part, were received in conjunction with or were generated as a result of, the subject matter of the request, including, but not limited to, all Documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

14.    "You," "Your," "Yours," "PricewaterhouseCoopers," or "PwC" means PricewaterhouseCoopers LLP, and refers to the audit work performed for Redwire,

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                    -7-
3:21-CV-01254-TJC-PDB

including any subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, accountants, attorneys, advisors, and all other persons, contractors and agents acting or purporting to act on their behalf, individually or collectively.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period for these topics is January 1, 2020 to June 30, 2023.

## DESIGNATION OF TESTIMONY

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, PwC must designate and produce one or more representative to testify about information known or reasonably available to Redwire on the following topics:

### A. PwC's Engagement with Redwire.

1.   PwC's engagements with Redwire, including the nature and scope of PwC's audit responsibilities.

2.   The identity of all Persons from PwC involved in auditing and their roles.

**B. Findings and Results from PwC's Audit of Redwire.**

3.      The findings, and results from PwC's audit of Redwire relating to audit risks, misstatements, control deficiencies, internal controls over financial reporting, material audit adjustments, remediation needs and efforts, "tone at the top," or the performance of Defendant Read, Defendant Cannito, or other senior executives ("the Subject Matter").

4.      The identity of and process used in creating any drafts or finals of any audit plan presentations and reports to the Audit Committee sent to Redwire, including the December 8, 2021 presentation to the Audit Committee and the April 5, 2022 presentation to the Audit Committee relating to the Subject Matter.

5.      The identity of witnesses interviewed by PwC to reach the findings and results from PwC's audit relating to the Subject Matter.

6.      The identity, location and custodians of Documents reviewed by PwC with respect to its engagements, and specifically, PwC's audit concerning the Subject Matter.

7.       The identity, location and custodians of any other facts gathered and/or considered by PwC in reaching the findings and results from the audit of Redwire relating to the Subject Matter.

8.      The identification, location, and custodians of Communications concerning PwC's audit of Redwire relating to the Subject Matter.

**C. PwC's Role in Audit Committee Investigation of November 2021 Whistleblower Complaint.**

9.     PwC's engagement or role in the Audit Committee investigation of the November 2021 whistleblower complaint received by Redwire.

10.    The findings and results of PwC's "review of the investigation performed by K&S at the direction of the Audit Committee." *See* at PWC000133 at -145.

11.    The identity of Persons from PwC involved in PwC's "review" of the Audit Committee investigation.

12.    The identity of witnesses interviewed by PwC during PwC's "review" of the Audit Committee investigation.

13.    All facts gathered and/or considered during PwC's "review" of the Audit Committee investigation.

14.    The identity, location, and custodians of Documents and Communications relating to PwC's "review" of the Audit Committee investigation.

15.    Any sharing of information, documents, findings, and/or conclusions by King & Spalding LLP, Kirkland & Ellis LLP, and KPMG LLP during PwC's "review" of the Audit Committee investigation.

16.    The identity, location, and custodians of any Documents received from Redwire stating any part of your "review" of the Audit Committee investigation could not be used as part of your audit of Redwire.

DATED:  March 25, 2024                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
        Reed R. Kathrein (Fla. Bar. No. 262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: petersh@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

Brian Schall (admitted *pro hac vice*)

LEAD PLAINTIFF'S SUBPOENA TO THIRD PARTY (PWC) FOR 30(B)(6) TESTIMONY
3:21-CV-01254-TJC-PDB

-11-

THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*