

GLENNYS ORTEGA RUBIN
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida 32801
DIRECT (407) 835-6757
FAX    (407) 425-8316
EMAIL  grubin@shutts.com

April 30, 2024

**<u>VIA EMAIL</u>**

HAGENS BERMAN SOBOL SHAPIRO LLP

Reed Kathrein, Esq. (reed@hbsslaw.com)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Peter A. Shaeffer, Esq. (petersh@hbsslaw.com)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611

Re:    *Jed Lemen v. Redwire Corporation f/k/a Genesis Park Acquisition Corp., et al.,* Case
No.: 3:21-CV-1254-TJC-PDB

Subpoena to PricewaterhouseCoopers LLC

Dear Reed and Peter,

In compliance with your request, this letter serves as Defendants' responses and objections to your March 25, 2024 subpoena (the "Subpoena") to PricewaterhouseCoopers LLC ("PwC") to produce a corporate representative for testimony on certain topics. As discussed, the additional purpose of this letter is to facilitate conferral on the Subpoena. This letter is without waiver as to Defendants and/or PwC's, a third party, ability to seek appropriate relief from the Court should the parties be unable to reach resolution. Please advise as to your availability to further confer.

## I.    General Issues

As an overarching issue, the Subpoena is overbroad and disproportionate to the needs of the case. Additionally, and to the extent the requests seek privileged information, any corporate representative deposition on these areas of inquiry would be premature, pending the Court's privilege determinations herein.

### A.    Relevant Time Period

The Subpoena states that the relevant time period for the listed topics is "January 1, 2020 to June 30, 2023." This is well beyond any reasonable time period.

The parties previously agreed to production of documents in this litigation from January 1, 2021 through June 1, 2022, with limited exception for one topic, to extend to July 1, 2022. There is no reason why examination of a PwC corporate representative should extend beyond the previously agreed time period.

Exhibit 2

April 30, 2024
Page 2

Nor is there a basis beyond the parties' prior agreements to extend the scope of inquiry to such a broad set of dates as (a) the statements that Lead Plaintiff has put at issue in this case all occurred in 2021, (b) the supposed "corrective" steps took place in early 2022, and (c) defendant William Read departed Redwire in the middle of 2022.  Events in 2020 and 2023 have no connection to the claims or defenses in this action.

The extreme scope of this time period betrays the purpose of the Subpoena as it appears to be designed to harass rather than obtain pertinent information. To the extent this is a fishing expedition directed to a third and non-party, the Subpoena is improper.

Defendants incorporate this general objection into each of the responses as to the below-referenced individual topics. Thus, to the extent that Defendants do not object to any particular topic below based on scope, Defendants would still object to testimony on such topics that is outside the reasonable time period previously agreed-upon by the parties.

## II.    Individual Topics

### A.    PWC's Engagement with Redwire

Topic No. 1:   Defendants do not object to general inquiry as to the nature of PwC's engagement.

Topic No. 2:   Defendants do not object to inquiry as to the identity of PwC employees involved in PwC's work for Redwire. Defendants object; however, to the extent such questions would require PwC to reveal privileged information, including attorney-client communication and/or attorney work-product.

### B.    Findings and Results from PwC's Audit of Redwire

Topic No. 3:   Defendants object to this request to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product. Moreover, this topic is overbroad in that it seeks testimony on issues that have no connection to the claims or defenses of this lawsuit. Finally, this topic is vague and ambiguous as it is unclear what is meant by the use of the term "findings" in light of PwC's function as an outside auditor.

Topic No. 4:   Defendants object on the grounds that this topic is overbroad. Notably the process by which an external auditor carries out an audit has no relevance to this matter. Further, Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product. Defendants also object to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, also reaches issues that have no connection to the allegations of this lawsuit.

Topic No. 5:   Defendants object to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product. Defendants further object to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, reaches issues that have no connection to the allegations of this lawsuit. As above, this topic is vague and ambiguous as it is unclear what is meant by the use of the term "findings" in light of PwC's function as an outside auditor.Topic No. 6:   Defendants object to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product.

April 30, 2024
Page 3

Defendants further object to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, reaches issues that have no connection to the allegations of this lawsuit.

Topic No. 7:    Defendants object to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product. Defendants further objects on the grounds that this topic is overbroad and to the extent that this topic incorporates reference to the "Subject Matter" which reaches issues that have no connection to the allegations of this lawsuit.

Topic No. 8:    Defendants do not object to the general inquiry about where PwC maintains Communications concerning their audit of Redwire and who may maintain them. Defendants do; however, object to this topic to the extent that this topic would require PwC to *identify* such Communications in any manner that would reveal protected attorney-client communication and/or protected attorney work product. Defendants further object on the grounds that this request is overbroad and to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, reaches issues that have no connection to the allegations of this lawsuit.

C.    PwC's Role in Audit Committee Investigation of November 2021 Whistleblower Complaint

Topic No. 9:    Defendants do not object to the extent that this topic would solely include inquiry as to the general bounds of PwC's scope of work. Defendants do object to the extent that response would require PwC to reveal protected attorney-client communication and/or protected attorney work product.  Also, and to be clear, PwC played no "role" in the Audit Committee investigation.  PwC performed audit procedures in line with established accounting practices and did not conduct its own independent "investigation."

Topic No. 10: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

Topic No. 11: Defendants do not object to the general inquiry about the identity of individuals at PwC who reviewed the Audit Committee investigation to the extent that PwC is able to provide such information.

Topic No. 12: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

Topic No. 13: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

Topic No. 14: Defendants do not object to the general inquiry about where PwC maintains referenced documents and communications and who may maintain them. Defendants do; however, object to this topic to the extent that this topic would require PwC to *identify* such documents and communications in any manner that would reveal protected attorney-client communication and/or protected attorney work product. Defendants do object; however, to the extent that "review" is vague and ambiguous in that the it is unclear what is meant by the use of the term in light of PwC's function as an outside auditor.

Topic No. 15: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

April 30, 2024
Page 4

Topic No. 16: Defendants do not object to the general inquiry about where PwC maintains referenced Documents and who may maintain them. Defendants do; however, object to this topic to the extent that this topic would require PwC to *identify* such Documents in any manner that would reveal protected attorney-client communication and/or protected attorney work product.

Sincerely,

**SHUTTS & BOWEN LLP**

Glennys Ortega Rubin, Esq.

SBDOCS 343546 2