UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   MAY 17, 2024   *
BROOKLYN OFFICE

JED LEMEN, Individually and On Behalf of
All Others Similarly Situated,

        Plaintiff,

        v.

REDWIRE CORPORATION f/k/a GENESIS
PARK ACQUISITION CORP., PETER
CANNITO, and WILLIAM READ,

        Defendants.

Case No. 3:21-cv-01254-TJC-PDB (M.D. Fla.)

<u>CLASS ACTION</u>

<u>24</u>-MC -<u>2000</u>

Judge Eric N. Vitaliano

## NOTICE OF PRICEWATERHOUSECOOPERS LLP'S
## <u>MOTION TO QUASH AND FOR PROTECTIVE ORDER</u>

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support

of PricewaterhouseCoopers LLP's Motion to Quash and for Protective Order, and the Declaration

of Lisa C. Wood and exhibits thereto, the undersigned will move this Court, at the courthouse

located at 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be determined

by the Court, for an order pursuant to Rules 45(d) and 26(c) of the Federal Rules of Civil

Procedure, and Rule 6.1 of the Local Rules of the U.S. District Courts for the Southern and Eastern

Districts of New York, quashing a subpoena directed to PricewaterhouseCoopers LLP, entering a

protective order, and granting such other and further relief as the Court may deem just and proper.

Exhbit 3

Dated:  May 17, 2024

Respectfully submitted,

Non-Party PricewaterhouseCoopers LLP
By its attorneys,

Lisa C. Wood
FOLEY HOAG LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
Tel: 646-927-5500
Fax: 646-927-5599
lwood@foleyhoag.com

*Attorneys for Non-Party PricewaterhouseCoopers LLP*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

## MISCELLANEOUS CASE INFORMATION SHEET

| **PLAINTIFF:**<br>Jed Lemen, Individually and On Behalf of All Others Similarly Situated | **DEFENDANT:**<br>Redwire Corporation f/k/a Genesis Park Acquisition Corp., Peter Cannito, and William Read |
|---|---|

**IN THE MATTER OF:**
Motion of non-party PricewaterhouseCoopers LLP to quash and for protective order regarding deposition subpoena

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

**CAUSE OF ACTION:**
N/A

\*    MAY 17, 2024    \*
BROOKLYN OFFICE
24-MC-2000
Judge Eric N. Vitaliano

**RELIEF SOUGHT:**
Quashing deposition subpoena and entry of protective order

| **ATTORNEY FOR PLAINTIFF:**<br>Reed R. Kathrein<br>Hagens Berman Sobol Shapiro LLP<br>68 3rd St. Suite 249<br>Brooklyn, NY 11231 | **ATTORNEY FOR DEFENDANT:**<br>Lisa C. Wood<br>Foley Hoag LLP<br>1301 Avenue of the Americas, 25th Floor<br>New York, NY 10019<br>Tel: 646-927-5500<br>Fax: 646-927-5599<br>lwood@foleyhoag.com |
|---|---|

I am currently a member in good standing of the bar of this Court:   ☑ YES   ☐ NO

Signature of Attorney of Record: _____   Date: 5/17/2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   MAY 17, 2024   \*
BROOKLYN OFFICE

---

JED LEMEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,

Defendants.

---

Case No. 3:21-cv-01254-TJC-PDB (M.D. Fla.)

CLASS ACTION

_24_-MC-_2000_

Judge Eric N. Vitaliano

## MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PRICEWATERHOUSECOOPERS LLP'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

FOLEY HOAG LLP
Lisa C. Wood
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
Tel: 646-927-5500
Fax: 646-927-5599
lwood@foleyhoag.com

*Attorneys for Non-Party PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT FACTS ............................................................................................... 2

    I.    PwC's Audit of Redwire and Non-Party Document Production. ...........................2

    II.    Privilege Disputes Pending in the Class Action. .......................................................3

    III.    Lead Plaintiff's Deposition Subpoena to PwC. ........................................................4

ARGUMENT ........................................................................................................... 7

    I.    Rule 45 Requires that the Court Quash or Modify the Subpoena..........................7

        A.    PwC's Motion to Quash is Timely...............................................................8

        B.    The Court Should Quash or Modify the Subpoena Because it Requires Disclosure of Privileged Matter and Imposes an Undue Burden on Non-Party PwC. ..........................................................................................9

    II.    The Court Should Enter a Protective Order Postponing Any Deposition of PwC Until the Pending Privilege and Work Product Disputes Are Resolved.......12

CONCLUSION........................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash., DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*,
214 F. Supp. 3d 91 (D.D.C. 2016) ..........................................................................13, 14

*Bernstein v. Cengage Learning, Inc.*,
No. 19-cv-7541-ALC-SLC, 2022 U.S. Dist. LEXIS 242989 (S.D.N.Y. Sep. 8, 2022) ....................................................................................................................11

*Brennan v. Mylan Inc.*,
No. 6:22-mc-06015, 2023 U.S. Dist. LEXIS 40809 (W.D.N.Y. Mar. 10, 2023) .....................8

*Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*,
No. 15 CV 9323, 2021 U.S. Dist. LEXIS 179680 (N.D. Ill. Sep. 21, 2021) ...........................10

*In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*,
581 F. Supp. 3d 509 (S.D.N.Y. 2022).............................................................................9

*Fears v. Wilhelmina Model Agency, Inc.*,
2004 U.S. Dist. LEXIS 5575 (S.D.N.Y. Mar. 29, 2004) .......................................................8, 14

*Gutter v. E.I. DuPont de Nemours & Co.*,
No. 95-2152-CIV-GOLD, 1998 U.S. Dist. LEXIS 23207 (S.D. Fla. May 15, 1998) .....................................................................................................................10

*Hillary v. Potsdam*,
No. 8:17-CV-659, 2020 U.S. Dist. LEXIS 231792 (N.D.N.Y. Nov. 2, 2020) ....................8, 9

*Lemen v. Redwire Corp. et al.*,
No. 3:21-cv-1254-TJC-PDB ........................................................................................3, 4

*Merrill Lynch & Co. v. Allegheny Energy, Inc.*,
229 F.R.D. 441 (S.D.N.Y. 2004) ..................................................................................10

*MG Freesites LTD v. Scorpcast, LLC*,
2023 U.S. Dist. LEXIS 61854 (S.D.N.Y. Apr. 7, 2023)..........................................................11

*United States v. Deloitte LLP*,
610 F.3d 129 (D.C. Cir. 2010) ...................................................................................10

**Statutes**

Fed. R. Civ. P. 26 ........................................................................................................3, 7, 12

Fed. R. Civ. P. 45 ..........................................................................................................1, 8, 9

## PRELIMINARY STATEMENT

Pursuant to Rules 45(d) and 26(c) of the Federal Rules of Civil Procedure, and Rule 6.1 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, PricewaterhouseCoopers LLP ("PwC") submits this memorandum of law in support of its motion to quash and for a protective order regarding a deposition subpoena Lead Plaintiff Jed Lemen ("Lead Plaintiff") served on PwC (the "Subpoena"). The Subpoena was issued in a securities class action pending in the U.S. District Court for the Middle District of Florida against Redwire Corporation ("Redwire") – a former audit client of PwC – and certain Redwire executives (the "Class Action"). PwC is not a party in the Class Action. PwC seeks relief in this Court because the Subpoena demanded compliance (i.e., a deposition) in Brooklyn. *See* Fed. R. Civ. P. 45(d)(3)(A).

PwC does not seek to avoid the deposition, but instead only to defer the deposition until certain pending privilege disputes between the parties are resolved in the Class Action. As explained further in this Memorandum, a review of the Class Action docket makes plain that substantial disputes have arisen regarding whether documents withheld by PwC and Redwire are covered by Redwire's work product protection or attorney-client privilege. Some of these disputes are fully briefed, argued, and awaiting resolution by a written decision of the Magistrate handling discovery disputes in the case. Other disputes are in the process of being briefed and have not yet been argued at a hearing. At least as of the filing of this Memorandum, none of the pending motions has been resolved by an order or decision of the Magistrate in Florida.

Despite the pendency of these various disputes, Lead Plaintiff seeks to depose PwC on topics that go to the heart of these privilege and work product disputes, and has rejected PwC's request to defer the deposition until these disputes are resolved by the Court even though fact

1

discovery is open in the case until early August 2024. The Magistrate's rulings on the pending motions will bring clarity and establish guideposts for the PwC deposition. Proceeding with the PwC deposition without those guideposts would lead to an unproductive deposition riddled with privilege objections. Even worse, once those privilege issues are resolved, Lead Plaintiff would likely seek to depose PwC *again* based on the newly defined work product and privilege contours, thereby imposing an undue burden on PwC.

