UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
JED LEMEN, Individually and on behalf of all     :
others similarly situated,     :
    :
                   Plaintiffs,     :    MEMORANDUM & ORDER
    :
          -against-     :    1:24-MC-02000 (ENV) (E.D.N.Y.)
    :
REDWIRE CORPORATION f/k/a GENESIS     :
PARK ACQUISITION CORP., PETER     :
CANNITO, AND WILLIAM READ,     x

                   Defendants.
-----------------------------------------------------------------

VITALIANO, D.J.

On December 17, 2021, Jed Lemen, individually and on behalf of all others similarly situated, commenced a putative securities class action against Redwire Corporation ("Redwire") and certain Redwire executives in the United States District Court for the Middle District of Florida. *See Lemen et al v. Redwire Corporation et al*, No. 3:21-CV-1254 (TJC)(PDB) (M.D. Fla.). On March 26, 2024, lead plaintiff, Jared Thompson, served non-party PricewaterhouseCoopers ("PwC") with a Rule 30(b)(6) deposition subpoena in connection with its pending litigation against Redwire. Pursuant to Federal Rules of Civil Procedure 45(d) and 26(c), and Local Rule 6.1, PwC now moves to quash the subpoena and for a protective order. For the following reasons, the motion is denied.

## Background

The underlying action stems from allegations of accounting fraud within a Redwire business subunit that were levied by an outgoing Redwire employee in November 2021. Def.'s

1

Exhibit 4

Mem., Dkt. 3, at 5.[1]  In response to those whistleblower accusations, Redwire's audit committee hired outside counsel and an independent forensic accounting firm.  *Id.*  In early 2022, separate and apart from that response, Redwire hired PwC to audit its financial statements for the 2021 fiscal year.  *Id.*  The audit involved review of Redwire's response to the whistleblower complaint, and findings were documented in its audit workpapers.  PwC Mem., Dkt 1-2, at 6.

On March 25, 2024, Lemen served a documents subpoena (the "documents subpoena") on PwC, which gave rise to three unique privilege disputes (the "privilege motions")—relating to work product protection, privilege logs, and document production—and remain *sub judice* in the Middle District of Florida.  PwC Mem., at 7–8.  On March 26, 2024, lead plaintiff served a Rule 30(b)(6) subpoena (the "deposition subpoena"), the subject of the instant motion, on PwC.  *Id.* at 8.  The deposition subpoena implicates many of the same privilege issues that remain pending before the Middle District of Florida, but given the looming close to fact discovery, plaintiff has pushed to schedule the 30(b)(6) deposition with PwC.  With the privilege motions still pending, on May 17, 2024, PwC filed the motion to quash and for protective order presently before the Court.[2]

Legal Standard

The Federal Rules of Civil Procedure provide that a party may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . and proportional

---

[1] Page references for documents filed on the docket are to the Electronic Case Filing System ("ECF") pagination.

[2] The subpoena lists the law office of Hagens Berman Sobol Shapiro LLP—an office within the Eastern District of New York—as the deposition location, *see* Subpoena to Testify, Dkt. 1-3, Ex. A, at 5, and Rule 45 requires the court where compliance is sought to quash or modify a subpoena where one of four conditions is met, making this judicial district an appropriate forum to hear a Rule 45 motion to quash it.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).

to the needs of the case." Fed.R.Civ.P. 26(b)(1). In assessing the needs of the case, a court is to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Ultimately, a court may limit discovery "for good cause shown" and "make any order which justice requires to protect a party or person from," *inter alia*, "undue burden or expense." Fed.R.Civ.P. 26(c)(1). Specifically, with respect to subpoenas, the court may "quash or modify [a] subpoena if it ... (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iii)–(iv).

"The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y.2003) (citing *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992)). Motions to quash or modify a subpoena are entrusted to "the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (explaining that the "deposition discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one").

Discussion

PwC does not seek to escape the deposition subpoena; rather, it seeks to postpone the deposition until the underlying privilege motions have been resolved. PwC. Mem., at 5. In support, PWC advances two central arguments. *Id*. at 12. First, as to privilege, it highlights that 13 of the 16 topics designated in the deposition subpoena overlap with topics over which Redwire—the holder of the relevant privileges—has asserted attorney-client privilege and/or work

3

product privilege. PwC Mem., at 13. In turn, PwC argues that the Court is required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter." *Id*. at 13–14 (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii)). Second, PwC contends that without resolution of the underlying privilege issues the initial deposition will be riddled with objections and plaintiffs will likely seek to depose non-party PwC a second time, creating an undue burden on a non-party.[3] *Id.* at 14 (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

In opposing the motion, lead plaintiff, Jared Thompson, asserts that the information sought from PwC lies "at the heart" of the underlying fraud case, as Redwire's disclosures to PwC are central to plaintiffs' ability to prove scienter. Pl.'s Opp., Dkt 7, at 4. Further, Thompson contends that potential privilege issues, or even the potential need for a second deposition, do not present a sufficient basis to quash the subpoena. *Id.* at 8. (citing *Dominion Resources Servs., Inc. v. Alstom Power, Inc.*, 2017 WL 3575892, at \*5–6 (D. Conn. Aug. 18., 2017)). To that end, Thompson argues that plaintiffs have taken "significant steps" to reduce both the burden and expense of deposition: Offering to take the deposition well after the subpoena notice date, a concession made in hopes that the pertinent privilege motions would have been resolved, and offering to take the deposition virtually via Zoom. *Id.* at 7 (citing Fed. R. Civ. P. 45(d)(1) (requiring the party issuing a subpoena to take "reasonable steps to avoid imposing an undue burden or expense").

