UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>      v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>                  Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF JARED THOMPSON'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS TO LEAD PLAINTIFF'S THIRD-PARTY SUBPOENA DIRECTED TO PWC** |

In the face of Lead Plaintiff seeking to reschedule the deposition of PricewaterhouseCoopers LLP ("PwC") within the current discovery cutoff, after a separate court denied PwC's motion to quash (supported by Defendants), Defendants once again seek to delay and obstruct the deposition with a completely unnecessary motion for a protective order ("Motion") (ECF No. 197). Defendants never moved for a protective order in May 2024 when supporting PwC's prior motion, and Defendants' new motion provides no good cause for considering a protective order now, relying on arguments previously raised by PwC and rejected. *See* ECF No. 197-4.

- 1 -

**A. The Eastern District of New York Has Already Held That Purported Privilege Claims Should Not Delay the Deposition.**

PwC previously filed a motion to quash or modify the subpoena and for a protective order in the Eastern District of New York.  *See* ECF No. 197 at 4.  Redwire filed a supporting brief, which "parrot[ed]" PwC's arguments and "reiterat[ed] that nearly all topics listed in the deposition subpoena relate to information that it asserts are privileged." *See* ECF No. 197-4 at 4 n.3.  The court denied PwC's motion on July 26, 2024.  *Id.*

**B.  Defendants Have No "Good Cause" For Their Protective Order.**

Under Federal Rule of Civil Procedure 26(c), Defendants need to establish "good cause" for their protective order.  They fail to do so.

**1.  Hypothetical Concerns About Privilege Are Not Good Cause for a Protective Order.**

Defendants assert that Topics 3-16 of the 30(b)(6) notice to PwC "relat[e]" to work product.  *See* ECF No. 197 at 8. To start, it is not clear that Topics 3-8 – which address PwC's audit of Redwire as related to key issues in the case – address work product. *Id.*  The Court has only ruled that the Audit Committee investigation itself is protected by work product. *See* ECF No. 174 at 3-4.  The Court has not ruled whether PwC's audit concerning "audit risks, misstatements, control deficiencies, internal controls over financing reporting, material audit adjustments, remediation needs and efforts, 'tone at the top,' or the performance of Defendant Read,

Defendant Cannito, or other senior executives" touch on Defendants' work product. *See, e.g.,* Topic 3 (ECF No. 197-1 at 16).

At most, for Topics 3-8, Defendants are raising *hypothetical* privilege concerns before Lead Plaintiff has even asked one deposition question. *See* ECF No. 197 at 8-9. Courts in the Eleventh Circuit recognize speculative concerns are not sufficient for a protective order because the "proper mechanism for making [privilege] determinations is *after* the deposition has been conducted and the Court has the benefit of a transcript of questions and answers." *See F.D.I.C. v. Brudnicki,* 2013 WL 5814494, at *4 (N.D. Fla. Oct. 29, 2013) (denying protective order based on party's privilege concerns) (emphasis in original). Nor have Defendants established why asserting privilege objections at the deposition cannot protect their interests. *See* ECF No. 197 at *passim*; *see also Giannerini v. Embry-Riddle Aeronautical Univ., Inc.,* 2024 WL 184252, at *2 (M.D. Fla. Jan. 17, 2024) (denying protective order brought on privilege grounds because "[d]efendant fails to demonstrate why such objections would not properly be asserted at deposition"). Defendants offer no good cause for a protective order as to Topics 3-8.

Furthermore, the Court's recent order on work product does not necessarily change the scope of requested testimony under Topics 9-16, which concern PwC's role in the Audit Committee investigation. *See* ECF No. 197-1 at 17-18. Defendants' motion ignores that *facts* are not protected by work product, and the topics seek

testimony on, among other things, the facts considered by PwC in their review of the investigation. *See* Topic 13 (ECF No. 197-4 at 17); *see also Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) ("The work-product doctrine does not protect factual *information* from disclosure" and "a party may propound interrogatories and take depositions to obtain the sought-after factual information.") (emphasis in original). These facts are discoverable from PwC even if the only source of the facts came from the Audit Committee investigators. *See, e.g., Basulto v. Netflix, Inc.*, 2023 WL 3197655, at *15 (S.D. Fla. May 2, 2023) (rejecting argument that facts were not discoverable because they "were gathered by counsel during their investigation of Plaintiffs' claims").[1]

Defendants even concede that Topics 3-16 are not entirely privileged, and their motion "does not seek to preclude PwC's testimony to the extent PwC is able to testify as to these Topics without disclosing such privileged information[.]" *See* ECF No. 197 at 9. And Defendants recognize that "finding such boundaries may require a back-and-forth during the deposition as to the source of PwC's potential testimony." *Id.* Yet, despite these concessions, Defendants still seek to delay the deposition while seeking a belated second bite at the apple after PwC's failure to

