UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ,<br><br>        Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF JARED THOMPSON'S REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL PRODUCTION OF ALLEGED WORK PRODUCT (SUBSTANTIAL NEED)** |

***Defendants' Procedural Objections Lack Merit.*** Defendants cannot credibly claim that prior to LP's motion ("Mot.") (ECF No. 177), LP did not "identify" the materials he sought. ECF No. 186 ("Opp.") at 8. LP's August 21, 2024 email specifically states the motion concerned the "documents reviewed by King & Spalding and KPMG, witness interview notes and memoranda, and any other materials underlying the investigation." ECF No. 186-7 at 3. Defendants even explicitly declared an "impasse" on this issue. ECF No. 186-6. at 4. LP has also not evaded any page limits. Opp. at 9-10. This motion and the waiver motion rest on distinct legal theories because "waiver is a totally separate basis from 'substantial

- 1 -

need' for obtaining work product.'" *See Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 488 n.14 (W.D. Tex. 2020).[1]

***Defendants' Discovery Efforts Were Not Adequate***. Defendants' search terms were plainly deficient even when not relying on exact language from public disclosures. Opp. at 10-12. For example, Defendants only agreed to search "Read w/10 (separat* or terminat*)," which would not identify any documents concerning Read's possible resignation or firing. ECF No. 179-3 at 4. The opposition also does not address Defendants' defective TAR proposal, which offered no guarantees the SEC presentation documents would be produced, given that nearly 1/3 of the documents would not have been collected for review, let alone for production. Mot. at 15. The proposal was also not iterative and was trained solely on their inadequate initial production, guaranteeing no more than the same. *Id.* at 17-18.

***LP's Substantial Need Is Buttressed by Defendants' Opp***. Contrary to Defendants' assertion, the Audit Committee investigation materials are "highly important to this case" (Opp. at 14). Defendants now state they will rely on the SEC investigation presentations in their defense, which contain Audit Committee investigation materials, evidence, and conclusions. *See* Defendants' Second Rule 26

---

[1] Defendants' cases are also inapposite, as they address the context of multiple *summary judgment* motions, not discovery motions like the ones at issue here. Opp. at 10 (citing cases). Nor do Defendants cite any authority finding that a declaration from counsel providing necessary facts is a means to evade page limits. *Id.*

Disclosures (Sept. 6, 2024), ECF No. 187-7 at 6. Having opened the door by relying on the conclusions for their defense, LP is entitled to the entire basis of each conclusion, including Defendants' knowledge of the inappropriate "tone at the top." *See* ECF No. 175, Ex. I at RDW-0012566, -12569; Mot. at 18-24. Defendants' reliance on *Travelers Cas. & Sur. Co. of Am. v. Grace & Naeem Uddin, Inc.*, 2009 WL 10667831, at *3 (S.D. Fla. Oct. 23, 2009) is misguided, as the case involved the production of unredacted invoices, not undisclosed investigative material. *Id.* Nevertheless, the *Travelers'* court ordered the production of unredacted invoices because the party asserting privilege intended to rely on the invoices. *Id.* at *4. Defendants similarly will rely on conclusions supported by privileged materials.

Defendants' claim that the underlying facts remain discoverable is an empty gesture. Opp. at 15. They object on burden to produce anything beyond the narrow confines of TAR trained on their prior inadequate production. Mot. at 11-13, 17-18. Defendants' deficient document production (*see* Kathrein Decl. (ECF No. 179), ¶¶ 21-22) limits the utility of fact depositions, as documents inform and streamline depositions, provide unfiltered evidence, contain information parties fail to recall or disclose, and are essential for impeachment and cross-examination.[2] Further, this

---

[2] The claim that LP could gather the underlying facts through depositions is also belied by Defendants' motion for a protective order concerning the PricewaterhouseCoopers LLP ("PwC") 30(b)(6) deposition, where Defendants assert work product over proposed testimony that would address facts considered by PwC in their "review" of the investigation.  *See* ECF No. 197 at 8-10.

case is over three years old, and thus depositions "cannot reveal the same detail" as interviews conducted "when the witnesses' memories were fresh." *See SEC v. Vitesse Semiconductor Corp.*, 771 F. Supp. 2d 310, 314 (S.D.N.Y. 2011). Responses to interrogatories and requests for admissions can be carefully crafted to avoid full disclosure and do not capture nuances or context present in original documents.

Defendants' case law is inapposite. Opp. at 15-16. In *SEC v. Herrera*, 324 F.R.D. 258, 266-67 (S.D. Fla. 2017), the party claiming substantial need had all of the underlying documents related to the requested witness interview documents not waived through "oral downloads" to the SEC. LP does not have all the underlying documents reviewed by the investigators related to the SEC presentations. *Stern v. O'Quinn*, 253 F.R.D. 663, 685-86 (S.D. Fla. 2008) involved material that had lacked "significance" as to the determination of actual malice, the dispositive issue in the case. The withheld investigation materials bear on Defendants' knowledge of inappropriate "tone at the top," a central determination for their liability. Defendants' case law also does not support LP's lack of undue hardship, given the substantive meet and confers between the parties and Defendants' obstructive and deficient discovery efforts to date (Mot. at 6-15). *See Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984) (no undue hardship where party failed to request "names and addresses" of witnesses interviewed); *Leberman v. Bd. of Pardons & Paroles*, 2020 WL 12991595, at *2 (N.D. Ala. Oct. 8, 2020) (rejecting

- 4 -

plaintiff's argument of undue hardship provided without any support).

***Burden and Proportionality Objections Do Not Preclude Production.***

Defendants falsely claim that LP did not address burden and proportionality. Opp.

at 20. Not true. Mot. at 6-9, 15-25. More important, Defendants make no showing

why producing the known documents already collected and reviewed by the

investigators is more burdensome and disproportionate compared to reviewing over

200,000 documents under their proposal, particularly when their defense will rely

on the presentations to the SEC. *See* ECF No. 179, ¶¶ 20, 40; *supra* at 2-3.

Dated: October 4, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*