UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITON CORP., PETER CANNITO, and WILLIAM READ, <br><br> Defendants. | Case No. 3:21-cv-01254-TJC-PDB <br><br> <u>CLASS ACTION</u> <br><br> **LEAD PLAINTIFF JARED THOMPSON'S REPLY IN SUPPORT OF SANCTIONS MOTION** |

***Defendants' Procedural Objections Lack Merit.*** Defendants' assertion that

Lead Plaintiff ("LP") did not adequately meet and confer (ECF No. 187 ("Opp.") at

6-7) ignores LP's July 23, 2024 letter, where LP laid out Defendants' sanctionable

conduct and what LP sought to avoid Court intervention, and led to substantive meet

and confers. *See* Ex. T at 12-15, 17-19; ECF No. 179, ¶¶ 36-48. That Defendants

purportedly "resolved or provided paths to resolve many of these issues" does not

warrant striking the motion. Opp. at 7. None of Defendants' "resolutions" –

including limited additional questioning of Daniel Gievers and amended discovery

responses and privilege logs (*see, e.g.,* ECF No. 187-4 at 5-9) – address LP's *ex*

- 1 -

*ante* prejudice and impairment of discovery efforts based on Defendants' conduct.[1]

ECF No. 178 ("Mot.") at 5 (citing *Roca v. Alphatech Aviation Servs., Inc.*, 2013 WL

12333471, at *3 (S.D. Fla. June 19, 2013)).

***Sanctions Are Warranted Under Rules 26 and 37.*** Defendants emphasize

their good faith efforts in discovery to argue against sanctions. Opp. at 7-18. But bad

faith is not a requirement for sanctions. Mot. at 12-13 (citing cases). Nor is

Defendants' conduct substantially justified, as their arguments reveal contradictory

and inconsistent positions. Opp. at 19. For example, Defendants have simultaneously

claimed Redwire anticipated a potential SEC enforcement action to support work

product assertions, stated they were "unaware" of any government investigations in

response to a specific document request, and for the first time in the opposition brief,

justified redacting "SEC" from their privilege log based on Redwire's and the SEC's

purported common interest. *Id.* at 8, 12, 15.[2] There is no substantial justification for

Defendants' conduct when they characterize the SEC as friend, foe, or uninvolved

depending on the context of what they need to argue to prevent LP's discovery into

---

[1] *Lennen v. Marriott Ownership Resorts, Inc.*, 2019 WL 13023804, at *3 (M.D. Fla. Sept. 16, 2019) does not support Defendants' conferral argument, as the plaintiff in that case made little effort to meet and confer on search terms before seeking sanctions based on a document request. Opp. at 7.

[2] Defendants' cases do not support a common interest between Redwire and the SEC because they involved companies with a confidentiality agreement or final consent judgment with the SEC, circumstances not present here. *In re Cardinal Health, Inc. Sec. Litig.*, 2007 WL 495150, at *9 (S.D.N.Y. Jan. 26, 2007); *In re Symbol Techs., Inc. Sec. Litig.*, 2016 WL 8377036, at *13 (E.D.N.Y. Sept. 30, 2016); ECF No. 187-4 at 5.

the Audit Committee investigation. Defendants also cannot justify their conduct by noting they have now amended discovery responses and privilege logs (Opp. at 20) because "belated supplementation" does not always cure Rule 26 violations. *See Engeling v. Bashlin Indus., Inc.*, 2018 WL 8996380, at *4 (N.D. Ga. Aug. 20, 2018).

