# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

JED LEMEN, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,

        Defendants.

Case No. 3:21-cv-01254-TJC-PDB

CLASS ACTION

**LEAD PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR DETERMINATION OF PRIVILEGE AND MOTION TO COMPEL PRODUCTION OF WAIVED PRIVILEGED MATERIALS**

**REDACTED PUBLIC VERSION**

***Defendants' Procedural Objections Lack Merit.*** Defendants' assertion that Lead Plaintiff ("LP") did not adequately meet and confer (ECF No. 185 ("Opp.") at 3-4) ignores LP's July 23, 2024 letter, where LP detailed the sought after documents based on Defendants' waiver, and led to substantive meet and confers. *See* Ex. T at 7-9; ECF No. 179, ¶¶ 36-48. Defendants even explicitly declared an "impasse" on this issue. ECF No. 185-3 at 3-4. Nor has LP evaded any page limits. Opp. at 4-5. This motion and the substantial need motion rest on distinct legal theories because "waiver is a totally separate basis from 'substantial need' for obtaining work product.'" *See Doe 1 v. Baylor Univ.,* 335 F.R.D. 476, 488 n.14 (W.D. Tex. 2020).[1]

---

[1] Defendants' cases are also inapposite, as they address the context of multiple *summary*

- 1 -

Finally, LP seeks consideration of new evidence (as is proper under Defendants' cited authority). Opp. at 5-6. Defendants' delayed production is the reason why the SEC presentations were not part of the record when the Court issued its order and refute their account of the investigation's purpose. ECF No. 176 ("Mot.") at 18-21. A court may "reconsider and amend interlocutory orders at any time before final judgment." *See Harper v. Lawrence Cnty., Ala.,* 592 F.3d 1227, 1231 (11th Cir. 2010); *see also* Fed. R. Civ. P. 54(b).

***Defendants' Selective Disclosure of Documents to SEC Waived Privilege.*** Defendants argue against a broad subject matter waiver by noting they produced all documents identified in the SEC presentations and asserting that fairness does not require anything else. Opp. at 6-10. Defendants, however, disclosed more than just the documents cited in the SEC presentations, but also revealed the investigation's findings and conclusions. *See* ECF No. 175, Ex. I at RDW-0012566. Defendants have now amended their initial disclosures to state explicitly they will rely on these presentations for their defense.[2] *See* Second Rule 26 Disclosures (Sept. 6, 2024),

---

*judgment* motions, not discovery motions like the ones at issue here. Opp. at 5 (citing cases). Nor do Defendants cite any authority finding that a declaration from counsel providing necessary facts is a means to evade page limits. *Id.*

[2] None of the cases cited by Defendants to contest a broad subject matter waiver (Opp. at 8-9) fit the facts here, where Defendants intend to rely on an investigation's conclusions but have produced only a subset of the documents supporting those conclusions. *See Pittman v Frazer*, 129 F.3d 983, 987-88 (8th Cir. 1997) (party relied on photographs from investigator file); *Betz v. Fed. Home Loan Bank of Des Moines*, 2022 WL 18777440, at *4 (S.D. Iowa July 12, 2022) (party relied on one communication "that described limited aspects" of the report); *Benson v. City of Lincoln*, 2022 WL 426563, at *10 (D. Neb. Feb. 11, 2022) (investigation's conclusions did not support

ECF No. 187-7 at 6. Defendants have thus provided a "selective and misleading presentation of evidence" as LP only has the cherry-picked documents shared with the SEC that partially supported the investigator's conclusions, not the full set of documents they reviewed and analyzed for those conclusions (or perhaps discussed in oral presentation). Mot. at 13-16. LP needs these materials to fully test the conclusions Defendants will use in their defense.[3]

***Defendants Confuse the State of Mind At Issue.*** Defendants argue that by relying on the SEC presentations, they did not place their state at mind at issue because the alleged misstatements occurred months prior to the commencement of the investigation. Opp. at 11. But the privileged communications investigated just that – their state of mind pre-investigation. Even if the evidence were developed later, it is highly relevant to assessing Defendants' scienter. *See United States v. ISS Marine Servs., Inc.* 905 F.Supp.2d 121, 139 (D.D.C. 2012) (finding report summarizing investigation would provide evidence of "when the company became aware of any potential overpayments," an issue at the "heart of the case").

