# EXHIBIT 1

Docusign Envelope ID: 53F4D348-F3DF-4FE5-8289-7BD667FD6F66

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. |  |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, |  |
| Defendants. |  |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement, dated as of November 15, 2024 (the "Stipulation") is entered into between (a) Lead Plaintiff Jared Thompson ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); (b) and Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire" or the "Company"), Peter Cannito, and William Read (the "Individual Defendants," and together with Redwire, the "Defendants," and together with Lead Plaintiff, the "Parties"). This Stipulation embodies the terms and conditions of the settlement of

the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      On December 17, 2021, plaintiff Jed Lemen filed a class action complaint the United States District Court for the Middle District of Florida (the "Court"), styled *Jed Lemen v. Redwire Corporation f/k/a Genesis Park Acquisition Corp., Peter Cannito, and William Read*, No. 3:21-cv-01254.

B.      By Order dated March 17, 2022, the Court appointed Jared Thompson as Lead Plaintiff. ECF No. 36.

C.      By Order dated April 4, 2022, the Court appointed Steve Berman, Reed Kathrein, and Lucas Gilmore of Hagens Berman Sobol Shapiro LLP as Lead Counsel. ECF No. 43.

D.      On June 17, 2022, Lead Plaintiff filed the First Amended Complaint (the "Complaint"). ECF No. 47. The Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

under Section 20(a). Among other things, the Complaint alleged (i) Defendants made or caused to be made a series of materially false and/or misleading statements about the Company's senior management and their purported commitment to being honest and principled with respect to Redwire's internal controls over its accounting, financial reporting, and ethics; (ii) Defendants' disclosures of receipt of a whistleblower complaint relating to accounting issues, an investigation into the complaint to be conducted by the Audit Committee and corresponding delay in reporting financial results, and months later, the Audit Committee's determination that "certain members of senior management failed to consistently message and set certain aspects of an appropriate tone at the top," negatively affected the value of the Company's securities; and (iii) Defendants' materially false and/or misleading statements during the Class Period resulted in Lead Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices. Defendants have vigorously denied and continue to vigorously deny all of these allegations.

E.    Defendants moved to dismiss the Complaint on August 16, 2022. ECF No. 48. Lead Plaintiff filed his papers in opposition to the motion to dismiss on October 17, 2022. ECF No. 58. On November 14, 2022, Defendants filed their reply papers. ECF No. 60.

F.    On March 22, 2023, the Court denied Defendants' motion to dismiss the Complaint. *See Lemen v. Redwire Corp.*, 2023 WL 2598402 (M.D. Fla. Mar. 22, 2023).

G.    Defendants thereafter filed their Answer to the Complaint on April 21, 2023. ECF No. 68.

H.    Formal fact discovery commenced in May 2023. The Parties exchanged initial Rule 26 disclosures, and Lead Plaintiff served fifty-seven (57) document requests and four (4) interrogatories with multiple subparts.  In response to the initial document requests, the Parties negotiated an ESI protocol and protective order, and thorough discovery commenced. Defendants produced over 1,700 documents. In September 2024, Lead Plaintiff served additional interrogatories and document requests to Defendants and noticed fact depositions.  The Parties agreed to settle the Action before the deadlines for discovery responses and dates for the depositions.

I.    Lead Plaintiff also issued document subpoenas to four (4) third-parties, which resulted in additional document discovery.  Lead Plaintiff served three (3) deposition notices to third-parties, and took the deposition of the whistleblower prior to the Settlement.

J.    Lead Plaintiff himself produced documents, sat for a deposition, and provided responses to interrogatories and requests for admission.

K.    Over the course of discovery, the Parties filed multiple discovery briefs.
The Court ruled on such motions finding in certain instances in favor of Defendants
and other instances in favor of Lead Plaintiff. The Parties subsequently filed
additional motions that remained pending at the time of settlement which the Parties
have since withdrawn.

L.    On January 19, 2024, Lead Plaintiff filed his Motion for Class
Certification, Appointment of Class Representative, and Appointment of Class
Counsel. ECF No. 85 (the "Certification Motion"). Lead Plaintiff offered the expert
opinion of Dr. Matthew Cain, Ph.D. in support of the Certification Motion. ECF No.
86-1.  On April 24, 2024, Defendants filed their opposition to the Certification
Motion.  ECF No. 129. Defendants offered the expert opinion of Dr. Andrew Roper,
Ph.D. in support of their opposition to the Certification Motion.  ECF No. 129-5.
The Parties deposed the two experts offered in connection with the certification
briefing. The Parties filed additional briefs regarding class certification between July
and September 2024, including Lead Plaintiff's reply (ECF No. 159), Defendants'
sur-reply (ECF No. 170), and Lead Plaintiff's sur-sur-reply (ECF No. 182).  The
Parties also sought to exclude each other's experts. ECF Nos. 136, 160-161, 169,
171.  The Court had not ruled on the Certification Motion by the time the Parties
agreed to settle the Action.

M.      During the course of the litigation, the Parties engaged a third-party mediator, Gary S. Salzman, Esq. After the submission of comprehensive mediation statements and other materials, the Parties participated in a mediation via videoconference with Mr. Salzman on September 25, 2024. The Parties did not reach a resolution with Mr. Salzman at that time. Although no resolution was reached during the mediation, the Parties continued discussions.  On October 17, 2024, the Parties executed a confidential term sheet to settle the Action which memorialized the key terms of this Stipulation.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O.      Based upon their thorough investigation, vigorous prosecution and extensive mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Accordingly, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the

Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Claims Against Defendants as against the Defendants' Releasees and all Released Claims Against Lead Plaintiff as against the Lead Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action in the matter styled *Jed Lemen v. Redwire Corporation f/k/a Genesis Park Acquisition Corp., Peter Cannito, and William Read*, No. 3:21-cv-01254.

(b)      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(d)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant

or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(e)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(f)    "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(g)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(h)    "Complaint" means the First Amended Complaint filed on June 17, 2022 (ECF No. 47).

(i)    "Court" means the United States District Court for the Middle District of Florida.

(j)    "Defendants" means the Individual Defendants and Redwire.

(k)    "Defendants' Counsel" means Shutts & Bowen LLP.

(l)    "Defendants' Releasees" means all Defendants and any Persons or entities affiliated or connected with any of them, including all of their respective

current and former officers, directors, managers, employees, contractors, consultants, accountants, attorneys, experts, auditors, insurers, financial advisors, professional advisors, investment bankers, representatives, affiliated persons and entities, control persons, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, principals, agents, Immediate Family members, associates, partners, divisions, joint venturers, executors, trustees, trustors, administrators, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, or entities in which Defendants have a controlling interest.

(m)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(n)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(o)    "Escrow Agent" means The Huntington National Bank.

(p)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q)    "Excluded Claims" means (i) any claims of any Person or entity who or which submits a request for exclusion that is accepted by the Court; and (ii) any claims relating to enforcement of the Settlement.

(r)    "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(s)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph,

"spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(t) "Individual Defendants" means Peter Cannito and William Read.

(u) "Judgment" means the [Proposed] Order and Final Judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(v) "Lead Counsel" means Hagens Berman Sobol Shapiro LLP.

(w) "Lead Plaintiff" means Lead Plaintiff Jared Thompson.

(x) "Lead Plaintiff's Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including The Schall Law Firm ("Additional Counsel for Lead Plaintiff") and Buckner + Miles ("Liaison Counsel for Lead Plaintiff").

(y) "Lead Plaintiff's Releasees" means (i) Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, including Lead Plaintiff's Counsel, and all other Settlement Class Members, and (ii) each of their respective Immediate Family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers,

representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

(z)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any award to Lead Plaintiff approved by the Court.

(bb)    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(dd)  "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Settlement Class.

(ee)  "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(ff)  "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(hh)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1, as amended.

(ii)  "Redwire" means Redwire Corporation f/k/a Genesis Park Acquisition Corp.

(jj)  "Call Option(s)" means the call options on Common Stock during the Settlement Class Period.

(kk) "Common Stock" means Genesis Park Acquisition Corp. common stock ("GNPK") and Redwire Corporation common stock ("RDW") publicly traded on the New York Stock Exchange ("NYSE") during the Settlement Class Period.

(ll) "Class Securities" means the following securities publicly traded during the Settlement Class Period: (i) Common Stock; (ii) Warrants; (iii) Call Options; and (iv) Put Options.

(mm) "Put Option(s)" means the put options on Common Stock during the Settlement Class Period.

(nn) "Warrant(s)" means Genesis Park Acquisition Corp. warrants ("GNPK WS") and Redwire Corporation warrants ("RDW WS") publicly traded on the NYSE during the Settlement Class Period.

(oo) "Released Claims" means all Released Claims Against Defendants and all Released Claims Against Lead Plaintiff.

(pp) "Released Claims Against Defendants" means upon final judicial approval of the Settlement, Defendants and Defendants' Releasees shall receive a full, unconditional release from Lead Plaintiff and all members of the Settlement Class for any and all claims (including Unknown Claims as defined in ¶ 1(ccc)), liabilities, demands, damages, losses, rights, suits, matters, issues, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct,

individual, or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted against Defendants' Releasees in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, based upon, related to, or arising out of, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, and omissions or failures to act that are or could have been the subject of the Action, whether known or unknown (as defined in ¶ 1(ccc) relating to the purchase, acquisition, sale, disposition or holding of Class Securities during the Settlement Class Period. For avoidance of doubt, this release does not cover, include, or release claims relating to Excluded Claims.

(qq)   "Released Claims Against Lead Plaintiff" means upon final judicial approval of the Settlement, Lead Plaintiff and Lead Plaintiff's Releasees shall receive, at least, a full, unconditional release from Defendants and all members of the Settlement Class for any and all claims (including Unknown Claims as defined in ¶ 1(ccc)), liabilities, demands, damages, losses, rights, suits, matters, issues, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent,

direct, individual, or representative, of every nature and description whatsoever, under federal, state, foreign law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, based upon, related to, or arising out of, in whole or in part, directly or indirectly, in any way, to the institution, prosecution, or settlement of the claims against Defendants. For avoidance of doubt, this release does not cover, include, or release claims relating to Excluded Claims.

(rr)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Lead Plaintiff's Releasees.

(ss)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(tt)   "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(uu)   "Settlement Amount" means $8,000,000 in cash paid into the Escrow Account as stated in ¶ 8 herein.

(vv)   "Settlement Class" means all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive, (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options. Excluded from the Settlement Class are Defendants, the officers and directors of Redwire, at

all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

(ww)  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(xx)   "Settlement Class Period" means the period between March 25, 2021 and March 31, 2022, inclusive.

(yy)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(zz)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(aaa)  "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(bbb)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with

determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ccc)  "Unknown Claims": The Released Claims shall include claims that Lead Plaintiff, all members of the Settlement Class, and/or Defendants do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement ("Unknown Claims"). Lead Plaintiff and all members of the Settlement Class shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States or any other sovereign nation or territory, or principle of common law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted, which governs or limits a person's release of Unknown Claims; further, with respect to any and all of the Released Claims, including any and all Unknown Claims, that (i) Lead Plaintiff and all members of the Settlement Class shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT
THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR

19

HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

(ii) Lead Plaintiff and all members of the Settlement Class also shall be deemed to

waive any and all provisions, rights, and benefits conferred by any law of any state

or territory of the United States, or any other sovereign nation or territory, or

principle of common law, or any other law, rule, or regulation, whether known or

unknown, whether class or individual in nature, that were, or could have been, or

could in the future be asserted, which is similar, comparable, or equivalent to

California Civil Code § 1542; and (iii) Lead Plaintiff and all members of the

Settlement Class acknowledge that they may hereafter discover facts in addition to

or different from those that they now know or believe to be true with respect to the

subject matter of this release, but that it is the intention of Lead Plaintiff and all

members of the Settlement Class to fully, finally, and forever settle and release with

prejudice any and all Released Claims, including any and all Unknown Claims,

hereby known or unknown, suspected, or unsuspected, which now exist, or

heretofore existed, or may hereafter exist, and without regard to the subsequent

discovery or existence of such additional or different facts. Lead Plaintiff

acknowledges, and all members of the Settlement Class shall be deemed by

operation of the entry of a final order and judgment approving the Settlement to have

acknowledged, that the foregoing waiver was separately bargained for and is a key

element of the Settlement of which this release is a part.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose,
Defendants stipulate and agree to: (a) certification of the Action as a class action
pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on
behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class
Representative for the Settlement Class; and (c) appointment of Lead Counsel as
Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules
of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiff will move
for preliminary approval of the Settlement, certification of the Settlement Class for
settlement purposes only, and the scheduling of a hearing for consideration of final
approval of the Settlement, which motion shall be unopposed by Defendants.
Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to
the Court for, and Defendants shall agree to, entry of the Preliminary Approval
Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in
consideration of: (i) the full and final disposition of the Action as against
Defendants; and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims Against Defendants on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Defendants against any of the Defendants' Releasees. This release shall not apply to any Excluded Claim.

6.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, (i) Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Claims Against Lead Plaintiff on behalf of Defendants in such capacity only; and (ii) each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims Against Lead Plaintiff on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and

discharged each and every Released Claim Against Lead Plaintiff and the other Lead Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Lead Plaintiff against any of the Lead Plaintiff's Releasees. This release shall not apply to any Excluded Claim.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Claims Against Defendants and the other Defendants' Releasees, the Defendants agree to cause the payment of eight million U.S. Dollars ($8,000,000.000) to be paid into the Escrow Account no later than fifteen (15) business days after: (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account by check or wire transfer, including any applicable wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any attorneys' fees and Litigation Expenses awarded by the Court; (d) any award to Lead Plaintiff approved by the Court; and (e) other fees and expenses, if any, authorized by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or

accounts as they mature in similar instruments or accounts at their then-current market rates.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3I. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund and shall be timely
paid by the Escrow Agent pursuant to the disbursement instructions to be set forth
in the Escrow Agreement, without further order of the Court. Any tax returns
prepared for the Settlement Fund (as well as the election set forth therein) shall be
consistent with the previous paragraph and in all events shall reflect that all Taxes
on the income earned by the Settlement Fund shall be paid out of the Settlement
Fund as provided herein. The Defendants' Releasees shall have no responsibility or
liability for the acts or omissions of Lead Counsel or its agents with respect to the
payment of Taxes, as described herein. The Defendants' Releasees shall otherwise
have no responsibility or liability for payment of any Taxes.

