UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>        v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>            Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br><u>CLASS ACTION</u><br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF ECF NOS. 215 AND 216** |

Lead Plaintiff Jared Thompson ("LP") submits this reply pursuant to the Court's Preliminary Approval Order. ECF No. 214, ¶ 26. As detailed in the final approval motion (ECF No. 215) and fee and expense motion (ECF No. 216), the proposed $8,000,000 Settlement is a favorable result for the Settlement Class. The Settlement accounts for the substantial risks, complexities, and expense of continued litigation, and is the result of extensive arm's length negotiations between counsel with the guidance of an experienced mediator. The Plan of Allocation, moreover, provides a fair and reasonable method to equitably allocate the Net Settlement Fund among Settlement Class Members who suffered losses as a result of the conduct

- 1 -

alleged in the Action.

Likewise, Lead Counsel's request for a 33% fee and payment of litigation expenses totaling $430,087.97 is fair and reasonable when considering the result achieved for the Settlement Class (*i.e.,* approximate recovery of 9.0% of the estimated *maximum* damages in this case), the caliber of the work performed, the risks of litigation, and comparable fee and expense awards. *See* ECF No. 216 at 19-20. Finally, LP's request for an award of $10,000 to compensate him for his time and effort is permitted under the Private Securities Litigation Reform Act (the "PSLRA") and is reasonable given the work performed.

The Settlement Class's reaction to the Settlement, Plan of Allocation, and Lead Counsel's requests for fees, expenses, and an award to LP is noteworthy. The deadline for Settlement Class Members to object or request exclusion from the Settlement Class was July 10, 2025. *See* ECF No. 217-1, ¶¶ 15-16. Notably, following an extensive Court-approved notice program that included the mailing or emailing of over 39,000 Notice and Claim Forms, ***not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees, litigation expenses, and compensatory award to LP.*** *See* Ex. 1, Supplemental Declaration of Sarah Evans ("Supp. Evans Decl."), ¶ 7. Moreover, the Court-appointed Claims Administrator, Strategic Claims Services, Inc. ("SCS"), has only received ***one request for exclusion***. *Id.*, ¶ 6. The

absence of objections and only one opt-out further supports the Court approving the Settlement and Plan of Allocation and granting the request for attorneys' fees, expenses, and compensatory award.

### A.    SCS Carried out the Robust Court-Approved Notice Program.

Approximately 39,181 copies of Notice and Claim Form were disseminated to potential Settlement Class Members, either via mail or via an emailed link. ECF No. 217-1, ¶ 10. SCS also caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over the *PR Newswire* on March 10, 2025, and the Notice and Claim Form, Stipulation, and Preliminary Approval Order to be posted on the Settlement website. *Id.,* ¶¶ 12-13. The Notice, Summary Notice, and Settlement website detailed the July 10, 2025 deadline and requirements to submit an objection or request exclusion from the Settlement Class. *Id.*, ¶¶ 15-16.

### B.    The Positive Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation.

The reaction of a class to a settlement and plan of allocation is "an important factor" in assessing fairness, reasonableness, and adequacy. *See Kukorinis v. Walmart, Inc.*, 2024 WL 3226772, at *6 (M.D. Fla. June 28, 2024). Here, there were no objections and only one request for exclusion. *See supra* at 2. The request for exclusion came from a retail investor who held 100 shares of common stock and never sold. *See* Ex. 1, Supp. Evans Decl., at Ex. A. It is especially significant that no institutional investors have objected to the Settlement and Plan of Allocation, as such

investors have ample means and incentive to object. *See, e.g., In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at \*9 (N.D. Cal. July 22, 2019) ("[T]he lack of objections from [institutional investors] indicates that the settlement is fair.").

Overall, the "lack of opposition" from the Settlement Class "weigh[s] strongly in favor" of final approval. *See Hanley v. Tampa Bay Sports & Ent. LLC*, 2020 WL 2517766, at \*4 (M.D. Fla. Apr. 23, 2020);  *see also In re Rayonier Inc. Sec. Litig.*, 2017 WL 4535984, at \*1 (M.D. Fla. Oct. 5, 2017) (Corrigan, J) (approving plan of allocation where no objections to the plan were submitted).

## C.    The Settlement Class's Reaction Supports Granting the Requests for Attorneys' Fees, Expenses,  and Compensatory Award.

The excellent result of the $8,000,000 Settlement Fund strongly supports the requested award of attorneys' fees and expenses. *See* ECF No. 216. Lead Counsel's 33% fee request, on behalf of Lead Plaintiff's Counsel, is consistent with fee awards in similar securities class action cases that settled for below $10 million. *Id.* at 19-20. Unlike the Action here, nearly all of these cases cited by Lead Counsel settled before the plaintiffs received a ruling on a motion to dismiss, performed substantive discovery, or filed a class certification motion. *Id.* at 20. The appropriateness of Lead Counsel's 33% fee request is further confirmed with a cross check against the lodestar, which reflects a 0.80 negative multiplier. *Id.* at 9; *see also In re Health Ins. Innovations Sec. Litig.,* 2021 WL 1341881, at \*13 (M.D. Fla. Mar. 23, 2021) (finding "negative [lodestar] multiplier" supported reasonableness of 33.33% fee request).

