# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

## <u>ORDER AND FINAL JUDGMENT</u>

WHEREAS, a class action is pending in this Court entitled *Lemen v. Redwire Corporation, et al.*, No. 3:21-cv-01254-TJC-PDB (M.D. Fla.) (the "Action");

WHEREAS, (a) Court-appointed Lead Plaintiff Jared Thompson ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); (b) Defendants Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire"), and Peter Cannito and William Read (collectively, the "Individual Defendants"; and together with Redwire, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this

Action with prejudice on the terms and conditions set forth in the *Stipulation and Agreement of Settlement*, dated November 15, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order and Final Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated January 24, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on July 31, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

2

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order and Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 15, 2024; (b) the Notice, and Summary Notice, both of which were filed with the Court on November 15, 2024; and (c) the Claim Form which was filed with the Court on November 15, 2024.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive (the "Settlement Class Period"), (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options. Excluded from the Settlement Class are Defendants, the officers and directors of Redwire, at all relevant times, members of their Immediate Family and their legal representatives,

heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is Marvin Davis, who is excluded pursuant to a request for exclusion. See Doc. 218-1 (Supplemental Declaration of Sarah Evans) at Exhibit A.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** - The Court finds that the dissemination of the Notice and the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for

an award of attorneys' fees, reimbursement of Litigation Expenses, and award to
Lead Plaintiff; (iv) their right to object to any aspect of the Settlement, the Plan of
Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of
Litigation Expenses, and award to Lead Plaintiff; (v) their right to exclude
themselves from the Settlement Class; and (vi) their right to appear at the Settlement
Hearing; (d) constituted due, adequate, and sufficient notice to all persons and
entities entitled to receive notice of the proposed Settlement; and (e) satisfied the
requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States
Constitution (including the Due Process Clause), the Private Securities Litigation
Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z–1, as amended, and all other
applicable law and rules. Further, the Court finds that Defendants served the
appropriate and required notice pursuant to the Class Action Fairness Act, 28 U.S.C.
§ 1715 ("CAFA"), on the appropriate Federal official (the Attorney General of the
United States) and the appropriate State official(s) (the necessary state Attorneys
General) as contemplated by such statute. The Court additionally finds that
Defendants served such adequate notice under CAFA more than ninety (90) days
prior to entry of this Order.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to,
and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court
hereby fully and finally approves the Settlement set forth in the Stipulation in all

respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **<u>Binding Effect</u>** – The terms of the Stipulation and this Order and Final Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order and Final Judgment.

9.      **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation

relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims Against Defendants on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Claims Against Defendants against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(q) of the Stipulation).

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, (i) Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Claims Against Lead Plaintiff on behalf of Defendants in such capacity only; and (ii) each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Claims

7

Against Lead Plaintiff on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim Against Lead Plaintiff and the other Lead Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims Against Lead Plaintiff against any of the Lead Plaintiff's Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – Neither this Order and Final Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or

approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Order and Final Judgment;

(b)    shall be offered against any of the Lead Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against

any of the Lead Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Order and Final Judgment; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Order and Final Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees, Litigation Expenses, and/or award to Lead Plaintiff that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.    Separate orders are being contemporaneously entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff. Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Final Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall

revert to their respective positions in the Action as of October 17, 2024, as provided in the Stipulation.

17.  The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of August, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge