**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

**DECLARATION OF SARAH EVANS REGARDING SETTLEMENT**
**ADMINISTRATION**

I, Sarah Evans, declare as follows:

1.    I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over nine years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2.      Pursuant to the Court's January 24, 2025 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 214) (the "Preliminary Approval Order"), Lead Counsel was authorized to retain SCS as the Claims Administrator to supervise and administer the notice procedure as well as the processing of Claims in connection with the above-captioned action (the "Action"). I am over 21 years of age and am not a party to the Action.[1]

### STATUS OF DISBURSEMENT OF SETTLEMENT FUNDS

3.      I submit this declaration in response to the Court's Endorsed Order, dated October 10, 2025 (ECF No. 225). The purpose of this declaration is to explain the necessary, multi-step process SCS is undertaking to review the **14,276** Claims submitted and to provide the Court with a timeline for completion.

4.      In brief, the administration is proceeding as planned, but the timeline for completing the Claims processing is driven by the complexity of reviewing each Claim individually. As of today, SCS is in the final stages of the review. SCS has completed the initial review, sent deficiency notices, and is currently processing the responses from Claimants. SCS anticipates completing all remaining steps and providing finalized decisions to Lead Counsel by **December 29, 2025**. The remainder of this declaration details this process.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 15, 2024 (ECF No. 213-2) ("Stipulation").

## UPDATE ON CLAIMS RECEIVED

5.      As previously detailed to the Court, as of July 23, 2025, SCS had received approximately 14,266 Claims.[2]

6.      After July 23, 2025, SCS received an additional 10 Claims for the Settlement. Five of the Claims were timely postmarked on or before June 24, 2025. The remaining five were submitted after June 24, 2025, which was the Court-ordered deadline for Claims submissions, but on or before August 18, 2025.[3]

7.      Through August 18, 2025, a total of 14,276 Claims were received for the Settlement.

## THE MULTI-STEP CLAIMS REVIEW PROCESS

8.      As noted in the Evans Supplemental Declaration, all Claims are subject to a detailed review to ensure they are complete, documented, and eligible under the Plan of Allocation. Claims that do not meet the submission requirements after being given an opportunity to cure deficiencies may ultimately be rejected.

---

[2] *See* Ex. B. to Supplemental Declaration of Sarah Evans (ECF No. 218-1) (the "Evans Supplemental Declaration").

[3] SCS has not processed any Claims received after August 18, 2025 due to extreme lateness and because their inclusion would delay the finalization of the administration. As noted in the Evans Supplemental Declaration, SCS has the discretion to accept late Claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. *See* Preliminary Approval Order ¶ 10. The Court will ultimately determine whether to accept such Claims.

9.      In conducting its review, analysis, and quality assurance measures of the submitted Claims, SCS has or will be undertaking the following steps:

- reviewing each Claim for completeness and that the Claim includes required supporting documentation;

- calculating each valid Claim's Recognized Loss per the Plan of Allocation;

- notifying Claimants of any deficiencies or conditions of ineligibility;

- processing all additional documentation submitted by Claimants to "cure" deficient Claims;

- identifying and resolving issues related to duplicate submissions;

- conducting fraud-prevention reviews;

- performing internal quality assurance reviews to ensure the accuracy of Recognized Claims;

- processing responses for Claims whose determinations are contested by the Claimant; and

- performing all other necessary analysis.

## **CURRENT ADMINISTRATION STATUS**

10.     SCS is currently in the middle of this Claim review process. To date, SCS has completed the initial review of all 14,276 Claims and has sent 36 inadequacy notices to all Claimants whose Claims were deficient.

11.     SCS is now actively reviewing responses and documents submitted by Claimants to cure those deficiencies. At the same time, SCS is conducting ongoing quality assurance, checking duplicate submissions, and performing fraud reviews.

4

12.     The next step, after all "cure" responses are processed, is to issue final ineligibility letters to Claimants whose Claims remain uncured or are otherwise ineligible.

### INELIGIBLE CLAIMS

13.     A primary reason for the extensive review time is the volume of provisionally deficient or ineligible Claims, which is typical for this type of settlement.

14.     As noted previously, SCS had preliminarily assessed 8,909 of the Claims submitted as ineligible.[4] Based on SCS's ongoing Claim review process, SCS now assesses that 9,126 of the Claims submitted are ineligible as of the date of this declaration.

15.     The vast majority (87%) of these ineligible Claims are from Claimants who either (a) did not purchase Class Securities within the Settlement Class Period; or (b) did not have a Recognized Claim under the Plan of Allocation.

16.     In SCS's experience administering securities class action settlements, these type of ineligible Claims are typical. The Evans Supplemental Declaration noted that approximately 98% of the total number of Claims in this Action had been

---

[4] *See* Ex. B. to Evans Supplemental Declaration.

filed by institutional investors or third-party filers.[5] This often results in a large number of ineligible Claims for two main reasons:

- **Over-Inclusive Data**: Third-party filers often submit *all* transaction data for their clients, including data submitted on behalf of Claimants who are ineligible for only purchasing during the 90-day lookback period or who purchased and sold Class Securities that were not held through any corrective disclosure dates.

- **Over-Inclusive Notice**: Nominees (like brokers) sent notice to, or provided addresses to SCS for, *all* persons and entities who traded in any Class Security, regardless of whether they were eligible for payment under the Plan of Allocation. This led to many ineligible individuals filing a Claim simply because they received a notice.

## ANTICIPATED TIMELINE

17.    Before SCS can finalize its administrative determinations, it must complete all of the steps detailed above. These steps include final quality assurance, the evaluation of whether deficient Claims have been cured, and the resolution of any potential disputes in accordance with ¶ 23(d)-(e) of the Stipulation.

18.    Until this work is complete, SCS is unable to provide estimated payment amounts.

19.    SCS anticipates presenting its finalized administrative determinations concerning the acceptance and rejection of Claims submitted to Lead Counsel on or before **December 29, 2025.**  At that point, Lead Counsel may apply to the Court for the Class Distribution Order.

---

[5] *See* Evans Supplemental Declaration, ¶ 11.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 24th day of October 2025, in Media, Pennsylvania.

_____
Sarah Evans