

HOME        CASES        ABOUT        INSTITUTIONAL FILERS        CONTACT

# Claim Form – Redwire Corporation Securities Litigation

⊙ **February 18, 2025**    ▷ **Claim Forms**

Thank you for submitting the **Redwire Corporation Securities Litigation Proof of Claim and Release Form**. Below is the information you submitted and you will receive an email that will serve as confirmation that your form as been received. *Please note that uploaded documentation will not appear in the review below. To help ensure the security of your data, uploaded files are stored securely and not accessible online.*

Your unique form id is **d1842**. If you need to amend anything on your form, please reference this ID when you contact us to assist us in confirming your identity. *Please do not file another claim.*

If you move or change your address, telephone number or email address, please send the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. *Please do not file another claim.*

NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or delivery of payment to you.

**CLAIMANT INFORMATION**

**Beneficial Owner's Name**

Genesis Park II LP

**Address**

520 Post Oak Boulevard
Suite 850
Houston, TX 77027
United States

2.	This Claim Form is directed to all Persons and entities which, between March 25, 2021 and March 31, 2022, inclusive (the "Settlement Class Period"), (a) purchased or otherwise acquired Class Securities, or (b) sold or otherwise disposed of Put Options (together, the "Settlement Class"). Common Stock (defined as common stock publicly traded under "GNPK" or "RDW" on the New York Stock Exchange ("NYSE")), Warrants (defined as warrants publicly traded under "GNPK WS or "RDW WS" on the NYSE), and Call and Put Options (defined as call and put options on Common Stock) are referred to collectively as "Class Securities." All Persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 3 of 18 PageID
8860
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 1 of 366 PageID
8482

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | CLASS ACTION |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

## DECLARATION OF SARAH EVANS CONCERNING THE RESULTS OF THE CLAIMS ADMINISTRATION PROCESS

I, Sarah Evans, declare:

1.    I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over nine years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

1

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 4 of 18 PageID
8861
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 2 of 366 PageID
8483

2.      As detailed below, through August 18, 2025, 14,276 Claim Forms (hereafter referred to as "Claims") were submitted in connection with this Settlement. SCS has identified 5,126 properly documented, valid Claim Forms. The valid Claims represent Recognized Losses of $25,591,722.95 on Redwire Corporation f/k/a Genesis Park Acquisition Corp. ("Redwire") Common Stock and Warrants and Recognized Losses of $448,347.44 on Redwire Call Options and Put Options. SCS respectfully requests that the Court accept its administrative determinations and approve the 5,126 Claims for payment.

3.      In addition, for the reasons detailed below, SCS also respectfully requests that the Court reject as untimely any Claims received after August 18, 2025, reject any responses to inadequacy notices and/or ineligibility notices received after January 12, 2026, and reject claim 287 submitted by Claimant Genesis Park II LP.

**UPDATE ON THE NOTIFICATION PROCESS**

4.      Pursuant to the Court's January 24, 2025 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 214) (the "Preliminary Approval Order"), Class Counsel Hagens Berman Sobol Shapiro LLP ("Class Counsel") was authorized to retain SCS as the Claims Administrator to supervise

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 5 of 18 PageID
8862
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 3 of 366 PageID
8484

and administer the notice procedure as well as the processing of Claims in connection with the above-captioned action (the "Action").[1]

5.      As noted in previous declarations submitted by SCS (*see* ECF No. 217-1 and 218-1) (the "Mailing Declarations"), SCS mailed or emailed 2,447 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list. In total, 39,181 potential Settlement Class Members have been notified of the Settlement either by mailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form," and together with the Notice, the "Notice and Claim Form") or emailed link to the electronic Notice and Claim Form on the Settlement webpage.

6.      Since the Mailing Declarations were filed, SCS has not received or fulfilled any additional requests either for the Notice and Claim Form to be mailed or for links to the electronic Notice and Claim Form to be emailed to potential Settlement Class Members or nominees, nor has SCS been notified that any nominees have mailed or emailed notice to any additional clients who were potential Settlement Class Members.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 15, 2024 (ECF No. 213-2) (the "Stipulation").

## UPDATE ON TOLL-FREE PHONE LINE

7.     The Mailing Declarations noted that SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement. SCS will continue to promptly respond to each telephone inquiry from Settlement Class Members through the distribution process.

## UPDATE ON SETTLEMENT WEBPAGE

8.     The Mailing Declarations also noted that on February 18, 2025, SCS established a dedicated webpage for this Settlement on its website at www.strategicclaims.net/redwire. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains information regarding the current case status, important case deadlines, the online claim filing link, and important case documents. In addition, on June 27, 2025, SCS updated the website to include downloadable versions of Lead Plaintiff Jared Thompson's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Award to Lead Plaintiff.  SCS will continue to maintain and, as appropriate, update the Settlement webpage with relevant case information. To date, there have been 8,298 page views by 2,499 unique users.

Case 3:21-cv-01254-TJC-PDB   Document 230-1   Filed 03/04/26   Page 7 of 18 PageID
8864
Case 3:21-cv-01254-TJC-PDB   Document 227-1   Filed 01/30/26   Page 5 of 366 PageID
8486

## STATUS OF CLAIMS PROCESSING

9.      Through August 18, 2025, 14,276 Claims were submitted in connection with this Settlement.[2] SCS has carefully reviewed, analyzed, and processed all of these Claims, and has responded to all Claimant inquiries regarding the Action, the Settlement, and the procedures for filling out the Claim Form. SCS has also been in close contact with Class Counsel to review the administration process. SCS's Report of Claims Administrator is annexed hereto as **Exhibit A** and described below.

10.     The annexed Report of Claims Administrator sets forth the final status of Claims submitted to SCS as follows:

a.      <u>PROPERLY DOCUMENTED CLAIMS</u>:   SCS has identified 5,126[3] properly documented, valid Claims. The valid Claims represent Recognized Losses of $25,591,722.95[4] on Redwire Common Stock and Warrants and Recognized Losses of $448,347.44[5] on Redwire Call Options

---

[2] SCS has not processed any claims filed after August 18, 2025, or any responses to rejections received after January 12, 2026, due to extreme lateness and because their inclusion would have delayed the finalization of the administration of the Settlement.

[3] This number includes 5,123 timely submitted valid Claims and three late but otherwise valid Claims.

[4] This amount includes Recognized Losses on Common Stock and Warrants for timely-filed, valid Claims of $25,491,377.79 and Recognized Losses on Common Stock and Warrants for late (but otherwise valid) Claims of $100,345.16.

[5] This amount includes Recognized Losses on timely-filed, valid Claims. There were no Recognized Losses on Call Options or Put Options for late (but otherwise valid) claims.

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 8 of 18 PageID
8865
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 6 of 366 PageID
8487

and Put Options. The Recognized Losses were calculated in the manner set forth in the Court-approved Plan of Allocation for the Net Settlement Fund Among the Settlement Class ("Plan of Allocation") included in the Notice. **Exhibit B-1** is a spreadsheet of the 5,123 properly documented, valid Claims, and **Exhibit B-2** is a spreadsheet of the three late (but otherwise valid) Claims.

b.    INADEQUATELY DOCUMENTED CLAIMS: SCS initially identified 1,026 inadequately documented Claims. SCS mailed or emailed inadequacy notices to each of these Claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure. A sample inadequacy notice is annexed hereto as **Exhibit C**. Among these 1,026 deficient Claims, 10 have been successfully cured and are considered valid. The remaining 1,016 inadequate Claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy. To date, none of the 1,016 inadequate Claimants has objected to or contested this determination. *See* **Exhibit D** for a list of the inadequate, rejected Claimants.

c.    INELIGIBLE CLAIMS: In addition to the 1,016 Claims discussed above in paragraph 10.b., SCS has identified 8,134 Claims which we recommend for complete rejection. Included in this category are: (i) Claims with no Recognized Losses; (ii) Claims with Class Securities that were

6

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 9 of 18 PageID
8866
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 7 of 366 PageID
8488

purchased outside of the Settlement Class Period; (iii) Claims with Class

Securities that were not purchased or otherwise acquired, but were received

or granted by gift, inheritance, or operation of law where the original purchase

date(s) and price(s) for such shares were not reported on the Claim Form; (iv)

Claims with shares of Redwire Common Stock, Warrants, or Call Options

which were sold short; (v) duplicate Claims filed; (vi) Claims for Redwire

common stock or warrants that were not publicly traded on the New York

Stock Exchange ("NYSE") during the Settlement Class Period; (vii) Claims

which were withdrawn by the filing entity; (viii) fraudulent Claims filed; and

(ix) Claims filed by Persons excluded from the Settlement Class by

definition("Excluded Party" or "Excluded Parties"). *See* **Exhibit E** for a list

of these ineligible Claims. We have communicated with these 8,134

Claimants and advised them of our determination. A sample ineligibility

notice is annexed hereto as **Exhibit F**. To date, one of these ineligible

Claimants has contested their determination, as detailed in paragraph 10.c.i-

v. below.

    i.    <u>Claim 287</u>: Claim 287 was filed by Genesis Park II LP.

Genesis Park II LP's Recognized Loss totals $3,950,000.00. If

accepted, Genesis Park II LP's claim would amount to approximately

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 10 of 18 PageID
8867
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 8 of 366 PageID
8489

$671,865.91, roughly 17% of the funds available to Authorized Claimants in the Net Settlement Fund.

ii.    SCS had initially determined Genesis Park II LP to be excluded as a director of Redwire pursuant to the definition of the Settlement Class. *See* Stipulation ¶¶1(ii), 1(vv) (excluding "the officers and directors of [Redwire Corporation f/k/a Genesis Park Acquisition Corp]" from the Settlement Class). Specifically, Genesis Park II LP was identified as the managing member of Genesis Park Acquisition Corp. ("GPAC"), the SPAC sponsor identified in the Complaint and other publicly available filings. SCS issued Genesis Park II LP a notice on November 3, 2025 that its Claim was ineligible for having been filed by an Excluded Party. SCS received a response from Genesis Park II LP on November 7, 2025, stating the reasons why it was not an Excluded Party and disputing SCS's determination that its Claim was ineligible on that ground.

iii.    SCS reviewed Genesis Park II LP's Claim in light of the November 7, 2025 response and determined that Genesis Park II LP was not definitionally excluded from the Settlement Class as a director. However, upon review, SCS determined Genesis Park II LP's Claim was still ineligible, as the shares received during the Settlement Class

8

Case 3:21-cv-01254-TJC-PDB   Document 230-1   Filed 03/04/26   Page 11 of 18 PageID
8868
Case 3:21-cv-01254-TJC-PDB   Document 227-1   Filed 01/30/26   Page 9 of 366 PageID
8490

Period were obtained in a "Private Investment in Public Equity" ("PIPE") transaction. However, under the definitions in the Stipulation, eligible Common Stock under the Settlement must be publicly traded on the NYSE. *See* Stipulation ¶1(kk). SCS issued a notice of this determination to Genesis Park II LP on November 17, 2025, and received a response from Genesis Park II LP the same day disputing this determination.

iv.      Upon receipt of this second dispute, SCS promptly sent claim 287, both ineligibility notices, and all dispute materials to Class Counsel for review. On November 24, 2025, Class Counsel sent a letter to Genesis Park II LP upholding SCS's determination that claim 287's shares obtained in the PIPE transaction were ineligible and additionally reinstating the prior determination that Genesis Park II LP was excluded from the Settlement Class.

v.      On December 4, 2025, Genesis Park II LP responded by email to Class Counsel's letter, restating their dispute that they were not an Excluded Party and offering to provide its Partnership Agreement to support this dispute. Class Counsel responded by email on December 9, 2025, stating that Class Counsel was open to reviewing the Partnership Agreement. Class Counsel also requested the names of

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 12 of 18 PageID
8869
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 10 of 366
PageID 8491

members of the Investment Committee and the identities of Genesis

Park II LP's partners and beneficiaries to assess Genesis Park II LP's

status as a Settlement Class Member, as well as information reviewed

by Genesis Park II LP regarding the Redwire common shares prior to

making the PIPE investment.

vi.    As of the date of this declaration, SCS has neither received

a response from Genesis Park II LP regarding Class Counsel's

December 9, 2025 email, nor has SCS been notified that Class Counsel

has received a response from Genesis Park II LP regarding that email.

As such, SCS respectfully requests that the Court uphold the

determination that claim 287 is ineligible to participate in the

Settlement for being filed by an Excluded Party and for not having

purchased or acquired publicly traded Redwire Common Stock on the

NYSE. A copy of the Claim, the ineligibility notices issued by SCS,

and the correspondence referenced in subparagraphs 10.c.i-v. herein is

attached as **Exhibit G(1)-(5)**.

11.    In anticipation of completing this administration, SCS respectfully

requests that the Court reject as untimely any Claims received after August 18, 2025,

reject any responses to inadequacy notices and/or ineligibility notices received after

January 12, 2026, and reject claim 287.

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 13 of 18 PageID
8870
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 11 of 366
PageID 8492

12.    Should the Court concur with SCS's administrative determinations concerning the Claims recommended for acceptance and rejection, SCS recommends the following:

a.    Per the Plan of Allocation, each Authorized Claimant shall be paid his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata share* is based on each Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all 5,126 Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. The balance of the Net Settlement Fund (less amounts to be withheld for potential tax liabilities and related fees and expenses) shall be distributed to Authorized Claimants.

b.    Per the Plan of Allocation, the Settlement proceeds available for Redwire Call Options purchased/acquired during the Settlement Class Period and Redwire Put Options sold (written) during the Settlement Class Period were to be limited to a total amount equal to 10% of the Net Settlement Fund. However, options constituted less than 10% of the total Recognized Losses, and no such limit therefore applies.

c.    No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

d.    To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid

11

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 14 of 18 PageID
8871
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 12 of 366
PageID 8493

distribution checks, all checks should bear the notation, "CASH PROMPTLY,

VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE

DATE." Similarly, all other checks issued in connection with subsequent

distributions shall bear the same notation.

     e.     After the initial distribution of the Net Settlement Fund, the

Claims Administrator will make reasonable and diligent efforts to have

Authorized Claimants cash their distribution checks. To the extent any monies

remain in the Net Settlement Fund six (6) months after the initial distribution,

and if it is determined that it is cost effective to do so, the Claims

Administrator will conduct a re-distribution of the funds remaining after

payment of any unpaid fees and expenses incurred in administering the

Settlement. Such re-distributions will be made to Claimants who received

payment from the initial disbursement and who would receive at least $10.00.

Additional re-distributions to Authorized Claimants who received prior

payments and who would receive at least $10.00 on such additional re-

distributions may occur thereafter if Lead Counsel, in consultation with the

Claims Administrator, determine that additional redistributions, after the

deduction of any additional fees and expenses incurred in administering the

Settlement, would be cost-effective. At such time as it is determined that the

re-distribution of funds remaining in the Net Settlement Fund is not cost

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 15 of 18 PageID
8872
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 13 of 366
PageID 8494

effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s). Lead Plaintiff will propose such organization(s) for Defendants' consent and for final determination by the Court.

f.    Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible.

g.    SCS respectfully requests the Court order that: All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator and its agents/employees, the Escrow Agent, or any other agent retained by Lead Plaintiff or Class Counsel in connection with the administration or taxation of

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 16 of 18 PageID 8873
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 14 of 366
PageID 8495

the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement, beyond the amounts allocated to them pursuant to the terms of the Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and the Class Distribution Order.

h.    SCS also respectfully requests the Court order that: (i) no less than one (1) year after the distribution of the Net Settlement Fund, SCS may destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) no less than one (1) year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation. This is the customary document retention period SCS uses to prevent additional costs to the Settlement Class for storage expenses and related fees.

13.    Pursuant to the Preliminary Approval Order (¶21), "[a]ll reasonable" Notice and Administration Costs were to be paid from the Settlement Fund without further order of the Court. The Notice informed Settlement Class Members that the estimated costs would not exceed $200,000. SCS's total administrative fees and expenses incurred to date, as well as the fees and expenses expected to be incurred through the initial distribution of the Net Settlement Fund, amount to $218,953.93, for which SCS has received payment. The estimate of $200,000 for the Notice and

Case 3:21-cv-01254-TJC-PDB    Document 230-1    Filed 03/04/26    Page 17 of 18 PageID
8874
Case 3:21-cv-01254-TJC-PDB    Document 227-1    Filed 01/30/26    Page 15 of 366
PageID 8496

Administration Costs was based upon an estimated Claims filing rate of 30%; the

ultimate Claims filing rate for the Settlement was 36.5%, which contributed to the

increased Notice and Administration Costs. Also contributing to the increased

Notice and Administration Costs were the complexity of the Claims received,

including the 10 largest Call Option and Put Option Claims averaging nearly 2,000

transactions each, which resulted in additional time spent in the processing, curing,

and quality assurance performed to ensure the accuracy of SCS' determinations. The

$218,953.93 that SCS has received for its Notice and Administration Costs to date

represents the total amount that SCS can estimate as its anticipated costs for

administering the Settlement, through and including the initial distribution of the Net

Settlement Fund.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30th day of January 2026, in Media, Pennsylvania.

_Sarah Evans_

Sarah Evans

# EXHIBIT A

## REPORT OF THE CLAIMS ADMINISTRATOR

## REDWIRE CORPORATION SECURITIES LITIGATION

TOTAL # OF CLAIMS ..............................................................................14,276

TOTAL # OF APPROVED VALID CLAIMS.........................................................5,126

TOTAL # OF INELIGIBLE CLAIMS ...............................................................9,150

| | |
|---|---|
| NO RECOGNIZED LOSSES | 7,731 |
| INADEQUATE DOCUMENTATION | 1,016 |
| PURCHASED OUTSIDE CLASS PERIOD | 233 |
| SECURITIES NOT PURCHASED | 81 |
| SECURITIES SOLD SHORT | 71 |
| DUPLICATE CLAIMS | 10 |
| WRONG MARKET | 3 |
| CLAIMS WITHDRAWN | 2 |
| FRAUDULENT CLAIM | 2 |
| EXCLUDED PARTY | 1 |
| TOTAL | 9,150 |

TOTAL RECOGNIZED LOSSES: ...........................................................$26,040,070.39
    TOTAL NON-OPTION RECOGNIZED LOSSES .............................$25,591,722.95
    TOTAL RECOGNIZED LOSSES OF OPTIONS...................................$448,347.44