## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ,<br><br>Defendants. | Case No. 3:21-cv-01254-TJC-PDB<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S REPLY TO GENESIS PARK II LP'S OBJECTION (ECF NO. 230)** |

Lead Plaintiff and Class Counsel respectfully submit this reply to Genesis Park II LP's Objection to the Claims Administrator's final determination rejecting its claim. ECF No. 230. Paul Hobby, a self-identified partner of Genesis Park II LP, submitted the Objection and asks the Court to divert roughly 17% of the Net Settlement Fund to a sophisticated investment fund whose principals helped structure the merger at the heart of the litigation and controlled the SPAC at the center of this case. Genesis Park II LP is precisely the type of claimant the Settlement excludes. The Court should overrule the Objection and sustain the rejected claim.

## I.   GENESIS PARK II LP IS AN EXCLUDED PARTY

The Settlement Class excludes, among others, "Defendants, the officers and directors of Redwire, at all relevant times, members of their Immediate Families and

-1-

011081-11/3498976 V2

their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest." *See* ECF No. 227-1 at 8. Redwire is defined to include Genesis Park Acquisition Corp. ("GPAC"), the pre-merger SPAC whose officers and directors are excluded from the Settlement Class. *Id.*

As GPAC's former CEO and director, Mr. Hobby would be excluded from participating in the Settlement.[1] But submitting a claim on behalf of Genesis Park II LP is no viable workaround, as Mr. Hobby is at the center of multiple entities that controlled GPAC, which merged into Redwire during the Class Period.

Specifically, Mr. Hobby is the Managing Partner of Genesis Park, a private equity firm[2], and he founded Genesis Park II LP and served as its managing partner.[3] Genesis Park II LP was the "managing member" of Genesis Park Holdings, a Genesis Park affiliate that sponsored GPAC.[4] Genesis Park Holdings designated Mr. Hobby as an authorized signatory.[5] Mr. Hobby was also a manager of Genesis Park

---

[1] *See* ECF No. 227-1 at 361 (citing May 12, 2021 Draft Registration Statement ("Draft Reg. Stmt.") at 199).

[2] *Id.* (citing "Our Team," https://www.genesis-park.com/about/our-team/) (last visited March 20, 2026). Genesis Park describes itself on its website as a "Houston Private Equity Firm."

[3] *See* ECF No. 227-1 at 361 (citing Press Release, "Willkie Advises Genesis Park Acquisition Corp. on $150 Million Initial Public Offering," (Dec. 2, 2020), https://www.willkie.com/news/2020/12/willkie-advises-genesis-park) (last visited March 20, 2026); Ex. A (excerpt of Draft. Reg. Stmt. at 209).

[4] *See* "Redwire," https://www.genesis-park.com/our-portfolio/redwire/ (last visited March 20, 2026)); ECF No. 227-1 at 361 (citing Draft Reg. Stmt. at 267 n.12).

[5] *See* Ex. A (excerpt of Draft Reg. Stmt. at H-36).

-2-

011081-11/3498976 V2

II GP, LLC, the general partner of Genesis Park II LP.[6] Redwire is still listed as an active investment under Gensis Park's Legacy Equity Fund.[7] A chart visualizing this information is attached hereto as Exhibit B.

Treating Genesis Park II LP as a proper Settlement Class Member, and ignoring its insider and controlling status vis-à-vis GPAC, would elevate formal distinctions over economic reality. The Settlement was not designed to transfer a substantial portion of the Net Settlement Fund—approximately 17% if the claim were allowed—to an entity controlled by and/or economically aligned with Mr. Hobby, a former GPAC officer and director who has no eligible claim of his own.

To evaluate the claim, and at Mr. Hobby's suggestion, Class Counsel requested Genesis Park II LP's Partnership Agreement, along with a list of partners and beneficiaries and the identities of investment committee members. ECF No. 227-1 at 365. ***Mr. Hobby did not provide any of this information****. Id.* at 10. Without this information, it is unresolved whether other excluded officers or directors have an economic interest in the claim. Given Gensis Park II LP's burden to demonstrate eligibility, its claim is properly excluded.

None of the points raised by Mr. Hobby in the Objection have merit, including

---

[6] *See* ECF No. 227-1 at 361 (citing Draft Reg. Stmt. at 267 n.12).

[7] *See* "Our Portfolio," https://www.genesis-park.com/portfolio/?tx_portfolio-fund=legacy-equity-fund&tx_portfolio-investment-status=active) (last visited March 20, 2026).

011081-11/3498976 V2

the assertion that Genesis Park II LP "is not and has never been a defendant or accused of any wrongdoing." *See* ECF No. 230 at 2. The question governing exclusion under the Stipulation is insider status and control, not whether Genesis Park II LP was formally named as a defendant in the litigation. Class Counsel has also not "toggled" among justifications, as Mr. Hobby claims. *Id.* Rather, once the Claims Administrator referred the claim, Class Counsel has been consistent, starting with its November 24, 2025 letter, that Genesis Park II LP is properly ineligible on exclusion and "Private Investment in Public Entity" ("PIPE") status grounds. *See* ECF No. 217-1 at 360-64. That the Claims Administrator initially retracted its exclusion determination before requesting Class Counsel's input does not undermine the rejection of Genesis Park II LP's claim. *See* ECF No. 213-2 ¶ 23 ("Stipulation") (Class Counsel is "responsible for supervising the administration of the Settlement[.]").

## II.    GENESIS PARK II LP's PIPE SHARES ARE NOT "COMMON STOCK" COVERED BY THE SETTLEMENT

The Stipulation defines "Common Stock" as being "publicly traded" under "GNPK" or "RDW" on the New York Stock Exchange ("NYSE"). *See* Stipulation ¶ 1(kk). This definition ties eligibility to purchases or acquisitions of securities that actually traded on the NYSE during the Settlement Class Period, consistent with the fraud-on-the-market theory and the Plan of Allocation. Genesis Park II LP acquired its 1,000,000 shares in a negotiated PIPE financing at a fixed price of $10.00 per

-4-

share on September 2, 2021, not via open-market trades on the NYSE. ECF No. 227-1 at 351.

As such, the Claims Administrator rightly concluded that the shares acquired in the PIPE transaction were not eligible, as they were not publicly traded on the NYSE during the entire duration of the Class Period. Genesis Park II LP argues that although PIPE securities are issued in a private placement, they are "equity securities of a public company" and that its shares were "unrestricted" by March 2022. *See* ECF No. 230 at 2. But recovery under the Settlement focuses on how the shares were acquired, and presumes that each Settlement Class Member relied on Defendants' alleged misstatements and omissions. *See infra* Section III. Nothing in the Stipulation, Notice, or Plan of Allocation converts a privately placed, negotiated block allocation into an eligible NYSE purchase simply because resale restrictions eventually lapse. Nor does the Objection identify any authority construing language like "publicly traded . . . on the NYSE" to encompass PIPE allocations that never traded through the exchange at the time of acquisition.

## III.    GENESIS PARK II LP'S INSIDER STATUS UNDERMINES THE SETTLEMENT'S RELIANCE PREMISE

Even if the Court were to disagree on either ground above, Genesis Park II LP's status and role still make its participation inconsistent with the reliance and loss-causation framework embodied in the Settlement and Plan of Allocation. *See* ECF No. 215 at 22 (The Plan of Allocation applies to "Settlement Class Members

-5-

who suffered economic losses *as a result of the alleged wrongdoing*."). The operative complaint alleges that Defendants, including Redwire (formerly GPAC), made false and misleading statements in press releases, investor presentations, and SEC filings. *See* ECF No. 227-1 at 362 (citing ECF No. 47 ¶¶ 46-62). These materials include the March 25, 2021 joint press release and investor presentation announcing the merger and the joint proxy statement. *Id.* GPAC's officers and directors, including Mr. Hobby, reviewed and approved these materials and "worked jointly" with pre-merger Redwire to prepare them. *Id.* at 362 (citing Draft Reg. Stmt. at 118). Mr. Hobby and others further participated in developing and approving materials related to the PIPE offering. *Id.* at 363-64 (citing Draft Reg. Stmt. at 116).

These same individuals, including Mr. Hobby and a Founding Partner at Genesis Park II LP, participated in meetings and calls with Defendant Peter Cannito and others "to discuss the potential benefits" of the GPAC-Redwire merger and "Redwire's commercial strategy, future growth, financial performance and key performance indicators." *Id.* at 363 (citing Draft Reg. Stmt. at 114-15). In other words, Mr. Hobby and others directly associated with Genesis Park II LP helped develop public and non-public offering materials and obtained non-public information materially beyond the access of ordinary investors. In these circumstances, it is not plausible that Genesis Park II LP solely relied on the PIPE offering materials, let alone the market price or the alleged misstatements in the

operative complaint like Settlement Class Members. Permitting Genesis Park II LP to recover for losses on a negotiated PIPE position that its principals (including Mr. Hobby) entered into with the benefit of insider access would dilute the Class's recovery and conflict with the Settlement's compensatory purpose.

## IV.   CONCLUSION

The Court should overrule Genesis Park II LP's Objection, uphold the Claims Administrator's determination that its claim is ineligible to participate in the Settlement, and enter the proposed order for distribution of the Net Settlement Fund.

Dated: March 20, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *s/ Reed R. Kathrein*

| | |
|---|---|
| Reed R. Kathrein (Fla. Bar. No. 262161) | Peter A. Shaeffer (admitted *pro hac vice*) |
| reed@hbsslaw.com | petersh@hbsslaw.com |
| Lucas E. Gilmore (admitted *pro hac vice*) | 455 N. Cityfront Plaza Drive, Suite 2410 |
| lucasg@hbsslaw.com | Chicago, IL 60611 |
| 715 Hearst Avenue, Suite 300 | Telephone: (708) 628-4949 |
| Berkeley, CA 94710 | Facsimile:  (708) 628-4950 |
| Telephone: (510) 725-3000 | |
| Facsimile:  (510) 725-3001 | *Class Counsel* |
| | |
| Steve W. Berman (admitted *pro hac vice*) | **THE SCHALL LAW FIRM** |
| steve@hbsslaw.com | Brian Schall (admitted *pro hac vice*) |
| 1301 Second Avenue, Suite 2000 | brian@schallfirm.com |
| Seattle, WA 98101 | |
| Telephone: (206) 623-7292 | *Additional Counsel for Lead Plaintiff* |
| Facsimile:  (206) 623-0594 | |
| | **BUCKNER + MILES** |
| | David M. Buckner (Fla. Bar No. 60550) |
| | david@bucknermiles.com |
| | |
| | *Liaison Counsel for Lead Plaintiff* |

-7-