UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JED LEMEN, Individually and On
Behalf of All Others Similarly
Situated,

        Plaintiff,

v.                                                         Case No. 3:21-cv-1254-TJC-PDB

REDWIRE CORPORATION f/k/a
GENESIS PARK ACQUISITION CORP.,
PETER CANNITO, and WILLIAM READ,

        Defendants.

## ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

In August 2025, after the parties reached a settlement in this class action securities case, the Court, having received no objections, approved a plan for allocation of the net settlement fund and entered final judgment. See Docs. 220 and 222. In accord with the plan for allocation, the Court-appointed Claims Administrator reviewed over 14,000 claims, determining which were due to be paid, which required additional information, and which were due to be rejected. See Doc. 220; Doc. 215 at 22-24; Doc. 213 at Ex. 1, Ex. A-1 at ¶¶ 41-75.

Lead Plaintiff has now filed his Motion for Distribution of Class Settlement Funds (Doc. 227), seeking an order which approves the

administrative determinations of the Claims Administrator, directs payment to authorized claimants, provides for releases and discharge, and sets the time period for document retention.   Other than as described below, no party has filed any objection or response.

With regard to the Claims Administrator's determinations, the motion advised that one claimant (Genesis Park II LP) had contested the determination that its claim should be rejected but had not followed up to provide additional requested information.   See Doc. 227 at 7-11.   The Court provided Genesis Park II LP with an opportunity to respond and for Lead Plaintiff to reply, which they did.   See Docs. 228, 229, 230, 231, 232.

The Claims Administrator initially rejected Genesis Park II LP's claim on grounds that it had been a director of Redwire and was therefore excluded as a party eligible to participate in the settlement class.   See Doc. 227, Ex. G(2). When Genesis Park II LP disputed that determination, the Claims Administrator agreed that Genesis Park II LP did not meet the definition of a director but determined its claim was still ineligible because the shares at issue were not publicly traded on the New York Stock Exchange.   Id. at Ex. G(2) and (3).   When Genesis Park II LP challenged that determination as well, the Claims Administrator turned the disputed claim over to Class Counsel.   Class Counsel reviewed the claim and determined it should be rejected both because excluded former Redwire (then Genesis Park Acquisition Corp.) directors and

2

executives were serving in leadership positions at Genesis Park II LP and because its shares were not publicly traded. Id. at Ex. G(4). In replying to Genesis Park II LP's subsequent response, Class Counsel provided Genesis Park II LP with an opportunity to provide documentation to support its challenge, including its Partnership Agreement, the names of its Investment Committee members, the identities of its partners and beneficiaries, and the documents upon which Genesis Park II LP relied in making its Redwire investments. Id. at Ex. G(5). When Genesis Park II LP did not provide Class Counsel with any of this information or otherwise respond, Lead Plaintiff filed the motion to distribute settlement funds now before the Court.

Lead Plaintiff contends the Court should approve the rejection of Genesis Park II LP's claim for three reasons: First, that Genesis Park II LP is an excluded party within the meaning of the Settlement Class because it was a director of Redwire; second, Genesis Park II LP's shares are not "common stock" covered by the settlement; and third, Genesis Park II LP's status as an insider undermines the settlement's reliance premise. In its filings, Genesis Park II LP stated that it "is not and has never been a defendant or accused of wrongdoing in this litigation" and further explained that its shares are of a type "routinely described by the SEC and market participants as publicly traded equity securities" and were purchased within the relevant time period. See Doc. 231 at 2.

3

Having now thoroughly reviewed the papers, the Court upholds the determination that Genesis Park II LP's claim is ineligible. The relationship between Redwire and Genesis Park II LP as described at pages 1-2 of Lead Plaintiff's reply (Doc. 232) supports the conclusion that Genesis Park II LP is an excluded party. And, to the extent there was doubt, Genesis Park II LP failed to supply documentation to support a conclusion to the contrary. Likewise as to the rejection on grounds that the shares were not purchased on the open market—Class Counsel requested documentation regarding the purchase but Genesis Park II LP failed to provide it.

Under the Settlement Agreement (Doc. 213-2) (which was approved without objection in the Court's final order and judgment, Doc. 222), the Claims Administrator, under the supervision of Lead Counsel, is charged with approving or denying claims and has the discretion to review supporting documentation. See Doc. 213-2 at ¶¶ 18, 24(a). Here, the Claims Administrator and Lead Counsel determined Genesis Park II LP's claim should be rejected but offered to review supplemental documentation; none was provided. Nor did Genesis Park II LP offer anything substantive when the Court gave it the chance to support its position here. The rejection of Genesis Park II LP's claim stands.[1]

---

[1] Because the record supports the rejection of Genesis Park II LP's claim on grounds that it failed to substantiate its position that it is not an excluded

Accordingly, it is hereby

**ORDERED**:

1. Lead Plaintiff's Motion for Distribution of Class Settlement Funds (Doc. 227) is **GRANTED**.

2. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 15, 2024 (Doc. 213-2) ("Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Declaration of Sarah Evans Concerning the Results of the Claims Administration Process (Doc. 227-1) ("Evans Declaration").

3. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Settlement Class Members.

4. Distribution of the Net Settlement Fund shall commence no later than thirty (30) calendar days after entry of this Class Distribution Order. The balance of the Net Settlement Fund shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the Evans Declaration, at the direction of Class Counsel, pursuant to the Stipulation and the Plan of Allocation set forth in the Notice of Pendency and Proposed

---

party and that its shares were purchased on the open market, the Court need not determine whether approval of its claim would undermine the reliance premise upon which the settlement is based.

Settlement of Class Action distributed to Settlement Class Members pursuant to this Court's order.

5.      As set forth in the Evans Declaration, no new claims received after August 18, 2025, or responses to inadequacy and/or ineligibility notices received after January 12, 2026, may be included in the distribution.

6.      For the reasons stated above and as detailed in Lead Plaintiff's reply (Doc. 232), the Evans Declaration and accompanying exhibits, Claim 287 is ineligible.

7.      The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Class Counsel and the Claims Administrator are authorized to contact any Authorized Claimant who has not cashed his, her, or its check within said time.

8.      The Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. If after such efforts any funds remain in the Net Settlement Fund at least six (6) months after the initial distribution of such funds, by reason of uncashed distribution checks or otherwise, the remaining balance will be used to pay any unpaid fees and expenses incurred in administrating the Settlement and to make a second distribution to claimants who received payment from the initial disbursement and who would receive at least $10.00. These

6

redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund means additional redistributions are not cost effective. Such remaining balance will then be contributed to non-sectarian, not-for-profit organization(s). Lead Plaintiff will propose such organization(s) for Defendants' consent and for final determination by the Court.

9. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement. All Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator and its agents/employees, the Escrow Agent, or any other agent retained by Lead Plaintiff or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement, beyond the amounts allocated to them

pursuant to the terms of the Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and the Class Distribution Order.

10.    The Claims Administrator is hereby ordered to destroy paper or hard copies of Claims Forms and supporting documentation not less than one (1) year after the distribution of the Net Settlement Fund and destroy electronic copies of the same not less than one (1) year after all funds have been distributed.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

Paul W. Hobby
Genesis Park II, LP
520 Post Oak Blvd., Suite 850
Houston, TX 77027

8