For those reasons, and as set forth below, this Court should quash or modify the Subpoena and should enter a protective order postponing the PwC deposition until these issues are resolved by the Middle District of Florida.

## RELEVANT FACTS

### I.  PwC's Audit of Redwire and Non-Party Document Production.

PwC is an accounting firm headquartered in New York City. In early 2022, PwC audited Redwire's financial statements for Redwire's 2021 fiscal year. As part of that audit, PwC performed audit procedures regarding an internal investigation that Redwire's Audit Committee had conducted with the support of outside counsel and a forensic accounting firm in response to a whistleblower complaint, and documented those procedures in its audit workpapers.

On September 5, 2023, Lead Plaintiff served on PwC a subpoena dated September 1, 2023, requesting 23 categories of documents going back nearly four years. PwC objected to that subpoena on various grounds and, at the request of Redwire, withheld from production certain documents over which Redwire asserted work product protection and/or privilege.[1] But PwC did

---

[1] Accounting firms, such as PwC, at times maintain documents that are – or contain information that is – protected by the audit client's work product protection and/or other privileges from disclosure. When a party to a litigation seeks those documents from the accounting firm, the client,

produce other documents to Lead Plaintiff. One of those documents was a memorandum regarding PwC's audit procedures covering Redwire's Audit Committee's internal investigation (the "PwC Memorandum"). Redwire, however, subsequently asserted that the PwC Memorandum was covered by Redwire's work product protection and clawed back that memorandum.

## II.    Privilege Disputes Pending in the Class Action.

The PwC Memorandum and its contents are now the subject of three privilege disputes.[2] On February 12, 2024, Lead Plaintiff filed a motion for a Rule 26(b)(5)(B) determination that the PwC Memorandum is not subject to work product protection (the "Work Product Motion"). *See* ECF No. 91, *Lemen v. Redwire Corp. et al.*, No. 3:21-cv-1254-TJC-PDB. The parties briefed that motion, and the Middle District of Florida heard oral argument on the motion on March 27, 2024 but has not yet issued a decision.[3]

On April 24, 2024, Lead Plaintiff filed a motion to compel Redwire and its co-defendants to produce document-by-document privilege logs regarding documents withheld from both defendants' and PwC's earlier document productions (the "Privilege Log Motion"). *See* ECF No. 133, *Lemen v. Redwire Corp. et al.*, No. 3:21-cv-1254-TJC-PDB. One of these requested document-by-document logs would replace a "categorical privilege log" defendants previously

---

as the holder of these privileges, instructs the accounting firm which documents must be withheld on privilege grounds.

[2] Other privilege disputes have arisen in the Redwire litigation, but the three described herein bear most directly on the Subpoena to PwC.

[3] Toward the end of that March 27, 2024 hearing, the court asked counsel for Lead Plaintiff if he needed a decision on the Work Product Motion by a particular date. *See* Declaration of Lisa C. Wood ("Wood Decl.") ¶ 9, Exhibit F at 122:17-18. Counsel for Lead Plaintiff said he did not. *Id.* at 122:19-20. Answering further, counsel for Lead Plaintiff told the court, "I'm not taking a deposition where I'm going to be putting [the PwC Memorandum] in front of -- a document in front of someone right now." *Id.* at 123:1-3.

3

provided regarding documents withheld at their instruction from PwC's production. That log reflects 157 PwC documents over which Redwire has asserted work product protection (142 documents) and other privileges (15 documents).

On May 13, 2024, Lead Plaintiff filed a motion to compel Redwire and its co-defendants to produce documents over which they have asserted privilege claims (the "Documents Motion"). *See* ECF No. 146, *Lemen v. Redwire Corp. et al.*, No. 3:21-cv-1254-TJC-PDB. Specifically, Lead Plaintiff seeks to compel disclosure of documents related to the internal investigation by Redwire's Audit Committee, including documents in the possession of Redwire's outside counsel and forensic accounting firm. *Id.* at 14. These documents are subject to claims of attorney-client privilege, opinion work product, and fact work product by the defendants. Yet Lead Plaintiff – based on various contentions of waiver and substantial need – nevertheless seeks to compel their disclosure.

## III.     Lead Plaintiff's Deposition Subpoena to PwC.

On March 26, 2024, Lead Plaintiff served PwC with a Rule 30(b)(6) deposition subpoena in connection with its pending litigation with Redwire. *See* Wood Decl. ¶ 4, Exhibit A. The Subpoena lists 16 topics about which Lead Plaintiff expects PwC to testify through its 30(b)(6) designee. Nearly all the topics relate to PwC's consideration, as Redwire's auditor, of Redwire's Audit Committee investigation into the November 2021 whistleblower complaint. In preparing for and testifying at the deposition, PwC's designee would necessarily have to rely on documents or communications over which Redwire has asserted work product protection. For example:

- Topic 9 seeks testimony regarding "PwC's engagement or role in the Audit Committee investigation of the November 2021 whistleblower complaint received by Redwire," which is subject matter contained in the PwC Memorandum that Redwire clawed back from

4

production and that is at the center of the privilege disputes between the parties to the Class Action.

- Topic 10 covers "[t]he findings and results of PwC's 'review of the investigation performed by [King & Spalding] at the direction of the Audit Committee,'" quoting from the PwC Memorandum.

- Topic 13 covers "[a]ll facts gathered and/or considered during PwC's 'review' of the Audit Committee investigation."

Other topics, while not specifically referencing the PwC Memorandum, seek testimony on matters that are discussed in the PwC Memorandum. *See, e.g.*, Subpoena Topic 3 ("The findings, and results from PwC's audit of Redwire relating to audit risks, misstatements, control deficiencies, internal controls over financial reporting, material audit adjustments, remediation needs and efforts, 'tone at the top,' or the performance of Defendant Read, Defendant Cannito, or other senior executives ('the Subject Matter')."). Of the 16 topics listed in the Subpoena, Redwire has objected to 13 of them on the basis of attorney-client privilege and/or attorney work product. *See* Wood Decl. ¶ 5, Exhibit B.

While Lead Plaintiff has been willing to schedule the deposition at PwC's convenience, Lead Plaintiff will not agree to postpone the deposition until the privilege issues are resolved. The Subpoena is dated March 25, 2024 and originally called for non-party PwC to provide deposition testimony on April 16, 2024, though counsel for Lead Plaintiff never intended that the PwC deposition would occur on April 16, 2024. *See* Wood Decl. ¶ 4, Exhibit A (stating that Lead Plaintiff "requests to take the deposition of PricewaterhouseCoopers LLP ('PwC') on a date to be agreed upon by the Lead Plaintiff and PwC"); *id.* ¶ 6, Exhibit C (April 11, 2024 email in which Lead Plaintiff's counsel acknowledged that "[t]he date was meant to be a place holder" and that

"[w]e can work on scheduling that is convenient for all"). In the most recent communications between counsel, Lead Plaintiff proposed that the deposition take place in June. *See* Wood Decl. ¶ 7, Exhibit D (May 3, 2024 email in which Lead Plaintiff's counsel requested that counsel for PwC "provide the name of the witness and a date for the deposition the week of June 24, 2024").

Counsel for PwC tried twice to reach an agreement with counsel for Lead Plaintiff whereby the PwC deposition would proceed after resolution of the pending work product and privilege disputes. Those efforts were unsuccessful.

First, on April 10, 2024, counsel for PwC wrote to counsel for Lead Plaintiff about setting a date for the deposition. *See* Wood Decl. ¶ 6, Exhibit C. Counsel for PwC noted that "there are privilege issues in dispute currently before the court that impact several of the noticed topics as well as the scope of PwC's past document production in this case" and that "[i]t therefore makes good sense to put off scheduling the deposition until the court resolves those issues." *Id.* Counsel for Lead Plaintiff responded on April 11, 2024, insisting that the PwC deposition occur notwithstanding the work product dispute between the parties to the litigation. *Id.* Counsel for Lead Plaintiff wrote again on April 16, 2024, pressing for written objections to the Subpoena and to proceed with scheduling the PwC deposition. *Id.*

The second outreach by counsel for PwC was on May 3, 2024, when counsel for PwC sent a letter to counsel for Lead Plaintiff regarding the Subpoena. *See* Wood Decl. ¶ 8, Exhibit E. In that letter, which followed Redwire's written objections to the Subpoena, counsel for PwC stated that "PwC is willing to designate a witness to testify regarding the topics set forth in the Subpoena" but "it would be premature to schedule the deposition until the court has resolved the issues regarding work product protection that are currently in dispute between the parties in the

6

litigation." *Id.*[4] Counsel for PwC pointed to the fact that Redwire had objected to 13 of the 16 topics in the Subpoena on privilege grounds, and that a decision from the court on these issues would bring clarity to the PwC deposition. *Id.* at 1. Proceeding with the deposition prior to such a decision, on the other hand, would inevitably lead to privilege issues arising during the deposition and would likely result in PwC having to later sit for a second deposition. *Id.* at 2. Counsel for PwC also highlighted reasons that it would benefit everyone involved to await resolution of the work product issues by the court. *Id.* Counsel for Lead Plaintiff responded with an email disagreeing that the deposition should await resolution of the pending work product dispute. *See* Wood Decl. ¶ 7, Exhibit D.

## ARGUMENT

### I.     Rule 45 Requires that the Court Quash or Modify the Subpoena.

Lead Plaintiff has failed in his duty to take reasonable steps to avoid imposing an undue burden on PwC by seeking to press forward with a non-party deposition that will be fraught with unresolved issues of privilege and work product. If he takes that deposition before these issues are resolved, Lead Plaintiff's counsel will encounter privilege and work product objections at every turn and, following the resolution of those issues by the court, will likely seek to depose PwC once again. That would be wasteful, impractical, and would impose an undue burden on PwC. This Court, based on the mandate of Rule 45, must therefore quash or modify the Subpoena. Moreover, as discussed below, courts have granted protective orders under Rule 26 for very similar reasons. *See infra* Section II (citing *Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash.,*

---

[4] In the May 3, 2024 letter, PwC expressly "reserve[d] the right to amend, modify, or supplement this letter, including by asserting objections to the Subpoena, though it is not required to do so." PwC continues to reserve those rights.

7

*DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*, 214 F. Supp. 3d 91 (D.D.C. 2016)).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1) (providing that the court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply"). If a court determines that a subpoena imposes an undue burden or "requires disclosure of privileged or other protected matter," on a timely motion by the subpoenaed party, the court is required to quash or modify that subpoena. Fed. R. Civ. P. 45(d)(3)(A).

In determining whether a subpoena imposes an undue burden, courts consider "the expense and inconvenience imposed by the subpoena." *Brennan v. Mylan Inc.*, No. 6:22-mc-06015, 2023 U.S. Dist. LEXIS 40809, at *3 (W.D.N.Y. Mar. 10, 2023). And "where, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Fears v. Wilhelmina Model Agency, Inc.*, 2004 U.S. Dist. LEXIS 5575, at *2 (S.D.N.Y. Mar. 29, 2004). Because the Subpoena imposes an undue burden on PwC, Rule 45 requires that this Court quash or modify the Subpoena.

### A. PwC's Motion to Quash is Timely.

PwC brings this motion in a timely manner. *See* Fed. R. Civ. P. 45(d)(3)(A) (providing that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena" that, among other things, "subjects a person to undue burden"). As an initial matter, because PwC moves to quash a deposition subpoena – rather than a subpoena for documents – the Federal Rules of Civil Procedure do not impose any requirement regarding the timing of a motion to quash. *See, e.g., Hillary v. Potsdam*, No. 8:17-CV-659 (GLS/DJS), 2020

8

U.S. Dist. LEXIS 231792, at *12 (N.D.N.Y. Nov. 2, 2020) ("[T]he Federal Rules themselves do not set forth a specific time period for a motion to quash a deposition subpoena, as opposed to a demand for production of documents.").

PwC's motion would nevertheless be considered "timely" under Rule 45 because counsel for Lead Plaintiff acknowledged that April 16, 2024 – the deposition date listed on the Subpoena – was a "place holder" and proposed that the deposition take place "the week of June 24, 2024," which is approximately six weeks from the date of this motion. *See id.* (finding a motion to quash timely where it was filed after the date initially selected for the deposition because "that date had been adjourned upon the consent of all counsel"); *see also In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516-17 (S.D.N.Y. 2022) (finding good cause to consider motion to quash document subpoena filed after date for compliance where the entity that issued the subpoena "failed to aggressively pursue the subpoena's enforcement" and did not claim any prejudice). Therefore, if the Court determines that compliance with the Subpoena would impose an undue burden on PwC (which it should, as described below), Rule 45 dictates that the Court *must* quash or modify the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A).

**B.     The Court Should Quash or Modify the Subpoena Because it Requires Disclosure of Privileged Matter and Imposes an Undue Burden on Non-Party PwC.**

Compliance with the Subpoena would require PwC to sit for a deposition regardless of whether the Middle District of Florida has ruled on the multiple pending privilege and work product disputes. That would be problematic for at least two reasons.

First, the Subpoena seeks deposition testimony from PwC on various topics over which Redwire has asserted attorney-client privilege and/or work product protection. That alone is grounds for the Court to quash or modify the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)

(providing that the court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter").

Second, the Subpoena presents an undue burden because Lead Plaintiff would likely seek to depose PwC a second time after the court resolves the pending privilege disputes. Because the parties have not received a ruling on the Work Product Motion, the Privilege Log Motion, or the Documents Motion, questions from counsel for Lead Plaintiff touching on any of the topics raised in those motions would invariably be met with objections by counsel for Redwire, the holder of the applicable privilege and work product protection.[5] There would likely be an objection at almost every turn, given that Redwire asserted privilege objections to *13 of the 16 topics in the deposition Subpoena*. And Redwire had a good basis to assert these privilege objections. *See, e.g., United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010) (holding that documents disclosed to Deloitte by audit client did not waive work product protection); *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 U.S. Dist. LEXIS 179680, at *25-26 (N.D. Ill. Sep. 21, 2021) (holding that disclosure of work product protected materials to an auditor did not result in a waiver of that protection); *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 449 (S.D.N.Y. 2004) ("Merrill Lynch and Deloitte & Touche were not adversaries contemplated by the work product doctrine and there was no waiver."); *Gutter v. E.I. DuPont de Nemours & Co.*,

---

[5] Counsel for Lead Plaintiff told the court that he did not need a ruling on the Work Product Motion anytime soon because he would not put the PwC Memorandum in front of a deponent. *See supra*, at 4 n.3. However, the topics in the Subpoena cover the content of the PwC Memorandum so counsel for PwC would need to use the PwC Memorandum – which is still subject to a work product claim – to prepare PwC's 30(b)(6) deponent. There is no way to sidestep the PwC Memorandum and the contents thereof while deposing PwC on topics that are covered by that memorandum. Moreover, depending on the outcome of the pending motions in Florida, Lead Plaintiff's counsel presumably would want to use the PwC Memorandum during the deposition of PwC – all the more reason to defer the PwC deposition until after the parties' privilege disputes are resolved.

No. 95-2152-CIV-GOLD, 1998 U.S. Dist. LEXIS 23207, at *13-14 (S.D. Fla. May 15, 1998) ("Transmittal of documents to a company's outside auditors does not waive the work product privilege because such a disclosure cannot be said to have posed a substantial danger at the time that the document would be disclosed to plaintiffs.").

Following the Middle District of Florida's resolution of the contested privilege motions and issues, Lead Plaintiff would likely seek to re-depose non-party PwC based on the newly defined contours of the attorney-client privilege and attorney work product. Requiring PwC to sit for multiple depositions under those circumstances would impose an undue burden on PwC. The Court should not allow Lead Plaintiff to unduly burden PwC, a non-party to the Class Action, in that way. *See Bernstein v. Cengage Learning, Inc.*, No. 19-cv-7541-ALC-SLC, 2022 U.S. Dist. LEXIS 242989, at *2 (S.D.N.Y. Sep. 8, 2022) ("Because the justification for imposing the burdens of discovery on a stranger to a dispute is weaker than it is for litigants, courts 'must quash or modify' subpoenas that 'subject[] a [third party] to undue burden.'") (quoting Rule 45).

Postponing the PwC deposition until after resolution of the pending privilege and work product disputes would not prejudice Lead Plaintiff. There is ample time for the Middle District of Florida to resolve these issues and for the PwC deposition to occur prior to the discovery deadline in that case: August 5, 2024. Postponing the PwC deposition, in fact, would benefit Lead Plaintiff. As PwC's counsel explained in their May 3, 2024 letter to counsel for Lead Plaintiff, "[a]waiting resolution of the work product dispute would also enable PwC to supplement its document production, if and as warranted by the court's orders, and potentially provide you with additional documents to use in connection with the deposition of PwC." Wood Decl. ¶ 8, Exhibit E. Because PwC has established that compliance with the Subpoena would impose an undue burden, Rule 45 mandates that this Court quash or modify the Subpoena. *See MG Freesites LTD*

11

*v. Scorpcast, LLC*, 2023 U.S. Dist. LEXIS 61854, at \*3 (S.D.N.Y. Apr. 7, 2023) ("Under Rule 45, the Court is required to quash or modify a subpoena that subjects the recipient to an undue burden or requires the disclosure of privileged information.").

## II.     The Court Should Enter a Protective Order Postponing Any Deposition of PwC Until the Pending Privilege and Work Product Disputes Are Resolved.

For the reasons set forth above, it would be premature, inefficient, and unduly burdensome for non-party PwC to sit for a deposition by Lead Plaintiff until the Middle District of Florida resolves the privilege and work product disputes that are currently pending. Based on the Subpoena, such a deposition would involve PwC being questioned primarily on matters over which Redwire has asserted colorable claims of attorney-client privilege and work product protection. This Court, in addition to quashing or modifying the Subpoena, should enter a protective order requiring that Lead Plaintiff not seek to depose PwC prior to the resolution of the pending privilege and work product disputes.

Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" associated with a discovery request. Fed. R. Civ. P. 26(c)(1). Lead Plaintiff's deposition of non-party PwC on various topics that are currently the subject of unresolved privilege and work product disputes would be oppressive and, considering the likelihood of a second deposition after those disputes are resolved, would place an undue burden and expense on non-party PwC.[6] The Court should enter a protective order postponing the PwC deposition until after resolution of these privilege and work product issues.

---

[6] If the deposition of PwC were to proceed before resolution of the pending privilege disputes, Redwire's counsel would be understandably active in making objections to avoid assertions by Lead Plaintiff that Redwire has waived privilege or work product protection.

12

The U.S. District Court for the District of Columbia entered a protective order postponing a deposition under very similar circumstances to avoid undue burden on a non-party. *Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash., DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*, 214 F. Supp. 3d 91, 95 (D.D.C. 2016). The defendant in *Ping Wang*, a case that was part of a broader patent dispute, served a deposition subpoena on the plaintiff's patent prosecution counsel, a non-party to that case. In a related California litigation, a discovery dispute had arisen regarding a potential privilege waiver. The plaintiff in *Ping Wang* argued that if the deposition of its patent prosecution attorney were allowed to proceed before that California privilege dispute was resolved, the defendant would foreseeably seek a second deposition of the same individual after resolution of that privilege dispute and the plaintiff therefore requested that the deposition be postponed until after the privilege dispute was resolved.

The court agreed to postpone the deposition. *Id.* at 96. At the outset, the court acknowledged that to delay the deposition would be a very narrow modification of the subpoena and would yield multiple benefits. *See id.* ("Petitioners' request to delay Dr. Wang's deposition until after the California court has resolved the privilege-waiver issue seeks the narrowest of modifications to the subpoena and effectively guards against the dual risks of seeking disclosure of protected materials and subjecting Dr. Wang to the undue burden of a second deposition."). The court rejected the defendant's argument that a second deposition would not impose a genuine hardship while noting the "well-established protection for witnesses against multiple depositions." *Id.*

Like in *Ping Wang*, Lead Plaintiff's Subpoena threatens to impose on PwC the undue burden of facing multiple depositions – one before the Middle District of Florida rules on the

13

pending privilege and work product disputes, and another one afterwards. Particularly considering PwC's status as a non-party to the Class Action, this Court should find good cause to enter a protective order postponing the deposition until after resolution of the privilege and work product disputes. *See Fears*, 2004 U.S. Dist. LEXIS 5575, at *2 (noting that where "discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party"). Postponing the deposition of PwC would prevent "the dual risks of seeking disclosure of protected materials and subjecting [the non-party deponent] to the undue burden of a second deposition." *See In re Subpoena to Ping Wang*, 214 F. Supp. 3d at 95-96.

## CONCLUSION

For the foregoing reasons, PwC respectfully requests that the Court grant PwC's motion to quash and for a protective order regarding the Subpoena.

Dated: May 17, 2024

Respectfully submitted,

Non-Party PricewaterhouseCoopers LLP
By its attorneys,

Lisa C. Wood
FOLEY HOAG LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
Tel: 646-927-5500
Fax: 646-927-5599
lwood@foleyhoag.com

*Attorneys for Non-Party PricewaterhouseCoopers LLP*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*    MAY 17, 2024    *
BROOKLYN OFFICE

---

JED LEMEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,

Defendants.

---

Case No. 3:21-cv-01254-TJC-PDB (M.D. Fla.)

CLASS ACTION

 24-MC-2000 

Judge Eric N. Vitaliano

### DECLARATION OF LISA C. WOOD IN SUPPORT OF MOTION BY PRICEWATERHOUSECOOPERS LLP TO QUASH AND FOR PROTECTIVE ORDER

I, Lisa C. Wood, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am a partner at the law firm Foley Hoag LLP, 1301 Avenue of the Americas, 25th Floor New York, NY 10019.

2.  I represent PricewaterhouseCoopers LLP ("PwC") in connection with the above-captioned action in which Lead Plaintiff Jed Lemen ("Lead Plaintiff"), on March 26, 2024, served on PwC a Rule 30(b)(6) deposition subpoena dated March 25, 2024 (the "Subpoena").

3.  I make this declaration based upon my personal knowledge. I make this declaration in support of PwC's Motion to Quash and for a Protective Order with respect to the Subpoena.

4.  Attached hereto as **Exhibit A** is a true and accurate copy of the Subpoena.

5. Attached hereto as **Exhibit B** is a true and accurate copy of an April 30, 2024 letter from Glennys Ortega Rubin, counsel to the defendants in the above-captioned action, to counsel for Lead Plaintiff responding and objecting to the Subpoena.

6. Attached hereto as **Exhibit C** is a true and accurate copy of an April 10, 2024 email from me to Lead Plaintiff's counsel, with responses from Lead Plaintiff's counsel on April 11 and April 16, 2024.

7. Attached hereto as **Exhibit D** is a true and accurate copy of a May 3, 2024 email from Lead Plaintiff's counsel to me and my colleague Jonathan (Yoni) Bard.

8. Attached hereto as **Exhibit E** is a true and accurate copy of a May 3, 2024 letter from me to Lead Plaintiff's counsel.

9. Attached hereto as **Exhibit F** is a true and accurate copy of an excerpted transcript from a March 27, 2024 hearing in the above-captioned action.

10. On May 17, 2024, I conferred in good faith via telephone with counsel for Lead Plaintiff to resolve this dispute. We were unable to come to a resolution.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 17, 2024

Lisa C. Wood

- 2 -

# EXHIBIT A



| | | **Computershare Governance Services, Inc.** |
|---|---|---|
| | | 100 Beard Sawmill Road, Shelton, CT 06484 |

03/28/2024

PricewaterhouseCoopers LLP
Shelley  Alleyne
PricewaterhouseCoopers LLP
300 Madison Avenue
New York NY 10017

# SERVICE OF PROCESS NOTICE

Item: 2024-49

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | **Entity Served:** | PricewaterhouseCoopers LLP |
|---|---|---|
| 2. | **Title of Action:** | Jed Lemen, et al. vs. Redwire Corporation, et al. |
| 3. | **Document(s) Served:** | Subpoena to Testify at a Deposition in a Civil Action<br>Proof of Service<br>Exhibit A |
| 4. | **Court/Agency:** | United States District Court |
| 5. | **State Served:** | New York |
| 6. | **Case Number:** | 3:21-cv-01254-TJC-PDB |
| 7. | **Case Type:** | Subpoena |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 03/26/2024 |
| 10. | **Date to Client:** | Thursday 03/28/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Tuesday 04/16/2024 | <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Reed R. Kathrein<br>Berkeley, CA<br>510-725-3000 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 331 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 l www.cgsregisteredagent.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| JED LEMEN, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-01254-TJC-PDB |
| REDWIRE CORPORATION, PETER CANNITO, and WILLIAM READ, | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              PricewaterhouseCoopers LLP
c/o United Agent Group Inc. 600 Mamaroneck Avenue #400, Harrison, NY, 10528
*(Name of person to whom this subpoena is directed)*

☐ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Hagens Berman Sobol Shapiro LLP 68 3rd St. Suite 249 Brooklyn, NY 11231(or otherwise aggreed to by parties) | Date and Time: 04/16/2024 9:30 am |
|---|---|

The deposition will be recorded by this method:

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/25/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Reed R. Kathrein |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ___  Plaintiffs
, who issues or requests this subpoena, are:

Reed R. Kathrein, 715 Hearst Ave. Suite 202, Berkeley, CA 94710, reed@hbsslaw.com, (510) 725-3000
Peter A. Shaeffer, 455 North Cityfront Plaza Dr. Suite 2410, Chicago, IL 60611, petersh@hbsslaw.com, (708) 628-4949

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:21-cv-01254-TJC-PDB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*
on *(date)*

☐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)*                              ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

This Subpoena pertains to a securities class action lawsuit now pending against Redwire Corporation f/k/a Genesis Park Acquisition Corp., Peter Cannito, and William Read in the Middle District of Florida (Case No. 3:21-cv-01254-TJC-PDB).

Pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, Lead Plaintiff Jared Thompson ("Lead Plaintiff"), by and through his undersigned counsel, hereby requests to take the deposition of PricewaterhouseCoopers LLP ("PwC") on a date to be agreed upon by the Lead Plaintiff and PwC, and at a location mutually agreed upon by Lead Plaintiff and PwC.

Pursuant to Rule 30(b)(6), PwC must designate and produce one or more representatives, as may be required, who possess(es) the most knowledge to testify on PwC's behalf for each of the topics of examination identified below. Lead Plaintiff requests that PwC produce a copy of each designated representative's current curriculum vitae or resume at least two business days before the deposition.

The deposition(s) will be taken before a person authorized to by law to administer oaths, pursuant to Rule 28, and will proceed in accordance with the Federal Rules of Civil Procedure. The deposition(s) will be recorded by stenographic and audiovisual means and will continue from day to day until completed, excluding Saturdays, Sundays, and Court-recognized holidays.

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY
3:21-CV-01254-TJC-PDB

-1-

**Duty to Designate**

By designating a representative, PwC indicates its representative has authority to speak on its behalf on the matters listed in the notice – not only to facts, but also to subjective beliefs and opinions.[1]

**Duty to Substitute**

If it becomes clear that the chosen representative is unable to respond to questions on the matters listed in this notice for which he or she has been designated, PwC must immediately provide a substitute knowledgeable witness. This is required even if PwC's initial designation was made in good faith.[2]

**Duty to Prepare**

The testimony elicited in the deposition represents PwC's knowledge, not the individual deponent's knowledge. Pursuant to Rule 30(b)(6), PwC must conduct a thorough investigation in response to the deposition notice and must prepare a witness to testify to all maters "known or reasonably available to the organization." Therefore, if PwC's designee is not knowledgeable about the matters specified in

---

[1] *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).

[2] *Miller v. Johnson & Johnson*, 2014 WL 12617444, at *3 (M.D. Fla. July 14, 2014).

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                                    -2-
3:21-CV-01254-TJC-PDB

the deposition notice, it must nonetheless prepare such designee to give knowledgeable, binding answers.[3]

"Reasonably available" information includes all documents that the organization has the authority, legal right, or practical ability to obtain.[4] An inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear.[5]

## DEFINITIONS

1.     "Action" refers to the above-captioned action.

2.     "All," "any" or "each" shall each be construed as encompassing any and all.

3.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4.     "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means

---

[3] *Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, 2018 WL 11319090, at *2–3 (M.D. Fla. Dec. 28, 2018); *Hannah v. Armor Corr. Health Servs., Inc.*, 2020 WL 10692760, at *4 (M.D. Fla. June 30, 2020).

[4] *Hannah*, 2020 WL 10692760, at *4.

[5] *Dragon Jade Int'l, Ltd.*, 2018 WL 11319090, at *2-3.

including, but not limited to, personal delivery, speech, writings, Documents (as defined herein), language (machine, foreign, or otherwise) of any kind, computer electronics or Electronically-Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind. The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, Correspondence (as defined herein), negotiations, agreements, presentations, understandings, meetings (as defined herein), notices, requests, responses, demands, complaints, press, publicity, or trade releases.

5.      "Complaint" refers to the First Amended Complaint filed on June 17, 2022 (ECF No. 47) in this Action. As used herein, the paragraph symbol (¶) followed by a specific number refers to the corresponding numbered paragraph of the Complaint and the allegation or information contained therein.

6.      "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

7.      "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, smartphone message, or any other writing containing a Communication from one person or persons to another person or persons.

8. "Document" is intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, ESI, electronic or computerized data compilations; electronic file backup tapes; hard drives and images of hard drives; all drafts; Communications; Correspondence; memoranda; records; presentations; books; manuals; reports and summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes, transcripts and summaries of meetings (as defined herein) or conferences; records and reports of consultants; press releases; stenographic, handwritten, or any other notes; work papers; checks and check vouchers; check stubs and receipts; statements, scripts, questions and answers ("Q&A's"), transcripts of testimony, subpoenas and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. A draft or nonidentical copy of any Document is a separate Document within the meaning of this term.

9. "Electronically-Stored Information" or "ESI" - Unless otherwise superseded in this case by an Order Governing the Use of Electronically-Stored Information, ESI is defined herein to include the following:

(a)     all items covered by Fed. R. Civ. P. 34(a)(1)(A);

(b)    information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

(c)    files, information, or data saved on backup tapes or hard drives;

(d)    internal or external web sites;

(e)    output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

(f)    activity listings of electronic mail receipts and transmittals; and any and all items stored on computer memories, hard disks, USB flash drives, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, iPads), hand-held wireless devices (*e.g.*, iPhones, Android, or BlackBerry smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                    -6-
3:21-CV-01254-TJC-PDB

10. "Including" is used to emphasize the type of Document requested and does not limit the request in any way.

11. "Person" or "persons" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

12. "Redwire" refers to Redwire Corporation f/k/a Genesis Park Acquisition Corporation and any of its subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, including Old and New Redwire as referred to in the Complaint, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, members of the Audit Committee, accountants, attorneys, advisors, and all other persons and agents acting or purporting to act on its behalf.

13. "Refer" or "Relate" or "Referring" or "Relating" means all Documents that explicitly or implicitly, in whole or in part, were received in conjunction with or were generated as a result of, the subject matter of the request, including, but not limited to, all Documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

14. "You," "Your," "Yours," "PricewaterhouseCoopers," or "PwC" means PricewaterhouseCoopers LLP, and refers to the audit work performed for Redwire,

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY                                    -7-
3:21-CV-01254-TJC-PDB

including any subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, accountants, attorneys, advisors, and all other persons, contractors and agents acting or purporting to act on their behalf, individually or collectively.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant period for these topics is January 1, 2020 to June 30, 2023.

## DESIGNATION OF TESTIMONY

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, PwC must designate and produce one or more representative to testify about information known or reasonably available to Redwire on the following topics:

**A. PwC's Engagement with Redwire.**

1.     PwC's engagements with Redwire, including the nature and scope of PwC's audit responsibilities.

2.     The identity of all Persons from PwC involved in auditing and their roles.

## B. Findings and Results from PwC's Audit of Redwire.

3. The findings, and results from PwC's audit of Redwire relating to audit risks, misstatements, control deficiencies, internal controls over financial reporting, material audit adjustments, remediation needs and efforts, "tone at the top," or the performance of Defendant Read, Defendant Cannito, or other senior executives ("the Subject Matter").

4. The identity of and process used in creating any drafts or finals of any audit plan presentations and reports to the Audit Committee sent to Redwire, including the December 8, 2021 presentation to the Audit Committee and the April 5, 2022 presentation to the Audit Committee relating to the Subject Matter.

5. The identity of witnesses interviewed by PwC to reach the findings and results from PwC's audit relating to the Subject Matter.

6. The identity, location and custodians of Documents reviewed by PwC with respect to its engagements, and specifically, PwC's audit concerning the Subject Matter.

7. The identity, location and custodians of any other facts gathered and/or considered by PwC in reaching the findings and results from the audit of Redwire relating to the Subject Matter.

8. The identification, location, and custodians of Communications concerning PwC's audit of Redwire relating to the Subject Matter.

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)
TESTIMONY        -9-
3:21-CV-01254-TJC-PDB

## C. PwC's Role in Audit Committee Investigation of November 2021 Whistleblower Complaint.

9. PwC's engagement or role in the Audit Committee investigation of the November 2021 whistleblower complaint received by Redwire.

10. The findings and results of PwC's "review of the investigation performed by K&S at the direction of the Audit Committee." *See* at PWC000133 at -145.

11. The identity of Persons from PwC involved in PwC's "review" of the Audit Committee investigation.

12. The identity of witnesses interviewed by PwC during PwC's "review" of the Audit Committee investigation.

13. All facts gathered and/or considered during PwC's "review" of the Audit Committee investigation.

14. The identity, location, and custodians of Documents and Communications relating to PwC's "review" of the Audit Committee investigation.

15. Any sharing of information, documents, findings, and/or conclusions by King & Spalding LLP, Kirkland & Ellis LLP, and KPMG LLP during PwC's "review" of the Audit Committee investigation.

16.     The identity, location, and custodians of any Documents received from Redwire stating any part of your "review" of the Audit Committee investigation could not be used as part of your audit of Redwire.


DATED:  March 25, 2024             **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                   By: *s/ Reed R. Kathrein*
                                        Reed R. Kathrein (Fla. Bar. No. 262161)
                                   Lucas E. Gilmore (admitted *pro hac vice*)
                                   715 Hearst Avenue, Suite 202
                                   Berkeley, CA 94710
                                   Telephone: (510) 725-3000
                                   Facsimile:  (510) 725-3001
                                   Email: reed@hbsslaw.com
                                   Email: lucasg@hbsslaw.com

                                   Steve W. Berman (admitted *pro hac vice*)
                                   1301 Second Avenue, Suite 2000
                                   Seattle, WA 98101
                                   Telephone: (206) 623-7292
                                   Facsimile:  (206) 623-0594
                                   Email: steve@hbsslaw.com

                                   Peter A. Shaeffer (admitted *pro hac vice*)
                                   455 North Cityfront Plaza Drive, Suite 2410
                                   Chicago, IL 60611
                                   Telephone: (708) 628-4949
                                   Facsimile: (708) 628-4950
                                   Email: petersh@hbsslaw.com

                                   *Lead Counsel for Lead Plaintiff
                                   Jared Thompson*

                                   Brian Schall (admitted *pro hac vice*)

LEAD PLAINTIFF'S SUBPOENA TO
THIRD PARTY (PWC) FOR 30(B)(6)                 -11-
TESTIMONY
3:21-CV-01254-TJC-PDB

THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Jared Thompson*

David M. Buckner (Fla. Bar No. 60550)
BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile:  (786) 523-0485
Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*
*Jared Thompson*

MAR 2 6 2024

# EXHIBIT B



GLENNYS ORTEGA RUBIN
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, Florida  32801
DIRECT  (407) 835-6757
FAX      (407) 425-8316
EMAIL   grubin@shutts.com

April 30, 2024

**VIA EMAIL**

HAGENS BERMAN SOBOL SHAPIRO LLP

Reed Kathrein, Esq. (reed@hbsslaw.com)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Peter A. Shaeffer, Esq. (petersh@hbsslaw.com)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611

Re:   *Jed Lemen v. Redwire Corporation f/k/a Genesis Park Acquisition Corp., et al.,* Case
       No.: 3:21-CV-1254-TJC-PDB

       Subpoena to PricewaterhouseCoopers LLC

Dear Reed and Peter,

In compliance with your request, this letter serves as Defendants' responses and objections
to your March 25, 2024 subpoena (the "Subpoena") to PricewaterhouseCoopers LLC ("PwC") to
produce a corporate representative for testimony on certain topics. As discussed, the additional
purpose of this letter is to facilitate conferral on the Subpoena. This letter is without waiver as to
Defendants and/or PwC's, a third party, ability to seek appropriate relief from the Court should
the parties be unable to reach resolution.  Please advise as to your availability to further confer.

**I.      General Issues**

As an overarching issue, the Subpoena is overbroad and disproportionate to the needs of
the case.  Additionally, and to the extent the requests seek privileged information, any corporate
representative deposition on these areas of inquiry would be premature, pending the Court's
privilege determinations herein.

A.      Relevant Time Period

The Subpoena states that the relevant time period for the listed topics is "January 1, 2020
to June 30, 2023." This is well beyond any reasonable time period.

The parties previously agreed to production of documents in this litigation from January 1,
2021 through June 1, 2022, with limited exception for one topic, to extend to July 1, 2022. There
is no reason why examination of a PwC corporate representative should extend beyond the
previously agreed time period.

April 30, 2024
Page 2

Nor is there a basis beyond the parties' prior agreements to extend the scope of inquiry to such a broad set of dates as (a) the statements that Lead Plaintiff has put at issue in this case all occurred in 2021, (b) the supposed "corrective" steps took place in early 2022, and (c) defendant William Read departed Redwire in the middle of 2022. Events in 2020 and 2023 have no connection to the claims or defenses in this action.

The extreme scope of this time period betrays the purpose of the Subpoena as it appears to be designed to harass rather than obtain pertinent information. To the extent this is a fishing expedition directed to a third and non-party, the Subpoena is improper.

Defendants incorporate this general objection into each of the responses as to the below-referenced individual topics. Thus, to the extent that Defendants do not object to any particular topic below based on scope, Defendants would still object to testimony on such topics that is outside the reasonable time period previously agreed-upon by the parties.

## II.    Individual Topics

### A.    PWC's Engagement with Redwire

**Topic No. 1**:   Defendants do not object to general inquiry as to the nature of PwC's engagement.

**Topic No. 2**:   Defendants do not object to inquiry as to the identity of PwC employees involved in PwC's work for Redwire. Defendants object; however, to the extent such questions would require PwC to reveal privileged information, including attorney-client communication and/or attorney work-product.

### B.    Findings and Results from PwC's Audit of Redwire

**Topic No. 3**:   Defendants object to this request to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product. Moreover, this topic is overbroad in that it seeks testimony on issues that have no connection to the claims or defenses of this lawsuit. Finally, this topic is vague and ambiguous as it is unclear what is meant by the use of the term "findings" in light of PwC's function as an outside auditor.

**Topic No. 4**:   Defendants object on the grounds that this topic is overbroad. Notably the process by which an external auditor carries out an audit has no relevance to this matter. Further, Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product. Defendants also object to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, also reaches issues that have no connection to the allegations of this lawsuit.

**Topic No. 5**:   Defendants object to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product. Defendants further object to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, reaches issues that have no connection to the allegations of this lawsuit. As above, this topic is vague and ambiguous as it is unclear what is meant by the use of the term "findings" in light of PwC's function as an outside auditor.**Topic No. 6**:   Defendants object to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product.

April 30, 2024
Page 3

Defendants further object to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, reaches issues that have no connection to the allegations of this lawsuit.

Topic No. 7: Defendants object to the extent that this topic seeks protected attorney-client communication and/or protected attorney work product. Defendants further objects on the grounds that this topic is overbroad and to the extent that this topic incorporates reference to the "Subject Matter" which reaches issues that have no connection to the allegations of this lawsuit.

Topic No. 8: Defendants do not object to the general inquiry about where PwC maintains Communications concerning their audit of Redwire and who may maintain them. Defendants do; however, object to this topic to the extent that this topic would require PwC to *identify* such Communications in any manner that would reveal protected attorney-client communication and/or protected attorney work product. Defendants further object on the grounds that this request is overbroad and to the extent that this topic incorporates reference to the "Subject Matter" which, to the extent understood, reaches issues that have no connection to the allegations of this lawsuit.

C. PwC's Role in Audit Committee Investigation of November 2021 Whistleblower Complaint

Topic No. 9: Defendants do not object to the extent that this topic would solely include inquiry as to the general bounds of PwC's scope of work. Defendants do object to the extent that response would require PwC to reveal protected attorney-client communication and/or protected attorney work product. Also, and to be clear, PwC played no "role" in the Audit Committee investigation. PwC performed audit procedures in line with established accounting practices and did not conduct its own independent "investigation."

Topic No. 10: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

Topic No. 11: Defendants do not object to the general inquiry about the identity of individuals at PwC who reviewed the Audit Committee investigation to the extent that PwC is able to provide such information.

Topic No. 12: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

Topic No. 13: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

Topic No. 14: Defendants do not object to the general inquiry about where PwC maintains referenced documents and communications and who may maintain them. Defendants do; however, object to this topic to the extent that this topic would require PwC to *identify* such documents and communications in any manner that would reveal protected attorney-client communication and/or protected attorney work product. Defendants do object; however, to the extent that "review" is vague and ambiguous in that the it is unclear what is meant by the use of the term in light of PwC's function as an outside auditor.

Topic No. 15: Defendants object on the grounds that this topic seeks protected attorney-client communication and/or protected attorney work product.

April 30, 2024
Page 4

    <u>Topic No. 16</u>: Defendants do not object to the general inquiry about where PwC maintains referenced Documents and who may maintain them. Defendants do; however, object to this topic to the extent that this topic would require PwC to *identify* such Documents in any manner that would reveal protected attorney-client communication and/or protected attorney work product.

    Sincerely,

**SHUTTS & BOWEN LLP**

Glennys Ortega Rubin, Esq.

SBDOCS 343546 2

# EXHIBIT C

**From:** Peter A. Shaeffer <PeterSh@hbsslaw.com>
**Sent:** Tuesday, April 16, 2024 4:37 PM
**To:** Reed Kathrein <reed@hbsslaw.com>; Wood, Lisa <LWood@foleyhoag.com>
**Cc:** Glennys Ortega Rubin <GRubin@shutts.com>; Benjamin F. Elliott <BElliott@shutts.com>
**Subject:** RE: Redwire; 30(b)(6) deposition of PwC

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

Lisa,

Following-up on Reed's email, we request that PwC provide written objections this week to the notice, notwithstanding the outstanding decision related to the privilege issue. We want to begin conferrals on the noticed topics as soon as we can to resolve any non-privileged objections and get the deposition on schedule. If you can provide potential dates over the next month or so, please do so this week.

Thanks,

Peter

- -

**Peter A. Shaeffer** | Hagens Berman Sobol Shapiro LLP | (708) 628-4955

---

**From:** Reed Kathrein <reed@hbsslaw.com>
**Sent:** Thursday, April 11, 2024 4:23 PM
**To:** Wood, Lisa <LWood@foleyhoag.com>
**Cc:** Glennys Rubin <GRubin@shutts.com>; Peter A. Shaeffer <PeterSh@hbsslaw.com>; Benjamin F. Elliott <BElliott@shutts.com>
**Subject:** RE: Redwire; 30(b)(6) deposition of PwC

Lisa, thank you for your email. The date was meant to be a place holder, but we would appreciate any formal actual objections in a timely manner.

We can work on scheduling that is convenient for all. Privilege issues may be further defined by objections in the deposition.

This can probably be a zoom deposition so travel would not be necessary.

- -

**Reed Kathrein** | Hagens Berman Sobol Shapiro LLP | (510) 725-3030

**From:** Wood, Lisa <LWood@foleyhoag.com>
**Sent:** Wednesday, April 10, 2024 11:22 AM
**To:** Reed Kathrein <reed@hbsslaw.com>

**Cc:** Glennys Rubin <GRubin@shutts.com>
**Subject:** Redwire; 30(b)(6) deposition of PwC


Good afternoon attorney Kathrein,

I have been retained by PwC to assist it in connection with the 30(b)(6) deposition you have noticed in the Redwire securities class action litigation. I understand you spoke with Glennys yesterday about the timing of the deposition, and confirmed we could agree on a later date for the deposition. Thank you for your flexibility. We would not be ready to proceed next week on the originally noticed date because we need time to prepare for the deposition. Moreover, I took a quick look at the docket in the action, and saw that there are privilege issues in dispute currently before the court that impact several of the noticed topics as well as the scope of PwC's past document production in this case. It therefore makes good sense to put off scheduling the deposition until the court resolves those issues.

The likely PwC designee for this deposition lives in Hartford, Connecticut, and I expect it would be most convenient for the witness to come to Boston for the deposition, or for me to go to Hartford to sit with him for the deposition. We can work out logistics once the privilege issues have been resolved.

As I continue to get up to speed I may want to have a call about some of the other noticed topics, and I will let you know when I am ready to talk. I look forward to hearing from both counsel when the court has resolved the privilege issues. Thanks again, Lisa


FOLEY
HOAG LLP

Lisa C. Wood | Partner

Seaport West

155 Seaport Boulevard<x-apple-data-detectors://2>

Boston, Massachusetts 02210-2600<x-apple-data-detectors://2>

6<tel:617%20832%201117>17 832 1117<tel:617%20832%201117> Boston office phone

617 759 1274 cell

617 832 7000<tel:617%20832%207000> fax

1301 Avenue of the Americas<x-apple-data-detectors://5>

25<x-apple-data-detectors://5>th<x-apple-data-detectors://5> Floor<x-apple-data-detectors://5>
New York, NY<x-apple-data-detectors://5> US 10019

646 927 5558<tel:646.927.5558> New York office phone
646 929 5599<tel:646.929.5599> fax

www.foleyhoag.com<http://www.foleyhoag.com/>

Case 3:21-cv-01254-TJC-RDB  Document 197-3  Filed 07/19/24  Page 49 of 64 PageID
7656

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

# EXHIBIT D

**From:** Peter A. Shaeffer <PeterSh@hbsslaw.com>
**Sent:** Friday, May 3, 2024 11:52 AM
**To:** Bard, Yoni <ybard@foleyhoag.com>; Reed Kathrein <reed@hbsslaw.com>
**Cc:** GRubin@shutts.com; BBennington@shutts.com; DReyes@shutts.com; BElliott@shutts.com; Wood, Lisa <LWood@foleyhoag.com>
**Subject:** RE: Lemen v. Redwire, No. 3:21-cv-1254-TJC-PDB -- Deposition Subpoena to PwC

**\*\*EXTERNAL\*\***

Lisa and Yoni,

We disagree that the Court's pending ruling on our clawback motion should delay the deposition. Regardless of a decision from the Court, PwC can still make its privilege objections during the deposition. To that end, please provide the name of the witness and a date for the deposition the week of June 24, 2024.

Thanks,

Peter

--

**Peter A. Shaeffer** | Hagens Berman Sobol Shapiro LLP | (708) 628-4955

**From:** Bard, Yoni <ybard@foleyhoag.com>
**Sent:** Friday, May 3, 2024 10:18 AM
**To:** Reed Kathrein <reed@hbsslaw.com>
**Cc:** Peter A. Shaeffer <PeterSh@hbsslaw.com>; GRubin@shutts.com; BBennington@shutts.com; DReyes@shutts.com; BElliott@shutts.com; Wood, Lisa<LWood@foleyhoag.com>
**Subject:** Lemen v. Redwire, No. 3:21-cv-1254-TJC-PDB -- Deposition Subpoena to PwC

Mr. Kathrein –

Please see the attached correspondence on behalf of PricewaterhouseCoopers LLP.

Thank you,

Yoni

**Yoni Bard | Associate**

# FOLEY
# HOAG LLP

**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

phone 617.832.3061

www.foleyhoag.com

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

# EXHIBIT E



FOLEY
HOAG LLP

Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617.832.1000 main
617.832.7000 fax

Lisa Wood
617-832-1117 direct
LWood@foleyhoag.com

May 3, 2024

**VIA EMAIL**

Reed R. Kathrein
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Fax: (510) 725-3001
Email: reed@hbsslaw.com

Re: *Jed Lemen, et al. v. Redwire Corporation, et al.*
U.S.D.C., M.D. Fla. – C.A. No. 3:21-cv-01254-TJC-PDB
Deposition Subpoena to PricewaterhouseCoopers LLP

Dear Mr. Kathrein:

As you know, we represent PricewaterhouseCoopers LLP ("PwC") with respect to the Rule 30(b)(6) subpoena dated March 25, 2024 and served on March 26, 2024 in connection with the above-referenced action (the "Subpoena"). Through the Subpoena, Lead Plaintiff Jared Thompson requested that PwC, a non-party to this action, provide deposition testimony on April 16, 2024. You acknowledged in your April 11, 2024 email that this date was intended as a placeholder and that we could schedule the deposition for a date that is convenient for everyone involved. We appreciate your flexibility.

PwC is willing to designate a witness to testify regarding the topics set forth in the Subpoena. However, we maintain that it would be premature to schedule the deposition until the court has resolved the issues regarding work product protection that are currently in dispute between the parties in the litigation. The court's adjudication of the motion you filed on behalf of Lead Plaintiff Jared Thompson for a Rule 26(b)(5)(B) determination of privilege (the "Motion," *see* ECF No. 91) will bring clarity to the extent that the PwC memorandum that is the subject of the Motion (the "PwC Memorandum"), as well as related documents and topics, are protected by the work product doctrine and may – or may not – be the subject of questions to PwC during the deposition. The fact that Redwire Corporation has asserted a privilege objection as to 13 of the 16 topics in the Subpoena underscores the need to resolve the pending work product dispute prior to the deposition of PwC.

Page 2

Under Rule 45 of the Federal Rules of Civil Procedure, you are required to "take reasonable steps to avoid imposing undue burden or expense" on PwC in connection with the Subpoena. *See* Fed. R. Civ. P. 45(d)(1) (providing that the court *must* enforce such duty through appropriate sanctions on any "party or attorney who fails to comply"). If the court were to determine that the Subpoena imposes an undue burden, it would be required to quash or modify it. *See* Fed. R. Civ. P. 45(d)(3)(A). The court would make that determination by "balanc[ing] the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019)). Among the factors the court would consider is the fact that PwC is not a party to this litigation, which generally weighs against requiring compliance with a subpoena. *See Costa v. Metro. Life Ins. Co.*, No. 6:17-cv-714-Orl-40TBS, 2018 U.S. Dist. LEXIS 58110, at *12 (M.D. Fla. Apr. 5, 2018).

Given the unresolved dispute regarding the applicability of work product protection to documents produced or withheld by PwC, and the inevitability of these issues arising during the deposition of PwC, it would be inappropriate to schedule this deposition until the court resolves these issues. We believe the court would agree: requiring PwC to be deposed before these issues are resolved would almost certainly result in PwC, after resolution of these issues, having to sit for another deposition, which would amount to an undue burden. *See, e.g., Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash., DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*, 214 F. Supp. 3d 91, 95-96 (D.D.C. 2016) (delaying deposition of non-party deponent until resolution of privilege-waiver dispute to prevent "the dual risks of seeking disclosure of protected materials and subjecting Dr. Wang to the undue burden of a second deposition"). Awaiting resolution of the work product dispute would also enable PwC to supplement its document production, if and as warranted by the court's orders, and potentially provide you with additional documents to use in connection with the deposition of PwC. Awaiting guidance from the court would also be instructive to PwC in its preparation for the deposition, which as currently framed would necessarily require use of documents over which defendants have claimed privilege.

For all these reasons, and because sufficient time remains for the court to resolve these work product issues and for the PwC deposition to proceed before the August 5, 2024 discovery deadline, we maintain it would be premature to schedule the Rule 30(b)(6) deposition of PwC in advance of the court's ruling. A review of pages 122 and 123 of the redacted transcript of the March 27, 2024 oral argument on your Motion also suggests that the court expected the parties would not proceed with any deposition involving the privilege issue until she had resolved the Motion. The court asked whether there were any upcoming depositions for which you needed a ruling on your Motion, and you responded in the negative, and represented you would not be taking a deposition where you would be putting the disputed PwC memorandum before any deponent. That memorandum, and the documents to which it refers, go to the heart of the Rule 30(b)(6) deposition you propose to take of PwC. With respect to most of the topics, the PwC witness would need to review the memorandum and the documents to which it refers to prepare for the deposition, and to answer questions on behalf of PwC during the deposition.

For the reasons detailed above, it would be premature to conduct the PwC deposition prior to the court's ruling on the pending work product dispute between the parties. PwC

Page 3

reserves the right to amend, modify, or supplement this letter, including by asserting objections to the Subpoena, though it is not required to do so. Nothing contained herein shall constitute a waiver of PwC's rights or legal remedies, including but not limited to seeking to quash or modify the Subpoena or to obtain any other relief to which it may be entitled.

Thank you for your attention to this matter, which I remain available to discuss by telephone.

Sincerely,

Lisa Wood
Partner

cc: PeterSh@hbsslaw.com
Grubin@shutts.com
BBennington@shutts.com
DReyes@shutts.com
BElliott@shutts.com
LWood@foleyhoag.com

# EXHIBIT F

1

```
                IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION

JED LEMEN & JARED THOMPSON,      Jacksonville, Florida

            Plaintiffs,          Case No. 3:21-cv-1254-TJC-PDB

   vs.                           March 27, 2024

REDWIRE CORPORATION, ETC.,       1:26 p.m.

            Defendants.          Courtroom No. 5B
_____

                  DIGITALLY RECORDED MOTION HEARING
              BEFORE THE HONORABLE PATRICIA BARKSDALE
                   UNITED STATES MAGISTRATE JUDGE

 PLAINTIFFS' COUNSEL:

        REED R KATHREIN, ESQ.
        Hagens Berman Sobol Shapiro, LLP
        715 Hearst Avenue, Suite 202
        Berkeley, CA  94710


 DEFENSE COUNSEL:

        GLENNYS ORTEGA RUBIN, ESQ.
        BENJAMIN FRANCIS ELLIOTT, ESQ.
        Shutts & Bowen, LLP
        300 South Orange Avenue, Suite 1600
        Orlando, FL  32801


 COURT REPORTER:

        Shannon M. Bishop, RDR, CRR, CRC
        300 North Hogan Street, Suite 9-150
        Jacksonville, FL  32202
        Telephone:  (904)549-1307
        dsmabishop@yahoo.com



        (Proceedings recorded by mechanical stenography;
 transcript produced by computer.)
```

P R O C E E D I N G S

March 27, 2024                                    1:26 p.m.

                              - - -

          MR. KATHREIN:  Good afternoon, Your Honor.

          THE COURT:  We're on the record in *Lemen verse Redwire*.  It's 3:21-cv-1254.

          I'll ask counsel to introduce themselves for the record, starting with counsel for plaintiff.

          MR. KATHREIN:  Your Honor, Reed Kathrein with Hagens Berman on behalf of the plaintiff.

          THE COURT:  Good afternoon.  You came all the way from --

          MR. KATHREIN:  California.

          THE COURT:  -- California, from Berkeley.

          Sorry it's so ugly out.

          MR. KATHREIN:  It was beautiful yesterday.

          THE COURT:  Yesterday, it was.  That's true.  Well, welcome to Florida.

          MR. KATHREIN:  Thank you.

          THE COURT:  And our folks from Orlando?

          MS. RUBIN:  Glennys Ortega Rubin and Ben Elliott from Shutts & Bowen, representing the defendants.

          THE COURT:  All right.  So you're used to bad weather.

          MR. ELLIOTT:  Yes, Your Honor.

Case 3:21-cv-01524-TOC-RDB Document 197-8d 05-17-29/18/24 40-Page 61 of 64 Page ID 7668

THE COURT: All right. We're here on four different motions. Hopefully some of them have been resolved, or portions of them have been resolved, it sounds like, from plaintiffs' responses, but at least you've solved some issues. So we'll stick with the ones that haven't been resolved yet.

And I guess we'll go ahead and start with the plaintiffs' motion for a determination of protection.

The PricewaterhouseCoopers memorandum, do the defendants have any issue submitting that in camera under seal for the Court's review?

MS. RUBIN: We would suggest that the Court not review it under -- not review it in camera at this point due to the fact that we do not believe that the plaintiffs have made the requisite showing that it should be reviewed in camera.

Obviously, it's at Your Judge -- Your Honor's discretion. But we believe that we have evidence sufficient to support our position such that it should not be reviewed in camera at this juncture.

THE COURT: What showing do you think has to be made before a court can review something in camera? And will you point me to the specific rule.

MS. RUBIN: So it's not a rule, Your Honor. It's -- I have the case of -- the landmark case.

THE COURT: And from which court?

MS. RUBIN: Hang on one second, Your Honor. I'm

summary judgment.

MR. ELLIOTT:  Understood.

THE COURT:  All right.  And I don't think requiring anything beyond this chart is going to help to narrow discovery in any way or help you with your case.

MR. ELLIOTT:  Thank you, Your Honor.

THE COURT:  Is that it from the defense?

MR. ELLIOTT:  Just clarifying that your order to produce the chart also applies as to Read and Cannito Interrogatory No. 1.

THE COURT:  Yes.  And they'll have to sign it to make it an appropriate answer to an interrogatory.

All right.  So pending before me is your motion.

MR. KATHREIN:  Correct.

THE COURT:  I've got to decide that.

MR. KATHREIN:  Correct.

THE COURT:  Is there a time that you need this decided by?  It's not going to --

MR. KATHREIN:  No.  No, there's not a time.  I mean, we -- this is going to -- no, there's not an upcoming deadline.

THE COURT:  I mean, you don't have an upcoming deposition scheduled --

MR. KATHREIN:  I'm not taking a deposition --

THE COURT:  -- or anything where you absolutely need a ruling on this?

MR. KATHREIN: I'm not taking a deposition where I'm going to be putting it in front of -- a document in front of someone right now.

THE COURT: All right. The other thing I need to decide is your request for a log of communications with prospective class members, right?

MR. ELLIOTT: Yes, Your Honor.

THE COURT: The other thing that's going to happen is Mr. Kathrein is going to amend these discovery responses within 14 days.

MR. KATHREIN: Correct.

THE COURT: Okay. What else needs to be decided -- done or decided?

MR. KATHREIN: I think that's it, Your Honor. May I ask a question unrelated?

THE COURT: Sure.

MR. KATHREIN: In the future, is it possible that we can have at least some of these, if we have future disputes, by Zoom?

THE COURT: Because you're in California?

MR. KATHREIN: And my associate's in Chicago. And it -- you know, it took several days of -- of work just trying to get here and plan and everything. I mean, I'm happy to come for big ones like this, but --

THE COURT: Sure.

128

## CERTIFICATE

UNITED STATES DISTRICT COURT    )
    )
MIDDLE DISTRICT OF FLORIDA     )

        I hereby certify that the foregoing transcript is a true and correct computer-aided transcription from the official electronic sound recording of the proceedings in the above-entitled matter.

        DATED this 7th day of April, 2024.


s/Shannon M. Bishop

Shannon M. Bishop, RDR, CRR, CRC