Beyond that, neither resolution of the underlying privilege issues, nor control over the deadline for the close of discovery, fall within the Court's control. Given these considerations, there is an obvious handicap to a more fulsome resolution of these issues in this forum.

---

[3] In its supporting brief, Redwire parrots PWC's arguments, reiterating that nearly all topics listed in the deposition subpoena relate to information that it asserts are privileged, and that a second deposition would likely be needed following resolution of the underlying privilege questions. *See* Def. Mem., at 11–12.

At any rate, courts in the Second Circuit express a "discernable preference" for affording litigants the opportunity "to bind a corporate entity through Rule 30(b)(6) testimony." *See In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Porftfolio*, No. 20-MC-418 (CS)(JCM), 2021 WL 3829991, at *14 (S.D.N.Y. Aug. 27, 2021), *aff'd sub nom, In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio*, No. 20-MC-418 (CS) (JCM), 2021 WL 5498283 (S.D.N.Y. Nov. 23, 2021). In the context of a non-party corporation, this preference is, of course, balanced against Rule 45(d)'s "mandate" that a subpoena be quashed where it subjects the entity to an undue burden. *See Wultz v. Bank of China Ltd.*, 293 F.R.D. 677, 680 (S.D.N.Y. 2013). The rules of decision look to an evidentiary showing by the parties permitting the Court to balance the burden to be borne by the deponent with the litigation needs of the party or parties seeking discovery. Here, PwC presents little evidence that plaintiffs ought to be categorically precluded from obtaining all relevant, non-privileged information central to their fraud claim, and from which defendant presently holds near unilateral access. *See S.E.C. v. Rajaratnam*, 622 F.3d 159, 182 (2d Cir. 2010) (explaining that one party's "unilateral access to this information in preparing for trial would surely be prejudicial.").

To the extent PwC rests its motion to quash on claims of privilege, those claims, at best, are hinged to matters *sub judice* in Florida. No such claims have been submitted for resolution here and its interposition of such claims falls flat as a basis to quash the subpoena. *See Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17 CV 2802 (ILG)(LB), 2018 WL 10517073, at *2 (E.D.N.Y. Feb. 23, 2018); *Edebali v. Bankers Standard Ins. Co.*, No. 14-CV-7095 (JS)(AKT), 2017 WL 3037408, at *8 (E.D.N.Y. July 17, 2017). In any case, "privileged material is outside the valid scope of the subpoena," meaning that "the subpoena may not be quashed on the basis that it requires disclosure of privileged or other protected matter." *Lynch v. City of New York*, No. 16-CV-7355 (LAP), 2021

5

WL 5140728, at *5 (S.D.N.Y. Nov. 4, 2021) (quotations omitted).

The thrust of PwC's privilege argument hangs on the out-of-circuit ruling in *In re Subpoena to Wang*. There, the court balanced the risks of "deposition questions encroaching on privileged material" and the risk of a "second deposition" by adopting the "narrowest of modifications"—delaying the deposition until the underlying privilege issues are resolved. *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D.D.C. 2016). Critically, plaintiff in *In re Subpoena to Wang* made no showing that it would be "prejudiced in the underlying [] action by delaying [the] deposition." Here, in stark contrast, Thompson has shown that should discovery run without resolution of the underlying privilege issues, defendants "unilateral access" to information relevant to the scienter element of plaintiffs' fraud claim would "surely be prejudicial." *See Rajaratnam*, 622 F.3d at 182. In short, the deposition should proceed as to relevant, non-privileged information.

Stripping the privilege concerns, all that stands of PwC's argument is that a second deposition would be unduly burdensome. While "special weight" may be afforded to PwC based on its status as a non-party, that is "not determinative." *Lynch v. City of New York*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *6 (S.D.N.Y. Nov. 4, 2021). Moreover, Thompson has taken significant steps to mitigate any undue burden, for example, by offering to take the deposition virtually, and the potential for a second deposition is insufficient to forestall discovery. *See* Fed. R. Civ. P. 45(d)(1). PwC's motion to quash or modify the deposition subpoena is denied.[4]

---

[4] Separately, PwC has moved for a protective order that is the mirror image of its motion to quash the subpoena. Rather than quash, the adjunct motion seeks to delay the deposition pending resolution of the privilege motions that are now sub judice in the main action pending in the Middle District of Florida. The same reasoning that supports denial of the motion to quash supports denial of the protective order. PwC seeks to delay the taking of the same depositions. The fact that a second or renewed deposition may be required after the privilege motions are decided is not unduly burdensome, and PwC has not carried its burden to show otherwise. *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 Fed.Appx. 504, 505 (2d Cir. 2011) (explaining that the party seeking

Conclusion

For the reasons set for above, PwC's motion to quash or modify the subpoena and for protective order is denied. The timing and any other arrangements relating to the subject deposition shall be coordinated through the Hon. Timothy J. Corrigan, United States District Judge for the Middle District of Florida, who is assigned to the underlying case.


So Ordered.

Dated:   Brooklyn, New York
         July 26, 2024


                                        /s/ Eric N. Vitaliano
                                    _____
                                        ERIC N. VITALIANO
                                        United States District Judge

---

protective order must establish good cause for such an order (citing Fed. R. Civ. P. 26(c)(1)(C))). Accordingly, the motion for protective order is denied.