---

[1] *See also* Fed. R. Civ. P. 26(b)(3) Advisory Comm. Note (1970) ("No change is made in the existing doctrine, noted in the *Hickman* case, that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable.").

quash the notice. It is not clear what grounds the Court can draw *ex ante* "based upon speculation as to what questions will be asked." *See Brudnicki*, 2013 WL 5814494, at *4. The Court should not deviate from normal practice – *i.e.,* make privilege determinations with the benefit of a deposition transcript – and deny the protective order based on Defendants' hypothetical privilege grounds.[2]

## 2. Lead Plaintiff Seeks Relevant Information from PwC.

Defendants also seek the protective order based on relevance. *See* ECF No. 197 at 10-11. But Defendants fail to specify what aspects of Topics 3-8 are irrelevant aside from conclusory statements that PwC's audit process is not "relevant" and that PwC's "audit is not at issue[.]" *Id.* at 10. As noted above, Topics 3-8 do not seek testimony on every aspect of PwC's audit, but rather specific issues relevant to the litigation, including "tone at the top," control deficiencies, internal controls over financial reporting, and remediation efforts. *See supra* at 2-3. Indeed, one topic concerns specific documents PwC already produced in response to Lead Plaintiff's subpoena, belying Defendants' claims of irrelevance. *See* Topic 4 (ECF No. 197-4 at 16).

Defendants also claim that testimony regarding other senior executives is

---

[2] None of Defendants' cited cases (*see* ECF No. 197 at 8) support granting the protective order on speculative privilege assertions. *See Jackson v. United States*, 2009 WL 2436577, at *3-5 (M.D. Fla. Aug. 6, 2009) (court did not address privilege objections to deposition and denied request for protective order); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (not deciding protective order based on privilege assertions).

irrelevant because only Cannito and Read are named as individual Defendants. *See* ECF No. 197 at 11. But Defendants ignore that Redwire itself is a named defendant and Defendants' disclosures identify "senior management." ECF No. 47, ¶ 75. Regardless, relevance for discovery purposes cannot be limited to the "issues raised by the pleadings." *See Lesti v. Wells Fargo Bank NA*, 2013 WL 12358008, at *5 (M.D. Fla. July 30, 2013); *see also City Beverage-Illinois, LLC v. Vital Pharms., Inc.*, 2022 WL 3136953, at *3 (S.D. Fla. Mar. 31, 2022*)* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)) (noting "discovery is not limited to issues raised by the pleadings or the merits of the case").

Regardless, any objections to relevance can be addressed after the deposition and are not proper grounds for a protective order. *See, e.g., Boukardougha v. Bank of Am., N.A.*, 2023 WL 6280439, at *2 (M.D. Fla. Sept. 26, 2023) ("At the discovery stage, relevancy is construed broadly. Defendant's relevancy objections can be addressed after the deposition on a topic-by-topic basis.").

None of Defendants' cited case law warrants a different result given the nature of the subpoena at issue, the information requested, or the fact that the court denied a motion for protective order brought on relevance grounds. *See* ECF No. 197 at 5-8 (citing *Auto-Owners Ins. Co.*, 231 F.R.D. at 430 (M.D. Fla. 2005) (court narrowly granted protective order regarding discovery on financial records, but allowed testimony on "non-parties' corporate structure, corporate governance, and the

relationship of the corporations to Defendants"); *Skyline Steel LLC v. J.D. Fields & Co., Inc.*, 2015 WL 13358183, at *1-2 (M.D. Fla. Nov. 24, 2015) (addressing non-party document subpoenas related to narrow issue of whether plaintiff pled "with particularity the reasonable efforts it took to maintain the secrecy or confidentiality of its alleged trade secrets"); *Cornett v. Lender Processing Servs., Inc.*, 2012 WL 5305990, *1 (M.D. Fla. Oct. 29, 2012) (rejecting party's relevance objections and denying motion for protective order); *Nathai v. Fla. Detroit Diesel-Allison, Inc.*, 2009 WL 2424570, at *2 (M.D. Fla. Aug. 5, 2009) (finding defendant "has failed to demonstrate good cause for the issuance of a protective order" based on relevance objections); *Kwalwasser v. New York Life Ins. Co.*, 2007 WL 9723881, at *2 (M.D. Fla. June 14, 2007) (denying motion to quash subpoena because "the temporal scope of the request for documents is reasonable and appropriate"); *United States v. Sand Lake Cancer Ctr.*, 2017 WL 10276863, at *1-2 (M.D. Fla. May 18, 2017) (addressing document subpoena and noting the court must "consider the proportionality concerns relating to electronically stored information"); *Merlin Petroleum Co., Inc. v. Sarabia*, 2016 WL 9244728, at *1 (M.D. Fla. Aug. 4, 2016) (granting motion to quash based on violation of Rule 45(c)(2)).

## C. Conclusion

For the reasons stated herein, the Court should deny Defendants' motion for

a protective order.

Dated: October 1, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*