As for harm (Opp. at 20-22), LP has not "had meaningful notice to prepare its case." *First Baptist Ferry Pass Inc. v. W. World Ins. Co.*, 681 F. Supp. 3d 1257, 1266 (N.D. Fla. 2023). The SEC presentations identified key documents, witnesses, and the investigation's conclusions and Defendants have now confirmed their reliance on them in their defense. *See* Defendants' Second Rule 26 Disclosures (Sept. 6, 2024), ECF No. 187-7 at 6. The failure to identify the presentations at the start of discovery (and eventually only a little over one month before the then pending discovery deadline—subsequently extended by three months) prejudiced LP by not having this critical information to guide discovery efforts. *See* Mot. at 19-21. That Defendants produced these presentations before the close of discovery is not dispositive because LP can only now raise issues, including waiver, that should have been addressed earlier. The untimely production also does not rectify the prejudice suffered by LP through conducting discovery without "the knowledge or benefit" of the materials.[3] *Id.* at 21 (citing *Kona Spring Water Distrib., Ltd. v. World Triathlon*

---

[3] Defendants cite distinguishable cases to argue lack of harm/prejudice (Opp. at 20-23). *See Jones v. Jones,* 2020 WL 9596787, at *3 (M.D. Fla. Dec. 4, 2020) at *3 (no prejudice caused by late disclosure of experts where plaintiff sought no extension of expert deadline and ignored

*Corp.*, 2007 WL 737624, at \*3 (M.D. Fla. Mar. 7, 2007).

   ***LP's Requested Relief is Proper*.** LP is entitled to the requested relief. Opp. at 23-30. *First*, exclusion of witnesses and documents not listed in Defendants' initial June 2023 disclosures is proper based on harm and prejudice suffered by LP. *See supra* at 3. Nor is the request premature, as Defendants claim (Opp. at 23), given their intent to rely on the SEC presentations in their defense. *Id. Second*, the late production of the SEC presentations represents "unjustifiable delay" or "inexcusable conduct" (Opp. at 26), meaning that if the Court does not grant LP's waiver motion (ECF No. 176), waiver as a sanction is appropriate. Mot. at 21-22; *supra* at 2-3. *Third*, LP is not seeking to strike *all* affirmative defenses (Opp. at 27), just good faith and lack of scienter defenses that will depend on the improperly withheld SEC presentations and underlying documents. Mot. at 22. *Fourth*, Defendants argue an extension of discovery is unwarranted based on LP's lack of conferral and ample opportunity to complete discovery within the current deadline. Opp. at 29. But Defendants' obstruction and delay has shown otherwise, and such dilatory tactics should not be rewarded. Mot. at 6-12. This Court has inherent authority to "control its docket [and] manage its own affairs to achieve the orderly and expeditious disposition" of this case. *Williams v. Geo Grp., Inc.*, 2022 WL 848037, at \*7 (S.D.

---

defendants' deposition scheduling offer); *Berryman-Dages v. City of Gainesville*, 2012 WL 1130074, at \*4 (N.D. Fla. Apr. 4, 2012) (party admitted that importance of untimely disclosed documents was "unclear").

Fla. Mar. 21, 2022). The Court can extend the discovery deadline to cure LP's harm.

*Durden v. Citicorp Tr. Bank, FSB*, 2008 WL 11318338, at \*7 (M.D. Fla. Nov. 25, 2008) (reopening discovery to remedy harm from untimely expert report).[4]

Dated: October 4, 2024

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*

---

[4] Defendants' cases are inapposite. Defendants cite *Friedman v. Ace Ins. Co.*, 2023 WL 11256678, at \*1-2 (M.D. Fla. Aug. 1, 2023) to show the prematurity of LP's request to exclude witnesses and documents not listed on Defendants' June 2023 initial disclosures (Opp. at 24), but that case did not involve untimely discovery that was later confirmed to be part of the producing party's defense. *Payne v. Seminole Elec. Coop., Inc.*, 2020 WL 7324683, at \*4 (M.D. Fla. Dec. 11, 2020) (Opp. at 26) denied waiver as a sanction where a party filed a privilege objection six days after the deadline.  Here, Defendants withheld the plainly responsive SEC presentations for over a year, impairing LP's discovery efforts. Finally, the party in *Palma v. Fla. Neurological Ctr. LLC*, 2011 WL 6153601, at \*4 (M.D. Fla. Sept. 7, 2011) that sought to strike a defense conceded a benefit from the delay in receiving the discovery at issue. LP makes no such concession.