---

affirmative defense); *United States v. Treacy*, 2009 WL 812033, at *2 (S.D.N.Y. Mar. 24, 2009) (holder of privilege not party to action); *Paramount Fin. Commc'ns, Inc. v. Broadridge Inv. Commc'n Sols., Inc.*, 2016 WL 5404462, at *3-4 (E.D. Pa. Sept. 28, 2016) (no waiver when party did not object to document based on privilege at deposition).

[3] Despite the fact the investigators provided oral "characterizations" of the witness interviews to the SEC, Defendants assert they do not need to provide the underlying notes and memoranda because "there is no indication that such characterizations" were related to any notes. Opp. at 8-9 n.7. But Defendants only speculate that the "characterizations" of the witness interviews did not rely on the underlying notes and/or memoranda, distinguishing their cited case law. *Id.*

Defendants further contest waiver because they did not rely on the investigation or advice of counsel therein and the defenses just deny elements of LP's claims. Opp. at 11-13. This argument confuses the issue. Defendants relied on the investigation to make disclosures to the public, and Defendants have stated their intent to rely on these SEC presentations and SEC filings in their defense. Mot at 6-7. Absent access to the undisclosed investigation materials, Defendants would have an insurmountable tactical advantage to assert their good faith and scienter defenses.[4]

***Newly Produced Evidence Undermines Defendants' Privilege Claims.*** Defendants dispute that the SEC presentations contradict their prior privilege assertions. Opp. at 14-19. Not so. ██████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████████ Mot. at 19-21.

***Burden and Proportionality Objections Do Not Preclude Production.***

---

[4] None of Defendants' case law (Opp. at 12-13, 12 n.9) warrants a different result on this state of mind issue, as Defendants will rely on the SEC presentations in their defense. *See Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners Assoc., Inc.*, 2024 WL 3607894, at *5 (N.D. Fla. July 9, 2024) (party invoking privilege was not party who put privileged information at issue); *Siegmund v. Xuelian Bian*, 2018 WL 3725775, at *12 (S.D. Fla. Aug. 1, 2018) (counsel confirmed defendants would not rely on of advice from counsel); *Blake v. Batmasian*, 2017 WL 10059251, at *11 (S.D. Fla. Oct. 5, 2017) (defendants were not "seeking to assert good faith" while "withholding [privileged] communications which relate to facts underlying" the defense); *Butterworth v. Lab'y Corp. of Am. Holdings*, 2010 WL 11470895, at *6 (M.D. Fla. Dec. 2, 2010) (defendant did not intend to rely upon deposition testimony "referencing" conversations with counsel); *In re Hillsborough Holdings Corp.*, 176 B.R. 223, 241 (MD. Fla. 1994) (appellees did not raise "good faith" defense).

Defendants falsely claim that LP did not address burden and proportionality. Opp. at 20. But this motion and other accompanying motions demonstrate that the importance of the requested materials outweigh any burden. Mot. at 13-17; ECF No. 177 at 6-9, 15-25. Specifically, Defendants cannot rely on the SEC presentation as part of their defense while claiming the findings and conclusions reflected therein are minimally relevant and not proportional to the needs of the case. *Id.* Defendants also fail to show why producing known documents already collected and reviewed by the investigators is more burdensome and disproportionate compared to reviewing over 200,000 documents under their proposal. ECF No. 179, ¶¶ 20, 40.

Dated:  October 4, 2024

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Respectfully submitted,

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com
*Liaison Counsel for Lead Plaintiff*