13.    The Settlement is not a claims-made settlement. Upon the occurrence
of the Effective Date, no Defendant, Defendants' Releasee, or any other person or
entity who or which paid any portion of the Settlement Amount shall have any right
to the return of the Settlement Fund or any portion thereof for any reason whatsoever,
including without limitation, the number of Claim Forms submitted, the collective
amount of Recognized Claims of Authorized Claimants, the percentage of recovery
of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement
Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has
not yet occurred, Lead Counsel may pay from the Settlement Fund, without further

approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARD TO LEAD PLAINTIFF**

15.    Lead Counsel will apply to the Court for a collective award of attorneys' fees and Litigation Expenses to Lead Plaintiff's Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel may also apply for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, pursuant to the PSLRA, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees, Litigation Expenses, and/or award to Lead Plaintiff is not the subject

of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation. Defendants shall not under any circumstances be responsible for paying any fees, costs, or other payments in connection with this lawsuit and Settlement Stipulation, except for funding the $8,000,000 Settlement Fund as stated in ¶ 8 herein and paying their own defense expenses.

16.    Any attorneys' fees, Litigation Expenses, and/or award to Lead Plaintiff that are awarded by the Court shall be paid from the Settlement Amount within ten (10) days of the award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees, Litigation Expenses, or award to Lead Plaintiff, is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall have the sole responsibility to make any necessary refund and shall make the appropriate refund or repayment in full no later than fifteen (15) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees, Litigation Expenses, and/or

award to Lead Plaintiff has become Final. In no way shall this Stipulation obligate Defendants to make further monetary payment beyond contribution of the Settlement Amount as contemplated by ¶ 8 herein should any award of attorneys' fees, Litigation Expenses, or award to Lead Plaintiff be reduced or reversed. An award of attorneys' fees, Litigation Expenses, and/or award to Lead Plaintiff is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees, Litigation Expenses, and /or award to Lead Plaintiff.

17.     Lead Counsel shall allocate the attorneys' fees awarded amongst Lead Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Plaintiff's Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and

approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, the Claims Administrator, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. To assist in dissemination of notice, Redwire will cooperate, to the extent reasonably possible, in obtaining from Redwire's transfer records information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Settlement Class Information"). Provided, however, that nothing herein shall require Redwire to make efforts to identify Settlement Class Members other than record holders. Redwire shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, within thirty-one (31) days after the execution of this Stipulation and Agreement of Settlement, transfer records in electronic searchable form, such as Excel, containing the Settlement Class Information. The Parties

acknowledge that any information provided to Lead Counsel by Redwire pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at a website established by the Claims Administrator; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with, or liability, obligation or responsibility whatsoever for, the application of the Court-approved plan of allocation.

22.    Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Claims Against Defendants and against Lead Plaintiff's Releasees with respect to the Released Claims Against Lead Plaintiff in the event that the Effective Date occurs with respect to the Settlement.

23.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this

33

Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Claim Against Defendants. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose

34

Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     If any balance remains in the Net Settlement Fund six (6) months after the date of the initial distribution of the Net Settlement Fund (by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall request the Claims Administrator, if economically feasible and reasonable, to reallocate such balance among those Authorized Claimants who have cashed their checks in an equitable fashion, after payment of unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s). Lead Plaintiff will

propose such organization for Defendants' consent and for final determination by
the Court.

28.    Payment pursuant to the Class Distribution Order shall be final and
conclusive against all Settlement Class Members. All Settlement Class Members
whose Claims are not approved by the Court for payment shall be barred from
participating in distributions from the Net Settlement Fund, but otherwise shall be
bound by all of the terms of this Stipulation and the Settlement, including the terms
of the Judgment to be entered in this Action and the Releases provided for herein
and therein, and will be permanently barred and enjoined from bringing any action
against any and all Defendants' Releasees with respect to any and all of the Released
Claims Against Defendants and against any and all Lead Plaintiff's Releasees with
respect to any and all of the Released Claims Against Lead Plaintiff.

29.    Lead Plaintiff and Defendants, and their respective counsel, Lead
Plaintiff's damages expert, Defendants' expert, the Claims Administrator and/or any
other agent designated by Lead Counsel, the Releasees and/or their respective
counsel, shall have no liability whatsoever for the investment or distribution of the
Settlement Fund or the Net Settlement Fund made substantially in accordance with
this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders
of the Court, or the determination, administration, calculation, or payment of any
claim by the Claims Administrator, the payment or withholding of taxes (including

interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the

Settlement pursuant to the provisions of this Stipulation (including the Supplemental

Agreement described in ¶ 35 below);

(d)    Lead Plaintiff has not exercised his option to terminate the

Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein,

following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of

the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment

has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any

and all remaining interest or right of Defendants in or to the Settlement Fund, if any,

shall be absolutely and forever extinguished and the Releases herein shall be

effective.

34.    If (i) Defendants exercise their right to terminate the Settlement as

provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the

Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement;

or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall

be canceled and terminated.

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of October 17, 2024.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within seven (7) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded by the Escrow Agent to Defendants' Counsel (or such other persons or entities as Defendants' Counsel may direct).

35.    Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement (the "Supplemental Termination Option"). The Supplemental Agreement, which is being

executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) or to any Person other than the named Parties and their representatives unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

36.    It is further stipulated and agreed that Lead Plaintiff and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is reversed or vacated or altered in any material respect following any appeal taken therefrom, or successful collateral attack, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees, reimbursement of Litigation

Expenses, or award to Lead Plaintiff or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

37.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

execution of this Stipulation, nor any proceedings taken pursuant to or in connection

with this Stipulation and/or approval of the Settlement (including any arguments

proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as

evidence of, or construed as, or deemed to be evidence of any presumption,

concession, or admission by any of the Defendants' Releasees with respect to the

truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or

could have been asserted or the deficiency of any defense that has been or could

have been asserted in this Action or in any other litigation, or of any liability,

negligence, fault, or other wrongdoing of any kind of any of the Defendants'

Releasees or in any way referred to for any other reason as against any of the

Defendants' Releasees, in any civil, criminal or administrative action or proceeding,

other than such proceedings as may be necessary to effectuate the provisions of this

Stipulation;

(b)    shall be offered against any of Lead Plaintiff's Releasees, as

evidence of, or construed as, or deemed to be evidence of any presumption,

concession or admission by any of Lead Plaintiff's Releasees that any of their claims

are without merit, that any of the Defendants' Releasees had meritorious defenses,

or that damages recoverable under the Complaint would not have exceeded the

Settlement Amount or with respect to any liability, negligence, fault or wrongdoing

of any kind, or in any way referred to for any other reason as against any of Lead Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## <u>MISCELLANEOUS PROVISIONS</u>

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the

meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

41.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Claims Against Defendants. Accordingly, Lead Plaintiff and his counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Gary S. Salzman, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.     While Lead Plaintiff and his counsel retain the right to assert the claims in the Action were meritorious, and Defendants and their counsel retain their right

to deny the same, any statement made on a website, social media, to the public, or to any media representative (whether or not for attribution) will not assert that the Action was commenced, prosecuted, defended, or resolved in bad faith. In all events, Lead Plaintiff and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the commencement, prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

44.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Plaintiff's Counsel and any award to Lead Plaintiff and enforcing the terms of this Stipulation, including the Plan of Allocation (or such

other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

46.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

48.    This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

50.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate

it shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     If any Party is required to give notice to another Party under this
Stipulation, such notice shall be in writing and shall be deemed to have been duly
given upon receipt of hand delivery or email transmission, with confirmation of
receipt.

56.     Except as otherwise provided herein, each Party shall bear its own
costs.

57.     Whether or not the Stipulation is approved by the Court and whether or
not the Stipulation is consummated, or the Effective Date occurs, the Parties and
their counsel shall use their best efforts to keep all negotiations, discussions, acts
performed, agreements, drafts, documents signed and proceedings in connection
with the Stipulation confidential except as required by applicable law.

58.     All agreements made and orders entered during the course of this
Action relating to the confidentiality of information shall survive this Settlement.

59.     No later than ten (10) days following the filing of this Stipulation with
the Court, Defendants shall serve, or cause to be served, any notices that might be
required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").
Defendants shall notify Lead Counsel as to the completion of any CAFA notice.
Defendants shall bear all cost and expenses associated with providing CAFA notice.

60.     No opinion or advice concerning the tax consequences of the proposed
Settlement to individual Settlement Class Members is being given or will be given

by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

61.     Notwithstanding any of the foregoing provisions, under no circumstances does this Stipulation obligate Defendants' Releasees to make any payment of moneys, fees, expenses, Taxes, or other similar transaction except (a) the payment of eight million U.S. Dollars ($8,000,000.000) into the Escrow Account as contemplated by ¶ 8 herein, and (b) any costs and expenses associated with providing CAFA notice as contemplated by ¶ 59 herein. To the extent that any other language of this Stipulation can be read to impose such an obligation so as to conflict with this paragraph, this paragraph shall control.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 15, 2024.

**SIGNED:**

Reed R. Kathrein
Digitally signed by Reed R. Kathrein
Date: 2024.11.15 11:33:52 -08'00'

**REED R. KATHREIN, ESQ.**
Fla. Bar. No. 262161
**LUCAS E. GILMORE, ESQ.**
(admitted *pro hac vice*)

Signed by:
CCE14F72B9974A3...

**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**

715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

**STEVE W. BERMAN, ESQ.**
(admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*Lead Counsel for Lead Plaintiff Jared Thompson*

**BRIAN SCHALL, ESQ.**
(admitted *pro hac vice*)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Jared Thompson*

**DAVID M. BUCKNER, ESQ.**
Fla. Bar No. 60550
**BUCKNER + MILES**
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485

Florida Bar No. 556361
grubin@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No.: 1010706
belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

**FRANK A. ZACHERL, ESQ.**
Florida Bar No. 868094
fzacherl@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Defendants*

Email: david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff Jared*
*Thompson*

Docusign Envelope ID: E3F4D340-F3DE-4EE5-9280-7B9667FD6E66

# EXHIBIT A

**Exhibit A**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Lemen v. Redwire Corporation, et al.*, No. 3:21-cv-01254-TJC-PDB (M.D. Fla.) (the "Action");

WHEREAS, (a) Court-appointed Lead Plaintiff Jared Thompson ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); (b) Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire"), and Peter Cannito and William Read (collectively, the "Individual Defendants"; and together with Redwire, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this

Docusign Envelope ID: E3E4D340-F3DE-4EE5-9280-7B967FD6E66

Action with prejudice on the terms and conditions set forth in the *Stipulation and Agreement of Settlement* dated November 15, 2024 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive (the "Settlement Class Period"), (a) purchased or otherwise acquired Class

Docusign Envelope ID: E3549340-F3D5-4EE5-9280-7B9667FD6E66

Securities, or (b) sold or otherwise disposed of Put Options. Excluded from the Settlement Class are Defendants, the officers and directors of Redwire, at all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have represented and protected, and will fairly and adequately represent and protect, the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead

Plaintiff Jared Thompson is an adequate class representative and certifies him as Class Representative for the Settlement Class. The Court also appoints Lead Counsel Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and finds that Class Counsel are adequate to protect the interests of the class.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at __:__ _.m. in Courtroom 10D, 300 North Hogan Street, Jacksonville, FL 32202, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the proposed Order and Final Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees, reimbursement of Litigation Expenses

4

(including interest earned thereon) and award to Lead Plaintiff should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) no later than ten (10) days after the date of this Order, Redwire shall provide and/or cause its transfer agent to provide to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, transfer record information concerning the identity of Settlement Class Members, to the extent such information is reasonably ascertainable, in a usable electronic format, such as

an Excel spreadsheet.  This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

(b)     no later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall: (i) cause a copy of the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to potential Settlement Class Members who may be identified through reasonable effort; or (ii) cause a link to the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be emailed to potential Settlement Class Members for whom valid email addresses are available;

(c)     contemporaneously with the mailing of the Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     no later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and transmitted once over the *PR Newswire*, and

(e)     no later than seven (7) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by

affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff, of their right to object to the Settlement, of the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z–1, as

Docusign Envelope ID: E3549340-F3D5-4FE5-9280-7B9867FD6E66

amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted online, and published.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Class Securities, or sold or otherwise disposed of Put Options, during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) days of receipt of notice either: (a) request from the Claims Administrator sufficient copies of the Notice and the Claim Form to forward to all such beneficial owners and, within seven (7) days of receipt of those Notices and Claim Forms, mail them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within seven (7) days of receipt of the link from the Claims Administrator; or (c) send a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice and Claim Form, or email a link to the Notice and Claim Form, to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or

emailing was made as directed. Nominees are not authorized to print the Notice themselves for mailing. Notices may only be printed by the Claims Administrator. The Claims Administrator shall, if requested, reimburse nominees from the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to potential Settlement Class Members, up to a maximum of (1) $0.03 per Notice and Claim Form, plus postage at the pre-sort rate used by the Claims Administrator, per Notice and Claim Form mailed; (2) $0.03 per link to the Notice and Claim Form transmitted by email; or (3) $0.03 per name, address, and email address provided to the Claims Administrator, subject to further order of the Court with respect to any dispute concerning such reimbursement.

10.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than one hundred twenty (120) days after the Notice Date. Notwithstanding the foregoing, the Claims Administrator may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter

of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings,

Docusign Envelope ID: E354D9340-F3DF-4EE5-9280-7B9667FD6E66

determinations, orders and judgments in the Action relating thereto, including, without limitation, the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims Against Defendants against each and all of the Defendants' Releasees; and (e) will be barred from commencing, maintaining or prosecuting any of the Released Claims Against Lead Plaintiff against each and all of the Lead Plaintiff's Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, to: Redwire Corporation Securities Litigation, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests

exclusion from the Settlement Class in *Lemen v. Redwire Corporation, et al.*, Case No. 3:21-cv-01254-TJC-PDB"; (iii) identify and state the amount of Class Securities that the person or entity requesting exclusion purchased/acquired and/or sold/disposed during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/disposition; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to the Releases provided for

therein, whether favorable or unfavorable to the Settlement Class; (d) will be barred

from commencing, maintaining or prosecuting any of the Released Claims Against

Defendants against any of the Defendants' Releasees; and (e) will be barred from

commencing, maintaining or prosecuting any of the Released Claims Against Lead

Plaintiff against each and all of the Lead Plaintiff's Releasees, as more fully

described in the Stipulation and Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement

Class Member who does not request exclusion from the Settlement Class may enter

an appearance in the Action, at his, her or its own expense, individually or through

counsel of his, her or its own choice, by filing with the Clerk of Court and delivering

a notice of appearance to both Lead Counsel and Defendants' Counsel, at the

addresses set forth in paragraph 17 below, such that it is received no later than

twenty-one (21) days prior to the Settlement Hearing, or as the Court may otherwise

direct. Any Settlement Class Member who does not enter an appearance will be

represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the

Settlement Class may file a written objection to the proposed Settlement, the

proposed Plan of Allocation, and/or Lead Counsel's motion for an award of

attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff,

and appear and show cause, if he, she or it has any cause, why the proposed

13

Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **Hagens Berman Sobol Shapiro LLP**<br>Reed R. Kathrein, Esq.<br>715 Hearst Ave., Suite 300<br>Berkeley, CA 94710 | **Shutts & Bowen LLP**<br>Bud Bennington, Esq.<br>300 South Orange Ave. Suite 1600<br>Orlando, FL 32801 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must

include documents sufficient to prove membership in the Settlement Class, including the number and type of Class Securities that the objecting Settlement Class Member purchased/acquired and/or sold/disposed during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/disposition. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees, Litigation Expenses, and award to Lead Plaintiff, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees, Litigation Expenses, and award to Lead Plaintiff in this or any other proceeding.

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary

to carry out or enforce the terms and conditions of the Stipulation. Pending final

determination of whether the Settlement should be approved, the Court bars and

enjoins Lead Plaintiff, and all other members of the Settlement Class, from

commencing or prosecuting any and/or all of the Released Claims Against

Defendants against each and/or all of the Defendants' Releasees.

21.    **<u>Settlement Administration Fees and Expenses</u>** – All reasonable costs

incurred in identifying Settlement Class Members and notifying them of the

Settlement as well as in administering the Settlement shall be paid as set forth in the

Stipulation without further order of the Court.

22.    **<u>Settlement Fund</u>** – The contents of the Settlement Fund held by The

Huntington National Bank (which the Court approves as the Escrow Agent), shall

be deemed and considered to be in *custodia legis* of the Court, and shall remain

subject to the jurisdiction of the Court, until such time as they shall be distributed

pursuant to the Stipulation and/or further order(s) of the Court.

23.    **<u>Taxes</u>** – As part of its obligation to protect the Settlement Class

Members, and in accordance with paragraph 11 of the Stipulation, Lead Counsel is

authorized and directed to prepare any tax returns and any other tax reporting form

for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes

owed with respect to the Settlement Fund, and to otherwise perform all obligations

with respect to Taxes and any reporting or filings in respect thereof without further

order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of October 17, 2024, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other

17

litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Lead Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.    **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening

papers in support of the proposed Settlement, the Plan of Allocation, and Lead

Counsel's motion for an award of attorneys' fees, reimbursement of Litigation

Expenses, and award to Lead Plaintiff no later than thirty-five (35) days prior to the

Settlement Hearing; and reply papers, if any, shall be filed and served no later than

seven (7) days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising

out of or connected with the proposed Settlement.


SO ORDERED this _____ day of _____, 2024.



_____
THE HONORABLE TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

### <u>*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*</u>

**To:** All Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive, (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options.[1] ***Your rights may be affected by this lawsuit.***

## <u>Introduction</u>

A securities case was brought by investors, led by Court-appointed Lead Plaintiff Jared Thompson ("Lead Plaintiff") alleging, among other things, that Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire" or the "Company"), and Peter Cannito and William Read (together with Redwire, "Defendants") violated the federal securities laws. A more detailed description of the Action is set forth in paragraphs 4-16 below.

The Parties reached a proposed settlement of $8 million (the "Settlement"). The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 17 below.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 15, 2024 (the "Stipulation"), which is available at www.strategicclaims.net/redwire.

1

Docusign Envelope ID: E3F4D340-F3D5-4EE5-9280-7B967FD6E66

The Settlement covers Common Stock, Warrants and Call Options purchased or otherwise acquired, and Put Options sold or otherwise disposed of (collectively, the "Class Securities"), during the Settlement Class Period (*i.e.*, between March 25, 2021 and March 31, 2022, inclusive).

## Information

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Redwire, any other Defendants in this Action, or their counsel. For more information, please contact:

Redwire Corporation Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063
Toll-Free: (866) 274-4004
info@strategicclaims.net

More information is available online at www.strategicclaims.net/redwire.

Lead Plaintiff and the Settlement Class are represented by Lead Counsel Hagens Berman Sobol Shapiro LLP ("Lead Counsel"). You may also contact Lead Counsel with questions about the Notice, the proposed Settlement, or eligibility to participate in the Settlement:

Reed R. Kathrein, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 300
Berkeley, CA 94710
(510) 725-3000

## Warning

PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.

## Recovery

Under the Settlement, Defendants will pay $8 million. After deductions for taxes, expenses related to providing this Notice to Settlement Class Members and other administrative expenses, and any attorneys' fees, expenses, and award to Lead Plaintiff approved by the Court, the remainder will be distributed to Settlement Class Members who submit eligible Claim Forms. The distribution will be made based on a Plan of Allocation that has been prepared by Lead Plaintiff with the help of a consulting damages expert. The Plan of Allocation is described below (*see* paragraphs 41-75) below) and is available at www.strategicclaims.net/redwire.

Docusign Envelope ID: E3E4D340-F3DE-4EE5-9280-7B9667FD6E66

Exhibit A-1

Defendants deny that they have done anything giving rise to liability. Moreover, the Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct.

Based on Lead Plaintiff's damages expert's estimates of the number of shares of Common Stock, Warrants, and Call Options purchased, and Put Options sold, during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and award to Lead Plaintiff as described herein) is $0.42 per affected share of Common Stock, $0.18 per affected Warrant, $0.15 per affected Call Option, and $0.28 per affected Put Option.

Class members may receive more or less, depending on:

    (a) when their Class Security was purchased or sold;

    (b) the number of Settlement Class Members who file claims;

    (c) the interest accrual at the distribution;

    (d) administrative costs;

    (e) attorneys' fees and expenses and an award to Lead Plaintiff granted by the Court; and

    (f) the Plan of Allocation set forth herein (*see* paragraphs 41-75 below) or any other plan of allocation that may be ordered by the Court.

If you want to receive money from the Settlement, you must complete and submit a Claim Form, **postmarked or received no later than _____, 2025**. The claim form should be mailed to: Redwire Corporation Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, or may be submitted online **by 11:59 p.m. ET on _____, 2025,** atwww.strategicclaims.net/Redwire.

A Claim Form is included. You can get extra forms at www.strategicclaims.net/redwire or by calling the Claims Administrator, Strategic Claims Services, toll-free at(866) 274-4004 or emailing info@strategicclaims.net.

**NOTE**: Receipt of this Notice does not necessarily mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.

Payments to eligible class members will be made only after the Court approves the Settlement and any appeals are resolved and after the completion of all Claims processing. Please be patient as this process can take many months to complete.

If you are a Settlement Class Member and you do nothing, you will not be paid, and you will lose your right to file your own lawsuit about the claims in this case.

## Reasons for Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

## Attorneys' Fees and Expenses Sought

Lead Plaintiff's Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Hagens Berman Sobol Shapiro LLP, will apply to the Court for an award of attorneys' fees for all Lead Plaintiff's Counsel in an amount not to exceed 33% of the Settlement Fund plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $550,000 plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund.  Lead Counsel will also submit an application for an award to Lead Plaintiff to compensate for his time and effort related to his representation of the Settlement Class in an amount not to exceed $10,000.

Any fees, expenses, or award to Lead Plaintiff granted by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees, expenses, or award to Lead Plaintiff. In addition, certain costs for administering the settlement, notifying the Class, and evaluating claims will be paid from the Settlement Fund. At this time, the Claims Administrator estimates that such expenses will not exceed $200,000.

Estimates of the average cost per affected share, after deducting the above mentioned Court-approved fees, expenses, and award to Lead Plaintiff, is $0.18 per affected share of Common Stock, $0.07 per affected Warrant, $0.06 per affected Call Option, and $0.12 per affected Put Option

## Requests for Exclusion

If you are a Settlement Class Member and do not want to be included in the Settlement Class, you must submit a written request for exclusion. Instructions on how to submit a request for exclusion are provided in paragraph 77-80 below. Your request for exclusion **must be received by**

_____, 2025.  A judgment in this case on the Settlement will bind all Settlement Class Members who do not request exclusion.

## Objections

If you are a Settlement Class Member, you can object to any part of the Settlement that you do not like, to the proposed Plan of Allocation, or the request for attorneys' fees and expenses and an award for Lead Plaintiff. Instructions on how to object are provided in paragraphs 83-87 below. Objections must be filed and received by _____, 2025.

If a Settlement Class Member does not object in the manner set forth in the Notice, the Settlement Class Member will be deemed to have waived any objections to the Settlement, Plan of Allocation, and the request for attorneys' fees and expenses and an award for Lead Plaintiff.

## Hearing

The Court will hold a hearing on _____, 2025 at _____ [a.m/p.m.].

The hearing will take place at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL 32202.

At their own cost, Settlement Class Members may appear through their own counsel.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM RECEIVED ONLINE AT WWW.STRATEGICCLAIMS.NET/REDWIRE OR POSTMARKED NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any (i) Released Claims Against Defendants (defined in ¶ 25 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 26 below); and (ii) Released Claims Against Lead Plaintiff (defined in ¶ 29 below) that you have against Lead Plaintiff and the other Lead Plaintiff's Releasees (defined in ¶ 30 below) so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to be part of any other |

| | |
|---|---|
| | lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Claims Against Defendants. |
| **SUBMIT A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees, reimbursement of Litigation Expenses, or award to Lead Plaintiff, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2025 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025.** | Filing an objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do nothing, you will not be eligible to receive a payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get Notice Of The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Know If I Am Affected By The Settlement? Who Is Included
     In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Are Lead Plaintiff's Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Are Settlement Class Members Affected By The Action And
     The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . Page [ ]
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?

How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
     How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
     Do I Have To Come To The Hearing? May I Speak At The Hearing If I
     Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . . Page [ ]

## WHY DID I GET NOTICE OF THE SETTLEMENT?

1.     The Court directed that the Notice be mailed or emailed to you because you or someone in your family or an investment account for which you serve as a custodian may have (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options during the Settlement Class Period. The Court also directed that this Notice be posted online at www.strategicclaims.net/redwire. The Court directed the Notice to be disseminated because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.

2.     The purpose of this Notice is to inform you of the existence of this class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff (the "Settlement Hearing"). See paragraph 82 below for details about the Settlement Hearing, including the date and location of the hearing.

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

4.     On December 17, 2021, plaintiff Jed Lemen filed a class action complaint the United States District Court for the Middle District of Florida, styled *Jed Lemen v. Redwire Corporation f/k/a Genesis Park Acquisition Corp.*, *Peter Cannito, and William Read*, No. 3:21-cv-01254 (the "Action"). By further Orders dated March 17, 2022, and April 4, 2022, Lead Plaintiff and Lead Counsel were approved and appointed by the Court. ECF Nos. 36, 43.

5.     On June 17, 2022, Lead Plaintiff filed the First Amended Complaint (the "Complaint"). ECF No. 47. The Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a). Among other things, the Complaint

alleged (i) Defendants made or caused to be made a series of materially false and/or misleading statements about the Company's senior management and their purported commitment to being honest and principled with respect to Redwire's internal controls over its accounting, financial reporting, and ethics; (ii) Defendants' disclosures of receipt of a whistleblower complaint relating to accounting issues, an investigation into the complaint to be conducted by the Audit Committee and corresponding delay in reporting financial results, and months later, the Audit Committee's determination that "certain members of senior management failed to consistently message and set certain aspects of an appropriate tone at the top," negatively affected the value of the Company's securities; and (iii) Defendants' materially false and/or misleading statements during the Class Period resulted in Lead Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices. Defendants have vigorously denied and continue to vigorously deny all of these allegations.

6.      Defendants moved to dismiss the Complaint on August 16, 2022. ECF No. 48. Lead Plaintiff filed his papers in opposition to the motion to dismiss on October 17, 2022. ECF No. 58. On November 14, 2022, Defendants filed their reply papers. ECF No. 60.

7.      The Court denied Defendants' motion to dismiss on March 22, 2023. ECF No. 62. Defendants thereafter filed their Answer to the Complaint on April 21, 2023. ECF No. 68

8.      Formal fact discovery commenced in May 2023. The Parties exchanged initial Rule 26 disclosures, and Lead Plaintiff served fifty-seven (57) document requests and four (4) interrogatories with multiple subparts. In response to the initial document requests, the Parties negotiated an ESI protocol and protective order, and thorough discovery commenced. Defendants produced over 1,700 documents. In September 2024, Lead Plaintiff served additional interrogatories and document requests to Defendants and noticed fact depositions. The Parties agreed to settle the Action before the deadlines for discovery responses and dates for the depositions.

9.      Lead Plaintiff also issued document subpoenas to four (4) third-parties, which resulted in additional document discovery. Lead Plaintiff served three (3) deposition notices to third-parties and took the deposition of the whistleblower prior to the Settlement.

10.      Lead Plaintiff himself produced documents, sat for a deposition, and provided responses to interrogatories and requests for admission.

11.      Over the course of discovery, the Parties filed multiple discovery briefs. The Court ruled on such motions finding in certain instances in favor of Defendants and other instances in favor of Lead Plaintiff. The Parties subsequently filed additional motions that remained pending at the time of settlement which the Parties have since withdrawn.

12.      On January 19, 2024, Lead Plaintiff filed his Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel. ECF No. 85 (the "Certification Motion"). Lead Plaintiff offered the expert opinion of Dr. Matthew Cain, Ph.D. in support of the Certification Motion. ECF No. 86-1. On April 24, 2024, Defendants filed their opposition to the Certification Motion. ECF No. 129. Defendants offered the expert opinion of Dr. Andrew Roper,

Docusign Envelope ID: E3545D340-E3DF-4EE5-9280-7B9667FD6E66
Case 3:21-cv-01254-TJC-PDB    Document 213-2    Filed 11/15/24    Page 83 of 147
PageID 7968

Exhibit A-1

Ph.D. in support of their opposition to the Certification Motion. ECF No. 129-5. The Parties deposed the two experts offered in connection with the certification briefing. The Parties filed additional briefs regarding class certification between July and September 2024, including Lead Plaintiff's reply (ECF No. 159), Defendants' sur-reply (ECF No. 170), and Lead Plaintiff's sur-sur-reply (ECF No. 182). The Parties also sought to exclude each other's experts. ECF Nos. 136, 160-161, 169, 171. The Court had not ruled on the Certification Motion by the time the Parties agreed to settle the Action.

13.    During the course of the litigation, the Parties engaged a third-party mediator, Gary S. Salzman, Esq. After the submission of comprehensive mediation statements and other materials, the Parties participated in a mediation via videoconference with Mr. Salzman on September 25, 2024. The Parties did not reach a resolution with Mr. Salzman at that time. Although no resolution was reached during the mediation, the Parties continued discussions. On October 17, 2024, the Parties executed a confidential term sheet to settle the Action which memorialized the key terms of the Stipulation.

14.    Based upon their thorough investigation, vigorous prosecution and extensive mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Accordingly, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

15.    Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

16.    On _____, 2025, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Settlement Class Members and to be posted online, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

17.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive, (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options.

Excluded from the Settlement Class are Defendants, the officers and directors of Redwire, at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 25 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT. IF YOU WISH TO BE ELIGIBLE FOR A PAYMENT, YOU MUST SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED OR RECEIVED NO LATER THAN _____, 2025.**

### WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

18.     Lead Plaintiff and Lead Counsel believe that the claims have merit. They recognize, however, the expense and length of continued litigation, and the risks they would face in establishing liability and damages. Lead Plaintiff and Lead Counsel recognized that Defendants had defenses that could prevent the class from recovering anything. For example, Defendants would assert that the statements were not materially false and misleading, and that they were not made with the required state of mind to support the securities fraud claims alleged. Even if Lead Plaintiff proved liability at trial, Defendants would dispute the amount of damages that were recoverable under the federal securities laws. Lead Plaintiff would have to win at several stages– including, without limitation, motions for summary judgment, trial, and, if he won on those, on the appeals that were likely to follow. There were very significant risks to continuing the litigation without settlement.

19.     In light of these risks, the amount of the Settlement, and the immediacy of recovery, Lead Plaintiff and Lead Counsel believe the Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $8 million, as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

20.     If there were no Settlement, and Lead Plaintiff failed to prove his case, the Settlement Class would not recover anything. If Defendants proved any of their defenses, the Settlement Class could recover substantially less than the Settlement Amount, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

21.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on pages 26-27 below.

22.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 25 below.

23.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on pages 26-27 below.

24.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a final judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims Against Defendants (as defined in ¶ 25 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against the Defendants and the other Defendants' Releasees (as defined in ¶ 26 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Defendants against any of the Defendants' Releasees.

25.    "Released Claims Against Defendants" means upon final judicial approval of the Settlement, Defendants and Defendants' Releasees shall receive a full, unconditional release from Lead Plaintiff and all members of the Settlement Class for any and all claims (including Unknown Claims as defined in ¶ 27), liabilities, demands, damages, losses, rights, suits, matters, issues, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual, or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted against Defendants' Releasees in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, based upon, related to, or arising out of, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting

practices or procedures, and omissions or failures to act that are or could have been the subject of the Action, whether known or unknown  (as defined in ¶ 27) relating to the purchase, acquisition, sale, disposition or holding of Class Securities during the Settlement Class Period. For avoidance of doubt, this release does not cover, include, or release claims relating to Excluded Claims.

26.     "Defendants' Releasees" means all Defendants and any Persons or entities affiliated or connected with any of them, including all of their respective current and former officers, directors, managers, employees, contractors, consultants, accountants, attorneys, experts, auditors, insurers, financial advisors, professional advisors, investment bankers, representatives, affiliated persons and entities, control persons, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, principals, agents, Immediate Family members, associates, partners, divisions, joint venturers, executors, trustees, trustors, administrators, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, or entities in which Defendants have a controlling interest.

27.     "Unknown Claims": The Released Claims shall include claims that Lead Plaintiff, all members of the Settlement Class, and/or Defendants do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement ("Unknown Claims"). Lead Plaintiff and all members of the Settlement Class shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States or any other sovereign nation or territory, or principle of common law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted, which governs or limits a person's release of Unknown Claims; further, with respect to any and all of the Released Claims, including any and all Unknown Claims, that (i) Lead Plaintiff and all members of the Settlement Class shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

(ii) Lead Plaintiff and all members of the Settlement Class also shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or any other sovereign nation or territory, or principle of common law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted, which is similar, comparable, or equivalent to California Civil Code § 1542; and (iii) Lead Plaintiff and all members of the Settlement Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is the intention of Lead Plaintiff and all members of the Settlement Class to fully, finally, and forever settle and release with prejudice any and all Released Claims, including any and all Unknown

Claims, hereby known or unknown, suspected, or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiff acknowledges, and all members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

28. The Judgment will also provide that, upon the Effective Date of the Settlement, (i) Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Claims Against Lead Plaintiff (as defined in ¶ 29 below) on behalf of Defendants in such capacity only; and (ii) each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims Against Lead Plaintiff on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against Lead Plaintiff and the other Lead Plaintiff's Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Lead Plaintiff against any of the Lead Plaintiff's Releasees.

29. "Released Claims Against Lead Plaintiff" means upon final judicial approval of the Settlement, Lead Plaintiff and Lead Plaintiff's Releasees shall receive, at least, a full, unconditional release from Defendants and all members of the Settlement Class for any and all claims (including Unknown Claims as defined in ¶ 27), liabilities, demands, damages, losses, rights, suits, matters, issues, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual, or representative, of every nature and description whatsoever, under federal, state, foreign law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, or could have been, or could in the future be asserted in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, based upon, related to, or arising out of, in whole or in part, directly or indirectly, in any way, to the institution, prosecution, or settlement of the claims against Defendants. For avoidance of doubt, this release does not cover, include, or release claims relating to Excluded Claims.

30. "Lead Plaintiff's Releasees" means (i) Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, including Lead Plaintiff's Counsel, and all other Settlement Class Members, and (ii) each of their respective Immediate Family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

31. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the enclosed Claim Form with

adequate supporting documentation **postmarked or received no later than** _____**, 2025, or submitted online by 11:59 p.m. ET on** _____**, 2025**. A Claim Form is also available on the website maintained by the Claims Administrator for the Settlement at www.strategicclaims.net/redwire. The claim form should be mailed to: 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, faxed to (610) 565-7985, or emailed to info@strategicclaims.net; or the electronic version of the Claim Form may be completed and submitted online at www.strategicclaims.net/redwire. Please retain all records of your ownership of and transactions in Class Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

32. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

33. Pursuant to the Settlement, the Settlement Amount of eight million ($8,000,000) will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees, class representative awards, and litigation expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

34. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

35. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

36. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

37. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms

of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Claims Against Defendants (as defined in ¶ 25 above) against the Defendants' Releasees (as defined in ¶ 26 above), as well as releases the Released Claims Against Lead Plaintiff (as defined in ¶ 29 above) against the Lead Plaintiff's Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims Against Defendants against any of the Defendants' Releasees, or Released Claims Against Lead Plaintiff against any of the Lead Plaintiff's Releasees, whether or not such Settlement Class Member submits a Claim Form.

38.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

39.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

40.    Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition, or that exclude themselves from the Settlement Class pursuant to request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Class Securities are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION FOR THE NET SETTLEMENT FUND AMONG SETTLEMENT CLASS

41.    The Plan of Allocation set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.strategicclaims.net/redwire.

42.    The objective of this Plan of Allocation is to establish an equitable distribution of the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses stemming from the alleged fraud, as opposed to losses caused by market-wide factors, industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine the size of each Authorized Claimant's claim of the Net Settlement Fund based upon the Recognized Loss formula described in the following sections. A Recognized Loss will be calculated for each share of Common Stock, Warrant, or Call Option purchased or otherwise acquired and for each Put Option sold during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.[2]

---

[2] During the Settlement Class Period, until September 3, 2021, the common stock of Genesis Park Acquisition Corp. ("GPAC") traded on the NYSE under the ticker symbol "GNPK," the warrants to purchase the common stock of GPAC traded on the NYSE under the ticker symbol "GNPK WS," and the units comprised of GPAC common stock and warrants traded on the NYSE under the ticker symbol "GNPK.U." Following the September 2, 2021 shareholder approval of the

43.     Any computations under the Plan of Allocation have been conducted for the sole purpose of making *pro-rata* allocations of the Net Settlement Fund by determining the relative weight of each Claimant's claim in this matter. Such calculations based on the Plan of Allocation are meant to be estimates or indications of neither the maximum amount Settlement Class Members may have been able to recover following a trial, nor the amounts that will be paid to Authorized Claimants pursuant to the Settlement.

44.     Lead Counsel worked in conjunction with Lead Plaintiff's consulting damages expert to estimate the amount of artificial inflation in the daily closing prices of (a) Common Stock; (b) Warrants; (c) Call Options; and (d) Put Options, which Lead Plaintiff alleges were damaged by Defendants' alleged materially false and misleading statements and omissions.

45.     Under federal securities laws, losses can be represented as compensable only if the cause of changes in the prices of the relevant securities is found to be the disclosure of the allegedly misrepresented or omitted information. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Common Stock, Warrants, and Call Options purchased or otherwise acquired during the Settlement Class Period, or Put Options sold or otherwise disposed of during the Settlement Class Period, must have been held during a period of time in which their price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.

46.     Lead Plaintiffs have alleged that over the course of the Settlement Class Period, Defendants omitted material facts and issued false statements that led to Lead Plaintiff and members of the Settlement Class purchasing Class Securities at artificially inflated prices.[3] Lead Plaintiff further alleges that Defendants revealed three corrective disclosures: one on November 10, 2021, one on November 15, 2021, and another after market close on March 31, 2022. Such revelations had statistically significant, deflating impacts on the prices of Class Securities.

47.     Lead Plaintiff's consulting damages expert evaluated price changes in the Class Securities in reaction to the aforementioned corrective disclosures on November 10, 2021, November 15, 2021, and March 31, 2022 in order to calculate the estimated artificial inflation caused by Defendants' materially false and misleading statements and omissions that allegedly revealed the truth concerning Defendants' alleged misrepresentations and omissions. Estimated artificial inflation was found under a common methodology based on case specific assumptions provided by Lead Counsel and in a manner that was independent of market and industry trends during the Settlement Class Period. The estimated artificial inflation for Common Stock can be found in **Table 1A** attached at the end of this notice. The estimated artificial inflation for Warrants can be found in **Table 1B** attached at the end of this notice. The estimated artificial inflation for each series of Call Options can be found in **Table 1C** attached at the end of this notice. The estimated

---

merger and the September 3, 2021 closing of the merger, Redwire common stock trades on the NYSE under the ticker symbol "RDW," the warrants to purchase its common stock trade on the NYSE under the ticker symbol "RDW WS."

[3] For Put Options, the inflation is negative.

negative artificial inflation for each series of Put Options can be found in **Table 1D** attached at the end of this notice.

48.     The calculated "Recognized Loss Amount" and recovery for each Claimant is based on the timing of the purchase and sale of any Class Security, the types of Class Securities purchased and sold, and the number and value of claims submitted by Claimants. Specifically, the Recognized Loss Amount for each Claimant is primarily estimated as the difference between the amount of alleged artificial inflation in a Class Security's closing price on that Claimant's purchase date and the amount of alleged artificial inflation in a Class Security's closing price on that Claimant's sale date. Therefore, in order to have a Recognized Loss Amount under this Plan of Allocation, a Claimant who purchased or otherwise acquired a Class Security during the Settlement Class Period must have held that security over at least one date on which corrective information was released to the market, thus removing some if not all of the artificial inflation from the price of that Class Security.

49.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. Any transactions in Class Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Amount Under the Exchange Act

**Common Stock**

50.     A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of Common Stock during the Settlement Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

51.     For each share of Common Stock that was purchased or otherwise acquired during the period from March 25, 2021 through March 31, 2022, inclusive, and:

i)      Sold before close of trading on November 9, 2021, the Recognized Loss Amount will be $0.00.

ii)     Sold between November 10, 2021 and March 31, 2022, inclusive, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1A** *minus* the amount of artificial inflation per share on the date of sale as stated in **Table 1A**; or (ii) the price of purchase or acquisition *minus* the price of sale.

iii)    Sold between April 1, 2022 and June 29, 2022, inclusive (*i.e.*, sold during the 90-Day Look-Back Period), the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1A**; (ii) the price of purchase or acquisition *minus* the average closing price between

April 1, 2022 and the date of sale (*i.e.,* the "90-Day Look-Back Value") as detailed in **Table 2A**; or (iii) the price of purchase or acquisition *minus* the price of sale.

iv) Held as of the close of trading on June 29, 2022, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1A**; or (ii) the price of purchase or acquisition *minus* the average closing price for Common Stock during the 90-Day Look-Back Period, which is $4.84.[4]

**Warrants**

52.    A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of Warrants during the Settlement Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

53.    For each Warrant that was purchased or otherwise acquired during the period from March 25, 2021 through March 31, 2022 inclusive, and:

i) Sold before close of trading on November 9, 2021, the Recognized Loss Amount will be $0.00.

ii) Sold between November 10, 2021 and March 31, 2022, inclusive, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per warrant on the date of purchase or acquisition as stated in **Table 1B** *minus* the amount of artificial inflation per warrant on the date of sale as stated in **Table 1B**; or (ii) the price of purchase or acquisition *minus* the price of sale.

iii) Sold between April 1, 2022 and June 29, 2022, inclusive (i.e., sold during the 90-Day Look-Back Period), the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per warrant on the date of purchase or acquisition as stated in **Table 1B**; (ii) the price of purchase or acquisition *minus* the average closing price between April 1, 2022 and the date of sale (*i.e.,* the "90-Day Look-Back Value") as detailed in **Table 2B**; or (iii) the price of purchase or acquisition *minus* the price of sale.

---

[4] The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Common Stock by limiting losses to the difference between the purchase price paid for such stock and the average price of Common Stock during the "90-day look-back period" subsequent to the Settlement Class Period, from April 1, 2022 through June 29, 2022. The mean (average) closing price for Common Stock during the 90-day lookback period was $4.84.

Docusign Envelope ID: E3E4D340-F3DE-4EE5-9280-7B9667FD6E66
Case 3:21-cv-01254-TJC-PDB    Document 213-2    Filed 11/15/24    Page 93 of 147
PageID 7978

Exhibit A-1

iv)   Held as of the close of trading on June 29, 2022, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per warrant on the date of purchase or acquisition as stated in **Table 1B**; or (ii) the price of purchase or acquisition *minus* the average closing price of Warrants during the 90-Day Look-Back Period, which is $0.89.[5]

## Call and Put Options

54.    A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of Call Options, or sale of Put Options during the Settlement Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

55.    For each Call Option that was purchased or otherwise acquired during the period from March 25, 2021, through March 31, 2022 inclusive, and:

i)    Closed (through sale, exercise, or expiration) before close of trading on November 9, 2021, the Recognized Loss Amount will be $0.00.

ii)   Closed (through sale, exercise, or expiration) between November 10, 2021 and March 31, 2022, inclusive, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per option on the date of purchase or acquisition as stated in **Table 1C** *minus* the amount of artificial inflation per share on the date of close as stated in **Table 1C**; or (ii) if closed through sale, the price of purchase or acquisition *minus* the price of sale, or if closed through exercise or expiration, the purchase or acquisition price *minus* the value per option on the date of exercise or expiration.

iii)  Open as of the close of trading on March 31, 2022, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per option on the date of purchase or acquisition as stated in **Table 1C**; or (ii) the price of purchase or acquisition *minus* the closing mid-point price ("Holding Price") of that option series on April 1, 2022 as stated in **Table 1C.**

56.    For each Put Option that was sold (written) during the period from March 25, 2021 through March 31, 2022 inclusive, and:

---

[5] The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Warrants by limiting losses to the difference between the purchase price paid for such warrants and the average price of Warrants during the "90-day look-back period" subsequent to the Settlement Class Period, from April 1, 2022 through June 29, 2022. The mean (average) closing price for Warrants during the 90-day lookback period was $0.89.

i)     Closed (through purchase, exercise, or expiration) before close of trading on November 9, 2021, the Recognized Loss Amount will be $0.00.

ii)    Closed (through purchase, exercise, or expiration) between November 10, 2021 and March 31, 2022, inclusive, the Recognized Loss Amount will be *the lesser of:* (i) the amount of negative artificial inflation per option on the date of sale (writing) as stated in **Table 1D** *minus* the amount of negative artificial inflation per option on the date of close as stated in **Table 1D**; or (ii) if closed through purchase, the price of purchase *minus* the price of sale, or if closed through exercise or expiration, the value per option on the date of exercise or expiration *minus* the sale price.

iii)   Open as of the close of trading on March 31, 2022, the Recognized Loss Amount will be *the lesser of:* (i) the amount of negative artificial inflation per option on the date of purchase or acquisition as stated in **Table 1D**; or (ii) the closing mid-point price of that option series on April 1, 2022 ("Holding Price") as stated in **Table 1D** *minus* the sale price**.**

57.    The Settlement proceeds available for Call Options purchased/acquired during the Settlement Class Period and Put Options sold (written) during the Settlement Class Period shall be limited to a total amount equal to 10% of the Net Settlement Fund. Thus, if the cumulative Recognized Loss Amounts for Call Options and Put Options exceeds 10% of all Recognized Claims, then the Recognized Loss Amounts calculated for option transactions will be reduced proportionately until they collectively equal 10% of all Recognized Claims. In the unlikely event that the Net Settlement Fund is sufficient to pay 100% of the Common Stock and Warrant-based claims, any excess amount will be used to pay the balance on the remaining Option-based claims.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

58.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payments will depend on the number of eligible shares of Common Stock, Warrants, Call Options, and Put Options that participate in the Settlement, and when those shares of Common Stock, Warrants, Call Options and Put Options were purchased and sold. The number of claimants who send in claims varies widely from case to case.

59.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be equated to the sum of that Claimant's Recognized Loss Amounts, which will be calculated according to the relevant formulas in the foregoing sections. The pro-rata share of the Net Settlement Fund will then be calculated for each Authorized Claimant as the Claimant's Recognized Claim divided by the sum of all Authorized Claimants' Recognized Claims, multiplied by the total amount of the Net Settlement Fund.

60.    **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of any Class Security during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  With respect to Common Stock, Warrants, and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition

made during the Settlement Class Period. For Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Put Options sold (written) during the Settlement Class Period in chronological order.

61.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Class Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases/Sales" eligible under the Settlement and this Plan of Allocation include all purchases or acquisitions and sales of Class Securities in exchange for value and are not limited to purchases, acquisitions, or sales made on or through a stock exchange, as long as the purchase, acquisition, or sale is adequately documented. The receipt or grant by gift, inheritance or operation of law of Class Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these Class Securities for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Class Securities unless (i) the donor or decedent purchased or otherwise acquired such Class Securities or sold Put Options during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Class Securities.

62.    **Short Sales:** With respect to Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock.  The date of a "short sale" is deemed to be the date of sale of the Common Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.

63.    In the event that a Claimant has an opening short position in Common Stock, the earliest purchase or acquisitions of Common Stock during the Settlement Class Period shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

64.    If a Settlement Class Member has "written" Call Options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the Call Option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, however, the Recognized Loss on "written" Call Options is zero. In the event that a Claimant has an opening written position in Call Options, the earliest purchases or acquisitions of like call options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

65.    If a Settlement Class Member has purchased or acquired Put Options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option. The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, however, the Recognized Loss on Put Options purchased/acquired long is zero. In the event that a Claimant has an opening long position in Put Options, the earliest sales or dispositions of like put options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

66. **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the closing price of Common Stock on the exercise date. Any Recognized Loss arising from purchases of Common Stock acquired during the Settlement Class Period through the exercise of an option on Common Stock shall be computed as provided for other purchases of Common Stock in the Plan of Allocation.

67. **Market Gains and Losses:** With respect to all Common Stock, Warrants, and Call Options purchased or acquired, or Put Options sold, during the Settlement Class Period, the Claims Administrator will determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Settlement Class Period in those shares, warrants, and options. For purposes of making this calculation, with respect to Common Stock, Warrants, and Call Options, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Sales Proceeds[7] and the Claimant's Holding Value.[8] For Common Stock, Warrants, and Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

68. With respect to Put Options, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[9] and the Claimant's Holding

---

[6] For Common Stock, Warrants, and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Class Securities purchased or acquired during the Settlement Class Period.

[7] For Common Stock, Warrants, and Call Options, the Claims Administrator shall match any sales of such Class Securities during the Settlement Class Period first against the Claimant's opening position in the like Class Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining like Class Securities sold during the Settlement Class Period is the "Sales Proceeds."

[8] The Claims Administrator shall ascribe a "Holding Value" to each share of Common Stock and Warrants purchased or acquired during the Settlement Class Period and still held as of the close of trading on March 31, 2022. Such Holding Values will vary for each Common Stock, Warrant and/or Call Option held based on the date of closing of the respective position, in line with the Plan of Allocation outlined above.

[9] For Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Put Options first against the Claimant's opening position in Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses). The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

Value[10]; and (ii) the Claimant's Sale Proceeds.[11] For Put Options, if the sum of the Claimant's Total Purchase Amount and the Claimant's Holding Value *minus* the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

69.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Class Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Class Securities during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

70.     **Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

71.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

72.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

73.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds

---

[10] For each Put Option sold (written) during the Settlement Class Period that was still outstanding as of the close of trading on March 31, 2022, the Claims Administrator shall ascribe a "Holding Value" for that option which shall vary based on the date of closing of the respective position, in line with the Plan of Allocation outlined above.

[11] For Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Sales Proceeds."

Docusign Envelope ID: E354D340-E3DE-4EE5-9280-7B966FED6E86
Case 3:21-cv-01254-TJC-PDB    Document 213-2    Filed 11/15/24    Page 98 of 147
PageID 7983

Exhibit A-1

remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s). Lead Plaintiff will propose such organization for Defendants' consent and for final determination by the Court.

74.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Settlement Class Members. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Lead Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

75.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with his damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net/redwire.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

76.     Lead Plaintiff's Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Lead Plaintiff's Counsel in an amount not to exceed 33% of the Settlement Fund plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $550,000 plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund. Lead Counsel will also submit an application for an award to Lead Plaintiff related to his representation of the Settlement Class in an amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees, reimbursement of Litigation Expenses, or award to Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees, expenses, or award.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

77.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Redwire Corporation Securities Litigation, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063. The exclusion request must be received no later than _____, 2025. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Lemen v. Redwire Corp., et al.*, Case No. 3:21-cv-01254"; (c) identify and state the amount of Class Securities that the person or entity requesting exclusion purchased/acquired and/or sold/disposed during the Settlement Class Period (*i.e.*, between March 25, 2021 and March 31, 2022, inclusive), as well as the dates and prices of each such purchase/acquisition and sale/disposition; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

78.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claims Against Defendants against any of the Defendants' Releasees.

79.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

80.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

81.    **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

82.    The Settlement Hearing will be held on _____, 2025 at __:__ _.m., before the Honorable Timothy J. Corrigan at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL 32202. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, award to Lead Plaintiff and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

83.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Middle District of Florida at the address set forth below on or before _____, 2025. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2025**.

| **Clerk's Office** | **Lead Counsel** | **Defense Counsel** |
|---|---|---|
| United States District Court | Hagens Berman Sobol | Shutts & Bowen LLP |
| Middle District of Florida | Shapiro LLP | Bud Bennington, Esq. |
| Clerk of the Court | Reed R. Kathrein, Esq. | 300 South Orange Ave. |
| Bryan Simpson U.S. Courthouse | 715 Hearst Ave., Suite 300 | Suite 1600 |
| 300 North Hogan Street | Berkeley, CA 94710 | Orlando, FL 32801 |
| Jacksonville, FL 32202 | | |

84.    Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement

Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of Class Securities that the objecting Settlement Class Member purchased/acquired and/or sold/disposed during the Settlement Class Period (*i.e.*, between March 25, 2021 and March 31, 2022, inclusive), as well as the dates and prices of each such purchase/acquisition and sale/disposition. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

85.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

86.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 83 above so that it is ***received* on or before _____, 2025**.

87.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 83 above so that the notice is ***received* on or _____, 2025**.

88.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

89.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

90.    If, during the period between March 25, 2021 and March 31, 2022, you (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options, for the beneficial interest of Persons or organizations other than yourself as a nominee, you must within SEVEN (7) CALENDAR DAYS of receipt of the notice either: (a) request from the Claims

Administrator sufficient copies of the Notice and Claim Form to forward to all such beneficial owners and within SEVEN (7) CALENDAR DAYS of receipt of those Notice and Claim Forms forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the electronic Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within SEVEN (7) CALENDAR DAYS of receipt of the link from the Claims Administrator; or (c) send a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at *Redwire Corporation Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, info@strategicclaims.net, in which event the Claims Administrator shall promptly mail the Notice and Claim Form, or email a link to the Notice and Claim Form, to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. If you choose to follow procedures (a) or (b), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

91.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and email address (to the extent available) provided to Claims Administrator; (b) $0.03 per email for emailing notice; or (c) $0.03 per Notice and Claim Form, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Notice and Claim Form, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE YOURSELF. NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

92.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net/redwire. All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel for the Lead Plaintiff at:

| | | |
|---|---|---|
| *Redwire Corporation* | and/or | Reed R. Kathrein, Esq. |
| *Securities Litigation* | | HAGENS BERMAN SOBOL |
| c/o Strategic Claims Services | | SHAPIRO LLP |
| 600 N. Jackson St., Ste 205 | | 715 Hearst Ave., Suite 300 |
| P.O. Box 230 | | Berkeley, CA 94710 |
| Media, PA 19063 | | (510) 725-3000 |
| Toll-Free: (866) 274-4004 | | |
| info@strategicclaims.net | | |

www.strategicclaims.net/redwire

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024              BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          MIDDLE DISTRICT OF FLORIDA

29

Exhibit A-1

Table 1A

**Common Stock – Estimated Artificial Inflation Per Share**

**(March 25, 2021 – April 1, 2022, inclusive)**

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| Common Stock | Mar 25, 2021 - Nov 9, 2021 | $5.11 |
| | Nov 10, 2021 - Nov 12, 2021 | $3.23 |
| | Nov 15, 2021- Mar 31, 2022 | $2.48 |
| | Apr 1, 2022 - Present | $0.00 |

Table 1B

**Warrants – Estimated Artificial Inflation Per Share**

**(March 25, 2021 – April 1, 2022, inclusive)**

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| Warrants | Mar 25, 2021 - Nov 9, 2021 | $2.43 |
| | Nov 10, 2021 - Nov 12, 2021 | $1.54 |
| | Nov 15, 2021- Mar 31, 2022 | $1.18 |
| | Apr 1, 2022 - Present | $0.00 |

Exhibit A-1

Table 1C

**Call Options – Estimated Artificial Inflation Per Share**

**(March 25, 2021 – March 31, 2022, inclusive)**

| Expiration Date | Strike Price | Call Option Artificial Inflation Per Share During Trading Periods | | | Holding Price |
|---|---|---|---|---|---|
| | | 03/25/2021 through 11/09/2021 (or Expiry) | 11/10/2021 through 11/12/2021 (or Expiry) | 11/15/2021 through 03/31/2022 (or Expiry) | |
| 9/17/2021 | $7.50 | $4.79 | | | |
| 9/17/2021 | $10.00 | $4.35 | | | |
| 9/17/2021 | $12.50 | $1.52 | | | |
| 9/17/2021 | $15.00 | $1.01 | | | |
| 9/17/2021 | $17.50 | $0.69 | | | |
| 9/17/2021 | $20.00 | $0.42 | | | |
| 10/15/2021 | $5.00 | $4.95 | | | |
| 10/15/2021 | $7.50 | $4.68 | | | |
| 10/15/2021 | $10.00 | $3.01 | | | |
| 10/15/2021 | $12.50 | $1.48 | | | |
| 10/15/2021 | $15.00 | $0.85 | | | |
| 10/15/2021 | $17.50 | $0.60 | | | |
| 10/15/2021 | $20.00 | $0.43 | | | |
| 10/15/2021 | $22.50 | $0.29 | | | |
| 11/19/2021 | $5.00 | $4.93 | $3.11 | $2.39 | |
| 11/19/2021 | $7.50 | $4.58 | $2.89 | $2.22 | |
| 11/19/2021 | $10.00 | $3.35 | $2.12 | $1.63 | |
| 11/19/2021 | $12.50 | $2.06 | $1.30 | $1.00 | |
| 11/19/2021 | $15.00 | $1.31 | $0.83 | $0.64 | |
| 11/19/2021 | $17.50 | $0.89 | $0.57 | $0.43 | |
| 11/19/2021 | $20.00 | $0.65 | $0.41 | $0.32 | |
| 11/19/2021 | $22.50 | $0.51 | $0.32 | $0.25 | |
| 11/19/2021 | $25.00 | $0.30 | $0.19 | $0.15 | |
| 12/17/2021 | $5.00 | $4.88 | $3.09 | $2.37 | |
| 12/17/2021 | $7.50 | $4.01 | $2.53 | $1.95 | |
| 12/17/2021 | $10.00 | $2.62 | $1.65 | $1.27 | |
| 12/17/2021 | $12.50 | $1.79 | $1.13 | $0.87 | |
| 12/17/2021 | $15.00 | $1.29 | $0.82 | $0.63 | |
| 12/17/2021 | $17.50 | $0.93 | $0.59 | $0.45 | |
| 12/17/2021 | $20.00 | $0.77 | $0.49 | $0.37 | |
| 12/17/2021 | $22.50 | $0.64 | $0.40 | $0.31 | |
| 12/17/2021 | $25.00 | $0.43 | $0.27 | $0.21 | |
| 1/21/2022 | $5.00 | | | $2.30 | |
| 1/21/2022 | $7.50 | | | $1.12 | |
| 1/21/2022 | $10.00 | | | $0.63 | |

Exhibit A-1

| Expiration Date | Strike Price | Call Option Artificial Inflation Per Share During Trading Periods | | | Holding Price |
|---|---|---|---|---|---|
| | | 03/25/2021 through 11/09/2021 (or Expiry) | 11/10/2021 through 11/12/2021 (or Expiry) | 11/15/2021 through 03/31/2022 (or Expiry) | |
| 1/21/2022 | $12.50 | | | $0.40 | |
| 1/21/2022 | $15.00 | | | $0.28 | |
| 1/21/2022 | $17.50 | | | $0.20 | |
| 1/21/2022 | $20.00 | | | $0.14 | |
| 1/21/2022 | $22.50 | | | $0.06 | |
| 2/18/2022 | $2.50 | $4.92 | $3.11 | $2.39 | |
| 2/18/2022 | $5.00 | $4.33 | $2.74 | $2.10 | |
| 2/18/2022 | $7.50 | $2.90 | $1.83 | $1.41 | |
| 2/18/2022 | $10.00 | $2.21 | $1.39 | $1.07 | |
| 2/18/2022 | $12.50 | $1.78 | $1.13 | $0.87 | |
| 2/18/2022 | $15.00 | $1.43 | $0.90 | $0.69 | |
| 2/18/2022 | $17.50 | $1.31 | $0.83 | $0.64 | |
| 2/18/2022 | $20.00 | $0.99 | $0.63 | $0.48 | |
| 2/18/2022 | $22.50 | $1.02 | $0.65 | $0.50 | |
| 2/18/2022 | $25.00 | $0.64 | $0.40 | $0.31 | |
| 3/18/2022 | $2.50 | | | $2.37 | |
| 3/18/2022 | $5.00 | | | $1.73 | |
| 3/18/2022 | $7.50 | | | $0.50 | |
| 3/18/2022 | $10.00 | | | $0.23 | |
| 4/14/2022 | $2.50 | | | $2.35 | $3.50 |
| 4/14/2022 | $5.00 | | | $1.91 | $1.10 |
| 4/14/2022 | $7.50 | | | $1.04 | $0.08 |
| 4/14/2022 | $10.00 | | | $0.40 | $0.03 |
| 5/20/2022 | $2.50 | $4.91 | $3.10 | $2.38 | $3.50 |
| 5/20/2022 | $5.00 | $4.04 | $2.55 | $1.96 | $1.30 |
| 5/20/2022 | $7.50 | $2.91 | $1.84 | $1.41 | $0.35 |
| 5/20/2022 | $10.00 | $2.21 | $1.40 | $1.08 | $0.13 |
| 5/20/2022 | $12.50 | $1.76 | $1.11 | $0.85 | $0.08 |
| 5/20/2022 | $15.00 | $1.49 | $0.94 | $0.72 | $0.05 |
| 5/20/2022 | $17.50 | $1.44 | $0.91 | $0.70 | $0.05 |
| 5/20/2022 | $20.00 | $1.08 | $0.68 | $0.53 | |
| 5/20/2022 | $22.50 | $1.05 | $0.66 | $0.51 | $0.05 |
| 5/20/2022 | $25.00 | $0.70 | $0.44 | $0.34 | $0.05 |
| 8/19/2022 | $2.50 | | | $2.30 | $3.90 |
| 8/19/2022 | $5.00 | | | $1.77 | $1.65 |
| 8/19/2022 | $7.50 | | | $1.20 | $0.80 |
| 8/19/2022 | $10.00 | | | $0.85 | $0.45 |
| 8/19/2022 | $12.50 | | | $0.63 | $0.23 |
| 8/19/2022 | $15.00 | | | $0.51 | $0.13 |
| 11/18/2022 | $10.00 | | | $1.21 | $0.68 |
| 11/18/2022 | $12.50 | | | $0.90 | $0.43 |

**Exhibit A-1**

| Expiration Date | Strike Price | Call Option Artificial Inflation Per Share During Trading Periods | | | Holding Price |
|---|---|---|---|---|---|
| | | 03/25/2021 through 11/09/2021 (or Expiry) | 11/10/2021 through 11/12/2021 (or Expiry) | 11/15/2021 through 03/31/2022 (or Expiry) | |
| 1/20/2023 | $2.50 | | | $2.30 | $3.65 |
| 1/20/2023 | $5.00 | | | $1.84 | $2.03 |
| 1/20/2023 | $7.50 | | | $1.49 | $1.20 |
| 1/20/2023 | $10.00 | | | $1.21 | $0.85 |
| 1/20/2023 | $12.50 | | | $0.98 | $0.53 |
| 1/20/2023 | $15.00 | | | $0.78 | $0.40 |
| 1/20/2023 | $17.50 | | | $0.70 | $0.28 |
| 1/20/2023 | $20.00 | | | $0.60 | $0.23 |
| 1/19/2024 | $2.50 | | | $2.29 | $3.75 |
| 1/19/2024 | $5.00 | | | $1.94 | $2.73 |
| 1/19/2024 | $7.50 | | | $1.68 | $2.08 |
| 1/19/2024 | $10.00 | | | $1.48 | $1.50 |
| 1/19/2024 | $12.50 | | | $1.24 | $1.13 |
| 1/19/2024 | $15.00 | | | $1.13 | $0.83 |
| 1/19/2024 | $17.50 | | | $0.95 | $0.65 |
| 1/19/2024 | $20.00 | | | $0.86 | $0.58 |

Exhibit A-1

Table 1D

**Put Options – Estimated Negative Artificial Inflation Per Share**

**(March 25, 2021 – March 31, 2022, inclusive)**

| Expiration Date | Strike Price | Put Option Artificial Deflation Per Share During Trading Periods | | | Holding Price |
|---|---|---|---|---|---|
| | | 03/25/2021 through 11/09/2021 (or Expiry) | 11/10/2021 through 11/12/2021 (or Expiry) | 11/15/2021 through 03/31/2022 (or Expiry) | |
| 9/17/2021 | $7.50 | $0.13 | | | |
| 9/17/2021 | $10.00 | $1.01 | | | |
| 9/17/2021 | $12.50 | $3.57 | | | |
| 9/17/2021 | $15.00 | $4.30 | | | |
| 10/15/2021 | $5.00 | $0.19 | | | |
| 10/15/2021 | $7.50 | $0.43 | | | |
| 10/15/2021 | $10.00 | $2.09 | | | |
| 10/15/2021 | $12.50 | $3.33 | | | |
| 10/15/2021 | $15.00 | $3.55 | | | |
| 10/15/2021 | $17.50 | $4.66 | | | |
| 10/15/2021 | $20.00 | $4.43 | | | |
| 11/19/2021 | $5.00 | $0.12 | $0.08 | $0.06 | |
| 11/19/2021 | $7.50 | $0.56 | $0.35 | $0.27 | |
| 11/19/2021 | $10.00 | $1.72 | $1.09 | $0.84 | |
| 11/19/2021 | $12.50 | $2.91 | $1.84 | $1.42 | |
| 11/19/2021 | $15.00 | $3.60 | $2.27 | $1.75 | |
| 11/19/2021 | $17.50 | $3.80 | $2.40 | $1.85 | |
| 11/19/2021 | $20.00 | $4.20 | $2.65 | $2.04 | |
| 11/19/2021 | $22.50 | $4.51 | $2.85 | $2.19 | |
| 12/17/2021 | $5.00 | | $0.11 | $0.08 | |
| 12/17/2021 | $7.50 | $1.16 | $0.74 | $0.57 | |
| 12/17/2021 | $10.00 | $2.42 | $1.53 | $1.18 | |
| 12/17/2021 | $12.50 | $3.24 | $2.05 | $1.57 | |
| 12/17/2021 | $15.00 | $3.62 | $2.29 | $1.76 | |
| 12/17/2021 | $17.50 | $3.52 | $2.22 | $1.71 | |
| 12/17/2021 | $20.00 | | | $2.12 | |
| 1/21/2022 | $2.50 | | | $0.04 | |
| 1/21/2022 | $5.00 | | | $0.20 | |
| 1/21/2022 | $7.50 | | | $1.34 | |
| 1/21/2022 | $10.00 | | | $1.91 | |
| 1/21/2022 | $12.50 | | | $2.07 | |
| 1/21/2022 | $15.00 | | | $2.27 | |
| 1/21/2022 | $17.50 | | | $2.39 | |
| 2/18/2022 | $2.50 | | | $0.06 | |
| 2/18/2022 | $5.00 | $0.88 | $0.55 | $0.43 | |

| Expiration Date | Strike Price | Put Option Artificial Deflation Per Share During Trading Periods | | | Holding Price |
|---|---|---|---|---|---|
| | | 03/25/2021 through 11/09/2021 (or Expiry) | 11/10/2021 through 11/12/2021 (or Expiry) | 11/15/2021 through 03/31/2022 (or Expiry) | |
| 2/18/2022 | $7.50 | $2.36 | $1.49 | $1.15 | |
| 2/18/2022 | $10.00 | $3.05 | $1.93 | $1.48 | |
| 2/18/2022 | $12.50 | $3.75 | $2.37 | $1.82 | |
| 2/18/2022 | $15.00 | $3.84 | $2.42 | $1.86 | |
| 2/18/2022 | $17.50 | $3.82 | $2.41 | $1.86 | |
| 2/18/2022 | $20.00 | $4.04 | $2.55 | $1.96 | |
| 3/18/2022 | $2.50 | | | $0.07 | |
| 3/18/2022 | $5.00 | | | $0.71 | |
| 3/18/2022 | $7.50 | | | $1.91 | |
| 3/18/2022 | $10.00 | | | $2.19 | |
| 4/14/2022 | $2.50 | | | $0.03 | $0.03 |
| 4/14/2022 | $5.00 | | | $0.41 | $0.08 |
| 4/14/2022 | $7.50 | | | $1.22 | $1.58 |
| 4/14/2022 | $10.00 | | | $2.04 | $4.00 |
| 5/20/2022 | $2.50 | $0.15 | $0.09 | $0.07 | $0.05 |
| 5/20/2022 | $5.00 | $1.16 | $0.73 | $0.56 | $0.35 |
| 5/20/2022 | $7.50 | $2.19 | $1.39 | $1.07 | $1.95 |
| 5/20/2022 | $10.00 | $2.72 | $1.72 | $1.32 | $4.20 |
| 5/20/2022 | $12.50 | $2.86 | $1.80 | $1.39 | $6.60 |
| 5/20/2022 | $15.00 | $3.05 | $1.93 | $1.48 | $8.80 |
| 5/20/2022 | $17.50 | $4.18 | $2.64 | $2.03 | |
| 5/20/2022 | $20.00 | $3.50 | $2.21 | $1.70 | |
| 5/20/2022 | $22.50 | $4.00 | $2.52 | $1.94 | |
| 5/20/2022 | $25.00 | | | $2.38 | |
| 8/19/2022 | $2.50 | | | $0.20 | $0.10 |
| 8/19/2022 | $5.00 | | | $0.63 | $0.78 |
| 8/19/2022 | $7.50 | | | $1.04 | $2.45 |
| 8/19/2022 | $10.00 | | | $1.46 | $4.55 |
| 8/19/2022 | $12.50 | | | $1.94 | $7.65 |
| 1/20/2023 | $2.50 | | | $0.19 | $0.23 |
| 1/20/2023 | $5.00 | | | $0.58 | $1.20 |
| 1/20/2023 | $7.50 | | | $0.79 | $4.00 |
| 1/20/2023 | $10.00 | | | $1.14 | $4.90 |
| 1/20/2023 | $12.50 | | | $1.58 | $7.20 |
| 1/20/2023 | $15.00 | | | $1.56 | $13.05 |
| 1/19/2024 | $2.50 | | | $0.22 | $0.80 |
| 1/19/2024 | $5.00 | | | $0.47 | $2.65 |
| 1/19/2024 | $7.50 | | | $0.62 | $3.45 |
| 1/19/2024 | $12.50 | | | $0.95 | |

**Table 2A**

## Common Stock – 90-Day Look-Back Table

### (Average Closing Price: April 1, 2022 – June 29, 2022, inclusive)

| Date | Average Closing Price of Security from Apr 1, 2022, Through Listed Date | Date | Average Closing Price of Security from Apr 1, 2022, Through Listed Date | Date | Average Closing Price of Security from Apr 1, 2022, Through Listed Date |
|---|---|---|---|---|---|
| Apr 01, 2022 | $6.05 | May 03, 2022 | $6.16 | Jun 02, 2022 | $5.32 |
| Apr 04, 2022 | $6.27 | May 04, 2022 | $6.17 | Jun 03, 2022 | $5.30 |
| Apr 05, 2022 | $6.28 | May 05, 2022 | $6.18 | Jun 06, 2022 | $5.28 |
| Apr 06, 2022 | $6.30 | May 06, 2022 | $6.17 | Jun 07, 2022 | $5.26 |
| Apr 07, 2022 | $6.30 | May 09, 2022 | $6.15 | Jun 08, 2022 | $5.24 |
| Apr 08, 2022 | $6.30 | May 10, 2022 | $6.10 | Jun 09, 2022 | $5.21 |
| Apr 11, 2022 | $6.28 | May 11, 2022 | $6.03 | Jun 10, 2022 | $5.18 |
| Apr 12, 2022 | $6.25 | May 12, 2022 | $5.95 | Jun 13, 2022 | $5.15 |
| Apr 13, 2022 | $6.24 | May 13, 2022 | $5.87 | Jun 14, 2022 | $5.12 |
| Apr 14, 2022 | $6.21 | May 16, 2022 | $5.80 | Jun 15, 2022 | $5.09 |
| Apr 18, 2022 | $6.17 | May 17, 2022 | $5.76 | Jun 16, 2022 | $5.07 |
| Apr 19, 2022 | $6.17 | May 18, 2022 | $5.71 | Jun 17, 2022 | $5.05 |
| Apr 20, 2022 | $6.19 | May 19, 2022 | $5.66 | Jun 21, 2022 | $5.02 |
| Apr 21, 2022 | $6.18 | May 20, 2022 | $5.61 | Jun 22, 2022 | $5.00 |
| Apr 22, 2022 | $6.19 | May 23, 2022 | $5.56 | Jun 23, 2022 | $4.97 |
| Apr 25, 2022 | $6.19 | May 24, 2022 | $5.50 | Jun 24, 2022 | $4.94 |
| Apr 26, 2022 | $6.16 | May 25, 2022 | $5.46 | Jun 27, 2022 | $4.91 |
| Apr 27, 2022 | $6.14 | May 26, 2022 | $5.42 | Jun 28, 2022 | $4.87 |
| Apr 28, 2022 | $6.14 | May 27, 2022 | $5.39 | Jun 29, 2022 | $4.84 |
| Apr 29, 2022 | $6.13 | May 31, 2022 | $5.37 | | |
| May 02, 2022 | $6.14 | Jun 01, 2022 | $5.34 | | |

**Table 2B**

## Warrants – 90-Day Look-Back Table

### (Average Closing Price: April 1, 2022 – June 29, 2022, inclusive)

| Date | Average Closing Price of Security from Apr 1, 2022, Through Listed Date | Date | Average Closing Price of Security from Apr 1, 2022, Through Listed Date | Date | Average Closing Price of Security from Apr 1, 2022, Through Listed Date |
|---|---|---|---|---|---|
| Apr 01, 2022 | $1.35 | May 02, 2022 | $1.33 | May 31, 2022 | $1.05 |
| Apr 04, 2022 | $1.38 | May 03, 2022 | $1.33 | Jun 01, 2022 | $1.04 |
| Apr 05, 2022 | $1.42 | May 04, 2022 | $1.32 | Jun 02, 2022 | $1.03 |
| Apr 06, 2022 | $1.43 | May 05, 2022 | $1.32 | Jun 03, 2022 | $1.02 |
| Apr 07, 2022 | $1.42 | May 06, 2022 | $1.31 | Jun 06, 2022 | $1.01 |
| Apr 08, 2022 | $1.43 | May 09, 2022 | $1.30 | Jun 07, 2022 | $1.00 |
| Apr 11, 2022 | $1.43 | May 10, 2022 | $1.28 | Jun 08, 2022 | $0.99 |
| Apr 12, 2022 | $1.43 | May 11, 2022 | $1.26 | Jun 09, 2022 | $0.99 |
| Apr 13, 2022 | $1.43 | May 12, 2022 | $1.24 | Jun 10, 2022 | $0.98 |
| Apr 14, 2022 | $1.43 | May 13, 2022 | $1.22 | Jun 13, 2022 | $0.97 |
| Apr 18, 2022 | $1.43 | May 16, 2022 | $1.20 | Jun 14, 2022 | $0.96 |
| Apr 19, 2022 | $1.42 | May 17, 2022 | $1.18 | Jun 15, 2022 | $0.95 |
| Apr 20, 2022 | $1.42 | May 18, 2022 | $1.16 | Jun 16, 2022 | $0.95 |
| Apr 21, 2022 | $1.41 | May 19, 2022 | $1.14 | Jun 17, 2022 | $0.94 |
| Apr 22, 2022 | $1.41 | May 20, 2022 | $1.13 | Jun 21, 2022 | $0.93 |
| Apr 25, 2022 | $1.40 | May 23, 2022 | $1.11 | Jun 23, 2022 | $0.92 |
| Apr 26, 2022 | $1.38 | May 24, 2022 | $1.10 | Jun 24, 2022 | $0.92 |
| Apr 27, 2022 | $1.36 | May 25, 2022 | $1.08 | Jun 27, 2022 | $0.91 |
| Apr 28, 2022 | $1.35 | May 26, 2022 | $1.07 | Jun 28, 2022 | $0.90 |
| Apr 29, 2022 | $1.34 | May 27, 2022 | $1.06 | Jun 29, 2022 | $0.89 |

Docusign Envelope ID: E3F4D340-F3DE-4EE5-9289-79D667FD6E86

**Exhibit A-1**

# EXHIBIT A-2

Exhibit A-2

*Redwire Corporation Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Toll-Free Number: (866) 274-4004
Settlement Website: www.strategicclaims.net/redwire
Email: info@strategicclaims.net

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online at www.strategicclaims.net/redwire or mail it by first-class mail to the above address.  To be eligible, Claim Forms must be **submitted online by 11:59 p.m. ET on _____, 2025, or postmarked no later than _____, 2025.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above**.

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN CLASS SECURITIES** | _ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | _ |

1

Exhibit A-2

## PART I – CLAIMANT INFORMATION
### (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

| | | |
|---|---|---|
| Beneficial Owner's Name | | |
| Co-Beneficial Owner's Name | | |
| Entity Name (if Beneficial owner is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number (account(s) through which the securities were traded)[1] | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)
☐ Corporation
☐ IRA/401K
☐ Pension Plan

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

2

☐ Estate
☐ Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described in the Notice and provided for in this Claim Form.

2.    This Claim Form is directed to all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive (the "Settlement Class Period"), (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options (together, the "Settlement Class"). Common Stock (defined as common stock publicly traded under "GNPK" or "RDW" on the New York Stock Exchange ("NYSE")), Warrants (defined as warrants publicly traded under "GNPK WS or "RDW WS" on the NYSE), and Call and Put Options (defined as call and put options on Common Stock) are referred to collectively as "Class Securities." All Persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.    Excluded from the Settlement Class are Defendants, the officers and directors of Redwire, at all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

4.    If you are not a Settlement Class Member, do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.    If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Claims Against Defendants against the Defendants' Releasees and the Released Claims Against Lead Plaintiff against Lead Plaintiff's Releasees.

3

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedule of Transactions in Part III-VI of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Class Securities. On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Class Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note: Only Common Stock, Warrants, and Call Options purchased/acquired, and Put Options sold, during the Settlement Class Period (i.e., from March 25, 2021 through March 31, 2022, inclusive) are eligible under the Settlement. However, because the law provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Common Stock and Warrants during the period from March 25, 2021 to June 29, 2022, inclusive, in order for the Claims Administrator to calculate your Recognized Loss amount under the Plan of Allocation and process your claim.

10.      You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Class Securities set forth in the Schedule of Transactions in Part III-VI of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Class Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.

11.      Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with

multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Class Securities, or sold Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Class Securities, or sold Put Options, during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    a)  expressly state the capacity in which they are acting;

    b)  identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Class Securities; and

    c)  furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

    a)  own(ed) the Class Securities you have listed in the Claim Form; or

    b)  are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at Redwire Corporation Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; toll-free: (866) 274-4004; info@strategicclaims.net, or you may download the documents from the Settlement website, www.strategicclaims.net/redwire.

19.    NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/redwire to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Paragraph 13 above), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/redwire. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL OR EMAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

## PART III – SCHEDULE OF TRANSACTIONS IN REDWIRE COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Redwire Common Stock between March 25, 2021 and March 31, 2022, both dates inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions,

Exhibit A-2

paragraph 10, above. Do not include information in this section regarding securities other than Common Stock.

| A. BEGINNING HOLDINGS: State the total number of shares of Redwire Common Stock held at the close of trading on March 24, 2021 (*must be documented*). If none, write "zero" or "0." | |
|---|---|

| B. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD: Separately list each and every purchase or acquisition of Redwire Common Stock between March 25, 2021 and March 31, 2022, both dates inclusive, and provide the following information (*must be documented*). | | | IF NONE, CHECK HERE<br><br>○ |
|---|---|---|---|
| **Date of Purchase (List Chronologically) (Month/Day/Year)** | **Number of Shares Purchased/Acquired** | **Purchase Price per Share** | **Total Purchase Price (Excluding Commissions, Taxes, and Fees)** |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| C. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD: State the total number of shares of Redwire Common Stock purchased/acquired from after the opening of trading on April 1, 2022, through and including the close of trading on June 29, 2022. If none, write "zero" or "0." | |
|---|---|

| D. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD: Separately list each and every sale of Redwire Common Stock between March 25, 2021 and June 29, 2022, both dates inclusive, and provide the following information (*must be documented*). | | | IF NONE, CHECK HERE<br><br>○ |
|---|---|---|---|
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price per Share** | **Total Sale Price (Excluding Commissions, Taxes, and Fees)** |
| | | $ | $ |
| | | $ | $ |

7

| | | $ | $ |
|---|---|---|---|
| | | $ | $ |

| **E. ENDING HOLDINGS**: State the total number of shares of Redwire Common Stock held at the close of trading on June 29, 2022 (*must be documented*). If none, write "zero" or "0." | |
|---|---|

**IF ADDITIONAL SPACE IS NEEDED, ATTACH SEPARATE, NUMBERED SHEETS, GIVING ALL REQUIRED INFORMATION, SUBSTANTIALLY IN THE SAME FORMAT, AND PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET.**

## PART IV – SCHEDULE OF TRANSACTIONS IN REDWIRE WARRANTS

Complete this Part IV if and only if you purchased or otherwise acquired Redwire Warrants between March 25, 2021 and March 31, 2022, both dates inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than Warrants.

| **A. BEGINNING HOLDINGS:** State the total number of Redwire Warrants held at the close of trading on March 24, 2021 (*must be documented*). If none, write "zero" or "0." | |
|---|---|
| **B. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase or acquisition of Redwire Warrants between March 25, 2021 and March 31, 2022, both dates inclusive, and provide the following information (*must be documented*). | **IF NONE, CHECK HERE**<br><br>○ |

| **Date of Purchase (List Chronologically) (Month/Day/Year)** | **Number of Warrants Purchased/Acquired** | **Purchase Price Per Warrant** | **Total Purchase Price (Excluding Commissions, Taxes, and Fees)** |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| C. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD: State the total number of Redwire Warrants purchased/acquired from after the opening of trading on April 1, 2022, through and including the close of trading on June 29, 2022. If none, write "zero" or "0." | |

| D. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD: Separately list each and every sale of Redwire Warrants between March 25, 2021 and June 29, 2022, both dates inclusive, and provide the following information (*must be documented*). | IF NONE, CHECK HERE<br><br>○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Warrants Sold | Sale Price Per Warrant | Total Sale Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| E. ENDING HOLDINGS: State the total number of Redwire Warrants held at the close of trading on June 29, 2022 (*must be documented). If none, write "zero" or "0." | |

**IF ADDITIONAL SPACE IS NEEDED, ATTACH SEPARATE, NUMBERED SHEETS, GIVING ALL REQUIRED INFORMATION, SUBSTANTIALLY IN THE SAME FORMAT, AND PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET.**

## PART V – SCHEDULE OF TRANSACTIONS IN REDWIRE CALL OPTIONS

Complete this Part IV if and only if you purchased or otherwise acquired Redwire Call Options between March 25, 2021 and March 31, 2022, both dates inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than Call Options.

Exhibit A-2

| A. BEGINNING HOLDINGS: Separately list all positions in Redwire Call Option contracts in which you had an open interest as of the close of trading on March 24, 2021 (*must be documented*). | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| **Strike Price of Call Option Contract** | **Expiration Date of Call Option Contract (Month/Day/Year)** | **Option Class Symbol** | **Number of Call Option Contracts in Which You Had an Open Interest** |
| $ | | | |
| $ | | | |
| $ | | | |
| $ | | | |

**B. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase or acquisition of Call Option contracts between March 25, 2021 and March 31, 2022, both dates inclusive, and provide the following information (*must be documented*)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contact | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise/ Assignment/Expiration Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| | $ | | | | $ | $ | | |
| | $ | | | | $ | $ | | |
| | $ | | | | $ | $ | | |
| | $ | | | | $ | $ | | |

| C. SALES DURING THE SETTLEMENT CLASS PERIOD: Separately list each and every sale/disposition of Redwire Call Options between March 25, 2021 and March 31, 2022, both dates inclusive, and provide the following information (*must be documented*). | IF NONE, CHECK HERE ○ |
|---|---|

Exhibit A-2

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees |
|---|---|---|---|---|---|---|
| | $ | | | | $ | $ |
| | $ | | | | $ | $ |
| | $ | | | | $ | $ |
| | $ | | | | $ | $ |

| D. ENDING HOLDINGS: Separately list all positions in Redwire Call Option contracts in which you had an open interest as of the close of trading on March 31, 2022 (*must be documented*). | IF NONE, CHECK HERE ○ |
|---|---|

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | | | |
| $ | | | |
| $ | | | |
| $ | | | |

**IF ADDITIONAL SPACE IS NEEDED, ATTACH SEPARATE, NUMBERED SHEETS, GIVING ALL REQUIRED INFORMATION, SUBSTANTIALLY IN THE SAME FORMAT, AND PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET.**

### PART VI – SCHEDULE OF TRANSACTIONS IN REDWIRE PUT OPTIONS

Complete this Part IV if and only if sold (wrote) Redwire Put Options between March 25, 2021 and March 31, 2022, both dates inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than Put Options.

| A. BEGINNING HOLDINGS: Separately List all positions in Redwire Put Option contracts in which you had an open interest as of the close of trading on March 24, 2021 (*must be documented*). | IF NONE, CHECK HERE ○ |
|---|---|

11

Exhibit A-2

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | | | |
| $ | | | |
| $ | | | |
| $ | | | |

**B. SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every sale (writing) of Put Option contracts between March 25, 2021 and March 31, 2022, both dates inclusive, and provide the following information (*must be documented*)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned  Insert an "E" if Exercised  Insert an "X" if Expired | Exercise/Assignment/Expiration Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| | $ | | | | $ | $ | | |
| | $ | | | | $ | $ | | |
| | $ | | | | $ | $ | | |
| | $ | | | | $ | $ | | |

**C. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase/acquisition of Redwire Put Option contracts between March 25, 2021 and March 31, 2022, both dates inclusive, and provide the following information (*must be documented*):

**IF NONE, CHECK HERE**

○

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/Acquired | Purchase/Acquisition Price Per Put Option | Total Purchase/Acquisition Price (excluding taxes, |
|---|---|---|---|---|---|---|

12

| | $ | | | | $ | $ |
|---|---|---|---|---|---|---|
| | $ | | | | $ | $ |
| | $ | | | | $ | $ |
| | $ | | | | $ | $ |

| **D. ENDING HOLDINGS:** Separately list all positions in Redwire Put Option contracts in which you had an open interest as of the close of trading on March 31, 2022 (*must be documented*). | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| **Strike Price of Put Option Contract** | **Expiration Date of Put Option Contract (Month/Day/Year)** | **Option Class Symbol** | **Number of Put Option Contracts in Which You Had an Open Interest** |
| $ | | | |
| $ | | | |
| $ | | | |
| $ | | | |

**IF ADDITIONAL SPACE IS NEEDED, ATTACH SEPARATE, NUMBERED SHEETS, GIVING ALL REQUIRED INFORMATION, SUBSTANTIALLY IN THE SAME FORMAT, AND PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET.**

## PART VII – RELEASE OF CLAIMS AND SIGNATURE

*YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 15 OF THIS CLAIM FORM*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) respective heirs, predecessors, successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged:  (i) each and every Released Claim Against Defendants (as defined in the Stipulation and in the Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Defendants against any of the Defendants' Releasees; and (ii) each and every Released Claim Against Lead Plaintiff (as defined in the Stipulation and Notice) against Lead Plaintiff and Lead Plaintiff Releasees (as defined in the

13

Stipulation and Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Lead Plaintiff against any of Lead Plaintiff's Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), that:

1.      I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      The Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.      I (we) own(ed) the Class Securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      The Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions/sales/dispositions of Class Securities, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      The Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.      The Claimant(s) waive(s) the right to trial by jury and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Claim Form and knowingly and intentionally waive(s) any right of appeal to any court, including the U.S. Court of Appeals for the Eleventh Circuit;

8.      I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      The Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is (they are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is (they are)**

Docusign Envelope ID: E3F4D340-F3DE-4E55-9280-7BD687FD6E66

**Exhibit A-2**

**subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                    Date

_____
Print your name here

_____
Signature of joint Claimant, if any                                      Date

_____
Print your name here

_____
CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, ETC. (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 5 OF THIS CLAIM FORM.)

## **REMINDER CHECKLIST:**

1.      Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.      Remember to attach only copies of acceptable supporting documentation as these documents will not be returned to you.

3.      Please do not highlight any portion of the Claim Form or any supporting documents.

4.      Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

15

Exhibit A-2

5.      Keep copies of the completed Claim Form and documentation for your records.

6.      The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard or confirmation email. **If you do not receive an acknowledgement postcard or confirmation email within 60 days, please call the Claims Administrator toll free at 866-274-4004.**

7.      If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.      If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (866) 274-4004 or visit www.strategicclaims.net/redwire. Please DO NOT call Redwire or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2025**, ADDRESSED AS FOLLOWS:

<em>Redwire Corporation Securities Litigation</em><br>
c/o Strategic Claims Services600 N. Jackson St., Ste. 205<br>
P.O. Box 230<br>
Media, PA 19063<br>
Fax: (610) 565-7985<br>
info@strategicclaims.net

**OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/REDWIRE ON OR BEFORE 11:59 P.M. ET ON _____, 2025**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2025 is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

# EXHIBIT A-3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

## SUMMARY NOTICE

**TO: All Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive, (a) purchased or otherwise acquired Redwire Corporation common stock ("RDW") or Genesis Park Acquisition Corp. common stock ("GNPK") publicly traded on the New York Stock Exchange ("NYSE"); (b) purchased or otherwise acquired Genesis Park Acquisition Corp. warrants ("GNPK WS") and Redwire Corporation warrants ("RDW WS") publicly traded on the NYSE; (c) purchased or otherwise acquired call options on Redwire Corporation common stock; or (d) sold or otherwise disposed of put options on Redwire Corporation common stock (collectively, the "Settlement Class").**

### PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, that a hearing will be held on _____, 2025, at __:__ __.m., before the Honorable Timothy J. Corrigan at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, FL 32202, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for the sum of $8,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed Plan of Allocation to distribute the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (3) whether the application of Lead Counsel for an award of attorneys' fees and Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff, from the Settlement Fund, should be approved.

The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. The Court appointed Hagens Berman Sobol Shapiro LLP as Lead Counsel to represent you and the other Settlement Class Members. However, you have the right to retain your own counsel and the right to appear at the Settlement Hearing through counsel of your choosing.

Your rights may be affected by this Settlement if, during the period between March 25, 2021 and March 25, 2022, inclusive, you (a) purchased or otherwise acquired Redwire Corporation common stock ("RDW") or Genesis Park Acquisition Corp. common stock ("GNPK") publicly traded on the New York Stock Exchange ("NYSE"); (b) purchased or otherwise acquired Genesis Park Acquisition Corp. warrants ("GNPK WS") and Redwire Corporation warrants ("RDW WS") publicly traded on the NYSE; (c) purchased or otherwise acquired call options on Redwire Corporation common stock; or (d) sold or otherwise disposed of put options on Redwire Corporation common stock. As further described in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), you will be bound by any Judgment entered in the Action, whether or not you make a claim, unless you request exclusion from the Settlement Class.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and the Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.strategicclaims.net/redwire ("Settlement Website"). You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at Redwire Corporation Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; toll-free: (866) 274-4004; fax: (610) 565-7985; email: info@strategicclaims.net.

If you are a member of the Settlement Class, you must submit a Claim Form to the Claims Administrator *postmarked*, or online at the Settlement Website by 11:59 p.m. ET, no later than _____, 2025 in order to be eligible to receive a payment under the proposed Settlement. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion to the Claims Administrator such that it is *received* no later than _____, 2025, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Redwire, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed Kathrein
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
510-725-3000
reed@hbsslaw.com

Requests for the Notice and Claim Form should be made to the Claims Administrator at:

*Redwire Corporation Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Toll Free Number: (866) 274-4004
Settlement Website: www.strategicclaims.net/redwire
Email: info@strategicclaims.net

Dated: _____, 2024

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | CLASS ACTION |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, a class action is pending in this Court entitled *Lemen v. Redwire Corporation, et al.*, No. 3:21-cv-01254-TJC-PDB (M.D. Fla.) (the "Action");

WHEREAS, (a) Court-appointed Lead Plaintiff Jared Thompson ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); (b) Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire"), and Peter Cannito and William Read (collectively, the "Individual Defendants"; and together with Redwire, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this

Docusign Envelope ID: E3F4D340-F3DE-4E55-9289-7BD667FD6E66

Action with prejudice on the terms and conditions set forth in the *Stipulation and Agreement of Settlement*, dated November 15, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order and Final Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **<u>Incorporation of Settlement Documents</u>** – This Order and Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 15, 2024; (b) the Notice, and Summary Notice, both of which were filed with the Court on November 15, 2024; and (c) the Claim Form which was filed with the Court on November 15, 2024.

3.    **<u>Class Certification for Settlement Purposes</u>** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive (the "Settlement Class Period"), (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options. Excluded from the Settlement Class are Defendants, the officers and directors of Redwire, at all relevant times, members of their Immediate Family and their legal representatives,

heirs, successors, or assigns, and any entity in which Defendants have or had a
controlling interest.  Also excluded from the Settlement Class are the persons and
entities listed on Exhibit 1 hereto who or which are excluded from the Settlement
Class pursuant to a request for exclusion.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal
Rules of Civil Procedure, and for the purposes of the Settlement only, the Court
hereby affirms its determinations in the Preliminary Approval Order certifying Lead
Plaintiff as Class Representative for the Settlement Class and appointing Lead
Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel
have fairly and adequately represented the Settlement Class both in terms of
litigating the Action and for purposes of entering into and implementing the
Settlement and have satisfied the requirements of Federal Rules of Civil Procedure
23(a)(4) and 23(g), respectively.

5.    **Notice** - The Court finds that the dissemination of the Notice and the
online posting of the Notice, and the publication of the Summary Notice: (a) were
implemented in accordance with the Preliminary Approval Order; (b) constituted the
best notice practicable under the circumstances; (c) constituted notice that was
reasonably calculated, under the circumstances, to apprise Settlement Class
Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement
(including the Releases to be provided thereunder); (iii) Lead Counsel's motion for

Docusign Envelope ID: E3F4D340-F3DE-4E55-9289-7B0687FD6E66

an award of attorneys' fees, reimbursement of Litigation Expenses, and award to

Lead Plaintiff; (iv) their right to object to any aspect of the Settlement, the Plan of

Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of

Litigation Expenses, and award to Lead Plaintiff; (v) their right to exclude

themselves from the Settlement Class; and (vi) their right to appear at the Settlement

Hearing; (d) constituted due, adequate, and sufficient notice to all persons and

entities entitled to receive notice of the proposed Settlement; and (e) satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation

Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z–1, as amended, and all other

applicable law and rules. Further, the Court finds that Defendants served the

appropriate and required notice pursuant to the Class Action Fairness Act, 28 U.S.C.

§ 1715 ("CAFA"), on the appropriate Federal official (the Attorney General of the

United States) and the appropriate State official(s) (the necessary state Attorneys

General) as contemplated by such statute. The Court additionally finds that

Defendants served such adequate notice under CAFA more than ninety (90) days

prior to entry of this Order.

  6. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to,

and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court

hereby fully and finally approves the Settlement set forth in the Stipulation in all

respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and this Order and Final Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order and Final Judgment.

9.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation

relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims Against Defendants on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Claims Against Defendants against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(q) of the Stipulation).

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, (i) Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Claims Against Lead Plaintiff on behalf of Defendants in such capacity only; and (ii) each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims

7

Against Lead Plaintiff on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against Lead Plaintiff and the other Lead Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Lead Plaintiff against any of the Lead Plaintiff's Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

11.    **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **<u>No Admissions</u>** – Neither this Order and Final Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or

8

approval of the Settlement (including any arguments proffered in connection therewith):

(a)  shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Order and Final Judgment;

(b)  shall be offered against any of the Lead Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against

Docusign Envelope ID: E3F4D340-F3DE-4E55-9288-7BD687FD6E66

any of the Lead Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Order and Final Judgment; or

      (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Order and Final Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.    **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees, Litigation Expenses, and/or award to Lead Plaintiff that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

Docusign Envelope ID: E3F4D340-F3DE-4E55-9289-7B0687FD6E66

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff. Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Final Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall

Docusign Envelope ID: E3F4D340-F3DE-4E55-9289-7BD687FD6E66

revert to their respective positions in the Action as of October 17, 2024, as provided
in the Stipulation.

17.     **<u>Entry of Order and Final Judgment</u>** – There is no just reason to delay
the entry of this Order and Final Judgment and immediate entry by the Clerk of the
Court is expressly directed.

SO ORDERED this _____ day of _____, 2025.

_____
THE HONORABLE TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**