Lead Counsel's request for reimbursement is also reasonable, as the $430,087.97 in expenses include expert fees, online factual and legal research fees, and mediation fees, among others, that are routinely reimbursed. *See* ECF No. 216 at 22.

Furthermore, the request that LP be reimbursed for the costs (*i.e.*, lost wages) incurred as a direct result of his representation of the Settlement Class is expressly authorized by the PSLRA. *See id.* at 23-24. The fact that the PSLRA award requested here is specifically allowed by federal statute differentiates it from the "incentive payments" that the Eleventh Circuit held were forbidden in certain class actions. *See Johnson v. NPAS Sols, LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020). As such, Eleventh Circuit courts post-*Johnson* have awarded PSLRA awards to class representatives. *See* ECF No. 216 at 23 n.11 (listing PSLRA awards).

LP's request for a $10,000 PSLRA award is based on over 100 hours of work devoted to the case. ECF No. 217-2, ¶ 12. This amounts to a $100 hourly rate, less than LP's hourly rate as a self-employed consultant, where he averages $115-$120 per hour. The $100/hour rate is also less than what other Eleventh Circuit courts have granted in the form of PSLRA awards. For example, in *In re Flowers Foods Sec. Litig.*, 2019 WL 6771749, at *2 (M.D. Ga. December 11, 2019), the court awarded the lead plaintiff $10,000 based on 75 hours of work, an hourly rate of $133.33. *See also In re Flowers Foods Sec. Litig.*, Case No. 7:16-cv-00222-WLS, ECF No. 147-3, ¶ 13 (M.D. Ga. Nov. 6, 2019). In *Thorpe v. Walter Inv. Mgmt. Corp.*,

2016 WL 10518902, at *12 (S.D. Fla. Oct. 17, 2016), the court awarded a class representative $15,000 based on 56 hours of work, an hourly rate of $267.85. *See also Thorpe v. Walter Inv. Mgmt. Corp.*, Case No. 1:14-cv-20880-UU, ECF No. 147-4, ¶ 10 (S.D. Fla. Sep. 9, 2016).

Given the reasonableness of the fee, expense, and PSLRA award requests, it is unsurprising that no Settlement Class Member has objected. *See supra* at 2. The lack of objections, particularly given that the Class includes sophisticated institutional investors, weighs strongly in favor of granting the requested attorneys' fees, expenses, and PSLRA award. *See, e.g., In re Terazosin Hydrochloride Antitrust Litig.,* 2005 WL 8181045, at *5 (S.D. Fla. Apr. 20, 2005) (noting fact of lack of objection to fee request, when class included "significant, sophisticated businesses," supported reasonableness of fee); *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *12-13 (finding "lack of objections" supported payment of 33 1/3% fee request, $245,631 in expenses, and PSLRA award of $3,125).

**D.      The Settlement Class's Participation in the Settlement Supports Approval.**

The Notice program informed potential Settlement Class Members of the June 24, 2025 deadline to submit Claims. *See* Ex. 1, Evans Supp. Decl., ¶ 8.  Through July 23, 2025, SCS has received approximately 14,266 Claims representing $27,356,796.57 in Recognized Losses. *Id.*, Ex. B. All Claims are still subject to comprehensive review under standard claims-processing procedures, and SCS

cannot report the final number of valid Claims at this time.  *Id.*, ¶¶ 9, 12. Nonetheless, the current level of Settlement Class Member participation supports final approval. *See Hanley*, 2020 WL 2517766, at *4 (noting number of claims submitted and "Settlement Class Member support" favored approval).

For the reasons set forth above and in their previously filed briefs and declarations, LP and counsel respectfully request that the Court approve the Settlement and Plan of Allocation, as well as grant the request for attorneys' fees, expenses, and award to LP.  Proposed orders are submitted herewith. *See Exs.* 2-3.

Dated: July 24, 2025

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*
Reed R. Kathrein (Fla. Bar. No. 262161)
reed@hbsslaw.com
Lucas E. Gilmore (admitted *pro hac vice*)
lucasg@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

Peter A. Shaeffer (admitted *pro hac vice*)
petersh@hbsslaw.com
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950

*Lead Counsel for Lead Plaintiff*
*Jared Thompson*

**THE SCHALL LAW FIRM**
Brian Schall (admitted *pro hac vice*)
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

**BUCKNER + MILES**
David M. Buckner (Fla. Bar No. 60550)
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiff*